# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

_____

MARGARET BROWN,                          )
parent and next friend of M.B., a minor  )
2308 Good Hope Road, SE, #102            )
Washington, D.C.  20020                  )
                                         )
and                                      )
                                         )          Civil Action No.
BONNIE LINEN-CARROLL,                    )
parent and next friend of J.C., a minor  )
629 Nicholson Street, NE                  )
Washington, D.C.  20011                  )
                                         )
and                                      )
                                         )
JOYCE MOON,                              )
parent and next friend of D.C., a minor  )
711 21st Street, NE, #200                )
Washington, D.C.  20002                  )
                                         )
and                                      )
                                         )
ROCIO MARTINEZ and JUAN CRUZ,            )
parents and next friends of R.C., a minor )
3636 16th Street, NW, #B765              )
Washington, D.C.  20010                  )
                                         )
and                                      )
                                         )
PAMELA BROWN,                            )
parent and next friend of A.D., a minor  )
1200 North Capitol Street, NW, #C114     )
Washington, D.C.  20002                  )
                                         )
and                                      )
                                         )
QUNEITRA FENWICK,                        )
parent and next friend of N.F., a minor  )
5186 Eastern Avenue, NE, #204            )
Washington, D.C.  20011                  )
                                         )

1

and                                              )
                                                 )
QUNEITRA FENWICK,                                )
parent and next friend of N.F., a minor          )
5186 Eastern Avenue, NE, #204                    )
Washington, D.C.  20011                          )
                                                 )
and                                              )
                                                 )
DELMY DEL CARMEN FUENTES,                         )
parent and next friend of G.F., a minor          )
1339 Forrest Stevens Road, NW, #312              )
Washington, D.C.  20011                          )
                                                 )
and                                              )
                                                 )
OLENA OLIPHANT,                                  )
parent and next friend of R.G., a minor          )
4022 Illinois Avenue, NW                         )
Washington, D.C.  20011                          )
                                                 )
and                                              )
                                                 )
DAWN GIBSON,                                     )
parent and next friend of D.G., a minor          )
2714 Wade Road, SE, #201                         )
Washington, D.C.  20020                          )
                                                 )
and                                              )
                                                 )
JOYCELYNN BUSH,                                  )
parent and next friend of A.H., a minor          )
1116 Orren Street, NE                            )
Washington, D.C.  20002                          )
                                                 )
and                                              )
                                                 )
DONNETTA JACKSON,                                )
parent and next friend of D.J., a minor          )
3341 Dubois Place, SE                            )
Washington, D.C.  20019                          )
                                                 )

2

and                                              )
                                                 )
DONNETTA JACKSON,                                )
parent and next friend of J.J., a minor          )
3341 Dubois Place, SE                            )
Washington, D.C.  20019                          )
                                                 )
and                                              )
                                                 )
CHERVELLE JACOBS,                                )
parent and next friend of T.J., a minor          )
1651 Fort Davis Street, SE                       )
Washington, D.C.  20020                          )
                                                 )
and                                              )
                                                 )
PHILLIP BROWN,                                   )
parent and next friend of P.L., a minor          )
734 Marrietta Place, NW                          )
Washington, D.C.  20011                          )
                                                 )
and                                              )
                                                 )
ANDREA LYEW-SANG,                                )
parent and next friend of M.L., a minor          )
1221 Van Buren Street, NW, #303A                 )
Washington, D.C.  20012                          )
                                                 )
and                                              )
                                                 )
LISA MILLER,                                     )
parent and next friend of S.M., a minor          )
600 46th Place, SE, #21                          )
Washington, D.C.  20019                          )
                                                 )
and                                              )
                                                 )
WINIFRED MYRICK,                                 )
parent and next friend of J.M., a minor          )
1015 Hamilton Street, NE                         )
Washington, D.C.  20011                          )
                                                 )

3

and                                                  )
                                                     )
EURIKA POWELL,                                       )
parent and next friend of C.P., a minor              )
1433 Cedar Street, SE, #101                          )
Washington, D.C.  20020                              )
                                                     )
and                                                  )
                                                     )
FRANCINA RAYNOR,                                     )
parent and next friend of S.R., a minor              )
249 Farragut Street, NW                              )
Washington, D.C.  20011                              )
                                                     )
and                                                  )
                                                     )
ALBERT RICHARDSON,                                   )
parent and next friend of J.R., a minor              )
4353 F Street, SE                                    )
Washington, D.C.  20019                              )
                                                     )
and                                                  )
                                                     )
STEPHANIE ROBINSON,                                  )
parent and next friend of M.R., a minor              )
1617 30th Street, SE                                 )
Washington, D.C.  20020                              )
                                                     )
and                                                  )
                                                     )
SONIA SERPAS,                                        )
parent and next friend of G.R., a minor              )
1017 Irving Street, NW                               )
Washington, D.C.  20010                              )
                                                     )
and                                                  )
                                                     )
EVELYN SAVOY,                                        )
parent and next friend of D.S., a minor              )
2845 Robinson Place, SE, #403                        )
Washington, D.C.  20020                              )
                                                     )

4

and                                             )
                                                )
ROSA SIMON,                                      )
parent and next friend of R.S., a minor          )
3924 Alabama Avenue, SE, #201                    )
Washington, D.C.  20029                          )
                                                )
and                                             )
                                                )
LILIAN VENTURA,                                  )
parent and next friend of F.V., a minor          )
2523 13th Street, NW, #203                       )
Washington, D.C.  20009                          )
                                                )
and                                             )
                                                )
CAROLINE WALL,                                   )
parent and next friend of C.W., a minor          )
2114 Ridge Crest Court, SE, #203                 )
Washington, D.C.  20020                          )
                                                )
and                                             )
                                                )
CYNTHIA WARREN,                                  )
parent and next friend of W.W., a minor          )
5208 3rd Street, NW, #9                          )
Washington, D.C.  20011                          )
                                                )
and                                             )
                                                )
MARY CARTER-WASHINGTON,                          )
parent and next friend of M.W., a minor          )
4111 Anacostia Avenue, NE                        )
Washington, D.C.  20019                          )
                                                )
and                                             )
                                                )
LAKIA WHITE,                                     )
parent and next friend of T.W., a minor          )
1801 28th Place, SE, #8                          )
Washington, D.C.  20020                          )
                                                )
and                                             )

|   |   |
|---|---|
| LISA WILKINS, | ) |
| parent and next friend of T.W., a minor | ) |
| 2410 20th Street, NE | ) |
| Washington, D.C.  20018 | ) |
|   | ) |
| and | ) |
|   | ) |
| RANDOLPH NARCISCO, | ) |
| parent and next friend of A.W., a minor | ) |
| 54 V Street, NW | ) |
| Washington, D.C.  20001 | ) |
|   | ) |
| and | ) |
|   | ) |
| CLAUDANN WILLIAMS, | ) |
| parent and next friend of C.W., a minor | ) |
| 14 35th Street, NE | ) |
| Washington, D.C.  20019 | ) |
|   | ) |
| and | ) |
|   | ) |
| YOLANDA FERGUSON, | ) |
| parent and next friend of T.W., a minor | ) |
| 2713 Robinson Place, SE, #103 | ) |
| Washington, D.C.  20020 | ) |
|   | ) |
| and | ) |
|   | ) |
| DELORES WILSON, | ) |
| parent and next friend of L.W., a minor | ) |
| 3439 Stanton Road, SE | ) |
| Washington, D.C.  20020 | ) |
|   | ) |
| Plaintiffs, | ) |
|   | ) |
| v. | ) |
|   | ) |
| THE DISTRICT OF COLUMBIA | ) |
| A Municipal Corporation | ) |
| One Judiciary Square | ) |
| 441 Fourth Street, NW | ) |
| Washington, D.C.  20001 | ) |

```
                                          )
serve:                                    )
                                          )
ANTHONY L. WILLIAMS, Mayor                )
District of Columbia                      )
1350 Pennsylvania Avenue, NW, 5th Floor   )
Washington, D.C. 20004                    )
                                          )
serve:                                    )
                                          )
ROBERT SPAGNOLETTI                        )
Attorney General                         )
District of Columbia                      )
1350 Pennsylvania Avenue, NW, Suite 409   )
Washington, D.C. 20004                    )
                                          )
serve:                                    )
                                          )
CLIFFORD JANEY (officially)               )
Superintendent, D.C. Public Schools       )
825 North Capitol Street, NE              )
Suite # 9026                              )
Washington, D.C. 20002                    )
                                          )
                        Defendants.       )
_____)
```

## COMPLAINT FOR DECLARATORY, INJUNCTIVE, AND OTHER RELIEF

COME NOW, Plaintiffs, by and through their attorney, Tilman L. Gerald,

James E. Brown & Associates, PLLC, and in their Complaint for Declaratory, Injunctive,

and Other Relief respectfully represent unto this Honorable Court as follows:

### PRELIMINARY STATEMENT

1.      This is an action for full reimbursement of attorneys' fees and costs

incurred by Plaintiffs in their claims against the Defendants pursuant to the Individuals

with Disabilities Education Improvement Act ("IDEIA"). Defendants have failed to carry

out their legal duty to fully reimburse those fees and costs to Plaintiffs, the prevailing

parties, and without the Court's intervention, Plaintiffs in all likelihood will be unable to

obtain the full reimbursement due them.

## JURISDICTION

2.    This Court has jurisdiction pursuant to:

a.    The Individuals with Disabilities Education Improvement Act, 20

U.S.C. §§1400-1461 ("IDEIA"); The Rehabilitation Act ("Section

504"); 29 U.S.C. §794; 28 U.S.C. §§ 1441 and 1442; the *Mills*

decree, and pendent jurisdiction pursuant to D.C. Mun. Regs. Title

5 §§ 3000.1 - 3701.3 (2003);

b.    42 U.S.C. §1983 *et seq.*, inasmuch as §1983 provides a civil

remedy for acts taken under color of law that subject any citizen of

the United States or person within the jurisdiction thereof to the

deprivation of any rights, privileges, or immunities secured by the

Constitution and laws;

c.    Declaratory relief is authorized by 28 U.S.C. §§2201 and 2202.

3.    Venue is proper in this Court pursuant to 28 U.S.C. §1391.

## PARTIES

4.    Plaintiffs are children eligible to receive special education services and

benefits from the District of Columbia as defined by the IDEIA and Section 504, as well

as their parents or guardians who, at all times relevant to this action, were residents of the

District of Columbia, and who prevailed in administrative hearings held pursuant to the

8

IDEA. The parents bring this action on behalf of the children and in their own right, and the individual Plaintiffs are designated as follows:

a.      At all times relevant hereto, Marcus Brown was a student in the District of Columbia Public Schools' ("DCPS") Special Education Program. On or about October 6, 2005, Plaintiff, by and through counsel, filed a hearing request, alleging that the Defendant DCPS failed to comply with a June 29, 2005 Hearing Officer's Determination ("HOD") to convene a MDT/Individualized Educational Program ("IEP") meeting within 15 school days upon receipt of an independent neuropsychological evaluation to revise and update the student's IEP and determine an appropriate placement; failed to develop an appropriate IEP; failed to annually review the student's IEP; failed to place the student in an appropriate placement; and failed to provide the student with his special education instruction and related services. For relief, Plaintiff requested DCPS to place and fund the student on an interim basis at Rock Creek Academy; convene the student's MDT/IEP meeting within ten business days of receipt of the final evaluation to review all evaluations, revise the student's IEP as necessary, discuss and determine if a change of placement is necessary; and fund four hours a week of individualized tutoring for three years. On or about December 5, 2005, Plaintiff appeared before an Impartial Hearing Officer, who entered into the record a settlement agreement, under which the Defendant DCPS agreed to immediately place and fund the student at the Rock Creek Academy on an interim basis; and convene a MDT/IEP meeting within 30 days of issuance of the HOD to review all evaluations, review and revise the IEP, discuss and determine compensatory education, and develop a compensatory education plan. Plaintiff is the

prevailing party as that term is defined by law.  Plaintiff's attorney timely submitted a

certified invoice, conforming to DCPS attorney fee guidelines, for reimbursement of

attorneys' fees and costs in the amount of $6,644.11 in accordance with the DCPS'

requirements in Board of Education Rule 5 DMCR 3032.4 and federal law.  Defendant

DCPS has refused to reimburse the parent for her attorneys' fees and costs without

reason, and $6,644.11 is still due and owing from the Defendant.  Copies of the Hearing

Request, Hearing Officer's Determination ("HOD"), and Invoice are attached hereto as

EXHIBIT 1.

  b. At all times relevant hereto, Jerry Carroll was a student in the District of

Columbia Public Schools' ("DCPS") Special Education Program.  On or about October

31, 2005, Plaintiff, by and through counsel, filed a hearing request, alleging that the

Defendant DCPS failed to comply with a June 7, 2005 Hearing Officer's Determination

("HOD") to reconvene the student's MDT/Individualized Educational Program ("IEP")

meeting; and failed to comply with the parents' request to conduct recommended

psychiatric, Adaptive Vineland, clinical psychological, ophthalmological, and

audiological evaluations.  For relief, Plaintiff asked DCPS to fund all recommended

evaluations for the student; reconvene the student's MDT/IEP meeting at Ivymount

School within five school days of receipt of the last evaluation to review all evaluations,

revise and update the student's IEP, and develop a compensatory education plan; and

fund four hours of tutoring each week during the school year and six hours of tutoring

each week during the summer until the student demonstrates grade- and age-level

proficiency or graduates from the Rock Creek Academy with a high school diploma.  On

or about December 16, 2005, Plaintiff appeared before an Impartial Hearing Officer, who entered into the record a settlement agreement, under which the Defendant DCPS agreed to conduct vision screening and audiological evaluations within 45 calendar days of issuance of the HOD; fund independent clinical and psychiatric evaluations; convene a MDT/IEP meeting within 15 school days of receipt of all the evaluations to review the evaluations, review and revise the student's IEP, and discuss and determine an appropriate educational placement for the 2005-2006 school year; discuss and determine compensatory education; and develop a compensatory education plan, if necessary. Plaintiff is the prevailing party as that term is defined by law.  Plaintiff's attorney timely submitted a certified invoice, conforming to DCPS attorney fee guidelines, for reimbursement of attorneys' fees and costs in the amount of $7,566.53 in accordance with the DCPS' requirements in Board of Education Rule 5 DMCR 3032.4 and federal law. Defendant DCPS has refused to reimburse the parent for her attorneys' fees and costs without reason, and $7,566.53 is still due and owing from the Defendant.  Copies of the Hearing Request, Hearing Officer's Determination ("HOD"), and Invoice are attached hereto as EXHIBIT 2.

   c.    At all times relevant hereto, Daquan Coley was a student in the District of Columbia Public Schools' ("DCPS") Special Education Program.  On or about October 27, 2005, Plaintiff, by and through counsel, filed a hearing request, alleging that the Defendant DCPS failed to convene a complete Individualized Educational Program ("IEP") team on October 24, 2005 and August 24, 2004; failed to develop an appropriate IEP for the 2004-2005 and 2005-2006 school years; failed to conduct comprehensive

evaluations; failed to reevaluate the student upon parental request; and failed to provide

the student with counseling services as required by his IEP.  For relief, Plaintiff asked

DCPS to fund independent psycho-educational, clinical, social history, speech/language,

functional behavior assessment, neuropsychological, and occupational therapy

evaluations; conduct a psychiatric evaluation and provide a copy of the evaluation report

to Plaintiff's counsel; provide compensatory education based on the results of the

reevaluations or fund up to five hours of one-on-one tutoring and one hour of counseling

each week; and fund a private placement for the student, if necessary.  On or about

December 16, 2005, Plaintiff appeared before an Impartial Hearing Officer, who ordered

the Defendant DCPS to conduct or fund psycho-educational, clinical, functional behavior

assessment, social history, psychiatric, and speech/language evaluations within 30

calendar days of issuance of the Hearing Officer's Determination ("HOD"); convene a

MDT/IEP meeting within 15 school days of receipt of all evaluations to review the

evaluations, review and revise the student's IEP, and discuss and determine an

appropriate placement for the 2005-2006 school year; and discuss and determine

compensatory education.  Plaintiff is the prevailing party as that term is defined by law.

Plaintiff's attorney timely submitted a certified invoice, conforming to DCPS attorney fee

guidelines, for reimbursement of attorneys' fees and costs in the amount of $8,409.82 in

accordance with the DCPS' requirements in Board of Education Rule 5 DMCR 3032.4

and federal law.  Defendant DCPS has refused to reimburse the parent for her attorneys'

fees and costs without reason, and $8,409.82 is still due and owing from the Defendant.

Copies of the Hearing Request, Hearing Officer's Determination ("HOD"), and Invoice

12

are attached hereto as EXHIBIT 3.

      d.     At all times relevant hereto, Roberto Cruz was a student in the District of Columbia Public Schools' ("DCPS") Special Education Program.  On or about October 17, 2005, Plaintiffs, by and through counsel, filed a hearing request, alleging that the Defendant DCPS failed to provide appropriate transportation to Extended School Year ("ESY") 2005, resulting in missed services.  For relief, Plaintiffs asked DCPS to fund 24 hours of compensatory academic tutoring, three hours of compensatory speech/language therapy, three hours of compensatory occupational therapy for services missed until August 2, 2005; and fund, for services missed during ESY 2005, 32 additional hours of compensatory academic tutoring, one hour of compensatory speech/language therapy, and one hour of compensatory occupational therapy.  On or about December 12, 2005, Plaintiffs appeared before an Impartial Hearing Officer, who entered into the record a settlement agreement, under which the Defendant DCPS agreed to fund 24 hours of individual, independent tutoring; 4.5 hours of speech/language  services; and three hours of occupational therapy services.  Plaintiff is the prevailing parties as that term is defined by law.  Plaintiffs' attorney timely submitted a certified invoice, conforming to DCPS attorney fee guidelines, for reimbursement of attorneys' fees and costs in the amount of $7,034.72 in accordance with the DCPS' requirements in Board of Education Rule 5 DMCR 3032.4 and federal law.  Defendant DCPS has refused to reimburse the parents for their attorneys' fees and costs without reason, and $7,034.72 is still due and owing from the Defendant.  Copies of the Hearing Request, Hearing Officer's Determination ("HOD"), and Invoice are attached hereto as EXHIBIT 4.

e.     At all times relevant hereto, Alonzo Dunn was a student in the District of Columbia Public Schools' ("DCPS") Special Education Program.  On or about October 14, 2005, Plaintiff, by and through counsel, filed a hearing request, alleging that the Defendant DCPS failed to conduct audiological and clinical evaluations as recommended by the DCPS speech/language pathologist and/or requested by the parent, and failed to provide the student with counseling and/or speech services as required by his Individualized Educational Program ("IEP").  For relief, Plaintiff asked DCPS to conduct and/or fund clinical and audiological evaluations; and convene a MDT meeting within ten calendar days of completion of the assessment to review the evaluations, revise the IEP, discuss compensatory education, and discuss and determine placement.  On or about December 12, 2005, Plaintiff appeared before an Impartial Hearing Officer, who entered into the record a settlement agreement, under which the Defendant DCPS agreed to perform or fund a comprehensive audiological assessment within 30 calendar days of issuance of the Hearing Officer's Determination ("HOD"); convene a BLMDT/IEP/compensatory education meeting at Taft Center within ten school days after the assessment is completed to review the assessment, determine if additional assessments are needed, revise the student's IEP, and discuss and determine compensatory education.  Plaintiff is the prevailing party as that term is defined by law. Plaintiff's attorney timely submitted a certified invoice, conforming to DCPS attorney fee guidelines, for reimbursement of attorneys' fees and costs in the amount of $6,599.36 in accordance with the DCPS' requirements in Board of Education Rule 5 DMCR 3032.4 and federal law.  Defendant DCPS has refused to reimburse the parent for her attorneys'

14

fees and costs without reason, and $6,599.36 is still due and owing from the Defendant. Copies of the Hearing Request, Hearing Officer's Determination ("HOD"), and Invoice are attached hereto as EXHIBIT 5.

f.      At all times relevant hereto, Norville Fenwick was a student in the District of Columbia Public Schools' ("DCPS") Special Education Program.  On or about October 6, 2005, Plaintiff, by and through counsel, filed a hearing request, alleging that the Defendant DCPS failed to comply with an August 22, 2005 Hearing Officer's Determination ("HOD") for DCPS to reimburse the parent $157.60 for transportation expenses and convene a MDT/IEP meeting to review evaluations, review and revise the student's Individualized Educational Program ("IEP"), discuss and determine placement, and discuss and determine compensatory education; failed to provide the student with his special education instruction and related services; and failed to complete recommended reevaluations in a timely manner.  For relief, Plaintiff asked DCPS to remit payment to the parent within three business days in the amount of $157.60; fund psycho-educational and occupational therapy evaluations; convene a MDT/IEP meeting within five business days of receipt of the last evaluation to review the evaluations, revise and update the student's IEP, develop a compensatory education plan, and discuss placement; fund 800 hours of compensatory education services, including specialized instruction, psychological counseling, and occupational therapy; and provide to Plaintiff's counsel copies of all of the student's related services logs, encounter tracking logs, and IEP Progress Reports.  On or about December 2, 2005, Plaintiff appeared before an Impartial Hearing Officer, who ordered the Defendant DCPS to immediately reimburse the parent

for transportation expenses; provide six months of compensatory education, and convene a MDT meeting within 15 school days of issuance of the HOD to develop a compensatory education plan. Plaintiff is the prevailing party as that term is defined by law. Plaintiff's attorney timely submitted a certified invoice, conforming to DCPS attorney fee guidelines, for reimbursement of attorneys' fees and costs in the amount of $5,983.65 in accordance with the DCPS' requirements in Board of Education Rule 5 DMCR 3032.4 and federal law. Defendant DCPS has refused to reimburse the parent for her attorneys' fees and costs without reason, and $5,983.65 is still due and owing from the Defendant. Copies of the Hearing Request, Hearing Officer's Determination ("HOD"), and Invoice are attached hereto as EXHIBIT 6.

g.    At all times relevant hereto, Nyrien Fenwick was a student in the District of Columbia Public Schools' ("DCPS") Special Education Program. On or about October 12, 2005, Plaintiff, by and through counsel, filed a hearing request, alleging that the Defendant DCPS failed to implement the student's Individualized Educational Program ("IEP"), provide the student with an appropriate educational program, and failed to provide the student with his necessary special education instruction and related services. For relief, Plaintiffs asked DCPS to place and fund the student on an interim basis at Rock Creek Academy; convene a MDT/IEP meeting within five days of receipt of the psychiatric evaluation to review the evaluation, revise and update the student's IEP, discuss and determine placement, and develop a compensatory education plan; and fund all compensatory education recommended at the MDT/IEP meeting. On or about December 2, 2005, Plaintiff appeared before an Impartial Hearing Officer, who entered

16

into the record a settlement agreement, under which the Defendant DCPS agreed to provide 80 hours of compensatory education in the form of one-on-one tutoring; convene a MDT meeting within five days of completion of the psychiatric evaluation to review the evaluation, and discuss and determine placement, including a referral to a MAPT for consideration of a residential placement. Plaintiff is the prevailing party as that term is defined by law. Plaintiff's attorney timely submitted a certified invoice, conforming to DCPS attorney fee guidelines, for reimbursement of attorneys' fees and costs in the amount of $8,647.98 in accordance with the DCPS' requirements in Board of Education Rule 5 DMCR 3032.4 and federal law. Defendant DCPS has refused to reimburse the parent for her attorneys' fees and costs without reason, and $8,647.98 is still due and owing from the Defendant. Copies of the Hearing Request, Hearing Officer's Determination ("HOD"), and Invoice are attached hereto as EXHIBIT 7.

      h.     At all times relevant hereto, Gabriela Fuentes was a student in the District of Columbia Public Schools' ("DCPS") Special Education Program. On or about September 22, 2005, Plaintiff, by and through counsel, filed a hearing request, alleging that the Defendant DCPS failed to provide the student with an appropriate Individualized Educational Program ("IEP") with a sufficient amount of specialized instruction. For relief, Plaintiff asked DCPS to convene a MDT meeting to develop an IEP that provides the student with approximately ten hours of specialized instruction each week, determine compensatory education from September 15, 2005 until such time as the additional hours of specialized instruction are provided, and determine an appropriate placement. On or about December 13, 2005, Plaintiff appeared before an Impartial Hearing Officer, who

ordered the Defendant DCPS to fund four hours of private counseling services provided

by a bilingual social worker; and convene a MDT/IEP meeting within ten school days of

issuance of the Hearing Officer's Determination ("HOD") to review and revise the

student's IEP to increase hours of specialized instruction to at least one hour a day of

special education in reading and writing and additional hours in regular classes in small

groups.  Plaintiff is the prevailing party as that term is defined by law.  Plaintiff's attorney

timely submitted a certified invoice, conforming to DCPS attorney fee guidelines, for

reimbursement of attorneys' fees and costs in the amount of $31,331.62 in accordance

with the DCPS' requirements in Board of Education Rule 5 DMCR 3032.4 and federal

law.  Defendant DCPS has refused to reimburse the parent for her attorneys' fees and

costs without reason, and $31,331.62 is still due and owing from the Defendant.  Copies

of the Hearing Request, Hearing Officer's Determination ("HOD"), and Invoice are

attached hereto as EXHIBIT 8.

   i. At all times relevant hereto, Romeo Gaskins was a student in the District

of Columbia Public Schools' ("DCPS") Special Education Program.  On or about

November 1, 2005, Plaintiff, by and through counsel, filed a hearing request, alleging that

the Defendant DCPS failed to convene a complete Individualized Educational Program

("IEP") team for a meeting; failed to revise appropriately the student's IEP; failed to

comply with an October 17, 2005 Hearing Officer's Determination ("HOD") to address

the provision of compensatory education; failed to implement the IEP; failed to provide

an appropriate placement for the student; and failed to afford the parent a chance for

meaningful participation in the placement decision for the student.  For relief, Plaintiff

asked DCPS to provide the parent with an amended IEP that includes present levels of performance in all relevant areas, a behavior plan, and additional hours of instructional service; conduct a comprehensive functional behavioral assessment; convene a MDT meeting within ten calendar days of completion of assessments to review the evaluations, revise the IEP, discuss compensatory education, and discuss and determine placement; provide an interim placement at Prospect Learning Center or fund a suitable private placement; and provide compensatory education in the form of one-on-one tutoring and/or additional hours of related services and fund up to five hours of service weekly. On or about January 9, 2006, Plaintiff appeared before an Impartial Hearing Officer, who ordered the Defendant DCPS to fund an independent functional behavioral assessment; convene a MDT meeting within ten school days of receipt of the evaluation to update the student's IEP, consider need for compensatory education, and consider placement alternatives; and afford the parent an opportunity to participate in any meeting to discuss or determine the student's placement. Plaintiff is the prevailing party as that term is defined by law. Plaintiff's attorney timely submitted a certified invoice, conforming to DCPS attorney fee guidelines, for reimbursement of attorneys' fees and costs in the amount of $18,202.83 in accordance with the DCPS' requirements in Board of Education Rule 5 DMCR 3032.4 and federal law. Defendant DCPS has refused to reimburse the parent for her attorneys' fees and costs without reason, and $18,202.83 is still due and owing from the Defendant. Copies of the Hearing Request, Hearing Officer's Determination ("HOD"), and Invoice are attached hereto as EXHIBIT 9.

      j.      At all times relevant hereto, Donnell Gibson was a student in the District

of Columbia Public Schools' ("DCPS") Special Education Program.  On or about

October 19, 2005, Plaintiff, by and through counsel, filed a hearing request, alleging that

the Defendant DCPS failed to provide an appropriate placement for the student; failed to

provide the full amount of speech/language therapy during the 2004-2005 school year;

failed to provide an appropriate Individualized Educational Program ("IEP") with

appropriate goals, statements of present levels of functioning for reading, the social

emotional area, and written language; failed to convene a proper IEP meeting; and failed

to evaluate in all areas of suspected disability.  For relief, Plaintiff asked DCPS to fund

for interim/permanent placement with transportation to Rock Creek Academy, Accotink

Academy, High Roads School of Washington, Pathways School, or Taft Center or

convene a MDT meeting to revise the IEP, determine compensatory education, and

identify an appropriate placement; and fund 24 hours of compensatory speech/language

therapy.  On or about December 13, 2005, Plaintiff appeared before an Impartial Hearing

Officer, who ordered the Defendant DCPS to fund and place the student at Rock Creek

Academy through the end of the 2006 school year; provide four months of compensatory

education services; convene a MDT meeting within 30 days of the student's enrollment to

review and revise the student's IEP, and develop an appropriate compensatory education

plan; and fund 30 hours of private speech/language services at Rock Creek Academy.

Plaintiff is the prevailing party as that term is defined by law.  Plaintiff's attorney timely

submitted a certified invoice, conforming to DCPS attorney fee guidelines, for

reimbursement of attorneys' fees and costs in the amount of $19,793.75 in accordance

with the DCPS' requirements in Board of Education Rule 5 DMCR 3032.4 and federal

law.  Defendant DCPS has refused to reimburse the parent for her attorneys' fees and costs without reason, and $19,793.75 is still due and owing from the Defendant.  Copies of the Hearing Request, Hearing Officer's Determination ("HOD"), and Invoice are attached hereto as EXHIBIT 10.

   k. At all times relevant hereto, Adrian Hill was a student in the District of Columbia Public Schools' ("DCPS") Special Education Program.  On or about October 11, 2005, Plaintiff, by and through counsel, filed a hearing request, alleging that the Defendant DCPS failed to comply with an April 12, 2005 Hearing Officer's Determination ("HOD") to convene a MDT/Individualized Educational Program ("IEP") meeting to review the student's evaluations, review and revise the student's IEP, discuss and determine placement, and discuss and determine compensatory education; failed to develop an appropriate IEP for the student; failed to develop a Behavior Intervention Plan as required by the student's IEP; failed to provide an appropriate special education program; failed to provide the student necessary special education instruction and related services; and failed to conduct recommended occupational therapy and psychiatric evaluations.  For relief, Plaintiff asked DCPS to fund the student for the remainder of the 2005-2006 school year at the Phillips School of Laurel, the Accotink Academy, Rock Creek Academy, or the Frost School; convene a SEP/MDT/IEP meeting within ten calendar days to determine what evaluations are needed for the student, revise and complete an interim IEP for the student, and discuss and determine amount of compensatory education; fund all additional recommended evaluations; reconvene the MDT/IEP meeting within five business days of receipt of the last evaluation to review the

evaluations, revise and update the student's IEP as necessary, and discuss and determine compensatory education; and fund all compensatory education recommended at the MDT/IEP meeting.  On or about December 8, 2005, Plaintiff appeared before an Impartial Hearing Officer, who entered into the record a settlement agreement, under which the Defendant DCPS agreed to conduct or fund a psychiatric evaluation within 30 calendar days of issuance of the HOD; and convene a MDT/IEP meeting within 15 school days of completion of the evaluation to review evaluations, review and revise the student's IEP, discuss and determine placement, and discuss compensatory education. Plaintiff is the prevailing party as that term is defined by law.  Plaintiff's attorney timely submitted a certified invoice, conforming to DCPS attorney fee guidelines,  for reimbursement of attorneys' fees and costs in the amount of $13,273.27 in accordance with the DCPS' requirements in Board of Education Rule 5 DMCR 3032.4 and federal law.  Defendant DCPS has refused to reimburse the parent for her attorneys' fees and costs without reason, and $13,273.27 is still due and owing from the Defendant.  Copies of the Hearing Request, Hearing Officer's Determination ("HOD"), and Invoice are attached hereto as EXHIBIT 11.

l.      At all times relevant hereto, Danzel Jackson was a student in the District of Columbia Public Schools' ("DCPS") Special Education Program.  On or about September 21, 2005, Plaintiff, by and through counsel, filed a hearing request, alleging that the Defendant DCPS failed to conduct initial evaluations in a timely manner.  For relief, Plaintiff asked DCPS to conduct and/or fund psycho-educational, social history, speech/language evaluations, and a formal classroom observation; conduct or fund, if

warranted, occupational therapy, physical therapy, psychiatric, clinical, neuropsychological, audiological, and functional behavioral assessments; convene a MDT/IEP meeting within ten calendar days of completion of the last evaluation; fund up to five hours of independent one-on-one tutoring and one hour of each recommended related service per week for the 2005-2006 school year or until DCPS begins implementing the student's Individualized Educational Program ("IEP"). On or about November 16, 2005, Plaintiff appeared before an Impartial Hearing Officer, who ordered the Defendant DCPS to complete all necessary evaluations by December 23, 2005; convene a MDT meeting to review all evaluations, determine the student's eligibility for special education, and if necessary, develop an IEP, discuss placement, and discuss compensatory education. Plaintiff is the prevailing party as that term is defined by law. Plaintiff's attorney timely submitted a certified invoice, conforming to DCPS attorney fee guidelines, for reimbursement of attorneys' fees and costs in the amount of $6,776.17 in accordance with the DCPS' requirements in Board of Education Rule 5 DMCR 3032.4 and federal law. Defendant DCPS has refused to reimburse the parent for her attorneys' fees and costs without reason, and $6,776.17 is still due and owing from the Defendant. Copies of the Hearing Request, Hearing Officer's Determination ("HOD"), and Invoice are attached hereto as EXHIBIT 12.

m.    At all times relevant hereto, Joshua Jackson was a student in the District of Columbia Public Schools' ("DCPS") Special Education Program. On or about September 21, 2005, Plaintiff, by and through counsel, filed a hearing request, alleging that the Defendant DCPS failed to conduct initial evaluations in a timely manner. For

relief, Plaintiff asked DCPS to conduct or fund psycho-educational, social history, and speech/language evaluations and conduct a classroom observation; if warranted, conduct occupational therapy, physical therapy, psychiatric, clinical, neuropsychological, audiological, and/or functional behavioral assessments; convene a MDT/Individualized Educational Program ("IEP") meeting within ten calendar days of completion of the last evaluation; and fund up to five hours of independent one-on-one tutoring and one hour of each related services recommended per week for the 2005-2006 school year and/or until such time as DCPS begins implementing the student's IEP.  On or about November 16, 2005, Plaintiff appeared before an Impartial Hearing Officer, who ordered the Defendant DCPS to complete all necessary evaluations by December 23, 2005; and convene a MDT meeting to review all evaluations, determine the student's eligibility for special education services, and if necessary, develop an IEP, discuss placement, and discuss the need for compensatory education services.  Plaintiff is the prevailing party as that term is defined by law.  Plaintiff's attorney timely submitted a certified invoice, conforming to DCPS attorney fee guidelines, for reimbursement of attorneys' fees and costs in the amount of $7,349.84 in accordance with the DCPS' requirements in Board of Education Rule 5 DMCR 3032.4 and federal law.  Defendant DCPS has refused to reimburse the parent for her attorneys' fees and costs without reason, and $7,349.84 is still due and owing from the Defendant.  Copies of the Hearing Request, Hearing Officer's Determination ("HOD"), and Invoice are attached hereto as EXHIBIT 13.

n.     At all times relevant hereto, Tamika Jacobs was a student in the District of Columbia Public Schools' ("DCPS") Special Education Program.  On or about August

25, 2005, Plaintiff, by and through counsel, filed a hearing request, alleging that the Defendant DCPS failed to convene an appropriate MDT/Individualized Educational Program ("IEP") team at an April 7, 2005 meeting; failed to provide appropriate speech/language and social emotional goals and objectives in the IEP; failed to provide appropriate statements of present levels of functioning in the IEP; failed to provide in the IEP a statement as to the extent the student will not participate in regular class activities; failed to provide a reason for a reduction in the amount of psychological counseling provided to the student; failed to provide the parent with IEP report cards; failed to provide related services during the 2004-2005 school year; failed to conduct a functional behavioral assessment; and failed to provide the student with an appropriate educational placement.  For relief, Plaintiff asked DCPS to fund an interim/permanent placement for the student at St. Colleta's School, Phillips School, or another appropriate school; fund a private functional behavioral assessment; fund 32 hours of compensatory speech/language therapy and 32 hours of compensatory psychological counseling; and convene a MDT within ten business days to develop an appropriate IEP, review outstanding evaluations, determine additional compensatory education, and identify an appropriate placement.  On or about November 10, 2005, Plaintiff appeared before an Impartial Hearing Officer, who entered into the record a settlement agreement, under which the Defendant DCPS agreed to convene a MDT/IEP placement meeting within 30 calendar days of the issuance of the Hearing Officer's Determination ("HOD") to review and revise the IEP and discuss and determine placement.  Plaintiff is the prevailing party as that term is defined by law.  Plaintiff's attorney timely submitted a certified invoice,

conforming to DCPS attorney fee guidelines, for reimbursement of attorneys' fees and costs in the amount of $15,181.88 in accordance with the DCPS' requirements in Board of Education Rule 5 DMCR 3032.4 and federal law. Defendant DCPS has refused to reimburse the parent for her attorneys' fees and costs without reason, and $15,181.88 is still due and owing from the Defendant. Copies of the Hearing Request, Hearing Officer's Determination ("HOD"), and Invoice are attached hereto as EXHIBIT 14.

     o.     At all times relevant hereto, Phillip Liverpool was a student in the District of Columbia Public Schools' ("DCPS") Special Education Program. On or about September 30, 2005, Plaintiff, by and through counsel, filed a hearing request, alleging that the Defendant DCPS failed to comply with a Hearing Officer's Determination ("HOD") to conduct a psychiatric evaluation, and failed to provide an appropriate placement and program. For relief, Plaintiff asked DCPS to conduct or fund a functional behavioral assessment and develop an appropriate behavior program within 30 days of the student's release from the hospital or fund a private placement and allow the private placement to amend the student's program as needed; and provide compensatory education for all denials of a free and appropriate public education ("FAPE") as may be appropriate. On or about November 28, 2005, Plaintiff appeared before an Impartial Hearing Officer, who ordered the Defendant DCPS to conduct a psychiatric evaluation by December 23, 2005; convene a MDT meeting to update the student's Individualized Educational Program ("IEP") and discuss placement; and conduct a functional behavior assessment and reconvene the MDT meeting to review the student's progress and discuss the need for an Intervention Behavior Plan. Plaintiff is the prevailing party as that term is

defined by law. Plaintiff's attorney timely submitted a certified invoice, conforming to

DCPS attorney fee guidelines, for reimbursement of attorneys' fees and costs in the

amount of $5,337.13 in accordance with the DCPS' requirements in Board of Education

Rule 5 DMCR 3032.4 and federal law. Defendant DCPS has refused to reimburse the

parent for his attorneys' fees and costs without reason, and $5,337.13 is still due and

owing from the Defendant. Copies of the Hearing Request, Hearing Officer's

Determination ("HOD"), and Invoice are attached hereto as EXHIBIT 15.

     p.     At all times relevant hereto, Marcell Lyew-Sang was a student in the

District of Columbia Public Schools' ("DCPS") Special Education Program. On or about

October 26, 2005, Plaintiff, by and through counsel, filed a hearing request, alleging that

the Defendant DCPS failed to provide an appropriate placement; and failed to conduct

neurological-psychological, social history, and adaptive behavioral assessments upon

parental request. For relief, Plaintiff asked DCPS to fund interim/permanent placement at

Kingsburry School, Lab School, Kennedy Institute, or another appropriate school; fund an

independent neurological-psychological, social history, and adaptive behavioral

assessments; and fund private compensatory education in the form of four hours of

private one-on-one tutoring each week until such time as the student is functioning on a

greade- and age-appropriate level. On or about December 23, 2005, Plaintiff appeared

before an Impartial Hearing Officer, who ordered the Defendant DCPS to fund an

independent neuropsychological evaluation to consider Emotional Disturbance, Other

Health Impairment, Learning Disability, and/or Mental Retardation codings for the

student; and convene a MDT/Individualized Educational Program ("IEP")/placement

meeting within 15 school days of receipt of the neuropsychological evaluation to review evaluations, review and revise the IEP, discuss and determine placement, and discuss and determine compensatory education. Plaintiff is the prevailing party as that term is defined by law. Plaintiff's attorney timely submitted a certified invoice, conforming to DCPS attorney fee guidelines, for reimbursement of attorneys' fees and costs in the amount of $10,525.45 in accordance with the DCPS' requirements in Board of Education Rule 5 DMCR 3032.4 and federal law. Defendant DCPS informed the parent's attorneys that they refused to reimburse the parent for her attorneys' fees and costs without reason, and $10,525.45 is still due and owing from the Defendant. Copies of the Hearing Request, Hearing Officer's Determination ("HOD"), and Invoice are attached hereto as EXHIBIT 16.

     q.     At all times relevant hereto, Shaun Miller was a student in the District of Columbia Public Schools' ("DCPS") Special Education Program. On or about October 19, 2005, Plaintiff, by and through counsel, filed a hearing request, alleging that the Defendant DCPS failed to conduct reevaluations as requested by the parent, failed to conduct a triennial evaluation in the area of speech/language, and failed to issue a Notice of Intent to Evaluate the student. For relief, Plaintiff asked DCPS to conduct or fund psycho-educational, speech/language, clinical, and occupational therapy evaluations; and convene a meeting within ten calendar days to review evaluation results, revise the student's programs, discuss and determine compensatory education, and discuss and determine placement. On or about December 15, 2005, Plaintiff appeared before an Impartial Hearing Officer, who entered into the record a settlement agreement, under

which the Defendant DCPS agreed to conduct psycho-educational, clinical-psychological, and speech/language evaluations within 30 calendar days or fund the evaluations; and convene a MDT/IEP meeting within 15 school days of receipt of the evaluations to review the evaluations, review and revise the student's Individualized Educational Program ("IEP"), discuss and determine placement, and discuss compensatory education. Plaintiff is the prevailing party as that term is defined by law. Plaintiff's attorney timely submitted a certified invoice, conforming to DCPS attorney fee guidelines, for reimbursement of attorneys' fees and costs in the amount of $6,055.56 in accordance with the DCPS' requirements in Board of Education Rule 5 DMCR 3032.4 and federal law. Defendant DCPS has refused to reimburse the parent for her attorneys' fees and costs without reason, and $6,055.56 is still due and owing from the Defendant. Copies of the Hearing Request, Hearing Officer's Determination ("HOD"), and Invoice are attached hereto as EXHIBIT 17.

r.    At all times relevant hereto, Jordan Myrick was a student in the District of Columbia Public Schools' ("DCPS") Special Education Program. On or about August 26, 2005, and September 30, 2005, Plaintiff, by and through counsel, filed hearing requests, alleging that the Defendant DCPS failed to provide an appropriate placement; failed to conduct psychiatric, functional behavioral, and vocational level III assessments; failed to provide the student with her specialized instruction and related services; and failed to provide an appropriate educational placement. For relief, Plaintiff asked DCPS to fund psychiatric, functional behavioral, and vocational level III assessments; convene a BLMDT/Individualized Educational Program ("IEP") meeting within ten business days of

receipt of the evaluations to review evaluations, revise and update the student's IEP, and discuss and determine placement; and provide the student with four hours of compensatory one-on-one tutoring each week for three years.  On or about November 30, 2005, Plaintiff appeared before an Impartial Hearing Officer, who entered into the record a settlement agreement, under which the Defendant DCPS agreed to place and fund the student at the Rock Creek Academy on an interim basis for the 2005-2006 school year; conduct a vocational assessment 3, a psychiatric evaluation, and a functional behavioral assessment; and convene a MDT/IEP/Placement meeting within 15 days of completion of the last evaluation to review evaluations, review and revise the student's IEP as necessary, discuss and determine an appropriate placement, and discuss and determine compensatory education.  Plaintiff is the prevailing party as that term is defined by law. Plaintiff's attorney timely submitted a certified invoice, conforming to DCPS attorney fee guidelines, for reimbursement of attorneys' fees and costs in the amount of $18,658.82 in accordance with the DCPS' requirements in Board of Education Rule 5 DMCR 3032.4 and federal law.  Defendant DCPS has refused to reimburse the parent for her attorneys' fees and costs without reason, and $18,658.82 is still due and owing from the Defendant. Copies of the Hearing Request, Hearing Officer's Determination ("HOD"), and Invoice are attached hereto as EXHIBIT 18.

      s.     At all times relevant hereto, Caprisha Powell was a student in the District of Columbia Public Schools' ("DCPS") Special Education Program.  On or about September 2, 2005, Plaintiff, by and through counsel, filed a hearing request, alleging that the Defendant DCPS failed to provide any occupational therapy, speech/language therapy,

and psychological counseling for the 2004-2005 school year; failed to provide an appropriate Individualized Educational Program ("IEP"); failed to take appropriate steps to adequately assess the student's cognitive and academic functioning; and failed to complete a recommended adaptive behavior assessment. For relief, Plaintiff asked DCPS to fund compensatory education in the form of 19 hours of psychological counseling, 16 hours of occupational therapy, and 32 hours of speech/language therapy; fund a private psychological-educational evaluation and adaptive behavioral assessment; fund interim placement and transportation to attend St. Colleta's School; convene a MDT meeting within ten business days of receipt of the last evaluation to revise the student's IEP and identify an appropriate placement. On or about November 30, 2005, Plaintiff appeared before an Impartial Hearing Officer, who entered into the record a settlement agreement, under which the Defendant DCPS agreed to complete a Vineland within ten school days of November 30, 2005; and convene a MDT/IEP meeting by December 23, 2005 to review evaluations, review and revise the student's IEP, discuss and determine placement, review the psychological counseling services provided during the 2004-2005 school year, provide verification of the psychological counseling services rendered, and develop a compensatory education plan for any services the student missed. Plaintiff is the prevailing party as that term is defined by law. Plaintiff's attorney timely submitted a certified invoice, conforming to DCPS attorney fee guidelines, for reimbursement of attorneys' fees and costs in the amount of $6,810.64 in accordance with the DCPS' requirements in Board of Education Rule 5 DMCR 3032.4 and federal law. Defendant DCPS has refused to reimburse the parent for her attorneys' fees and costs without

reason, and $6,810.64 is still due and owing from the Defendant.  Copies of the Hearing

Request, Hearing Officer's Determination ("HOD"), and Invoice are attached hereto as

EXHIBIT 19.

   t.  At all times relevant hereto, Sean Raynor was a student in the District of

Columbia Public Schools' ("DCPS") Special Education Program.  On or about April 7,

2005, Plaintiff, by and through counsel, filed a hearing request, alleging that the

Defendant DCPS failed to provide the student with his recommended assistive

technology devices.  For relief, Plaintiff asked DCPS to provide the student within five

school days with a digital voice recorder, recording books, an electronic dictionary,

memory cards, Windows III, and a Mathpad Plus.  On or about November 9, 2005,

Plaintiff appeared before an Impartial Hearing Officer, who ordered the Defendant DCPS

to provide the student with all remaining assistive technology devices by December 11,

2005, with the exception of the memory cards, which is to be provided by the parent and

for which DCPS is to reimburse the parent; provide the student with reading books by

December 11, 2005; and convene a MDT meeting by January 31, 2006 to discuss

compensatory education.  Plaintiff is the prevailing party as that term is defined by law.

Plaintiff's attorney timely submitted a certified invoice, conforming to DCPS attorney fee

guidelines, for reimbursement of attorneys' fees and costs in the amount of $25,488.24 in

accordance with the DCPS' requirements in Board of Education Rule 5 DMCR 3032.4

and federal law.  Defendant DCPS has refused to reimburse the parent for her attorneys'

fees and costs without reason, and $25,488.24 is still due and owing from the Defendant.

Copies of the Hearing Request, Hearing Officer's Determination ("HOD"), and Invoice

are attached hereto as EXHIBIT 20.

    u.    At all times relevant hereto, Jeremiah Richardson was a student in the

District of Columbia Public Schools' ("DCPS") Special Education Program.  On or about

October 4, 2005, Plaintiff, by and through counsel, filed a hearing request, alleging that

the Defendant DCPS failed to timely evaluate and identify the student as a child with a

disability in need of special education services pursuant to the Individuals with

Disabilities Education Improvement Act ("IDEIA") and upon parental request to evaluate

the student.  For relief, Plaintiff asked DCPS to conduct or fund psycho-educational,

speech/language, social history, classroom observation, and other evaluations warranted;

and convene a MDT meeting within ten days of completion of the evaluations to review

the evaluations, revise the Individualized Educational Program ("IEP"), discuss

compensatory education, and discuss and determine placement.  On or about December 5,

2005, Plaintiff appeared before an Impartial Hearing Officer, who entered into the record

a settlement agreement, under which the Defendant DCPS agreed to deliver a copy of the

speech/language evaluation report to Plaintiff's counsel within 24 hours of the date of the

hearing or fund an independent speech/language evaluation; convene a BLMDT meeting

within 15 school days of receipt of the evaluation to review all current evaluations,

determine the student's eligibility for special education services, develop an IEP as

necessary, and discuss and determine an appropriate placement; and discuss and

determine compensatory education.  Plaintiff is the prevailing party as that term is defined

by law.  Plaintiff's attorney timely submitted a certified invoice, conforming to DCPS

attorney fee guidelines, for reimbursement of attorneys' fees and costs in the amount of

$9,341.61 in accordance with the DCPS' requirements in Board of Education Rule 5 DMCR 3032.4 and federal law. Defendant DCPS has refused to reimburse the parent for his attorneys' fees and costs without reason, and $9,341.61 is still due and owing from the Defendant. Copies of the Hearing Request, Hearing Officer's Determination ("HOD"), and Invoice are attached hereto as EXHIBIT 21.

  v.  At all times relevant hereto, Michael Robinson was a student in the District of Columbia Public Schools' ("DCPS") Special Education Program. On or about October 25, 2005, Plaintiff, by and through counsel, filed a hearing request, alleging that the Defendant DCPS failed comply with an August 16, 2004 Hearing Officer's Determination ("HOD") and a June 17, 2005 settlement agreement to reimburse the parent for evaluation expenses, and failed to provide comprehensive evaluation in all areas of suspected disability. For relief, Plaintiff asked DCPS to provide $1,329.00 with $79.74 in interest to the parent within ten business days. On or about December 20, 2005, Plaintiff appeared before an Impartial Hearing Officer, who ordered the Defendant DCPS to reimburse the parent for evaluation expenses by January 20, 2006. Plaintiff is the prevailing party as that term is defined by law. Plaintiff's attorney timely submitted a certified invoice, conforming to DCPS attorney fee guidelines, for reimbursement of attorneys' fees and costs in the amount of $6,996.95 in accordance with the DCPS' requirements in Board of Education Rule 5 DMCR 3032.4 and federal law. Defendant DCPS has refused to reimburse the parent for her attorneys' fees and costs without reason, and $6,996.95 is still due and owing from the Defendant. Copies of the Hearing Request, Hearing Officer's Determination ("HOD"), and Invoice are attached hereto as

EXHIBIT 22.

w.      At all times relevant hereto, Gabriel Rogers was a student in the District

of Columbia Public Schools' ("DCPS") Special Education Program.  On or about

February 11, 2002, Plaintiff, by and through counsel, filed a hearing request, alleging that

the Defendant DCPS failed to comprehensively evaluate the student in all areas of

suspected disability, failed to develop an appropriate Individualized Educational Program

("IEP"), failed to provide an appropriate placement, and failed to provide funding for

educational services rendered.  For relief, Plaintiff asked DCPS to fund independent

physical therapy, neuropsychological, social history, speech/language, and occupational

therapy evaluations; convene an IEP meeting at the Rock Creek Academy to develop

appropriate goals, objectives, and programming for the student; and remit payment for

invoices submitted by the Rock Creek Academy for educational services provided.  On or

about May 28, 2002, Plaintiff appeared before an Impartial Hearing Officer, who ordered

the Defendant DCPS to reimburse the parent for the cost of independent evaluations,

including neuropsychological, speech/language, occupational therapy, social history, and

physical therapy evaluations.  Plaintiff is the prevailing party as that term is defined by

law.  Plaintiff's attorney timely submitted a certified invoice, conforming to DCPS

attorney fee guidelines, for reimbursement of attorneys' fees and costs in the amount of

$7,225.43 in accordance with the DCPS' requirements in Board of Education Rule 5

DMCR 3032.4 and federal law.  Defendant DCPS has refused to reimburse the parent for

her attorneys' fees and costs without reason, and $7,225.43 is still due and owing from

the Defendant.  Copies of the Hearing Request, Hearing Officer's Determination

("HOD"), and Invoice are attached hereto as EXHIBIT 23.

x.      At all times relevant hereto, Darnell Savoy was a student in the District of Columbia Public Schools' ("DCPS") Special Education Program.  On or about October 12, 2005, Plaintiff, by and through counsel, filed a hearing request, alleging that the Defendant DCPS failed to comply with an August 29, 2005 Hearing Officer's Determination ("HOD") to convene a MDT meeting to discuss and determine placement, failed to provide the student with his recommended dedicated aide, failed to conduct a recommended psychiatric evaluation, and failed to provide the student with his necessary special education instruction and related services.  For relief, Plaintiff asked DCPS to fund the student's dedicated aide; fund the parent's independent psychiatric evaluation; convene a MDT/IEP meeting within five business days of receipt of the psychiatric evaluation to review the student's evaluations, revise and update the student's Individualized Educational Program ("IEP"), and discuss and determine amount of compensatory education owe to the student; and fund all recommended compensatory education.  On or about December 7, 2005, Plaintiff appeared before an Impartial Hearing Officer, who entered into the record a settlement agreement, under which the Defendant DCPS agreed to fund a dedicated aide for the student; fund an independent psychiatric evaluation; and convene a MDT/IEP meeting within 15 school days of receipt of the evaluation to review evaluations, review and revise the IEP, and discuss and determine placement.  Plaintiff is the prevailing party as that term is defined by law.  Plaintiff's attorney timely submitted a certified invoice, conforming to DCPS attorney fee guidelines, for reimbursement of attorneys' fees and costs in the amount of $6,248.99 in

36

accordance with the DCPS' requirements in Board of Education Rule 5 DMCR 3032.4 and federal law. Defendant DCPS has refused to reimburse the parent for her attorneys' fees and costs without reason, and $6,248.99 is still due and owing from the Defendant. Copies of the Hearing Request, Hearing Officer's Determination ("HOD"), and Invoice are attached hereto as EXHIBIT 24.

      y.     At all times relevant hereto, Robert Simon was a student in the District of Columbia Public Schools' ("DCPS") Special Education Program. On or about September 1, 2005, Plaintiff, by and through counsel, filed a hearing request, alleging that the Defendant DCPS failed to update the student's Individualized Educational Program ("IEP"), failed to provide an IEP containing appropriate levels of performance, and failed to hold an IEP meeting with the appropriate team members present. For relief, Plaintiff asked DCPS to convene a MDT/IEP/Placement meeting within five business days of filing of the hearing request, and to provide the student with four months of compensatory education services. On or about October 28, 2005, Plaintiff appeared before an Impartial Hearing Officer, who entered into the record a settlement agreement, under which the Defendant DCPS agreed to convene a MDT/IEP meeting on November 7, 2005 at the Rose School to review all current evaluations, including the most recent clinical and occupational therapy evaluations. Plaintiff is the prevailing party as that term is defined by law. Plaintiff's attorney timely submitted a certified invoice, conforming to DCPS attorney fee guidelines, for reimbursement of attorneys' fees and costs in the amount of $7,580.24 in accordance with the DCPS' requirements in Board of Education Rule 5 DMCR 3032.4 and federal law. Defendant DCPS has refused to reimburse the parent for

her attorneys' fees and costs without reason, and $7,580.24 is still due and owing from the Defendant.  Copies of the Hearing Request, Hearing Officer's Determination ("HOD"), and Invoice are attached hereto as EXHIBIT 25.

z.      At all times relevant hereto, Fidel Ventura was a student in the District of Columbia Public Schools' ("DCPS") Special Education Program.  On or about October 3, 2005, Plaintiff, by and through counsel, filed a hearing request, alleging that the Defendant DCPS failed or refused to conduct initial evaluations in a timely manner, and  failed to provide written notice regarding the parent's evaluation request.  For relief, Plaintiff asked DCPS to fund comprehensive independent evaluations to determine the student's cognitive, academic, behavioral, and communication needs and functioning; and convene a MDT meeting within ten business days to determine eligibility, and if found the student to be eligible, develop an Individualized Educational Program ("IEP"), identify an appropriate placement, and determine compensatory education.  On or about November 28, 2005, Plaintiff appeared before an Impartial Hearing Officer, who ordered the Defendant DCPS to convene a MDT/IEP meeting to discuss compensatory education and develop a compensatory education plan.  Plaintiff is the prevailing party as that term is defined by law.  Plaintiff's attorney timely submitted a certified invoice, conforming to DCPS attorney fee guidelines, for reimbursement of attorneys' fees and costs in the amount of $15,476.64 in accordance with the DCPS' requirements in Board of Education Rule 5 DMCR 3032.4 and federal law.  Defendant DCPS has refused to reimburse the parent for her attorneys' fees and costs without reason, and $15,476.64 is still due and owing from the Defendant.  Copies of the Hearing Request, Hearing Officer's

Determination ("HOD"), and Invoice are attached hereto as EXHIBIT 26.

aa.     At all times relevant hereto, Cornelius Wall was a student in the District of Columbia Public Schools' ("DCPS") Special Education Program.  On or about October 20, 2005, Plaintiff, by and through counsel, filed a hearing request, alleging that the Defendant DCPS failed to reevaluate the student in a timely manner upon parental request, failed to provide the parent with a copy of the student's records or his Individualized Educational Program ("IEP"), and failed to allow the parent full participation in the development of the student's IEP.  For relief, Plaintiff asked DCPS to fund psycho-educational, clinical-psychological, speech/language, and social history assessments, and conduct a classroom observation; convene a MDT meeting within ten calendar days of completion of the assessments to review evaluations, revise the IEP, discuss compensatory education, and discuss and determine placement; secure the participation of all necessary IEP team members in its MDT meeting; and provide the parent with a copy of the student's educational records.  On or about December 19, 2005, Plaintiff appeared before an Impartial Hearing Officer, who ordered the Defendant DCPS to, by January 27, 2006, conduct psycho-educational and speech/language evaluations and convene a MDT meeting to review evaluations and update the student's IEP.  Plaintiff is the prevailing party as that term is defined by law.  Plaintiff's attorney timely submitted a certified invoice, conforming to DCPS attorney fee guidelines, for reimbursement of attorneys' fees and costs in the amount of $10,712.11 in accordance with the DCPS' requirements in Board of Education Rule 5 DMCR 3032.4 and federal law.  Defendant DCPS has refused to reimburse the parent for her attorneys' fees and costs without

reason, and $10,712.11 is still due and owing from the Defendant.  Copies of the Hearing Request, Hearing Officer's Determination ("HOD"), and Invoice are attached hereto as EXHIBIT 27.

        bb.    At all times relevant hereto, Wayne Warren was a student in the District of Columbia Public Schools' ("DCPS") Special Education Program.  On or about August 1, 2005, Plaintiff, by and through counsel, filed a hearing request, alleging that the Defendant DCPS failed to comply with a July 11, 2005 settlement agreement to convene a MDT/Individualized Educational Program ("IEP") meeting to discuss and determine a program where the student's IEP may be implemented.  For relief, Plaintiff asked DCPS to fund the student at the Pines Residential Treatment Center, provide the student with transportation to his new educational placement and with Extended School Year ("ESY") services, and provide or fund one-on-one tutoring for each day of services the student missed.  On or about November 17, 2005 and December 20, 2005, Plaintiff appeared before an Impartial Hearing Officer, who entered into the record a settlement agreement, under which the Defendant DCPS agreed to complete the process of placing the student at the Hines Residential Center within 15 business days.  Plaintiff is the prevailing party as that term is defined by law.  Plaintiff's attorney timely submitted a certified invoice, conforming to DCPS attorney fee guidelines, for reimbursement of attorneys' fees and costs in the amount of $10,331.42 in accordance with the DCPS' requirements in Board of Education Rule 5 DMCR 3032.4 and federal law.  Defendant DCPS has refused to reimburse the parent for her attorneys' fees and costs without reason, and $10,331.42 is still due and owing from the Defendant.  Copies of the Hearing Request, Hearing

Officer's Determination ("HOD"), and Invoice are attached hereto as EXHIBIT 28.

cc.    At all times relevant hereto, Matthew Washington was a student in the District of Columbia Public Schools' ("DCPS") Special Education Program.  On or about October 18, 2005, Plaintiff, by and through counsel, filed a hearing request, alleging that the Defendant DCPS failed to convene a meeting to review evaluation results and to revise the student's Individualized Educational Program ("IEP"), and failed to implement the student's IEP.  For relief, Plaintiff asked that DCPS convene a MDT meeting within ten calendar days of completion of assessments to review evaluations, revise the IEP, discuss compensatory education, and discuss and determine placement; secure the participation of all necessary IEP team members at the MDT meeting; and provide or fund compensatory education of up to one hour of make-up related services and up to five hours of tutoring per week until the student has made sufficient progress as to place him in the position that he would have been in without a denial of a FAPE.  On or about December 14, 2005, Plaintiff appeared before an Impartial Hearing Officer, who entered into the record a settlement agreement, under which the Defendant DCPS agreed to convene a MDT/IEP meeting on January 20, 2006 at Jefferson Junior High School to review evaluations, discuss and determine the student's need for counseling, review and revise the student's IEP, and discuss and determine compensatory education.  Plaintiff is the prevailing party as that term is defined by law.  Plaintiff's attorney timely submitted a certified invoice, conforming to DCPS attorney fee guidelines, for reimbursement of attorneys' fees and costs in the amount of $12,890.40 in accordance with the DCPS' requirements in Board of Education Rule 5 DMCR 3032.4 and federal law.  Defendant

DCPS has refused to reimburse the parent for her attorneys' fees and costs without

reason, and $12,890.40 is still due and owing from the Defendant.  Copies of the Hearing

Request, Hearing Officer's Determination ("HOD"), and Invoice are attached hereto as

EXHIBIT 29.

dd.    At all times relevant hereto, Trevyon White was a student in the District of

Columbia Public Schools' ("DCPS") Special Education Program.  On or about October

18, 2005, Plaintiff, by and through counsel, filed a hearing request, alleging that the

Defendant DCPS failed to convene an Individualized Educational Program ("IEP") team

meeting to review an independent clinical-psychological evaluation, and failed to develop

an IEP that is reasonably calculated to provide a free and appropriate public education.

For relief, Plaintiff asked DCPS to convene an IEP meeting to review the independent

evaluation, discuss occupational therapy goals, review and revise the IEP, and develop a

compensatory education plan; and provide one-on-one tutoring for each day of services

the student missed due to an inappropriate IEP until the student's grades are

commensurate with his chronological age.  On or about December 15, 2005, Plaintiff

appeared before an Impartial Hearing Officer, who entered into the record a settlement

agreement, under which the parent's counsel was to provide DCPS with occupational

therapy and clinical evaluations by December 21, 2005; and DCPS agreed to convene a

MDT meeting within 15 school days of receipt of the evaluations to review the

evaluations, and revise and revise the student's IEP.  Plaintiff is the prevailing party as

that term is defined by law.  Plaintiff's attorney timely submitted a certified invoice,

conforming to DCPS attorney fee guidelines, for reimbursement of attorneys' fees and

costs in the amount of $4,431.12 in accordance with the DCPS' requirements in Board of Education Rule 5 DMCR 3032.4 and federal law. Defendant DCPS has refused to reimburse the parent for her attorneys' fees and costs without reason, and $4,431.12 is still due and owing from the Defendant. Copies of the Hearing Request, Hearing Officer's Determination ("HOD"), and Invoice are attached hereto as EXHIBIT 30.

ee.    At all times relevant hereto, Travis Wilkins was a student in the District of Columbia Public Schools' ("DCPS") Special Education Program. On or about October 27, 2005, Plaintiff, by and through counsel, filed a hearing request, alleging that the Defendant DCPS failed to convene a complete Individualized Educational Program ("IEP") team on October 20, 2005; failed to implement the student's IEP and provide an appropriate placement for the student; failed to provide an appropriate IEP for the 2005-2006 school year; and failed to conduct triennial evaluations for the student. For relief, Plaintiff asked DCPS to fund independent psycho-educational, clinical, social history, speech/language, functional behavioral, and other recommended medical assessments; conduct a psychiatric evaluation and provide a copy of the evaluation report to parent's counsel within 30 calendar days; provide or fund up to five hours of one-on-one tutoring and one hour of counseling per week of compensatory education; and fund the private placement for the student. On or about December 21, 2005, Plaintiff appeared before an Impartial Hearing Officer, who entered into the record a settlement agreement, under which the Defendant DCPS agreed to conduct or fund triennial evaluations by February 15, 2006; convene a MDT/IEP meeting on February 22, 2006 to review the evaluations, review and revise the student's IEP, discuss and determine placement, and discuss

43

compensatory education for missed speech/language services.  Plaintiff is the prevailing

party as that term is defined by law.  Plaintiff's attorney timely submitted a certified

invoice, conforming to DCPS attorney fee guidelines, for reimbursement of attorneys'

fees and costs in the amount of $8,093.80 in accordance with the DCPS' requirements in

Board of Education Rule 5 DMCR 3032.4 and federal law.  Defendant DCPS has refused

to reimburse the parent for her attorneys' fees and costs without reason, and $8,093.80 is

still due and owing from the Defendant.  Copies of the Hearing Request, Hearing

Officer's Determination ("HOD"), and Invoice are attached hereto as EXHIBIT 31.

ff.    At all times relevant hereto, Alonzo Williams was a student in the

District of Columbia Public Schools' ("DCPS") Special Education Program.  On or about

October 7, 2005, Plaintiff, by and through counsel, filed a hearing request, alleging that

the Defendant DCPS failed to comply with the parent's request for reevaluations.  For

relief, Plaintiff asked DCPS to fund the student's independent clinical-psychological,

psycho-educational, functional behavioral, and psychiatric reevaluations; convene a

MDT/IEP meeting within five business days of receipt of the last of the evaluations to

review the evaluations, revise the student's Individualized Educational Program ("IEP"),

and discuss and determine placement; and provide compensatory education in the form of

one-on-one tutoring for four hours each week for one year.  On or about December 6,

2005, Plaintiff appeared before an Impartial Hearing Officer, who ordered the Defendant

DCPS to fund independent psycho-educational, clinical, and psychiatric evaluations;

conduct a functional behavioral assessment within 30 days from the issuance of the

Hearing Officer's Determination ("HOD"); and convene a MDT/IEP meeting within 15

44

school days of receipt of the last evaluation to review the evaluations, review and revise the student's IEP, discuss and determine an appropriate placement for the 2005-2006 school year, and discuss and determine compensatory education. Plaintiff is the prevailing party as that term is defined by law. Plaintiff's attorney timely submitted a certified invoice, conforming to DCPS attorney fee guidelines, for reimbursement of attorneys' fees and costs in the amount of $5,921.34 in accordance with the DCPS' requirements in Board of Education Rule 5 DMCR 3032.4 and federal law. Defendant DCPS has refused to reimburse the parent for his attorneys' fees and costs without reason, and $5,921.34 is still due and owing from the Defendant. Copies of the Hearing Request, Hearing Officer's Determination ("HOD"), and Invoice are attached hereto as EXHIBIT 32.

gg.    At all times relevant hereto, Curtis Williams was a student in the District of Columbia Public Schools' ("DCPS") Special Education Program. On or about October 3, 2005, Plaintiff, by and through counsel, filed a hearing request, alleging that the Defendant DCPS failed to comply with an August 2005 Hearing Officer's Determination to draft a compensatory education plan and transition plan within 45 days of the issuance of the HOD, and failed to draft an appropriate Individualized Educational Program ("IEP"). For relief, Plaintiff asked DCPS to fund compensatory education services with Seeds for Tomorrow in specialized instruction and speech/language services, and reconvene a MDT/IEP meeting within ten calendar days of receipt of the HOD to develop a transition plan and revise the IEP to reflect the student's progress. On or about November 29, 2005, Plaintiff appeared before an Impartial Hearing Officer, who

45

entered into the record a settlement agreement, under which the Defendant DCPS agreed to convene a MDT/IEP meeting within 45 calendar days of the issuance of the HOD to review and revise the student's IEP, develop a transition plan, and determine the amount of compensatory education to which the student is entitled.  Plaintiff is the prevailing party as that term is defined by law.  Plaintiff's attorney timely submitted a certified invoice, conforming to DCPS attorney fee guidelines, for reimbursement of attorneys' fees and costs in the amount of $5,066.43 in accordance with the DCPS' requirements in Board of Education Rule 5 DMCR 3032.4 and federal law.  Defendant DCPS has refused to reimburse the parent for her attorneys' fees and costs without reason, and $5,066.43 is still due and owing from the Defendant.  Copies of the Hearing Request, Hearing Officer's Determination ("HOD"), and Invoice are attached hereto as EXHIBIT 33.

hh.    At all times relevant hereto, Tayvon Williams was a student in the District of Columbia Public Schools' ("DCPS") Special Education Program.  On or about September 30, 2005, Plaintiff, by and through counsel, filed a hearing request, alleging that the Defendant DCPS failed to convene an Individualized Educational Program ("IEP") team meeting upon the parent's request.  For relief, Plaintiff asked DCPS to convene an IEP meeting to review and revise the IEP, and discuss and determine placement; and provide or fund one-on-one compensatory tutoring.  On or about November 29, 2005, Plaintiff appeared before an Impartial Hearing Officer, who entered into the record a settlement agreement, under which the Defendant DCPS agreed to complete a functional behavioral assessment by December 23, 2005; convene a MDT meeting to review all current evaluations, update the student's IEP, discuss placement

46

alternatives, and discuss compensatory education services; and afford the parent an opportunity to participate in any meeting in which the student's placement is discussed or determined. Plaintiff is the prevailing party as that term is defined by law. Plaintiff's attorney timely submitted a certified invoice, conforming to DCPS attorney fee guidelines, for reimbursement of attorneys' fees and costs in the amount of $4,278.02 in accordance with the DCPS' requirements in Board of Education Rule 5 DMCR 3032.4 and federal law. Defendant DCPS has refused to reimburse the parent for her attorneys' fees and costs without reason, and $4,278.02 is still due and owing from the Defendant. Copies of the Hearing Request, Hearing Officer's Determination ("HOD"), and Invoice are attached hereto as EXHIBIT 34.

  ii. At all times relevant hereto, LaPierre Wilson was a student in the District of Columbia Public Schools' ("DCPS") Special Education Program. On or about October 11, 2005, Plaintiff, by and through counsel, filed a hearing request, alleging that the Defendant DCPS failed to comply with an April 1, 2005 Hearing Officer's Determination to reconvene the student's MDT meeting to review evaluations, review and revise the student's Individualized Educational Program ("IEP"), discuss and determine placement, and discuss and determine compensatory education; failed to develop an appropriate IEP for the student; failed to develop an Intervention Behavior Plan as part of the student's IEP; failed to provide an appropriate educational program; and failed to provide the student with necessary special education instruction and related services. For relief, Plaintiff asked DCPS to fund the student at the Phillips School, the Accotink Academy, or the Frost School for the remainder of the 2005-2006 school year;

reconvene the SEPT/MDT/IEP meeting within ten calendar days to determine what evaluations are required, revise and complete an interim IEP for the student; and discuss and determine compensatory education; fund all additional recommended evaluations; reconvene the student's MDT/IEP meeting within five business days upon receipt of last of the evaluations to review evaluations, revise and update the student's IEP, and discuss and determine compensatory education; and fund all recommended compensatory education. On or about December 7, 2005, Plaintiff appeared before an Impartial Hearing Officer, who entered into the record a settlement agreement, under which the Defendant DCPS agreed to convene a MDT/IEP meeting on December 21, 2005 to review all current evaluations, review and revise the student's IEP, and discuss and determine an appropriate educational placement for the remainder of the 2005-2006 school year; and discuss, determine, and develop an appropriate compensatory education plan, including appropriate number of hours, form, and format. Plaintiff is the prevailing party as that term is defined by law. Plaintiff's attorney timely submitted a certified invoice, conforming to DCPS attorney fee guidelines, for reimbursement of attorneys' fees and costs in the amount of $6,472.42 in accordance with the DCPS' requirements in Board of Education Rule 5 DMCR 3032.4 and federal law. Defendant DCPS has refused to reimburse the parent for her attorneys' fees and costs without reason, and $6,472.42 is still due and owing from the Defendant. Copies of the Hearing Request, Hearing Officer's Determination ("HOD"), and Invoice are attached hereto as EXHIBIT 35.

5.    The District of Columbia is a municipal corporation that receives federal financial assistance and, therefore, is required to comply with the IDEIA, Section 504 and

this Court's decision in *Mills v. District of Columbia Bd. of Educ.*, 348 F. Supp. 866 (D.D.C. 1972).

6.    Clifford Janey is the Superintendent of the District of Columbia Public School System ("DCPS") and the Chief State Officer, and, as such, is responsible for ensuring that all disabled children in the District of Columbia receive a free appropriate public education ("FAPE") and that their rights to equal protection and due process of law are protected.  Plaintiffs are suing Clifford Janey in his official capacity.

## FACTUAL ALLEGATIONS

7.    Plaintiffs are all "prevailing parties" as defined in *Select Milk Producers, Inc. v. Johanns*, 400 F.3d 939 (D.C. Cir. 2005)(citing *Buckhannon Board and Care Home, Inc., v. West Virginia Department of Health and Human Resources*, 532 U.S. 598 (2001)), and are thus entitled to recover reasonable attorneys' fees and costs.

8.    On or about January 12, 2006, Plaintiffs, through counsel, timely submitted their invoices for reimbursement of reasonable attorneys' fees and costs to Defendants.

9.    That in accordance with the law, all HODs are final and all HODs referred to herein are final.

10.    That according to Defendants' "Guidelines for the Payment of Attorney Fees in IDEA Matters," invoices for reimbursement of reasonable attorneys' fees are considered denied if not acknowledged within 90 days of submission.

11.    That more than 90 days have elapsed since the Plaintiffs, through counsel, timely submitted their invoices for reimbursement of reasonable attorneys' fees

49

and costs to Defendants, and Defendants have neither acknowledged the submissions nor remitted payment.  Therefore, under the Guidelines established by the Defendants, Plaintiff's invoices are considered denied by Defendants.

12.    That Defendants have refused and/or failed to pay Plaintiffs' Attorney Fee Applications without just reason or cause.

13.    That in denying full reimbursement to Plaintiffs as and for their attorneys' fees and costs, the Defendants have knowingly, intentionally, and in contravention of settled law substituted their own subjective standards for standards articulated by the IDEA and this Court.

14.    That additionally, Defendants have similarly refused to pay Plaintiffs' costs and billings associated with work performed by paralegals/legal assistants.

15.    That a party prevails if "there has been a court-ordered change in the legal relationship between the plaintiff and the defendant" and "in whose favor a judgment is rendered, regardless of the amount of damages awarded." *Selected Milk Producers, Inc. v. Johanns*, 400 F.3d 939 (D.C. Cir. 2005)(citing *Buckhannon*, 532 U.S. at 603-04).

16.    That the Plaintiffs herein are "prevailing parties" as this term is defined in *Selected Milk Producers, Inc*.

17.    That Plaintiffs, such as those herein, who prevail under the IDEIA, 20 U.S.C. § 1400 *et seq*., in an administrative proceeding or in a court action against the Defendants, may recover "reasonable" attorneys' fees.

18.    That the amount of attorneys' fees awarded "shall be based on rates prevailing in the community in which the action arose for the kind and quality of services

furnished." 20 U.S.C. § 1415(i)(3)(C).

19.    That the rate for "reasonable" attorneys' fees has been established by cases decided in the District of Columbia. *See, e.g.*, *Bailey v. District of Columbia*, 839 F. Supp. 888 (D.D.C. 1993).

20.    That the current billing rates for the attorneys, as evidenced by the invoices attached as EXHIBITS hereto, are reasonable and consistent with the prevailing market rates in the District of Columbia.

21.    That the Plaintiffs had settled expectations that if they prevailed, they would be entitled to recover "reasonable" attorneys' fees at the rates "prevailing in the community" for the legal services provided by their attorneys.

22.    That in the case *sub judice*, the refusal of the Defendants to pay Plaintiffs' Attorney Fee Application is arbitrary, capricious and without a basis in law or fact.

23.    That IDEA and this Court clearly allow for the recovery of reasonable costs associated with claims brought by prevailing parties such as the Plaintiffs' herein.

24.    That Defendants have summarily refused to pay Plaintiffs' applications for all costs associated with their cases.

**WHEREFORE**, Plaintiffs respectfully request that this Honorable Court:

1.    Enter an Order directing Defendants to reimburse Plaintiffs reasonable Attorneys' Fees and Costs in the sum of $356,738.29.

2.    Award each Plaintiff pre-judgment interest on each award.

3.    Award to Plaintiffs reasonable attorneys' fees and costs incurred in prosecuting the instant lawsuit.

4.      Awarding such other relief as may be just and proper.

Respectfully Submitted,

May 2, 2006                            _____

Tilman L. Gerald
Bar No.: 928796
James E. Brown & Associates, PLLC
1220 L Street, NW, Suite 700
Washington, D.C. 20005
(202)742-2000
Attorney for Plaintiffs