# EXHIBIT 1

*State Education Agency for the District of Columbia*
*State Enforcement and Investigation Division (SEID)*
*Special Education Programs*



# ADMINISTRATIVE DUE PROCESS
# COMPLAINT NOTICE

- The form is used to give notice of a due process complaint to the District of Columbia **Public Schools, District of Columbia Public Charter Schools (DCPS or LEA) and/or parents** with respect to any matter relating to the identification, evaluation, or educational placement of a child with a disability, or the provision of a free appropriate public education to that child. **A party may not have a due process hearing until the party, or the attorney representing the party, files a notice that meets the requirements of the Individuals with Disabilities Education Improvement Act (IDEIA).**

- The due process complaint must describe an alleged violation that occurred not more than two (2) years before the date that the parent or school system knew or should have known about the alleged action that is the basis of the complaint.

- Notice must be provided to the Student Hearing Office for the DC Public Schools, 825 North Capitol Street, NE, 8th Floor, Washington, DC 20002; fax number 202/442-5556.

- Unless the other party agrees, the party requesting the due process hearing shall not be allowed to raise issues at the due process hearing that are not raised in this Due Process Complaint Notice. Therefore, please be thorough in providing the information requested.

- Prior to the opportunity for an impartial due process hearing, the Local Educational Agency (LEA) shall convene a meeting (called a "Resolution Session") with the parent(s) unless the parent(s) and the Local Educational Agency agree in writing to waive this meeting. You will be contacted by a representative of the Local Educational Agency to schedule the meeting. **The Student Hearing Office does NOT schedule resolution meetings.**

- Mediation is also available to all parties as an alternative to a resolution meeting or a Due Process Hearing.

## A.    INFORMATION ABOUT THE STUDENT:

Name of the Student:   Marcus Brown   Date of Birth: June 9th, 1989

Address: 6645 Georgia Avenue, NW, #301, Washington, DC 20012

Present School of Attendance: Coolidge Senior High School

Parent/Guardian of the Student: _____Ms. Margaret Brown___

**B.**    **Legal Representative/Attorney (if applicable):**

Name: _____Roxanne Neloms, Esq._____

Address: _____1220 L Street, NW, Suite 700, Washington, DC 20005_____

Phone: (w) _202-742-2000_ (Fax) _202-742-2097_ (e-mail) _____

Will attorney / legal representative attend the resolution session?    **X** Yes    ☐ No

**C.**    **Complaint Made Against (check all that apply):**

**X** DCPS school (name of the school if different from page one)

☐ Charter    school    (name    of    the    charter    school    if    different    from    page
one) _____

☐ Non-public    school    or    residential    treatment    facility    (name)
_____

☐ Parent

**D.**    **Resolution Session Meeting Between Parent and LEA:**

**X** I wish to waive the Resolution Session Meeting.

**E.**    **Mediation Process:**

**I am requesting an administrative due process hearing only at this time.**

**F.**    **Facts and Reasons for the Complaint:**

**I.  Nature of the Problem.**

1. DCPS Denied the Student with a Free and Appropriate Public Education by Failing to Comply with the June 29th, 2005 Order of the Independent Hearing Officer and Reconvene the Student's MDT/IEP Meeting Within Fifteen (15) School Days. An administrative due process hearing was held for the student on or about June 21st, 2005. As a result of that hearing, the impartial due process hearing officer, issued a decision on or about June 29th, 2005, in which the District of Columbia Public Schools ("DCPS") was ordered to do, among other things, fund the parent's independent neuropsychological evaluation and reconvene the student's MDT/IEP Meeting within fifteen (15) school days upon receipt of the evaluation. See Order dated May 23rd, 2005.

A copy of the student's neuropsychological evaluation was forwarded to DCPS' Office of Mediation and Compliance on or about August 25th, 2005. See

2

Correspondence dated August 25th, 2005. Counsel for the parent, in that same letter, pursuant to the terms of the Order, requested that DCPS reconvene the student's BLMDT/IEP Meeting within fifteen (15) business days. Id. DCPS never responded. To date, DCPS has yet to take any steps to comply with the Order of the independent hearing officer.

2. DCPS Denied the Student with a Free and Appropriate Public Education by Failing to Comply with the June 29th, 2005 Order of the Independent Hearing Officer and Reconvene the Student's MDT/IEP Meeting Within Fifteen (15) School Days to Revise and Update the Student's IEP. An administrative due process hearing was held for the student on or about June 21st, 2005. As a result of that hearing, the impartial due process hearing officer, issued a decision on or about June 29th, 2005, in which the District of Columbia Public Schools ("DCPS") was ordered to do, among other things, fund the parent's independent neuropsychological evaluation and reconvene the student's MDT/IEP Meeting within fifteen (15) school days upon receipt of the evaluation. See Order dated May 23rd, 2005.

A copy of the student's neuropsychological evaluation was forwarded to DCPS' Office of Mediation and Compliance on or about August 25th, 2005. See Correspondence dated August 25th, 2005. Counsel for the parent, in that same letter, pursuant to the terms of the Order, requested that DCPS reconvene the student's BLMDT/IEP Meeting within fifteen (15) business days. Id. DCPS never responded. To date, DCPS has yet to take any steps to comply with the Order of the independent hearing officer and Revise and Update the Student's IEP.

3. DCPS Denied the Student with a Free and Appropriate Public Education by Failing to Comply with the June 29th, 2005 Order of the Independent Hearing Officer and Reconvene the Student's MDT/IEP Meeting Within Fifteen (15) School Days to Determine an Appropriate Placement. An administrative due process hearing was held for the student on or about June 21st, 2005. As a result of that hearing, the impartial due process hearing officer, issued a decision on or about June 29th, 2005, in which the District of Columbia Public Schools ("DCPS") was ordered to do, among other things, fund the parent's independent neuropsychological evaluation and reconvene the student's MDT/IEP Meeting within fifteen (15) school days upon receipt of the evaluation. See Order dated May 23rd, 2005.

A copy of the student's neuropsychological evaluation was forwarded to DCPS' Office of Mediation and Compliance on or about August 25th, 2005. See Correspondence dated August 25th, 2005. Counsel for the parent, in that same letter, pursuant to the terms of the Order, requested that DCPS reconvene the student's BLMDT/IEP Meeting within fifteen (15) business days. Id. DCPS never responded. To date, DCPS has yet to take any steps to comply with the

Order of the independent hearing officer and determine an appropriate placement for the student.

3. DCPS Denied the Student with a Free and Appropriate Public Education by Failing to Comply with the Individuals with Disabilities Education Improvement Act (2004), Pub. L. No. 108-446, and Develop an Appropriate IEP. According to the Individuals with Disabilities Education Improvement Act, DCPS, as the local and state education agency, is to ensure that an appropriate IEP developed for each child who may require special education and its related services within its jurisdiction. In the instant matter, it is clear DCPS has failed to comply with the requirements of the statute.

Specifically, the student, according to several evaluations conducted on him is eligible to receive special education and its related services as a student with, among other things, a learning disability, emotional disturbance and other health impairment due to his ADHD and drug abuse. DCPS, despite being in possession of these evaluations, and knowing the student's history of academic failure, has yet to take any steps to comply with develop an appropriate IEP for the student despite the fact they are in possession of evaluations that suggest the student is in need of those services.

4. DCPS Denied the Student with a Free and Appropriate Public Education by Failing to Comply with the Individuals with Disabilities Education Improvement Act (2004), Pub. L. No. 108-446 (d)(4)(A) and Annually Review the Student's IEP. According to the Individuals with Disabilities Education Improvement Act, DCPS, as the local and state education agency, is to ensure that a student's IEP is reviewed periodically, but not less than annually to determine whether or not the student's special education needs are being met. In the instant matter, it is clear DCPS has failed to comply with the requirements of the statute.

Specifically, the student's most recent IEP was last developed on June 8th, 2004, and expired on June 8th, 2005. To date, DCPS has yet to make any attempts to reconvene the student's IEP to make it current.

5. DCPS Denied the Student with a Free and Appropriate Public Education by Failing to Place the Student in an Appropriate Placement. The student's current placement at Coolidge Senior High School is inappropriate and unable to meet the student's special education needs.

More specifically, the student, according to his most recent IEP is to receive almost 25 hours a week of special education instruction and its related services. Coolidge SHS has been unable to provide these services to the student. Specifically, the student, according to his schedule, does not currently receive 22.50 hours of specialized instruction or the 30 minutes of psychological counseling per week, or 90 minutes of speech and language services. DCPS'

4

failure to have the student placed in an appropriate special education program amounts to a denial of a Free and Appropriate Public Education.

6. Denial of a Free and Appropriate Public Education - Failure to Provide the Student with his Special Education Instruction and Related Services. Compensatory education is generally defined as educational services above and beyond the services normally due a student under his state's education law. While compensatory education is not a remedy expressly identified in the IDEA courts have routinely awarded it in appropriate circumstances by exercising their authority under 20 U.S.C. § 1415 (I)(2)(B)(ii) to "grant such relief as the court determines appropriate." See Pihl v. Massachusetts Department of Education, 18 IDELR 668 (1st Cir. 1993); Burr v. Ambach, 1988-89 EHLR 441:314 (2d Cir. 1988); Lester H. by Octavia P. v. Gilhool, 16 EHLR 1354 (3d Cir. 1990); Hall v. Knott County Board of Education, 18 EDELR 192 (6th Cir. 1991); Parents of Student W v. Puyallup School District No. 3, 21IDELR 723 (9th Cir. 1994); Jefferson County Board of Education v. Green, 1987-88 EHLR 559:144 (N.D. Ala. 1987); Harris v. District of Columbia, 19 IDELR 105 (D.D.C. 1992); McManus v. Wilmette Sch. Dist. 39 Bd. Of Educ., 19 IDELR 485 (N.D. Ill. 1992); and Burlington School Committee v. Massachusetts Department of Education, 1984-85 EHLR 556:389 (1985).

Furthermore, courts have found compensatory education appropriate to make up periods when a student has been inappropriately placed or denied services. See, e.g., Manchester Sch. Dist. v. Christopher B., 20 IDELR 389 (D.N.H. 1992). The length of time of the compensatory education award commonly equals the length of the inappropriate placement or denial of services, measured in weeks, months or even years. In Manchester, the court found the student was entitled to two and one-half years of compensatory education for his being inappropriately placed for two and one-half years. Simply put, compensatory education is an appropriate remedy when a student has been denied FAPE in the past.

Here, the student for the last two (2) years has failed to receive most, if any of his special education instruction and related services from DCPS. Moreover, DCPS has failed to have the student placed in an appropriate special education program, and failed to comply with several settlement agreements and HODs, as a result, compensatory education is clearly owed to the student. DCPS' failure to timely provide the student with his special education instruction, amounts to a denial of a Free and Appropriate Public Education.

## II. Issues presented.

1. Whether or not DCPS Denied the Student with a Free and Appropriate Public Education by Failing to Comply with the June 29th, 2005 Order of the Independent Hearing Officer and Reconvene the Student's MDT/IEP Meeting Within Fifteen (15) School Days;

2.  Whether or not DCPS Denied the Student with a Free and Appropriate Public Education by Failing to Comply with the June 29th, 2005 Order of the Independent Hearing Officer and Reconvene the Student's MDT/IEP Meeting Within Fifteen (15) School Days to Revise and Update the Student's IEP;

3.  Whether or not DCPS Denied the Student with a Free and Appropriate Public Education by Failing to Comply with the June 29th, 2005 Order of the Independent Hearing Officer and Reconvene the Student's MDT/IEP Meeting Within Fifteen (15) School Days to Determine an Appropriate Placement;

4.  Whether or not DCPS Denied the Student with a Free and Appropriate Public Education by Failing to Comply with the Individuals with Disabilities Education Improvement Act (2004), Pub. L. No. 108-446 (d)(4)(A) and Annually Review the Student's IEP;

5.  Whether or not DCPS Denied the Student with a Free and Appropriate Public Education by Failing to Place the Student in an Appropriate Placement; and

6.  Whether or not DCPS Denied the Student with a Free and Appropriate Public Education by Failing to Provide the Student with his Special Education Instruction and Related Services.

### III.    Relief Sought.

**WHEREFORE**, the parent, by and through counsel, hereby requests the following relief:

1.  A finding that DCPS Denied the Student with a Free and Appropriate Public Education by Failing to Comply with the June 29th, 2005 Order of the Independent Hearing Officer and Reconvene the Student's MDT/IEP Meeting Within Fifteen (15) School Days;

2.  A finding that DCPS Denied the Student with a Free and Appropriate Public Education by Failing to Comply with the June 29th, 2005 Order of the Independent Hearing Officer and Reconvene the Student's MDT/IEP Meeting Within Fifteen (15) School Days to Revise and Update the Student's IEP;

3.  A finding that DCPS Denied the Student with a Free and Appropriate Public Education by Failing to Comply with the June 29th, 2005 Order of the Independent Hearing Officer and Reconvene the Student's MDT/IEP Meeting Within Fifteen (15) School Days to Determine an Appropriate Placement;

4.  A finding that DCPS Denied the Student with a Free and Appropriate Public Education by Failing to Comply with the Individuals with Disabilities Education Improvement Act (2004), Pub. L. No. 108-446 (d)(4)(A) and Annually Review the Student's IEP;

5. A finding that DCPS Denied the Student with a Free and Appropriate Public Education by Failing to Place the Student in an Appropriate Placement;

6. A finding that DCPS Denied the Student with a Free and Appropriate Public Education by Failing to Provide the Student with his Special Education Instruction and Related Services.

7. DCPS, on an interim basis, agrees to place and fund the student, with transportation, at the Rock Creek Academy,

8. DCPS, within ten (10) business days upon receipt of the last of the student's evaluations, agrees to reconvene the student's MDT/IEP Meeting to review all evaluations, revise the student's IEP as necessary, discuss and determine if a change in placement is necessary;

9. If a change in placement is necessary, DCPS shall have five (5) school days to issue a Prior Notice of Placement to a DCPS public school, and thirty (30) calendar days to issue a Prior Notice of Placement to a non-public or private school;

10. DCPS agrees to fund, for three (3) years, four (4) hours a week of individualized tutoring;

11. Provide the student with a due process hearing within 20 calendar days of a request on any issue arising out of the noncompliance with the DCPS' obligation hereunder, or any disagreement with the assessment, programming or placement the parent may have;

12. In the event that the DCPS shall fail to comply with the terms herein, then under the Conciliation Agreement, the parents shall have the authority to use self help without further notice to the DCPS, and initiate an IEP with the DCPS' invited participation, and unilateral placement in an interim school or educational program until such time the DCPS can come into compliance and properly assess, program and/or participate;

13. The DCPS shall ensure that this student has available a Free and Appropriate Public Education including special education, transportation (5 DCMR 3000.3), and Other related services as are defined at 34 C.F.R. 300.7; Assistance to States for the Education of Children with Disabilities, 70 Fed. Reg. 35782, 35836 (June 21, 2005) (to be codified at 34 C.F.R. pt. 300), designed to meet this student's unique needs and preparation for employment and independent living;

14. Send all notices to counsel for the parent with copies of such to the parent and in the parent's native language;

15. That DCPS within ten (10) calendar days of the filing of this complaint, pursuant

to the Individuals with Disabilities Education Improvement Act of 2004, Pub. L. No. 108-446, Sec. 101, § 615(c)(2)(B), provide the parents' representative, Roxanne Neloms, Esq., via facsimile, at 202-742-2097 or 202-742-2098, the following:  i) an explanation of why DCPS proposed or refused to take the action raised in the complaint; ii) a description of other options that the IEP team considered and the reasons why those options were rejected, iii) a description of each evaluation procedure, assessment, record, or report the agency used as the basis for the proposed or refused action, and iv) a description of the other factors that are relevant to the agency's proposed or refused action;

16. That DCPS, in the event they fail to answer/respond to the issues alleged in the parent's administrative due process hearing complaint, within ten (10) calendar days, the arguments and facts as averred by the parent in this administrative due process complaint will be deemed true and accurate and act as a waiver, on the part of DCPS, for their desire to have a Resolution Session Meeting, and the parent's administrative due process hearing will be scheduled pursuant to the applicable timelines contained in the IDEIA, furthermore, DCPS' failure to provide a response or prior written notice as required will result in the parent's being awarded a default judgment;

17. That DCPS, within fifteen (15) calendar days of receiving the parent's Complaint, pursuant to the Individuals with Disabilities Education Improvement Act of 2004, Pub. L. No. 108-446, Sec. 101, § 615(c)(2)(C), respond to the parent's request alleging any insufficiency of notice;

18. That DCPS' failure to comply with the Individuals with Disabilities Education Improvement Act of 2004, Pub. L. No. 108-446, Sec. 101, § 615(c)(2)(C), and allege any insufficiency of the parent's administrative due process complaint, will constitute waiver on the part of DCPS to make such argument at any later date and time;

19. That DCPS, pursuant to the Individuals with Disabilities Education Improvement Act of 2004, Pub. L. No. 108-446, Sec. 101, § 615(f)(1)(B), within fifteen (15) calendar days of receiving the parent's administrative due process complaint, shall contact the parent's representative, in writing, via facsimile, at 202-742-2097 or 202-742-2098, to schedule and convene a Resolution Session Meeting;

20. That DCPS, pursuant to the Individuals with Disabilities Education Improvement Act of 2004, Pub. L. No. 108-446, Sec. 101, § 615(f)(1)(B), convene the Resolution Session Meeting, with the parent, the parent's representative, and all necessary/relevant members of the student's MDT/IEP Team that have specific knowledge about the child and the facts contained in the complaint.  That the relevant members of the MDT/IEP Team that shall be present at the Resolution Session Meeting for the student;

21. That DCPS' failure to timely schedule and convene the Resolution Session Meeting within the timeframe identified according to the Individuals with Disabilities Education Improvement Act of 2004, Pub. L. No. 108-446, Sec.101, § 615(f)(1)(B) constitute joint waiver between DCPS and the parent to have such meeting and the forty-five (45) days timeline to schedule the student's administrative due process hearing and receive a timely decision will begin to run upon written notice, via facsimile, at 202-442-5556, to the DCPS Office of Student Hearings, by the parent's counsel; and

22. A finding that the parent is the prevailing party in this action.

## G.    Accommodations and Assistance Needed:

Please list any special accommodations you may require for a Resolution Session Meeting/Mediation Conference/Due Process Hearing.

## H.    Signature:

_____     10/6/05
Legal Representative / Advocate (if applicable)          Date

**Mail, fax or deliver this complaint notice to:**
**State Enforcement and Investigation Division**
**For Special Education Programs (SEID)**
**Student Hearing Office (SHO)**
**825 North Capitol Street, NE, 8th Floor**
**Washington, DC  20002**
**Fax number: 202/442-5556**

9

```
***********************
***   TX REPORT   ***
***********************


TRANSMISSION OK

TX/RX NO              2874
CONNECTION TEL                    92024425556
CONNECTION ID
ST. TIME             10/07 14:52
USAGE T              01'21
PGS. SENT             10
RESULT               OK
```

## James E. Brown & Associates, PLLC

*A Professional Limited Liability Company*

James E. Brown
Domiento C.R. Hill ◊
Roberta Gambale
Miguel A. Hull
Christopher L. West
Juan J. Fernandez!

Attorneys at Law
1220 L Street, NW
Suite 700
Washington, DC 20005
Telephone: (202) 742-2000
Facsimile: (202) 742-2098

e-mail: Admin@Jeblaw.biz

Tilman L. Gerald
Roxanne D. Nelom
John A. Straus
Dolores Scott McK·ight
Marshall Lammers·

! Admitted in Bolivia Onl;

# *FAX COVER SHEET*

TO: Sharon Newsome, Scheduling Coordinator, Office of Student Hearings, DCPS

FROM: Domiento C.R. Hill, Esq. for Roxanne Neloms, Esq.

DATE:  October 7th, 2005

FAX NO: 202-442-5556

SUBJECT: M.B., DOB: 6/9/89

NUMBER OF PAGES, INCLUDING FAX COVER SHEET: 10

COMMENTS: Administrative due process hearing complaint. Thank you for your assistance.

**STATEMENT OF CONFIDENTIALITY:**
The information contained in this electronic message and any attachments to this message are intended for the exclusive use o  he
addressee(s) and may contain confidential or privileged information. If you are not the intended recipient, please notify James E  Brown
and Associates, PLLC immediately at (202) 742-2000, and destroy all copies of this message and any attachments.



# DISTRICT OF COLUMBIA PUBLIC SCHOOLS
## *State Enforcement and Investigative Division*
## CONFIDENTIAL

### Charles R. Jones, Esq., Due Process Hearing Officer
825 North Capitol Street, N.E. 8th Floor
Washington, D.C. 20002
Facsimile: (202) 442-5556

| | | |
|---|---|---|
| **In the Matter of** | ) | IMPARTIAL DUE PROCESS |
| | ) | |
| **MARCUS BROWN, Student,** | ) | **HEARING OFFICER'S DECISION** |
| **Date of Birth: 06-09-89** | ) | |
| | ) | |
| **Petitioner,** | ) | Hearing Date: December 5, 2005 |
| | ) | |
| **vs.** | ) | |
| | ) | Held at: 825 North Capitol Street, NE |
| **The District of Columbia Public Schools,** | ) | Eighth Floor |
| **Attending: Coolidge Senior High School** | ) | Washington, D.C. 20002 |
| **Respondent.** | ) | |

---

## SETTLEMENT ORDER

**Parent(s):** Ms. Margaret Brown
6645 Georgia Avenue, NW, #305
Washington, D.C. 20012

**Counsel for Parent:** Christopher L. West, Esq.
Domiento C. R. Hill, Of-Counsel
James E. Brown & Associates, PLLC
1220 L. Street, N.W.
Suite 700
Washington, D.C. 20005

**Counsel for School:** Michael D. Levy, Attorney- Advisor
Office of the General Counsel, DCPS
825 North Capitol Street, N.E., 9th Floor
Washington, D.C. 20002

# HEARING OFFICER'S DECISION

## DISTRICT OF COLUMBIA PUBLIC SCHOOLS
### *State Enforcement and Investigative Division*

### Special Education Due Process Hearing

ı

## I. INTRODUCTION

On October 7, 2005, a Request for Due Process Hearing was filed with the Student Hearing Office, by counsel for the parent, Christopher L. West, Esq. The request alleges DCPS failed to comply with a Hearing Officer's Determination ("HOD") dated June 29, 2005, which required the convening of MDT/IEP team meeting.

A Due Process Hearing was convened on December 5, 2005, at the District of Columbia Public Schools, ("DCPS"), 825 North Capitol Street, N.E., and 8th Floor, Washington, D.C. 20002. Michael D. Levy, Esq., Attorney-Advisor represented DCPS. Christopher L. West, Esq., and Domiento C. R. Hill, Esq., represented the parent. Five Day Disclosure Letters were entered into the record, without any objection by either party. On behalf of the parent: Disclosure Letter dated November 28, 2005: MB-1 through MB-12. On behalf of DCPS: Disclosure Letter dated November 28, 2005. Parent's counsel waived a formal reading of the Due Process Rights. The parties did not enter any testimony, as the case was settled on the record.

## II. JURISDICTION

The Due Process Hearing was convened, and this decision was written pursuant to *Public Law 108-446, The Individuals with Disabilities Education Improvement Act of 2004 (IDEIA);* 20 United States Code 1400 et. Seq.; Title 5 of the District of Columbia Municipal Regulations and Section 145 of the D.C. Appropriations Act, effective October 21, 1998.

## III. ISSUES

Whether DCPS denied the student FAPE by failing to comply with a Hearing Officer's Determination ("HOD") issued on June 29, 2005?

2.

## IV.    SUMMARY OF RELEVANT EVIDENCE

At the commencement of the Hearing, the parties represented that they had agreed upon terms to settle this matter.  Counsel for the parties requested that the Hearing Officer approve of the terms and incorporate those terms into an Order.

## V.    FINDINGS OF FACT

The Hearing Officer makes the following findings of fact:

- The terms of the agreement, as set forth in the record, are in the best interest of this student; therefore, the terms are approved and incorporated into an Order.

**Based upon the foregoing, IT IS HEREBY ORDERED:**

1) **DCPS shall immediately place and fund M.B., on an interim basis, at the Rock Creek Academy.**

2) **DCPS shall, within thirty  (30) calendar days of the issuance of the HOD, convene a MDT/IEP meeting to review all current evaluations, review and revise the student's IEP if warranted and discuss and determine compensatory educational relief and if warranted develop an appropriate Compensatory Education Plan to include the appropriate amount of hours, form and format.**

3) **All communications and notices shall be sent through the parent's counsel.**

4) **Any delay in the above time frames caused by the student or student's counsel shall result in an extension of one day for each day of delay.**

3.

## VI. APPEAL PROCESS

This is the **FINAL ADMINISTRATIVE DECISION.** Appeals may be made to a court of competent jurisdiction within ninety-- (90) days from the date this decision was issued.

Charles R. Jones, Esq., Hearing Officer

Date Filed: _12 - 06 - 05_

Date Issued: _12. 06 . 05_

4.

# District of Columbia Public Schools
### *Office of Compliance*
## STUDENT HEARING OFFICE
825 North Capitol Street, N.E.
8TH Floor
Washington, D.C. 20002
FAX: (202) 442-5556



## *FACSIMILE SHEET*

Date: *12-06-05*

TO: *C. West*

FROM: STUDENT HEARING OFFICE

RE: *HOD - Marcus Brown*

TOTAL NUMBER OF PAGES, INCLUDING COVER:


COMMENTS:


*CONFIDENTIALITY NTOICE:* The information accompanying this facsimile is intended only for the use of the individual or entity named above. If you are not the intended recipient, you are hereby notified that any disclosure, copying, distribution or the taking of any action in reliance on the content of this telecopied information is strictly prohibited.



# District of Columbia Public Schools

### OFFICE OF GENERAL COUNSEL
825 North Capitol Street NE, 9th Floor
Washington, DC 20002-1994
Phone – 202-442-5000, Fax – 202-442-5098

## APPLICATION FOR PAYMENT OF ATTORNEY FEES AND COSTS
## PURSUANT TO THE INDIVIDUALS WITH DISABILITIES EDUCATION ACT

1. **Attorney Information**
   Law Firm: JAMES E. BROWN & ASSOCIATES, PLLC
   Attorney: JAMES E. BROWN
   Federal Tax ID No.: 52-1500760
   D.C. Bar No.: 61622

2. **Student Information**
   Name: Marcus Brown
   DOB: 6/9/89
   Date of Determination (HOD/SA): 12/6/05
   Parent/Guardian Name: Margaret Brown
   Parent/Guardian Address: 6645 Georgia Ave., NW, #301, WDC 20012
   Current School: Coolidge SHS
   Home School: Coolidge SHS

3. **Invoice Information**
   Invoice Number: 06-001
   Date Request Submitted: 1/12/06
   Date(s) Services Rendered: 10/7/05 to 12/13/05
   Amount of Payment Request: $ 6,644.11

4. **Certification (must be signed by principal attorney)**

I certify that all of the following statements are true and correct:

- all services listed on the enclosed invoices were actually performed;
- the entire amount requested on the enclosed invoice for payment of costs and expenses represents the actual amount of costs and expenses incurred;
- the District of Columbia Public Schools is the sole entity from which payment of the fees, costs and expenses itemized on the enclosed invoice is requested;
- no attorney or law firm who either (1) provided services listed on the enclosed invoice, or (2) will benefit from any monies paid as a result of the submission of the enclosed invoice, has a pecuniary interest, either through an attorney, officer or employee of the firm, in any special education diagnostic services, schools, or other special education service providers;
- I understand that the making of a false statement to an agency of the DC Government is punishable by criminal penalties pursuant to D.C. Code §22-2405.

_____          January 12, 2006
Signature                                                          Date

# LEGEND

### ATTORNEYS

| | |
|---|---|
| JEB | James E. Brown, Esq. |
| DH | Domiento Hill, Esq. |
| CW | Christopher West, Esq. |
| BM | Brenda McAllister, Esq. |
| RG | Roberta Gambale, Esq. |
| MH | Miguel Hull, Esq. |
| RR | Rachel Rubenstein, Esq. |
| JF | Juan Fernandez, Esq. |
| CB | Christina Busso, Esq. |
| JS | John Straus, Esq. |
| RN | Roxanne Neloms, Esq. |
| TG | Tilman Gerald, Esq. |
| DSM | Delores Scott McKnight, Esq. |
| ML | Marshall Lammers, Esq. |

### PARALEGALS and LAW CLERKS

| | |
|---|---|
| AAG | Aracely A. Gonzalez |
| DP | David Proctor |
| BDL | Blanca De La Sancha |
| SB | Sara Benkharafa |
| WB | Williams Bautista |
| YA | Yamileth Amaya |
| CMM | Claudia M. Martinez |
| HR | Heidi Romero |
| KD | Kelly Dau |
| MT | Michele Torry, BA, L. Cert. |
| TB | Tamika Beasley |

### ADVOCATES

| | |
|---|---|
| MM | Michelle Moody, MA |
| CS | Cheron Sutton-Brock, MA |
| KC | Kevin Carter, MA |
| SM | Sharon Millis, M. Ed. |
| CM | Carolyn Monford, MA |
| GMH | Garfield Mark Holman, MA |
| RB | C. Robin Boucher, Ph.D. |
| TS | Tamieka A. Skinner, MA |
| CP | Carrie Pecover, MA |
| CG | Comesha Griffin, MS |
| WD | William Daywalt, M. Ed. |
| DD | Donte Davis |
| CF | Carlos Fernandez, MA,JD |

### OUT OF POCKET COSTS

| | |
|---|---|
| FAX | Facsimile @ $1.00 per page |
| COP | Reproduction @ $0.25 per page |
| TRN | Transportation @ actual taxi cost |
| TEL | Long Distance Telephone @ actual cost |
| PAR | Parking @ actual cost |
| MES | Messenger/Express Mail @ actual cost |
| POS | Postage @ actual cost |

James E. Brown & Associates, PLLC
A Professional Limited Liability
Company
1220 L Street, NW Suite 700
Washington, DC 20005

Invoice submitted to:
Marcus C. Brown
Margaret Brown
6645 Georgia Ave, NW
Apt # 31
Washington DC 20012

January 09, 2006
In Reference To:    Marcus C. Brown

Invoice #11194

Professional Services

|  |  |  | Hrs/Rate | Amount |
|---|---|---|---|---|
| 10/7/2005 | DH | Prepared and file due process hearing request to DCPS for attorney review | 2.00 365.00/hr | 730.00 |
|  | CW | Reviewed due process hearing filed by Mr. Hill | 0.33 365.00/hr | 120.45 |
|  | DD | Reviewed file and recent evaluations | 1.50 185.00/hr | 277.50 |
| 11/7/2005 | DD | Reviewed THE STUDENTS FILE AND EVALUATIONS FOR UP COMING OBSERVATION | 1.00 185.00/hr | 185.00 |
|  | DD | Phone call from mother | 0.17 185.00/hr | 31.45 |
| 11/8/2005 | CMM | Drafted letter to parent/enclosed HOD issued 10/19/05 and letter sent to Office of Mediation and Compliance | 0.58 110.00/hr | 63.80 |
| 11/10/2005 | WB | Drafted letter to parent w/ HDN enclosed for hearing on 12/5/05 @ 11:00 am | 0.42 110.00/hr | 46.20 |
| 11/23/2005 | MT | File Review and sent letter to parent/student | 0.17 130.00/hr | 22.10 |
| 11/28/2005 | WB | Assist attorney to prepare disclosure to DCPS | 1.50 110.00/hr | 165.00 |
|  | DH | Review the student's educational file, prepare for five-day disclosures for upcoming administrative due process hearing. | 2.00 350.00/hr | 700.00 |

Marcus C. Brown                                                                                    Page    2

|  |  | Hrs/Rate | Amount |
|---|---|---|---|
| 12/2/2005 DH | Discussion with the student's mother regarding case status. | 0.25<br>350.00/hr | 87.50 |
| CW | Reviewed request for hearing, clinical evaluation, neuropsychological evaluation, psychoeducational evaluation, and prior HOD in preparation for hearing; teleconference with Keren Plowden, Rock Creek Academy, and reviewed witness questions in preparation for hearing; conference with parent and reviewed witness questions in preparation for hearing | 2.25<br>365.00/hr | 821.25 |
| 12/4/2005 DH | Prepare for the student's administrative due process hearing. | 3.50<br>350.00/hr | 1,225.00 |
| 12/5/2005 KC | Appearance to 825 North Capital for due process hearing | 2.00<br>185.00/hr | 370.00 |
| DH | Prepare and appear for the student's administrative due process hearing. | 2.00<br>350.00/hr | 700.00 |
| CW | Appearance to 825 North Capital for due process hearing administered by Hearing Office Charles Jones | 2.00<br>365.00/hr | 730.00 |
| KC | Prepared for Due Process Hearing | 0.50<br>185.00/hr | 92.50 |
| 12/13/2005 BDL | Drafted letter to parent with copy of HOD. | 0.25<br>110.00/hr | 27.50 |
| | For professional services rendered | 22.42 | $6,395.25 |

Additional Charges :

| | | |
|---|---|---|
| 10/7/2005 | Facsimile HR to SHO | 10.00 |
| 11/8/2005 | Postage; letter to parent re: HOD. | 0.37 |
| | Copied documents; letter to parent | 0.50 |
| 11/10/2005 | Postage; letter to parent (HDN) | 0.37 |
| | Copied documents; letter to parent | 0.50 |
| 11/23/2005 | Postage; letter to parent | 0.37 |
| 11/28/2005 | Facsimile Received from DCPS; disclosures | 2.00 |
| | Copied disc. for DCPS. | 60.00 |
| | Messenger Service to and from DCPS (5-day Disclosures) | 20.00 |
| 12/5/2005 | Facsimile: evaluations. | 31.00 |

Marcus C. Brown                                                                        Page    3

                                                                                          Amount

12/5/2005 Sedan taxi service to and from  DCPS for hearing.(attny. and adv.)              16.00

12/6/2005 Facsimile Received from DCPS; HOD                                                5.00

          Copied documents; HOD                                                            5.00

12/13/2005 File review preparation of bill and invoice audit                              96.88

          Copied documents; letter to parent                                              0.50

          Postage; letter to parent.                                                       0.37
                                                                                    _____
          Total costs                                                                  $248.86
                                                                                    _____
          Total amount of this bill                                                  $6,644.11