# EXHIBIT 2

*State Education Agency for the District of Columbia*
*State Enforcement and Investigation Division (SEID)*
*Special Education Programs*



# ADMINISTRATIVE DUE PROCESS COMPLAINT NOTICE

- The form is used to give notice of a due process complaint to the **District of Columbia Public Schools, District of Columbia Public Charter Schools (DCPS or LEA) and/or parents** with respect to any matter relating to the identification, evaluation, or educational placement of a child with a disability, or the provision of a free appropriate public education to that child. <u>A party may not have a due process hearing until the party, or the attorney representing the party, files a notice that meets the requirements of the Individuals with Disabilities Education Improvement Act (IDEIA).</u>

- The due process complaint must describe an alleged violation that occurred not more than two (2) years before the date that the parent or school system knew or should have known about the alleged action that is the basis of the complaint.

- Notice must be provided to the Student Hearing Office for the DC Public Schools, 825 North Capitol Street, NE, 8th Floor, Washington, DC 20002; fax number 202/442-5556.

- <u>Unless the other party agrees, the party requesting the due process hearing shall not be allowed to raise issues at the due process hearing that are not raised in this Due Process Complaint Notice.</u> Therefore, please be thorough in providing the information requested.

- Prior to the opportunity for an impartial due process hearing, the Local Educational Agency (LEA) shall convene a meeting (called a "Resolution Session") with the parent(s) unless the parent(s) and the Local Educational Agency agree in writing to waive this meeting. You will be contacted by a representative of the Local Educational Agency to schedule the meeting. **The Student Hearing Office does NOT schedule resolution meetings.**

- Mediation is also available to all parties as an alternative to a resolution meeting or a Due Process Hearing.

A. **INFORMATION ABOUT THE STUDENT:**

Name of the Student: _Jerry Carroll_   Date of Birth: _October 21st, 1994_

Address: _629 Nicholson Street, NE, Washington, DC 20011_

Present School of Attendance: _The Ivymount School_



Is this a charter school? __No__    (If yes, you must also provide a copy of this notice to the charter school principal or director)

Parent/Guardian of the Student: ___Mr. and Mrs. Jerry Carroll Sr.___

**B.** **Legal Representative/Attorney (if applicable):**

Name: __Christopher West, Esq.__

Address: ___1220 L Street, NW, Suite 700, Washington, DC 20005___

Phone: (w) _202-742-2000_ (Fax) _202-742-2097_ (e-mail) _____

Will attorney / legal representative attend the resolution session?    **X** Yes    ☐ No

**C.** **Complaint Made Against (check all that apply):**

**X** DCPS school (name of the school if different from page one)
☐ Charter school (name of the charter school if different from page one) _____
☐ Non-public school or residential treatment facility (name) _____
☐ Parent

**D.** **Resolution Session Meeting Between Parent and LEA:**

I understand that it is my right to have a resolution meeting to resolve this complaint. I also understand that I may voluntarily waive this right if I choose. (Note: All parties must agree to waive the resolution meeting to avoid having this meeting.)

**X** I wish to waive the Resolution Session Meeting

**E.** **Mediation Process:**

IDEIA requires that any time a party requests a due process hearing, mediation should be offered at no cost to the parent. Both parties can request mediation as an alternative to the Resolution Session Meeting or as an alternative to a Due Process Hearing. Please check all that apply:

**I am requesting an administrative due process hearing only at this time.**

**F.** **Facts and Reasons for the Complaint:**

**I. Nature of the Problem.**

1. Denial of a Free and Appropriate Public Education – DCPS Denied the Student with a Free and Appropriate Public Education by Failing to Comply with the Independent Hearing Officer's Decision of June 7th, 2005 and Reconvene the Student's MDT/IEP Meeting to do, Among Other Things, Review the Student's Evaluations and Revise and Update the Student's IEP as Necessary. An administrative due process hearing was held for the student on or about

2

June 7th, 2005. As a result of that hearing an impartial due process hearing officer's decision was issued in which the District of Columbia Public Schools ("DCPS") was ordered to do, among other things, "within fifteen (15) business days of its receipt of the independent evaluations, convene a multi-disciplinary team/individualized educational program (MDT/IEP) meeting to review the evaluations, review and revise the student' IEP as appropriate, and discuss and determine placement and discuss and determine compensatory education and develop a plan if warranted." See Order dated June 7th, 2005.

On ███████████ counsel for the parents received a phone call from the DCPS Office of Special Education requesting copies of the student's evaluations that were completed to date.

Counsel for the parent, later that same day, faxed to DCPS copies of the student's neuropsychological, psycho-educational, speech and language, occupational therapy, and physical therapy evaluations. See Correspondence dated August 16th, 2005.

On October 6th, 2005, counsel for the parents faxed to DCPS a copy of the student's adaptive vineland assessment. See Correspondence dated October 6th, 2005. Counsel for the parents, in that same letter, informed DCPS that this was the last of the student's reevaluations and that the student's MDT/IEP Meeting needed to be reconvened. Id. DCPS never responded.

On ███████████ counsel for the parents sent a second letter to DCPS informing them that DCPS had yet to make any attempts to comply with the order of the independent hearing officer and that the parents intended to file an administrative due process hearing complaint. See Correspondence dated October 27th, 2005. To date, DCPS has yet to make any attempts to comply with the order of the independent hearing officer.

2. **DCPS Denied the Student with a Free and Appropriate Public Education by Failing to Comply with the Parents' Request for Evaluations/Reevaluations Pursuant to the 34 C.F.R. §§ 300.530-300.536 of the Individuals with Disabilities Education Act (Proposed Regulations 34 C.F.R. §§ 300.121, 300.301, 300.304, and 300.306 of the Individuals with the Individuals with Disabilities Education Improvement Act), and Conduct the Student's Recommended Psychiatric Evaluation to Diagnose the Student's suspected Attention Deficit Hyperactivity Disorder.** A neuropsychological evaluation was conducted on the student on or about July 19th, 2005. See Nueropsychological Evaluation dated July 19th, 2005.

In the neuropsychological evaluation it was recommended by the neuropsychologist that the student be referred for a p███████████

Counsel for the parent, on or about August 16th, 2005, wrote to the personnel with the DCPS Office of Special Education requesting, after providing them with a copy of the neuropsychological evaluation, that the student receives the recommended psychiatric evaluation. See Correspondence dated August 16th, 2005. DCPS never responded. To date, DCPS has yet to conduct the student's recommended psychiatric evaluation.

3. **DCPS Denied the Student with a Free and Appropriate Public Education by Failing to Comply with the Legal Guardian's Request for Evaluations/Reevaluations Pursuant to the 34 C.F.R. §§ 300.530-300.536 of the Individuals with Disabilities Education Act (Proposed Regulations 34 C.F.R. §§ 300.121, 300.301, 300.304, and 300.306 of the Individuals with the Individuals with Disabilities Education Improvement Act), and Conduct the Student's Recommended Adaptive Vineland Assessment to Rule Out Possible Mental Retardation.** A

3

psycho-educational evaluation was conducted on the student on or about August 8th, 2005. See Psycho-educational Evaluation dated August 8th, 2005.

In the psycho-educational evaluation it was recommended by the clinical psychologist that the student be referred for an adaptive vineland assessment to "rule-out" possible mental retardation in the student. Id.

Counsel for the parent, on or about August 16th, 2005, wrote to the personnel with the DCPS Office of Special Education requesting, after providing them with a copy of the psycho-educational evaluation, that the student receives the recommended adaptive vineland assessment. See Correspondence dated August 16th, 2005. DCPS never responded. To date, DCPS has yet to conduct the student's recommended vineland assessment.

4. **DCPS Denied the Student with a Free and Appropriate Public Education by Failing to Comply with the Parent's Request for Evaluations/Reevaluations Pursuant to the 34 C.F.R. §§ 300.530-300.536 of the Individuals with Disabilities Education Act (Proposed Regulations 34 C.F.R. §§ 300.121, 300.301, 300.304, and 300.306 of the Individuals with the Individuals with Disabilities Education Improvement Act), and Conduct the Student's Recommended Clinical Psychological Evaluation to Rule Out A Possible Emotional Disturbance.** A psycho-educational evaluation was conducted on the student on or about August 8th, 2005. See Psycho-educational Evaluation dated August 8th, 2005.

In the psycho-educational evaluation it was recommended by the clinical psychologist that the student be referred for a clinical psychological evaluation to assess the student's social emotional functioning so as to rule in or rule out a possible emotional disturbance. Id.

Counsel for the parent, on or about August 16, 2005, wrote to the personnel with the DCPS Office of Special Education requesting, after providing them with a copy of the psycho-educational evaluation, that the student receives the recommended clinical psychological evaluation. See Correspondence dated August 16th, 2005. DCPS never responded. To date, DCPS has yet to conduct the student's recommended clinical psychological evaluation.

5. **DCPS Denied the Student with a Free and Appropriate Public Education by Failing to Comply with the Parent's Request for Evaluations/Reevaluations Pursuant to the 34 C.F.R. §§ 300.530-300.536 of the Individuals with Disabilities Education Act (Proposed Regulations 34 C.F.R. §§ 300.121, 300.301, 300.304, and 300.306 of the Individuals with the Individuals with Disabilities Education Improvement Act), and Conduct the Student's Recommended Ophthalmologic Evaluation to Rule-Out Vision Difficulties possibly Affecting the Student's Education.** A comprehensive occupational therapy evaluation was conducted on the student on or about July 8th, 2005. See Comprehensive occupational therapy evaluation dated July 8th, 2005.

In the comprehensive occupational therapy evaluation it was recommended by the occupational therapist that the student receive an ophthalmologic evaluation to rule out vision difficulties that may be affecting his education. Id.

Counsel for the parent, on or about August 16th, 2005, wrote to the personnel with the DCPS Office of Special Education requesting, after providing them with a copy of the occupational therapy evaluation, that the student receives the recommended ophthalmologic evaluation. See Correspondence dated August 16th, 2005. DCPS never responded. To date, DCPS has yet to conduct the student's recommended ophthalmologic evaluation.

4

6. <u>DCPS Denied the Student with a Free and Appropriate Public Education by Failing to Comply with the Parent's Request for Evaluations/Reevaluations Pursuant to the 34 C.F.R. §§ 300.530-300.536 of the Individuals with Disabilities Education Act (Proposed Regulations 34 C.F.R. §§ 300.121, 300.301, 300.304, and 300.306 of the Individuals with the Individuals with Disabilities Education Improvement Act), and Conduct the Student's Recommended Audiological Evaluation to Rule Out Possible Hearing Problems Affecting the Student's Education.</u> A comprehensive occupational therapy evaluation was conducted on the student on or about July 8th, 2005. <u>See</u> Comprehensive occupational therapy evaluation dated July 8th, 2005.

In the comprehensive occupational therapy evaluation it was recommended by the occupational therapist that the student receive an audiological evaluation to rule out possible hearing problems that may be affecting his education. <u>Id</u>.

Counsel for the parent, on or about August 16th, 2005, wrote to the personnel with the DCPS Office of Special Education requesting, after providing them with a copy of the occupational therapy evaluation, that the student receives the recommended audiological evaluation. <u>See</u> Correspondence dated August 16th, 2005. DCPS never responded. To date, DCPS has yet to conduct the student's recommended audiological evaluation.

## II. Issues presented.

1. Whether or not DCPS Denied the Student with a Free and Appropriate Public Education by Failing to Comply with the Independent Hearing Officer's Decision of June 7th, 2005 and do, *inter alia*, Reconvene the Student's MDT/IEP Meeting;

2. Whether or not DCPS Denied the Student with a Free and Appropriate Public Education by Failing to Comply with the Parents' Request for Evaluations/Reevaluations Pursuant to the 34 C.F.R. §§ 300.530-300.536 of the Individuals with Disabilities Education Act (Proposed Regulations 34 C.F.R. §§ 300.121, 300.301, 300.304, and 300.306 of the Individuals with the Individuals with Disabilities Education Improvement Act), and Conduct the Student's Recommended Psychiatric Evaluation;

3. Whether or not DCPS Denied the Student with a Free and Appropriate Public Education by Failing to Comply with the Parents' Request for Evaluations/Reevaluations Pursuant to the 34 C.F.R. §§ 300.530-300.536 of the Individuals with Disabilities Education Act (Proposed Regulations 34 C.F.R. §§ 300.121, 300.301, 300.304, and 300.306 of the Individuals with the Individuals with Disabilities Education Improvement Act), and Conduct the Student's Recommended Adaptive Vineland Assessment;

4. Whether or not DCPS Denied the Student with a Free and Appropriate Public Education by Failing to Comply with the Parents' Request for Evaluations/Reevaluations Pursuant to the 34 C.F.R. §§ 300.530-300.536 of the Individuals with Disabilities Education Act (Proposed Regulations 34 C.F.R. §§ 300.121, 300.301, 300.304, and 300.306 of the Individuals with the Individuals with Disabilities Education Improvement Act), and Conduct the Student's Recommended Clinical Psychological Evaluation;

5. Whether or not DCPS Denied the Student with a Free and Appropriate Public

   Education by Failing to Comply with the Parents' Request for Evaluations/Reevaluations Pursuant to the 34 C.F.R. §§ 300.530-300.536 of the Individuals with Disabilities Education Act (Proposed Regulations 34 C.F.R. §§ 300.121, 300.301, 300.304, and 300.306 of the Individuals with the Individuals with Disabilities Education Improvement Act), and Conduct the Student's Recommended Ophthalmologic Evaluation; and

6. Whether or not DCPS Denied the Student with a Free and Appropriate Public Education by Failing to Comply with the Parents' Request for Evaluations/Reevaluations Pursuant to the 34 C.F.R. §§ 300.530-300.536 of the Individuals with Disabilities Education Act (Proposed Regulations 34 C.F.R. §§ 300.121, 300.301, 300.304, and 300.306 of the Individuals with the Individuals with Disabilities Education Improvement Act), and Conduct the Student's Recommended Audiological Evaluation.

### III.    Relief Sought.

**WHEREFORE**, the parent, by and through counsel, hereby requests the following relief:

1. A finding that DCPS Denied the Student with a Free and Appropriate Public Education by Failing to Comply with the Independent Hearing Officer's Decision of June 7th, 2005 and do, inter alia, Reconvene the Student's MDT/IEP Meeting;

2. A finding that DCPS Denied the Student with a Free and Appropriate Public Education by Failing to Comply with the Parents' Request for Evaluations/Reevaluations Pursuant to the 34 C.F.R. §§ 300.530-300.536 of the Individuals with Disabilities Education Act (Proposed Regulations 34 C.F.R. §§ 300.121, 300.301, 300.304, and 300.306 of the Individuals with the Individuals with Disabilities Education Improvement Act), and Conduct the Student's Recommended Psychiatric Evaluation;

3. A finding that DCPS Denied the Student with a Free and Appropriate Public Education by Failing to Comply with the Parents' Request for Evaluations/Reevaluations Pursuant to the 34 C.F.R. §§ 300.530-300.536 of the Individuals with Disabilities Education Act (Proposed Regulations 34 C.F.R. §§ 300.121, 300.301, 300.304, and 300.306 of the Individuals with the Individuals with Disabilities Education Improvement Act), and Conduct the Student's Recommended Adaptive Vineland Assessment;

4. A finding that DCPS Denied the Student with a Free and Appropriate Public Education by Failing to Comply with the Parents' Request for Evaluations/Reevaluations Pursuant to the 34 C.F.R. §§ 300.530-300.536 of the Individuals with Disabilities Education Act (Proposed Regulations 34 C.F.R. §§ 300.121, 300.301, 300.304, and 300.306 of the Individuals with the Individuals with Disabilities Education Improvement Act), and Conduct the Student's Recommended Clinical Psychological Evaluation;

5. A finding that DCPS Denied the Student with a Free and Appropriate Public Education by Failing to Comply with the Parents' Request for Evaluations/Reevaluations Pursuant to the 34 C.F.R. §§ 300.530-300.536 of the Individuals with Disabilities Education Act (Proposed Regulations 34 C.F.R. §§ 300.121, 300.301, 300.304, and 300.306 of the Individuals with the Individuals with

    Disabilities Education Improvement Act), and Conduct the Student's Recommended Ophthalmologic Evaluation;

6. A finding that DCPS Denied the Student with a Free and Appropriate Public Education by Failing to Comply with the Parents' Request for Evaluations/Reevaluations Pursuant to the 34 C.F.R. §§ 300.530-300.536 of the Individuals with Disabilities Education Act (Proposed Regulations 34 C.F.R. §§ 300.121, 300.301, 300.304, and 300.306 of the Individuals with the Individuals with Disabilities Education Improvement Act), and Conduct the Student's Recommended Audiological Evaluation;

7. DCPS agrees to fund all recommended evaluations for the student;

8. DCPS, within five (5) school days, upon receipt of the last of the evaluations, agrees to reconvene the student's MDT/IEP Meeting at the Ivymount School, to review all of the student's outstanding evaluations, revise and update the student's IEP, and develop a compensatory education plan;

9. DCPS agrees to fund four (4) hours of individualized tutoring a week, of compensatory education during the school year, and six (6) hours a week of individualized tutoring, as compensatory education during the summer until such time the student either demonstrates grade and age level proficiency, or graduates from the Rock Creek Academy with a high school diploma;

10. DCPS agrees to pay counsel for the parent reasonable attorney's fees;

11. All meetings shall be scheduled through counsel for the parent, Christopher West, Esq. or Domiento C.R. Hill, Esq., in writing, via facsimile, at 202-742-2097 or 202-742-2098;

12. DCPS will be given a day for day extension for any delay caused by the parent, the student, counsel for the parent, or the parent's educational advocate;

13. Provide the student with a due process hearing within 20 calendar days of a request on any issue arising out of the noncompliance with the DCPS' obligation hereunder, or any disagreement with the assessment, programming or placement the parent may have;

14. In the event that the DCPS shall fail to comply with the terms herein, then under the Conciliation Agreement, the parents shall have the authority to use self help without further notice to the DCPS, and initiate an IEP with the DCPS' invited participation, and unilateral placement in an interim school or educational program until such time the DCPS can come into compliance and properly assess, program and/or participate;

15. The DCPS shall ensure that this student has available a Free and Appropriate Public Education including special education, transportation (5 DCMR 3000.3), and Other related services as are defined at 34 C.F.R. 300.7; <u>Assistance to States for the Education of Children with Disabilities,</u> 70 Fed. Reg. 35782, 35836 (June 21, 2005) (to be codified at 34 C.F.R. pt. 300), designed to meet this student's unique needs and preparation for employment and independent living;

# DISTRICT OF COLUMBIA PUBLIC SCHOOLS
*State Enforcement and Investigative Division*
## CONFIDENTIAL

### Charles R. Jones, Esq., Due Process Hearing Officer
825 North Capitol Street, N.E. 8th Floor
Washington, D.C. 20002
Facsimile: (202) 442-5556

| | | |
|---|---|---|
| In the Matter of | ) | IMPARTIAL DUE PROCESS |
| | ) | |
| JERRY CARROLL, Student, | ) | HEARING OFFICER'S DECISION |
| Date of Birth: 10-21-94 | ) | |
| | ) | |
| Petitioner, | ) | Hearing Date: December 16, 2005 |
| | ) | |
| vs. | ) | |
| | ) | Held at: 825 North Capitol Street, NE |
| The District of Columbia Public Schools, | ) | Eighth Floor |
| The Ivymount School | ) | Washington, D.C. 20002 |
| Respondent. | ) | |
| | ) | |

## SETTLEMENT ORDER

| | |
|---|---|
| Parent(s): | Mr. & Mrs. Jerry Carroll, Sr.<br>629 Nicholson Street, N.E.<br>Washington, D.C. 20011 |
| Counsel for Parent: | John A. Straus, Esq.<br>James E. Brown & Associates, PLLC<br>1220 L Street, NW<br>Suite 700<br>Washington, D.C. 20005 |
| Counsel for School: | Tiffany Puckett, Attorney-Advisor<br>Office of the General Counsel, DCPS<br>825 North Capitol Street, N.E., 9th Floor<br>Washington, D.C. 20002 |

# HEARING OFFICER'S DECISION

## DISTRICT OF COLUMBIA PUBLIC SCHOOLS
### State Enforcement and Investigative Division

### Special Education Due Process Hearing

### I. INTRODUCTION

On October 31, 2005, a Request for Due Process Hearing was filed with the Student Hearing Office, by counsel for the parent, John A. Straus, Esq. The request alleges DCPS failed to comply with a Hearing Officer's Determination (HOD) dated June 7, 2005.

A Due Process Hearing was convened on December 16, 2005, at the District of Columbia Public Schools, ("DCPS"), 825 North Capitol Street, N.E., 8th Floor, Washington, D.C. 20002. Tiffany Puckett, Esq., Attorney-Advisor represented DCPS. John A. Straus, Esq., represented the parent. Five- Day Disclosure Letters were entered into the record without objection of either party. On behalf of the parent: Disclosure Letter dated December 9, 2005: JC-1 through JC-23. Parent's counsel waived a formal reading of the Due Process Rights. The parties did not introduce any testimony in this matter, as the case was settled on the record.

### II. JURISDICTION

The Due Process Hearing was convened, and this decision was written pursuant to *Public Law* 108-446 *the Individuals with Disabilities Education Improvement Act of 2004;* 20 United States Code 1400 et. Seq.; Title 5 of the District of Columbia Municipal Regulations and Section 145 of the D.C. Appropriations Act, effective October 21, 1998.

### III. ISSUES

Whether DCPS denied the student FAPE by failing to comply with a Hearing Officer's Determination (HOD) dated June 7, 2005

2.

IV.   **SUMMARY OF RELEVANT EVIDENCE**

At the commencement of the Hearing, the parties represented that they had agreed upon terms to settle this matter. Counsel for the parties requested that the Hearing Officer approve of the terms and incorporate those terms into an Order.

V.   **FINDINGS OF FACT**

The Hearing Officer makes the following findings of fact:

- The terms of the agreement, as set forth in the record, are in the best interest of this student; therefore, the terms are approved and incorporated into an Order.

**Based upon the foregoing, IT IS HEREBY ORDERED:**

1) DCPS shall, within forty-five (45) calendar days of the issuance of the HOD, conduct the following evaluations: Vision Screening Evaluation and an Audio-Logical Evaluation.

2) The parent is authorized to obtain an independent Clinical Evaluation and Psychiatric Evaluation at DCPS expense pursuant to the Superintendent's Directive of March 20, 2002 on outside consultant fees or the prevailing rate.

3) DCPS shall, within fifteen- (15) school days of the receipt of all evaluations or independent evaluations, convene a MDT/IEP team meeting to review all current evaluations, review and revise the student's IEP if warranted and discuss and determine an appropriate educational placement for the 2005-2006 school years.

4) In the event the appropriate placement is to a public school, DCPS shall issue a prior notice of placement within five- (5) school days of the MDT/IEP team meeting. If the appropriate placement is to a non-public facility, DCPS shall issue a prior notice of placement within thirty- (30) calendar days of the MDT/IEP team meeting.

5) DCPS shall discuss and determine compensatory education relief and if warranted develop an appropriate Compensatory Education Plan to include the appropriate number of hours, form and format.

6) All communications and notices shall be sent through the parent's counsel.

7) Any delay in the above time frames caused by the parent or parent's counsel shall result in an extension of one day for each day of delay.

VI.   APPEAL PROCESS

This is the FINAL ADMINISTRATIVE DECISION. Appeals may be made to a court of competent jurisdiction within thirty (30) days from the date this decision was issued.

_____   Date Filed: 12-23-05
Charles R. Jones, Esq., Hearing Officer

Date Issued: 12-27-05

4.

# District of Columbia Public Schools
## Office of Compliance
### STUDENT HEARING OFFICE

825 North Capitol Street, N.E.
8TH Floor
Washington, D.C. 20002
FAX: (202) 442-5556



### FACSIMILE SHEET

Date: 12-27-05

TO: J. STRAUS

FROM: STUDENT HEARING OFFICE

RE: J. CARROLL

TOTAL NUMBER OF PAGES, INCLUDING COVER: 5

COMMENTS: HOD

CONFIDENTIALITY NTOICE: The information accompanying this facsimile is intended only for the use of the individual or entity named above. If you are not the intended recipient, you are hereby notified that any disclosure, copying, distribution or the taking of any action in reliance on the content of this telecopied information is strictly prohibited.



# District of Columbia Public Schools
OFFICE OF GENERAL COUNSEL
825 North Capitol Street NE, 9th Floor
Washington, DC 20002-1994
Phone - 202-442-5000, Fax - 202-442-5098

## APPLICATION FOR PAYMENT OF ATTORNEY FEES AND COSTS PURSUANT TO THE INDIVIDUALS WITH DISABILITIES EDUCATION ACT

1. **Attorney Information**
   Law Firm: JAMES E. BROWN & ASSOCIATES, PLLC
   Attorney: JAMES E. BROWN
   Federal Tax ID No.: 52-1500760
   D.C. Bar No.: 61622

2. **Student Information**
   Name: Jerry Carroll
   DOB: 10/21/94
   Date of Determination (HOD/SA): 12/27/05
   Parent/Guardian Name: Mr. & Mrs. Jerry Carroll, Sr.
   Parent/Guardian Address: 629 Nicholson St., NE, WDC 20011
   Current School: The Ivymount School
   Home School: The Ivymount School

3. **Invoice Information**
   Invoice Number: 06-028
   Date Request Submitted: 1/12/06
   Date(s) Services Rendered: 7/6/05 to 12/16/05
   Amount of Payment Request: $ 7,566.53

4. **Certification (must be signed by principal attorney):**

I certify that all of the following statements are true and correct:

- all services listed on the enclosed invoices were actually performed;
- the entire amount requested on the enclosed invoice for payment of costs and expenses represents the actual amount of costs and expenses incurred;
- the District of Columbia Public Schools is the sole entity from which payment of the fees, costs and expenses itemized on the enclosed invoice is requested;
- no attorney or law firm who either (1) provided services listed on the enclosed invoice, or (2) will benefit from any monies paid as a result of the submission of the enclosed invoice, has a pecuniary interest, either through an attorney, officer or employee of the firm, in any special education diagnostic services, schools, or other special education service providers;
- I understand that the making of a false statement to an agency of the DC Government is punishable by criminal penalties pursuant to D.C. Code §22-2405.

_/s/ James E. Brown_                January 12, 2006
Signature                            Date

# LEGEND

### ATTORNEYS

| | |
|---|---|
| JEB | James E. Brown, Esq. |
| DH | Domiento Hill, Esq. |
| CW | Christopher West, Esq. |
| BM | Brenda McAllister, Esq. |
| RG | Roberta Gambale, Esq. |
| MH | Miguel Hull, Esq. |
| RR | Rachel Rubenstein, Esq. |
| JF | Juan Fernandez, Esq. |
| CB | Christina Busso, Esq. |
| JS | John Straus, Esq. |
| RN | Roxanne Neloms, Esq. |
| TG | Tilman Gerald, Esq. |
| DSM | Delores Scott McKnight, Esq. |
| ML | Marshall Lammers, Esq. |

### PARALEGALS and LAW CLERKS

| | |
|---|---|
| AAG | Aracelly A. Gonzalez |
| DP | David Proctor |
| BDL | Blanca De La Sancha |
| SB | Sara Benkharafa |
| WB | Williams Bautista |
| YA | Yamileth Amaya |
| CMM | Claudia M. Martinez |
| HR | Heidi Romero |
| KD | Kelly Dau |
| MT | Michele Torry, BA, L. Cert. |
| TB | Tamika Beasley |
| BC | Blair Copeland |

### ADVOCATES

| | |
|---|---|
| MM | Michelle Moody, MA |
| CS | Cheron Sutton-Brock, MA |
| KC | Kevin Carter, MA |
| CM | Carolyn Monford, MA |
| GMH | Garfield Mark Holman, MA |
| RB | C. Robin Boucher, Ph.D. |
| TS | Tamieka A. Skinner, MA |
| CP | Carrie Pecover, MA |
| CG | Comesha Griffin, MS |
| WD | William Daywalt, M. Ed. |
| DD | Donte Davis |
| CF | Carlos Fernandez, MA, JD |

### OUT OF POCKET COSTS

| | |
|---|---|
| FAX | Facsimile @ $1.00 per page |
| COP | Reproduction @ $0.25 per page |
| TRN | Transportation @ actual taxi cost |
| TEL | Long Distance Telephone @ actual cost |
| PAR | Parking @ actual cost |
| MES | Messenger/Express Mail @ actual cost |
| POS | Postage @ actual cost |

12/27/2005

James E. Brown & Associates, PLLC
A Professional Limited Liability Company
1220 L Street, NW Suite 700
Washington, DC  20005

Invoice submitted to:
Carroll, Jerry

January 09, 2006
In Reference To:   Carroll, Jerry

Invoice #11187

Professional Services

|  |  |  | Hrs/Rate | Amount |
|---|---|---|---|---|
| 7/6/2005 | DH | Discussion with the parent regarding the student's evaluation process. | 0.25<br>350.00/hr | 87.50 |
| 8/9/2005 | DH | Receive and review the student's speech and language evaluation. | 0.42<br>350.00/hr | 147.00 |
|  | KD | Drafted letter to parent/enclosed copy of OT and PT from Conaboy w/Atty's 7-28-05 Ltr to DCPS/copy to advc and file/added to case notes | 0.42<br>110.00/hr | 46.20 |
| 8/16/2005 | DH | Receive and review the student's psycho-educational evaluation. | 0.67<br>350.00/hr | 234.50 |
|  | DH | Receive and review the student's neuropsychological evaluation. | 0.67<br>350.00/hr | 234.50 |
|  | DH | Draft and send letter to DCPS providing a copy of the student's psycho-educational and neuropsychological evaluations and request. | 0.25<br>350.00/hr | 87.50 |
| 8/22/2005 | KC | Reviewed Psychological evaluation report (neuropsychological; Interdynmics) | 0.75<br>185.00/hr | 138.75 |
|  | KC | Reviewed Speech / Language report | 0.58<br>185.00/hr | 107.30 |
|  | KC | Reviewed OT assessment. | 0.50<br>185.00/hr | 92.50 |

Carroll, Jerry                                                                                                                   Page    2

|            |     |                                                                                                                                                                                                                                                                                             | Hrs/Rate        | Amount   |
|------------|-----|-------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------|-----------------|----------|
| 8/23/2005  | KD  | Drafted letter to parent/enclosed copy of NeuroPsych, Psycho-Ed, & S/L from Interdynamics, OT and PT from Conaboy and Atty's 8-16-05 Ltr to DCPS re submission of same/copy to advc and file/added to case notes                                                                                            | 0.50 110.00/hr  | 55.00    |
| 10/6/2005  | DH  | Receive and review the student's adaptive vineland evaluation.                                                                                                                                                                                                                                              | 0.33 350.00/hr  | 115.50   |
|            | DH  | Draft and send letter to DCPS providing a copy of all of the student's evaluations, and request to reconvene the student's MDT/IEP Meeting.                                                                                                                                                                 | 0.33 350.00/hr  | 115.50   |
| 10/12/2005 | KD  | Drafted letter to parent/enclosed copy of Atty's 10-6-05 Ltr to DCPS w/eval for review/copy to advcv and file/added to case notes                                                                                                                                                                           | 0.33 110.00/hr  | 36.30    |
| 10/28/2005 | RN  | Review the administrative due process hearing complaint prepared by Mr. Hill.                                                                                                                                                                                                                               | 0.42 365.00/hr  | 153.30   |
|            | DH  | Review the student's educational file to determine DCPS compliance with the MDT Team's compliance with the expressed written terms of the settlement agreement, discussion with the mother, conduct educational research, draft and file administrative due process hearing request, take to lead attorney for his review and execution. | 2.00 350.00/hr  | 700.00   |
| 11/1/2005  | KD  | Drafted letter to parent/enclosed copy of HR-Complaint/copy to advc and file/added to case notes/posted deadline date to Outlook and Desk Calendars                                                                                                                                                         | 0.42 110.00/hr  | 46.20    |
| 11/12/2005 | DH  | Conduct educational research, draft notice to strike DCPS' response to the parent's complaint as being insufficient.                                                                                                                                                                                        | 3.00 350.00/hr  | 1,050.00 |
| 11/15/2005 | DH  | Draft and send letter to DCPS regarding the need to schedule the student's resolution session conference.                                                                                                                                                                                                   | 0.17 350.00/hr  | 59.50    |
| 11/21/2005 | WB  | Drafted letter to parent re: case status w/ copy of correspondence sent to Gina Scales-Johnson on 11/15/05                                                                                                                                                                                                  | 0.33 110.00/hr  | 36.30    |
| 11/23/2005 | CMM | Drafted letter to parent/enclosed letter sent to Office of Mediation and Compliance re: request of MDT/IEP meeting                                                                                                                                                                                          | 0.58 110.00/hr  | 63.80    |
| 12/9/2005  | CMM | Assisted attorney to prepare disclosure to DCPS                                                                                                                                                                                                                                                             | 1.00 110.00/hr  | 110.00   |
|            | DH  | Prepare disclosure to DCPS                                                                                                                                                                                                                                                                                  | 1.00 365.00/hr  | 365.00   |
| 12/15/2005 | DH  | Prepare for the student's administrative due process hearing.                                                                                                                                                                                                                                               | 2.00 350.00/hr  | 700.00   |
| 12/16/2005 | DH  | Prepare for the student's administrative due process hearing.                                                                                                                                                                                                                                               | 1.50 350.00/hr  | 525.00   |

Carroll, Jerry                                                                                                      Page    3

|  |  |  |  | Hrs/Rate | Amount |
|---|---|---|---|---|---|
| 12/16/2005 | DH | Appear at the student's administrative due process hearing. | | 1.50<br>350.00/hr | 525.00 |
|  | KC | Appearance to 825 North Capital for due process hearing | | 1.50<br>185.00/hr | 277.50 |
|  | KC | Prepared for Due Process Hearing | | 0.50<br>185.00/hr | 92.50 |
|  | JS | Appearance to 825 North Capital for due process hearing | | 1.50<br>365.00/hr | 547.50 |
|  | JS | Prepared for Due Process Hearing | | 1.50<br>365.00/hr | 547.50 |
|  |  | For professional services rendered | | 24.92 | $7,297.15 |

Additional Charges :

| Date | Description | Amount |
|---|---|---|
| 6/30/2005 | Copied: Activity for file "B". | 2.75 |
| 8/9/2005 | Postage; letter to parent re: OT and PT evaluation from Conaboy. | 0.83 |
|  | Copied: OT and PT from Conaboy for parent and advocate. | 8.00 |
| 8/16/2005 | Facsimile: Letter to OSE. | 41.00 |
| 8/23/2005 | Copied: Independent evaluations for parent and advocate. | 21.50 |
| 8/24/2005 | Postage; letter to parent re: independent evaluations and attorney's letter to DCPS. . | 1.98 |
| 10/5/2005 | Facsimile to DCPS | 5.00 |
| 10/12/2005 | Postage; letter to parent re: evaluations. | 0.60 |
|  | Copied: evaluation for parent and advocate. | 1.50 |
| 10/27/2005 | Facsimile: Letter to OMC. | 2.00 |
| 11/1/2005 | Postage; letter to parent re: HR-Complaint. | 0.60 |
|  | Copied: HR-Complaint for parent and advocate. | 5.50 |
| 11/11/2005 | Facsimile: motion to strike to SHO and OGC. | 36.00 |
| 11/21/2005 | Postage; letter to parent (letter to Gina Scales-Johnson) | 0.37 |
|  | Copied documents; letter to parent | 0.50 |
| 11/23/2005 | Postage; letter to parent re: case status. | 0.37 |

Carroll, Jerry                                                                                           Page    4

                                                                                                         Amount

| Date | Description | Amount |
|---|---|---|
| 11/29/2005 | Sedan taxi service to and from resolution meeting at DCPS. | 8.00 |
| 12/7/2005 | Messenger Service to and from DCPS (5-day Disclosures) | 20.00 |
| 12/16/2005 | Sedan taxi service to and from DCPS for hearing.(2 attny & adv.) | 16.00 |
| | File review preparation of bill and invoice audit | 96.88 |
| | **Total costs** | **$269.38** |
| | **Total amount of this bill** | **$7,566.53** |