# EXHIBIT 3

*State ~ :cation Agency for the District of Columi.*
***State Enforcement and Investigation Division (SEID)***
***Special Education Programs***



### *Due Process Complaint Notice*

- The form is used to give notice of a due process complaint to the **District of Columbia Public Schools, District of Columbia Public Charter Schools (DCPS or LEA) and/or parents** with respect to any matter relating to the identification, evaluation, or educational placement of a child with a disability, or the provision of a free appropriate public education to that child. <u>**A party may not have a due process hearing until the party, or the attorney representing the party, files a notice that meets the requirements of the Individuals wit**</u>

- The due process complaint must describe an alleged violation that occurred not more than two (2) years before the date that the parent or school system knew or should have known about the alleged action that is the basis of the complaint.

- Notice must be provided to the Student Hearing Office for the DC Public Schools, 825 North Capitol Street, NE, 8th Floor, Washington, DC 20002; fax number 202/442-5556.

- <u>Unless the other party agrees, the party requesting the due process hearing shall not be allowed to raise issues at the due process hearing that are not raised in this Due Process Complaint Notice.</u>    Therefore, please be thorough in providing the information requested.

- Prior to the opportunity for an impartial due process hearing, the Local Educational Agency (LEA) shall convene a meeting **(called a "Resolution Session")** with the parent(s) unless the parent(s) and the Local Educational Agency agree in writing to waive this meeting.  You will be contacted by a representative of the Local Educational Agency to schedule the meeting.  **The Student Hearing Office does NOT schedule resolution meetings**.

- Mediation is also available to all parties as an alternative to a resolution meeting or a Due Process Hearing.

## A.  INFORMATION ABOUT THE STUDENT:

Name of the Student: **Daquan Coley**  Date of Birth: **October 3, 1992**
Address: **711 21st Street NE #200  Washington, DC 20002**
Home School:  **Browne Junior High School**
Present School of Attendance: **Browne Junior High School**

    Is this a charter school? No_    (If yes, you must also provide a copy of this notice
                                      to the charter school principal or director)

Parent/Guardian of the Student:**Ms. Joyce Moon**
Address (if different from the student's above): same

1

**B.** **Legal Representative/Attorney:**

Name: **Roberta L. Gambale, Esq. ( James Brown and Associates, PLLC)**
Address: 1220 "L" Street, Suite 700, Washington, DC 20005
Phone: (w) (202)742-2000 (ext. 2021) (Fax) (202) 742-2098    (e-mail) Rgambale@jeblaw.biz
Will attorney / legal representative attend the resolution session?    **X** Yes    ☐ No

**C.** **Complaint Made Against (check all that apply):**

X  DCPS school (name of the school if different from page one)

**D.** **Resolution Session Meeting Between Parent/Representative and LEA:**

I understand that it is my right to have a resolution meeting to resolve this complaint. I also understand that I may voluntarily waive this right if I choose. (Note: All parties must agree to waive the resolution meeting to avoid having this meeting.)

The parent, by and through counsel, wishes to waive the Resolution Session Meeting for this process.

**E.** **Mediation Process:**

IDEIA requires that any time a party requests a due process hearing, mediation should be offered at no cost to the parent. Both parties can request mediation as an alternative to the Resolution Session Meeting or as an alternative to a Due Process Hearing. Please check all that apply:

**I am requesting an administrative due process hearing only.**

**F.** **Facts and Reasons for the Complaint:**

In accordance with the Individuals with Disabilities Education Improvement Act (IDEIA), please complete the following questions (attach additional pages if needed):

**I.** **Nature of the problem.**

**Background**

Daquan Coley is a 14 year old learning disabled student currently repeating the 7th grade at Browne Junior High School. Daquan resides with his grandmother, Ms. Joyce Moon, after being removed from his mother's home due to abuse. He has been hospitalized in psychiatric facilities as a result of emotional issues including depression. His hospitalization was at Psychiatric Institute of Washington ("PIW") in September 2005 and lasted for a period of two weeks. Daquan's report card for the 04/05 School Year indicates failing grades in almost all classes.

**A. DCPS failed to convene a complete MDT and/or include either a regular education teacher and/or a special education teacher on the MDT that convened on or about October 24, 2005**

2

District of Colum. Public Schools ("DCPS") failed to conve˙ . complete IEP team for Daquan Coley, DOB: 10/3/92 when it convened on or about October 24, 2005 pursuant to the terms of a settlement agreement executed. According to Individuals with Disabilities Education Improvement Act of 2004, Pub. L. No. 108-446, Sec. 101, § 614(d)(1)(A)(ii)(II)(B) the IEP team is defined to be

> *"a group of individuals composed of—(i) the parent of a child with a disability; (ii) not less than 1 regular education teacher of such child; (iii) not less than 1 special education teacher, or where appropriate, not less than 1 special education provider of such child; (iv) a representative of the local educational agency ; (v) an individual who can interpret the instructional implications of evaluation results; (vi) at the discretion of the parent or agency, other individuals who have knowledge or special expertise regarding the child, including related service personnel as appropriate; and (vii) whenever appropriate, the child with a disability"*

Furthermore, Section 101 614)(d)(1)(A)(ii)(II)(C) requires that a regular teacher participate "to the extent appropriate" on the IEP team.

The parent and her educational advocate were both in attendance at the October 24, 2005 meeting. Parent was hoping that testing requested back in May 2005 would have been completed so that Daquan's program might be reviewed and revised. Not only was the testing not completed but a full team was not present to address Daquan's needs. The IEP, which is not appropriate and incomplete could not be revised due to lack of a full team.

## B. DCPS failed to convene a complete MDT and/or include a regular education teacher on the MDT that convened on or about August 24, 2004

District of Columbia Public Schools ("DCPS") failed to convene a complete IEP team for Daquan Coley, DOB: 10/3/92 when it convened on or about August 24, 2004 when it convened to review and revise the student's program for the 2004/2005 school year. Pursuant to the terms of a settlement agreement executed. According to Individuals with Disabilities Education Improvement Act of 2004, Pub. L. No. 108-446, Sec. 101, § 614(d)(1)(A)(ii)(II)(B) the IEP team is defined to be

> *"a group of individuals composed of—(i) the parent of a child with a disability; (ii) not less than 1 regular education teacher of such child; (iii) not less than 1 special education teacher, or where appropriate, not less than 1 special education provider of such child; (iv) a representative of the local educational agency ; (v) an individual who can interpret the instructional implications of evaluation results; (vi) at the discretion of the parent or agency, other individuals who have knowledge or special expertise regarding the child, including related service personnel as appropriate; and (vii) whenever appropriate, the child with a disability"*

Furthermore, Section 101 614)(d)(1)(A)(ii)(II)(C) requires that a regular teacher participate "to the extent appropriate" on the IEP team.

Despite the lack of necessary participants who could speak to the progress that Daquan was making academically, Daquan's hours were drastically reduced by 14.5 hours per week despite the fact that goals and objectives of his IEP were repeated.

3

SEID DPCN Rev'd. 7/01/05

C.   **Inappropria    ndividualized Educational Program ("i    ") for the 04/05 School Year**

District of Columbia Public Schools ("DCPS") failed to provide Daquan Coley , DOB: 10/3/92 with an appropriate Individualized Educational Program ("IEP") for the 2004/2005 school year.   The IEP was Daquan was developed on or about August 24, 2004 .

DCPS had an obligation to develop and implement an IEP for this student that according to Individuals with Disabilities Education Improvement Act of 2004, Pub. L. No. 108-446, Sec. 101, § 614(d)(1)(A), DCPS,   the local and state education agency, is to make certain that the each IEP for each   must contain a statement of the child's present level of academic achievement and functional performance, 2) a statement of the student's measurable annual goals, 3) a description of how the child's progress toward meeting the annual goals described in paragraph (2) of this subsection will be measured, and 4) any statement of the special education needs and related services and supplementary aides for a student.  See Individuals with Disabilities Education Improvement Act of 2004, Pub. L. No. 108-446, Sec. 101, § 614(d)(1)(A).  In the instant matter, DCPS has failed to comply with the requirements of the IDEIA. The program drafted for Daquan on or about August 24, 2004 continues to be inappropriate in that:

- The IEP fails to include complete and/or updated present levels of performance.
- The IEP fails to contain measurable goals and objectives.
- The fails to contain a intervention behavior plan ("IBP") as warranted for this student.
- The IEP fails to address the student's social emotional needs.
- The IEP does not provide DaQuan with the level of services required ands determined necessary in prior years but rather reduces the level of instruction required significantly without a demonstration that Daquan has mastered prior goals and/or objectives and/or made sufficient educational progress so as to justify the reduction.

D.      **Inappropriate Individualized Educational Program ("IEP") for the 05/06 School Year**

District of Columbia Public Schools ("DCPS") failed to provide Daquan Coley , DOB: 10/3/92 with an appropriate Individualized Educational Program ("IEP") for the 2005/2006 school year.  The IEP was Daquan was developed on or about May 24, 2005. At the meeting it was determined by the team that they did not have sufficient information regarding current educational functioning level to update Daquan's IEP.  The parent signed a consent for evaluation form at the meeting  so that testing would be conducted right away.

DCPS had an obligation to develop and implement an IEP for this student that according to Individuals with Disabilities Education Improvement Act of 2004, Pub. L. No. 108-446, Sec. 101, § 614(d)(1)(A), DCPS,   the local and state education agency, is to make certain that the each IEP for each   must contain a statement of the child's present level of academic achievement and functional performance, 2) a statement of the student's measurable annual goals, 3) a description of how the child's progress toward meeting the annual goals described in paragraph (2) of this subsection will be measured, and 4) any statement of the special education needs and related services and supplementary aides for a student.  See Individuals with Disabilities Education Improvement Act of 2004, Pub. L. No. 108-446, Sec. 101, § 614(d)(1)(A).  In the instant matter, DCPS has failed to comply with the requirements of the IDEIA. The program drafted for Daquan on or about August 24, 2004 continues to be inappropriate in that:

4

- The IEP fails to include complete and/or updated present levels of performance.
- The IEP fails to contain measurable goals and objectives.
- The fails to contain a intervention behavior plan ("IBP") as warranted for this student.
- The IEP fails to address the student's social emotional needs.
- While the IEP does not provide DaQuan with increased services it still does not provide Daquan with the level of services required and determined necessary in prior years and eliminates math goals for this student.

E.    **District of Columbia Public Schools ("DCPS") failed to (1.) comprehensively evaluate, (2.) re-evaluate upon parental request and the agreement of the MDT in a timely manner**

(1)    District of Columbia Public Schools ("DCPS") failed to conduct comprehensive evaluations of Daquan Coley, DOB: 10/3/03. There were no prior evaluations contained in his file at Browne Junior High School. The only testing known to be conducted was a psycho-education evaluation at the time that Daquan was first identified as a disabled student in need of special education services in 2003.

Daquan has a learning disability in both reading and written expression and reported history of difficulties with comprehension and yet a speech and language was never conducted for this child. The parent was informed by the school that because he did not have any discernable articulation problem that a speech and language evaluation was not warranted.

Daquan has a history significant for psychiatric hospitalizations. In September 2005 he was hospitalized. A the time, the parent took him to Children's Hospital and later to PIW as a result of his trying to burn off his own finger tips. Daquan has a history of depression and anger problems. He has a tendency to act out violently when provoked and the parent fears that he may cause harm. Daquan also has a history significant for abuse and/or parental abandonment. Evaluations such as a social history, clinical, psychiatric and/or functional behavioral assessment were all warranted to address the impact these emotional issues are having on his education.

(2) District of Columbia Public Schools ("DCPS") failed to conduct the psycho-educational re-evaluation for Daquan Coley, DOB: 10/3/92. At the May 2005 MDT meeting, it was determined that a psycho-educational assessment was needed by the team to address the student's needs. The parent signed the consent for evaluation form at the meeting. However, no testing was completed. At the October 24, 2005 meeting it was confirmed that the testing still had not been completed for this child.

F.    **District of Columbia Public Schools failing to provide this student with related counseling services as required by his Individualized Educational Program ("IEP")**

District of Columbia Public Schools ("DCPS") failed to provide Daquan Coley, DOB: 10/3/92 with at least two months worth of counseling services that he was

5

supposed to receive ·· ·rsuant to the requirements of his Indiv ·alized Educational
Program ("IEP") developed on or about August 24, 2004 during the 04/05 school
year. Upon review of the service logs contained in this student's file, it was
discovered that Daquan had not been provided with services on numerous occasions
due to the unavailability of the service provider on such dates as 5/24/05; 3/9/05;
2/23/05; 12/22/05; 11/15/04; 4/20/04; 4/27/04; 3/16/04 nod 3/30/04. This is
significant for Daquan given his history of emotional issues and hospitalizations.
The Individuals with Disabilities Education Improvement Act of 2004 was
promulgated for the purpose of ensuring :

> "[T]hat all children with disabilities have available to them a free
> and appropriate public education that emphasizes special education
> and related services designed to meet their unique needs and prepare
> them for further education, employment, and independent living"

By failing to provide Daquan Coley with needed related services, DCPS has
failed to provide him with FAPE. Daquan has continued to experience
social emotional difficulties. He was last hospitalized in September 2005.

## G.    Denial of FAPE and/ Compensatory Relief

As a result of the denials of a Free and Appropriate Public Education ("FAPE") Daquan
Coley, DOB: 10/3/92 has been harmed. He has failed to make appropriate progress, DCPS
has been unable to identify any objective measure of progress at any of the meetings held on
behalf of Daquan. Furthermore, Daquan has been retained in his current grade level (7th
grade) and achieved primarily failing marks on his 2004/2005 report card.

Compensatory education would be warranted to remediate the harm to this child. (See
School Committee of the Town of Burlington, Massachusetts v. Department of Education of
Massachusetts, 471 U.S. 359 (1985); Diatta v. District of Columbia 319 F. Supp.2d 57, 65
D.D.C. 2004 Kerkam I, 862 F.2d 84 (D.C. Cir. 1991).

Parent is requesting that Daquan be provided with indpendent tutoring after school
and that DCPS fund indpendent counseling services until such time as it can be
demonstrated by an objective standard that Daquan is functioning on grade level.

## II. Issues presented.

- Whether District of Columbia Public Schools ("DCPS") failed to convene a complete IEP
  team on or about October 24, 2005?

- Whether District of Columbia Public Schools ("DCPS") failed to convene a complete IEP
  team on or about August 24, 2004?

- Whether District of Columbia Public Schools ("DCPS") failed to develop an appropriate
  IEP for Daquan for the 2004/2005 school year?

- Whether District of Columbia Public Schools ("DCPS") failed to develop an appropriate IEP
  for Daquan for the 2005/2006 school year?

6

- Whether District of Columbia Public Schools ("DCPS") failed to conduct comprehensive evaluations of Daquan Coley?

- Whether District of Columbia Public Schools ("DCPS") failed to re-evaluate Daquan Coley upon parental request and/or MDT agreement?

- Whether District of Columbia Public Schools ("DCPS") failed to provide Daquan Coley with the full extent of counseling services provided for in his IEP during 2004 and/or 2005?

- Whether District of Columbia Public Schools ("DCPS") failed to provide Daquan Coley with a Free and Appropriate Public Education?

## III. To the extent known to you at this time, how can this problem be resolved?

WHEREFORE, the guardian, by and through counsel, requests the following relief:

1. A finding that DCPS denied Daquan a Free and Approrpaite Public Education ("FAPE") as a result if their failure to evaluate, convene appropriate meetings, develop appropriate programs and/or provide services to this student;

2. That DCPS shall fund the parent's independent evaluations to include a) psycho-educational; b) clinical c) social history; d) speech and language; e) functional behavioral assessment, as well as, neuropsychological evaluation, occupational therapy assessment and/or other medical assessment if recommended in the above referenced evaluations;

3. That DCPS shall conduct psychiatric evaluation, and provide a copy of the completed evaluation report to counsel for the parent within thirty calendar days;

4. That DCPS will provide compensatory education as warranted based upon the results of the revaluations completed for Daquan and/or fund up to 5 hours of 1-1 tutoring and 1 hour of counseling per week for Daquan ;

5. That if more a restrictive placement is required upon review of the student's evaluations, that DCPS shall fund the private placement of the student;

6. That DCPS agrees to pay counsel for the parent's reasonable attorney's fees in an amount not to exceed Four Thousand Dollars and Zero Cents ($4,000.00), as full payment of attorneys' fees and related costs incurred in the matter;

7. All meetings shall be scheduled through counsel for the parent, Roberta L. Gambale, Esq., in writing, via facsimile, at 202-742-2097 or 202-742-2098;

8. Provide the student with a due process hearing within 20 calendar days of a request on any issue arising out of the noncompliance with the DCPS' obligation hereunder, or any disagreement with the assessment, programming or placement the parent may have;

9. In the event that the DCPS shall fail to comply with the terms herein, then under the Conciliation Agreement, the parent shall have the authority to use self help without further notice to the DCPS, and initiate an IEP with the DCPS' invited participation, and unilateral placement in an interim school or educational program until such time the DCPS can come into compliance and properly assess, program and/or participate;

7

10. Provide counsel for the parent with copies, pursuant to 5 DCM .021.8, of all evaluation reports and all educational records on the student no later than sixteen (16) business hours prior to the convening of any meeting;

11. 19.. The DCPS shall ensure that this student has available a Free and Appropriate Public Education including special education, transportation (5 DCMR 3000.3), and Other related services as are defined at 34 C.F.R. 300.24, designed to meet this student's unique needs and preparation for employment and independent living;

12. That DCPS within ten (10) calendar days of the filing of this complaint, pursuant to the Individuals with Disabilities Education Improvement Act of 2004, Pub. L. No. 108-446, Sec. 101, § 615(c)(2)(B), provide the parent's representative, Roberta L. Gambale, Esq., via facsimile, at 202-742-2097 or 202-742-2098, the following: i) an explanation of why DCPS proposed or refused to take the action raised in the complaint; ii) a description of other options that the IEP team considered and the reasons why those options were rejected, iii) a description of each evaluation procedure, assessment, record, or report the agency used as the basis for the proposed or refused action, and iv) a description of the other factors that are relevant to the agency's proposed or refused action;

13. That DCPS, in the event they fail to answer/respond to the issues alleged in the parent's administrative due process hearing complaint, within ten (10) calendar days, the arguments and facts as averred by the guardian will be deemed true and accurate and act as a waiver, on the part of DCPS, for their desire to have a Resolution Session Meeting, and the guardian's administrative due process hearing will be scheduled pursuant to the applicable timelines contained in the IDEIA;

14. That DCPS, within fifteen (15) calendar days of receiving the parent's complaint, pursuant to the Individuals with Disabilities Education Improvement Act of 2004, Pub. L. No. 108-446, Sec. 101, § 615(c)(2)(C), respond to the parent's request alleging any insufficiency of notice.

15. That DCPS' failure to comply with the Individuals with Disabilities Education Improvement Act of 2004, Pub. L. No. 108-446, Sec. 101, § 615(c)(2)(C), and allege any insufficiency of the administrative due process complaint, will constitute waiver on the part of DCPS to make such argument at any later date and time.

16. That DCPS, pursuant to the Individuals with Disabilities Education Improvement Act of 2004, Pub. L. No. 108-446, Sec. 101, § 615(f)(1)(B), within fifteen (15) calendar days of receiving the parent's administrative due process complaint, shall contact the parent's representative, in writing, via facsimile, at 202-742-2097 or 202-742-2098, to schedule and convene a Resolution Session Meeting;

17. That DCPS, pursuant to the Individuals with Disabilities Education Improvement Act of 2004, Pub. L. No. 108-446, Sec. 101, § 615(f)(1)(B), convene the Resolution Session Meeting, with the parent, the parent's representative, and all necessary/relevant members of the student's MDT/IEP Team that have specific knowledge about the child and the facts contained in the complaint. That the relevant members of the MDT/IEP Team that shall be present at the Resolution Session Meeting for the student shall include the following persons: 1) the student's special education teacher, 2) the student's regular education teacher, if applicable, 3) a representative of the local education agency with decision making authority, 4) a person who can interpret the data, 5) any person(s) who conducted any assessments on the student and/or would be qualified to conduct the evaluations requested in the parent's complaint.

8

18. That DCPS' fail  to timely schedule and convene the R  ution Session Meeting within the timeframe identified according to the Individuals with Disabilities Education Improvement Act of 2004, Pub. L. No. 108-446, Sec. 101, § 615(f)(1)(B) constitute joint waiver between DCPS and the guardian to have such meeting and the forty-five (45) days timeline to schedule the student's administrative due process hearing and receive a timely decision will begin to run upon written notice, via facsimile, at 202-442-5556, to the DCPS Office of Student Hearings, by the parent's counsel; and

19. A finding that the parent is the prevailing party in this action.

## G.    Accommodations and Assistance Needed:

- N/A

Dated this 27th day of October, 2005

Roberta L. Gambale, Esq.,
James E. Brown & Associates, PLLC
1220 L Street, NW Suite 700
Washington, DC 20005
202-742-2021
Counsel for the Parent/Legal Guardian

**Mail, fax or deliver this complaint notice to:**
**State Enforcement and Investigation Division**
**For Special Education Programs (SEID)**
**Student Hearing Office (SHO)**
**825 North Capitol Street, NE, 8th Floor**
**Washington, DC 20002**
**Fax number: 202/442-5556**

9

```
*********************
***   TX REPORT   ***
*********************

TRANSMISSION OK

TX/RX NO               4165
CONNECTION TEL                  94425556
SUBADDRESS
CONNECTION ID
ST. TIME               10/27 17:39
USAGE T                01'53
PGS. SENT              10
RESULT                 OK
```

## JAMES E. BROWN & ASSOCIATES, PLLC

*A Professional Limited Liability Company*

| | | |
|---|---|---|
| James E Brown | Attorneys at Law | Juan J. Fernandez! |
| Domient ) C.R. Hill 0 | 1220 L Street, NW | Tilman L. Gerald |
| Roberta Gambale | Suite 700 | John A. Straus |
| Miguel A. Hull | Washington, DC 20005 | Delores Scott McKnight |
| Christopher L. West | Telephone: (202) 742-2000 | Marshall Lammers° |
| | Facsimile: (202) 742-2098 | |
| | e-mail: Admin@Jeblaw.biz | |

! Admitted in Bolivia Only

# *FAX COVER SHEET*

DATE:       October 27, 2005

TO:         Sharon Newsome, Hearing Coordinator, Student Hearing Office, DCPS

PHONE:      202-442-4800

FAX NO:     202-442-5556

FROM        Yamileth Amaya, Paralegal

            Dequan Coley
            DOB: 10/3/92

NUMBER OF PAGES INCLUDING COVER SHEET: **10**

COMMENTS:  Please find attached the Due Process Complaint Notice for the above

mentioned student

**JAME  E. BROWN & ASSOCIATES,  LLC**
*A Professional Limited Liability Company*

James E. Brown
Domiento C.R. Hill ◊
Roberta Gambale
Miguel A. Hull
Christopher L. West

----------------------------------

Attorneys at Law
1220 L Street, NW
Suite 700
Washington, DC 20005
Telephone: (202) 742-2000
Facsimile: (202) 742-2098
e-mail: Admin@Jeblaw.biz

Juan J. Fernandez!
Tilman L. Gerald
John A. Straus
Delores Scott McKnight
Marshall Lammers°

--------------------------------

! Admitted in Bolivia Only

# *FAX COVER SHEET*

DATE:         October 27, 2005

TO:           Sharon Newsome, Hearing Coordinator, Student Hearing Office, DCPS

PHONE:        202-442-4800

FAX NO:       202-442-5556

FROM:         Yamileth Amaya, Paralegal

              Dequan Coley
              DOB: 10/3/92

NUMBER OF PAGES INCLUDING COVER SHEET: **10**

COMMENTS:  Please find attached the Due Process Complaint Notice for the above

mentioned student.

◊ *"Practice is limited solely to matters before the District of Columbia Public Schools' Office of Student Hearings under the District of Columbia Court of Appeals Rule 49(c)(5)."*

# DISTRICT OF COLUMBIA PUBLIC SCHOOLS
## *State Enforcement and Investigative Division*
## <u>CONFIDENTIAL</u>

### Charles R. Jones, Esq., Due Process Hearing Officer
825 North Capitol Street, N.E.  8th Floor
Washington, D.C.  20002
Facsimile:  (202) 442-5556

| | | |
|---|---|---|
| In the Matter of | ) | **IMPARTIAL DUE PROCESS** |
| | ) | |
| DAQUAN COLEY,  Student, | ) | **HEARING OFFICER'S DECISION** |
| Date of Birth: 10-03-92 | ) | |
| | ) | |
| Petitioner, | ) | Hearing Date: December 16,  2005 |
| | ) | |
| vs. | ) | |
| | ) | Held at:  825 North Capitol Street, NE |
| The District of Columbia Public Schools, | ) | Eighth Floor |
| Browne Junior High School | ) | Washington, D.C. 20002 |
| Respondent. | ) | |
| | ) | |

## <u>DECISION AND ORDER</u>

**Parent(s):**  Joyce Moon
711 21st Street, N.E., #200
Washington, D.C.  20002

**Counsel for Parent:**  Roberta L. Gambale, Esq.
James E. Brown & Associates, PLLC
1220 L Street, NW
Suite 700
Washington, D.C.  20005

**Counsel for School:**  Stephanie R. Moore, Attorney-Advisor
Office of the General Counsel, DCPS
825 North Capitol Street, N.E., 9th Floor
Washington, D.C.  20002

# HEARING OFFICER'S DECISION

## DISTRICT OF COLUMBIA PUBLIC SCHOOLS
### State Enforcement and Investigative Division

### Special Education Due Process Hearing

## I. INTRODUCTION

On October 28, 2005, a Request for Due Process Hearing was filed with the Student Hearing Office, by counsel for the parent, Roberta L. Gambale, Esq. The request alleges DCPS failed to convene a complete IEP meeting for DC and failed to develop an appropriate IEP for DC.

A Due Process Hearing was convened on December 16, 2005, at the District of Columbia Public Schools, ("DCPS"), 825 North Capitol Street, N.E., 8th Floor, Washington, D.C. 20002. Stephanie R. Moore, Esq., Attorney-Advisor represented DCPS. Roberta L. Gambale, Esq., represented the parent. Five- Day Disclosure Letters were entered into the record without objection of either party. On behalf of the parent: Disclosure Letter dated December 9, 2005: DC-1 through DC-28. On behalf of DCPS: Disclosure Letter dated December 9, 2005. Parent's counsel waived a formal reading of the Due Process Rights. The parties did not introduce any testimony in this matter, as the case was settled on the record. Witnesses for the parent: Joyce Moon and Michelle Moody,  Witnesses for DCPS: None.

## II. JURISDICTION

The Due Process Hearing was convened, and this decision was written pursuant to *Public Law* 108-446 *the Individuals with Disabilities Education Improvement Act of 2004;* 20 United States Code 1400 et. Seq.; Title 5 of the District of Columbia Municipal Regulations and Section 145 of the D.C. Appropriations Act, effective October 21, 1998.

## III. ISSUES

Whether DCPS denied the student FAPE by failing to convene a complete IEP team meeting for DC, by failing to develop an appropriate IEP for DC and by failing to evaluate the student in all areas of suspected disability?

2.

## IV.    SUMMARY OF RELEVANT EVIDENCE

In this matter, petitioner, through his counsel, asserts and alleges that the District of Columbia Public Schools (hereinafter "DCPS") failed to provide a free appropriate public education. According to parent's counsel, DCPS convene a MDT/IEP meeting without the appropriate personnel. It is also alleged that the regular education teacher and the special education teacher were not present at the meeting. Further, it is alleged that requested testing was not completed as a result the student's IEP could not be revised, as the student was having significant problems in language comprehension. Parent's counsel also alleges that DCPS reduced the student's IEP without re-evaluations to support reductions. DCPS did not have any witnesses in this matter.

## V.    FINDINGS OF FACT

The Hearing Officer makes the following findings of fact:

1.    D.C. is a thirteen- (13) year old District of Columbia student who is presently enrolled in Browne Junior High School.

2.    The student is eligible for special education and related services. According to his most recent IEP dated May 24, 2005, the student disability classification is learning disabled (LD).[1]   The student had repeated the seventh (7th) grade.

3.    Ms. Joyce Moon, the legal guardian of the student, testified and concluded that D.C. was having significant problems with language comprehension, as he does not understand oral communication.

4.    Ms. Joyce Moon indicated that the student was not receiving any counseling services. She concluded that she attended a MDT meeting and the regular education teacher did not attend the meeting.

3.

---

[1] Exhibit: DC-14.

5.      Michelle Moody, Educational Advocate for D.C., testified and concluded that she attended a MDT/IEP team meeting in October 2005. She requested evaluations including a Speech and Language Evaluation. DCPS did not conduct a Speech and Language Evaluation.

6.      According to Ms. Moody, the student has problem in reading comprehension and reading decoding. D.C. is three grade levels below in this area and he has not made any academic progress.

7.      The student's IEP was reduced 50% in services without any re-evaluations to support the appropriateness of the reduction. All of the student's counseling services were not being provided. These facts were not disputed.

8.      The student's social and emotional goals were not adequately address in the IEP. The student's IEP was inappropriate.

## VI.     DECISION AND CONCLUSION OF LAW

In this case, DCPS has not sustained its burden of proof. A preponderance of the evidence supports the parent's contention that DCPS failed to evaluate the student in all areas of suspected disability, reduced the student's IEP without re-evaluations and the student is inappropriately placed at the Browne Middle School, as the student has not made any educational progress. Under this set of circumstance, DCPS had failed to provide a free appropriate public education.

**Based upon the foregoing, IT IS HEREBY ORDERED:**

1)  **Petitioner's request for relief is GRANTED.**

2)  **Petitioner is the prevailing party.**

4.

3) DCPS shall, within thirty- (30) calendar days of the issuance of the HOD, conduct the following evaluations: Psycho-Educational Evaluation, Clinical Evaluation, Functional Behavior Assessment, Social History, Psychiatric and a Speech and Language Evaluation.

4) In the event DCPS fails to timely conduct the aforementioned evaluations, the parent is authorized to obtain Independent Evaluation(s), at DCPS expense pursuant to the Superintendent's Directive of March 20, 2002 on outside consultant fees or the prevailing rate.

5) DCPS shall, within fifteen- (15) school days of the receipt of all evaluations or independent evaluations, convene a MDT/IEP team meeting to review all current evaluations, review and revise the student's IEP if warranted and discuss and determine an appropriate educational placement for the 2005-2006 school years.

6) In the event the appropriate placement is to a public school, DCPS shall issue a prior notice of placement within five- (5) school days of the MDT/IEP team meeting. If the appropriate placement is to a non-public facility, DCPS shall issue a prior notice of placement within thirty- (30) calendar days of the MDT/IEP team meeting.

7) DCPS shall discuss and determine compensatory education relief and if warranted develop an appropriate Compensatory Education Plan to include the appropriate number of hours, form and format.

8) All communications and notices shall be sent through the parent's counsel.

9) Any delay in the above time frames caused by the parent or parent's counsel shall result in an extension of one day for each day of delay.

5.

## VII.    APPEAL PROCESS

This is the **FINAL ADMINISTRATIVE DECISION.**  Appeals may be made to a court of competent jurisdiction within thirty (30) days from the date this decision was issued.

Charles R. Jones, Esq., Hearing Officer

Date Filed: 12-23-05

Date Issued: 12-28-05

6.

# District of Columbia Public Schools
## *Office of Compliance*
## STUDENT HEARING OFFICE

825 North Capitol Street, N.E.
8TH Floor
Washington, D.C. 20002
FAX: (202) 442-5556



## *FACSIMILE SHEET*

Date: *12-27-05*

TO: *R. GAMBALE*

FROM: STUDENT HEARING OFFICE

RE: *D. COLEY*

TOTAL NUMBER OF PAGES, INCLUDING COVER: *7*

COMMENTS: *HOD*

*CONFIDENTIALITY NTOICE:* The information accompanying this facsimile is intended only for the use of the individual or entity named above. If you are not the intended recipient, you are hereby notified that any disclosure, copying, distribution or the taking of any action in reliance on the content of this telecopied information is strictly prohibited.



# District of Columbia Public Schools
### OFFICE OF GENERAL COUNSEL
825 North Capitol Street NE, 9th Floor
Washington, DC 20002-1994
Phone – 202-442-5000, Fax – 202-442-5098

## APPLICATION FOR PAYMENT OF ATTORNEY FEES AND COSTS
## PURSUANT TO THE INDIVIDUALS WITH DISABILITIES EDUCATION ACT

**1.  Attorney Information**
| | |
|---|---|
| Law Firm: | JAMES E. BROWN & ASSOCIATES, PLLC |
| Attorney: | JAMES E. BROWN |
| Federal Tax ID No.: | 52-1500760 |
| D.C. Bar No.: | 61622 |

**2.  Student Information**
| | |
|---|---|
| Name: | DaQuan Coley |
| DOB: | 10/3/92 |
| Date of Determination (HOD/SA): | 12/28/05 |
| Parent/Guardian Name: | Joyce Moon |
| Parent/Guardian Address: | 711 21st St., NE, @200, WDC 20002 |
| Current School: | Browne JHS |
| Home School: | Browne JHS |

**3.  Invoice Information**
| | |
|---|---|
| Invoice Number: | 06-027 |
| Date Request Submitted: | 1/12/06 |
| Date(s) Services Rendered | 9/20/05 to 12/6/05 |
| Amount of Payment Request | $ 8,409.82 |

**4.  Certification (must be signed by principal attorney)**

I certify that all of the following statements are true and correct:

- all services listed on the enclosed invoices were actually performed;
- the entire amount requested on the enclosed invoice for payment of costs and expenses represents the actual amount of costs and expenses incurred;
- the District of Columbia Public Schools is the sole entity from which payment of the fees, costs and expenses itemized on the enclosed invoice is requested;
- no attorney or law firm who either  (1) provided services listed on the enclosed invoice, or (2) will benefit from any monies paid as a result of the submission of the enclosed invoice, has a pecuniary interest, either through an attorney, officer or employee of the firm, in any special education diagnostic services, schools, or other special education service providers;
- I understand that the making of a false statement to an agency of the DC Government is punishable by criminal penalties pursuant to D.C. Code §22-2405.

_____        January 12, 2006
Signature                                              Date

# LEGEND

### ATTORNEYS

| | |
|---|---|
| JEB | James E. Brown, Esq. |
| DH | Domiento Hill, Esq. |
| CW | Christopher West, Esq. |
| BM | Brenda McAllister, Esq. |
| RG | Roberta Gambale, Esq. |
| MH | Miguel Hull, Esq. |
| RR | Rachel Rubenstein, Esq. |
| JF | Juan Fernandez, Esq. |
| CB | Christina Busso, Esq. |
| JS | John Straus, Esq. |
| RN | Roxanne Neloms, Esq. |
| TG | Tilman Gerald, Esq. |
| DSM | Delores Scott McKnight, Esq. |
| ML | Marshall Lammers, Esq. |

### PARALEGALS and LAW CLERKS

| | |
|---|---|
| AAG | Aracelly A. Gonzalez |
| DP | David Proctor |
| BDL | Blanca De La Sancha |
| SB | Sara Benkharafa |
| WB | Williams Bautista |
| YA | Yamileth Amaya |
| CMM | Claudia M. Martinez |
| HR | Heidi Romero |
| KD | Kelly Dau |
| MT | Michele Torry, BA, L. Cert. |
| TB | Tamika Beasley |
| BC | Blair Copeland |

### ADVOCATES

| | |
|---|---|
| MM | Michelle Moody, MA |
| CS | Cheron Sutton-Brock, MA |
| KC | Kevin Carter, MA |
| CM | Carolyn Monford, MA |
| GMH | Garfield Mark Holman, MA |
| RB | C. Robin Boucher, Ph.D. |
| TS | Tamieka A. Skinner, MA |
| CP | Carrie Pecover, MA |
| CG | Comesha Griffin, MS |
| WD | William Daywalt, M. Ed. |
| DD | Donte Davis |
| CF | Carlos Fernandez, MA, JD |

### OUT OF POCKET COSTS

| | |
|---|---|
| FAX | Facsimile @ $1.00 per page |
| COP | Reproduction @ $0.25 per page |
| TRN | Transportation @ actual taxi cost |
| TEL | Long Distance Telephone @ actual cost |
| PAR | Parking @ actual cost |
| MES | Messenger/Express Mail @ actual cost |
| POS | Postage @ actual cost |

12/27/2005

James E. Brown & Associates, PLLC
A Professional Limited Liability
Company
1220 L Street, NW Suite 700
Washington, DC 20005

Invoice submitted to:
DeQuan Coley
711 21st Street, NE
Apt. # 200
Washington DC 20002

January 06, 2006
In Reference To: DeQuan Coley

Invoice #11172

Professional Services

| | | | Hrs/Rate | Amount |
|---|---|---|---|---|
| 9/20/2005 | RG | Conference with parent to discuss opening case and child's educational needs. | 0.67 365.00/hr | 244.55 |
| | WB | Conference with parent to discuss opening case and child's educational needs. | 1.00 110.00/hr | 110.00 |
| | MM | Drafted letter to private school | 0.50 185.00/hr | 92.50 |
| 9/21/2005 | AAG | Drafted letter to parent and prepared new file jacket. | 0.75 110.00/hr | 82.50 |
| | YA | Telephone call to Browne JHS,DCPS school staff re, updated school contact information | 0.17 110.00/hr | 18.70 |
| | YA | Research educational needs re, school to request records and Evaluations | 0.17 110.00/hr | 18.70 |
| | YA | Drafted letter requesting records from Browne Junior High School | 0.67 110.00/hr | 73.70 |
| | YA | Requested evaluations from Browne Junior High School | 0.75 110.00/hr | 82.50 |

**DeQuan Coley**                                                                                    Page    2

|  |  | | Hrs/Rate | Amount |
|---|---|---|---|---|
| 9/21/2005 YA | Draft letter to Browne Junior High School re, request for teacher's qualification | | 0.58 110.00/hr | 63.80 |
| MM | File review and developed  monthly case status report | | 0.42 185.00/hr | 77.70 |
| 9/22/2005 RG | Conference with parent and discussion with Social worker | | 0.50 365.00/hr | 182.50 |
| 9/23/2005 YA | Drafted letter to parent re, request for records and re-evaluations to DCPS | | 0.58 110.00/hr | 63.80 |
| 9/26/2005 YA | Telephone call from DCPS, Wilma Bonner re, new contact to sent out request for teacher's qualifications | | 0.17 110.00/hr | 18.70 |
| 9/27/2005 RB | Discussion with advocate Moody: behavioral and grade concerns | | 0.33 185.00/hr | 61.05 |
| 10/3/2005 AAG | File Review and sent letter to parent/student | | 0.17 110.00/hr | 18.70 |
| MM | File review and developed  monthly case status report | | 0.50 185.00/hr | 92.50 |
| 10/4/2005 MM | Drafted letter to  school | | 0.50 185.00/hr | 92.50 |
| 10/5/2005 MM | Discussion with school | | 0.25 185.00/hr | 46.25 |
| MM | Discussion with mom | | 0.33 185.00/hr | 61.05 |
| 10/10/2005 MM | Discussion with school | | 0.25 185.00/hr | 46.25 |
| 10/11/2005 YA | Phone call from parent re, meeting confirmation | | 0.25 110.00/hr | 27.50 |
| YA | Phone call to parent re, meeting | | 0.25 110.00/hr | 27.50 |
| YA | Phone call to parent re, meeting | | 0.25 110.00/hr | 27.50 |

**DeQuan Coley**                                                                                     **Page    3**

|            |    |                                                                                                                               | Hrs/Rate | Amount |
|------------|----|-------------------------------------------------------------------------------------------------------------------------------|----------|--------|
| 10/11/2005 | YA | Assist attorney with records for meeting                                                                                      | 0.42 110.00/hr | 46.20 |
|            | MM | Drafted letter to  school                                                                                                     | 0.50 185.00/hr | 92.50 |
| 10/12/2005 | YA | Filed back educational records pull out for meeting                                                                           | 0.42 110.00/hr | 46.20 |
| 10/19/2005 | MM | File review and developed  monthly case status report                                                                        | 0.58 185.00/hr | 107.30 |
| 10/21/2005 | MM | Reviewed information for mdt                                                                                                   | 0.67 185.00/hr | 123.95 |
| 10/22/2005 | MM | Attended MDT/IEP @ school                                                                                                      | 3.00 185.00/hr | 555.00 |
| 10/26/2005 | MM | File review and developed  monthly case status report                                                                        | 2.00 185.00/hr | 370.00 |
| 10/27/2005 | MM | File review and developed  monthly case status report and update regarding last parent communication and school communication and documented next thing to be done in case. | 0.25 185.00/hr | 46.25 |
|            | RG | Conference with parent                                                                                                        | 0.50 365.00/hr | 182.50 |
|            | RG | Prepared and file due process hearing request to DCPS                                                                         | 2.00 365.00/hr | 730.00 |
|            | YA | Assisted attorney to request a Due Process Complaint to the Student Hearing Office                                            | 0.33 110.00/hr | 36.30 |
| 10/31/2005 | RG | Discussion with MM and instructions to YA re: follow up w parent                                                              | 0.25 365.00/hr | 91.25 |
|            | YA | Drafted letter to parent re, meeting resolution                                                                               | 0.58 110.00/hr | 63.80 |
|            | YA | Drafted letter to parent re, detailed Hearing Request                                                                         | 0.58 110.00/hr | 63.80 |
|            | YA | Phone call to parent re, meeting                                                                                              | 0.17 110.00/hr | 18.70 |

**DeQuan Coley**                                                                                           Page    4

|  |  |  | Hrs/Rate | Amount |
|---|---|---|---|---|
| 11/1/2005 | YA | Tickled meeting resolution deadline | 0.17<br>110.00/hr | 18.70 |
| 11/2/2005 | YA | Drafted letter to parent re, resolution meeting deadline | 0.58<br>110.00/hr | 63.80 |
| 11/7/2005 | RG | Conference with parent | 0.33<br>365.00/hr | 120.45 |
|  | YA | Research educational needs re, meeting | 0.17<br>110.00/hr | 18.70 |
|  | YA | sent deadline notice to attorney and advocate | 0.17<br>110.00/hr | 18.70 |
| 11/8/2005 | MM | File review and developed  monthly case status report | 0.42<br>185.00/hr | 77.70 |
|  | MM | review hr dated 11/2/05 | 0.25<br>185.00/hr | 46.25 |
| 11/9/2005 | MM | Reviewed information for mdt | 1.00<br>185.00/hr | 185.00 |
| 11/10/2005 | MM | Attended MDT/IEP @ school | 3.50<br>185.00/hr | 647.50 |
|  | YA | sent deadline resolution meeting notice to advocate and attorney | 0.17<br>110.00/hr | 18.70 |
| 11/25/2005 | MM | File review and developed  monthly case status report document the most recent communication  with the school and the parent and documented what needs to be done next. | 0.58<br>185.00/hr | 107.30 |
| 11/29/2005 | YA | File Review and sent letter to parent/student | 0.17<br>110.00/hr | 18.70 |
| 11/30/2005 | YA | Drafted letter to parent re, Hearing Date Notice | 0.58<br>110.00/hr | 63.80 |
| 12/7/2005 | YA | Phone call from parent re, classes and schedule prehearing conference with attorney | 0.17<br>110.00/hr | 18.70 |
| 12/9/2005 | RG | Prepare disclosure to DCPS | 1.00<br>365.00/hr | 365.00 |

DeQuan Coley                                                                                          Page    5

| | | | Hrs/Rate | Amount |
|---|---|---|---|---|
| 12/9/2005 | YA | Prepare disclosure to DCPS, Student Hearing Office and Office of General and tabbing for the Hearing Officer's Determination | 1.50 110.00/hr | 165.00 |
| 12/14/2005 | MM | Discussion with school | 0.25 185.00/hr | 46.25 |
| 12/15/2005 | RG | Prepared for Due Process Hearing and pre-hearing conference with mom | 1.50 365.00/hr | 547.50 |
| 12/16/2005 | RG | Appearance to 825 North Capital for due process hearing | 2.00 365.00/hr | 730.00 |
| | MM | Appearance to 825 North Capital for due process hearing | 2.00 185.00/hr | 370.00 |
| | MM | Prepared for Due Process Hearing | 1.50 185.00/hr | 277.50 |
| | | For professional services rendered | 40.27 | $8,129.45 |

Additional Charges :

| | | Amount |
|---|---|---|
| 9/20/2005 | Copied documents; initial intake | 6.25 |
| 9/21/2005 | Facsimile: records and evaluations to DCPS and school. Request for teacher qualifications to Vilma, parent. | 46.00 |
| | Postage; letter to parent | 0.37 |
| | Copied documents; letter to parent | 0.50 |
| 9/23/2005 | Postage: Letter to parent re: records and evaluations. | 1.06 |
| | Copied documents records and evaluations + status letter to parent | 0.75 |
| 10/3/2005 | Postage; letter to parent | 0.37 |
| 10/11/2005 | Copied records for advocate | 45.00 |
| 10/28/2005 | Copied: resolution meeting deadline for parent, advocate and file. | 2.25 |
| 11/1/2005 | Copied: scheduling letter for parent . | 0.25 |
| | Copied documents; HR | 5.50 |

**DeQuan Coley**                                                                 Page    6

Amount

| | | |
|---|---|---:|
| 11/2/2005 | Postage; letter to parent re: HR. | 0.83 |
| | Copied: HR and meeting schedule for parent. | 0.50 |
| 11/4/2005 | Postage; letter to parent re: resolution meeting. | 0.37 |
| 11/29/2005 | Postage; letter to parent re: christmas card. | 0.37 |
| 11/30/2005 | Copied: HDN letter for parent, adv, file and adm. | 1.00 |
| | Postage; letter to parent | 0.37 |
| 12/9/2005 | Messenger Service to and from DCPS (5-day Disclosures) | 20.00 |
| | Copied documents; disclosures | 43.75 |
| 12/16/2005 | Sedan taxi service to DCPS for hearing.(attny, adv.) | 8.00 |
| | File review preparation of bill and invoice audit | 96.88 |
| | **Total costs** | $280.37 |
| | **Total amount of this bill** | $8,409.82 |