# EXHIBIT 4

*State Education Agency for the District of Columbia*
*State Enforcement and Investigation Division (SEID)*
*Special Education Programs*



# *Due Process Complaint Notice*

- The form is used to give notice of a due process complaint to the **District of Columbia Public Schools, District of Columbia Public Charter Schools (DCPS or LEA) and/or parents** with respect to any matter relating to the identification, evaluation, or educational placement of a child with a disability, or the provision of a free appropriate public education to that child. <u>**A party may not have a due process hearing until the party, or the attorney representing the party, files a notice that meets the requirements of the Individuals with Disabilities Education Improvement Act (IDEIA).**</u>

- The due process complaint must describe an alleged violation that occurred not more than two (2) years before the date that the parent or school system knew or should have known about the alleged action that is the basis of the complaint.

- Notice must be provided to the Student Hearing Office for the DC Public Schools, 825 North Capitol Street, NE, 8th Floor, Washington, DC 20002; fax number 202/442-5556.

- <u>Unless the other party agrees, the party requesting the due process hearing shall not be allowed to raise issues at the due process hearing that are not raised in this Due Process Complaint Notice.</u> Therefore, please be thorough in providing the information requested.

- Prior to the opportunity for an impartial due process hearing, the Local Educational Agency (LEA) shall convene a meeting **(called a "Resolution Session")** with the parent(s) unless the parent(s) and the Local Educational Agency agree in writing to waive this meeting. You will be contacted by a representative of the Local Educational Agency to schedule the meeting. **The Student Hearing Office does NOT schedule resolution meetings.**

- Mediation is also available to all parties as an alternative to a resolution meeting or a Due Process Hearing.

A. **INFORMATION ABOUT THE STUDENT:**

Student Name: Roberto Cruz    DOB: December 17, 1996

Address: 3636 16th St., NW, Washington, D.C. 20010

Present School of Attendance: Seaton Elementary School

Home School: Marie Reed Learning Center
(Neighborhood school where child is registered)

1

SEID DPCN Rev'd. 7/01/05

<mark>
<mark>
<mark>
<mark>
<mark>
<mark>

Is this a charter school? __No__  (If yes, you must also provide a copy of this notice to the charter school principal or director)

Name: Rocio Martinez and Juan Carlos Cruz

Address (if different from the student's above): __same__

**B.** **Legal Representative/Attorney:**

Name: Miguel A. Hull, Esq.

Address: 1220 L St., NW, #700, Washington, D.C. 20005

Phone: (w) (202) 742-2000     (Fax) (202) 742-2098
(e-mail) mhull@jeblaw.biz

Will attorney / legal representative attend the resolution session? **X** Yes    ☐ No

**C.** **Complaint Made Against (check all that apply):**

**X** DCPS school (name of the school if different from page one) _____
☐ Charter school (name of the charter school if different from page one) _____
☐ Non-public school or residential treatment facility (name) _____
☐ Parent

**D.** **Resolution Session Meeting Between Parent/Representative and LEA:**

I understand that it is my right to have a resolution meeting to resolve this complaint. I also understand that I may voluntarily waive this right if I choose. (Note: All parties must agree to waive the resolution meeting to avoid having this meeting.)

The parent, by and through counsel, wishes to waive the Resolution Session Meeting for this process.

**E.** **Mediation Process:**

IDEIA requires that any time a party requests a due process hearing, mediation should be offered at no cost to the parent. Both parties can request mediation as an alternative to the Resolution Session Meeting or as an alternative to a Due Process Hearing. Please check all that apply:

The parent does not wish to enter into mediation and would only like a due process hearing.

**F.** **Facts and Reasons for the Complaint:**

2

SEID DPCN Rev'd. 7/01/05

In accordance with the Individuals with Disabilities Education Improvement Act (IDEIA), please complete the following questions (attach additional pages if needed):

I. **Nature of the problem.**

**Failure to provide appropriate transportation resulting in denial of services for ESY 2005.**

    Roberto Cruz is an eight-year-old student at Seaton Elementary School in the District of Columbia. Roberto began at Seaton about the first week of November 2004; his previous placement having been Marie Reed Learning Center, which was grossly inappropriate. He is currently classified as mildly mentally retarded and is entitled to twenty-five and a quarter hours of specialized instruction per week; one hour and half of speech therapy per week and forty-five minutes of occupational therapy per week. See IEP 6/22/05 and 10/18/04. He is also entitled to receive transportation and extended school year services ("ESY"). See Id. His parents now claim that Roberto missed significant ESY services this passed summer due to District of Columbia Public Schools' ("DCPS") failure to provide appropriate transportation for Emilio. Specifically, Emilio did not attend his ESY on approximately July 7, 12, 21, 28, 2005 due to DCPS's failure to provide transportation. He also missed ESY on August 1 and 2, 2005 for the same reason. There were at least three other days during the summer of 2005 where the DCPS transportation did not come to take Emilio to ESY, however, he did not miss those days because his parents were able to take him. As all this was taking place, Emilio's parents were repeatedly contacting the DCPS transportation Department, but the problem continued. By August 3, 2005, his parents had become so frustrated with the transportation failures that they decided to take him out of ESY. His parents now respectfully assert that missing his ESY, caused Emilio to fall further and further behind. They now claim twenty-four hours of compensatory academic tutoring, three hours of compensatory speech and language therapy, and three hours of compensatory occupational therapy for services missed until August 2, 2005. They also claim thirty-two additional hours of compensatory academic tutoring, one hour of compensatory speech and language therapy, and one hour of compensatory compensatory occupational therapy for services missed from August 3 through the end of ESY 2005.

II. **Issues presented.**

- Whether DCPS inappropriately failed to provide appropriate transportation to ESY 2005 resulting in missed services? [approximately July 7, 12, 21, 28, 2005, August 1 and 2, 2005, and August 3, 2005 through the end of ESY 2005]

III. **To the extent known to you at this time, how can this problem be resolved?**

1. a finding that DCPS inappropriately failed to provide appropriate transportation to ESY 2005 resulting in missed services [approximately July 7, 12, 21, 28, 2005, August 1 and 2, 2005, and August 3, 2005 through the end of ESY 2005];

2. that DCPS be ordered to fund twenty-four hours of compensatory academic tutoring, three hours of compensatory speech and language therapy, and three hours of

SEID DPCN Rev'd. 7/01/05

compensatory occupational therapy for services missed until August 2, 2005, and thirty-two additional hours of compensatory academic tutoring, one hour of compensatory speech and language therapy, and one hour of compensatory compensatory occupational therapy for services missed from August 3 through the end of ESY 2005;

3. **NOTE THAT SHOULD THERE BE A RESOLUTION CONFERENCE AS A RESULT OF THIS COMPLAINT, THEN THE PARENTS WOULD EXPECT THE TEAM AT THE RESOLUTION CONFERENCE TO BE PREPARED TO Provide funding for the compensatory education requested here;**

   **ALTHOUGH THE PARENTS WILL REASONABLY COOPERATE WITH DCPS BY ATTENDING ANY MEETINGS TO WHICH THEY ARE INVITED, THE PARENTS WILL NOT BE SATISFIED IF ALL THAT IS OFFERED AT THE RESOLUTION CONFERENCE IS A PROMISE TO CONVENE AN MDT/SEP MEETING AT A FUTURE DATE. TO THE EXTENT REASONABLY POSSIBLE, THE PARENTS WANT CONCRETE RESULTS FROM THE RESOLUTION CONFERENCE, NOT PROMISES.**

4. that DCPS provide any other relief deemed appropriate and relating to the violations committed here;

5. That DCPS agrees to pay parent's counsel reasonable attorney's fees and related costs incurred in the matter;

6. That all meetings shall be scheduled through counsel for the parent, Miguel A. Hull, Esq., in writing, via facsimile, at 202-742-2097 or 202-742-2098;

7. Provide the student with a due process hearing within 20 calendar days of a request on any issue arising out of the noncompliance with the DCPS' obligation hereunder, or any disagreement with the assessment, programming or placement the parent may have;

8. In the event that the DCPS shall fail to comply with the terms herein, then under the Conciliation Agreement, the parent shall have the authority to use self help without further notice to the DCPS, and initiate an IEP with the DCPS' invited participation, and unilateral placement in an interim school or educational program until such time the DCPS can come into compliance and properly assess, program and/or participate;

9. Provide counsel for the parent with copies, pursuant to D.C. Mun. Regs. tit. 5 § 3021.8, of all evaluation reports and all educational records on the student no later than sixteen business hours prior to the convening of any meeting;

10. That DCPS within ten (10) calendar days of the filing of this complaint, pursuant to the IDEIA, Pub. L. No. 108-446, Sec. 101, § 615(c)(2)(B), provide the parent's representative, Miguel A. Hull, Esq., via facsimile, at 202-742-2097 or 202-742-2098, the following: i) an explanation of why DCPS proposed or refused to take the action raised in the complaint; ii) a description of other options that DCPS considered and the reasons

4

why those options were rejected, iii) a description of each evaluation procedure, assessment, record, or report the agency used as the basis for the proposed or refused action, and iv) a description of the other factors that are relevant to the agency's proposed or refused action;

11. That DCPS, in the event they fail to answer/respond to the issues alleged in the parent's administrative due process hearing complaint, within ten (10) calendar days, the arguments and facts as averred by the parent will be deemed true and accurate and act as a waiver, on the part of DCPS, for their desire to have a Resolution Session Meeting, and the parent's administrative due process hearing will be scheduled pursuant to the applicable timelines contained in the IDEIA;

12. That DCPS, within fifteen (15) calendar days of receiving the parent's complaint, pursuant to the IDEIA, Pub. L. No. 108-446, Sec. 101, § 615(c)(2)(C), respond to the parent's request alleging any insufficiency of notice;

13. That DCPS' failure to comply with the IDEIA, Pub. L. No. 108-446, Sec. 101, § 615(c)(2)(C), and allege any insufficiency of the parent's administrative due process complaint, will constitute waiver on the part of DCPS to make such argument at any later date and time;

14. That DCPS, pursuant to the IDEIA, Pub. L. No. 108-446, Sec. 101, § 615(f)(1)(B), within fifteen (15) calendar days of receiving the parent's administrative due process complaint, shall contact the parent's representative, in writing, via facsimile, at 202-742-2015 or 202-742-2098, to schedule and convene a Resolution Session Meeting;

15. That DCPS, pursuant to the IDEIA, Pub. L. No. 108-446, Sec. 101, § 615(f)(1)(B), convene the Resolution Session Meeting, with the parent, the parent's representative, and all necessary/relevant members of the student's MDT/IEP Team that have specific knowledge about the child and the facts contained in the complaint. That the relevant members of the MDT/IEP Team that shall be present at the Resolution Session Meeting for the student shall include the following persons: 1) the student's special education teacher, 2) the student's regular education teacher, if applicable, 3) a representative of the local education agency with decision making authority, 4) a person who can interpret the data, 5) any person(s) who conducted any assessments on the student, and 6) any service providers for the student;

16. That DCPS' failure to timely schedule and convene the Resolution Session Meeting within the timeframe identified according to the IDEIA, Pub. L. No. 108-446, Sec. 101, § 615(f)(1)(B) constitute joint waiver between DCPS and the parent to have such meeting and the forty-five (45) days timeline to schedule the student's administrative due process hearing and receive a timely decision will begin to run upon written notice, via facsimile, at 202-442-5556, to the DCPS Office of Student Hearings, by the parent's counsel; and

17. A finding that the parent is the prevailing party in this action.

G. **Accommodations and Assistance Needed:**

Please list any special accommodations you may require for a Resolution Session Meeting/Mediation Conference/Due Process Hearing.

- Interpreter (please specify the type) __**SPANISH**__
- Special Communication (please describe the type)_____
- Special Accommodations for Disability (please be specific)_____
- Other_____

H. **Signature:**

_____      October 17, 2005
Legal Representative / Advocate (if applicable)      Date

Mail, fax or deliver this complaint notice to:
State Enforcement and Investigation Division
For Special Education Programs (SEID)
Student Hearing Office (SHO)
825 North Capitol Street, NE, 8th Floor
Washington, DC 20002
Fax number: 202/442-5556

# District of Columbia Public Schools
## State Enforcement and Investigation Division
Terry Michael Banks, Due Process Hearing Officer
825 North Capitol Street, N.E.; Room 8076
Washington, D.C. 20002
(571) 437-7381
Facsimile: (202) 442-5556

## Confidential

| | |
|---|---|
| ROBERTO CRUZ, STUDENT ) | |
| ) | Hearing Date: December 12, 2005 |
| Date of Birth: December 17, 1996 ) | |
| ) | Complaint Filed: October 17, 2005 |
| Petitioner, ) | |
| ) | |
| v. ) | |
| ) | |
| THE DISTRICT OF COLUMBIA ) | |
| PUBLIC SCHOOLS ) | |
| ) | Held at: 825 North Capitol Street, N.E. |
| Respondent. ) | 8th Floor |
| ) | Washington, D.C. 20002 |
| Student Attending: ) | |
| Seaton Elementary School ) | |

### HEARING OFFICER'S DECISION

| | |
|---|---|
| Parents: | Ms. Rocio Martinez, Mother |
| | Mr. Juan Carlos Cruz, Father |
| | 3636 – 16th Street, N.W. |
| | Washington, D.C. 20010 |
| Counsel for Petitioner: | Miguel A. Hull, Esquire |
| | James E. Brown & Associates |
| | 1220 L Street, N.W. |
| | Suite 700 |
| | Washington, D.C. 20005 |
| | (202) 742-2000; Fax: (202) 742-2098 |
| Counsel for DCPS: | Quinne Harris-Lindsey, Esquire |
| | Office of the General Counsel, DCPS |
| | 825 North Capitol Street, N.E.; 9th Floor |
| | Washington, D.C. 20002 |

An index of names is attached hereto for the benefit of the parties. The index will permit the parties to identify specific witnesses and other relevant persons. The index is designed to be detached before release of this Decision as a public record.

## INDEX OF NAMES

| Child's Name | Roberto Cruz |
|---|---|
| Child's Parent(s) (specific relationship) | Rocio Martinez, Mother<br>Juan Carlos Cruz, Father |
| Child/Parent's Representative | Miguel A. Hull, Esquire |
| School System's Representative | Quinne Harris-Lindsey, Esquire |

2

**Jurisdiction**

This hearing was conducted in accordance with the rights established under the Individuals With Disabilities Education Improvement Act of 2004 ("IDEA"), 20 U.S.C. Sections 1400 et seq., Title 34 of the Code of Federal Regulations, Part 300; Title V of the District of Columbia ("District" or "D.C.") Municipal Regulations ("DCMR"), re-promulgated on February 19, 2003; and Title 38 of the D.C. Code, Subtitle VII, Chapter 25.

**Introduction**

Petitioner is a nine year-old student attending Seaton Elementary School ("Seaton"). On October 17, 2005, Petitioner filed a Due Process Complaint ("*Complaint*") alleging that the District of Columbia Public Schools ("DCPS") had failed to provide Petitioner transportation and services. The due process hearing was convened on December 12, 2005. The parties' Five Day Disclosure Notices were admitted into evidence. Neither party offered testimonial evidence. The parties agreed to relief for Petitioner as is described in the Findings of Fact below.

**Findings of Fact**

1. Petitioner is a nine year-old student attending Seaton.[1]

2. During the hearing, the parties agreed to the following relief for Petitioner:

    A. In the event it has not been done already, DCPS shall fund 24 hours of individual, independent tutoring in accordance with 5 DCMR Section 3027.5 as compensatory education services for services missed during the summer 2005 Extended Year Services ("ESY").
    B. DCPS shall provide 4.5 hours of speech and language services and three hours of occupational therapy services for services missed during the summer 2005 ESY.
    C. DCPS shall provide documentation of compliance with this agreement at Petitioner's annual Individualized Education Program ("IEP") meeting.

**Conclusions of Law**

The parties' agreement is in Petitioner's best interests and its terms will be substantially included in the order below.

---

[1] *Complaint* at 1.

3

## ORDER

Upon consideration of Petitioner's request for a due process hearing, the parties' Five Day Disclosure Notices, and the representations of the parties' counsel at the hearing, this 23rd day of December 2005, it is hereby

**ORDERED**, that in the event it has not been done already, DCPS shall fund 24 hours of individual, independent tutoring in accordance with 5 DCMR Section 3027.5 as compensatory education services for services missed during the summer 2005 ESY.

**IT IS FURTHER ORDERED**, that DCPS shall provide 4.5 hours of speech and language services and three hours of occupational therapy services for services missed during the summer 2005 ESY. DCPS shall provide documentation of having provided these services at Petitioner's annual IEP meeting.

**IT IS FURTHER ORDERED**, that this Order is effective immediately.

### Notice of Right to Appeal Hearing Officer's Decision and Order

This is the final administrative decision in this matter. Any party aggrieved by the findings and/or decision may bring a civil action in any state court of competent jurisdiction or in a district court of the United States without regard to the amount in controversy, in accordance with 20 U.S.C. Section 1415(i)(2)(A) within thirty days of the entry of the Hearing Officer's Decision.[2]

_Terry Michael Banks_
Terry Michael Banks
Hearing Officer

Date:   December 23, 2005

Issued:   12-27-05

---

[2] *See Amman v. Town of Stow*, 991 F.2d 929, 931(1st Cir. 1993) (since the IDEA does not set a time limit for lawsuits brought under its terms, the district court must "borrow" the most analogous statute of limitations under state law); *Spiegler v. District of Columbia*, 866 F.2d 461, 463-64 (D.C. Cir. 1989)(borrowing a 30-day limitations period for review of agency orders and applying it to an appeal from a decision under the predecessor to IDEA). In the District of Columbia, the Rules of the Board of Education do not prescribe a time limit for bringing the civil action authorized by the IDEA and the Board's Regulations, 5 D.C.M.R. Section 3032.5. The D.C. Administrative Procedures Act defers to the District of Columbia Court of Appeals to set the limitation period for filing an appeal from a final agency action. D.C. Code §2-510(a). Under the Court's rules, a petition for review of an agency order must be filed within thirty days. D.C. Ct. App. Rule 15(a).

4

Copies to:

Miguel A. Hull, Esquire
James E. Brown & Associates
1220 L Street, N.W.
Suite 700
Washington, D.C. 20005
(202) 742-2000; Fax: (202) 742-2098

Quinne Harris-Lindsey, Esquire
Office of the General Counsel, DCPS
825 North Capitol Street, N.E.; 9th Floor
Washington, D.C. 20002

5

# District of Columbia Public Schools
## Office of Compliance
## STUDENT HEARING OFFICE

825 North Capitol Street, N.E.
8TH Floor
Washington, D.C. 20002
FAX: (202) 442-5556



### FACSIMILE SHEET

Date: *12-22-05*

TO: *M. Holl*

FROM: STUDENT HEARING OFFICE

RE: *R. Cruz*

TOTAL NUMBER OF PAGES, INCLUDING COVER:

COMMENTS:

*CONFIDENTIALITY NTOICE*: The information accompanying this facsimile is intended only for the use of the individual or entity named above. If you are not the intended recipient, you are hereby notified that any disclosure, copying, distribution or the taking of any action in reliance on the content of this telecopied information is strictly prohibited.



# District of Columbia Public Schools
### OFFICE OF GENERAL COUNSEL
825 North Capitol Street NE, 9th Floor
Washington, DC 20002-1994
Phone - 202-442-5000, Fax - 202-442-5098

## APPLICATION FOR PAYMENT OF ATTORNEY FEES AND COSTS
## PURSUANT TO THE INDIVIDUALS WITH DISABILITIES EDUCATION ACT

1. **Attorney Information**
   - Law Firm: JAMES E. BROWN & ASSOCIATES, PLLC
   - Attorney: JAMES E. BROWN
   - Federal Tax ID No.: 52-1500760
   - D.C. Bar No.: 61622

2. **Student Information**
   - Name: Roberto Cruz
   - DOB: 12/17/96
   - Date of Determination (HOD/SA): 12/27/05
   - Parent/Guardian Name: Rocio Martinez & Juan Cruz
   - Parent/Guardian Address: 3636 16th St., NW, WDC 20010
   - Current School: Seaton ES
   - Home School: Seaton ES

3. **Invoice Information**
   - Invoice Number: 06-026
   - Date Request Submitted: 1/12/06
   - Date(s) Services Rendered: 5/25/05 to 12/12/05
   - Amount of Payment Request: $ 7,034.72

4. **Certification (must be signed by principal attorney)**

I certify that all of the following statements are true and correct:

- all services listed on the enclosed invoices were actually performed;
- the entire amount requested on the enclosed invoice for payment of costs and expenses represents the actual amount of costs and expenses incurred;
- the District of Columbia Public Schools is the sole entity from which payment of the fees, costs and expenses itemized on the enclosed invoice is requested;
- no attorney or law firm who either (1) provided services listed on the enclosed invoice, or (2) will benefit from any monies paid as a result of the submission of the enclosed invoice, has a pecuniary interest, either through an attorney, officer or employee of the firm, in any special education diagnostic services, schools, or other special education service providers;
- I understand that the making of a false statement to an agency of the DC Government is punishable by criminal penalties pursuant to D.C. Code §22-2405.

_/s/ James E. Brown_                                    January 12, 2006
Signature                                               Date

# LEGEND

### ATTORNEYS

| | |
|---|---|
| JEB | James E. Brown, Esq. |
| DH | Domiento Hill, Esq. |
| CW | Christopher West, Esq. |
| BM | Brenda McAllister, Esq. |
| RG | Roberta Gambale, Esq. |
| MH | Miguel Hull, Esq. |
| RR | Rachel Rubenstein, Esq. |
| JF | Juan Fernandez, Esq. |
| CB | Christina Busso, Esq. |
| JS | John Straus, Esq. |
| RN | Roxanne Neloms, Esq. |
| TG | Tilman Gerald, Esq. |
| DSM | Delores Scott McKnight, Esq. |
| ML | Marshall Lammers, Esq. |

### PARALEGALS and LAW CLERKS

| | |
|---|---|
| AAG | Aracelly A. Gonzalez |
| DP | David Proctor |
| BDL | Blanca De La Sancha |
| SB | Sara Benkharafa |
| WB | Williams Bautista |
| YA | Yamileth Amaya |
| CMM | Claudia M. Martinez |
| HR | Heidi Romero |
| KD | Kelly Dau |
| MT | Michele Torry, BA, L. Cert. |
| TB | Tamika Beasley |
| BC | Blair Copeland |

### ADVOCATES

| | |
|---|---|
| MM | Michelle Moody, MA |
| CS | Cheron Sutton-Brock, MA |
| KC | Kevin Carter, MA |
| CM | Carolyn Monford, MA |
| GMH | Garfield Mark Holman, MA |
| RB | C. Robin Boucher, Ph.D. |
| TS | Tamieka A. Skinner, MA |
| CP | Carrie Pecover, MA |
| CG | Comesha Griffin, MS |
| WD | William Daywalt, M. Ed. |
| DD | Donte Davis |
| CF | Carlos Fernandez, MA, JD |

### OUT OF POCKET COSTS

| | |
|---|---|
| FAX | Facsimile @ $1.00 per page |
| COP | Reproduction @ $0.25 per page |
| TRN | Transportation @ actual taxi cost |
| TEL | Long Distance Telephone @ actual cost |
| PAR | Parking @ actual cost |
| MES | Messenger/Express Mail @ actual cost |
| POS | Postage @ actual cost |

12/27/2005

James E. Brown & Associates, PLLC
A Professional Limited Liability Company
1220 L Street, NW Suite 700
Washington, DC 20005

Invoice submitted to:
Roberto Cruz

January 09, 2006
In Reference To:    Roberto Cruz

Invoice #11191

Professional Services

|  |  |  | Hrs/Rate | Amount |
|---|---|---|---|---|
| 5/25/2005 | CF | Reviewed case | 0.42<br>185.00/hr | 77.70 |
| 6/1/2005 | HR | Phone call from dad regarding summer school and tutoring services | 0.33<br>110.00/hr | 36.30 |
| 6/2/2005 | RB | Telephone call from Ivymount School re application | 0.08<br>185.00/hr | 14.80 |
| 6/7/2005 | JF | Discussed issues and strategies with educational advocate, reviewed all educational/legal information in file regarding overall progress of case | 0.50<br>365.00/hr | 182.50 |
| 6/8/2005 | CF | Reviewed case | 0.33<br>185.00/hr | 61.05 |
| 6/17/2005 | CF | Reviewed case and prepare for IEP meeting | 1.00<br>185.00/hr | 185.00 |
| 6/22/2005 | CF | Attended MDT/IEP @ school | 4.00<br>185.00/hr | 740.00 |
|  | CF | Reviewed and prepared case for IEP meeting | 0.50<br>185.00/hr | 92.50 |

Roberto Cruz                                                                                          Page    2

                                                                                              Hrs/Rate    Amount

| Date | Staff | Description | Hrs/Rate | Amount |
|---|---|---|---|---|
| 6/23/2005 | JF | Discussion with Educational Advocate in prep. for MDT/IEP meeting. Contacted parent to confirm meeting and discuss strategy to follow at the meeting | 0.50 365.00/hr | 182.50 |
|  | CF | Reported IEP meeting results to the attorney | 0.50 185.00/hr | 92.50 |
| 6/24/2005 | CF | Discussed case with the attorney | 0.50 185.00/hr | 92.50 |
|  | JF | Examine all the ed. info. in prep. for possible Due Process Hearing Request contacted parent | 1.17 365.00/hr | 427.05 |
| 6/27/2005 | HR | Draft letter to parent detailing the hearing officer's determination | 0.58 110.00/hr | 63.80 |
| 7/1/2005 | MH | Reviewed file to determine current case status and to develop strategy for future of case. | 0.33 365.00/hr | 120.45 |
| 7/27/2005 | JF | case research, reviewed last HOD, IEP and latest evaluations conducted on this student, contacted parent to discuss overall progress of the case | 0.92 365.00/hr | 335.80 |
| 7/28/2005 | HR | Phone call from dad informing us that he has been having problems with transportations | 0.17 110.00/hr | 18.70 |
| 8/3/2005 | MH | Conference with parent regarding problems with transportation during ESY. | 0.33 365.00/hr | 120.45 |
| 8/8/2005 | MH | Prepared and draft of due process hearing complaint. Includes research on issues raised and drafting of claims made. | 1.50 365.00/hr | 547.50 |
| 8/29/2005 | CF | Schedule classroom observation. | 0.25 185.00/hr | 46.25 |
| 9/7/2005 | MH | Conference with advocates, Juan Fernandez and Carlos Fernandez, regarding plan for case. | 0.25 365.00/hr | 91.25 |
|  | JF | Team Meeting to discuss status of the case and strategy to follow | 0.25 365.00/hr | 91.25 |
| 10/14/2005 | MH | Conference with parent regarding services missed over summer due to DCPS transportation failures. | 0.33 365.00/hr | 120.45 |
| 10/17/2005 | MH | Prepared and file due process hearing complaint to DCPS. | 2.17 365.00/hr | 792.05 |

Roberto Cruz                                                                                                    Page    3

| Date | Initials | Description | Hrs/Rate | Amount |
|---|---|---|---|---|
| 10/18/2005 | HR | Draft letter to parent detailing the due process hearing complaint. | 0.50 / 110.00/hr | 55.00 |
| 10/27/2005 | JF | Prepared for Dispute Resolution Meeting | 1.50 / 365.00/hr | 547.50 |
| 10/31/2005 | HR | Phone call to Seaton Elementary School to confirm resolution conference | 0.25 / 110.00/hr | 27.50 |
|  | HR | Discussion with educational advocate regarding contacting school to confirm resolution conference | 0.25 / 110.00/hr | 27.50 |
| 11/18/2005 | HR | Draft letter to parent regarding the Notice of Hearing | 0.42 / 110.00/hr | 46.20 |
|  | MH | Reviewed file to determine case status and plan strategy. | 0.17 / 365.00/hr | 62.05 |
| 11/21/2005 | HR | File Review and sent letter to parent/student | 0.17 / 110.00/hr | 18.70 |
| 11/28/2005 | HR | Draft letter to the Student Hearing Office requesting interpreter for the upcoming hearing. | 0.50 / 110.00/hr | 55.00 |
| 12/5/2005 | HR | Assisted attorney to prepare disclosure to DCPS | 1.33 / 110.00/hr | 146.30 |
|  | MH | Prepare disclosure to DCPS | 2.00 / 365.00/hr | 730.00 |
| 12/12/2005 | MH | Prepared for Due Process Hearing | 1.42 / 365.00/hr | 518.30 |
|  | MH | Teleconference hearing with DCPS. | 0.25 / 365.00/hr | 91.25 |
|  |  | For professional services rendered | 25.67 | $6,857.65 |

Additional Charges :

| Date | Description | Amount |
|---|---|---|
| 6/22/2005 | Copied: referral documents | 1.75 |
| 6/27/2005 | Postage; letter to parent. | 0.60 |
|  | Copied: HOD letter for parent. | 1.25 |

Case 1:06-cv-00823-RMC    Document 1-5    Filed 05/04/2006    Page 18 of 19

Roberto Cruz                                                                                           Page    4

|            |                                                              |   Amount |
|------------|--------------------------------------------------------------|----------|
| 10/18/2005 | Postage; letter to parent re: case status.                   |     0.60 |
|            | Copied documents; letter to parent with complaint            |     1.75 |
| 11/18/2005 | Postage; letter to parent re: case status.                   |     0.37 |
|            | Copied: NOH letter for parent.                               |     0.50 |
| 11/21/2005 | Postage; letter to parent                                    |     0.37 |
| 11/28/2005 | Facsimile to SHO/OGC  (req. interpreter)                     |     4.00 |
| 12/5/2005  | Messenger Service to and from DCPS (5-day Disclosures)       |    20.00 |
|            | Copied: Disclosure for SHO and OGC.                          |    49.00 |
| 12/12/2005 | File review preparation of bill and invoice audit            |    96.88 |

**Total costs**                                                                              $177.07

**Total amount of this bill**                                                                $7,034.72