# EXHIBIT 5

*State Educ..ion Agency for the District of Co...mbia*
*State Enforcement and Investigation Division (SEID)*
*Special Education Programs*




## *Due Process Complaint Notice*

- The form is used to give notice of a due process complaint to the **District of Columbia Public Schools, District of Columbia Public Charter Schools (DCPS or LEA) and/or parents** with respect to any matter relating to the identification, evaluation, or educational placement of a child with a disability, or the provision of a free appropriate public education to that child. **A party may not have a due process hearing until the party, or the attorney representing the party, files a notice that meets the requirements of the Individuals wit**
- The due process complaint must describe an alleged violation that occurred not more than two (2) years before the date that the parent or school system knew or should have known about the alleged action that is the basis of the complaint.

- Notice must be provided to the Student Hearing Office for the DC Public Schools, 825 North Capitol Street, NE, 8th Floor, Washington, DC 20002; fax number 202/442-5556.

- Unless the other party agrees, the party requesting the due process hearing shall not be allowed to raise issues at the due process hearing that are not raised in this Due Process Complaint Notice. Therefore, please be thorough in providing the information requested.

- Prior to the opportunity for an impartial due process hearing, the Local Educational Agency (LEA) shall convene a meeting **(called a "Resolution Session")** with the parent(s) unless the parent(s) and the Local Educational Agency agree in writing to waive this meeting. You will be contacted by a representative of the Local Educational Agency to schedule the meeting. **The Student Hearing Office does NOT schedule resolution meetings**.

- Mediation is also available to all parties as an alternative to a resolution meeting or a Due Process Hearing.

A. **INFORMATION ABOUT THE STUDENT:**

Name of the Student: **Alonzo Dunn** Date of Birth: **2/7/92**
Address: **1200 N. Capitol Street, N.W. Washington, DC 20002 # C114**
Home School: **Terrell Junior School**
Present School of Attendance: **Taft Middle School**

Is this a charter school? No (If yes, you must also provide a copy of this notice to the charter school principal or director)

Parent/Guardian of the Student: **Ms. Pamela Brown**
Address (if different from the student's above): same

B. **Legal Representative/Attorney:**

Name: **Roberta L. Gambale, Esq. ( James Brown and Associates, PLLC)**
Address: 1220 "L" Street, Suite 700, Washington, DC 20005
Phone: (w) (202)742-2000 (ext. 2021) (Fax) (202) 742-2098 (e-mail) Rgambale@jeblaw.biz
Will attorney / legal representative attend the resolution session? **X** Yes ☐ No

C. **Complaint Made Against (check all that apply):**

**X** DCPS school (name of the school if different from page one)

D. **Resolution Session Meeting Between Parent/Representative and LEA:**

I understand that it is my right to have a resolution meeting to resolve this complaint. I also understand that I may voluntarily waive this right if I choose. (Note: All parties must agree to waive the resolution meeting to avoid having this meeting.)

The parent, by and through counsel, wishes to waive the Resolution Session Meeting for this process.

E. **Mediation Process:**

IDEIA requires that any time a party requests a due process hearing, mediation should be offered at no cost to the parent. Both parties can request mediation as an alternative to the Resolution Session Meeting or as an alternative to a Due Process Hearing. Please check all that apply:

**I am requesting an administrative due process hearing only.**

F. **Facts and Reasons for the Complaint:**

In accordance with the Individuals with Disabilities Education Improvement Act (IDEIA), please complete the following questions (attach additional pages if needed):

# I. Nature of the problem.

## Background

Alonzo Dunn, DOB: 2/7/92, is an Eighth Grade student currently attending Taft Middle School. His most recent IEP is dated 8/17/05 and was drafted pursuant to the terms of a Hearing Officer's Determination issued on or about August 9, 2005. At the present time, Alonzo is multiply disabled ( LD/OHIO/ED). His IEP provides for 26 hours of instruction, 1 hour of counseling and 30 minutes of speech therapy per week.

Alonzo has continued to experience difficulties in school. He has involved in a number of conflicts with peers. On or about Tuesday, October 12, 2005, Alonzo was suspended from school for cutting class and fighting. He has since been hospitalized for psychiatric care at Children's Hospital.

## Issues

1. **District of Columbia Public Schools ("DCPS") failed to conduct either an audiological evaluation and/or a clinical reevaluation of Alonzo within a timely manner and/or as recommended by the student's MDT and/or to convene a meeting to review evaluation results**

District of Columbia Public Schools ("DCPS") failed to conduct either an audiological evaluation and/or a clinical evaluation. For Alonzo Dunn, DOB: 2/7/92.

The Multidisciplinary team that convened on or about August 17, 2005, agreed that a clinical re-evaluation was needed for Alonzo and should be completed by DCPS within forty-five (45) calendar days. ( *See pg 2 of the 8/17/05 meeting notes*) The evaluation was recommended by the DCPS school psychologist at the meeting, Ms. Randolph.

The audiological evaluation was previously requested by the parent on or about July 27, 2005 and was based upon the recommendations of the speech and language evaluation completed by DCPS examiner, Stephany Dinkins who found that: ***" He should be referred for a complete audio logical evaluation"*** *( see page 2 of the 7/20/05 speech and language evaluation report.* At the August 17, 2005 meeting, Mr. Workman acknowledged that though he had submitted the referral, the evaluation had not yet be conducted and/or scheduled but would be completed. To date, a completed evaluation has yet to be provide to parent and/or counsel for parent, nor has a meeting been scheduled to review evaluation results with the team.

According to Individuals with Disabilities Education Improvement Act of 2004, Pub. L. No. 108-446, Sec. 101, § 614(b)(2)(A) DCPS, as the local and state education agency responsible for ensuring that a student is evaluated so as to "gather relevant functional, developmental and academic information .... To assist in developing the content of the child's indivualized education program". See Individuals with Disabilities Education Improvement Act of 2004, Pub. L. No. 108-446, Sec. 101, § 614(b)(2)(A)(ii). Furthermore there is an obligation to ensure that a child is "assessed in all areas of suspected disability" Individuals with Disabilities Education Improvement Act of 2004, Pub. L. No. 108-446, Sec. 101, § 614(b)(3)(v)(B)In the instant matter, it is clear DCPS failed to do this.

The MDT agreed that the evaluations were necessary to fully provide appropriate programming for this student's needs and as a result of their failure to conduct evaluations as agreed, Alonzo has been denied a Free and Appropriate Public Education ("FAPE").

2. **District of Columbia Public Schools has denied Alonzo Dunn FAPE by failing to provide this student with related counseling and/or speech services as required by his Individualized Educational Program ("IEP")**

District of Columbia Public Schools ("DCPS") failed to provide Alonzo Dunn, DOB: 2/7/92 with the thirty minutes of speech therapy and/or the hour of counseling services that he is supposed to receive each week pursuant to the requirements of his Individualized Educational Program ("IEP") developed on or about August 17, 2005. To the best knowledge of the parent, Alonzo has not been receiving services. She is basing this on communications wit her child and the fact that no progress reports have been received regarding progress towards social emotional goals and progress was supposed to have been evaluated monthly pursuant to his IEP. Parent, through counsel, has requested service logs be provided. The Individuals with Disabilities Education Improvement Act of 2004 was promulgated for the purpose of ensuring :

> "[T]hat all children with disabilities have available to them a free and appropriate public education that emphasizes special education and related services designed to meet their unique needs and prepare them for further education, employment, and independent living"

By failing to implement his IEP and/or provide related services to Alonzo, DCPS has denied this child a Free and Appropriate Public Education ("FAPE").

## II. Issues presented.

- Whether District of Columbia Public Schools ("DCPS") failed to conduct the audiological evaluation as recommended by the DCPS speech and language pathologist and/or requested by the parent?
- Whether District of Columbia Public Schools ("DCPS") failed to conduct the clinical evaluation as recommended by the DCPS school psychologist and/or agreed upon by the MDT team ?
- Whether District of Columbia Public Schools ("DCPS") failed to provide the full extent of related services to Alonzo as required by his IEP during the 2005/2006 school year?
- Whether Alonzo Dunn has been denied a Free and Appropriate Education ("FAPE").

## III. To the extent known to you at this time, how can this problem be resolved?

**WHEREFORE**, the guardian, by and through counsel, requests the following relief:

1. A finding that DC. . denied Alonzo FAPE by failing condu either an audio logical and/or clinical evaluation;

2. That DCPS shall conduct and/or fund the following evaluations for Alonzo to include but not limited to: a) clinical evaluation and/or audiological evaluation;

3. That DCPS shall convene an MDT meeting within ten (10) calendars days of completion of the assessments for the purpose of reviewing evaluations; revising the IEP and/or discussing compensatory education, and/or discuss and/or determine placement;

4. Parent reserves the right to address compensatory education until such time as evaluations are completed and more information is obtained from his psychiatric care providers;

5. That at the afore mentioned meeting, DCPS shall secure the participation of all necessary IEP team members to include but not limited to the appropriate personnel required to review assessments and develop an appropriate program for this child;

6. That DCPS agrees to pay counsel for the parent's reasonable attorney's fees in an amount not to exceed Four Thousand Dollars and Zero Cents ($4,000.00), as full payment of attorneys' fees and related costs incurred in the matter;

7. All meetings shall be scheduled through counsel for the parent, Roberta L. Gambale, Esq., in writing, via facsimile, at 202-742-2097 or 202-742-2098;

8. Provide the student with a due process hearing within 20 calendar days of a request on any issue arising out of the noncompliance with the DCPS' obligation hereunder, or any disagreement with the assessment, programming or placement the parent may have;

9. In the event that the DCPS shall fail to comply with the terms herein, then under the Conciliation Agreement, the parent shall have the authority to use self help without further notice to the DCPS, and initiate an IEP with the DCPS' invited participation, and unilateral placement in an interim school or educational program until such time the DCPS can come into compliance and properly assess, program and/or participate;

10. Provide counsel for the parent with copies, pursuant to 5 DCMR 3021.8, of all new evaluation reports and educational records ( to include related service logs and progress reports for the time period since the commencement of the 2005/2006 school year) on the student no later than sixteen (16) business hours prior to the convening of any meeting;

11. 19.. The DCPS shall ensure that this student has available a Free and Appropriate Public Education including special education, transportation (5 DCMR 3000.3), and Other related services as are defined at 34 C.F.R. 300.24, designed to meet this student's unique needs and preparation for employment and independent living;

12. That DCPS within ten (10) calendar days of the filing of this complaint, pursuant to the Individuals with Disabilities Education Improvement Act of 2004, Pub. L. No. 108-446, Sec. 101, § 615(c)(2)(B), provide the parent's representative, Roberta L. Gambale, Esq., via facsimile, at 202-742-2097 or 202-742-2098, the following: i) an explanation of why DCPS proposed or refused to take the action raised in the complaint; ii) a description of other options that the IEP team considered and the reasons why those options were rejected, iii) a description of each evaluation procedure, assessment, record, or report the agency used as the basis for the proposed or refused action, and iv) a description of the other factors that are relevant to the agency's proposed or refused action;

13. That DCPS, in the event they fail to answer/respond to the iss. . alleged in the parent's administrative due process hearing complaint, within ten (10) calendar days, the arguments and facts as averred by the parent will be deemed true and accurate and act as a waiver, on the part of DCPS, for their desire to have a Resolution Session Meeting, and the guardian's administrative due process hearing will be scheduled pursuant to the applicable timelines contained in the IDEIA;

14. That DCPS, within fifteen (15) calendar days of receiving the parent's complaint, pursuant to the Individuals with Disabilities Education Improvement Act of 2004, Pub. L. No. 108-446, Sec. 101, § 615(c)(2)(C), respond to the parent's request alleging any insufficiency of notice.

15. That DCPS' failure to comply with the Individuals with Disabilities Education Improvement Act of 2004, Pub. L. No. 108-446, Sec. 101, § 615(c)(2)(C), and allege any insufficiency of the administrative due process complaint, will constitute waiver on the part of DCPS to make such argument at any later date and time.

16. That DCPS, pursuant to the Individuals with Disabilities Education Improvement Act of 2004, Pub. L. No. 108-446, Sec. 101, § 615(f)(1)(B), within fifteen (15) calendar days of receiving the parent's administrative due process complaint, shall contact the parent's representative, in writing, via facsimile, at 202-742-2097 or 202-742-2098, to schedule and convene a Resolution Session Meeting;

17. That DCPS, pursuant to the Individuals with Disabilities Education Improvement Act of 2004, Pub. L. No. 108-446, Sec. 101, § 615(f)(1)(B), convene the Resolution Session Meeting, with the parent, the parent's representative, and all necessary/relevant members of the student's MDT/IEP Team that have specific knowledge about the child and the facts contained in the complaint. That the relevant members of the MDT/IEP Team that shall be present at the Resolution Session Meeting for the student shall include the following persons: 1) the student's special education teacher, 2) the student's regular education teacher, if applicable, 3) a representative of the local education agency with decision making authority, 4) a psychiatrist and/or clinical psychologist; 5) an occupational therapist; and/or 6) any person(s) who conducted any assessments on the student.

18. That DCPS' failure to timely schedule and convene the Resolution Session Meeting within the timeframe identified according to the Individuals with Disabilities Education Improvement Act of 2004, Pub. L. No. 108-446, Sec. 101, § 615(f)(1)(B) constitute joint waiver between DCPS and the guardian to have such meeting and the forty-five (45) days timeline to schedule the student's administrative due process hearing and receive a timely decision will begin to run upon written notice, via facsimile, at 202-442-5556, to the DCPS Office of Student Hearings, by the parent's counsel; and

19. A finding that the parent is the prevailing party in this action.

**G. Accommodations and Assistance Needed:**

- N/A

Dated this 14th day of October, 2005

Roberta L. Gambale, Esq.,
James E. Brown & Associates, PLLC
1220 L Street, NW Suite 700
Washington, DC 20005
202-742-2021
Counsel for the Parent

**Mail, fax or deliver this complaint notices to:**
**State Enforcement and Investigation Division**
**For Special Education Programs (SEID)**
**Student Hearing Office (SHO)**
**825 North Capitol Street, NE, 8th Floor**
**Washington, DC 20002**
**Fax number: 202/442-5556**

*********************
*** TX REPORT ***
*********************

TRANSMISSION OK

| | |
|---|---|
| TX/RX NO | 3161 |
| CONNECTION TEL | 94425556 |
| CONNECTION ID | |
| ST. TIME | 10/14 16:02 |
| USAGE T | 01'06 |
| PGS. SENT | 8 |
| RESULT | OK |


# JAMES E. BROWN & ASSOCIATES, PLLC

*A Professional Limited Liability Company*

James E. Brown
Domiento C.R. Hill ◊
Roberta Gambale
Miguel A. Hull
Christopher L. West
Juan J. Fernandez!

Attorneys at Law
1220 L Street, NW
Suite 700
Washington, DC 20005
Telephone: (202) 742-2000
Facsimile: (202) 742-2098
e-mail: Admin@Jeblaw.biz

Tilman L. Gerald
Roxanne D. Neloms
John A. Straus
Delores Scott McKnight
Marshall Lammers°

! Admitted in Bolivia Only


# *FAX COVER SHEET*

DATE: October 14, 2005

TO: Sharon Newsome, Hearing Coordinator, Student Hearing Office, DCPS

PHONE: 202-442-4800

FAX NO: 202-442-5556

FROM: Yamileth Amaya, Paralegal

Alonzo Dunn
DOB: 2/7/92

NUMBER OF PAGES INCLUDING COVER SHEET: **8**

COMMENTS: Please find attached the Due Process Complaint Notice for the above mentioned student.

# District of Columbia Public Schools

## State Enforcement & Investigation Division

*Confidential*

**FREDERICK E. WOODS**, Esq., Due Process Hearing Officer
825 North Capitol Street, N.E., 8th Floor
Washington, D.C. 20002
Facsimile: (202) 442-5556

**In the Matter of**

**Alonzo Dunn**
**Date of Birth**: 02/07/92

Petitioner,

vs.

**The District of Columbia Public Schools,**
**Home School: Terrell Jr. High School**

Respondent.

**IMPARTIAL DUE PROCESS HEARING**

**DECISION AND ORDER**

Hearing Request: October 17, 2005
Hearing Dates: December 12, 2005
Held at: 825 North Capitol Street, N.E.
Eighth Floor
Washington, D.C. 20002

2005 DEC 19 PM 3:34

| | |
|---|---|
| **Parent:** | **Pamela Brown, Mother**<br>**1200 N. Capital Street, N.W.**<br>**Apt. # C 114**<br>**Washington, D.C. 20002** |
| **Counsel for the Parent/Student:** | **Roberta L. Gambale, Esq.**<br>**James E. Brown & Associates, PLLC**<br>**Attorneys at Law**<br>**1220 L Street N.W., Suite 700**<br>**Washington, D.C. 20005** |
| **District of Columbia Public Schools:** | **Karen J. Herbert, Esq.**<br>**Attorney Advisor**<br>**Office of the General Counsel, DCPS**<br>**825 North Capitol Street, N.E., 9th Floor**<br>**Washington, D.C. 20002** |

## I. JURISDICTION

The Due Process Hearing was convened and this Order written pursuant to Public Law 108-446, the Individuals with Disabilities Education Improvement Act of 2004, 20 U.S.C. §§ 1400 et seq.; 34 C.F.R. §§ 300 et seq.; 5 D.C.M.R. §§ 3000 et seq.; and Section 143 of the D.C. Appropriations Act, effective October 21, 1998.

## II. DUE PROCESS RIGHTS

Parent's counsel waived a formal reading of the due process rights.

## III. FIVE-DAY DISCLOSURES

Petitioner: Admitted, without objection, a disclosure letter filed 12/05/05 that lists five witnesses and attached eleven exhibits sequentially labeled and tabbed AD-01 through AD-11. One witness was present: Robin Boucher, Ph.D., the student's education advocate.

Respondent: Admitted, without objection, a disclosure letter filed 12/05/05 that lists thirteen witnesses and attached one exhibit sequentially labeled DCPS-01. No witnesses were present but one witness testified by-phone: LaBoae Workman, Taft Center Special Education Coordinator.

## IV. STATEMENT OF THE CASE

Alonzo Dunn (A.D.), born 02/07/92, age 13-years 10-months, is a child with a disability receiving a special education and related services as an ungraded, 100% out-of-general education, Multiple Disabled (MD)—Specific Learning Disabled (SLD), Other Health Impaired (OHI), and Emotionally Disturbed (ED) student at Taft Center in the District of Columbia. (R. at AD-06.)

Parent's counsel Roberta L. Gambale alleged in the parent's 10/17/05 Due Process Hearing Request that DCPS violated the IDEIA and denied A.D. a Free Appropriate Public Education (FAPE) by failing to timely conduct two assessments; and failing to provide his correct level of Counseling and Speech-Language Services. (R. at AD-02.)

The Student Hearing Office, DCPS, scheduled the Due Process Hearing, for 3:00 p.m., Monday, December 12, 2005 at DCPS Headquarters, 825 North Capitol Street, N.E., 8th Floor, Washington, D.C. 20002. The hearing convened as scheduled.

Attorney Advisor Karen J. Herbert appeared in-person for DCPS. Attorney Roberta L. Gambale appeared in-person for A.D. who was not present; and his mother who was present. No testimony was taken because the parties' settled all issues.

In consideration of the hearing record, the hearing officer finds it in the best interests of the child to enter the parties' **Settlement on the Record after finding that DCPS did not schedule and hold the IDEIA required Resolution Meeting within the time prescribed under that law.** The settlement terms are as follows:

## ORDER

DCPS shall ....................................................

1. Perform a Comprehensive Audiological Assessment within 30-calendar days of this order's issue date.

2. Fund, at public expense, pursuant to the costs guidelines in the March 20, 2002 DCPS Office of Superintendent Directive Number 530.6 or at prevailing market rate if the assessment is not covered by the Superintendent Directive, the parent's independent Audiological Assessment if DCPS fails to comply with paragraph one.

3. Convene A.D.'s BLMDT/IEP/Compensatory Education Meeting at Taft Center within ten (10)-school days after DCPS completes the assessment or after the Taft Center Special Education Coordinator receives A.D.'s independent assessment results from the parent along with three (3) proposed meeting dates, for this purpose:

   a. To review the assessment report;
   b. To determine if any additional assessments are necessary to determine A.D.'s continued eligibility and if so, either perform them or fund independent assessments;
   c. To revise his IEP, if necessary, based on the evaluation review; and
   d. To discuss and decide if a Compensatory Education Plan is warranted for A.D.

4. Allow A.D.'s BLMDT to determine the amount, form, and means of delivering his Compensatory Education, if warranted, by developing and implementing his Compensatory Education Plan.

5. Provide the student's Encounter Tracker Forms to the parent for pick-up from the Taft Center.

6. Schedule all meetings at a mutually agreeable time through the parent and parent's counsel. And provide counsel a copy of the meeting notice by facsimile at (202) 742-2098.

7. Day-for-Day Caveat: Any scheduling, evaluation or meeting delay due to acts of the parent, student, student-advocate, student's attorney or because of an unscheduled school closing shall extend DCPS' performance timelines established in this Order by one day for each day of delay.

8. This Order resolves all issues raised in the student's 10/17/05 Due Process Hearing Request that is dismissed; and the hearing officer made no additional findings.

**This is THE FINAL ADMINISTRATIVE DECISION. An Appeal can be made to a court of competent jurisdiction within ninety (90) days of this Order's issue date.**

**Frederick E. Woods**
**Hearing Officer**

12/19/05
**Date**

**Issued:** 12-20-05
**Student Hearing Office, DCPS**

# District of Columbia Public Schools

*State Enforcement & Investigation Division*

| | |
|---|---|
| **In the Matter of** ) | |
| ) | |
| **A.D.** ) | |
| Petitioner, ) | **IMPARTIAL** |
| vs. ) | **DUE PROCESS HEARING** |
| ) | |
| **The District of Columbia Public Schools,** ) | |
| **Taft Center** ) | |
| Respondent. ) | |

The Individuals with Disabilities Education Improvement Act (IDEIA) 20 U.S.C. §§ 1400 et seq.

Case Information:

Hearing Request Date: October 17, 2005
**Hearing Date: December 12, 2005**
Held at: 825 North Capitol Street, N.E.
Eighth Floor
Washington, D.C. 20002
SETS Case Number: ___________
Student's Birth Date: February 7, 1992
Attending School: Taft Center
Managing School: Terrell Junior High School

## CERTIFICATION OF RECORD

I, Frederick E. Woods, Impartial Due Process Hearing Officer in this matter, do hereby certify that the attached Record of Proceedings and Index of Exhibits itemizes the entire record in the above captioned matter as of this date, consisting of all letters, pleadings, orders, exhibits, depositions, and tapes.

I further certify that the materials placed in the SHO file for this student are either the original or true copy of the original documents submitted in this matter.

Executed this 19th day of December, 2005.

Fred E. Woods
Due Process Hearing Officer

**Re: MATTER OF**
**A.D. v. DCPS, TERRELL JUNIOR HIGH SCHOOL**

# RECORD OF PROCEEDINGS

| DATE: | DESCRIPTION: |
|---|---|
| 10/17/05 | Due Process Hearing Request Filed By Parent |
| 11/10/05 | Notice of Due Process Hearing Date Sent to Parties |
| 12/12/05 | Due Process Hearing Convened; Completed; Recorded in HR-3, Start Time 3:25 p.m. and End Time 4:25 p.m.; and the Case was Settled. |
| 12/19/05 | Hearing Officer's Decision Filed with the SHO |
| 12/19/05 | Hearing Officer's Decision Issued by the SHO |

Frederick E. Woods
Due Process Hearing Officer

12/19/05
Date



# District of Columbia Public Schools

OFFICE OF GENERAL COUNSEL
825 North Capitol Street NE, 9th Floor
Washington, DC 20002-1994
Phone - 202-442-5000, Fax – 202-442-5098

## APPLICATION FOR PAYMENT OF ATTORNEY FEES AND COSTS PURSUANT TO THE INDIVIDUALS WITH DISABILITIES EDUCATION ACT

1. **Attorney Information**

| | |
|---|---|
| Law Firm: | JAMES E. BROWN & ASSOCIATES, PLLC |
| Attorney: | JAMES E. BROWN |
| Federal Tax ID No.: | 52-1500760 |
| D.C. Bar No.: | 61622 |

2. **Student Information**

| | |
|---|---|
| Name: | Alonzo Dunn |
| DOB: | 2/7/92 |
| Date of Determination (HOD/SA): | 12/20/05 |
| Parent/Guardian Name: | Pamela Brown |
| Parent/Guardian Address: | 1200 N. Capitol St., NW, C114, 20002 |
| Current School: | Terrell JHS |
| Home School: | Terrell JHS |

3. **Invoice Information**

| | |
|---|---|
| Invoice Number: | 06-002 |
| Date Request Submitted: | 1/12/06 |
| Date(s) Services Rendered | 8/17/05 to 12/12/05 |
| Amount of Payment Request | $ 6,599.36 |

4. **Certification (must be signed by principal attorney)**

I certify that all of the following statements are true and correct:

- all services listed on the enclosed invoices were actually performed;
- the entire amount requested on the enclosed invoice for payment of costs and expenses represents the actual amount of costs and expenses incurred;
- the District of Columbia Public Schools is the sole entity from which payment of the fees, costs and expenses itemized on the enclosed invoice is requested;
- no attorney or law firm who either (1) provided services listed on the enclosed invoice, or (2) will benefit from any monies paid as a result of the submission of the enclosed invoice, has a pecuniary interest, either through an attorney, officer or employee of the firm, in any special education diagnostic services, schools, or other special education service providers;
- I understand that the making of a false statement to an agency of the DC Government is punishable by criminal penalties pursuant to D.C. Code §22-2405.

James E. Brown
Signature

January 12, 2006
Date

# LEGEND

## ATTORNEYS

| | |
|---|---|
| JEB | James E. Brown, Esq. |
| DH | Domiento Hill, Esq. |
| CW | Christopher West, Esq. |
| BM | Brenda McAllister, Esq. |
| RG | Roberta Gambale, Esq. |
| MH | Miguel Hull, Esq. |
| RR | Rachel Rubenstein, Esq. |
| JF | Juan Fernandez, Esq. |
| CB | Christina Busso, Esq. |
| JS | John Straus, Esq. |
| RN | Roxanne Neloms, Esq. |
| TG | Tilman Gerald, Esq. |
| DSM | Delores Scott McKnight, Esq. |
| ML | Marshall Lammers, Esq. |

## PARALEGALS and LAW CLERKS

| | |
|---|---|
| AAG | Aracelly A. Gonzalez |
| DP | David Proctor |
| BDL | Blanca De La Sancha |
| SB | Sara Benkharafa |
| WB | Williams Bautista |
| YA | Yamileth Amaya |
| CMM | Claudia M. Martinez |
| HR | Heidi Romero |
| KD | Kelly Dau |
| MT | Michele Torry, BA, L. Cert. |
| TB | Tamika Beasley |

## ADVOCATES

| | |
|---|---|
| MM | Michelle Moody, MA |
| CS | Cheron Sutton-Brock, MA |
| KC | Kevin Carter, MA |
| SM | Sharon Millis, M. Ed. |
| CM | Carolyn Monford, MA |
| GMH | Garfield Mark Holman, MA |
| RB | C. Robin Boucher, Ph.D. |
| TS | Tamieka A. Skinner, MA |
| CP | Carrie Pecover, MA |
| CG | Comesha Griffin, MS |
| WD | William Daywalt, M. Ed. |
| DD | Donte Davis |
| CF | Carlos Fernandez, MA,JD |

## OUT OF POCKET COSTS

| | |
|---|---|
| FAX | Facsimile @ $1.00 per page |
| COP | Reproduction @ $0.25 per page |
| TRN | Transportation @ actual taxi cost |
| TEL | Long Distance Telephone @ actual cost |
| PAR | Parking @ actual cost |
| MES | Messenger/Express Mail @ actual cost |
| POS | Postage @ actual cost |

James E. Brown & Associates, PLLC
A Professional Limited Liability Company
1220 L Street, NW Suite 700
Washington, DC 20005

Invoice submitted to:
Dunn, Alonzo

January 06, 2006
In Reference To: Dunn, Alonzo

Invoice #11168

Professional Services

| Date | Staff | Description | Hrs/Rate | Amount |
|---|---|---|---|---|
| 8/17/2005 | GMH | Attended MDT/IEP @ TAFT ES. | 4.50<br>185.00/hr | 832.50 |
| 8/18/2005 | RG | Reviewed IEP and notes from meeting | 0.50<br>365.00/hr | 182.50 |
| 8/23/2005 | RB | Reviewed 7/8/05 HOD | 0.17<br>185.00/hr | 31.45 |
| 9/6/2005 | RB | Case note memo to attorney re audiological evaluation deadline 9/7/05 | 0.08<br>185.00/hr | 14.80 |
| 10/14/2005 | RG | Conference with parent re: status of AD and hospitalization | 0.42<br>365.00/hr | 153.30 |
| | RG | Drafted letter to DCPS - Taft to follow up on evals; hrg and advise DCPS as to status | 0.42<br>365.00/hr | 153.30 |
| | RG | Prepared and file due process hearing request to DCPS | 2.00<br>365.00/hr | 730.00 |
| | YA | Assisted attorney in request for hearing to student hearing office | 0.33<br>110.00/hr | 36.30 |

| Date | Staff | Description | Hrs/Rate | Amount |
|---|---|---|---|---|
| 10/14/2005 | YA | Drafted letter to parent re, detailed Hearing Request | 0.58<br>110.00/hr | 63.80 |
| 10/17/2005 | RB | Received and reviewed hearing complaint | 0.17<br>185.00/hr | 31.45 |
| 10/21/2005 | YA | Tickled resolution meeting deadline | 0.17<br>110.00/hr | 18.70 |
| | YA | Drafted letter to parent re, resolution meeting | 0.58<br>110.00/hr | 63.80 |
| 10/24/2005 | RB | Reviewed DCPS Office of Mediation and EDR scheduling memo; trickled calendar for deadline for DRS | 0.08<br>185.00/hr | 14.80 |
| 10/26/2005 | RG | Reviewed indep psych eval received and instructions to YA re: follow up w mom | 0.50<br>365.00/hr | 182.50 |
| | YA | Drafted letter to parent re, Psycho-Educational Evaluation | 0.58<br>110.00/hr | 63.80 |
| | RB | Reviewed 9/30/05 psychological evaluation | 0.42<br>185.00/hr | 77.70 |
| | RB | Memo to attorney about psychological evaluation findings | 0.17<br>185.00/hr | 31.45 |
| | RB | Reviewed hearing screening report | 0.17<br>185.00/hr | 31.45 |
| | RB | Memo to attorney re hearing screening findings | 0.08<br>185.00/hr | 14.80 |
| | RB | Phone call to parent re hospitalization, evaluation results, and DRS meeting | 0.25<br>185.00/hr | 46.25 |
| | RB | Memo to attorney re parent's report about hospitalization, evaluation, and DRS | 0.17<br>185.00/hr | 31.45 |
| 10/27/2005 | RG | Reviewed response; call to mom and RB re: DRS | 0.42<br>365.00/hr | 153.30 |
| | RB | Drafted and faxed note to Taft Center re DRS 10/28/05 and parent participation | 0.25<br>185.00/hr | 46.25 |

| Date | Staff | Description | Hrs/Rate | Amount |
|---|---|---|---|---|
| 10/27/2005 | RB | Telephone calls exchanged between Taft and advocate re DRS | 0.33<br>185.00/hr | 61.05 |
| | RB | Memo to attorney re DRS and attempts to reach parent | 0.17<br>185.00/hr | 31.45 |
| | RB | Phone calls to parent at assorted numbers re DRS proposed by school | 0.17<br>185.00/hr | 31.45 |
| 10/28/2005 | RB | Telephone calls (2) to Taft Center re DRS | 0.25<br>185.00/hr | 46.25 |
| | RB | Phone call to parent re DRS | 0.17<br>185.00/hr | 31.45 |
| | RB | Memo to attorney re efforts to schedule DRS by deadline | 0.17<br>185.00/hr | 31.45 |
| 11/2/2005 | RB | Phone call to parent; memo to attorney re need to schedule DRS with parent | 0.17<br>185.00/hr | 31.45 |
| | RB | Drafted and sent letter to parent re DRS and other concerns re communication | 0.42<br>185.00/hr | 77.70 |
| | RB | Memo to attorney re conversation with Taft Center | 0.08<br>185.00/hr | 14.80 |
| | RG | Discussion with RB re: status and availability of parent and communication with DCPS | 0.25<br>365.00/hr | 91.25 |
| 11/16/2005 | YA | Drafted letter to parent re, Hearing Date Notice | 0.58<br>110.00/hr | 63.80 |
| | YA | Tickled disclosure in Microsoftoutlook | 0.17<br>110.00/hr | 18.70 |
| 12/1/2005 | YA | File Review and sent letter to parent/student | 0.17<br>110.00/hr | 18.70 |
| 12/5/2005 | YA | Assist attorney to prepare disclosure to DCPS, Student Hearing Office and Office of General Counsel | 1.50<br>110.00/hr | 165.00 |
| | RG | Prepare disclosure to DCPS | 1.00<br>365.00/hr | 365.00 |

| Date | Init | Description | Hrs/Rate | Amount |
|---|---|---|---|---|
| 12/7/2005 | RG | Reviewed and drafted memo | 0.33<br>365.00/hr | 120.45 |
| 12/12/2005 | RG | Pre-hearing conference with mom ( 30) pre-heasring discussion with advocate re her efforts to schedule meeting (20) prep for hearing (90) | 2.33<br>365.00/hr | 850.45 |
| | RG | Appearance to 825 North Capital for due process hearing | 2.00<br>365.00/hr | 730.00 |
| | RB | Prepared for Due Process Hearing: reviewed disclosure packet and case notes | 0.50<br>185.00/hr | 92.50 |
| | RB | prehearing conference with attorney | 0.33<br>185.00/hr | 61.05 |
| | RB | Appearance to 825 North Capital for due process hearing | 2.42<br>185.00/hr | 447.70 |
| | | For professional services rendered | 26.52 | $6,387.30 |

Additional Charges :

| Date | Description | Amount |
|---|---|---|
| 7/27/2005 | Facsimile req. for audio to Taft | 2.00 |
| 8/16/2005 | Copied: HOD letter for parent. | 0.25 |
| 10/14/2005 | Postage; letter to parent (HR) | 0.60 |
| | Copied: HR for parent and advocate. | 3.50 |
| | Copied: HR letter for parent. | 0.25 |
| | Facsimile HR to SHO | 8.00 |
| 10/21/2005 | Postage; letter to parent re: resolution meeting. | 0.37 |
| | Copied: meeting resolution letter for parent and advocate. | 1.75 |
| 10/26/2005 | Copied: psychological letter for parent. | 0.25 |
| | Postage; letter to parent re: DCPS evaluation. | 0.60 |
| 10/27/2005 | Facsimile: DRS notes to Taft Center. | 1.00 |
| 11/1/2005 | Postage; letter to parent. | 0.37 |

| | | Amount |
|---|---|---|
| 11/16/2005 | Copied: HDN lette for P and A. | 1.00 |
| | Postage; letter to parent re: HDN. | 0.37 |
| 12/1/2005 | Postage; letter to parent | 0.37 |
| 12/5/2005 | Messenger Service to and from DCPS (5-day Disclosures) | 20.00 |
| | Copied: disclosure for SHO, OGC, and atty. | 58.50 |
| 12/12/2005 | Sedan taxi service to and from DCPS for hearing.(attny. and adv.) | 16.00 |
| | File review preparation of bill and invoice audit | 96.88 |
| | Total costs | $212.06 |
| | Total amount of this bill | $6,599.36 |