# EXHIBIT 6

*State Education Agency for the District of Columbia*
*State Enforcement and Investigation Division (SEID)*
*Special Education Programs*



# *ADMINISTRATIVE DUE PROCESS COMPLAINT NOTICE*

- The form is used to give notice of a due process complaint to the **District of Columbia Public Schools, District of Columbia Public Charter Schools (DCPS or LEA) and/or parents** with respect to any matter relating to the identification, evaluation, or educational placement of a child with a disability, or the provision of a free appropriate public education to that child. **A party may not have a due process hearing until the party, or the attorney representing the party, files a notice that meets the requirements of the Individuals with Disabilities Education Improvement Act (IDEIA).**

- The due process complaint must describe an alleged violation that occurred not more than two (2) years before the date that the parent or school system knew or should have known about the alleged action that is the basis of the complaint.

- Notice must be provided to the Student Hearing Office for the DC Public Schools, 825 North Capitol Street, NE, 8th Floor, Washington, DC 20002; fax number 202/442-5556.

- Unless the other party agrees, the party requesting the due process hearing shall not be allowed to raise issues at the due process hearing that are not raised in this Due Process Complaint Notice. Therefore, please be thorough in providing the information requested.

- Prior to the opportunity for an impartial due process hearing, the Local Educational Agency (LEA) shall convene a meeting (called a "Resolution Session") with the parent(s) unless the parent(s) and the Local Educational Agency agree in writing to waive this meeting. You will be contacted by a representative of the Local Educational Agency to schedule the meeting. **The Student Hearing Office does NOT schedule resolution meetings**.

- Mediation is also available to all parties as an alternative to a resolution meeting or a Due Process Hearing.

A.  **INFORMATION ABOUT THE STUDENT:**

Name of the Student: _Norville Fenwick_   Date of Birth: _December 28th, 1991_

Address: _5186 Eastern Avenue, NE, #204, Washington, DC 20011_

Present School of Attendance: _The High Roads Upper School_

Parent/Guardian of the Student: ___Ms. Quenitra Fenwick___

**B.** **Legal Representative/Attorney (if applicable):**

Name: ___Roxanne Neloms, Esq.___

Address: ___1220 L Street, NW, Suite 700, Washington, DC 20005___

Phone: (w) _202-742-2000_ (Fax) _202-742-2097_ (e-mail) _____

Will attorney / legal representative attend the resolution session?   **X** Yes    ☐ No

**C.** **Complaint Made Against (check all that apply):**

**X** DCPS school (name of the school if different from page one)
☐ Charter school (name of the charter school if different from page one)_____
☐ Non-public school or residential treatment facility (name) _____
☐ Parent

**D.** **Resolution Session Meeting Between Parent and LEA:**

**X** I wish to waive the Resolution Session Meeting.

**E.** **Mediation Process:**

I am requesting an administrative due process hearing <u>only</u> at this time.

**F.** **Facts and Reasons for the Complaint:**

### I. Nature of the Problem.

1. <u>DCPS Denied the Student with a Free and Appropriate Public Education by Failing to Comply with the August 22nd, 2005 Order of the Independent Hearing Officer.</u> An administrative due process hearing was held for the student on or about August 2nd, 2005. As a result of that hearing, the impartial due process hearing officer issued a decision on August 22nd, 2005, in which the District of Columbia Public Schools ("DCPS") was ordered to do, among other things, "immediately reimburse to the parent $157.60 for transportation expenses", and "convene an MDT/IEP Meeting, review all evaluations, review all evaluations, review and revise the Petitioner's IEP, discuss and determine placement, discuss and determine if compensatory education is warranted within 45 calendar days of the issuance of this Order." <u>See</u> Order dated August 22nd, 2005.

2

An MDT/IEP Meeting was held for the student on August 29th, 2005 with DCPS' invited participation. See Individualized Educational Program. Unfortunately, DCPS failed to appear at the MDT/IEP Meeting, as such, several issues which needed to be discussed and resolved at the student's MDT/IEP Meeting, were left unresolved. Specifically, the issues surrounding the student's reevaluations and compensatory education were still unresolved.

On August 30th, 2005, counsel for the parent, as a result of DCPS' failure to appear at the MDT/IEP Meeting of August 29th, 2005, wrote to the DCPS Office of Mediation and Compliance, informing them that because DCPS failure to appear at the student's MDT/IEP Meeting of the 29th, the student's MDT/IEP Meeting needed to be reconvened. See Correspondence dated August 30th, 2005. DCPS failed to respond.

On October 1st, 2005, counsel for the parent sent a second letter to DCPS requesting that DCPS comply with the order of the independent hearing officer, and reconvene the student's MDT/IEP Meeting or risk having the parent file an administrative due process hearing. See Correspondence dated October 1st, 2005. DCPS for a second time, failed to respond. To date, DCPS has yet to comply with the order of the independent hearing officer.

2. <u>Denial of a Free and Appropriate Public Education - Failure to Provide the Student with his Special Education Instruction and Related Services.</u> Compensatory education is generally defined as educational services above and beyond the services normally due a student under his state's education law. While compensatory education is not a remedy expressly identified in the IDEA courts have routinely awarded it in appropriate circumstances by exercising their authority under 20 U.S.C. § 1415 (I)(2)(B)(ii) to "grant such relief as the court determines appropriate." See Pihl v. Massachusetts Department of Education, 18 IDELR 668 (1st Cir. 1993); Burr v. Ambach, 1988-89 EHLR 441:314 (2d Cir. 1988); Lester H. by Octavia P. v. Gilhool, 16 EHLR 1354 (3d Cir. 1990); Hall v. Knott County Board of Education, 18 EDELR 192 (6th Cir. 1991); Parents of Student W v. Puyallup School District No. 3, 21IDELR 723 (9th Cir. 1994); Jefferson County Board of Education v. Green, 1987-88 EHLR 559:144 (N.D. Ala. 1987); Harris v. District of Columbia, 19 IDELR 105 (D.D.C. 1992); McManus v. Wilmette Sch. Dist. 39 Bd. Of Educ., 19 IDELR 485 (N.D. Ill. 1992); and Burlington School Committee v. Massachusetts Department of Education, 1984-85 EHLR 556:389 (1985).

Furthermore, courts have found compensatory education appropriate to make up periods when a student has been inappropriately placed or denied services. See, e.g., <u>Manchester Sch. Dist. v. Christopher B.</u>, 20 IDELR 389 (D.N.H. 1992). The length of time of the compensatory education award commonly equals the length of the inappropriate placement or denial of services, measured in weeks, months or even years. In <u>Manchester</u>, the court found the student was entitled to two and one-half years of compensatory education for his being inappropriately placed for

3

two and one-half years. Simply put, compensatory education is an appropriate remedy when a student has been denied FAPE in the past.

Here, the student, on or about September 1st, 2004, was discharged from the Devereux Residential Treatment Center. Unfortunately, DCPS, despite being on notice that the student was being discharged, failed to locate an appropriate placement. As a result, the student, until March of 2005, was not in school. As a result the student failed to receive special education and its related services for seven (7) months while awaiting placement.

As one of the terms of the order issued on or about August 22nd, 2005, DCPS was required to reconvene the student's MDT/IEP Meeting. See Order dated August 22nd, 2005. As stated earlier, DCPS failed to appear at the student's MDT/IEP Meeting of August 29th, 2005, and as a result, the issue regarding the student's compensatory education was not resolved.

3. <u>DCPS Denied the Student with a Free and Appropriate Public Education by Failing to Timely Complete the Student's Recommended Reevaluations</u>. According to the IDEIA § 614 (a)(2)(A) DCPS, as the local education agency shall ensure that a reevaluation of ach child with a disability is conducted if the child's parent or teacher requests a reevaluation. In the instant matter it is clear DCPS failed to comply with the requirements of the statute.

Here, an MDT/IEP Meeting was held for the student on August 29th, 2005. At the MDT/IEP Meeting, the MDT Team determined that the student would be reevaluated with a psycho-educational and occupational therapy evaluation. See Student Evaluation Plan dated August 29th, 2005. To date, DCPS has yet to complete any of the requested reevaluations.

## II. Issues presented.

1. Whether or Not DCPS Denied the Student with a Free and Appropriate Public Education by Failing to Comply with the August 22nd, 2005, Order of the Independent Hearing Officer;

2. Whether or Not DCPS Denied the Student with a Free and Appropriate Public Education by Failing to Comply with the Individuals with Disabilities Education Improvement Act (2004) Pub. L. No. 108-446 Sec. 101 and Timely Provide the Student with his Special Education Instruction and Related Services; and

3. Whether or Not DCPS Denied the Student with a Free and Appropriate Public Education by Failing To Timely Complete the Student's Requested Reevaluations.

### III. Relief Sought.

**WHEREFORE**, the parent, by and through counsel, hereby requests the following relief:

1. A Finding that DCPS Denied the Student with a Free and Appropriate Public Education by Failing to Comply with the August 22nd, 2005 Order of the Independent Hearing Officer;

2. A Finding that DCPS Denied the Student with a Free and Appropriate Public Education by Failing to Comply with the Individuals with Disabilities Education Improvement Act (2004) Pub. L. No. 108-446 Sec. 101 and Timely Provide the Student with his Special Education Instruction and Related Services;

4. A Finding that DCPS Denied the Student with a Free and Appropriate Public Education by Failing To Timely Complete the Student's Requested Reevaluations;

5. DCPS, within three (3) business days, agrees to remit payment to the mother in the amount of $157.60;

6. DCPS, agrees to fund the parent's psycho-educational and occupational therapy evaluations;

7. DCPS, within five (5) business days, upon receipt of the last of the evaluations, agrees to reconvene the student's MDT/IEP Meeting, with the appropriate persons present, to review the evaluations, revise and update the student's IEP, develop a compensatory education plan and discuss placement;

8. DCPS agrees to fund eight hundred (800) hours of compensatory education services for the student to include specialized instruction and psychological counsel, and occupational therapy services;

9. DCPS, forty-eight (48) hours prior to the reconvening of the MDT/IEP Meeting, agrees to fax to counsel for the parent, Roxanne Neloms or Domiento C.R. Hill, copies of all of the student's related services logs, encounter tracking logs, and IEP Progress Reports, prior to the MDT/IEP Meeting;

10. Provide the student with a due process hearing within 20 calendar days of a request on any issue arising out of the noncompliance with the DCPS' obligation hereunder, or any disagreement with the assessment, programming or placement the parent may have;

11. In the event that the DCPS shall fail to comply with the terms herein, then under

the Conciliation Agreement, the parents shall have the authority to use self help without further notice to the DCPS, and initiate an IEP with the DCPS' invited participation, and unilateral placement in an interim school or educational program until such time the DCPS can come into compliance and properly assess, program and/or participate;

12. The DCPS shall ensure that this student has available a Free and Appropriate Public Education including special education, transportation (5 DCMR 3000.3), and Other related services as are defined at 34 C.F.R. 300.7; <u>Assistance to States for the Education of Children with Disabilities</u>, 70 Fed. Reg. 35782, 35836 (June 21, 2005) (to be codified at 34 C.F.R. pt. 300), designed to meet this student's unique needs and preparation for employment and independent living;

11. Send all notices to counsel for the parent with copies of such to the parent and in the parent's native language;

12. That DCPS within ten (10) calendar days of the filing of this complaint, pursuant to the Individuals with Disabilities Education Improvement Act of 2004, Pub. L. No. 108-446, Sec. 101, § 615(c)(2)(B), provide the parents' representative, Roxanne Neloms, Esq., via facsimile, at 202-742-2097 or 202-742-2098, the following: i) an explanation of why DCPS proposed or refused to take the action raised in the complaint; ii) a description of other options that the IEP team considered and the reasons why those options were rejected, iii) a description of each evaluation procedure, assessment, record, or report the agency used as the basis for the proposed or refused action, and iv) a description of the other factors that are relevant to the agency's proposed or refused action;

13. That DCPS, in the event they fail to answer/respond to the issues alleged in the parent's administrative due process hearing complaint, within ten (10) calendar days, the arguments and facts as averred by the parent in this administrative due process complaint will be deemed true and accurate and act as a waiver, on the part of DCPS, for their desire to have a Resolution Session Meeting, and the parent's administrative due process hearing will be scheduled pursuant to the applicable timelines contained in the IDEIA, furthermore, DCPS' failure to provide a response or prior written notice as required will result in the parent's being awarded a default judgment;

14. That DCPS, within fifteen (15) calendar days of receiving the parent's Complaint, pursuant to the Individuals with Disabilities Education Improvement Act of 2004, Pub. L. No. 108-446, Sec. 101, § 615(c)(2)(C), respond to the parent's request alleging any insufficiency of notice;

15. That DCPS' failure to comply with the Individuals with Disabilities Education Improvement Act of 2004, Pub. L. No. 108-446, Sec. 101, § 615(c)(2)(C), and allege any insufficiency of the parent's administrative due process complaint,

6

will constitute waiver on the part of DCPS to make such argument at any later date and time;

16. That DCPS, pursuant to the Individuals with Disabilities Education Improvement Act of 2004, Pub. L. No. 108-446, Sec. 101, § 615(f)(1)(B), within fifteen (15) calendar days of receiving the parent's administrative due process complaint, shall contact the parent's representative, in writing, via facsimile, at 202-742-2097 or 202-742-2098, to schedule and convene a Resolution Session Meeting;

17. That DCPS, pursuant to the Individuals with Disabilities Education Improvement Act of 2004, Pub. L. No. 108-446, Sec. 101, § 615(f)(1)(B), convene the Resolution Session Meeting, with the parent, the parent's representative, and all necessary/relevant members of the student's MDT/IEP Team that have specific knowledge about the child and the facts contained in the complaint. That the relevant members of the MDT/IEP Team that shall be present at the Resolution Session Meeting for the student;

18. That DCPS' failure to timely schedule and convene the Resolution Session Meeting within the timeframe identified according to the Individuals with Disabilities Education Improvement Act of 2004, Pub. L. No. 108-446, Sec.101, § 615(f)(1)(B) constitute joint waiver between DCPS and the parent to have such meeting and the forty-five (45) days timeline to schedule the student's administrative due process hearing and receive a timely decision will begin to run upon written notice, via facsimile, at 202-442-5556, to the DCPS Office of Student Hearings, by the parent's counsel; and

19. A finding that the parent is the prevailing party in this action.

G. **Accommodations and Assistance Needed:**

Please list any special accommodations you may require for a Resolution Session Meeting/Mediation Conference/Due Process Hearing.

H. **Signature:**

_____     10/6/05
Legal Representative / Advocate (if applicable)     Date

Mail, fax or deliver this complaint notice to:
**State Enforcement and Investigation Division
For Special Education Programs (SEID)
Student Hearing Office (SHO)
825 North Capitol Street, NE, 8th Floor
Washington, DC 20002
Fax number: 202/442-5556**

7

```
*************************
***   TX REPORT   ***
*************************

TRANSMISSION OK

TX/RX NO              2822
CONNECTION TEL                    92024425556
CONNECTION ID
ST. TIME              10/06 16:41
USAGE T               01'06
PGS. SENT             8
RESULT                OK
```

## James E. Brown & Associates, PLLC
*A Professional Limited Liability Company*

| | | |
|---|---|---|
| James E. Brown | Attorneys at Law | Tilman L. Gerald |
| Domiento C.R. Hill o | 1220 L Street, NW | Roxanne D. Neloms |
| Roberta Gambale | Suite 700 | John A. Straus |
| Miguel A. Hull | Washington, DC 20005 | Dolores Scott McKnight |
| Christopher L. West | Telephone: (202) 742-2000 | Marshall Lammers ' |
| Juan J. Fernandez! | Facsimile: (202) 742-2098 | |
| | e-mail: Admin@Jeblaw.biz | ! Admitted in Bolivia Only |

# FAX COVER SHEET

TO: Sharon Newsome, Scheduling Coordinator, Office of Student Hearings, DCPS

FROM: Domiento C.R. Hill, Esq. for Roxanne Neloms, Esq.

DATE: October 6th, 2005

FAX NO: 202-442-5556

SUBJECT: N.F., DOB: 12/28/91

NUMBER OF PAGES, INCLUDING FAX COVER SHEET: 8

COMMENTS: Administrative due process hearing complaint. Thank you for your assistance

**STATEMENT OF CONFIDENTIALITY:**
The information contained in this electronic message and any attachments to this message are intended for the exclusive use f the addressee(s) and may contain confidential or privileged information. If you are not the intended recipient, please notify James E. Brown and Associates, PLLC immediately at (202) 742-2000, and destroy all copies of this message and any attachments.

# DISTRICT OF COLUMBIA PUBLIC SCHOOLS
## ENFORCEMENT AND INVESTIGATION DIVISION

## SPECIAL EDUCATION DUE PROCESS HEARING

## CONFIDENTIAL

## HEARING OFFICER'S DETERMINATION

**STUDENT:** Norville Fenwick        **DATE OF BIRTH:** 12/28/91

**ADDRESS:** 5186 Eastern Ave., N.E.
Washington, D.C.

**PRESENT SCHOOL ATTENDING:** High Roads Academy

**DATE OF HEARING:** December 2, 2005

**Student's Representative:** Marshall Lammers, Esq.
Address: 1220 L Street, N.W.
Washington, D.C. 20005
FAX: 202-742-2098

**School System's Representative:** Rashida Chapman, Esq.
Address: 825 N. Capitol Street, N.E., Washington, D.C. 20002

2005 DEC 12 AM 9: 55
DC PUBLIC SCHOOL SYSTEM

**INTRODUCTION:**

A hearing was held at the District of Columbia Public Schools (DCPS), 825 N. Capitol Street, N.E., Washington, D.C. 20002, on December 2, 2005, at the request of Marshall Lammers, counsel for the parent and the student. Rashida Chapman represented DCPS, the other party to this hearing.

**JURISDICTION:**

The hearing was held and this decision was written pursuant to the Individuals with Disabilities Education Act (IDEA) (P.L. 101-476), reauthorized as the IDEA Improvement Act of 1997 (P.L. 105-17) 20 U.S.C. 1400 Et. seq.; and their current regulations, specifically the Code of Federal Regulations at 34 CFR Part 300; and District of Columbia Municipal Regulations, Chapter 30, Education Handicapped, Title V, Sections 3000-3099.

**ISSUES:**

1. Is the student entitled to compensatory education?

2. Has reimbursement of travel expenses previously ordered been complied with?

**DOCUMENTS SUBMITTED BY DCPS:**

DCPS-1-DCPS-2

**DOCUMENTS SUBMITTED BY STUDENT:**

NF-1-NF-31

**FINDINGS OF FACT:**

1. The student is a thirteen-year-old male who has been found eligible for special education services by DCPS as a student with the disability classification of multiple disabilities-emotional disturbance and mental retardation. (NF-28)

2. On September 17th 2004, the student was discharged from the Devereux Residential Treatment Center, where he had been placed by an HOD. (NF-3)

3. DCPS entered settlement agreements on September 22nd 2004 (NF-7), November 19th 2004 (NF-8), January 10th 2005 (NF-9) and finally on March 10th 2005 (NF-10) to provide a placement for the student. Only

2

after the last settlement agreement on March 10th 2005, did DCPS provide a placement for the student at High Road Academy of Washington with transportation. He was enrolled at High Road Upper School of Washington on March 14th 2005. (NF-28) The student did not receive any special education services from his date of discharge from Devereux until his enrollment at High Road Upper School on March 14th 2005.

4. DCPS agreed to reimburse the grandmother for expenses incurred for transporting the student from Devereux residential facility on September 17th 2004 in a settlement agreement incorporated into an Order on May 20th 2005. (NF-11) Another Order was issued on August 22nd 2005 ordering reimbursement for the travel expenses of the grandmother. (NF-12) To the date of this hearing, the grandparent has not been reimbursed for travel expenses.

**DISCUSSION AND CONCLUSIONS OF LAW:**

Counsel for DCPS has not met DCPS's burden of proof that it complied with the August 22nd 2005 HOD on reimbursement of travel expenses. Counsel for DCPS has also not met DCPS's burden of proof that it provided an appropriate placement for the student from the date of discharge from Devereux Residential Treatment Center on September 17th 2004 until the student was placed by DCPS pursuant to a settlement agreement at High Road Upper School of Washington on March 14th 2005. The student was not provided any special education services between his discharge on September 17th 2004 until his placement at High Road on March 14th 2005. DCPS has thus denied a FAPE to the student for that period of time and he is entitled to compensatory education for that period.

While compensatory education is not a remedy expressly identified in IDEA, courts have awarded it in appropriate circumstances by exercising their authority under 20 U.S.C. Section 1415 (i) (2) (B) (iii) and IDEA 2004 at Section 615 (i) (2) (C) (iii) to "grant such relief as the court determines appropriate." The Supreme Court in *Florence County School District Four v. Carter*, 510 U.S. 7 at 16 stated: "Under this provision, 'equitable considerations are relevant in fashioning relief,' *Burlington*, 471 U.S. at 374, 105 S.Ct., at 2005, and the court enjoys 'broad discretion' in so doing, id. at 369, 105 S. Ct. at 2002. Courts fashioning discretionary equitable relief under IDEA must consider all relevant factors, including the appropriate and reasonable level of reimbursement that should be required." In *Reid v. District of Columbia*, 401 F. 3d 516 (D.C. Cir. 2005), The D.C. Court of Appeals held: "Consistent with Congress's stated aim of 'ensur[ing] that the rights of children with disabilities and parents of such children are protected,' see 20 U.S.C. Section 1400 (d) (1) (B), we therefore join our sister circuits and hold that compensatory education awards fit comfortably within the 'broad discretion' of courts fashioning and enforcing IDEA remedies, see *Carter*, 510 U.S. at 15-16." *Id* at 523

In determining the ultimate compensatory education award, the D.C. Court of Appeals in *Reid* stated: "In every case, however, the inquiry must be fact-specific and, to

3

accomplish IDEA's purposes, the ultimate award must be reasonably calculated to provide the educational benefits that likely would have accrued from special education services the school district should have supplied in the first place." *Id.* at 524

It is hereby ORDERED that:

1. **DCPS shall immediately reimburse the grandparent for travel expenses incurred in transporting the student from Devereux on September 17th 2004.**

2. **The student is entitled to six months of compensatory education.**

3. **DCPS shall convene an MDT meeting at the High Road Upper School within 15 school days of issuance of the HOD to develop a compensatory education plan consistent with the above award.**

This is the final administrative decision in this matter. Appeals on legal grounds may be made to a court of competent jurisdiction within 30 days of the rendering of this decision.

*[signature]*

Seymour DuBow, Esq.
Impartial Hearing Officer          Date filed: December 9, 2005
Date Issued: 12-12-05

4

# District of Columbia Public Schools
## *Office of Compliance*
## STUDENT HEARING OFFICE
825 North Capitol Street, N.E.
8TH Floor
Washington, D.C. 20002
FAX: (202) 442-5556



## *FACSIMILE SHEET*

Date: 12-12-05

TO: M. Lammers

FROM: STUDENT HEARING OFFICE

RE: HOD— Norville Fenwick

TOTAL NUMBER OF PAGES, INCLUDING COVER:

COMMENTS:

CONFIDENTIALITY NTOICE: The information accompanying this facsimile is intended only for the use of the individual or entity named above. If you are not the intended recipient, you are hereby notified that any disclosure, copying, distribution or the taking of any action in reliance on the content of this telecopied information is strictly prohibited.

# District of Columbia Public Schools

**OFFICE OF GENERAL COUNSEL**
825 North Capitol Street NE, 9th Floor
Washington, DC 20002-1994
Phone – 202-442-5000, Fax – 202-442-5098

## APPLICATION FOR PAYMENT OF ATTORNEY FEES AND COSTS
## PURSUANT TO THE INDIVIDUALS WITH DISABILITIES EDUCATION ACT

1. **Attorney Information**
   Law Firm: JAMES E. BROWN & ASSOCIATES, PLLC
   Attorney: JAMES E. BROWN
   Federal Tax ID No.: 52-1500760
   D.C. Bar No.: 61622

2. **Student Information**
   Name: Norville Fenwick
   DOB: 12/28/91
   Date of Determination (HOD/SA): 12/12/05
   Parent/Guardian Name: Quenitra Fenwick
   Parent/Guardian Address: 5186 Eastern Ave., NE, WDC 20011
   Current School: High Roads Academy
   Home School: LaSalle ES

3. **Invoice Information**
   Invoice Number: 06-003
   Date Request Submitted: 1/12/06
   Date(s) Services Rendered: 8/17/05 to 12/2/05
   Amount of Payment Request: $5,983.65

4. **Certification (must be signed by principal attorney).**

I certify that all of the following statements are true and correct:

- all services listed on the enclosed invoices were actually performed;
- the entire amount requested on the enclosed invoice for payment of costs and expenses represents the actual amount of costs and expenses incurred;
- the District of Columbia Public Schools is the sole entity from which payment of the fees, costs and expenses itemized on the enclosed invoice is requested;
- no attorney or law firm who either (1) provided services listed on the enclosed invoice, or (2) will benefit from any monies paid as a result of the submission of the enclosed invoice, has a pecuniary interest, either through an attorney, officer or employee of the firm, in any special education diagnostic services, schools, or other special education service providers;
- I understand that the making of a false statement to an agency of the DC Government is punishable by criminal penalties pursuant to D.C. Code §22-2405.

_[signed] James E Brown_   January 12, 2006
Signature                  Date

# LEGEND

### ATTORNEYS

| | |
|---|---|
| JEB | James E. Brown, Esq. |
| DH | Domiento Hill, Esq. |
| CW | Christopher West, Esq. |
| BM | Brenda McAllister, Esq. |
| RG | Roberta Gambale, Esq. |
| MH | Miguel Hull, Esq. |
| RR | Rachel Rubenstein, Esq. |
| JF | Juan Fernandez, Esq. |
| CB | Christina Busso, Esq. |
| JS | John Straus, Esq. |
| RN | Roxanne Neloms, Esq. |
| TG | Tilman Gerald, Esq. |
| DSM | Delores Scott McKnight, Esq. |
| ML | Marshall Lammers, Esq. |

### PARALEGALS and LAW CLERKS

| | |
|---|---|
| AAG | Aracelly A. Gonzalez |
| DP | David Proctor |
| BDL | Blanca De La Sancha |
| SB | Sara Benkharafa |
| WB | Williams Bautista |
| YA | Yamileth Amaya |
| CMM | Claudia M. Martinez |
| HR | Heidi Romero |
| KD | Kelly Dau |
| MT | Michele Torry, BA, L. Cert. |
| TB | Tamika Beasley |

### ADVOCATES

| | |
|---|---|
| MM | Michelle Moody, MA |
| CS | Cheron Sutton-Brock, MA |
| KC | Kevin Carter, MA |
| SM | Sharon Millis, M. Ed. |
| CM | Carolyn Monford, MA |
| GMH | Garfield Mark Holman, MA |
| RB | C. Robin Boucher, Ph.D. |
| TS | Tamieka A. Skinner, MA |
| CP | Carrie Pecover, MA |
| CG | Cornesha Griffin, MS |
| WD | William Daywalt, M. Ed. |
| DD | Donte Davis |
| CF | Carlos Fernandez, MA, JD |

### OUT OF POCKET COSTS

| | |
|---|---|
| FAX | Facsimile @ $1.00 per page |
| COP | Reproduction @ $0.25 per page |
| TRN | Transportation @ actual taxi cost |
| TEL | Long Distance Telephone @ actual cost |
| PAR | Parking @ actual cost |
| MES | Messenger/Express Mail @ actual cost |
| POS | Postage @ actual cost |

James E. Brown & Associates, PLLC
A Professional Limited Liability Company
1220 L Street, NW Suite 700
Washington, DC  20005

Invoice submitted to:
Fenwick, Norvil

January 06, 2006
In Reference To:  Fenwick, Norvil

Invoice #11170

Professional Services

|  |  |  | Hrs/Rate | Amount |
|---|---|---|---|---|
| 8/17/2005 | KC | Phone call from Ms. Fenwick re: upcoming meeting at High Roads School and concerns about student's progress there during previous school year. Parent still believes student wasn't ready to leave residential placement. | 0.25<br>185.00/hr | 46.25 |
|  | KC | Reviewed client file in response to mother's concern about student's ongoing difficulties at High Roads since discharge from Devereux. Parent believes student was discharged from Devereux prematurely. | 1.25<br>185.00/hr | 231.25 |
| 8/29/2005 | KC | Reviewed client file in prep for MDT/IEP meeting. | 1.25<br>185.00/hr | 231.25 |
|  | KC | Attended MDT/IEP @ High Roads School (Taylor St., N.W., D.C.) | 5.00<br>185.00/hr | 925.00 |
| 8/30/2005 | KD | Drafted letter to parent/enclosed copy of 8-22-05 HOD/copy to advc and file/added to case notes/posted deadline issues to Outlook and Desk Calendars | 0.50<br>110.00/hr | 55.00 |
| 8/31/2005 | WB | Drafted letter to parent w/ correspondence sent to Mediation and Compliance (8/30/05) and HOD (8/22/05) | 0.42<br>110.00/hr | 46.20 |
| 9/13/2005 | KC | Draft letter to parent re: receipt of SEP plan. Signed off and returned to Ms. Williams at High Road School. Mailed letter and SEP page. | 0.75<br>185.00/hr | 138.75 |

Fenwick, Norvil                                                                                                           Page     2

                                                                                                              Hrs/Rate     Amount

| Date | Staff | Description | Hrs/Rate | Amount |
|---|---|---|---|---|
| 10/4/2005 | DH | Draft letter to DCPS informing them of their non-compliance and the parent's intent to draft due process complaint. | 0.17<br>350.00/hr | 59.50 |
| 10/11/2005 | DH | Review the student's educational file to determine DCPS compliance with the order, draft and file administrative due process hearing complaint. | 1.50<br>350.00/hr | 525.00 |
| 10/13/2005 | KD | Drafted letter to parent/enclosed copy of HR-Complaint/copy to advc and file/added to case notes/posted same to Outlook and Desk Calendars | 0.33<br>110.00/hr | 36.30 |
| 10/14/2005 | WB | Drafted letter to parent re: case status w/ correspondence sent to Office of Mediation and Compliance on 10/1/05 enclosed | 0.50<br>110.00/hr | 55.00 |
| 11/10/2005 | WB | Drafted letter to parent w/ HDN enclosed for hearing on 12/2/05 @ 3:00 pm | 0.42<br>110.00/hr | 46.20 |
| 11/23/2005 | MT | File Review and sent letter to parent/student | 0.17<br>130.00/hr | 22.10 |
| 11/25/2005 | WB | Assisted attorney to prepare disclosure to DCPS | 1.67<br>110.00/hr | 183.70 |
|  | WB | Conference with parent re: case status and upcoming hearing on 12/2/05 @ 3:00 pm | 0.17<br>110.00/hr | 18.70 |
|  | DH | Review the student's educational file, prepare five-day disclosures for the lead attorney's review and execution on the case. | 2.00<br>350.00/hr | 700.00 |
| 12/1/2005 | ML | Prepared for Due Process Hearing | 1.50<br>365.00/hr | 547.50 |
|  | DH | Prepare for the student's administrative due process hearing. | 1.00<br>350.00/hr | 350.00 |
| 12/2/2005 | KC | Prepared for Due Process Hearing | 0.75<br>185.00/hr | 138.75 |
|  | KC | Appearance to 825 North Capital for due process hearing | 1.50<br>185.00/hr | 277.50 |
|  | ML | Appearance to 825 North Capital for due process hearing | 1.50<br>365.00/hr | 547.50 |
|  | DH | Prepare and participate in the student's administrative due process hearing. | 1.50<br>350.00/hr | 525.00 |

Fenwick, Norvil                                                                                          Page    3

|  |  | Hours | Amount |
|---|---|---|---|
|  | For professional services rendered | 24.10 | $5,706.45 |

Additional Charges :

| Date | Description | Amount |
|---|---|---|
| 8/30/2005 | Copied: HOD for parent and advocate. | 2.50 |
|  | Facsimile: Letter to OMC. | 5.00 |
|  | Postage; letter to parent re: HOD. | 0.37 |
| 8/31/2005 | Copied documents; letter to parent | 0.50 |
|  | Postage; letter to parent | 0.37 |
| 9/13/2005 | Copied documents; letter to parent | 0.50 |
|  | Postage; letter to parent. | 0.37 |
| 10/1/2005 | Facsimile: letter to OMC. | 2.00 |
| 10/6/2005 | Facsimile: HR to SHO. | 8.00 |
| 10/13/2005 | Postage; letter to parent re: HR-Complaint. | 0.60 |
|  | Copied: HR-complaint letter for parent and advocate. | 4.50 |
| 10/14/2005 | Copied documents; letter to parent | 0.50 |
|  | Postage; letter to parent | 0.37 |
| 11/10/2005 | Postage; letter to parent (HDN) | 0.37 |
|  | Copied documents; letter to parent | 0.50 |
| 11/23/2005 | Postage; letter to parent | 0.37 |
| 11/25/2005 | Messenger Service to and from DCPS (5-day Disclosures) | 20.00 |
|  | Copied: disclosure for DCPS. | 80.00 |
| 12/2/2005 | Copied: Disclosure for atty. | 37.50 |
|  | Sedan taxi service to and from DCPS for hearing.(2attny, and adv.) | 16.00 |
|  | File review preparation of bill and invoice audit | 96.88 |

| Fenwick, Norvil | Page 4 |
|---|---|
| | **Amount** |
| Total costs | $277.20 |
| Total amount of this bill | $5,983.65 |