# EXHIBIT 7

*State Education Agency for the District of Columbia*
*State Enforcement and Investigation Division (SEID)*
*Special Education Programs*



# ADMINISTRATIVE DUE PROCESS COMPLAINT NOTICE

- The form is used to give notice of a due process complaint to the **District of Columbia Public Schools, District of Columbia Public Charter Schools (DCPS or LEA) and/or parents** with respect to any matter relating to the identification, evaluation, or educational placement of a child with a disability, or the provision of a free appropriate public education to that child. **A party may not have a due process hearing until the party, or the attorney representing the party, files a notice that meets the requirements of the Individuals with Disabilities Education Improvement Act (IDEIA).**

- The due process complaint must describe an alleged violation that occurred not more than two (2) years before the date that the parent or school system knew or should have known about the alleged action that is the basis of the complaint.

- Notice must be provided to the Student Hearing Office for the DC Public Schools, 825 North Capitol Street, NE, 8th Floor, Washington, DC 20002; fax number 202/442-5556.

- Unless the other party agrees, the party requesting the due process hearing shall not be allowed to raise issues at the due process hearing that are not raised in this Due Process Complaint Notice. Therefore, please be thorough in providing the information requested.

- Prior to the opportunity for an impartial due process hearing, the Local Educational Agency (LEA) shall convene a meeting **(called a "Resolution Session")** with the parent(s) unless the parent(s) and the Local Educational Agency agree in writing to waive this meeting. You will be contacted by a representative of the Local Educational Agency to schedule the meeting. **The Student Hearing Office does NOT schedule resolution meetings**.

- Mediation is also available to all parties as an alternative to a resolution meeting or a Due Process Hearing.

## A.   INFORMATION ABOUT THE STUDENT:

Name of the Student:  Nyrien Fenwick   Date of Birth: July 23rd, 1994

Address: 5186 Eastern Avenue, NE, Washington, DC 20011

Present School of Attendance: Taft Diagnostic Center

Parent/Guardian of the Student:  ___Ms. Quenetra Fenwick__

**B.**     **Legal Representative/Attorney (if applicable):**

Name:  ____Roxanne Neloms, Esq.____

Address:  ____1220 L Street, NW, Suite 700, Washington, DC 20005___  __

Phone: (w) _202-742-2000_ (Fax) _202-742-2097__ (e-mail) _____  ___

Will attorney / legal representative attend the resolution session?  **X** Yes     ☐ No

**C.**     **Complaint Made Against (check all that apply):**

**X** DCPS school (name of the school if different from page one)

☐Charter    school    (name    of    the    charter    school    if    different    from    page    one)_____

☐Non-public    school    or    residential    treatment    facility    (name)
_____

☐Parent

**D.**     **Resolution Session Meeting Between Parent and LEA:**

**X** I wish to waive the Resolution Session Meeting.

**E.**     **Mediation Process:**

**I am requesting an administrative due process hearing <u>only</u> at this time.**

**F.**     **Facts and Reasons for the Complaint:**

### I.  Nature of the Problem.

1.  <u>DCPS Denied the Student with a Free and Appropriate Public Education by Failing to Implement the Student's Individualized Educational Program for the Student</u>. According to the IDEIA § 614, DCPS, as the local and state education agency, is responsible for the implementation of all Individualized Educational Programs for students eligible to receive special education instruction and related services for students within its jurisdiction. In the instant matter it is clear DCPS has failed to comply with the requirements of the statute.

Here, the student, according to the Individualized Educational Program developed for him on November 18th, 2004, is to have the assistance of a dedicated aide "to help keep him focused and redirect him. Without the aide, Nyrien would not be able to complete his work." See IEP dated November 18th, 2004.  While at LaSalle Elementary School, the student's previous school, the student had his aide. Shortly

after the development of the November IEP, the student was transferred to Taft, along with his dedicated aide.

An MDT/IEP Meeting was held for the student on October 5th, 2005 as a result of the student's increasing behavioral problems. At the MDT/IEP Meeting, the MDT Team informed the parent's educational advocate that for reasons unbeknownst to them, the student was not provided with his dedicated aide since the beginning of the school year, despite the fact the student is still in need of one. See MDT/IEP Meeting Notes dated October 5th, 2005. Moreover, the student, since he has failed to receive the assistance of a dedicated aide, has become more and more disruptive in the school. So disruptive to the point that the student may require a new placement or placement in a residential treatment facility. Id. DCPS' failure to provide the student with his dedicated aide amounts to a denial a Free and Appropriate Public Education.

2. DCPS Denied the Student with a Free and Appropriate Public Education by Failing to Have the Student Placed in an Appropriate Special Education Program. DCPS, according to the IDEIA § 614 is required to have a student, who requires special education and its related services, in an appropriate special education program that can meet his needs. The student's current placement at the Taft Diagnostic Center is an inappropriate placement for the student.

Here, the student, since January of this year has been attending classes at the Taft Diagnostic Center. An MDT/IEP Meeting was held for the student on October 5th, 2005. At the MDT/IEP Meeting, the staff at Taft informed the parent's educational advocate that the student has not had the assistance of his dedicated aide since the start of the school year, and that the student's behaviors have been increasing to a point that he may require placement in a residential treatment facility. See MDT/IEP Meeting Notes dated October 5th, 2005. Moreover, the student, is frequently fighting and is out of location. Id.

3. DCPS Denied the Student with a Free and Appropriate Public Education by Failing to Provide the Student With His Necessary Special Education Instruction and Related Services. Compensatory education is generally defined as educational services above and beyond the services normally due a student under his state's education law. While compensatory education is not a remedy expressly identified in the IDEA courts have routinely awarded it in appropriate circumstances by exercising their authority under 20 U.S.C. § 1415 (I)(2)(B)(ii) to "grant such relief as the court determines appropriate." See Pihl v. Massachusetts Department of Education, 18 IDELR 668 (1st Cir. 1993); Burr v. Ambach, 1988-89 EHLR 441:314 (2d Cir. 1988); Lester H. by Octavia P. v. Gilhool, 16 EHLR 1354 (3d Cir. 1990); Hall v. Knott County Board of Education, 18 EDELR 192 (6th Cir. 1991); Parents of Student W v. Puyallup School District No. 3, 21IDELR 723 (9th Cir. 1994); Jefferson County Board of Education v. Green, 1987-88 EHLR 559:144 (N.D. Ala. 1987); Harris v. District of Columbia, 19 IDELR 105 (D.D.C. 1992); McManus v. Wilmette Sch. Dist. 39 Bd. Of Educ., 19 IDELR 485 (N.D. Ill. 1992); and Burlington School Committee v. Massachusetts Department of Education, 1984-85 EHLR 556:389 (1985).

Furthermore, courts have found compensatory education appropriate to make up periods when a student has been inappropriately placed or denied services. See, e.g., Manchester Sch. Dist. v. Christopher B., 20 IDELR 389 (D.N.H. 1992). The length of time of the compensatory education award commonly equals the length of the inappropriate placement or denial of services, measured in weeks, months or even years. In Manchester, the court found the student was entitled to two and one-half years of compensatory education for his being inappropriately placed for two and one-half years. Simply put, compensatory education is an appropriate remedy when a student has been denied FAPE in the past.

In the instant matter, because DCPS has failed to provide the student with the services of a dedicated aide, which he needs in order to access the curriculum at Taft, he is entitled to receive compensatory education.

## II. Issues presented.

1. Whether or Not DCPS Denied the Student a Free and Appropriate Public Education by Failing to Implement the Student's IEP and Provide him with a Dedicated Aide;

2. Whether or Not DCPS Denied the Student a Free and Appropriate Public Education by Failing to Have the Student Placed in an Appropriate Special Education Program; and

3. Whether or Not DCPS Denied the Student a Free and Appropriate Public Education by Failing to Timely Provide the Student with His Necessary Special Education Instruction and Related Services.

### Relief Sought.

**WHEREFORE**, the parent, by and through counsel, pursuant to the Conciliation Agreement entered into on May 12th, 1981 between the U.S. Department of Education and the District of Columbia Public Schools, hereby requests the following relief:

1. A finding that DCPS Denied the Student a Free and Appropriate Public Education by Failing to Implement the Student's IEP and Provide him with His Dedicated Aide;

2. A finding that DCPS Denied the Student a Free and Appropriate Public Education by Failing to Have the Student Placed in an Appropriate Special Education Program;

3. Whether or Not DCPS Denied the Student a Free and Appropriate Public Education by Failing to Timely Provide the Student with His Necessary Special Education Instruction and Related Services;

4. DCPS, on an interim basis, agrees to place and fund the student, with transportation, at the Rock Creek Academy, or Accotink Academy;

5. DCPS, within thirty (30) calendar days, agrees to conduct a psychiatric evaluation on the student to determine his fitness for placement in a residential treatment program;

6. DCPS, within five (5) business days upon receipt of the psychiatric evaluation, agrees to reconvene the student's MDT/IEP Meeting, at the student's current school, to review the student's psychiatric evaluation, revise and update the student's IEP as necessary, and discuss and determine placement, and develop a compensatory education plan;

7. DCPS, if the MDT Team determines that the student requires placement in a residential treatment facility, will have thirty (30) days to issue a Prior Notice of Placement, complete the student's Interstate Compact Agreement, complete the student's and mother transportation and lodging arrangements, and fax a copy of all aforementioned items to counsel for the parent's attention, at 202-742-2097;

8. DCPS agrees to fund all compensatory education for the student that is recommended at the MDT/IEP Meeting;

9. All meetings shall be scheduled through counsel for the parent, Roxanne Neloms, Esq. or Domiento C.R. Hill, Esq., in writing, via facsimile, at 202-742-2097 or 202-742-2098;

10. DCPS will be given a day for day extension for any delay caused by the parent, the student, counsel for the parent, or the parent's educational advocate;

11. Provide the student with a due process hearing within 20 calendar days of a request on any issue arising out of the noncompliance with the DCPS' obligation hereunder, or any disagreement with the assessment, programming or placement the parent may have;

12. In the event that the DCPS shall fail to comply with the terms herein, then under the Conciliation Agreement, the parents shall have the authority to use self help without further notice to the DCPS, and initiate an IEP with the DCPS' invited participation, and unilateral placement in an interim school or educational program until such time the DCPS can come into compliance and properly assess, program and/or participate;

13. The DCPS shall ensure that this student has available a Free and Appropriate Public Education including special education, transportation (5 DCMR 3000.3), and Other related services as are defined at 34 C.F.R. 300.7; Assistance to States for the Education of Children with Disabilities, 70 Fed. Reg. 35782, 35836 (June 21, 2005) (to be codified at 34 C.F.R. pt. 300), designed to meet this student's unique needs and preparation for employment and independent living;

14. Send all notices to counsel for the parent with copies of such to the parent and in the parent's native language;

15. That DCPS within ten (10) calendar days of the filing of this complaint, pursuant to the Individuals with Disabilities Education Improvement Act of 2004, Pub. L. No. 108-446, Sec. 101, § 615(c)(2)(B), provide the parents' representative, Roxanne Neloms, Esq., via facsimile, at 202-742-2097 or 202-742-2098, the following: i) an explanation of why DCPS proposed or refused to take the action raised in the complaint; ii) a description of other options that the IEP team considered and the reasons why those options were rejected, iii) a description of each evaluation procedure, assessment, record, or report the agency used as the basis for the proposed or refused action, and iv) a description of the other factors that are relevant to the agency's proposed or refused action;

16. That DCPS, in the event they fail to answer/respond to the issues alleged in the parent's administrative due process hearing complaint, within ten (10) calendar days, the arguments and facts as averred by the parent will be deemed true and accurate and act as a waiver, on the part of DCPS, for their desire to have a Resolution Session Meeting, and the parent's administrative due process hearing will be scheduled pursuant to the applicable timelines contained in the IDEIA;

17. That DCPS, within fifteen (15) calendar days of receiving the parent's complaint, pursuant to the Individuals with Disabilities Education Improvement Act of 2004, Pub. L. No. 108-446, Sec. 101, § 615(c)(2)(C), respond to the parent's request alleging any insufficiency of notice;

18. That DCPS' failure to comply with the Individuals with Disabilities Education Improvement Act of 2004, Pub. L. No. 108-446, Sec. 101, § 615(c)(2)(C), and allege any insufficiency of the parent's administrative due process complaint, will constitute waiver on the part of DCPS to make such argument at any later date and time;

19. That DCPS, pursuant to the Individuals with Disabilities Education Improvement Act of 2004, Pub. L. No. 108-446, Sec. 101, § 615(f)(1)(B), within fifteen (15) calendar days of receiving the parent's administrative

due process complaint, shall contact the parent's representative, in writing, via facsimile, at 202-742-2097 or 202-742-2098, to schedule and convene a Resolution Session Meeting;

20. That DCPS, pursuant to the Individuals with Disabilities Education Improvement Act of 2004, Pub. L. No. 108-446, Sec. 101, § 615(f)(1)(B), convene the Resolution Session Meeting, with the parent, the parent's representative, and all necessary/relevant members of the student's MDT/IEP Team that have specific knowledge about the child and the facts contained in the complaint. That the relevant members of the MDT/IEP Team that shall be present at the Resolution Session Meeting for the student shall include the following persons:  1) the student's special education teacher; 2) a representative of the local education agency with decision making authority, 3) a person who can interpret the data, 4) any person(s) who conducted any assessments on the student, and 5) any service providers for the student at Taft;

21. That DCPS' failure to timely schedule and convene the Resolution Session Meeting within the timeframe identified according to the Individuals with Disabilities Education Improvement Act of 2004, Pub. L. No. 108-446, Sec.101, § 615(f)(1)(B) constitute joint waiver between DCPS and the parent to have such meeting and the forty-five (45) days timeline to schedule the student's administrative due process hearing and receive a timely decision will begin to run upon written notice, via facsimile, at 202-442-5556, to the DCPS Office of Student Hearings, by the parent's counsel; and

22. A finding that the parent is the prevailing party in this action.

## G.  <u>Accommodations and Assistance Needed</u>:

Please list any special accommodations you may require for a Resolution Session Meeting/Mediation Conference/Due Process Hearing.

- Interpreter                        (please                        specify                        the type)_____
- Special            Communication            (please            describe            the type)_____
- Special        Accommodations        for        Disability        (please        be specific)_____
- Other_____

**H.**    <u>**Signature:**</u>

Roxanne Nelou (by)          10/12/05
¯¯¯¯¯¯¯¯¯¯¯¯¯¯¯¯¯¯¯¯¯¯¯¯¯¯¯¯¯¯    ¯¯¯¯¯¯¯¯¯¯¯¯
Legal Representative / Advocate (if applicable)          Date

**Mail, fax or deliver this complaint notice to:**
**State Enforcement and Investigation Division**
**For Special Education Programs (SEID)**
**Student Hearing Office (SHO)**
**825 North Capitol Street, NE, 8th Floor**
**Washington, DC  20002**
**Fax number: 202/442-5556**

```
*********************
***   TX REPORT   ***
*********************
```

TRANSMISSION OK

| | |
|---|---|
| TX/RX NO | 2910 |
| CONNECTION TEL | 92024425556 |
| CONNECTION ID | |
| ST. TIME | 10/11 10:12 |
| USAGE T | 01'19 |
| PGS. SENT | 9 |
| RESULT | OK |

## James E. Brown & Associates, PLLC

*A Professional Limited Liability Company*

| | | |
|---|---|---|
| James E. Brown | Attorneys at Law | Tilman L. Gerald |
| Domiento C.R. Hill ◦ | 1220 L Street, NW | Roxanne D. Nelom . |
| Roberta Gambale | Suite 700 | John A. Straus |
| Miguel A. Hull | Washington, DC 20005 | Dolores Scott McK ight |
| Christopher L. West | Telephone: (202) 742-2000 | Marshall Lammers* |
| Juan J. Fernandez! | Facsimile: (202) 742-2098 | |

e-mail: Admin@Jeblaw.biz

! Admitted in Bolivia Only

# FAX COVER SHEET

TO: Sharon Newsome, Scheduling Coordinator, Office of Student Hearings, DCPS

FROM: Domiento C.R. Hill, Esq. for Roxanne Neloms, Esq.

DATE: October 12, 2005

FAX NO: 202-442-5556

SUBJECT: N.F., DOB: 10/28/91

NUMBER OF PAGES, INCLUDING FAX COVER SHEET: 9

COMMENTS: Administrative due process hearing complaint. Thank you for your assistance.

**STATEMENT OF CONFIDENTIALITY:**
The information contained in this electronic message and any attachments to this message are intended for the exclusive use of t e
addressee(s) and may contain confidential or privileged information. If you are not the intended recipient, please notify James E. rown
and Associates, PLLC immediately at (202) 742-2000, and destroy all copies of this message and any attachments.

*HOD*



## DISTRICT OF COLUMBIA PUBLIC SCHOOLS
## ENFORCEMENT AND INVESTIGATION DIVISION

## SPECIAL EDUCATION DUE PROCESS HEARING

## CONFIDENTIAL

## <u>HEARING OFFICER'S DETERMINATION</u>

**STUDENT: Nyrien Fenwick**          **DATE OF BIRTH: 7/23/94**

**ADDRESS: 5186 Eastern Ave., N.E.**
**Washington, D.C. 20011**

**PRESENT SCHOOL ATTENDING: Taft Diagnostic Center**
**HOME SCHOOL: N/A**

**DATE OF HEARING: December 2, 2005**

**Student's Representative: Christopher West, Esq.**
**Address: 1220 L Street, N.W.**
**Washington, D.C. 20005**
**FAX: 202-742-2098**

**School System's Representative: Karen Herbert, Esq.**
**Address: 825 N. Capitol Street, N.E., Washington, D.C. 20002**

## INTRODUCTION:

A hearing was held at the District of Columbia Public Schools (DCPS), 825 N. Capitol Street, N.E., Washington, D.C. 20002, on December 2, 2005, at the request of Christopher West, counsel for the parent and the student. Karen Herbert represented DCPS, the other party to this hearing.

## JURISDICTION:

The hearing was held and this decision was written pursuant to the Individuals with Disabilities Education Act (IDEA) (P.L. 101-476), reauthorized as the IDEA Improvement Act of 1997 (P.L. 105-17) 20 U.S.C. 1400 Et. seq.; and their current regulations, specifically the Code of Federal Regulations at 34 CFR Part 300; further reauthorized as the IDEA Improvement Act of 2004 (P.L. 108-446) and District of Columbia Municipal Regulations, Chapter 30, Education Handicapped, Title V, Sections 3000-3099.

## DISPOSITION OF THE CASE:

Counsel for the parties entered a settlement agreement on the record. That accord is incorporated into the following ORDER:

It is hereby **ORDERED** that:

1.   **DCPS agrees that the student is entitled to 80 hours of compensatory education in the form of one on one tutoring. Mr. Workman will convene an MDT meeting if the student does not cooperate with the tutoring plan. DCPS will also convene an MDT meeting within 5 school days of completion of the psychiatric evaluation by DCPS to review the evaluation and discuss and determine placement including referral to a MAPT for consideration of a residential placement. All meetings shall be scheduled at a mutually agreeable time through counsel for the student.**

**This is the final administrative decision in this matter. Appeals on legal grounds may be made to a court of competent jurisdiction within 30 days of the rendering of this decision.**

Seymour DuBow, Esq.
Impartial Hearing Officer          Date filed: December 6, 2005
Date Issued: 11·6·05

2

# District of Columbia Public Schools

## OFFICE OF GENERAL COUNSEL

825 North Capitol Street NE, 9th Floor

Washington, DC 20002-1994

Phone – 202-442-5000, Fax – 202-442-5098

## APPLICATION FOR PAYMENT OF ATTORNEY FEES AND COSTS
## PURSUANT TO THE INDIVIDUALS WITH DISABILITIES EDUCATION ACT

1.  **Attorney Information**
    Law Firm:           JAMES E. BROWN & ASSOCIATES, PLLC
    Attorney:           JAMES E. BROWN
    Federal Tax ID No.: 52-1500760
    D.C. Bar No.:       61622

2.  **Student Information**
    Name:                           Nyrien Fenwick
    DOB:                            7/23/94
    Date of Determination (HOD/SA): 12/6/05
    Parent/Guardian Name:           Quenitra Fenwick
    Parent/Guardian Address:        5186 Eastern Ave., NE, WDC 20011
    Current School:                 Taft Diagnostic Center
    Home School:                    Meridian PCS

3.  **Invoice Information**
    Invoice Number:          06-004
    Date Request Submitted:  1/12/06
    Date(s) Services Rendered: 8/17/05 to 12/2/05
    Amount of Payment Request: $ 8,647.98

4.  **Certification (must be signed by principal attorney)**

I certify that all of the following statements are true and correct:

*   all services listed on the enclosed invoices were actually performed;
*   the entire amount requested on the enclosed invoice for payment of costs and expenses
    represents the actual amount of costs and expenses incurred;
*   the District of Columbia Public Schools is the sole entity from which payment of the fees,
    costs and expenses itemized on the enclosed invoice is requested;
*   no attorney or law firm who either (1) provided services listed on the enclosed invoice, or (2)
    will benefit from any monies paid as a result of the submission of the enclosed invoice, has a
    pecuniary interest, either through an attorney, officer or employee of the firm, in any special
    education diagnostic services, schools, or other special education service providers;
*   I understand that the making of a false statement to an agency of the DC Government is
    punishable by criminal penalties pursuant to D.C. Code §22-2405.

_____                    January 12, 2006
Signature                                    Date

# LEGEND

### ATTORNEYS

| | |
|---|---|
| JEB | James E. Brown, Esq. |
| DH | Domiento Hill, Esq. |
| CW | Christopher West, Esq. |
| BM | Brenda McAllister, Esq. |
| RG | Roberta Gambale, Esq. |
| MH | Miguel Hull, Esq. |
| RR | Rachel Rubenstein, Esq. |
| JF | Juan Fernandez, Esq. |
| CB | Christina Busso, Esq. |
| JS | John Straus, Esq. |
| RN | Roxanne Neloms, Esq. |
| TG | Tilman Gerald, Esq. |
| DSM | Delores Scott McKnight, Esq. |
| ML | Marshall Lammers, Esq. |

### PARALEGALS and LAW CLERKS

| | |
|---|---|
| AAG | Aracelly A. Gonzalez |
| DP | David Proctor |
| BDL | Blanca De La Sancha |
| SB | Sara Benkharafa |
| WB | Williams Bautista |
| YA | Yamileth Amaya |
| CMM | Claudia M. Martinez |
| HR | Heidi Romero |
| KD | Kelly Dau |
| MT | Michele Torry, BA, L. Cert. |
| TB | Tamika Beasley |

### ADVOCATES

| | |
|---|---|
| MM | Michelle Moody, MA |
| CS | Cheron Sutton-Brock, MA |
| KC | Kevin Carter, MA |
| SM | Sharon Millis, M. Ed. |
| CM | Carolyn Monford, MA |
| GMH | Garfield Mark Holman, MA |
| RB | C. Robin Boucher, Ph.D. |
| TS | Tamieka A. Skinner, MA |
| CP | Carrie Pecover, MA |
| CG | Cornesha Griffin, MS |
| WD | William Daywalt, M. Ed. |
| DD | Donte Davis |
| CF | Carlos Fernandez, MA,JD |

### OUT OF POCKET COSTS

| | |
|---|---|
| FAX | Facsimile @ $1.00 per page |
| COP | Reproduction @ $0.25 per page |
| TRN | Transportation @ actual taxi cost |
| TEL | Long Distance Telephone @ actual cost |
| PAR | Parking @ actual cost |
| MES | Messenger/Express Mail @ actual cost |
| POS | Postage @ actual cost |

James E. Brown & Associates, PLLC
A Professional Limited Liability
Company
1220 L Street, NW Suite 700
Washington, DC  20005


Invoice submitted to:
Fenwick, Nyrien




January 09, 2006
In Reference To:  Fenwick, Nyren

Invoice #11195


        Professional Services

|  |  | | Hrs/Rate | Amount |
|---|---|---|---|---|
| 8/17/2005 KC | Phone call from Ms. Fenwick re: deterioration of student's behavior. Parent possibly ready to consider residential placement. | | 0.58 185.00/hr | 107.30 |
| KC | Reviewed student file in response to mother's concerns about Taft Center during SY 04-05 and talk about residential placement or another full-time separate program. | | 1.50 185.00/hr | 277.50 |
| 9/8/2005 KC | Draft letter to Mr. LaBone Workman (Clinical Director; Taft Center) requesting MDT/IEP review meeting for parent. Faxed letter. | | 0.75 185.00/hr | 138.75 |
| 9/15/2005 KC | Phone call from Ms Fenwick re: phone call from Taft Center counselor expressing concerns about student behaviors (leaving classes without permission and running hallways.) Parent asks why her request (via advocate) to schedule a meeting hasn't occurred yet? | | 0.42 185.00/hr | 77.70 |
| 9/19/2005 KC | Draft letter to Mr. LaBone Workman (Clinical Director; Taft Diagnostic Center) re:  request to convene an MDT/IEP meeting to review student progress. Prepare fax cover letter and faxed letter. | | 0.75 185.00/hr | 138.75 |
| KC | Phone call to Mr. Workman re: request to schedule an MDT/IEP meeting at Taft Center. | | 0.25 185.00/hr | 46.25 |
| 9/20/2005 KC | Phone call to Mr. Workman re: identification of probable MDT meeting dates. | | 0.33 185.00/hr | 61.05 |
| 9/23/2005 KC | Draft letter to parent apprising her of the need to reschedule MDT meeting/review for Nyrien today and the tentative reschedule date of 10/5/05.   Mailed letter & filed copy | | 0.75 185.00/hr | 138.75 |

Fenwick, Nyrien                                                                Page    2

|  |  |  | Hrs/Rate | Amount |
|---|---|---|---|---|
| 9/23/2005 | KC | Draft letter to Taft Center (Mr. Workman) re: rescheduling of MDT meeting/review for student originally scheduled for this morning. Faxed letter & file letter & confirmation. | 0.75 185.00/hr | 138.75 |
|  | KC | Attended MDT/IEP @ Taft Center. Parent didn't show for meeting after 1 hour so meeting had to be postponed. | 1.00 185.00/hr | 185.00 |
|  | KC | Reviewed client file in preparation for MDT meeting at Taft Center. | 0.75 185.00/hr | 138.75 |
| 10/4/2005 | KC | Reviewed client IEP and recent evaluations; prep for MDT meeting at Taft Center on 10/5/05 | 0.75 185.00/hr | 138.75 |
| 10/5/2005 | KC | Reviewed client's IEP and recent evaluaions in preparation for an MDT meeting at Taft Center. | 1.00 185.00/hr | 185.00 |
|  | KC | Attended MDT/IEP @ Taft Center | 2.50 185.00/hr | 462.50 |
|  | KC | Draft letter to Ms. Fenwick summarizing today's MDT meeting & indicating the time and date of upcoming MDT/IEP meeting. Mailed letter. | 0.83 185.00/hr | 153.55 |
|  | KC | Draft letter to Mr. Workman (Spec. Ed. Coord., Taft Center) re: summary of today's MDT meeting and request for DCPS or proceed with ordering psychiatric evaluation.  Also requested that dedicated aide by reinstated as warrented by student's IEP. Faxed letter. | 0.92 185.00/hr | 170.20 |
| 10/7/2005 | KC | Draft letter to Mr. Workman (Clinical Director, Taft Center) re: request for incident report in which student was restrained.  Request that incident report for most recent incident and reports from other critical incidents this year be faxed to offices of JEB & Associates. Faxed & filed letter. | 0.92 185.00/hr | 170.20 |
|  | KC | Draft letter to Ms. Fenwick re: most recent critical incident. Informed parent that incident report has been requested as well as incident reports for other recent critical incidents.  Parent informed that this incident and pursuit of residential placement shall be discussed at MDT/IEP meeting on 10/21/05. Mailed & filed letter. | 0.83 185.00/hr | 153.55 |
|  | DH | Discussion with the educational advocate regarding the MDT/IEP Meeting he went to for the student. | 0.17 350.00/hr | 59.50 |
| 10/12/2005 | DH | Prepared and file due process hearing request to DCPS | 2.00 365.00/hr | 730.00 |
|  | RN | Reviewed hearing request filed by Mr. Hill | 0.33 365.00/hr | 120.45 |
| 10/13/2005 | DD | Phone call from mother to update me on the students problems in school | 0.17 185.00/hr | 31.45 |

Fenwick, Nyrien                                                                              Page     3

|  |  |  | Hrs/Rate | Amount |
|---|---|---|---|---|
| 10/13/2005 | KD | Drafted letter to parent/enclosed copy of HR-Complaint/copy to advc and file/added to case notes/posted deadline date to Outlook and Desk Calendars | 0.33<br>110.00/hr | 36.30 |
| 10/17/2005 | DH | Draft and file Motion in Opposition to DCPS' request for a dismissal. | 1.00<br>350.00/hr | 350.00 |
| 10/18/2005 | KC | Reviewed administrative complaint; prep for resolution meeting on 10/19/05 | 0.75<br>185.00/hr | 138.75 |
| 10/21/2005 | KC | Phone call from Ms. Fenwick re: possible rescheduling of MDT/IEP meeting at Taft. | 0.25<br>185.00/hr | 46.25 |
|  | KC | Reviewed client IEP and recent evaluations; prep for MDT meeting at Taft. | 0.50<br>185.00/hr | 92.50 |
|  | KC | Attended MDT/IEP @ Taft Center; MDT meeting postponed due to Spec. Ed. Coordinator's absence due to illness. | 1.00<br>185.00/hr | 185.00 |
| 10/24/2005 | KC | Phone call to Ms. Fenwick; inquiry about possible reconvene dates at Taft Center. | 0.25<br>185.00/hr | 46.25 |
|  | KC | Draft letter to Mr. Workman re: request to reconvene MDT meeting that was cancelled in the wake of his absence (sick leave) last week. | 0.75<br>185.00/hr | 138.75 |
| 10/25/2005 | KC | Phone call to Ms. Fenwick re: postponement of last week's MDT meeting at Taft and possible reconvening of meeting tomorrow afternoon. Discussed our request that DCPS conduct psychiatric and referral of child's case to MAPT. | 0.42<br>185.00/hr | 77.70 |
| 11/10/2005 | WB | Drafted letter to parent w/ HDN enclosed for hearing on 12/2/05 @ 1:00 pm | 0.42<br>110.00/hr | 46.20 |
| 11/23/2005 | MT | File Review and sent letter to parent/student | 0.17<br>130.00/hr | 22.10 |
| 11/25/2005 | DH | Review the student's educational file, prepare five-day disclosures for the lead attorney's review and execution on the case. | 2.00<br>350.00/hr | 700.00 |
|  | WB | Conference with parent re: case status and upcoming hearing on 12/2/05 @ 1:00 pm | 0.17<br>110.00/hr | 18.70 |
|  | WB | Assisted attorney to prepare disclosure to DCPS | 1.67<br>110.00/hr | 183.70 |
| 12/1/2005 | DH | Prepare for the student's administrative due process hearing. | 1.00<br>350.00/hr | 350.00 |
| 12/2/2005 | DH | Prepare for the student's administrative due process hearing. | 2.00<br>350.00/hr | 700.00 |

Fenwick, Nyrien                                                         Page    4

|  |  |  | Hrs/Rate | Amount |
|---|---|---|---|---|
| 12/2/2005 | KC | Appearance to 825 North Capital for due process hearing | 1.50 185.00/hr | 277.50 |
|  | MH | Appearance to 825 North Capital for due process hearing | 1.50 365.00/hr | 547.50 |
|  | DH | Appear and participate in the student's administrative due process hearing. | 1.50 350.00/hr | 525.00 |
|  | KC | Prepared for Due Process Hearing | 0.25 185.00/hr | 46.25 |
|  |  | For professional services rendered | 35.68 | $8,352.15 |
|  |  | Additional Charges : |  |  |
| 9/8/2005 |  | Facsimile letter mtg request to Taft Center |  | 2.00 |
|  |  | Copied documents; letter |  | 0.50 |
| 9/19/2005 |  | Facsimile letter to Taft Center |  | 2.00 |
|  |  | Copied documents; letter |  | 1.00 |
| 9/23/2005 |  | Postage; Letter to parent. |  | 0.37 |
|  |  | Copied documents |  | 1.00 |
| 10/5/2005 |  | Postage; letter to parent re: case status. |  | 0.37 |
|  |  | Copied MDT notes |  | 0.50 |
|  |  | Copied documents |  | 1.75 |
|  |  | Facsimile to DCPS |  | 2.00 |
| 10/7/2005 |  | Facsimile letter to Taft Center |  | 2.00 |
|  |  | Copied status letter |  | 2.25 |
|  |  | Postage; letter to parent. |  | 0.37 |
| 10/12/2005 |  | Copied: HR-Complaint for parent and advocate. |  | 5.00 |
|  |  | Postage; letter to parent re: HR-Complaint. |  | 0.60 |
|  |  | Facsimile HR to SHO |  | 6.00 |
|  |  | Copied documents; HR |  | 3.00 |

Fenwick, Nyrien                                                                                  Page    5

                                                                                                Amount

| | | |
|---|---|---|
| 10/17/2005 | Facsimile letter to SHO and OGC  Motion in Oposition | 12.00 |
| 11/10/2005 | Copied documents; Letter to parent | 0.50 |
| | Postage; letter to parent | 0.37 |
| 11/23/2005 | Postage; letter to parent | 0.37 |
| 11/25/2005 | Messenger Service to and from DCPS (5-day Disclosures) | 20.00 |
| | Copied: disclosure for DCPS. | 83.00 |
| 11/28/2005 | Facsimile to SHO (add. 5 day disc.) | 8.00 |
| | Facsimile to OGC (add. 5 day disc.) | 8.00 |
| | Facsimile Received from DCPS; disclosures | 20.00 |
| 12/2/2005 | Sedan taxi service to and from  DCPS for hearing.(attny. and adv.) | 16.00 |
| | File review preparation of bill and invoice audit | 96.88 |
| | Total costs | $295.83 |
| | Total amount of this bill | $8,647.98 |