# EXHIBIT 8

*State Education Agency for the District of Columbia*
*State Enforcement and Investigation Division (SEID)*
*Special Education Programs*



# *ADMINISTRATIVE DUE PROCESS COMPLAINT NOTICE*

- The form is used to give notice of a due process complaint to the **District of Columbia Public Schools, District of Columbia Public Charter Schools (DCPS or LEA) and/or parents** with respect to any matter relating to the identification, evaluation, or educational placement of a child with a disability, or the provision of a free appropriate public education to that child.  <u>**A party may not have a due process hearing until the party, or the attorney representing the party, files a notice that meets the requirements of the Individuals with Disabilities Education Improvement Act (IDEIA).**</u>

- The due process complaint must describe an alleged violation that occurred not more than two (2) years before the date that the parent or school system knew or should have known about the alleged action that is the basis of the complaint.

- Notice must be provided to the Student Hearing Office for the DC Public Schools, 825 North Capitol Street, NE, 8th Floor, Washington, DC 20002; fax number 202/442-5556.

- <u>Unless the other party agrees, the party requesting the due process hearing shall not be allowed to raise issues at the due process hearing that are not raised in this Due Process Complaint Notice.</u>  Therefore, please be thorough in providing the information requested.

- Prior to the opportunity for an impartial due process hearing, the Local Educational Agency (LEA) shall convene a meeting **(called a "Resolution Session")** with the parent(s) unless the parent(s) and the Local Educational Agency agree in writing to waive this meeting.  You will be contacted by a representative of the Local Educational Agency to schedule the meeting.  **The Student Hearing Office does NOT schedule resolution meetings**.

- Mediation is also available to all parties as an alternative to a resolution meeting or a Due Process Hearing.

## A.    <u>INFORMATION ABOUT THE STUDENT</u>:

Student Name: <u>Gabriela Estefany Fuentes</u>                    DOB: <u>September 30, 1998</u>

Address:     <u>1412 Quincy St., NW, Washington, D.C. 20011</u>

Present School of Attendance: <u>Walker-Jones Elementary School</u>

Home School:    Walker-Jones Elementary School
    (Neighborhood school)

Phone: (H) 202 638-0250   (W) 202 489-9321    (F) _____

    Parent/Guardian of the Student: \_ Delmy Del Carmen Fuentes

## B.    Legal Representative/Attorney (if applicable):

Name: Miguel A. Hull, Esq.    Phone: (W) 202 742-2015   (Fax) 202 742-2098

Address: 1220 L St., NW, #700, Washington, D.C. 20005

Will attorney / legal representative attend the resolution session?    X Yes    ☐ No

## C.    Complaint Made Against (check all that apply):

**X** DCPS
☐ Charter school (name of the charter school if different from page one) _____
☐ Non-public school or residential treatment facility (name)
_____
☐ Parent

## D.    Resolution Session Meeting Between Parent and LEA:

I understand that it is my right to have a resolution meeting to resolve this complaint. I also understand that I may voluntarily waive this right if I choose. (Note: All parties must agree to waive the resolution meeting to avoid having this meeting.)

**X** I wish to waive the Resolution Session Meeting

## E.    Mediation Process:

IDEIA requires that any time a party requests a due process hearing, mediation should be offered at no cost to the parent. Both parties can request mediation as an alternative to the Resolution Session Meeting or as an alternative to a Due Process Hearing. Please check all that apply:

**I am requesting an administrative due process hearing only at this time.**

## F.    Facts and Reasons for the Complaint:

### I.   Nature of the Problem.

## Inappropriate Individualized Educational Plan – Insufficient Amount of Specialized Instruction

Gabriela Fuentes is a six year-old student at W.B. Powell Elementary School in the District of Columbia. On March 22, 2005, the parent, though counsel, made a formal written request to District of Columbia Public Schools ("DCPS") for Gabriela to receive initial evaluations to determine if she required special education. The parent's request specifically stated that the evaluations to be completed included but were not limited to: a psychological-educational, clinical-psychological, speech and language, and a social history, among others.

On April 13, 2005, a Teacher Assistance Team ("TAT") meeting took place for Gabriela at Powell, during which it was determined that she should be referred for a: psychological-educational, speech and language, and social history. The psychological-educational evaluation was completed on or about June 2, 2005 and recommended "additional services in Reading and Written Language" having found a Full-scale I.Q. score of 76 and broad reading and written language scores of 49. The Social History was completed on or about August 18, 2005, and the speech and language was completed on or about June 1, 2005, but did not find a basis for any such services.

On September 15, 2005, DCPS convened an MDT meeting for Gabriela during which she was found eligible for special education and related services as a student with a learning disability. An Individualized Educational Program ("IEP") was developed entitling Gabriela to three hours per week of specialized instruction and half an hour per week of counseling services. The parent, however, did not sign the IEP because she did not agree with the amount of services that were provided. The parent believes that the information in the psychological-educational and the poor performance in the classroom support the need for more than the three hours of specialized instruction per week that are provided in the September 15, 2005 IEP. The parent, through her advocate, voiced this concern to the rest of the team when the IEP was being developed. However, the DCPS-members of the team rejected these concerns. The parent now respectfully asserts that Gabriela's IEP is not appropriate because it does not provide her with sufficient specialized instruction. See Individuals with Disabilities Education Improvement Act (2004) ("IDEIA") Pub. L. No. 108-446 Sec. 101, § 614 (d) (3) (in developing IEP, team must consider evaluations, strengths and weaknesses of child; and concerns of parents among other things).

## II.    Issues presented.

- Whether Gabriela Fuentes's IEP dated September 15, 2005, is inappropriate in that she should be entitled to more than the three hours per week of specialized instruction provided in the IEP.

## III.    Relief Sought.

1) a finding that Gabriela Fuentes's IEP dated September 15, 2005, is inappropriate in that she should be entitled to more than the three hours per week of specialized instruction provided in the IEP.

2) that DCPS be ordered to convene an MDT meeting to:
   a) develop an IEP that provides Gabriela with approximately ten hours per week of specialized instruction [one hour per day of reading and one hour per day of written language instruction];
   b) determine compensatory education from September 15, 2005, until such time as the additional hours of specialized instruction are provided;
   c) determine placement with placement to be made within five business days if for a public school or program or within thirty calendar days if for a non-public school or program.

3) that DCPS be ordered or agrees to pay parent's reasonable attorney's fees and costs;

4) All meetings shall be scheduled through counsel for the parent, Miguel A. Hull, Esq. in writing, via facsimile, at 202-742-2097 or 202-742-2098;

5) Provide the student with a due process hearing within 20 calendar days of a request on any issue arising out of the noncompliance with the DCPS' obligation hereunder, or any disagreement with the assessment, programming or placement the parent may have;

6) The DCPS shall ensure that this student has available a Free and Appropriate Public Education including special education, transportation D.C.Mun. Regs. tit. 5 § 3000.3, and Other related services as are defined at 34 C.F.R. § 300.7; Assistance to States for the Education of Children with Disabilities, 70 Fed. Reg. 35782, 35836 (June 21, 2005) (to be codified at 34 C.F.R. pt. 300), designed to meet this student's unique needs and preparation for employment and independent living;

7) Provide counsel for the parent with copies, pursuant to D.C. Mun. Regs. tit. 5 § 3021.8, of all evaluation reports and all educational records on the student no later than sixteen business hours prior to the convening of any meeting;

8) That DCPS within ten (10) calendar days of the filing of this complaint, pursuant to the Individuals with Disabilities Education Improvement Act of 2004, Pub. L. No. 108-446, Sec. 101, § 615(c)(2)(B), provide the parent's representative, Miguel A. Hull, Esq., via facsimile, at 202-742-2097 or 202-742-2098, the following:  i) an explanation of why DCPS proposed or refused to take the action raised in the complaint; ii) a description of other options that DCPS considered and the reasons why those options were rejected, iii) a description of each evaluation procedure, assessment, record, or report the agency used as the basis for the proposed or refused action, and iv) a description of the other factors that are relevant to the agency's proposed or refused action;

9) That DCPS, in the event they fail to answer/respond to the issues alleged in the parent's administrative due process hearing complaint, within ten (10) calendar days, the arguments and facts as averred by the parent will be deemed true and accurate and act as a waiver, on the part of DCPS, for their desire to have a Resolution Session Meeting, and the parent's administrative due process hearing will be scheduled pursuant to the applicable timelines contained in the IDEIA;

10) That DCPS, within fifteen (15) calendar days of receiving the parent's complaint, pursuant to the <u>Individuals with Disabilities Education Improvement Act of 2004, Pub. L. No. 108-446, Sec. 101, § 615(c)(2)(C)</u>, respond to the parent's request alleging any insufficiency of notice;

11) That DCPS' failure to comply with the <u>Individuals with Disabilities Education Improvement Act of 2004, Pub. L. No. 108-446, Sec. 101, § 615(c)(2)(C)</u>, and allege any insufficiency of the parent's administrative due process complaint, will constitute waiver on the part of DCPS to make such argument at any later date and time;

12) That DCPS, pursuant to the <u>Individuals with Disabilities Education Improvement Act of 2004, Pub. L. No. 108-446, Sec. 101, § 615(f)(1)(B)</u>, within fifteen (15) calendar days of receiving the parent's administrative due process complaint, shall contact the parent's representative, in writing, via facsimile, at 202-742-2015 or 202-742-2098, to schedule and convene a **Resolution Session Meeting**. **SHOULD THERE BE A RESOLUTION CONFERENCE AS A RESULT OF THIS COMPLAINT, THEN THE PARENT WOULD EXPECT THE TEAM AT THE RESOLUTION CONFERENCE TO REVISE THE IEP AND DETERMINE COMPENSATORY EDUCATION IN MANNER CONSISTENT WITH WHAT IS REQUESTED IN THIS HEARING COMPLAINT.**

13) That DCPS, pursuant to the <u>Individuals with Disabilities Education Improvement Act of 2004, Pub. L. No. 108-446, Sec. 101, § 615(f)(1)(B)</u>, convene the Resolution Session Meeting, with the parent, the parent's representative, and all necessary/relevant members of the student's MDT/IEP Team that have specific knowledge about the child and the facts contained in the complaint. That the relevant members of the MDT/IEP Team that shall be present at the **Resolution Session Meeting for the student shall include the following persons: 1)** the student's special education teacher, if applicable, 2) the student's regular education teacher, if applicable, 3) a representative of the local education agency with decision making authority, 4) a person who can interpret the data, 5) any person(s) who conducted any assessments on the student, and 6) any service providers for the student;

14) That DCPS' failure to timely schedule and convene the Resolution Session Meeting within the timeframe identified according to the <u>Individuals with Disabilities Education Improvement Act of 2004, Pub. L. No. 108-446, Sec. 101, § 615(f)(1)(B)</u> constitute joint waiver between DCPS and the parent to have such meeting and the forty-five (45) days timeline to schedule the student's administrative due process hearing and receive a timely decision will begin to run upon written notice, via

facsimile, at 202-442-5556, to the DCPS Office of Student Hearings, by the parent's counsel; and

15) A finding that the parent is the prevailing party in this action.

## G.    **Accommodations and Assistance Needed**:

Please list any special accommodations you may require for a Resolution Session Meeting/Mediation Conference/Due Process Hearing.

- Interpreter (please specify the type)_____
- Special Communication (please describe the type)_____
- Special Accommodations for Disability (please be specific)_____
- Other_____

## H.    **Signature**:

_____    September 22, 2005
Legal Representative / Advocate (if applicable)            Date

**Mail, fax or deliver this complaint notice to:**
**State Enforcement and Investigation Division**
**For Special Education Programs (SEID)**
**Student Hearing Office (SHO)**
**825 North Capitol Street, NE, 8th Floor**
**Washington, DC  20002**
**Fax number: 202/442-5556**

```
                    *********************
                    ***   TX REPORT   ***
                    *********************


      TRANSMISSION OK

      TX/RX NO           3763
      CONNECTION TEL              94425556
      SUBADDRESS
      CONNECTION ID
      ST. TIME           09/22 09:43
      USAGE T            01'05
      PGS. SENT             7
      RESULT             OK
```

# James E. Brown & Associates, PLLC
### *A Professional Limited Liability Company*

James E. Brown
Domiento C.R. Hill °
Roberta Gambale
Miguel A. Hull
Christopher L. West
Juan J. Fernandez!

Attorneys at Law
1220 L Street, NW
Suite 700
Washington, DC 20005
Telephone: (202) 742-2000
Facsimile: (202) 742-2098

e-mail: Admin@Jeblaw.biz

Tilman L. Gerald
Roxanne D. Neloms
John A. Straus
Dolores Scott McKnight
Marshall Lammers°

! Admitted in Bolivia Only

# *FAX COVER SHEET*

DATE:     September 22, 2005

TO:       Student Hearing Office
          District of Columbia Public Schools

PHONE:    202-442-5000

FAX NO:   202 442-5556

FROM:     Miguel Hull, Esq.

SUBJECT:  **Gabriela Fuentes, DOB: 9-30-98 – Due Process Hearing Complaint**

NUMBER OF PAGES INCLUDING COVER SHEET:    SEVEN

COMMENTS:

## DISTRICT OF COLUMBIA PUBLIC SCHOOLS
## ENFORCEMENT AND INVESTIGATION DIVISION

### SPECIAL EDUCATION DUE PROCESS HEARING

### CONFIDENTIAL

### HEARING OFFICER'S DETERMINATION

**STUDENT: Gabriela Fuentes**          **DATE OF BIRTH: 9/30/98**

**ADDRESS: 1412 Quincy St., N.W.
Washington, D.C. 20011**

**PRESENT SCHOOL ATTENDING: Powell E.S.
HOME SCHOOL: Same**

**DATE OF HEARING: December 13, 2005**



**TESTIFIED AT THE HEARING:**

| | |
|---|---|
| Lucia Vega* | Principal, Powell E.S. |
| Dr. Maribel Vargas* | Special Education Coordinator |
| Joan Shoham* | Special Education Teacher |
| Delores Shackelford* | Social Worker |
| Juan Fernandez* | Educational Advocate |
| Daimy Fuentes | Mother |
| (* Testified by telephone) | |

**Student's Representative: Miguel Hull, Esq.**
**Address: 1220 L Street, N.W.
Washington, D.C. 20005
FAX: 202-742-2098**

**School System's Representative: Aaron Price, Esq.**
**Address: 825 N. Capitol Street, N.E., Washington, D.C. 20002**

## INTRODUCTION:

A hearing was held at the District of Columbia Public Schools (DCPS), 825 N. Capitol Street, N.E., Washington, D.C. 20002, on December 13, 2005, at the request of Miguel Hull, counsel for the parent and the student. Aaron Price represented DCPS, the other party to this hearing.

## JURISDICTION:

The hearing was held and this decision was written pursuant to the Individuals with Disabilities Education Act (IDEA) (P.L. 101-476), reauthorized as the IDEA Improvement Act of 1997 (P.L. 105-17) 20 U.S.C. 1400 Et. seq.; and their current regulations, specifically the Code of Federal Regulations at 34 CFR Part 300; further reauthorized as the IDEA Improvement Act of 2004 (P.L. 108-446) and District of Columbia Municipal Regulations, Chapter 30, Education Handicapped, Title V, Sections 3000-3099.

## ISSUE:

1. Did DCPS deny a Free Appropriate Public Education (FAPE) to the student by not providing more than three hours of specialized instruction in her IEP?

2. Did DCPS deny a FAPE to the student by not providing the counseling services in the student's IEP?

3. Is the student entitled to compensatory education?

## DOCUMENTS SUBMITTED BY DCPS:

## DCPS-1-DCPS-5

## DOCUMENTS SUBMITTED BY STUDENT:

## GF-1-GF-24

## FINDINGS OF FACT:

1. The student is a seven-year-old female who has been found eligible for special education services by DCPS as a student with the disability classification of learning disabled. (GF-17)

2. An independent bilingual psycho-educational evaluation was conducted on the student on June 2nd 2005. The evaluation found a significant

discrepancy between her IQ of 76 and her academic achievement scores of 49 in Broad Reading and Broad Written Language. This discrepancy indicated the student had a learning disability in reading and written language. The evaluator stated that her IQ of 76 "places her in the Delayed range of functioning." (GF-21)

3.   A DCPS bilingual speech and language evaluation was conducted on the student on June 1st 2005 and concluded "[e]valuation results were found not to be consistent with a diagnosis of a speech-language disorder. Current levels of Spanish are sufficient to continue supporting second language learning. Therefore, no speech-language services are recommended at this time." The evaluator found results of the CELF-3 (Spanish) "revealed average receptive and expressive language skills in Spanish. When tested in English, her scores fell in the moderately low range." (GF-23)

4.   A DCPS bilingual social history was conducted on August 18th 2005. The social history stated that the student came to this country from El Salvador in May 2003 not speaking any English. She first enrolled in a DCPS school in November 2003. She was at Walker-Jones E.S. from September 2004 until March 2005 and then enrolled at Powell E.S. in March 2005 where she currently attends. The report stated she has no behavioral issues at school. There were, however, emotional issues with her mother and family. (GF-22)

5.   An MDT meeting was convened at Powell E.S. on September 15th 2005. The MDT team reviewed evaluations and determined the student is eligible for special education services as a learning disabled student. The MDT/IEP Meeting Notes state that the principal, Ms. Vega, proposed three hours of specialized instruction, but the educational advocate, Mr. Fernandez, did not agree with that amount of specialized instruction and therefore the parent did not agree with the IEP. The MDT Notes indicate that the principal stated that the student should remain in the regular education classroom as much as possible with the additional support of three hours of special education. The MDT team also agreed to provide 30 minutes a week of counseling services. (GF-20)

6.   The IEP proposed on September 15th 2005 called for three hours of specialized instruction by a special education teacher and thirty minutes a week of counseling services. (GF-17)

7.   The student was in the first grade at Walker-Jones for the 2004-2005 School Year and this school year at Powell she is again in the first grade. (GF-19, Testimony of Ms. Vega and Ms. Shoham)

3

8.    The student is receiving the three hours of specialized instruction being taught by the special education teacher in a pull-out situation. At the September 15th MDT meeting, the student was reading and writing at a pre-kindergarten level. The student is now reading and writing at the middle or end of the kindergarten level. The student has not mastered any of her IEP goals. The student is working well with other students. (Testimony of Ms. Shoham)

9.    The student did not receive counseling until December 1st 2005. The student has only received two hours of counseling services since the September 15th MDT/IEP Meeting. (Testimony of Ms. Shackelford) Effective November 23rd 2005, DCPS agreed to provide one hour a week of counseling services. (Testimony of Ms. Vega) The current social worker does not speak Spanish. The social worker felt the student's time would be better spent in the classroom developing social skills then pulled out for counseling. (Testimony of Ms. Shackelford)

10.    The student is provided English as a Second Language instruction one hour a week with fellow classmates. Ninety percent of the students at Powell are Hispanic and most speak Spanish. (Testimony of Ms. Vega)

**DISCUSSION AND CONCLUSIONS OF LAW:**

    DCPS's own witnesses concede that DCPS did not provide the counseling services required by her IEP. Her IEP of September 15th 2005 called for 30 minutes a week of counseling, but she only began to receive counseling on December 1st 2005. DCPS now agrees to provide one hour a week of counseling and has provided two one hour sessions since December 1st 2005. The student is owed four hours of counseling services. The current social worker does not speak Spanish and does not see the need for counseling despite the requirements of the IEP and the principal increasing counseling to one hour a week effective November 23rd 2005. The student's primary language is Spanish and she is only beginning to learn English. Counseling to be effective has to be provided by a social worker who can easily communicate with the student to discuss difficult emotional issues. After two one hour sessions, the current social worker apparently is not familiar with the student's social history and that her emotional problems requiring counseling relate to her family issues.

    It is hereby **ORDERED** that:

**DCPS shall fund four hours of private counseling services to be provided by a bilingual social worker.**

    DCPS has also not met its burden of proof that the IEP is appropriate on the number of hours of specialized instruction. Based on her serious deficits in reading and writing found in the independent psycho-educational evaluation of June 2nd 2005, the IEP's provision of three hours of specialized instruction is inadequate to meet her needs.

4

While she is making some progress this school year, the student is repeating the first grade and still is only reading and writing at the middle or late kindergarten level. The student has not mastered any of her IEP goals. The MDT Notes indicate that the principal offered the three hours of specialized instruction not on the basis of the student's individual needs and deficits in reading and writing identified in the independent psycho-educational evaluation, but on her desire that the student be in the regular classroom as much as possible. As the United Stated Court of Appeals for the Third Circuit held in *Polk v. Central Susquehanna Intermediate Unit 16*, 441 IDELR 130 (EHLR 441:130) 3d Cir. 1988) IDEA "calls for more than a trivial educational benefit" and requires an IEP to provide "significant learning" and confer "meaningful benefit." Other federal courts of appeals have endorsed the *Polk* court's interpretation of *Rowley*. See *Doe v. Smith*, 441 IDELR 544 (EHLR 441:544) (6th Cir. 1989); *Fort Zumwalt School District v. Clynes*, 26 IDELR 172 (8th Cir. 1991); *Roland M. v. Concord School Comm.* 16 IDELR 1129 (16 EHLR 1129) (1st Cir. 1990); *Hall v. Vance County Board of Education*, 557 IDELR 155 (EHLR 557:155) (4th Cir. 1985); *T.R. v. Kingwood Township Board of Education*, 32 IDELR 30 (3d Cir. 2000). The IEP should be reviewed and revised so that the student is at least provided one hour a day of specialized instruction in reading and writing. Further specialized instruction may be necessary in an inclusion model in her regular class in small reading and writing groups.

It is further **ORDERED** that:

**DCPS shall convene an MDT/IEP meeting within ten school days of issuance of this HOD to review and revise the student's IEP to increase her hours of specialized instruction to at least one hour a day of special education in reading and writing and possible additional time in her regular class in small groups in reading and writing skill development.**

**This is the final administrative decision in this matter. Appeals on legal grounds may be made to a court of competent jurisdiction within 30 days of the rendering of this decision.**

Seymour DuBow, Esq.
Impartial Hearing Officer          Date filed: December 14, 2005

Date Issued: 12/14/05

5



# District of Columbia Public Schools

**OFFICE OF GENERAL COUNSEL**
825 North Capitol Street NE, 9th Floor
Washington, DC 20002-1994
Phone - 202-442-5000, Fax – 202-442-5098

## APPLICATION FOR PAYMENT OF ATTORNEY FEES AND COSTS
## PURSUANT TO THE INDIVIDUALS WITH DISABILITIES EDUCATION ACT

1. **Attorney Information**
   Law Firm:              JAMES E. BROWN & ASSOCIATES, PLLC
   Attorney:              JAMES E. BROWN
   Federal Tax ID No.:    52-1500760
   D.C. Bar No.:          61622

2. **Student Information**
   Name:                      Gabriela Fuentes
   DOB:                       9/30/98
   Date of Determination (HOD/SA):  12/14/05
   Parent/Guardian Name:      Delmy Del Carmen Fuentes
   Parent/Guardian Address:   1412 Quincy St., NW, WDC 20011
   Current School:            Powell ES
   Home School:               Powell ES

3. **Invoice Information**
   Invoice Number:            06-006
   Date Request Submitted:    1/12/06
   Date(s) Services Rendered  3/9/05 to 12/13/05
   Amount of Payment Request  $ 31,331.62

4. **Certification (must be signed by principal attorney)**

I certify that all of the following statements are true and correct:

- all services listed on the enclosed invoices were actually performed;
- the entire amount requested on the enclosed invoice for payment of costs and expenses represents the actual amount of costs and expenses incurred;
- the District of Columbia Public Schools is the sole entity from which payment of the fees, costs and expenses itemized on the enclosed invoice is requested;
- no attorney or law firm who either (1) provided services listed on the enclosed invoice, or (2) will benefit from any monies paid as a result of the submission of the enclosed invoice, has a pecuniary interest, either through an attorney, officer or employee of the firm, in any special education diagnostic services, schools, or other special education service providers;
- I understand that the making of a false statement to an agency of the DC Government is punishable by criminal penalties pursuant to D.C. Code §22-2405.

_____          January 12, 2006
Signature                                Date

# LEGEND

### ATTORNEYS

| | |
|---|---|
| JEB | James E. Brown, Esq. |
| DH | Domiento Hill, Esq. |
| CW | Christopher West, Esq. |
| BM | Brenda McAllister, Esq. |
| RG | Roberta Gambale, Esq. |
| MH | Miguel Hull, Esq. |
| RR | Rachel Rubenstein, Esq. |
| JF | Juan Fernandez, Esq. |
| CB | Christina Busso, Esq. |
| JS | John Straus, Esq. |
| RN | Roxanne Neloms, Esq. |
| TG | Tilman Gerald, Esq. |
| DSM | Delores Scott McKnight, Esq. |
| ML | Marshall Lammers, Esq. |

### PARALEGALS and LAW CLERKS

| | |
|---|---|
| AAG | Aracelly A. Gonzalez |
| DP | David Proctor |
| BDL | Blanca De La Sancha |
| SB | Sara Benkharafa |
| WB | Williams Bautista |
| YA | Yamileth Amaya |
| CMM | Claudia M. Martinez |
| HR | Heidi Romero |
| KD | Kelly Dau |
| MT | Michele Torry, BA, L. Cert. |
| TB | Tamika Beasley |

### ADVOCATES

| | |
|---|---|
| MM | Michelle Moody, MA |
| CS | Cheron Sutton-Brock, MA |
| KC | Kevin Carter, MA |
| SM | Sharon Millis, M. Ed. |
| CM | Carolyn Monford, MA |
| GMH | Garfield Mark Holman, MA |
| RB | C. Robin Boucher, Ph.D. |
| TS | Tamieka A. Skinner, MA |
| CP | Carrie Pecover, MA |
| CG | Comesha Griffin, MS |
| WD | William Daywalt, M. Ed. |
| DD | Donte Davis |
| CF | Carlos Fernandez, MA,JD |

### OUT OF POCKET COSTS

| | |
|---|---|
| FAX | Facsimile @ $1.00 per page |
| COP | Reproduction @ $0.25 per page |
| TRN | Transportation @ actual taxi cost |
| TEL | Long Distance Telephone @ actual cost |
| PAR | Parking @ actual cost |
| MES | Messenger/Express Mail @ actual cost |
| POS | Postage @ actual cost |

James E. Brown & Associates, PLLC
A Professional Limited Liability
Company
1220 L Street, NW Suite 700
Washington, DC 20005


Invoice submitted to:
Gabriela Fuentes
Delmy Fuentes
460 N Street, NW
Apt # 9
Washington DC 20001


January 06, 2006
In Reference To:      Gabriela Fuentes
                      DOB: 9/30/98
                      School: Walker Jones ES

Invoice #11175

         Professional Services

|  |  |  | Hrs/Rate | Amount |
|---|---|---|---|---|
| 3/9/2005 | BDL | Conference with parent to discuss opening case and child's educational needs. | 0.92 110.00/hr | 101.20 |
|  | RG | Consultation with parent and legal assistant, research and case preparation. | 1.50 365.00/hr | 547.50 |
| 3/10/2005 | AAG | Record reviewed and prepared initial letter to parent with translation | 0.92 110.00/hr | 101.20 |
| 3/14/2005 | JF | Received and reviewed all Intake information on this student, contacted parent and discussed issue with child's attorney. | 0.92 365.00/hr | 335.80 |
| 3/15/2005 | YA | Phone call from parent re: school tranfer and new address | 0.33 110.00/hr | 36.30 |
| 3/16/2005 | RG | Reviewed | 0.42 365.00/hr | 153.30 |
|  | YA | Draft letter to attorney re: change of address and school | 0.33 110.00/hr | 36.30 |
| 3/17/2005 | YA | Draft and prepare request for evaluations to Powell ES, Office of General Counsel, Mediation and Compliance, Office of Special Education, Records Supervisor | 1.00 110.00/hr | 110.00 |
|  | YA | Draft and prepare request for records to Powell ES, Office of General Counsel, Mediation and Compliance, Office of Special Education, Records Supervisor | 1.00 110.00/hr | 110.00 |

Gabriela Fuentes

| | | Hrs/Rate | Amount |
|---|---|---|---|
| 3/22/2005 YA | Draft status letter to parent re: req.records & evaluations enclosed | 0.75 110.00/hr | 82.50 |
| 4/12/2005 JF | Prepared for SEP/MDT meeting  by reviewing all educational information brought by parent, conatcted parent to discuss concerns and to developed a strategy for meeting, contacted former child's attorney to discuss issues in the case | 1.50 365.00/hr | 547.50 |
| 4/13/2005 CF | Student Evaluation Plan Meeting at school requesting Social History, Psicoed. and Speech and Languages evaluation | 4.00 185.00/hr | 740.00 |
| MH | Reviewed case file to determine status and plans strategy. | 0.33 365.00/hr | 120.45 |
| JF | Attended MDT/IEP @ West ES, initials evaluations were determined, parent was present at meeting | 4.00 365.00/hr | 1,460.00 |
| 4/14/2005 JF | Conference with attorney regarding SEP meeting. | 0.25 365.00/hr | 91.25 |
| MH | Conference with educational advocate, Juan Fernandez regarding SEP meeting. | 0.25 365.00/hr | 91.25 |
| 5/2/2005 YA | Research educational needs re: deadlines | 0.25 110.00/hr | 27.50 |
| 6/7/2005 CF | Reviewed case and discussed with Fernandez | 0.33 185.00/hr | 61.05 |
| JF | Discussed issues and strategies with educational advocate,  reviewed all educational/legal information in file regarding overall progress of case | 0.50 365.00/hr | 182.50 |
| 7/14/2005 MH | Began preparing draft of due process hearing request to DCPS. Conducted research on issues raised, drafted claims. | 2.00 365.00/hr | 730.00 |
| 7/15/2005 MH | Prepared final draft of due process hearing request to DCPS. Conducted additional research on issues raised, and finalized drafted claims. | 0.42 365.00/hr | 153.30 |
| 7/26/2005 HR | Phone call to mom regarding hearing requested twice | 0.25 110.00/hr | 27.50 |
| HR | Draft case status letter to parent detailing the hearing request | 0.50 110.00/hr | 55.00 |
| 7/27/2005 HR | Drafted letter requesting records at Powell Elementary School and sent letter with attached authorization forms via facsimile to the school, the Office of Special Education, and Office of the General Counsel. | 0.83 110.00/hr | 91.30 |

Gabriela Fuentes                                                                          Page    3

|  |  |  | Hrs/Rate | Amount |
|---|---|---|---|---|
| 7/27/2005 | HR | Drafted letter requesting evaluations at Powell Elementary School and sent letter with attached authorization forms via facsimile to the school, the Office of Special Education, and Office of the General Counsel. | 0.83 110.00/hr | 91.30 |
| 7/28/2005 | HR | Drafted letter requesting teachers qualification at Powell Elementary School and sent letter via facsimile to the school and to Dr. Wilma Bonner, Executive Director of LEA Grant Programs-DCPS, Office of Special Education. | 0.58 110.00/hr | 63.80 |
| 8/12/2005 | JF | Prepared for MDT/IEP meeting by reviewing all evals completed by DCPS, specifically the Psycho-educational and discussing the results with parent. | 1.50 365.00/hr | 547.50 |
| 8/15/2005 | HR | Draft letter to the Student Hearing Office informing them that the timeline was up for the resolution meeting and requesting a hearing date be scheduled, sent letter via facsimile and sent letter to the Office of the General Counsel. | 0.50 110.00/hr | 55.00 |
| 8/16/2005 | HR | Discussion with advocate regarding resolution meeting | 0.25 110.00/hr | 27.50 |
|  | HR | Phone call to mom regarding resolution meeting scheduled | 0.17 110.00/hr | 18.70 |
|  | JF | Discussion with paralegal regarding resolution meeting | 0.25 365.00/hr | 91.25 |
| 8/17/2005 | JF | Reviewed Psycho-educational and Bilinguial S/L evaluations report, contacted parent to discuss findings and overall academic progress. | 1.08 365.00/hr | 394.20 |
| 8/18/2005 | JF | Attended MDT/IEP eligibility meeting @ Powell ES with parent | 4.83 365.00/hr | 1,762.95 |
|  | JF | Discussion with Principal at Powell ES, Ms. Vega regarding pending issues and DCPS' non compliance | 0.25 365.00/hr | 91.25 |
| 8/25/2005 | CF | Scheduled classroom observation. | 0.25 185.00/hr | 46.25 |
| 8/30/2005 | HR | Draft letter to parent regarding notice of hearing, and tickled calendar for disclosure deadline | 0.42 110.00/hr | 46.20 |
|  | HR | Phone call to parent regarding hearing date and time and confirming attendances | 0.08 110.00/hr | 8.80 |
|  | CF | Sent school notification regards classroom observation. | 0.33 185.00/hr | 61.05 |
|  | CF | Reviewed case: psycho-ed.; bilingual speech and language evaluation. | 1.50 185.00/hr | 277.50 |

Gabriela Fuentes                                                                                   Page    4

|  |  | Hrs/Rate | Amount |
|---|---|---|---|
| 8/30/2005 HR | Draft letter to the Student Hearing Office requesting interpreter for the upcoming hearing, sent letter via facsimile and sent letter via facsimile to the Office of the General Counsel. | 0.50 110.00/hr | 55.00 |
| 9/1/2005 CF | set up classroom observation. | 0.25 185.00/hr | 46.25 |
| JF | Attended MDT/IEP @ Powell ES | 4.08 365.00/hr | 1,489.20 |
| MH | Reviewed file to determine case status and plan for new school year at new school and pending hearing. | 0.25 365.00/hr | 91.25 |
| 9/8/2005 CF | Reviewed case with attorney and advocate | 0.25 185.00/hr | 46.25 |
| HR | Phone call from mom regarding hearing | 0.17 110.00/hr | 18.70 |
| MH | Meeting and file review with attorney and advocate's Juan Fernandez and Carlos Fernandez.  Attorney instructed advoctes as to plan for case, and parent's concerns. | 0.25 365.00/hr | 91.25 |
| JF | Reviewed case with attorney and advocate | 0.25 365.00/hr | 91.25 |
| 9/13/2005 HR | Draft letter to the Student Hearing Office requesting an interpreter for the upcoming hearing, sent letter via facsimile and sent letter to the Office of General Counsel. | 0.50 110.00/hr | 55.00 |
| HR | Draft letter to the Student Hearing Office regarding withdrawing the due process hearing requested, sent letter via facsimile and sent letter to the Office of General Counsel. | 0.50 110.00/hr | 55.00 |
| 9/15/2005 JF | Attended MDT/IEP @ Powell ES with parent, this was third meeting held in past month. Contacted child's attorney to discuss IEP | 4.83 365.00/hr | 1,762.95 |
| 9/20/2005 MH | Prepared and file due process hearing request to DCPS.  Includes research on issues raised, discussion with parent, and drafting and revising of claims made. | 2.67 365.00/hr | 974.55 |
| 9/21/2005 HR | Draft letter to parent regarding information on tutoring services | 0.42 110.00/hr | 46.20 |
| 9/22/2005 HR | Draft letter to parent detailing the Due Process Hearing Complaint Requested | 0.50 110.00/hr | 55.00 |
| HR | Phone call to parent informing them of the due process hearing complaint requested | 0.17 110.00/hr | 18.70 |

Gabriela Fuentes                                                                                    Page    5

|  |  |  | Hrs/Rate | Amount |
|---|---|---|---|---|
| 9/26/2005 | JF | Discussion with child's attorney, developed strategy to follow in case | 0.25 365.00/hr | 91.25 |
|  | MH | Discussion with advocate, developed strategy to follow in case | 0.25 365.00/hr | 91.25 |
| 9/27/2005 | JF | School visit; classroom observation at Powell ES. Contacted parent and child's attorney with results from observation | 3.83 365.00/hr | 1,397.95 |
| 10/6/2005 | MH | Prepared plan for resolution conference. Includes review of complaint, discussion with parent, and legal research. | 0.92 365.00/hr | 335.80 |
| 10/7/2005 | MH | Conference with parent regarding pending hearing. | 0.25 365.00/hr | 91.25 |
|  | JF | Attended Dispute Resolution Meeting @ Powell ES. | 3.83 365.00/hr | 1,397.95 |
| 10/11/2005 | MH | Drafted letter to DCPS / Attorney regarding hearing for most recent complaint filed | 0.42 365.00/hr | 153.30 |
| 10/12/2005 | JF | Drafted letter to Powell ES regarding Clinical evaliuation and MDT/IEP meeting. Contacted parent | 0.58 365.00/hr | 211.70 |
| 10/14/2005 | HR | Phone call from mom regarding meeting | 0.17 110.00/hr | 18.70 |
|  | HR | Discussion with educational advocate regarding meeting and phone call from mom | 0.25 110.00/hr | 27.50 |
|  | JF | Discussion with paralegal regarding meeting and phone call from mom | 0.25 365.00/hr | 91.25 |
|  | HR | Phone call to mom with new meeting date and time | 0.17 110.00/hr | 18.70 |
| 10/18/2005 | JF | Discussion with paralegal regarding resolution conference and requesting hearing | 0.25 365.00/hr | 91.25 |
|  | HR | Discussion with educational advocate regarding resolution conference and requesting hearing | 0.25 110.00/hr | 27.50 |
| 10/19/2005 | HR | Draft letter to the Student Hearing Office requesting hearing date to be set | 0.50 110.00/hr | 55.00 |
| 10/21/2005 | HR | Draft letter to parent regarding MDT meeting scheduled | 0.50 110.00/hr | 55.00 |
| 10/25/2005 | MH | Prepared legal response to DCPS's Notice of Insufficiency. Includes legal research on drafting and revising of response. | 1.25 365.00/hr | 456.25 |

Gabriela Fuentes                                                                                          Page    6

|  |  |  | Hrs/Rate | Amount |
|---|---|---|---|---|
| 10/26/2005 | HR | Draft letter to the Student Hearing Office requesting an Interpreter for upcoming hearing | 0.50 110.00/hr | 55.00 |
|  | HR | Draft letter to parent regarding the notice of hearing | 0.42 110.00/hr | 46.20 |
| 10/27/2005 | JF | Attended MDT/IEP @ Powell ES | 4.83 365.00/hr | 1,762.95 |
| 10/28/2005 | JF | Attended MDT/IEP @ Powell ES | 4.83 365.00/hr | 1,762.95 |
| 11/3/2005 | HR | Draft letter to parent detailing the due process hearing complaint | 0.50 110.00/hr | 55.00 |
| 11/8/2005 | HR | Phone call from mom regarding correspondence received regarding meeting | 0.25 110.00/hr | 27.50 |
|  | HR | Assisted attorney to prepare disclosure to DCPS | 1.33 110.00/hr | 146.30 |
|  | MH | Conference with parent regarding recent meeting at school. | 0.25 365.00/hr | 91.25 |
|  | MH | Prepare disclosure to DCPS. | 1.33 365.00/hr | 485.45 |
| 11/9/2005 | MH | Prepared respoonse to DCPS Motion to remove hearing from calendar. Includes legal research on issue and drafting and revising of response. | 1.58 365.00/hr | 576.70 |
|  | JF | Attended MDT/IEP @ Powell ES with parent  Meeting was ordered by Hearing Officer's Determination | 3.83 365.00/hr | 1,397.95 |
| 11/15/2005 | JF | Prepared for Due Process Hearing by reviewing disclosures submmitted by child's attorney and discussing issues with parent | 1.50 365.00/hr | 547.50 |
|  | MH | Prepared for Due Process Hearing.  Reviewed parent's disclosure materials, research on issues raised, prepared potential witness questions and legal arguments for hearing. | 1.42 365.00/hr | 518.30 |
|  | MH | Prepared response to DCPS Motion to Consolidate filed 11/14/05. Includes research on issue and drafting and revising of response. | 2.33 365.00/hr | 850.45 |
| 11/16/2005 | HR | Phone call to mom regarding hearing cancelation and reasons for cancelation | 0.25 110.00/hr | 27.50 |
|  | JF | Appearance to 825 North Capital for due process hearing | 1.00 365.00/hr | 365.00 |

Gabriela Fuentes                                                                        Page    7

| Date | | Description | Hrs/Rate | Amount |
|------|---|-------------|----------|--------|
| 11/16/2005 | MH | Conference with DCPS counsel, Donna Russel, and Hearing Officer Smith regarding motions to consolidate and motions to remove from calendar. | 0.33 365.00/hr | 120.45 |
| 11/19/2005 | MH | Conference with advocate and attorney to determine case status and plan strategy. | 0.25 365.00/hr | 91.25 |
| | JF | Conference with advocate and attorney to determine case status and plan strategy. | 0.25 365.00/hr | 91.25 |
| 11/21/2005 | HR | File Review and sent letter to parent/student | 0.17 110.00/hr | 18.70 |
| 11/25/2005 | MH | Reviewed file to determine case status and plan strategy. | 0.42 365.00/hr | 153.30 |
| 11/28/2005 | HR | Draft letter to parent regarding Notice of Hearing | 0.42 110.00/hr | 46.20 |
| 12/5/2005 | HR | Draft letter to the Student Hearing Office requesting and interpreter | 0.50 110.00/hr | 55.00 |
| 12/6/2005 | HR | Assisted attorney to prepare disclosure to DCPS | 1.17 110.00/hr | 128.70 |
| | MH | Prepare disclosure to DCPS | 1.17 365.00/hr | 427.05 |
| 12/9/2005 | MH | Prepared response to DCPS Motion to Dismiss. Includes legal research on drafting and revising of response. | 1.17 365.00/hr | 427.05 |
| 12/12/2005 | MH | Prepared for Due Process Hearing. Review issues with parent and other witnesses. | 1.58 365.00/hr | 576.70 |
| 12/13/2005 | MH | Appearance to 825 North Capital for due process hearing | 2.92 365.00/hr | 1,065.80 |
| | HR | Phone call from mom regarding hearing | 0.08 110.00/hr | 8.80 |
| | | For professional services rendered | 102.41 | $31,010.35 |
| | | Additional Charges : | | |
| 3/9/2005 | | Copied documents; initial intake documents | | 6.25 |
| 3/10/2005 | | Postage; letter to parent | | 0.37 |
| | | Copied documents; letter to parent | | 0.50 |

Gabriela Fuentes                                                                                    Page    8

                                                                                                           Amount

| | |
|---|---|
| 3/17/2005 Facsimile request for records & evals. to PCPS/DCPS/Walker Jones/OGC/Powell/Med& Comp | 42.00 |
| 3/22/2005 Postage; letter to parent re: records and evaluations. | 0.37 |
| Copied documents(Parent-letter reg. for records evals) | 1.25 |
| 7/26/2005 Postage; letter to parent re: case status. | 0.60 |
| Copied: HR letter for parent. | 1.50 |
| 7/29/2005 Facsimile to Powell Elementary School:  Request for teacher qualifications | 3.00 |
| Facsimile to OSE:  Request for teacher qualifications | 3.00 |
| 8/15/2005 Facsimile; letter requesting hearing to SHO/OGC | 4.00 |
| 8/30/2005 Copied: NOH for parent. | 0.50 |
| Facsimile: request for interpreter to SHO and OGC. | 4.00 |
| 8/31/2005 Postage; letter to parent re: case status. | 0.37 |
| 9/13/2005 Facsimile letter/withdrawal and due process hearing request to SHO/OGC | 4.00 |
| 9/21/2005 Copied: Tutoring information for parent. | 0.75 |
| Postage; letter to parent re: tutoring information. | 0.37 |
| 9/22/2005 Postage; letter to parent re: case status. | 0.60 |
| Copied documents letter to school+ status letter to parent | 2.00 |
| 10/19/2005 Facsimile letter to OGC, Sheila Hall and Kelly Evans enquiring hearing date notice | 6.00 |
| 10/21/2005 Copied: confirmation letter for parent. | 0.75 |
| Postage; letter to parent re: case status. | 0.37 |
| 10/26/2005 Facsimile: request for interpreter to SHO and OGC. | 4.00 |
| Postage; letter to parent re: case status. | 0.37 |
| Copied: NOH letter for parent. | 0.50 |
| 11/3/2005 Copied: DPH-complaint for parent. | 1.75 |
| Postage; letter to parent re: case status. | 0.60 |

Gabriela Fuentes                                                                    Page     9

                                                                                 _Amount_

| | | |
|---|---|---:|
| 11/8/2005 | Messenger Service to and from DCPS (5-day Disclosures) | 20.00 |
| | Copied: disclosure for SHO and OGC. | 16.75 |
| 11/16/2005 | Sedan taxi service to   DCPS for hearing. (adv.) | 8.00 |
| 11/28/2005 | Postage; letter to parent re: case status. | 0.37 |
| | Copied NOH and letter for parent. | 0.50 |
| 12/5/2005 | Facsimile: request for interpreter to SHO and OGC. | 4.00 |
| 12/6/2005 | Messenger Service to and from DCPS (5-day Disclosures) | 20.00 |
| | Copied: Disclosure for SHO, OGC. | 57.00 |
| 12/13/2005 | Sedan taxi service to  DCPS for hearing.(attny) | 8.00 |
| | File review preparation of bill and invoice audit | 96.88 |
| | Total costs | $321.27 |
| | Total amount of this bill | $31,331.62 |