# EXHIBIT 9

**State Education Agency for the District of Columbia**
**State Enforcement and Investigation Division (SEID)**
**Special Education Programs**



## *Due Process Complaint Notice*

- The form is used to give notice of a due process complaint to the **District of Columbia Public Schools, District of Columbia Public Charter Schools (DCPS or LEA) and/or parents** with respect to any matter relating to the identification, evaluation, or educational placement of a child with a disability, or the provision of a free appropriate public education to that child. **A party may not have a due process hearing until the party, or the attorney representing the party, files a notice that meets the requirements of the Individuals wit**

- The due process complaint must describe an alleged violation that occurred not more than two (2) years before the date that the parent or school system knew or should have known about the alleged action that is the basis of the complaint.

- Notice must be provided to the Student Hearing Office for the DC Public Schools, 825 North Capitol Street, NE, 8th Floor, Washington, DC 20002; fax number 202/442-5556.

- Unless the other party agrees, the party requesting the due process hearing shall not be allowed to raise issues at the due process hearing that are not raised in this Due Process Complaint Notice. Therefore, please be thorough in providing the information requested.

- Prior to the opportunity for an impartial due process hearing, the Local Educational Agency (LEA) shall convene a meeting **(called a "Resolution Session")** with the parent(s) unless the parent(s) and the Local Educational Agency agree in writing to waive this meeting. You will be contacted by a representative of the Local Educational Agency to schedule the meeting. **The Student Hearing Office does NOT schedule resolution meetings**.

- Mediation is also available to all parties as an alternative to a resolution meeting or a Due Process Hearing.

## A.    INFORMATION ABOUT THE STUDENT:

Name of the Student: **Romeo Gaskins** Date of Birth: **August 28, 1993**
Address: **4022 Illinois Avenue, N.W., Washington, DC 20011**
Home School: **MacFarland Middle School**
Present School of Attendance: **MacFarland Middle School**

I

Is this a charter school? <u>No</u>    (If yes, you must also provide a copy of this notice to the charter school principal or director)

Parent/Guardian of the Student: **Ms. Olena Oliphant**

Address (if different from the student's above): <u>same</u>

**B.    Legal Representative/Attorney:**

Name: **Roberta L. Gambale, Esq.  ( James Brown and Associates, PLLC)**

Address: <u>1220 "L" Street, Suite 700, Washington, DC 20005</u>

Phone: (w) <u>(202)742-2000 (ext. 2021)</u> (Fax)  <u>(202) 742-2098</u>    (e-mail) Rgambale@jeblaw.biz

Will attorney / legal representative attend the resolution session?    <u>X</u> Yes        ☐ No

**C.    Complaint Made Against (check all that apply):**

X  DCPS school (name of the school if different from page one)

**D.    Resolution Session Meeting Between Parent/Representative and LEA:**

I understand that it is my right to have a resolution meeting to resolve this complaint.  I also understand that I may voluntarily waive this right if I choose.  (Note:  All parties must agree to waive the resolution meeting to avoid having this meeting.)

The parent, by and through counsel, wishes to waive the Resolution Session Meeting for  this process.

**E.    Mediation Process:**

IDEIA requires that any time a party requests a due process hearing, mediation should be offered at no cost to the parent.  Both parties can request mediation as an alternative to the Resolution Session Meeting or as an alternative to a Due Process Hearing.  Please check all that apply:

**I am requesting an administrative due process hearing <u>only</u>.**

**F.    Facts and Reasons for the Complaint:**

In accordance with the Individuals with Disabilities Education Improvement Act (IDEIA), please complete the following questions (attach additional pages if needed):

**I.  Nature of the problem.**

1.  **On or about October 27, 2005 DCPS failed to convene a complete IEP Team for Romeo Gaskins pursuant to the requirements of the IDEIA.**

District of Columbia Public Schools ("DCPS") failed to convene a complete IEP team for Romeo Gaskins, DOB: 8/28/93 on or about October 27, 2005. According to Individuals with Disabilities Education Improvement Act of 2004, Pub. L. No. 108-446, Sec. 101, § 614(d)(1)(A)(ii)(II)(B) the IEP team is defined to be

2

*"a group of individuals composed of—(i) the parent of a child with a disability; (ii) not less than 1 regular education teacher of such child; (iii) not less than 1 special education teacher, or where appropriate, not less than 1 special education provider of such child; (iv) a representative of the   local educational agency ; (v) an individual who can interpret the instructional implications of evaluation results; (vi) at the discretion of the parent or agency, other individuals who have knowledge or special expertise regarding the child, including related service personnel as appropriate; and (vii) whenever appropriate, the child with a disability"*

The only participants on the IEP team that convened for Romeo, were the educational advocate working with the parent, the parent,  the special education coordinator from MacFarland,    the special education coordinator at Clark Elementary School, who designated herself as special education teacher even though she is not presently teaching this student, and the counselors and/or social worker for the student. There was not an occupational therapist and/or a psychologist who participated in the meeting. Though the psychologist was present in the room, she refused to come to the table, sign in, and/or  participate because she had report writing to complete and had not had an opportunity to review the cognitive evaluation for Romeo.    Neither the occupational therapist nor the psychologist were excused from participating at the meeting  and failed to provided input in writing to assist with the development of an updated IEP.   The psychologist was needed to address a change in disability classification from MR to LD proposed by the psycho-educational assessment completed. Furthermore, the team could be adequately address whether or not Romeo was receiving his occupational therapy services be addressed because there was no record of services having commenced this school year. One of the express purposes of the October meeting was to address Romeo's progress so as to address his needs for a behavior plan, as well as, reexamine the appropriateness of the placement ( See: 7/28/05 MDT Notes).

## 2. On or about October 27, 2005 DCPS failed to appropriately revise the Individualized Educational Program ("IEP") for Romeo Gaskins and the program in place for Romeo at this time is insufficient to fully address his needs.

District of Columbia Public Schools ("DCPS") failed to revise the Individualized Educational Program ("IEP") for Romeo Gaskins, DOB: 8/28/93 at the October 27, 2005 meeting. On of the reasons, the meeting was convened was to review evaluation results and revise his IEP as appropriate.  Romeo was previously identified as a Mentally Retarded student, but that classification was changed to learning disabled.  The program currently in place for Romeo is insufficient to address his needs in that it fails to include a behavior intervention program ("IBP") and/or fails to provide Romeo with the level of instructional services that

3

is appropriate g c. his current performance levels and the results of recent evaluations, such as the Vineland, conducted for this student.

According to Individuals with Disabilities Education Improvement Act of 2004, Pub. L. No. 108-446, Sec. 101, § 614(d)(1)(A), DCPS, the local and state education agency, is obligated to ensure that each IEP for each disabled student contains a statement of the child's present level of academic achievement and functional performance, 2) a statement of the student's measurable annual goals, 3) a description of how the child's progress toward meeting the annual goals described in paragraph (2) of this subsection will be measured, and 4) any statement of the special education needs and related services and supplementary aides for a student. See Individuals with Disabilities Education Improvement Act of 2004, Pub. L. No. 108-446, Sec. 101, § 614(d)(1)(A). In the instant matter, DCPS has failed to comply with the requirements of the IDEIA in that:

- Present levels of performance ("PLOP") information has yet to be added to the student's program in that there are no plop information in the areas of cognitive/adaptive behavior despite the fact that a Vineland assessment was recently conducted for the student;
- There is no Behavior Intervention Plan as recommended;
- The program does not provide Romeo with the level of services that he requires.

Pursuant to the plop information contained in the student's current program, Romeo is functioning on a 3rd grade level in reading basics and written expression, below a 1st grade level in reading comprehension, and on a 1st-2nd grade level in math despite the fact that Romeo is currently in the 6th grade.

At the July 28, 2005 meeting, the team agreed that a meeting would be reconvened once school started and Romeo's need for a behavior plan would be addressed. Despite reports from Romeo's classroom teacher of behavior concerns, an IBP way not included in the student's program.

As a result of their failure to appropriately revise the IEP, Romeo has been denied a Free and Appropriate Public Education ("FAPE").

3. **DCPS failed to address the continued provision of compensatory education services for Romeo Gaskins pursuant to the October 17, 2005 Hearing Officer's Determination and the Express Purpose of the MDT.**

District of Columbia Public Schools ("DCPS") has failed to address the implement of a compensatory education plan for Romeo Gaskins, DOB: 8/28/93 for admitted past denials of a Free and Appropriate Public Education ("FAPE") that arose as a result of the failure to implement his 2004 IEP. . In addition, DCPS has failed to address additional compensatory education that should be provided to Romeo as a result of their misclassification, failure to develop an appropriate program, and/or failure to

4

issued on or about October 17, 2005 *"The upcoming October 27th MDT meeting is to address compensatory education and whether the 2.5 hours a week of specialized instruction from last school year are still owed"*.

At the May 2005 meeting it was determined that Romeo attend specialized classes between 9:30 am and 12:00 pm and was only receiving 12.5 hours of specialized instruction rather than the 15 hours provided in his program. This amounts to a difference of 85 hours this school year. It was agreed by the team that Romeo should receive compensatory education to remediate this denial of FAPE. A compensatory education plan has not been drafted. Compensatory education is an appropriate remedy to remediate denials of FAPE and place this student in this position he would have been in had he been receiving appropriate services over the past two years. (See: School Committee of the Town of Burlington, Massachusetts v. Department of Education of Massachusetts, 471 U.S. 359 (1985); Diatta v. District of Columbia 319 F. Supp.2d 57, 65 D.D.C. 2004 Kerkam I, 862 F.2d 84 (D.C. Cir. 1991) ).

### 4. **DCPS failed to implement the IEP and/or provide related counseling services, occupational therapy services, and the full extent of instruction provided in Romeo Gaskin's current program.**

Despite the fact that Ms. Looper, The special education Coordinator at McFarland testified on October 11, 2005, that Romeo was receiving his related and instructional services, it was discovered at the October 27, 2005 meeting that: counseling services had not yet begun for Romeo. The counselor at the meeting stated that he initially did not have Romeo on his list and that he had not begun servicing Romeo. Similarly there were no records with regards to occupational therapy and/or the service provider was not at the meeting. Also, it was discovered that Romeo was not provided with instructional services for a period of approximately 3 weeks. As a result, DCPS has failed to implement the student's program and/or to provide him with a Free and Appropriate Public Education as required under the IDEIA.

Parent strongly feels that Romeo is in need of tutoring for remediation. Because of his attention issues, Romeo requires small structured setting in order to make progress. In addition, teachers have complained about his inability to complete homework assignments. Individualized tutoring would therefore benefit Romeo and should be provided until he has made sufficient growth so as to place him on grade level.

### 5. **In appropriate placement and/or placement decisions for Romeo Gaskins**

District of Columbia Public Schools ("DCPS") failed to provide an appropriate placement for Romeo Gaskins, DOB: 8/28/93 and/or has failed to properly include the parent in the placement decision for her child.

5

School, despite the objection of the parent, but agreed that the appropriateness of the placement for Romeo would be re-addressed in three months when progress was reviewed and the IEP revised ( See 7/28/05 MDT Notes). Parent filed a Hearing Request to address her disagreement with the team, as well as , other issues such the implementation of Romeo's compensatory education plan, his program, and discontinuation of speech services which was heard on or about October 11, 2005.

At the October 27, 2005 meeting despite the objection of the parent, a Notice of Placement was re-issued to MacFarland Middle School. DCPS has failed to propose any alternate placements for Romeo other than his neighborhood school, which the parent strongly feels is inappropriate.

The one current classroom teacher of Romeo at the October 27, 2005 meeting reported that Romeo was experiencing difficulties in the classroom. He would often engage in disruptive behavior and there complaints made about his behavior from other classmates.

## II. Issues presented.

- Whether District of Columbia Public Schools ("DCPS") failed to convene a complete IEP team for Romeo Gaskins on or about October 31, 2005?

- Whether a psychologist, counselor and the student's occupational therapist should have been included on his IEP team?

- Whether District of Columbia Public Schools ("DCPS") failed to appropriate revise the Individualized Educational Program ("IEP") for Romeo Gaskins on or about October 27, 2005?

- Whether District of Columbia Public Schools ("DCPS") failed to update Romeo Gaskin's IEP to include complete performance levels, a behavior plan, and/or the level of services required in Romeo Gaskins' program?

- Whether District of Columbia Public Schools ("DCPS") failed to address compensatory education for Romeo Gaskin at the October 27, 2005 meeting and/or failed to provide Romeo Gaskins with compensatory education and/or develop a compensatory education plan to remediate past denials of Free and Appropriate Public Education?

- Whether District of Columbia Public Schools ("DCPS") failed to provide an appropriate placement for Romeo Gaskins or identify a suitable placement at the October 27, 2005 meeting?

- Whether the parent has been afforded a chance to have meaningful participation in the placement decision made for her child?

6

- Whether or not Rome Gaskin has been denied a Free and Appropriate Public Education ("FAPE")?

III. **To the extent known to you at this time, how can this problem be resolved?**

**WHEREFORE**, the guardian, by and through counsel, requests the following relief:

1. A finding that DCPS denied Romeo Gaskins FAPE by failing to convene an appropriate Individualized Educational Program ("IEP") Team on or about October 27, 2005;

2. A finding that DCPS failed to develop a complete and/or appropriate Individualized Educational Program ("IEP") for this student as required under the Individuals with Disabilities Education Improvement Act of 2004, Pub. L. No. 108-446, Sec. 101, § 614(d)(1)(A) when they revised his program on October 27, 2005;

3. A finding that DCPS denied Romeo Gaskins FAPE by failing to provide related counseling and/or occupational therapy and/or instructional services during the 2005/2006 school year to date;

4. A finding that DCPS failed to address at the October 27, 2005 meeting and/or provide Romeo Gaskins with an appropriate compensatory education plan to remediate past denials of a Fape?

5. A finding that DCPS failed to provide Romeo Gaskins with an appropriate placement on or about October 27, 2005 and/or identify a suitable location at which necessary services in his program could be received?

6. That DCPS shall provide the parent with an amended IEP that includes the following: a)    present levels of performance in all relevant areas; b) a behavior plan; c) additional hours of instructional service;

7. That DCPS shall conduct a comprehensive an updated functional behavioral assessment for the student and provide a copy thereof to counsel for the parent;

8. That DCPS shall convene an MDT meeting within ten (10) calendars days of completion of the assessments for the purpose of reviewing evaluations; revising the IEP; discussing compensatory education; discussing and determining placement;

9. That DCPS shall provide an interim placement at either Prospect Learning Center and/or fund a suitable private placement selected by the parent;

10. That DCPS shall provide compensatory education for all denials of a FAPE in the form of 1-1 tutoring; and/or additional hours related services and fund up to five hours of service weekly should DCPS fail to implement a compensatory education plan within 15 calendar days.

11. That if DCPS fails to develop a compensatory education plan and/or commence the tutoring within thirty (30) calendar days that the parent shall have the right to get independent tutoring at DCPS' expense of not less than five hours a week;

12. That DCPS agrees to pay counsel for the parent's reasonable attorney's fees in an amount not to exceed Four Thousand Dollars and Zero Cents ($4,000.00), as full payment of attorneys' fees and related costs incurred in the matter;

13. All meetings shall be scheduled through counsel for the parent, Roberta L. Gambale, Esq., in writing, via facsimile, at 202-742-2097 or 202-742-2098;

14. Provide the student with a due process hearing within 20 calendar days of a request on any issue arising out of the noncompliance with the DCPS' obligation hereunder, or any disagreement with the assessment, programming or placement the parent may have;

15. In the event that the DCPS shall fail to comply with the terms herein, then under the Conciliation Agreement, the parent shall have the authority to use self help without further notice to the DCPS, and initiate an IEP with the DCPS' invited participation, and unilateral placement in an interim school or educational program until such time the DCPS can come into compliance and properly assess, program and/or participate;

16. Provide counsel for the parent with copies, pursuant to 5 DCMR 3021.8, of all evaluation reports and all educational records on the student no later than sixteen (16) business hours prior to the convening of any meeting;

17. 19.. The DCPS shall ensure that this student has available a Free and Appropriate Public Education including special education, transportation (5 DCMR 3000.3), and Other related services as are defined at 34 C.F.R. 300.24, designed to meet this student's unique needs and preparation for employment and independent living;

18. That DCPS within ten (10) calendar days of the filing of this complaint, pursuant to the Individuals with Disabilities Education Improvement Act of 2004, Pub. L. No. 108-446, Sec. 101, § 615(c)(2)(B), provide the parent's representative, Roberta L. Gambale, Esq., via facsimile, at 202-742-2097 or 202-742-2098, the following: i) an explanation of why DCPS proposed or refused to take the action raised in the complaint; ii) a description of other options that the IEP team considered and the reasons why those options were rejected, iii) a description of each evaluation procedure, assessment, record, or report the agency used as the basis for the proposed or refused action, and iv) a description of the other factors that are relevant to the agency's proposed or refused action;

19. That DCPS, in the event they fail to answer/respond to the issues alleged in the parent's administrative due process hearing complaint, within ten (10) calendar days, the arguments and facts as averred by the guardian will be deemed true and accurate and act as a waiver, on the part of DCPS, for their desire to have a Resolution Session Meeting, and the guardian's administrative due process

8

hearing will be scheduled pursuant to the applicable timelines contained in the IDEIA;

20. That DCPS, within fifteen (15) calendar days of receiving the parent's complaint, pursuant to the Individuals with Disabilities Education Improvement Act of 2004, Pub. L. No. 108-446, Sec. 101, § 615(c)(2)(C), respond to the parent's request alleging any insufficiency of notice.

21. That DCPS' failure to comply with the Individuals with Disabilities Education Improvement Act of 2004, Pub. L. No. 108-446, Sec. 101, § 615(c)(2)(C), and allege any insufficiency of the administrative due process complaint, will constitute waiver on the part of DCPS to make such argument at any later date and time.

22. That DCPS, pursuant to the Individuals with Disabilities Education Improvement Act of 2004, Pub. L. No. 108-446, Sec. 101, § 615(f)(1)(B), within fifteen (15) calendar days of receiving the parent's administrative due process complaint, shall contact the parent's representative, in writing, via facsimile, at 202-742-2097 or 202-742-2098, to schedule and convene a Resolution Session Meeting;

23. That DCPS, pursuant to the Individuals with Disabilities Education Improvement Act of 2004, Pub. L. No. 108-446, Sec. 101, § 615(f)(1)(B), convene the Resolution Session Meeting, with the parent, the parent's representative, and all necessary/relevant members of the student's MDT/IEP Team that have specific knowledge about the child and the facts contained in the complaint. That the relevant members of the MDT/IEP Team that shall be present at the Resolution Session Meeting for the student shall include the following persons: 1) the student's special education teacher, 2) the student's regular education teacher, if applicable, 3) a representative of the local education agency with decision making authority, 4) a person who can interpret the data, 5) any person(s) who conducted any assessments on the student and/or would be qualified to conduct the evaluations requested in the parent's complaint.

24. That DCPS' failure to timely schedule and convene the Resolution Session Meeting within the timeframe identified according to the Individuals with Disabilities Education Improvement Act of 2004, Pub. L. No. 108-446, Sec. 101, § 615(f)(1)(B) constitute joint waiver between DCPS and the guardian to have such meeting and the forty-five (45) days timeline to schedule the student's administrative due process hearing and receive a timely decision will begin to run upon written notice, via facsimile, at 202-442-5556, to the DCPS Office of Student Hearings, by the parent's counsel; and

25. A finding that the parent is the prevailing party in this action.

9

**G.**  **Accommodations and Ass. ..._e Needed:**

- N/A

Dated this 31st day of October, 2005

Roberta L. Gambale, Esq.,
James E. Brown & Associates, PLLC
1220 L Street, NW Suite 700
Washington, DC 20005
202-742-2021
Counsel for the Parent

**Mail, fax or deliver this complaint notice to:**
**State Enforcement and Investigation Division**
**For Special Education Programs (SEID)**
**Student Hearing Office (SHO)**
**825 North Capitol Street, NE, 8th Floor**
**Washington, DC  20002**
**Fax number: 202/442-5556**

10

```
*********************
***   TX REPORT   ***
*********************


TRANSMISSION OK

TX/RX NO              4172
CONNECTION TEL                   94425556
SUBADDRESS
CONNECTION ID
ST. TIME             10/31 16:16
USAGE T              01'52
PGS. SENT            11
RESULT               OK
```

## JAMES E. BROWN & ASSOCIATES, PLLC
### *A Professional Limited Liability Company*

| | | |
|---|---|---|
| James E. Brown | Attorneys at Law | Juan J. Fernandez! |
| Domiento C.R. Hill ◊ | 1220 L Street, NW | Tilman L. Gerald |
| Roberta Gambale | Suite 700 | John A. Straus |
| Migue A. Hull | Washington, DC 20005 | Delores Scott McKnight |
| Christopher L. West | Telephone: (202) 742-2000 | Marshall Lammers° |
| | Facsimile: (202) 742-2098 | |
| | e-mail: Admin@Jeblaw.biz | |

! Admitted in Bolivia Only

# *FAX COVER SHEET*

DATE:      October 31, 2005

TO:        Sharon Newsome, Hearing Coordinator, Student Hearing Office, DCPS

PHONE:     202-442-4800

FAX NO:    202-442-5556

FROM:      Yamileth Amaya, Paralegal

           Romeo Gaskin
           DOB: 8/28/93

NUMBER OF PAGES INCLUDING COVER SHEET: **11**

COMMENTS: Please find attached the Due Process Complaint Notice for the above

mentioned student.

JAMES L. BROWN & ASSOCIATES, . LLC

*A Professional Limited Liability Company*

James E. Brown                     Attorneys at Law                Juan J. Fernandez!
Domiento C.R. Hill ◊              1220 L Street, NW                Tilman L. Gerald
Roberta Gambale                      Suite 700                     John A. Straus
Miguel A. Hull                  Washington, DC 20005               Delores Scott McKnight
Christopher L. West            Telephone: (202) 742-2000           Marshall Lammers°
                               Facsimile: (202) 742-2098
                               e-mail: Admin@Jeblaw.biz
-----------------------------------                              --------------------------------

                                                                ! Admitted in Bolivia Only

# *FAX COVER SHEET*

DATE:      October 31, 2005

TO:        Sharon Newsome, Hearing Coordinator, Student Hearing Office, DCPS

PHONE:     202-442-4800

FAX NO:    202-442-5556

FROM:      Yamileth Amaya, Paralegal

           Romeo Gaskin
           DOB: 8/28/93

NUMBER OF PAGES INCLUDING COVER SHEET: **11**

COMMENTS:  Please find attached the Due Process Complaint Notice for the above

mentioned student.

◊ *"Practice is limited solely to matters before the District of Columbia Public Schools' Office of Student Hearings under the District of Columbia Court of Appeals Rule 49(c)(5)."*

# District of Columbia Public Schools

## State Enforcement and Investigation Division

Terry Michael Banks, Due Process Hearing Officer
825 North Capitol Street, N.E.; Room 8076
Washington, D.C. 20002
(571) 437-7381
Facsimile: (202) 442-5556

## Confidential

| | | |
|---|---|---|
| ROMEO GASKINS, STUDENT | ) | |
| | ) | |
| Date of Birth: August 28, 1993 | ) | Hearing Date: January 9, 2006 |
| | ) | |
| Petitioner, | ) | Complaint Filed: November 1, 2005 |
| | ) | |
| v. | ) | |
| | ) | Held at: 825 North Capitol Street, N.E. |
| DISTRICT OF COLUMBIA | ) | 8th Floor |
| PUBLIC SCHOOLS | ) | Washington, D.C. 20002 |
| | ) | |
| Respondent. | ) | |
| | ) | |
| Student Attending: | ) | |
| MacFarland Middle School | ) | |

## INTERIM ORDER

| | |
|---|---|
| **Parents:** | Ms. Olena Oliphant, Mother |
| | 4022 Illinois Avenue, N.W. |
| | Washington, D.C. 20011 |
| | |
| **Counsel for Petitioner:** | Roberta L. Gambale, Esquire |
| | James E. Brown & Associates |
| | 1220 L Street, N.W.; Suite 700 |
| | Washington, D.C. 20005 |
| | (202) 742-2000, x2021; Fax: (202)742-2098 |
| | |
| **Counsel for DCPS:** | Lyana Palmer, Esquire |
| | Office of the General Counsel, DCPS |
| | 825 North Capitol Street, N.E. |
| | 9th Floor |
| | Washington, D.C. 20002 |

An index of names is attached hereto for the benefit of the parties. The index will permit the parties to identify specific witnesses and other relevant persons. The index is designed to be detached before release of this Decision as a public record.

# INDEX OF NAMES

| Child | Romeo Gaskins |
|---|---|
| Child's Parent(s) (specific relationship) | Olena Oliphant, Mother |
| Child/Parent's Representative | Roberta L. Gambale, Esquire |
| School System's Representatives | Lyana Palmer, Esquire |
| Special Education Coordinator | Barbara Looper, MacFarland M.S. |
| Educational Advocate | Dr. Robin Boucher, James E. Brown & Associates |

**Jurisdiction**

This hearing was conducted in accordance with the rights established under the Individuals With Disabilities Education Improvement Act of 2004 ("IDEA"), 20 U.S.C. Sections 1400 et seq., Title 34 of the Code of Federal Regulations, Part 300; Title V of the District of Columbia ("District" or "D.C.") Municipal Regulations ("DCMR"), re-promulgated on February 19, 2003; and Title 38 of the D.C. Code, Subtitle VII, Chapter 25.

**Introduction**

Petitioner is a twelve year-old student attending MacFarland Middle School ("MacFarland"). On November 1, 2005, Petitioner filed a *Due Process Complaint* ("*Complaint*") alleging that the District of Columbia Public Schools ("DCPS") had failed to (1) failed to develop an appropriate Individualized Education Program ("IEP"), (2) failed to convene an appropriate IEP team, (3) failed to provide compensatory education services, (4) failed to provide an appropriate placement, and (5) failed to provide necessary services. The due process hearing was convened on January 9, 2006. The parties' Five-Day Disclosure Notices were admitted into evidence at the hearing.

DCPS' proposed witnesses were unavailable by telephone. Thus, DCPS was limited to the documents in its disclosure to meet its burden of proof. Petitioner's demand included a functional behavior assessment ("FBA") and placement at Prospect Learning Center ("PLC"). However, neither party listed anyone from PLC as a potential witness. In the absence of testimony that PLC has a vacancy for Petitioner and is an appropriate placement for Petitioner, the hearing officer lacks the authority to place Petitioner there. Therefore, the hearing officer stated that he would issue an interim order requiring the parties to convene a Multidisciplinary Team meeting to update Petitioner's IEP, consider his need for compensatory education services, and consider placement alternatives.

**Findings of Fact**

1. Petitioner is a twelve year-old student attending MacFarland.[1]

2. On October 27, 2005, DCPS convened an MDT meeting to review a Vineland Assessment and update Petitioner's IEP. The MDT classified Petitioner as learning disabled[2] and prescribed 15 hours of specialized instruction, one hour per week of psychological counseling, and 30 minutes per week of occupational therapy ("OT").[3]

---

[1] *Complaint* at 1.
[2] DCPS Exh. No. 5 at 1.
[3] *Id.* at 5.

**Conclusions of Law**

1. DCPS failed to meet its burden on any of the allegations in the Complaint. It offered no testimonial evidence, and the hearing officer was unable to determine from DCPS' exhibits that it met its burden as to any issue in dispute.

2. Petitioner is the prevailing party in this proceeding.

## ORDER

Upon consideration of Petitioner's requests for a due process hearing, the parties' Five Day Disclosure Notices, and the representation of the parties counsel at the hearing, this 9th day of January, 2006 it is hereby

**ORDERED,** that Petitioner is authorized to obtain an independent FBA in accordance with 5 DCMR Section 3027.5. Petitioner's counsel shall forward a copy of the assessment to Mr. Barbara Looper, Special Education Coordinator at McFarland, by facsimile transmission and first-class mail, along with a written request to convene the MDT meeting described below.

**IT IS FURTHER ORDERED,** that within ten school days of its receipt of the independent FBA, DCPS shall convene an MDT meeting to update Petitioner's IEP, consider his need for compensatory education services, and consider placement alternatives. DCPS shall coordinate scheduling the MDT meeting through Petitioner's counsel, Roberta L. Gambale, Esquire, (202) 742-2000.

**IT IS FURTHER ORDERED,** that DCPS shall afford Petitioner's parents an opportunity to participate in any meeting in which Petitioner's placement is discussed or determined. The DCPS placement representative shall advise Petitioner's parents of the advantages and disadvantages for Petitioner with respect to each school that is discussed, including any schools proposed by the parents. DCPS shall provide Petitioner's parents an explanation for the placement DCPS proposes, and the reasons for the proposal shall be provided in the Meeting Notes. DCPS shall issue a Prior Notice within seven days of the MDT meeting if Petitioner is placed in a public facility or within 30 days if Petitioner is placed in a private facility.

**IT IS FURTHER ORDERED,** that any delay in meeting any of the deadlines in this Order because of Petitioner's absence or failure to respond promptly to scheduling requests, or that of Petitioner's representatives, will extend the deadlines by the number of days attributable to Petitioner or Petitioner's representatives. DCPS shall document with affidavits and proofs of service for any delays caused by Petitioner or Petitioner's representatives.

4

**IT IS FURTHER ORDERED**, that on or before February 3, 2006, both parties shall provide the hearing officer written notification of the status of Petitioner's 2005-2006 educational program. The hearing officer shall retain jurisdiction of this matter until that time to enter a final decision or to reconvene a hearing on February 13, 2006 at 11:00 a.m. to adjudicate any allegation that DCPS failed to meet its deadlines in this Order or continues to violate IDEA. In the event either party files a status report prior to the date provided above, the opposing party shall file a reply within seven days. In the event a party fails to file a status report, the hearing officer will deem the representations in the opposing party's status report as conceded.

**IT IS FURTHER ORDERED**, that this Order is effective immediately.

Terry Michael Banks
Hearing Officer

Date:  January 9, 2006

Issued: ____11 9 06_____

Copies to:

Roberta L. Gambale, Esquire
James E. Brown & Associates
1220 L Street, N.W.; Suite 700
Washington, D.C. 20005
(202) 742-2000, x2021; Fax: (202)742-2098

Lyana Palmer, Esquire
Office of the General Counsel, DCPS
825 North Capitol Street, N.E.
9th Floor
Washington, D.C. 20002

# District of Columbia Public Schools
## *Office of Compliance*
## STUDENT HEARING OFFICE
825 North Capitol Street, N.E.
8TH Floor
Washington, D.C. 20002
FAX: (202) 442-5556



## *FACSIMILE SHEET*

Date: 1/9/06

TO: Gambale

FROM: STUDENT HEARING OFFICE

RE: Gaskins, Romeo / HOD

TOTAL NUMBER OF PAGES, INCLUDING COVER:


COMMENTS:


*CONFIDENTIALITY NTOICE:* The information accompanying this facsimile is intended only for the use of the individual or entity named above. If you are not the intended recipient, you are hereby notified that any disclosure, copying, distribution or the taking of any action in reliance on the content of this telecopied information is strictly prohibited.

# District of Columbia Public Schools

**OFFICE OF GENERAL COUNSEL**
825 North Capitol Street NE, 9th Floor
Washington, DC 20002-1994
Phone - 202-442-5000, Fax – 202-442-5098

## APPLICATION FOR PAYMENT OF ATTORNEY FEES AND COSTS
## PURSUANT TO THE INDIVIDUALS WITH DISABILITIES EDUCATION ACT

1. **Attorney Information**
   Law Firm: JAMES E. BROWN & ASSOCIATES, PLLC
   Attorney: JAMES E. BROWN
   Federal Tax ID No.: 52-1500760
   D.C. Bar No.: 61622

2. **Student Information**
   Name: Romeo Gaskins
   DOB: 8/28/93
   Date of Determination (HOD/SA): 1/9/06
   Parent/Guardian Name: Olena Oliphant
   Parent/Guardian Address: 4022 Illinois Ave., NW, WDC 20011
   Current School: MacFarland MS
   Home School: MacFarland MS

3. **Invoice Information**
   Invoice Number: 06-041
   Date Request Submitted: 1/12/06
   Date(s) Services Rendered: 6/10/05 to 1/9/06
   Amount of Payment Request: $ 18,202.83

4. **Certification (must be signed by principal attorney)**

I certify that all of the following statements are true and correct:

- all services listed on the enclosed invoices were actually performed;
- the entire amount requested on the enclosed invoice for payment of costs and expenses represents the actual amount of costs and expenses incurred;
- the District of Columbia Public Schools is the sole entity from which payment of the fees, costs and expenses itemized on the enclosed invoice is requested;
- no attorney or law firm who either (1) provided services listed on the enclosed invoice, or (2) will benefit from any monies paid as a result of the submission of the enclosed invoice, has a pecuniary interest, either through an attorney, officer or employee of the firm, in any special education diagnostic services, schools, or other special education service providers;
- I understand that the making of a false statement to an agency of the DC Government is punishable by criminal penalties pursuant to D.C. Code §22-2405.

_____          January 12, 2006
Signature                                                  Date

James E. Brown & Associates, PLLC
A Professional Limited Liability
Company
1220 L Street, NW Suite 700
Washington, DC 20005

Invoice submitted to:
Romeo Gaskins

January 11, 2006
In Reference To:     Romeo Gaskins
                     DOB: 08/28/93
                     School: Van Ness ES

Invoice #11203

        Professional Services

|  |  |  | Hrs/Rate | Amount |
|---|---|---|---|---|
| 6/10/2005 | YA | Draft status letter to parent re, Settlement Agreement | 0.75 110.00/hr | 82.50 |
| 6/13/2005 | RB | Reviewed settlement agreement and tickled calendar | 0.17 185.00/hr | 31.45 |
| 6/16/2005 | RB | Received OT evaluation; briefly reviewed; memo to attorney | 0.17 185.00/hr | 31.45 |
|  | RB | Asked paralegal to copy, file, and send OT evaluation to school with request for meeting to review | 0.08 185.00/hr | 14.80 |
| 6/17/2005 | YA | copy Occupational Therapy Evaluation , file and write on case log | 0.25 110.00/hr | 27.50 |
|  | YA | Draft letter to Clark ES re, Occupational Therapy Evaluation | 0.75 110.00/hr | 82.50 |
| 6/20/2005 | RG | Conference with parent- telephone call from/to parent | 0.33 365.00/hr | 120.45 |
| 7/5/2005 | RG | Conference with parent- telephone call to /from mom re" placement | 0.17 365.00/hr | 62.05 |
|  | RB | Memo to attorney re OT and FBA deadline | 0.08 185.00/hr | 14.80 |

Romeo Gaskins                                                                                    Page     2

| | | | Hrs/Rate | Amount |
|---|---|---|---|---|
| 7/6/2005 | RB | Reviewed 6/6/05 settlement agreement; memo to attorney re deadline reached for FBA; student's summer school status for evaluation accessibility | 0.25 185.00/hr | 46.25 |
| | RG | Conference with parent re: placement concerns and discussion with advoate (10) | 0.50 365.00/hr | 182.50 |
| | RB | Phone call to parent re FBA evaluation and placement for SY 05-06 | 0.25 185.00/hr | 46.25 |
| | RB | Discussion with attorney: case status and recent parent contact | 0.17 185.00/hr | 31.45 |
| 7/7/2005 | YA | Assist attorney with letter to Jeff Kaplan, Mediation and Compliance re, non compliance | 0.25 110.00/hr | 27.50 |
| | YA | Assist attorney with letter to Katherine Rodi, Office of General Counsel re, non compliance | 0.25 110.00/hr | 27.50 |
| | YA | Assist attorney with letter to Barbara Fox, Clark ES re, follow up on evaluations | 0.25 110.00/hr | 27.50 |
| | YA | Prepared and sent referral for independent evaluations to Seeds | 0.75 110.00/hr | 82.50 |
| | YA | Research educational needs re, documents needed for referral for independent | 0.33 110.00/hr | 36.30 |
| 7/8/2005 | YA | Research educational needs re, Clinical Psychological additional request by Seed of Tommorow to conduct evaluation | 0.25 110.00/hr | 27.50 |
| | YA | Phone call to Seed of Tommorow re, sending per request the Clinical Psychological Evaluation | 0.17 110.00/hr | 18.70 |
| 7/11/2005 | YA | Log in case log for activity completed | 0.17 110.00/hr | 18.70 |
| 7/13/2005 | YA | Research educational needs re, completed Occupational Therapy Evaluation | 0.33 110.00/hr | 36.30 |
| | RG | Discussion with Seeds and email exchange with Ms. Minnicui -DCPS; communication with YA and RB | 0.50 365.00/hr | 182.50 |
| | RB | Telephone call from SEEDS re OT and FBA evaluations; memo to attorney | 0.17 185.00/hr | 31.45 |
| 7/14/2005 | RB | Memo from attorney re FBA | 0.08 185.00/hr | 14.80 |
| | RB | Received and reviewed FBA; memo to attorney; reviewed attorney's memo re placement concerns | 0.50 185.00/hr | 92.50 |

Romeo Gaskins                                                                                    Page    3

|  |  |  | Hrs/Rate | Amount |
|---|---|---|---|---|
| 7/15/2005 | RB | Received and reviewed meeting invitation from Clark ES | 0.08<br>185.00/hr | 14.80 |
|  | RB | Phone call to parent re meeting date/time and visit to Mamie D. Lee | 0.33<br>185.00/hr | 61.05 |
|  | YA | Log in case notes ,made copied of Functional Behavior Assessment and Invitation letter for advocate | 0.25<br>110.00/hr | 27.50 |
| 7/18/2005 | RB | Drafted letter and faxed to Clark ES re meeting dates/times | 0.33<br>185.00/hr | 61.05 |
|  | RB | Memo to attorney re meeting | 0.17<br>185.00/hr | 31.45 |
|  | RB | Asked paralegal to file letter from DCPS | 0.08<br>185.00/hr | 14.80 |
|  | RB | Memo to attorney re parent's rpeort about Mamie D. Lee School | 0.17<br>185.00/hr | 31.45 |
| 7/20/2005 | YA | Research educational needs re, pending evaluations | 0.33<br>110.00/hr | 36.30 |
|  | YA | Research educational needs re, pending evaluations | 0.17<br>110.00/hr | 18.70 |
|  | YA | Discussion with the child's attorney re, status of evaluation | 0.17<br>110.00/hr | 18.70 |
|  | RB | Discussion with attorney: evaluations and meeting | 0.33<br>185.00/hr | 61.05 |
| 7/21/2005 | RB | Telephone call from DCPS coordinator, J. Mann, about confirming in writing meeting set for 7/29/05 | 0.17<br>185.00/hr | 31.45 |
|  | RB | Completed meeting acceptance form; faxed form to DCPS/J. Mann; asked paralegal to file | 0.25<br>185.00/hr | 46.25 |
|  | YA | log in case note receipt of letter of invitation and file | 0.17<br>110.00/hr | 18.70 |
|  | RB | Telephone call to DCPS coordinator, J. Mann, re meeting dates/times in my 7/15/05 letter | 0.17<br>185.00/hr | 31.45 |
|  | RB | Phone call to parent re meeting date/time and agenda | 0.25<br>185.00/hr | 46.25 |
| 7/22/2005 | RB | Received and reviewed meeting confirmation from DCPS coordinator Mann; asked paralegal to file | 0.17<br>185.00/hr | 31.45 |

Romeo Gaskins                                                                    Page    4

|            |     |                                                                                           | Hrs/Rate | Amount |
|------------|-----|-------------------------------------------------------------------------------------------|----------|--------|
| 7/22/2005  | YA  | log in case note & file                                                                   | 0.17<br>110.00/hr | 18.70 |
| 7/25/2005  | RB  | Telephone call from DCPS/J. Mann about possible alternative dates for meeting             | 0.17<br>185.00/hr | 31.45 |
| 7/26/2005  | RB  | Reviewed case notes re S/L dismissal, 12/22/04 and 5/18/05 meeting notes, and FBA; memo to file for complaint | 0.58<br>185.00/hr | 107.30 |
| 7/27/2005  | RB  | Telephone call to J. Mann, DCPS summer IEP coordinator for Clark ES, re parent's desire for teacher at meeting re communication concerns | 0.25<br>185.00/hr | 46.25 |
|            | YA  | Log in case note and file for advocate                                                    | 0.17<br>110.00/hr | 18.70 |
| 7/28/2005  | RB  | Prepared for 7/29/05 school meeting: reviewed OT evaluation, FBA, May 05 meeting notes re S/L issue, SA re comp ed, 2004 PE | 1.50<br>185.00/hr | 277.50 |
| 7/29/2005  | YA  | log in case note receipt of Advocate's notes and file                                     | 0.25<br>110.00/hr | 27.50 |
|            | RB  | Attended MDT/IEP @ Clark ES                                                                | 3.50<br>185.00/hr | 647.50 |
|            | RB  | Memo to attorney re meeting outcomes                                                       | 0.50<br>185.00/hr | 92.50 |
|            | RB  | Mailed IEP and MDT documents to parent                                                     | 0.08<br>185.00/hr | 14.80 |
|            | RB  | Faxed ASHA technical report to J. Mann, DCPS LEA                                           | 0.17<br>185.00/hr | 31.45 |
| 8/3/2005   | RG  | Conference with parent and memo to RB                                                      | 0.33<br>365.00/hr | 120.45 |
| 8/4/2005   | RB  | Phone call to parent re 7/29/05 meeting outcomes                                           | 0.50<br>185.00/hr | 92.50 |
|            | RB  | Memo to attorney re parent's report                                                        | 0.17<br>185.00/hr | 31.45 |
|            | RB  | Phone call from parent                                                                     | 0.08<br>185.00/hr | 14.80 |
| 8/8/2005   | RB  | Received from parent progress reports; reviewed; memo to attorney; requested paralegal copy for file | 0.42<br>185.00/hr | 77.70 |
|            | RG  | Conference with parent to discuss fax sending us and HR                                    | 0.33<br>365.00/hr | 120.45 |

Romeo Gaskins                                                                    Page    5

| Date | | Description | Hrs/Rate | Amount |
|---|---|---|---|---|
| 8/9/2005 | YA | received teacher's comments and report card from advocate, copied and file | 0.17<br>110.00/hr | 18.70 |
| | RG | Reviewed evaluations and advocate notes; discussion with advocate; Prepared and file due process hearing request to DCPS to address speech; IEP; Placement for 05/06 SY | 3.00<br>365.00/hr | 1,095.00 |
| | RB | Discussion with attorney: ESY issue for hearing request | 0.17<br>185.00/hr | 31.45 |
| 8/10/2005 | YA | Drafted letter to parent re, Hearing Request Notice enclosed | 0.58<br>110.00/hr | 63.80 |
| | RG | Conference with parent about palcement for 05/06 and completion of HR for Romeo | 0.50<br>365.00/hr | 182.50 |
| | YA | Assisted attorney in preparation of request for hearing to Student Hearing Office | 0.33<br>110.00/hr | 36.30 |
| 8/15/2005 | RG | Conference with parent- telephone call from; reviewed and left message | 0.17<br>365.00/hr | 62.05 |
| 8/16/2005 | RG | Conference with parent re: transfer and fall 05; fax letter to mom | 0.50<br>365.00/hr | 182.50 |
| 8/18/2005 | RG | Conference with parent- telephone calls (2) from mom re: registration and forms received | 0.33<br>365.00/hr | 120.45 |
| 8/19/2005 | RG | Reviewed | 0.33<br>365.00/hr | 120.45 |
| 8/23/2005 | RB | Phone call from parent about placement for SY 05-06 | 0.17<br>185.00/hr | 31.45 |
| 8/24/2005 | RB | Memo to attorney re dispute resolution meeting deadline | 0.08<br>185.00/hr | 14.80 |
| 8/25/2005 | RG | Conference with parent re: VanNess and IEP | 0.33<br>365.00/hr | 120.45 |
| 8/29/2005 | RG | Conference with parent telephone call from mom re: placement at MacFarlnad and memo to team re: follow up actions (ie observation and request for teacher crednetials) | 0.50<br>365.00/hr | 182.50 |
| 8/30/2005 | YA | Draft letter to McFarland Middle School re, request for teacher's qualifications and amend letter | 0.75<br>110.00/hr | 82.50 |
| | YA | Drafted letter to parent re, request for teacher's Qualifications | 0.58<br>110.00/hr | 63.80 |

Romeo Gaskins

| | | | Hrs/Rate | Amount |
|---|---|---|---|---|
| 8/30/2005 | YA | review memo from attorney re, to draft letter to request teacher's qualifications | 0.17 110.00/hr | 18.70 |
| 9/6/2005 | JF | Discussion with parent and Francis JHS regarding child's admission to thte school in an interim basis, packet was sent to the school, reviewed most of the info sent overthere with the parent. | 0.58 365.00/hr | 211.70 |
| | HR | Prepared and sent placement package to Francis Junior High School | 0.50 110.00/hr | 55.00 |
| | HR | Draft letter to parent informing them of placement package sent out | 0.42 110.00/hr | 46.20 |
| 9/7/2005 | HR | Draft letter to Francis Junior High School regarding placement package sent for consideration, sent letter via facsimile to the school. | 0.50 110.00/hr | 55.00 |
| | HR | Draft letter to parent informing them to disregard placement package sent out | 0.42 110.00/hr | 46.20 |
| 9/16/2005 | RG | Conference with parent re: hearing and services | 0.33 365.00/hr | 120.45 |
| | RB | Memo from attorney re hearing date/time; tickled calendars | 0.08 185.00/hr | 14.80 |
| | YA | Drafted letter to parent re, Hearing Date Notice | 0.58 110.00/hr | 63.80 |
| | YA | Tickle deadline | 0.17 110.00/hr | 18.70 |
| 9/29/2005 | YA | Research educational needs re, status | 0.17 110.00/hr | 18.70 |
| 10/3/2005 | YA | Assist attorney to prepare disclosure to DCPS, Student Hearing Office and Office of General Counsel tabbing for Hearing Officer and attorney | 2.00 110.00/hr | 220.00 |
| | RG | Prepare disclosure to DCPS | 1.00 365.00/hr | 365.00 |
| 10/4/2005 | RB | Received and reviewed letter from Clark ES proposing meeting dates; memo to attorney; passed document to her with note re hearing vs. meeting | 0.17 185.00/hr | 31.45 |
| 10/5/2005 | RB | Phone calls (2) to parent about impending hearing and MDT/IEP meeting at school | 0.33 185.00/hr | 61.05 |
| | RB | Telephone call to Clark ES SEC re MDT and IEP review; proposed dates convenient for parent | 0.25 185.00/hr | 46.25 |

Romeo Gaskins                                                                                    Page    7

|  |  | Hrs/Rate | Amount |
|---|---|---|---|
| 10/5/2005 RB | Telephone call from Clark ES SEC to confirm meeting date/time and location | 0.17 185.00/hr | 31.45 |
| RG | Conference with parent re: upcoming hearing | 0.33 365.00/hr | 120.45 |
| 10/6/2005 RB | Prepared for Due Process Hearing: reviewed disclosure packet; outlined testimony outline | 1.00 185.00/hr | 185.00 |
| 10/11/2005 RG | Appearance to 825 North Capital for due process hearing and pre/post hearing discussions with parent and witnesses | 2.50 365.00/hr | 912.50 |
| RB | Appearance to 825 North Capital for due process hearing | 3.25 185.00/hr | 601.25 |
| RB | Received and reviewed meeting proposal from Clark ES; discussed with parent | 0.17 185.00/hr | 31.45 |
| 10/12/2005 YA | Filed back disclosure and misfile documents | 1.00 110.00/hr | 110.00 |
| 10/17/2005 RB | Phone call to parent re meeting dates | 0.17 185.00/hr | 31.45 |
| RB | Memo to attorney re confirmed meeting with request for e-mail alerts when parents confirm dates | 0.17 185.00/hr | 31.45 |
| RB | Cleaned out working fiile; purged documents duplicative of main file | 0.33 185.00/hr | 61.05 |
| YA | Drafted letter to parent re, Hearing Officer's Determination | 0.58 110.00/hr | 63.80 |
| 10/18/2005 RB | Reviewed HOD | 0.17 185.00/hr | 31.45 |
| 10/20/2005 YA | search for Hearing Officer's Determination | 0.17 110.00/hr | 18.70 |
| 10/25/2005 RB | Prepared for 10/27/05 MDT/IEP meeting: reviewed 2004 & 2005 IEPs and notes from prior hearing; developed agenda | 0.92 185.00/hr | 170.20 |
| 10/26/2005 YA | review address on file for return mail | 0.17 110.00/hr | 18.70 |
| 10/27/2005 RB | Attended MDT/IEP @ MacFarland MS with parent | 4.00 185.00/hr | 740.00 |
| RB | Memo to attorney re meeting outcomes | 0.58 185.00/hr | 107.30 |

Romeo Gaskins

| Date | | Description | Hrs/Rate | Amount |
|---|---|---|---|---|
| 10/27/2005 | RB | Collated meeting documents, copied documents, and asked paralegal to file documents | 0.17<br>185.00/hr | 31.45 |
| 10/31/2005 | RG | Conference with parent and review meeting notes from 10/27/05 Mtg | 1.00<br>365.00/hr | 365.00 |
| | RG | Prepared and file due process hearing request to DCPS | 2.00<br>365.00/hr | 730.00 |
| | YA | Research educational needs re, MDT Meeting notes | 0.25<br>110.00/hr | 27.50 |
| 11/3/2005 | YA | Tickled deadline | 0.17<br>110.00/hr | 18.70 |
| | YA | Phone call to parent re, correct information | 0.17<br>110.00/hr | 18.70 |
| | YA | Drafted letter to parent re, detailed Hearing Request | 0.58<br>110.00/hr | 63.80 |
| 11/4/2005 | YA | Drafted letter to parent re, meeting resolution | 0.58<br>110.00/hr | 63.80 |
| 11/8/2005 | MM | Drafted letter to private school | 0.50<br>185.00/hr | 92.50 |
| | MM | Reviewed hr dated 11/3/05 | 0.17<br>185.00/hr | 31.45 |
| 11/22/2005 | MM | Reviewed information for meeting | 0.50<br>185.00/hr | 92.50 |
| 11/23/2005 | RB | Discussion with attorney: possible DRS attended by advocate Moody | 0.17<br>185.00/hr | 31.45 |
| | MM | Conference with parent | 0.33<br>185.00/hr | 61.05 |
| | MM | Attended a resolution meeting | 3.50<br>185.00/hr | 647.50 |
| 11/28/2005 | RG | Reviewed DRS notes; memo to advocates; instruction to YA re: status letter for mom | 0.58<br>365.00/hr | 211.70 |
| | RB | Voice memo from advocate Moody about DRS | 0.17<br>185.00/hr | 31.45 |
| 11/29/2005 | WD | Discussion with Dr. Boucher regarding DRS strategies. | 0.25<br>185.00/hr | 46.25 |

Romeo Gaskins                                                              Page    9

|  |  |  | Hrs/Rate | Amount |
|---|---|---|---|---|
| 11/29/2005 | RB | Discussion with advocate Daywalt: resolution meeting strategies | 0.25<br>185.00/hr | 46.25 |
| 12/1/2005 | YA | File Review and sent letter to parent/student | 0.17<br>110.00/hr | 18.70 |
| 12/5/2005 | YA | Drafted letter to parent re, Hearing Date Notice | 0.58<br>110.00/hr | 63.80 |
|  | RG | Conference with parent | 0.33<br>365.00/hr | 120.45 |
| 12/6/2005 | RB | Received hearing notice from attorney; reviewed calendar | 0.08<br>185.00/hr | 14.80 |
| 12/7/2005 | RB | Reviewed due process complaint disposition report | 0.25<br>185.00/hr | 46.25 |
|  | YA | Drafted letter to parent re, Resolution Meeting Notes | 0.58<br>110.00/hr | 63.80 |
| 12/19/2005 | RG | Prepare disclosure to DCPS | 1.00<br>365.00/hr | 365.00 |
| 12/20/2005 | YA | Assist attorney to prepare disclosure to DCPS, Student Hearing Office and Office Of General Counsel | 1.50<br>110.00/hr | 165.00 |
|  | RG | Discussion with paralegal | 0.25<br>365.00/hr | 91.25 |
|  | YA | Discussion with the child's attorney | 0.25<br>110.00/hr | 27.50 |
| 1/3/2006 | RB | Reviewed disclosure packet | 0.58<br>185.00/hr | 107.30 |
| 1/4/2006 | RG | Pre-hearing conference with mom and memo to advocate re: case status | 0.50<br>365.00/hr | 182.50 |
|  | RB | Prepared for Due Process Hearing: developed four-page testimony outline | 1.50<br>185.00/hr | 277.50 |
|  | RB | Phone call from parent re child's behavioral status and school services plus upcoming hearing | 0.33<br>185.00/hr | 61.05 |
|  | RB | Memo to attorney re parent report | 0.25<br>185.00/hr | 46.25 |
| 1/6/2006 | RG | Prepared for Due Process Hearing | 1.50<br>365.00/hr | 547.50 |

Romeo Gaskins

Page    10

| | | | Hrs/Rate | Amount |
|---|---|---|---|---|
| 1/6/2006 | RB | Discussion with attorney: hearing issues; printed advocate's testimony outline for attorney | 0.25<br>185.00/hr | 46.25 |
| | RB | Prepared for Due Process Hearing: reviewed, edited, and updated testimony outline to include parent report | 1.58<br>185.00/hr | 292.30 |
| | RB | Memo from attorney re hearing issues | 0.33<br>185.00/hr | 61.05 |
| 1/9/2006 | RB | Appearance to 825 North Capital for due process hearing | 2.25<br>185.00/hr | 416.25 |
| | RB | Researched possible nonpublic placements | 0.33<br>185.00/hr | 61.05 |
| | RB | Copied packet documents (6); drafted letters to three nonpublic schools; packed and mailed packets to SunRise Academy, Phillps School, and Accotink Academy | 1.25<br>185.00/hr | 231.25 |
| | RB | Memo to attorney re three referral packets to nonpublic schools | 0.17<br>185.00/hr | 31.45 |
| | RB | Phone call from parent about school's SEC | 0.08<br>185.00/hr | 14.80 |
| | RG | Appearance to 825 North Capital for due process hearing ; pre-post hearing discussion with mom ; telephone call from mom re: subsequent communication with the school; followup discussion with YA re: referral to be sent to Interdynamics and letter to accompany it.2:20 | 2.33<br>365.00/hr | 850.45 |
| | YA | Research educational needs re, referral for independent evaluation | 0.33<br>110.00/hr | 36.30 |
| | YA | Discussion with the child's attorney | 0.33<br>110.00/hr | 36.30 |
| | | For professional services rendered | 82.74 | $17,706.15 |
| | | Additional Charges : | | |
| 6/10/2005 | | Postage; SA letter to parent. | | 0.37 |
| | | Copied documents(Parent-letter re.SA) | | 0.25 |
| 6/17/2005 | | Copied: OT evaluation for file. | | 1.25 |
| | | Facsimile: OT letter to Clark ES. | | 6.00 |
| 7/6/2005 | | Facsimile: Referral to Seeds of Tomorrow. | | 4.00 |

Romeo Gaskins                                                                 Page    11

                                                                                  Amount

| 7/7/2005 | Copied: Referral to Seeds. | 7.75 |
| | Facsimile: Noncompliance letter to OGC and Jeff Kaplar. Follow up on evaluations to Clark ES. | 6.00 |
| 7/8/2005 | Facsimile to Seeds of Tomorrow:  Psychological Evaluations | 7.00 |
| | Postage; Referral to Seeds of Tomorrow. | 1.52 |
| 7/14/2005 | Copied: FBA letter for attorney. | 0.50 |
| | Copied: FBA and LOI for advocate, parent, and file. | 3.00 |
| 7/15/2005 | Postage; FBA letter to parent. | 0.37 |
| | Facsimile: meeting letter to DCPS. | 2.00 |
| | Copied: FBA letter for parent. | 0.25 |
| | Copied: Letter to DCPS for advocate. | 0.50 |
| 7/21/2005 | Facsimile: Meeting acceptance to DCPS. | 2.00 |
| 7/29/2005 | Postage; Placement package. | 1.75 |
| 8/1/2005 | Copied documents to file:  Hearing request and reports | 5.00 |
| 8/9/2005 | Copied documents; teacher's comments | 1.50 |
| 8/10/2005 | Facsimile: documents | 18.00 |
| | Facsimile HR to SHO | 10.00 |
| | Copied: HR letter for parent. | 0.25 |
| 8/11/2005 | Postage; letter to parent re: HR. | 0.60 |
| | Copied documents; HR to parent | 2.25 |
| 8/30/2005 | Copied: records and evals request, and teacher qualifications for parent. | 1.25 |
| | Facsimile: request for qualifications to school. | 8.00 |
| 9/2/2005 | Postage; letter to parent re: request for teacher qualifications. | 0.37 |
| 9/6/2005 | Copied documents; letter to parent | 0.50 |
| | Copied documents; placement packet to Francis JHS | 13.75 |
| 9/7/2005 | Copied documents; letter to parent re: placement | 0.50 |

Romeo Gaskins                                                                    Page    12

                                                                                      <u>Amount</u>

| Date | Description | Amount |
|---|---|---|
| 9/7/2005 | Facsimile letter to Francis JHS | 2.00 |
| 9/8/2005 | Postage; placement package. | 2.44 |
| | Postage; letter to parent. | 0.37 |
| | Postage; letter to parent re: case status. | 0.37 |
| 9/16/2005 | Made Photocopies to parent | 1.00 |
| | Postage; letter to parent. | 0.37 |
| 10/3/2005 | Messenger Service to and from DCPS (5-day Disclosures) | 20.00 |
| | Copied documents(SHO-OGC-Attys-5 Day Disclosure) | 44.75 |
| 10/5/2005 | Copied documents | 0.75 |
| 10/6/2005 | Copied: hearing issues outline for advocate. | 0.25 |
| 10/11/2005 | Sedan taxi service to and from  DCPS for hearing | 14.00 |
| 10/17/2005 | Copied: HOD letter for parent, advocate, attorney and file. | 7.25 |
| 10/18/2005 | Postage; letter to parent re: HOD. | 0.60 |
| 10/27/2005 | Copied: meeting documents and evaluations for file. | 3.00 |
| 10/28/2005 | Copied: MDT notes for attorney. | 2.50 |
| 10/31/2005 | Facsimile HR to SHO | 11.00 |
| 11/1/2005 | Facsimile request to OSE | 2.00 |
| 11/3/2005 | Copied documents; HR and letter to parent | 6.00 |
| 11/4/2005 | Copied: meeting deadline letter for parent and advocate. | 1.75 |
| | Postage; letter to parent re: HR. | 0.83 |
| | Postage; letter to parent re: HR. | 0.60 |
| 11/7/2005 | Postage; letter to parent re: res. mtg. deadline. | 0.37 |
| 12/1/2005 | Postage; letter to parent | 0.37 |
| 12/5/2005 | Copied: HDN letter for parent, adv. | 1.00 |
| 12/6/2005 | Postage; letter to parent re: HND. | 0.37 |

Romeo Gaskins                                                                           Page   13

                                                                                         Amount

| | | |
|---|---|---|
| 12/6/2005 | Copied: res. mtg. notes for parent and adv. | 8.00 |
| 12/27/2005 | Copied: Disclosure for SHO and OGC. | 95.25 |
| 12/29/2005 | Messenger Service to and from DCPS (5-day Disclosures) | 20.00 |
| 1/9/2006 | Sedan taxi service to and from  DCPS for hearing.(ATTNY. / ADV.) | 16.00 |
| | Postage; Placement packages. | 4.88 |
| | Copied: referral packages for adv. | 13.25 |
| | File review preparation of bill and invoice audit | 96.88 |
| | Facsimile Received from DCPS; HOD | 6.00 |
| | Copied documents; HOD | 6.00 |
| | Total costs | $496.68 |
| | Total amount of this bill | $18,202.83 |