# EXHIBIT 10

*State Education Agency for the District of Columbia*
*State Enforcement and Investigation Division (SEID)*
*Special Education Programs*



# *Due Process Complaint Notice*

- The form is used to give notice of a due process complaint to the **District of Columbia Public Schools, District of Columbia Public Charter Schools (DCPS or LEA) and/or parents** with respect to any matter relating to the identification, evaluation, or educational placement of a child with a disability, or the provision of a free appropriate public education to that child. **A party may not have a due process hearing until the party, or the attorney representing the party, files a notice that meets the requirements of the Individuals with Disabilities Education Improvement Act (IDEIA).**

- The due process complaint must describe an alleged violation that occurred not more than two (2) years before the date that the parent or school system knew or should have known about the alleged action that is the basis of the complaint.

- Notice must be provided to the Student Hearing Office for the DC Public Schools, 825 North Capitol Street, NE, 8th Floor, Washington, DC 20002; fax number 202/442-5556.

- Unless the other party agrees, the party requesting the due process hearing shall not be allowed to raise issues at the due process hearing that are not raised in this Due Process Complaint Notice. Therefore, please be thorough in providing the information requested.

- Prior to the opportunity for an impartial due process hearing, the Local Educational Agency (LEA) shall convene a meeting **(called a "Resolution Session")** with the parent(s) unless the parent(s) and the Local Educational Agency agree in writing to waive this meeting. You will be contacted by a representative of the Local Educational Agency to schedule the meeting. **The Student Hearing Office does NOT schedule resolution meetings**.

- Mediation is also available to all parties as an alternative to a resolution meeting or a Due Process Hearing.

## A. <u>INFORMATION ABOUT THE STUDENT</u>:

Student Name: ___Donnell Gibson___      DOB: November 30, 1992

Address: ___2714 Wade Rd.,#201, SE, Washington, D.C. 20020___

Present School of Attendance:      District of Columbia Alternative Learning Academy-NW
                                              Previously attended Moten Center during 2004-05 school year.

1

Home School:                 Birney Elementary School
                          (Neighborhood school where child is registered)

Is this a charter school?    No           (If yes, you must also provide a copy of this
                                          notice to the charter school principal or
                                          director)

Name:      Dawn Gibson

Address (if different from the student's above):   same

## B.    Legal Representative/Attorney:

Name:  Miguel A. Hull, Esq.

Address:      1220 L St., NW, #700, Washington, D.C. 20005

Phone: (w)  (202) 742-2000                    (Fax)  (202) 742-2098
(e-mail)  mhull@jeblaw.biz

Will attorney / legal representative attend the resolution session?    X Yes              ☐ No

## C.    Complaint Made Against (check all that apply):

X DCPS school (name of the school if different from page one)_____

☐ Charter school (name of the charter school if different from page one)_____

☐ Non-public school or residential treatment facility (name) _____

☐ Parent

## D.    Resolution Session Meeting Between Parent/Representative and LEA:

I understand that it is my right to have a resolution meeting to resolve this complaint.  I also understand that I may
voluntarily waive this right if I choose.  (Note:  All parties must agree to waive the resolution meeting to avoid
having this meeting.)

The parent, by and through counsel, wishes to waive the Resolution Session
Meeting for this process.

## E.    Mediation Process:

IDEIA requires that any time a party requests a due process hearing, mediation should be offered at no cost to the
parent.  Both parties can request mediation as an alternative to the Resolution Session Meeting or as an alternative to
a Due Process Hearing.  Please check all that apply:

The parent does not wish to enter into mediation and would only like a due process
hearing.

2

SEID DPCN Rev'd. 7/01/05

**F.    Facts and Reasons for the Complaint:**

In accordance with the Individuals with Disabilities Education Improvement Act (IDEIA), please complete the following questions (attach additional pages if needed):

**I.    Nature of the problem.**

Donnell Gibson is a twelve-year-old student at District of Columbia Alternative Learning Academy- NW ("DCALA"). He previously attended Moten Center during the 2004-05 school year. According to his most recent Individualized Educational Program ("IEP") Donnell is currently classified as emotionally disturbed and is entitled to receive twenty-five and a half hours per week of specialized instruction; one hour per week of speech and language therapy; and one hour per week of psychological services. See IEP 4/5/05. His mother, Ms. Dawn Gibson, now respectfully asserts the following issues against District of Columbia Public Schools ("DCPS"):

1. **Inappropriate placement at DCALA-NW.** Donnell's placement for the 2004-05 school year was the Moten Center. In April 2005, the parent was on bed rest as the result of a high-risk pregnancy. On or about April 5, 2005, the parent received a call from the school social worker, Ms. Farmer, who advised her that placement for the 2005-06 school year would be at DCALA. However, this placement decision was not made through a true placement meeting with all the necessary team members' participation. The placement discussion with the parent only involved one other team member, Ms. Farmer. The entire team should have participated in this conference call to discuss and determine placement with the parent. See IDEIA, Pub. L. No. 108-446, Sec. 101, § 614 (e); 34 C.F.R. Sec. 300.552; and D.C. Mun. Regs. tit. 5 § 3013.1. Moreover, a prior notice of placement to DCALA was never provided the parent. See IDEIA, Pub. L. No. 108-446, Sec. 101, § 615 (b) (3); 34 C.F.R. Sec. 300.503; and D.C. Mun. Regs. tit. 5 § 3024.1 (public agency required to provide prior written notice when it proposes a placement). Furthermore, the parent now believes that DCALA is not the appropriate placement for Donnell in that the environment is too chaotic, too unsafe, classrooms too large, and inadequate teachers. Ms. Gibson believes that Donnell requires a more structured environment with better teachers.
2. **Failure to Provide Full Amount of Speech and Language Therapy During 2004-05 School Year.** According to his IEP, Donnell was to have received an hour per week of speech and language therapy for total of approximately 32 weeks during the 2004-05 school year. A review of the encounter tracker forms, however, reveals that Donnell only received eight hours of speech and language therapy for the entire 2004-05 school year. While Donnell experienced some absences during the school year due to his mother's bed rest, he was still present enough to have received the speech and language therapy for that week.
3. **Inappropriate IEP:**
   i. **Inappropriate social emotional goals and objectives and inappropriate social emotional statement of present levels.** The IEP dated April 5, 2005, contains social emotional goals and objectives that are not measurable and therefore inappropriate. See See IDEIA, Pub. L. No. 108-446, Sec. 101, § 614 (d) (1) (A) (i) (II) (IEP must contain goals [and objectives] that are

3

measurable); 34 C.F.R. Sec. 300.347 (a)(2); and D.C. Mun. Regs. tit. 5 §
3009.1 (c). In addition, the statement of present social emotional levels of
functioning is not appropriate because it does not explain how Donnell's
disability negatively impacts his progress in the general curriculum –all that is
stated is: "Student's negative behavior impedes his academic performance."
See IDEIA, Pub. L. No. 108-446, Sec. 101, § 614 (d) (1) (A) (i) (I) (aa) (IEP
must contain statement of present levels explaining how disability impacts
progress in general curriculum); 34 C.F.R. Sec. 300.347 (a) (1) (i); and D.C.
Mun. Regs. tit. 5 § 3009.1 (a).

ii. **Inappropriate statement of present levels of functioning for reading**. The
IEP dated April 5, 2005, contains an inappropriate statement of present level
of functioning with regards to reading. See IDEIA, Pub. L. No. 108-446,
Sec. 101, § 614 (d) (1) (A) (i) (I) (aa) (IEP must contain statement of present
levels explaining how disability impacts progress in general curriculum); 34
C.F.R. Sec. 300.347 (a) (1) (i); and D.C. Mun. Regs. tit. 5 § 3009.1 (a).

iii. **Failure to contain statement of present levels of functioning for written
language**. The IEP dated April 5, 2005, does not contain any statement of
present level of functioning with regards to written language despite there
being goals and objectives pertaining to that subject area. See IDEIA, Pub. L.
No. 108-446, Sec. 101, § 614 (d) (1) (A) (i) (I) (aa) (IEP must contain
statement of present levels explaining how disability impacts progress in
general curriculum); 34 C.F.R. Sec. 300.347 (a) (1) (i); and D.C. Mun. Regs.
tit. 5 § 3009.1 (a).

iv. **Failure to convene proper IEP meeting.** The IEP dated April 5, 2005, was
not developed through a proper MDT meeting as is the parent's right. See
IDEIA, Pub. L. No. 108-446, Sec. 101, § 614 (d); 34 C.F.R. Sec. 300.346;
and D.C. Mun. Regs. tit. 5 § 3008.1. The parent was home on bed rest at the
time that the IEP was developed. Rather then have the entire team participate
together with the parent through a conference call, DCPS instead arranged for
the different team members to call the mother separately to discuss Donnell's
progress in their particular subject area –this was not a conference call with
everyone on the line at the same time. Instead, there were many separate
calls. This situation prevented the exchange of relevant information between
the team members and resulted in a less than adequate IEP as evidenced by
the inappropriate statements of present levels and some of the goals and
objectives.

4. **Failure to Comprehensively Evaluate in All Areas of Suspected Disability –
Failure to Conduct Adaptive Behavior Assessment**. A psychological-educational
reevaluation done by DCPS and dated March 23, 2005, reveals I.Q. scores in the
borderline range. In light of this, DCPS should have conducted an adaptive behavior
assessment to rule out possible MR. See IDEIA, Pub. L. No. 108-446, Sec. 101, §
614 (b) (Student must be evaluated in all areas of suspected disability and evaluations
to be sufficiently comprehensive to identify all of student's educational needs); 34
C.F.R. Sec. 300.532; and D.C. Mun. Regs. tit. 5 § 3005.9.

4

## II. <u>Issues presented.</u>

1. Whether Donnell's placement at DCALA is appropriate? [was the placement decision made through an appropriate team meeting?  Is the environment appropriate for Donnell?  Can the School properly implement his IEP?]
2. Whether DCPS inappropriately failed to provide Donnell with all of the speech and language therapy that he should have received during the 2004-05 school year?
3. Whether the IEP developed on 4/5/05 is appropriate [statements of present levels of functioning, social emotional goals, proper MDT meeting]?
4. Whether DCPS inappropriately failed to complete an Adaptive Behavior Assessment for Donnell given his borderline I.Q. scores?

## III. <u>To the extent known to you at this time, how can this problem be resolved?</u>

1. a finding that:
   a. Donnell's placement at DCALA is appropriate? [the placement decision was not made through an appropriate team meeting;  the environment is not appropriate for Donnell; and the School properly implement his IEP];
   b. DCPS inappropriately failed to provide Donnell with all of the speech and language therapy that he should have received during the 2004-05 school year?
   c. the IEP developed on 4/5/05 is not appropriate [inappropriate statements of present levels of functioning, inappropriate social emotional goals, improper MDT meeting]; and
   d. DCPS inappropriately failed to complete an Adaptive Behavior Assessment for Donnell given his borderline I.Q. scores.

2. that DCPS be ordered to fund interim / permanent placement with transportation to: Rock Creek Academy; Accotink Academy; High Roads School of Washington; Pathways School; or Taft Center [alternatively that DCPS be ordered to convene an MDT meeting to revise the IEP [develop an appropriate statements of present levels of functioning, and develop appropriate social emotional goals]; to determine any compensatory education due, and identify an appropriate placement with placement to be made within five business days if for a public school or within 30 calendar days if for a non-public school

3. that DCPS be ordered to fund 24 hours of compensatory speech and language therapy for services not provided during the 2004-05 school year;

4. **NOTE THAT SHOULD THERE BE A RESOLUTION CONFERENCE AS A RESULT OF THIS COMPLAINT, THEN THE PARENT WOULD EXPECT THE TEAM AT THE RESOLUTION CONFERENCE TO BE PREPARED TO Provide funding and transportation for the placement at one of the schools listed above; to revise the IEP as requested above; and to provide funding for the compensatory education requested above.**

   **ALTHOUGH THE PARENT WILL REASONABLY COOPERATE WITH DCPS BY ATTENDING ANY MEETINGS TO WHICH THEY ARE INVITED, THE**

5

**PARENT WILL NOT BE SATISFIED IF ALL THAT IS OFFERED AT THE RESOLUTION CONFERENCE IS A PROMISE TO CONVENE AN MDT/SEP MEETING AT A FUTURE DATE.  TO THE EXTENT REASONABLY POSSIBLE, THE PARENT WANTS CONCRETE RESULTS FROM THE RESOLUTION CONFERENCE, NOT PROMISES.**

5. that DCPS provide any other relief deemed appropriate and relating to the violations committed here;

6. That DCPS agrees to pay parent's counsel reasonable attorney's fees and related costs incurred in the matter;

7. That all meetings shall be scheduled through counsel for the parent, Miguel A. Hull, Esq., in writing, via facsimile, at 202-742-2097 or 202-742-2098;

8. Provide the student with a due process hearing within 20 calendar days of a request on any issue arising out of the noncompliance with the DCPS' obligation hereunder, or any disagreement with the assessment, programming or placement the parent may have;

9. In the event that the DCPS shall fail to comply with the terms herein, then under the Conciliation Agreement, the parent shall have the authority to use self help without further notice to the DCPS, and initiate an IEP with the DCPS' invited participation, and unilateral placement in an interim school or educational program until such time the DCPS can come into compliance and properly assess, program and/or participate;

10. Provide counsel for the parent with copies, pursuant to D.C. Mun. Regs. tit. 5 § 3021.8, of all evaluation reports and all educational records on the student no later than sixteen business hours prior to the convening of any meeting;

11. That DCPS within ten (10) calendar days of the filing of this complaint, pursuant to the IDEIA, Pub. L.  No. 108-446, Sec. 101, § 615(c)(2)(B), provide the parent's representative, Miguel A. Hull, Esq., via facsimile, at 202-742-2097 or 202-742-2098, the following:  i) an explanation of why DCPS proposed or refused to take the action raised in the complaint; ii) a description of other options that DCPS considered and the reasons why those options were rejected, iii) a description of each evaluation procedure, assessment, record, or report the agency used as the basis for the proposed or refused action, and iv) a description of the other factors that are relevant to the agency's proposed or refused action;

12. That DCPS, in the event they fail to answer/respond to the issues alleged in the parent's administrative due process hearing complaint, within ten (10) calendar days, the arguments and facts as averred by the parent will be deemed true and accurate and act as a waiver, on the part of DCPS, for their desire to have a Resolution Session Meeting, and the parent's administrative due process hearing will be scheduled pursuant to the applicable timelines contained in the IDEIA;

6

13. That DCPS, within fifteen (15) calendar days of receiving the parent's complaint, pursuant to the IDEIA, Pub. L. No. 108-446, Sec. 101, § 615(c)(2)(C), respond to the parent's request alleging any insufficiency of notice;

14. That DCPS' failure to comply with the IDEIA, Pub. L. No. 108-446, Sec. 101, § 615(c)(2)(C), and allege any insufficiency of the parent's administrative due process complaint, will constitute waiver on the part of DCPS to make such argument at any later date and time;

15. That DCPS, pursuant to the IDEIA, Pub. L. No. 108-446, Sec. 101, § 615(f)(1)(B), within fifteen (15) calendar days of receiving the parent's administrative due process complaint, shall contact the parent's representative, in writing, via facsimile, at 202-742-2015 or 202-742-2098, to schedule and convene a Resolution Session Meeting;

16. That DCPS, pursuant to the IDEIA, Pub. L. No. 108-446, Sec. 101, § 615(f)(1)(B), convene the Resolution Session Meeting, with the parent, the parent's representative, and all necessary/relevant members of the student's MDT/IEP Team that have specific knowledge about the child and the facts contained in the complaint. That the relevant members of the MDT/IEP Team that shall be present at the Resolution Session Meeting for the student shall include the following persons: 1) the student's special education teacher, 2) the student's regular education teacher, if applicable, 3) a representative of the local education agency with decision making authority, 4) a person who can interpret the data, 5) any person(s) who conducted any assessments on the student, and 6) any service providers for the student;

17. That DCPS' failure to timely schedule and convene the Resolution Session Meeting within the timeframe identified according to the IDEIA, Pub. L. No. 108-446, Sec. 101, § 615(f)(1)(B) constitute joint waiver between DCPS and the parent to have such meeting and the forty-five (45) days timeline to schedule the student's administrative due process hearing and receive a timely decision will begin to run upon written notice, via facsimile, at 202-442-5556, to the DCPS Office of Student Hearings, by the parent's counsel; and

18. A finding that the parent is the prevailing party in this action.

## G.    Accommodations and Assistance Needed:

Please list any special accommodations you may require for a Resolution Session Meeting/Mediation Conference/Due Process Hearing.

- Interpreter (please specify the type)_____
- Special Communication (please describe the type)_____
- Special Accommodations for Disability (please be specific)_____
- Other_____

## H.    Signature:

7

_____   October 19, 2005
Legal Representative / Advocate (if applicable)          Date

**Mail, fax or deliver this complaint notice to:**
**State Enforcement and Investigation Division**
**For Special Education Programs (SEID)**
**Student Hearing Office (SHO)**
**825 North Capitol Street, NE, 8th Floor**
**Washington, DC 20002**
**Fax number: 202/442-5556**

8

```
**********************
***   TX REPORT   ***
**********************


TRANSMISSION OK

TX/RX NO                3268
CONNECTION TEL                      94425556
CONNECTION ID
ST. TIME                10/19 11:31
USAGE T                 01'17
PGS. SENT               9
RESULT                  OK
```

## James E. Brown & Associates, PLLC
### *A Professional Limited Liability Company*

| | | |
|---|---|---|
| James E. Brown | Attorneys at Law | Tilman L. Gerald |
| Domiento C.R. Hill ◊ | 1220 L Street, NW | Roxanne D. Nelon s |
| Roberta Gambale | Suite 700 | John A. Straus |
| Miguel A. Hull | Washington, DC 20005 | Dolores Scott McF. night |
| Christopher L. West | Telephone: (202) 742-2000 | Marshall Lammers |
| Juan J. Fernandez! | Facsimile: (202) 742-2098 | |

e-mail: Admin@Jcblaw.biz

! Admitted in Bolivia On '

# *FAX COVER SHEET*

DATE:       October 19, 2005

TO:         Student Hearing Office
            District of Columbia Public Schools

PHONE:      202-442-5432

FAX NO:     202 442-5556

FROM:       Miguel Hull, Esq.

SUBJECT:    **Donnell Gibson DOB: 11/30/92 – Due Process Hearing Complaint**

NUMBER OF PAGES INCLUDING COVER SHEET:    NINE

COMMENTS:

# DISTRICT OF COLUMBIA PUBLIC SCHOOLS
## ENFORCEMENT AND INVESTIGATION DIVISION

## SPECIAL EDUCATION DUE PROCESS HEARING

### CONFIDENTIAL

### HEARING OFFICER'S DETERMINATION

**STUDENT: Donnell Gibson**          **DATE OF BIRTH: 11/30/92**

**ADDRESS: 2714 Wade Rd., S.E.**
**Washington, D.C. 20020**

**PRESENT SCHOOL ATTENDING: DCALA-NW**
**HOME SCHOOL:  Previously attended Moten Center**

**DATE OF HEARING: December 13, 2005**
**DATE OF SITE VISIT: December 21, 2005**
**DATE OF TELECONFERENCE: December 23, 2005**

**TESTIFIED AT THE HEARING:**



| | |
|---|---|
| Jason Banks* | Special Education Coordinator, DCALA |
| Rashida Young* | Speech Therapist, Moten Center |
| Dr. Robin Boucher | Educational Advocate |
| Dawn Gibson | Mother |
| Karen Plowden* | Director of Student Services, Rock Creek Academy |

(* Testified by telephone)

**Student's Representative: Miguel Hull, Esq.**
**Address: 1220 L Street, N.W.**
**Washington, D.C. 20005**
**FAX: 202-742-2098**

**School System's Representative: Rhondalyn Primes, Esq.**
**Address: 825 N. Capitol Street, N.E., Washington, D.C. 20002**

**INTRODUCTION:**

A hearing was held at the District of Columbia Public Schools (DCPS), 825 N. Capitol Street, N.E., Washington, D.C. 20002, on December 13th 2005, at the request of Miguel Hull, counsel for the parent and the student. Rhondalyn Primes represented DCPS, the other party to this hearing. At the outset of the hearing counsels for the parties resolved the issue of the appropriateness of the IEP and agreed to reconvene the MDT meeting to review and revise the student's IEP. Because of conflict in the evidence on the DCALA facilities, a site visit was conducted on December 21, 2005, after agreement with counsels on the date and counsel for DCPS stating she would inform DCALA prior to the site visit. Counsel for DCPS, Ms. Primes, informed this hearing officer she would not attend the site visit, but counsel for the parent and the parent did attend.

**JURISDICTION:**

The hearing was held and this decision was written pursuant to the Individuals with Disabilities Education Act (IDEA) (P.L. 101-476), reauthorized as the IDEA Improvement Act of 1997 (P.L. 105-17) 20 U.S.C. 1400 Et. seq.; and their current regulations, specifically the Code of Federal Regulations at 34 CFR Part 300; further reauthorized as the IDEA Improvement Act of 2004 (P.L. 108-446) and District of Columbia Municipal Regulations, Chapter 30, Education Handicapped, Title V, Sections 3000-3099.

**ISSUES:**

    1.    Did DCPS deny a Free Appropriate Public Education (FAPE) to the student by failing to provide an appropriate placement at DCALA-NW?

    2.    Is the student entitled to compensatory education for speech therapy not provided in the 2004-2005 School Year?

**DOCUMENTS SUBMITTED BY DCPS:**

**DCPS-1-DCPS-3**

**DOCUMENTS SUBMITTED BY STUDENT:**

**DG-1-DG-30**

2

**FINDINGS OF FACT:**

1.   The student is a thirteen-year-old male who has been found eligible for special education services by DCPS as a student with the disability classification of emotional disturbance (ED). ( DCPS-1, DG-12)

2.   The current IEP was developed with the approval of the parent on April 5th 2005. The IEP calls for 100% of time NOT in a General Education Setting. The IEP requires 25.5. hours of specialized instruction a week taught by a special education teacher and one hour a week of speech therapy and one hour a week of psychological services. The IEP stated: "Student requires behavior interventions and modifications that cannot be met within the general education classroom." Under placement considerations, the IEP accepted out of general education classroom and listed Moten Center as the location of services. (DCPS-1, DG-12)

3.   The student aged out of the Moten Center at the end of the 2004-2005 School Year.

4.   DCPS did not convene an MDT/Placement meeting to determine the student's placement for the 2005-2006 School Year. DCPS did not issue a Prior Notice of Placement for the 2005-2006 School Year. There is no discussion of placement in the MDT/IEP Meeting Notes of April 5th 2005, even though the Letter of Invitation checked the box that the student had aged out of his then current placement at Moten Center. (DG-12) The MDT/IEP Meeting Notes conclude: "Donnell continues to meet the requirement for an emotionally disturbed program." (DG-13) The transportation form attached to the current IEP states "DCLA" as the school the student will attend for the 2005-2006 School Year. The form gives the address of DCALA-NW. (DG-12) The mother received a phone call on April 5th 2005 from the school social worker, Ms. Farmer, advising her that her son's placement for the 2005-2006 School Year would be DCALA. (Testimony of Mother)

5.   The speech therapist at Moten Center testified she provided 22.5 hours of speech therapy to the student for the 2004-2005 School Year. (Testimony of Ms. Young) The encounter tracking forms show only eight hours of services provided with many missed sessions because the student was participating in a school activity.

6.   The special education coordinator of DCALA-NW testified that the facility is located on the ground level of a church. He testified that there were four classrooms and the student's classroom had windows. He further testified that while the classes are smaller than regular classrooms

they can accommodate the students. The student stays with the same teacher all day in the same classroom. DCALA has no gym, but students are taken to a nearby park. He testified that the student is in a class with ten students taught by a teacher and an aide. (Testimony of Mr. Banks)

7.    The mother and the educational advocate testified that DCALA is located in a basement of a church. They further testified that the windows are very high. They also testified that the classroom for the student was very small. Dr. Boucher testified that the bathrooms were in bad condition. (Testimony of Dr. Boucher and Mother) **In order to resolve the above conflict of evidence of the witnesses about the facility, this hearing officer scheduled a site visit with agreement of counsel on the date of December 21, 2005. This hearing officer makes the additional findings of fact based on his site visit.**

8.    When you enter DCALA, you go on the ground level through a door and then take a few steps down and the facility is located in the basement of a Church. There is a large common area that is used for lunch for the students and as a passage to classes. There is a stage in the common area but it is only used for graduation. No other activities take place in the large common area. There are four classrooms for the 40-50 middle school students with one sixth grade, one seventh grade and two eighth grade classes. This student is in the seventh grade class. This student's classroom is very small and had chairs around the periphery and a desk near the front with a portable blackboard next to the desk. There were only five or six students in the classroom at the time of the visit with a teacher's aide. The teacher was not present and no instruction was occurring. The room was cramped with this small number of students. The students stay in this classroom all day except for lunch and afternoon outside activity at a nearby park. There are two eye level windows in the classroom that look out on some kind of passageway. There was a world map on the back wall, a set of classroom rules on another wall and some English and math charts on the other walls. There were no computers in the room and this hearing officer did not see any books. There was a time out room. This room was very dark and small with only a desk and a chair. There were two small offices next to the time-out room used for counseling sessions and were the offices of the psychologist on staff and behavioral counselor. There was no room for a related service provider such a speech therapist to provide pull-out services. The student's IEP requires speech therapy one hour a week. There was only one small male bathroom with two stalls. The facility had no library or learning resource area. There was no P.E. area in the facility. There was no science or computer lab. There was no art or music room. There was no art on the walls. The students are not allowed upstairs in the church. DCALA is on busy 16th Street and is directly across the street from DCPS's Lincoln

4

Middle School that is a brand new large modern building that is currently being worked on and construction appears to be almost complete.

9.    The student has been accepted at Rock Creek Academy. Rock Creek Academy is a private full-time special education program for students with emotional disturbance. The student would be in classes with a small student to teacher ratio. He would be taught by teachers certified in special education. There is a speech and language therapist and counselors on staff to provide the student's related services required in his IEP. Rock Creek Academy offers a program that is reasonably calculated to provide educational benefits and is an appropriate placement.

**DISCUSSION AND CONCLUSIONS OF LAW:**

Counsel for the parent argues that the placement decision to DCALA was not made through a true placement meeting with all the necessary team members' participation in violation of IDEA at 34 C.F.R. Sec. 300.552 and D.C. Mun. Regs. Title 5 Section 3013.1. Rather the parent was informed that DCALA would be her son's 2005-2006 placement through a phone call on April 5th 2005 from the school social worker. Counsel also argues that a Prior Notice of Placement was never provided to the parent in violation of IDEA at 34 C.F.R. Section 300.503 and D.C. Mun. Regs. Tit. 5 Section 3024.1. Finally, counsel for the parent argues that the placement at DCALA-NW is inappropriate.

IDEA requires that the parents be part of the team that creates the IEP and determines the educational placement of the child, 20 U.S.C. Section 1414(d) (1) (B); and the IEP is to include location, 20 U.S.C. Section 1414 (d) (1) (A) (vi) (IEP must include the projected date for the beginning of services and their anticipated frequency, location, and duration.) Additionally, 20 U.S.C. Section 1414(f) requires the local educational agency to ensure that the parents are members of any group that makes decisions on educational placement.

IDEA's implementing regulations. 34 C.F.R. Section 300.552 provides:

In determining the educational placement of a child with a disability…each public agency shall ensure that—

(a) The placement decision-

(1) Is made by a group of persons, including the parents, and other persons knowledgeable about the child, the meaning of the evaluation data, and the placement options;

In this case neither the properly constituted IEP team nor the parent discussed the location of services at DCALA. The decision to place the student at DCALA was made

unilaterally by someone at DCPS without any parental notice or participation. In that respect, this case is similar to *Socorro Independent School District*, 37 IDELR 88 (Texas, 2002) where an MDT team originally recommended placement at a particular middle school and the assistant principal unilaterally withdrew the student from that school and sent him to another school. The hearing officer found the assistant principal's unilateral action violated IDEA procedures holding: "IDEA requires that the placement determination be made by a group of persons, some of whom are knowledgeable about the child and the meaning of evaluation data, and the placement options. *Id.* In the present case, authorization from Jonathan's ARD was required before the assistant principal removed Jonathan from Montwood and sent him to Slider." At 374  In this case, DCPS's unilateral action violates the same IDEA procedures cited in the *Socorro* decision.

In this jurisdiction, The United States Court of Appeals for the District of Columbia pointed out in *Lunceford v. District of Columbia Board of Education*, 745 F. 2d 1577, 1582 (D.C. Cir. 1984):

> The type of program required by a profoundly handicapped child such as Pierce is too individualized to enable us to say that a move from one "residential" placement to another can never be a change in educational placement. However, the *Concerned Parents* reasoning suggests that appellee must identify, at a minimum, a fundamental change in, or elimination of, a basic element of the educational program in order for the change to qualify as a change in educational placement. (citing *Concerned Parents & Citizens for the Continuing Education at Malcolm X v. New York City Board of Education*, 629 F. 2d 751 (2d Cir. 1980).

In *Petties v. District of Columbia*, 238 F.Supp 2d 114 (2002), Judge Friedman held that a critical fact is that parents:

> have a right to challenge this very determination. Under the statute, the parents have a right to challenge any proposed changes in placement in advance of the change taking place and a right to argue that the changes proposed do in fact effect fundamental changes in the student's educational program. See *Roher v. District of Columbia*, Nos. 89-2425, 89-2503, 1989 WL 330800 at 3 (D.D.C. Oct. 11, 1989). Furthermore, in order to challenge a proposed change, a parent must have notice. In fact, this Court has determined the minimum information that must be included in such notice. As Judge Joyce Hens Green stated in *Roher*, such notices of proposed change from DCPS necessarily would have to contain "a description of the proposed program and placement for each child as well as the procedural safeguards available." *Id.* at 4  And once the parents receive notice and assert that there has been a fundamental change in their child's placement, they are entitled to the full panoply of procedural due process rights provided by the IDEA.

In this case, the parent did not receive a PNOP that the student was going

6

to be placed at DCALA. DCPS's action violated IDEA's notice requirements as
described above in *Petties*.

Notice to the parent of a placement change and the right of the parent to
participate in the decision-making process are significant rights under IDEA. The
Supreme Court has stressed in both *Board of Education of Hendrick Hudson Central
School District v. Rowley*, 458 U. S. 176 (1982) and *Honig v. Doe*, 484 U.S. 304 (1988)
that these procedural safeguards are an essential component of IDEA, designed to ensure
meaningful participation of the parent in the IEP process. A violation of these important
procedural guarantees is a sufficient basis for holding that a school system has denied a
Free Appropriate Public Education (FAPE) to the student. *Daniel R. R. v. State Bd. of
Educ.*, 874 F.2d 1036, 1041 (5ᵗʰ Cir.1989) This hearing officer concludes that DCPS has
violated these essential procedural safeguards and denied a FAPE to the student.

After hearing the testimony of all the witnesses and through the site visit, this
hearing officer concludes that the DCALA-NW placement is inappropriate. DCPS has
failed to meet its burden of proof that the student has made any progress at DCALA in
the four months he has been there since the beginning of the 2005-2006 School Year.
DCPS has offered no evidence that the program is providing educational benefits to the
student and that the student is making educational progress. As the United Stated Court
of Appeals for the Third Circuit held in *Polk v. Central Susquehanna Intermediate Unit
16*, 441 IDELR 130 (EHLR 441:130) 3d Cir. 1988) IDEA "calls for more than a trivial
educational benefit" and requires an IEP to provide "significant learning" and confer
"meaningful benefit." Other federal courts of appeals have endorsed the *Polk* court's
interpretation of *Rowley*. See *Doe v. Smith*, 441 IDELR 544 (EHLR 441:544) (6ᵗʰ Cir.
1989); *Fort Zumwalt School District v. Clynes*, 26 IDELR 172 (8ᵗʰ Cir. 1991); *Roland M.
v. Concord School Comm.* 16 IDELR 1129 (16 EHLR 1129) (1ˢᵗ Cir. 1990); *Hall v.
Vance County Board of Education*, 557 IDELR 155 (EHLR 557:155) (4ᵗʰ Cir. 1985); *T.R.
v. Kingwood Township Board of Education*, 32 IDELR 30 (3d Cir. 2000).

This hearing officer is persuaded of the inappropriateness of the DCALA
placement because of observations at the site visit. The old saying: "A picture is worth a
thousand words" is especially true in this case. As Findings of Fact #8 show, the student
has to stay for all his classes in one very small inadequate classroom that is too small for
ten students. This hearing officer observed an absence of computers and books in the
classroom. The DCALA facility in the basement of a church offers no library, learning
resource center, computers, science or computer lab, art or music activities, and no P.E.
facility except for use of a public park several blocks away. The student's IEP requires
one hour a week of speech therapy, but there was no designated room for a related
service provider to conduct pull-out services. The time-out room was a small dark room.
The overall impression was that DCALA was not a learning environment, but a holding
facility for emotionally disturbed students. It must be especially depressing for these
middle school students at DCALA to see directly across the street DCPS's brand new
large modern Lincoln Middle School

7

It is hereby **ORDERED** that:

**DCPS shall fund and place the student including transportation and all related services at Rock Creek Academy from January 2nd 2006 through the end of the 2006 School Year. The student shall have "stay put" protections.**

**The student is awarded four months of compensatory education services. Rock Creek Academy shall convene an MDT meeting within 30 days of the student's enrollment to review and revise the student's IEP and develop an appropriate compensatory education plan.**

**DCPS shall fund private speech and language services for 30 hours that can be provided by the speech pathologist at Rock Creek Academy.**

**The parent is the prevailing party in this action.**

**This is the final administrative decision in this matter. Appeals on legal grounds may be made to a court of competent jurisdiction within 30 days of the rendering of this decision.**

Seymour DuBow, Esq.
Impartial Hearing Officer                    Date filed: December 23, 2005

Date Issued: 12-23-05

8



# District of Columbia Public Schools

### OFFICE OF GENERAL COUNSEL
825 North Capitol Street NE, 9th Floor
Washington, DC 20002-1994
Phone – 202-442-5000, Fax – 202-442-5098

## APPLICATION FOR PAYMENT OF ATTORNEY FEES AND COSTS
## PURSUANT TO THE INDIVIDUALS WITH DISABILITIES EDUCATION ACT

**1.    Attorney Information**
Law Firm:              JAMES E. BROWN & ASSOCIATES, PLLC
Attorney:              JAMES E. BROWN
Federal Tax ID No.:    52-1500760
D.C. Bar No.:          61622

**2.    Student Information**
Name:                       Donnell Gibson
DOB:                        11/30/92
Date of Determination (HOD/SA):  12/23/05
Parent/Guardian Name:       Dawn Gibson
Parent/Guardian Address:    2714 Wade Rd., SE, WDC 20020
Current School:             DCALA-NW
Home School:                Moten Center

**3.    Invoice Information**
Invoice Number:             06-029
Date Request Submitted:     1/12/06
Date(s) Services Rendered:  7/30/03 to 12/13/05
Amount of Payment Request   $ 19,793.75

**4.    Certification (must be signed by principal attorney)**

I certify that all of the following statements are true and correct:

- all services listed on the enclosed invoices were actually performed;
- the entire amount requested on the enclosed invoice for payment of costs and expenses represents the actual amount of costs and expenses incurred;
- the District of Columbia Public Schools is the sole entity from which payment of the fees, costs and expenses itemized on the enclosed invoice is requested;
- no attorney or law firm who either (1) provided services listed on the enclosed invoice, or (2) will benefit from any monies paid as a result of the submission of the enclosed invoice, has a pecuniary interest, either through an attorney, officer or employee of the firm, in any special education diagnostic services, schools, or other special education service providers;
- I understand that the making of a false statement to an agency of the DC Government is punishable by criminal penalties pursuant to D.C. Code §22-2405.

_James E. Brown_                          January 12, 2006
Signature                                 Date

# LEGEND

## ATTORNEYS

| | |
|---|---|
| JEB | James E. Brown, Esq. |
| DH | Domiento Hill, Esq. |
| CW | Christopher West, Esq. |
| BM | Brenda McAllister, Esq. |
| RG | Roberta Gambale, Esq. |
| MH | Miguel Hull, Esq. |
| RR | Rachel Rubenstein, Esq. |
| JF | Juan Fernandez, Esq. |
| CB | Christina Busso, Esq. |
| JS | John Straus, Esq. |
| RN | Roxanne Neloms, Esq. |
| TG | Tilman Gerald, Esq. |
| DSM | Delores Scott McKnight, Esq. |
| ML | Marshall Lammers, Esq. |

## PARALEGALS and LAW CLERKS

| | |
|---|---|
| AAG | Aracelly A. Gonzalez |
| DP | David Proctor |
| BDL | Blanca De La Sancha |
| SB | Sara Benkharafa |
| WB | Williams Bautista |
| YA | Yamileth Amaya |
| CMM | Claudia M. Martinez |
| HR | Heidi Romero |
| KD | Kelly Dau |
| MT | Michele Torry, BA, L. Cert. |
| TB | Tamika Beasley |
| BC | Blair Copeland |

## ADVOCATES

| | |
|---|---|
| MM | Michelle Moody, MA |
| CS | Cheron Sutton-Brock, MA |
| KC | Kevin Carter, MA |
| CM | Carolyn Monford, MA |
| GMH | Garfield Mark Holman, MA |
| RB | C. Robin Boucher, Ph.D. |
| TS | Tamieka A. Skinner, MA |
| CP | Carrie Pecover, MA |
| CG | Comesha Griffin, MS |
| WD | William Daywalt, M. Ed. |
| DD | Donte Davis |
| CF | Carlos Fernandez, MA,JD |

## OUT OF POCKET COSTS

| | |
|---|---|
| FAX | Facsimile @ $1.00 per page |
| COP | Reproduction @ $0.25 per page |
| TRN | Transportation @ actual taxi cost |
| TEL | Long Distance Telephone @ actual cost |
| PAR | Parking @ actual cost |
| MES | Messenger/Express Mail @ actual cost |
| POS | Postage @ actual cost |

12/27/2005

Jan

Invoice submitted to:
Donnell Gibson

January 06, 2006
In Reference To:    Donnell Gibson
                    DOB: 11/30/92
                    School: Garfield ES

Invoice #11171

        Professional Services

|  |  |  | Hrs/Rate | Amount |
|---|---|---|---|---|
| 7/30/2003 | RB | Phone call from parent | 0.25 185.00/hr | 46.25 |
| 7/31/2003 | RB | Phone call from parent | 0.33 185.00/hr | 61.05 |
| 8/6/2003 | JF | Research educational needs with parent for possible IDEA violations and updated our dile information | 0.50 365.00/hr | 182.50 |
| 8/8/2003 | RB | Phone call from parent | 0.17 185.00/hr | 31.45 |
| 8/12/2003 | JEB | Case update and contact parent | 0.58 385.00/hr | 223.30 |
| 8/13/2003 | RB | Assisted attorney in preparation of request for hearing | 1.00 185.00/hr | 185.00 |
|  | RB | Phone calls (2) to parent | 0.33 185.00/hr | 61.05 |
|  | RB | Phone call from parent | 0.25 185.00/hr | 46.25 |

**Donnell Gibson**                                                                                      Page    2

|  |  |  | <u>Hrs/Rate</u> | <u>Amount</u> |
|---|---|---|---|---|
| 8/13/2003 | MH | Prepared and file due process hearing request to DCPS regarding DCPS failure to provide transportation to ESY program.  Includes extensive file research, discussions with parent and advocate, and drafting and revising of claims. | 3.00<br>365.00/hr | 1,095.00 |
|  | JF | Assisted attorney in preparation of request for hearing | 1.50<br>365.00/hr | 547.50 |
| 8/14/2003 | JF | Drafted letter to parent regarding Due Process Hearing Request. | 0.58<br>365.00/hr | 211.70 |
|  | RB | Reviewed HR | 0.25<br>185.00/hr | 46.25 |
| 8/21/2003 | RB | Phone call to parent | 0.17<br>185.00/hr | 31.45 |
| 8/22/2003 | RB | Phone call from parent | 0.33<br>185.00/hr | 61.05 |
| 8/25/2003 | RB | Phone call from parent | 0.17<br>185.00/hr | 31.45 |
| 8/27/2003 | RB | Phone call from parent | 0.17<br>185.00/hr | 31.45 |
| 9/5/2003 | RB | Phone call from parent | 0.25<br>185.00/hr | 46.25 |
| 9/10/2003 | RB | Phone call from parent | 0.17<br>185.00/hr | 31.45 |
| 9/11/2003 | CMM | Assisted attorney to prepare disclosure to DCPS | 1.50<br>110.00/hr | 165.00 |
|  | RB | Reviewed disclosures | 0.25<br>185.00/hr | 46.25 |
|  | MH | Prepare disclosure to DCPS with assistance of paralegal.  Reviewed entire file and identified potential exhibits and witnesses, prepared disclosure packet and cover letter to DCPS attomey. | 2.00<br>365.00/hr | 730.00 |
| 9/15/2003 | MH | Record reviewed and discussion with parent, educational advcote regarding pending MDT meeting ordered in last HOD. | 0.83<br>365.00/hr | 302.95 |


Brown & Associates, PLLC

**Donnell Gibson**                                                                          Page    3

|  |  |  | Hrs/Rate | Amount |
|---|---|---|---|---|
| 9/16/2003 | RB | Discussion with the child's attorney to review ESY-comp ed services to be provided and file review | 1.00 185.00/hr | 185.00 |
| 9/24/2003 | RB | Discussion with atty—meeting pending for compensatory education | 0.08 185.00/hr | 14.80 |
|  | MH | Conference with advocate and attorney regarding pending compensatory education that DCPS has not yet provided. | 0.08 365.00/hr | 29.20 |
| 9/25/2003 | RB | Phone call from parent | 0.17 185.00/hr | 31.45 |
| 9/26/2003 | RB | Phone call from parent | 0.17 185.00/hr | 31.45 |
|  | RB | Telephone call from DCPS staff | 0.17 185.00/hr | 31.45 |
| 9/29/2003 | MH | Drafted letter to DCPS / Attorney, Dr. Kinbrough regarding pending MDT meeting ordered in last HOD. | 0.25 365.00/hr | 91.25 |
|  | RB | Discussion with the child's attorney | 0.08 185.00/hr | 14.80 |
|  | MH | Telephone call from DCPS staff, Dr. Kimbrough, regarding MDT meeting and compensatory education. | 0.17 365.00/hr | 62.05 |
|  | RB | Confernce with parent in office by teleconference | 0.25 185.00/hr | 46.25 |
|  | RB | Discussion with the child's attorney | 0.25 185.00/hr | 46.25 |
| 9/30/2003 | RB | Reviewed Vineland | 0.25 185.00/hr | 46.25 |
| 10/1/2003 | RB | Phone call to parent re 10/3/03 meeting | 0.17 185.00/hr | 31.45 |
|  | RB | Mapquest directions to Moten Center for 10/3/03 meeting | 0.17 185.00/hr | 31.45 |
| 10/3/2003 | MH | Discussion with educational advocate, Dr. Robin Boucher, regarding status of case. | 0.25 365.00/hr | 91.25 |

Donnell Gibson                                                                                    Page    4

| | | | Hrs/Rate | Amount |
|---|---|---|---|---|
| 10/3/2003 | RB | Report notes to atty re today's meeting outcomes | 0.25 185.00/hr | 46.25 |
| | RB | Attended MDT/comp ed meeting @ Moten Center w/parent, w/transportation | 2.83 185.00/hr | 523.55 |
| | RB | Reviewed HOD of 7/29/03 for meeting on comp ed | 0.17 185.00/hr | 31.45 |
| | RB | faxed meeting date/time acceptance to Moten Center, DCPS | 0.25 185.00/hr | 46.25 |
| | RB | Reviewed Vineland in depth of 9/26/03 | 0.25 185.00/hr | 46.25 |
| 10/7/2003 | RB | 2 phone calls from parent re DCPS failure to provide transportation today or yesterday; report of her attempts to contact DCPS and varying information re pick-up times; problem with varying drop-off times | 0.42 185.00/hr | 77.70 |
| | RB | Discussion with the child's attorney: FAPE issue with school system's failure to provide transportation | 0.17 185.00/hr | 31.45 |
| | MH | Discussion with educational advocate regarding case status. | 0.17 365.00/hr | 62.05 |
| | MH | Reviewed file and strategized on how best to obtain FAPE for child. | 0.25 365.00/hr | 91.25 |
| 10/8/2003 | RB | Discussion with the child's attorney: pending HR re transportation problem | 0.17 185.00/hr | 31.45 |
| | RB | Phone call from parent to report lack of transportation and details about DCPS responses | 0.33 185.00/hr | 61.05 |
| | RB | Drafted and faxed letter to Moten Center re transportation problem | 0.33 185.00/hr | 61.05 |
| | MH | Discussion and file review with educational advocate, Dr. Robin Boucher, regarding DCPS's failure to provide consistent transportation and possible hearing request. | 0.17 365.00/hr | 62.05 |
| 10/9/2003 | RB | Telephone call from DCPS staff/Moten Center re failure to provide transportation | 0.25 185.00/hr | 46.25 |

**Donnell Gibson**

Page     5

| | | | Hrs/Rate | Amount |
|---|---|---|---|---|
| 10/20/2003 | AAG | Reviewed Vineland evaluation | 0.42 110.00/hr | 46.20 |
| | AAG | Reviewed 03/04 MDT/IEP meeting notes | 0.42 110.00/hr | 46.20 |
| | AAG | Drafted letter and sent it to parent RE: Vineland evaluation | 0.50 110.00/hr | 55.00 |
| 10/29/2003 | RB | Mapquest directions to Moten Center for 10/30/03 meeting | 0.25 185.00/hr | 46.25 |
| 10/30/2003 | RB | Attended MDT/IEP @ Moten Center w/parent | 3.00 185.00/hr | 555.00 |
| 10/31/2003 | RB | Client computer notes for atty - outcome of meeting | 0.25 185.00/hr | 46.25 |
| 11/10/2003 | RB | Discussion with the child's attorney: status of case; can be closed | 0.17 185.00/hr | 31.45 |
| | MH | Reviewed file and researched educational needs.  Developed plan for pending MDT meeting | 0.25 365.00/hr | 91.25 |
| 11/14/2003 | RB | Gave working file copies of documents to paralegal to put in main, closed file if not already there, otherwise destroy | 0.33 185.00/hr | 61.05 |
| 11/18/2003 | CMM | Drafted status letter to parent | 0.58 110.00/hr | 63.80 |
| 2/20/2004 | RB | Phone call from parent to report that child has had no transportation to Moten Center for the past two weeks | 0.17 185.00/hr | 31.45 |
| 2/25/2004 | RB | Phone call to parent with attorney re lack of transportation to Moten Center | 0.42 185.00/hr | 77.70 |
| 2/26/2004 | RB | Phone call from parent to report child has been fighting on school bus in afternoon | 0.17 185.00/hr | 31.45 |
| 3/24/2004 | MH | Conference with parent and file review regarding problems with child's transportation. | 0.33 365.00/hr | 120.45 |
| 3/30/2004 | JF | Examiend all educational information in file, such as: Evaluations, IEP's, HEarinf Officer's Determianation and any other information in file for possible IDEA violations. | 0.67 365.00/hr | 244.55 |

**Donnell Gibson**

Page    6

| Date | | Description | Hrs/Rate | Amount |
|---|---|---|---|---|
| 4/22/2004 | RB | Phone call from parent re transportation problem for Moten Center; status of case | 0.42 185.00/hr | 77.70 |
| | RB | Discussion with the child's attorney: apprised 4/21/04 of HR issue | 0.17 185.00/hr | 31.45 |
| 6/29/2004 | RB | Phone call from parent regarding progress and middle school ED placements | 0.33 185.00/hr | 61.05 |
| 4/5/2005 | RB | Phone call from parent wanting to re-open the case for SY 05-06 placement | 0.33 185.00/hr | 61.05 |
| | RB | Memo to attorney re parent's telephone call to re-open case | 0.17 185.00/hr | 31.45 |
| 8/16/2005 | JF | Initial confernce with parent, discussed new concerns and device strategy to follow in the case | 0.92 365.00/hr | 335.80 |
| | WB | Conference with parent to discuss RE-OPENING case and child's educational needs. | 1.25 110.00/hr | 137.50 |
| 8/17/2005 | HR | Draft letter to parent informing them of the records and evaluations requested | 0.50 110.00/hr | 55.00 |
| | HR | Drafted letter requesting reevaluations at DCALA, sent letter via facsimile to the school, the Office of Special Education, and the Office of the General Counsel. | 0.83 110.00/hr | 91.30 |
| | HR | Drafted letter requesting teacher's qualifications at DCALA | 0.58 110.00/hr | 63.80 |
| | HR | Drafted letter requesting records at Moten Educational Center, sent letter via facsimile to the school, the Office of Special Education, and the Office of the General Counsel. | 0.67 110.00/hr | 73.70 |
| 8/31/2005 | RB | Phone call from parent re new school placement | 0.33 185.00/hr | 61.05 |
| 9/7/2005 | MH | Reviewed file to determine case status and plan for this new school year. | 0.17 365.00/hr | 62.05 |
| 9/15/2005 | RB | Drafted and faxed letter to SEC at DCALA NW re 30-day review meeting; memo to attorney | 0.42 185.00/hr | 77.70 |
| 9/21/2005 | RB | Telephone call from DCALA NW SEC re 30-day review meeting | 0.17 185.00/hr | 31.45 |

Donnell Gibson                                                                    Page    7

|  |  | | Hrs/Rate | Amount |
|---|---|---|---|---|
| 9/21/2005 RB | Phone call to parent re meeting dates/times | | 0.17<br>185.00/hr | 31.45 |
| 9/22/2005 RB | Phone call to parent re date/time of meeting; memo to attorney | | 0.17<br>185.00/hr | 31.45 |
| RB | Phone call to parent re meeting date proposed by DCALA NW | | 0.17<br>185.00/hr | 31.45 |
| RB | Telephone call to DCALA NW re 30-day review meeting | | 0.17<br>185.00/hr | 31.45 |
| 9/26/2005 MH | Reviewed file to determine case status and plan strategy. | | 0.25<br>365.00/hr | 91.25 |
| 10/13/2005 RB | Phone call to parent to remind her of meeting 10/14/05 | | 0.08<br>185.00/hr | 14.80 |
| RB | Telephone call to DCALA NW for transportation directions | | 0.17<br>185.00/hr | 31.45 |
| RB | School visit; records retrieval; discussion with SEC | | 2.92<br>185.00/hr | 540.20 |
| RB | Analyzed records obtained at DCALA NW; memo to attorney re 2004 & 2005 IEPs and related services missed in OT, counseling, and S/L | | 2.33<br>185.00/hr | 431.05 |
| RB | Reviewed 3/2/05 speech/language evaluation report | | 0.42<br>185.00/hr | 77.70 |
| RB | Reviewed psychoeducational evaluation report of 3/23/05 | | 0.67<br>185.00/hr | 123.95 |
| RB | Reviewed 4/6/05 OT evaluation report | | 0.42<br>185.00/hr | 77.70 |
| 10/14/2005 MH | Reviewed advocate's notes from meeting this week. | | 0.33<br>365.00/hr | 120.45 |
| 10/18/2005 JF | Discussion with child's attorney regarding issues and possible complaint. Contacted parent to discuss possible complaint | | 0.25<br>365.00/hr | 91.25 |
| MH | Discussion with advocate regarding possible complaint. Contacted parent | | 0.25<br>365.00/hr | 91.25 |

**Donnell Gibson**                                                                                   Page    8

| Date | | Description | Hrs/Rate | Amount |
|---|---|---|---|---|
| 10/18/2005 | RB | Discussion with attorney: hearing complaint issues and need for observation re placement | 0.25 185.00/hr | 46.25 |
| | MH | Prepared first draft of due process hearing complaint to DCPS | 2.00 365.00/hr | 730.00 |
| 10/19/2005 | RB | Telephone call to DCALA NW re observation | 0.17 185.00/hr | 31.45 |
| | MH | Prepared final draft and filed due process hearing complaint to DCPS | 0.67 365.00/hr | 244.55 |
| 10/20/2005 | HR | Prepared and sent placement package to Taft Center for consideration | 0.58 110.00/hr | 63.80 |
| | HR | Prepared and sent placement package to Pathways School for consideration | 0.58 110.00/hr | 63.80 |
| | HR | Prepared and sent placement package to High Roads of Washington, DC for consideration | 0.58 110.00/hr | 63.80 |
| | HR | Prepared and sent placement package to Accotink Academy for consideration | 0.58 110.00/hr | 63.80 |
| | HR | Prepared and sent placement package to Rock Creek Academy for consideration | 0.58 110.00/hr | 63.80 |
| | HR | Draft letter to paent regarding due process hearing complaint requested | 0.50 110.00/hr | 55.00 |
| | RB | Drafted and faxed note to DCALA NW re observation date/time | 0.17 185.00/hr | 31.45 |
| 10/21/2005 | RB | Phone call from parent about meeting invitation from Moten Center; discussed purposes | 0.25 185.00/hr | 46.25 |
| | HR | Draft letter to parent regarding placement packets sent out for consideration. | 0.50 110.00/hr | 55.00 |
| 10/24/2005 | MH | Conference with advocate, Robin Boucher, regarding case status. | 0.33 365.00/hr | 120.45 |
| | RB | Discussion with attorney: Moten Center's DRS meeting, written invitation to parent, and proposed dates | 0.33 185.00/hr | 61.05 |

**Donnell Gibson**

| Date | | Description | Hrs/Rate | Amount |
|---|---|---|---|---|
| 10/24/2005 | RB | Telephone call from and to Moten Center social worker re meeting purposes and parent's proposed dates | 0.33 185.00/hr | 61.05 |
| | RB | Telephone call to Moten Center social worker re meeting | 0.08 185.00/hr | 14.80 |
| | RB | Phone call from parent re school's meeting invitation specifics; transportation problem; need for DC school | 0.42 185.00/hr | 77.70 |
| | RB | Memo to attorney re DRS and transportation | 0.25 185.00/hr | 46.25 |
| 10/25/2005 | RB | Telephone call to and from DCALA NW re observation date | 0.25 185.00/hr | 46.25 |
| 10/26/2005 | RB | Received and reviewed copy of Moten Center meeting notice | 0.08 185.00/hr | 14.80 |
| | RB | Memo to attorney re Moten Center meeting notice and action point | 0.17 185.00/hr | 31.45 |
| | RB | Telephone call to Moten Center re DRS date/time | 0.17 185.00/hr | 31.45 |
| | RB | Telephone call from Moten Center re DRS dates certain, DCALA participation, and meeting location | 0.25 185.00/hr | 46.25 |
| | RB | Discussion with attorney and advocate Fernandez; teleconference with parent about DRS date/time | 0.25 185.00/hr | 46.25 |
| | RB | Memo to file in preparation for DRS for attorney and advocate Fernandez | 0.25 185.00/hr | 46.25 |
| 10/27/2005 | JF | Prepared for Dispute Resolution Meeting | 1.50 365.00/hr | 547.50 |
| | RB | Asked paralegal to call school re DRS meeting acceptance then mail confirmation; Moten Center fax not working | 0.17 185.00/hr | 31.45 |
| | RB | Four telephone calls to Moten Center to re-reconfirm DRS 11/01/05, parent and DCALA participation, and location; rearrangement of observation at DCALA | 1.00 185.00/hr | 185.00 |
| 11/1/2005 | JF | Attended Dispute Resolution Meeting @ Moten Center | 3.83 365.00/hr | 1,397.95 |

Donnell Gibson                                                                                    Page   10

| | | | Hrs/Rate | Amount |
|---|---|---|---|---|
| 11/1/2005 | RB | Reviewed HR and made DRS agenda for advocate JJF and parent | 0.50 185.00/hr | 92.50 |
| | RB | Phone call reminder to parent re DRS meeting 11/1/05 | 0.33 185.00/hr | 61.05 |
| | RB | Discussion with attorney and advocate Fernandez: DRS outcomes | 0.33 185.00/hr | 61.05 |
| 11/2/2005 | RB | Preparation for 11/3/05 school visit and observation: copied 2005 IEP and reviewed 2004 & 2005 IEPs | 0.33 185.00/hr | 61.05 |
| | HR | Draft letter to the Student Hearing Office requesting a hearing date to be set | 0.50 110.00/hr | 55.00 |
| 11/3/2005 | RB | Researched online readability analysis of textbook reading passage obtained during DCALA observation | 0.42 185.00/hr | 77.70 |
| | RB | School visit; classroom observation at DCALA NW | 2.25 185.00/hr | 416.25 |
| | RB | Memo to attorney re observation at DCALA NW | 0.25 185.00/hr | 46.25 |
| 11/17/2005 | HR | File Review and sent letter to parent/student | 0.17 110.00/hr | 18.70 |
| 11/18/2005 | HR | Draft letter to parent regarding the Notice of Hearing | 0.42 110.00/hr | 46.20 |
| | MH | Reviewed file to determine case status and plan strategy. | 0.17 365.00/hr | 62.05 |
| 11/25/2005 | MH | Reviewed file to determine case status and plan strategy. | 0.42 365.00/hr | 153.30 |
| 12/1/2005 | HR | Draft letter to parent with correction on hearing date | 0.33 110.00/hr | 36.30 |
| 12/6/2005 | RB | Discussion with attorney: pending hearing and parent contact information; disclosure packet will be provided | 0.17 185.00/hr | 31.45 |
| | HR | Assisted attorney to prepare disclosure to DCPS | 2.00 110.00/hr | 220.00 |

Donnell Gibson

| | | | Hrs/Rate | Amount |
|---|---|---|---|---|
| 12/6/2005 MH | Prepare disclosure to DCPS | | 1.67<br>365.00/hr | 609.55 |
| 12/8/2005 HR | Draft letter to parent reminding her of hearing scheduled | | 0.33<br>110.00/hr | 36.30 |
| 12/12/2005 MH | Prepared for Due Process Hearing. Reviewed disclosure materials, conducted research, and prepared witnesses and legal arguements for hearing. | | 2.50<br>365.00/hr | 912.50 |
| 12/13/2005 RB | Prepared for Due Process Hearing: voice mail message from attorney; discussion with attorney; reviewed case and observation notes and 4/05 IEP | | 0.50<br>185.00/hr | 92.50 |
| RB | Participated in hearing via teleconference as witness | | 0.33<br>185.00/hr | 61.05 |
| MH | Appearance to 825 North Capital for due process hearing | | 2.58<br>365.00/hr | 941.70 |
| HR | Phone call from Karen at Rock Creek Academy regarding hearing | | 0.17<br>110.00/hr | 18.70 |
| | For professional services rendered | | 81.80 | $19,309.95 |

Additional Charges :

| | | |
|---|---|---|
| 8/13/2003 | Copied documents, hearing request | 3.00 |
| | Facsimile,  hearing request | 6.00 |
| | Postage;  letter to parent regarding hearing request | 0.37 |
| 9/11/2003 | Made Photocopies<br>RE: Disclosures for DCPS/SHO and OGC | 50.00 |
| | Messenger Service to and from DCPS (5-day Disclosures) | 20.00 |
| 9/16/2003 | Facsimile to DCPS; Hearing withdrawel | 2.00 |
| | Facsimile to R Gill at DCPS; Hearing withdrawel | 2.00 |
| 9/29/2003 | Facsimile to Moten; letter re: MDT | 2.00 |
| 10/3/2003 | Facsimile; Meeting, Date, Time acceptance | 1.00 |

**Donnell Gibson**                                                                                    Page    12

                                                                                                      Amount

| | | |
|---|---|---|
| 10/8/2003 | Facsimile; Letter re: lack opf transportation | 2.00 |
| 10/20/2003 | Copied documents evaluations + lettert to parent | 2.75 |
| 11/18/2003 | Postage; letter to parent | 0.37 |
| 8/17/2005 | Copied: evaluations and records request for parent. | 1.25 |
| | Facsimile: Teacher qualifications to DCALA and OSE. | 6.00 |
| | Facsimile: reevaluations request to DCALA. Records request to Moten EC, OSE, and OGC. | 26.00 |
| 8/18/2005 | Postage; letter to parent. | 0.60 |
| 9/15/2005 | Facsimile to DCLA | 2.00 |
| 10/13/2005 | Copied documents; IEP's | 6.50 |
| 10/19/2005 | Facsimile letter to SHO | 9.00 |
| 10/20/2005 | Facsimile letter to DCLA | 2.00 |
| | Postage; to parent | 0.60 |
| | Postage; placement package to -RCA -Accotink Academy -TAFT Center -Pathway School -High Road school | 15.65 |
| | Copied documents(Parent-DPH-complant w/letter) | 2.50 |
| | Copied documents(RCA-Placement Packets) | 18.25 |
| | Copied documents(Acctick Academy-Placement Packets) | 18.25 |
| | Copied documents(High roads of WDC-Placement packets) | 18.25 |
| | Copied documents(Pathwats school-placement packets) | 18.25 |
| 10/21/2005 | Postage; letter to parent re: case status. | 0.60 |

**Donnell Gibson**                                                                      Page     13

                                                                                   <u>Amount</u>

| | | |
|---|---|---:|
| 10/21/2005 | Copied: Placement letter for parent. | 1.50 |
| 10/26/2005 | Facsimile: meeting acceptance to school. | 2.00 |
| 10/27/2005 | Postage; letter to parent re: case status. | 0.37 |
| | Facsimile: LOI letter to Moten Center. | 2.00 |
| | Copied: LOI letter for parent. | 0.50 |
| 11/2/2005 | Copied: IEP for advocate. | 5.00 |
| | Facsimile letter req. hearing date to Sheila Hall, Kelly Evans, OGC | 6.00 |
| 11/18/2005 | Postage; letter to parent re: case status. | 0.37 |
| | Copied documents: letter to parent | 0.50 |
| | Copied: NOH letter for parent. | 0.50 |
| 12/1/2005 | Postage; lette to parent re: case status. | 0.37 |
| | Copied letter re: NOH for parent. | 0.25 |
| 12/6/2005 | Messenger Service to and from DCPS (5-day Disclosures) | 20.00 |
| | Copied: Disclosure for SHO and OGC. | 102.00 |
| 12/7/2005 | Postage; letter to parent re: case status. | 0.37 |
| 12/13/2005 | Sedan taxi service  from  DCPS for hearing.(attny) | 8.00 |
| | File review preparation of bill and invoice audit | 96.88 |
| | Total costs | $483.80 |
| | Total amount of this bill | $19,793.75 |