# EXHIBIT 11

*State Education Agency for the District of Columbia*
*State Enforcement and Investigation Division (SEID)*
*Special Education Programs*



# ADMINISTRATIVE DUE PROCESS COMPLAINT NOTICE

- The form is used to give notice of a due process complaint to the **District of Columbia Public Schools, District of Columbia Public Charter Schools (DCPS or LEA) and/or parents** with respect to any matter relating to the identification, evaluation, or educational placement of a child with a disability, or the provision of a free appropriate public education to that child.  **A party may not have a due process hearing until the party, or the attorney representing the party, files a notice that meets the requirements of the Individuals with Disabilities Education Improvement Act (IDEIA).**

- The due process complaint must describe an alleged violation that occurred not more than two (2) years before the date that the parent or school system knew or should have known about the alleged action that is the basis of the complaint.

- Notice must be provided to the Student Hearing Office for the DC Public Schools, 825 North Capitol Street, NE, 8th Floor, Washington, DC 20002; fax number 202/442-5556.

- Unless the other party agrees, the party requesting the due process hearing shall not be allowed to raise issues at the due process hearing that are not raised in this Due Process Complaint Notice.  Therefore, please be thorough in providing the information requested.

- Prior to the opportunity for an impartial due process hearing, the Local Educational Agency (LEA) shall convene a meeting **(called a "Resolution Session")** with the parent(s) unless the parent(s) and the Local Educational Agency agree in writing to waive this meeting. You will be contacted by a representative of the Local Educational Agency to schedule the meeting. **The Student Hearing Office does NOT schedule resolution meetings.**

- Mediation is also available to all parties as an alternative to a resolution meeting or a Due Process Hearing.

## A.   INFORMATION ABOUT THE STUDENT:

Name of the Student:  Adrian Hill   Date of Birth: September 29th, 1989

Address: 1116 Orren Street, NE, Washington, DC 20002

Present School of Attendance: Sasha Bruce Public Charter School

Parent/Guardian of the Student: _____Ms. Joycelynn Bush_____

## B.    Legal Representative/Attorney (if applicable):

Name: _____Roxanne Neloms, Esq._____

Address: _____1220 L Street, NW, Suite 700, Washington, DC 20005_____

Phone: (w) _202-742-2000_ (Fax) _202-742-2097_ (e-mail) _____

Will attorney / legal representative attend the resolution session?    **X** Yes    ☐ No

## C.    Complaint Made Against (check all that apply):

**X** DCPS school (name of the school if different from page one)

☐Charter school (name of the charter school if different from page one)_____

☐Non-public school or residential treatment facility (name)
_____

☐Parent

## D.    Resolution Session Meeting Between Parent and LEA:

**X** I wish to waive the Resolution Session Meeting.

## E.    Mediation Process:

**I am requesting an administrative due process hearing only at this time.**

## F.    Facts and Reasons for the Complaint:

### I.    Nature of the Problem.

1.  DCPS Denied the Student with a Free and Appropriate Public Education by Failing to Comply with the Order of the Independent Hearing Officer Dated April 12th, 2005, and Reconvene the Student's MDT/IEP Meeting to do, Among Other Things, Review the Student's Evaluations, Review and Revise the Student's IEP as Appropriate, Discuss and Determine Placement, and Discuss and Determine Compensatory Education. An administrative due process hearing was held for the student on April 1st, 2005.  As a result of that hearing, the impartial due process hearing officer presiding over that matter, issued a decision, on or about April 12sth, 2005, in which the District of Columbia Public Schools ("DCPS") was ordered to do, among other things, fund the student's independent neuropsychological and clinical psychological evaluations. See Order dated April 12th, 2005.

Copies of the student's neuropsychological and clinical psychological evaluations were forwarded to the DCPS Office of Mediation and Compliance on or about September 19th, 2005. See Correspondence dated September 19th, 2005. Counsel for the parent, in the letter of September 19th, 2005, also requested from DCPS that the appropriate persons from DCPS contact him to reconvene the student's MDT/IEP Meeting, within the timeframe provided by the impartial due process hearing officer, in his order. Id. Counsel for the parent received no response to this letter.

A second letter was sent by the parent's counsel on or about September 30th, 2005. See Correspondence dated September 30th, 2005. In that letter, counsel for the parent notified DCPS that the parent intended to file an administrative due process hearing request if DCPS failed to comply with the order and reconvene the student's MDT/IEP Meeting. Id. DCPS, for a second time, failed to respond. To date, DCPS has yet to make any attempts to comply with the order of April 12th, 2005.

2.  DCPS Denied the Student with a Free and Appropriate Public Education by Develop an Appropriate Individualized Educational Program for the Student. According to the IDEIA § 614, DCPS, as the local and state education agency, is responsible for ensuring that all students who are eligible to receive special education and its related services have an appropriate IEP in place. In the instant matter it is clear DCPS has failed to comply with the requirements of the statute.

Here, the student, according to a several evaluations, is eligible to receive special education and its related services as a student with a emotional disturbance, and possibly a learning disability. DCPS, despite being in possession of some of the evaluations, has yet to develop an appropriate Individualized Educational Program for the student as ordered in the April 12th, 2005 hearing officer's determination. DCPS' failure to develop an appropriate IEP amounts to a denial of a Free and Appropriate Public Education.

3.  DCPS Denied the Student with a Free and Appropriate Public Education by Failing to Develop a Behavior Intervention Plan, as Part of the Student's IEP as Required under IDEIA § 614 (d)(3)(B)(i). According to the IDEIA § 614 (d)(3)(B)(i), DCPS as the state and local education agency, is to make certain that appropriate IEPs are developed for all student eligible to receive special education and its related services. This necessarily includes the develop of a behavior intervention plan when the child's behavior impedes the child's learning or the learning of other students. In the instant matter, it is clear DCPS has failed to do this.

Specifically, the student's emotional disturbance and other health impairment, has impeded his learning and the learning of others. Indeed, the student, on or about October 5th, 2005, as a result of his disabilities, assaulted another student at the school, and his behaviors became so erratic that he had to be physically restrained by school security and the DC Metropolitan Police. Clearly, a behavior intervention plan for the student is warranted. To date, DCPS has yet to develop a behavior intervention program for the student.

4.  <u>DCPS Denied the Student with a Free and Appropriate Public Education by Failing to Have the Student Placed in an Appropriate Special Education Program</u>. DCPS, according to the IDEIA § 614 is required to have a student, who requires special education and its related services, in an appropriate special education program that can meet his needs. The student's current placement at Johnson Junior High School is an inappropriate placement for the student.

Here, the student, for several years now, has been attending Sasah Bruce Public Charter School. The student's tenure at Sasha Bruce Public Charter School has been marked with much turmoil. Specifically, the student, since last school year has been repeatedly suspended, assaulted several students, and staff. Most recently, the student was suspended for assaulting another student and having to be physically restrained by school security and DC Metropolitan Police. The student's clinical psychological evaluation was conducted on the student in which it was recommended that the student, in order to gain academic benefit, be placed in a separate, small, highly structured, therapeutic educational environment where the student will be able to access the curriculum. Indeed, the evaluation recommended that the student be placed in a classroom with no more than 8-10 students. Sasha Bruce Public Charter School Johnson Junior High School does not have that type of environment. Sasha Bruce Public Charter School does not offer a full-time, special education, small, highly structured environment, therapeutic environment that the student requires.

5.  <u>DCPS Denied the Student with a Free and Appropriate Public Education by Failing to Provide the Student With His Necessary Special Education Instruction and Related Services</u>. Compensatory education is generally defined as educational services above and beyond the services normally due a student under his state's education law. While compensatory education is not a remedy expressly identified in the IDEA courts have routinely awarded it in appropriate circumstances by exercising their authority under 20 U.S.C. § 1415 (I)(2)(B)(ii) to "grant such relief as the court determines appropriate." See Pihl v. Massachusetts Department of Education, 18 IDELR 668 (1st Cir. 1993); Burr v. Ambach, 1988-89 EHLR 441:314 (2d Cir. 1988); Lester H. by Octavia P. v. Gilhool, 16 EHLR 1354 (3d Cir. 1990); Hall v. Knott County Board of Education, 18 EDELR 192 (6th Cir. 1991); Parents of Student W v. Puyallup School District No. 3, 21IDELR 723 (9th Cir. 1994); Jefferson County Board of Education v. Green, 1987-88 EHLR 559:144 (N.D. Ala. 1987); Harris v. District of Columbia, 19 IDELR 105 (D.D.C. 1992); McManus v. Wilmette Sch. Dist. 39 Bd. Of Educ., 19 IDELR 485 (N.D. Ill. 1992); and Burlington School Committee v. Massachusetts Department of Education, 1984-85 EHLR 556:389 (1985).

Furthermore, courts have found compensatory education appropriate to make up periods when a student has been inappropriately placed or denied services. See, e.g., Manchester Sch. Dist. v. Christopher B., 20 IDELR 389 (D.N.H. 1992). The length of time of the compensatory education award commonly equals the length of the inappropriate placement or denial of services, measured in weeks, months or even years. In Manchester, the court found the student was entitled to two and one-half

years of compensatory education for his being inappropriately placed for two and one-half years. Simply put, compensatory education is an appropriate remedy when a student has been denied FAPE in the past.

Here, the student, since the start of the 2003-2004 school year, has failed to receive most, if any of his special education instruction and related services. Indeed, one of the student's suspensions by DCPS was for 180 days. As a result, the student missed much of his special education instruction and related services. To date, because DCPS has failed to timely evaluate, reconvene, revise and update the student's IEP as necessary, the student has missed a tremendous amount of special education instruction and related services. DCPS' failure to provide the student with his necessary special education instruction and related services amounts to a denial of a FAPE.

6. <u>DCPS Denied the Student a Free and Appropriate Public Education By Failing to Conduct the Student's Recommended Occupational Therapy, and Psychiatric Evaluations As Required Under the IDEIA.</u> According to the Individuals with Disabilities Education Improvement Act (2004), Pub. L. No. 108-446, Sec. 101, § 61, DCPS as the local and state education agency is to evaluate a student in all suspected areas of his disabilities. In the instant matter, it is clear, DCPS failed to do this.

Specifically, a neuropsychological and clinical evaluation was conducted on the student on May 2nd, 2005 and July 8th, 2005. In the evaluations, it was recommended that the student receive, among other things, an occupational therapy evaluation and a psychiatric evaluation. The occupational therapy evaluation was recommended due to the student's possible need for occupational therapy services, and the psychiatric due to medically diagnose the student's suspected ADHD, and the possible need for residential placement for the student.

On September 19th, 2005, counsel for the parent wrote to DCPS, pursuant to the recommendations of the evaluations, one of the evaluations which were done by the school themselves, asking that the student receive the psychiatric and occupational therapy evaluations. To date, well over five (5) months have passed and DCPS has yet to complete the student's occupational therapy or psychiatric evaluations.

## II. Issues presented.

1. Whether or Not DCPS Denied the Student a Free and Appropriate Public Education by Failing to Comply With the April 1st, 2005 Order;

2. Whether or Not DCPS Denied the Student a Free and Appropriate Public Education by Failing to Develop an Appropriate IEP for the Student;

3. Whether or Not DCPS Denied the Student a Free and Appropriate Public Education by Failing to Comply With the April 1st, 2005;

4. Whether or Not DCPS Denied the Student a Free and Appropriate Public Education by Failing to Have the Student Placed in an Appropriate Special Education Program;

5. Whether or Not DCPS Denied the Student a Free and Appropriate Public Education by Failing to Timely Provide the Student with His Necessary Special Education Instruction and Related Services;

6. Whether or Not DCPS Denied the Student a Free and Appropriate Public Education By Failing to Conduct the Student's Recommended Occupational Therapy, and Psychiatric Evaluations As Required Under the IDEIA.

### Relief Sought.

**WHEREFORE**, the parent, by and through counsel, pursuant to the Conciliation Agreement entered into on May 12th, 1981 between the U.S. Department of Education and the District of Columbia Public Schools, hereby requests the following relief:

1. A finding that DCPS Denied the Student a Free and Appropriate Public Education by Failing to Comply With the April 1st, 2005;

2. A finding that DCPS Denied the Student a Free and Appropriate Public Education by Failing to Develop an Appropriate IEP for the Student;

3. A finding that DCPS Denied the Student a Free and Appropriate Public Education by Failing to Comply With the April 1st, 2005;

4. A finding that DCPS Denied the Student a Free and Appropriate Public Education by Failing to Have the Student Placed in an Appropriate Special Education Program;

5. A finding that DCPS Denied the Student a Free and Appropriate Public Education by Failing to Timely Provide the Student with His Necessary Special Education Instruction and Related Services;

6. A finding that DCPS Denied the Student a Free and Appropriate Public Education By Failing to Conduct the Student's Recommended Occupational Therapy, and Psychiatric Evaluations As Required Under the IDEIA

7. DCPS agrees to fund the student, with transportation, for the remainder of the 2005-2006 School Year, at the Phillips School of Laurel, the Accotink Academy, the Rock Creek Academy, or the Frost School;

8. DCPS, within ten (10) calendar days agrees to reconvene the student's SEP/MDT/IEP Meeting, at the student's interim placement, to determine what evaluations, if any, are needed for the student, revise and complete an interim IEP for the student, and discuss and determine what amount of compensatory education if any, the student is owed;

9. DCPS, if the student is recommended to receive additional evaluations at the SEP/MDT/IEP Meeting, agrees to fund all recommended evaluations for the student;

10. DCPS, within five (5) business days upon receipt of the last of the evaluations, agrees to reconvene the student's MDT/IEP Meeting, at the student's current school, to review the student's evaluations, revise and update the student's IEP as necessary, and discuss and determine what amount of compensatory education, if any, the student is owed;

11. DCPS agrees to fund all compensatory education for the student that is recommended at the MDT/IEP Meeting;

12. All meetings shall be scheduled through counsel for the parent, Roxanne Neloms, Esq. or Domiento C.R. Hill, Esq., in writing, via facsimile, at 202-742-2097 or 202-742-2098;

13. DCPS will be given a day for day extension for any delay caused by the parent, the student, counsel for the parent, or the parent's educational advocate;

14. Provide the student with a due process hearing within 20 calendar days of a request on any issue arising out of the noncompliance with the DCPS' obligation hereunder, or any disagreement with the assessment, programming or placement the parent may have;

15. In the event that the DCPS shall fail to comply with the terms herein, then under the Conciliation Agreement, the parents shall have the authority to use self help without further notice to the DCPS, and initiate an IEP with the DCPS' invited participation, and unilateral placement in an interim school or educational program until such time the DCPS can come into compliance and properly assess, program and/or participate;

16. The DCPS shall ensure that this student has available a Free and Appropriate Public Education including special education, transportation (5 DCMR 3000.3), and Other related services as are defined at 34 C.F.R. 300.7; Assistance to States for the Education of Children with Disabilities, 70 Fed. Reg. 35782, 35836 (June 21, 2005) (to be codified at 34 C.F.R. pt. 300), designed to meet this student's unique needs and preparation for employment and independent living;

17. Send all notices to counsel for the parent with copies of such to the parent and in the parent's native language;

18. That DCPS within ten (10) calendar days of the filing of this complaint, pursuant to the Individuals with Disabilities Education Improvement Act of 2004, Pub. L. No. 108-446, Sec. 101, § 615(c)(2)(B), provide the parents' representative, Roxanne Neloms, Esq., via facsimile, at 202-742-2097 or 202-742-2098, the following: i) an explanation of why DCPS proposed or refused to take the action raised in the complaint; ii) a description of other options that the IEP team considered and the reasons why those options were rejected, iii) a description of each evaluation procedure, assessment, record, or report the agency used as the basis for the proposed or refused action, and iv) a description of the other factors that are relevant to the agency's proposed or refused action;

19. That DCPS, in the event they fail to answer/respond to the issues alleged in the parent's administrative due process hearing complaint, within ten (10) calendar days, the arguments and facts as averred by the parent will be deemed true and accurate and act as a waiver, on the part of DCPS, for their desire to have a Resolution Session Meeting, and the parent's administrative due process hearing will be scheduled pursuant to the applicable timelines contained in the IDEIA;

20. That DCPS, within fifteen (15) calendar days of receiving the parent's complaint, pursuant to the Individuals with Disabilities Education Improvement Act of 2004, Pub. L. No. 108-446, Sec. 101, § 615(c)(2)(C), respond to the parent's request    alleging any insufficiency of notice;

21. That DCPS' failure to comply with the Individuals with Disabilities Education Improvement Act of 2004, Pub. L. No. 108-446, Sec. 101, § 615(c)(2)(C), and allege any insufficiency of the parent's administrative due process complaint, will constitute waiver on the part of DCPS to make such argument at any later date and time;

22. That DCPS, pursuant to the Individuals with Disabilities Education Improvement Act of 2004, Pub. L. No. 108-446, Sec. 101, § 615(f)(1)(B), within fifteen (15) calendar days of receiving the parent's administrative due process complaint, shall contact the parent's representative, in writing, via facsimile, at 202-742-2097 or 202-742-2098, to schedule and convene a Resolution Session Meeting;

23. That DCPS, pursuant to the Individuals with Disabilities Education Improvement Act of 2004, Pub. L. No. 108-446, Sec. 101, § 615(f)(1)(B), convene the Resolution Session Meeting, with the parent, the parent's representative, and all necessary/relevant members of the student's MDT/IEP

Team that have specific knowledge about the child and the facts contained in the complaint. That the relevant members of the MDT/IEP Team that shall be present at the Resolution Session Meeting for the student shall include the following persons:    1) the student's special education teacher; 2) a representative of the local education agency with decision making authority, 3) a person who can interpret the data, 4) any person(s) who conducted any assessments on the student, and 5) any service providers for the student at Johnson Junior High School;

24. That DCPS' failure to timely schedule and convene the Resolution Session Meeting within the timeframe identified according to the Individuals with Disabilities Education Improvement Act of 2004, Pub. L. No. 108-446, Sec. 101, § 615(f)(1)(B) constitute joint waiver between DCPS and the parent to have such meeting and the forty-five (45) days timeline to schedule the student's administrative due process hearing and receive a timely decision will begin to run upon written notice, via facsimile, at 202-442-5556, to the DCPS Office of Student Hearings, by the parent's counsel; and

25. A finding that the parent is the prevailing party in this action.

## G.    **Accommodations and Assistance Needed:**

Please list any special accommodations you may require for a Resolution Session Meeting/Mediation Conference/Due Process Hearing.

- Interpreter                    (please                    specify                    the type)_____
- Special            Communication            (please            describe            the type)_____
- Special            Accommodations            for·            Disability            (please            be specific)_____
- Other_____

## H.    **Signature:**

Roxanne Velasquez                    10/11/05

Legal Representative / Advocate (if applicable)            Date

**Mail, fax or deliver this complaint notice to:**
**State Enforcement and Investigation Division**
**For Special Education Programs (SEID)**
**Student Hearing Office (SHO)**
**825 North Capitol Street, NE, 8th Floor**
**Washington, DC  20002**
**Fax number: 202/442-5556**

```
*********************
***   TX REPORT   ***
*********************


TRANSMISSION OK

TX/RX NO              2969
CONNECTION TEL                   92024425556
CONNECTION ID
ST. TIME             10/11 16:54
USAGE T              01'23
PGS. SENT            10
RESULT               OK
```

## James E. Brown & Associates, PLLC
*A Professional Limited Liability Company*

James E. Brown
Domiento C.R. Hill ◊
Roberta Gambale
Miguel A. Hull
Christopher L. West
Juan J. Fernandez!

Attorneys at Law
1220 L Street, NW
Suite 700
Washington, DC 20005
Telephone: (202) 742-2000
Facsimile: (202) 742-2098

c-mail: Admin@Jeblaw.biz

Tilman L. Gerald
Roxanne D. Neloms
John A. Straus
Dolores Scott McKnight
Marshall Lammers*

! Admitted in Bolivia Only

# *FAX COVER SHEET*

TO: Sharon Newsome, Scheduling Coordinator, Office of Student Hearings, DCPS

FROM: Domiento C.R. Hill, Esq. for Roxanne Neloms, Esq.

DATE:   October 11th, 2005

FAX NO: 202-442-55556

SUBJECT: A.H., DOB: 9/29/89

NUMBER OF PAGES, INCLUDING FAX COVER SHEET: 11

COMMENTS: Administrative due process hearing request. Thank you for your assistance.

**STATEMENT OF CONFIDENTIALITY:**
The information contained in this electronic massage and any attachments to this message are intended for the exclusive use of t e addressee(s) and may contain confidential or privileged information. If you are not the intended recipient, please notify James E. Brown and Associates, PLLC immediately at (202) 742-2000, and destroy all copies of this message and any attachments.

# DISTRICT OF COLUMBIA PUBLIC SCHOOLS
## *State Enforcement and Investigation Division*
### CONFIDENTIAL
### Coles B. Ruff, Jr., Due Process Hearing Officer

| | |
|---|---|
| In the Matter of Adrian Hill ) | **IMPARTIAL DUE PROCESS** |
| Date of Birth:  May 27, 1988 ) | |
| ) | **HEARING OFFICER'S DECISION** |
| ) | |
| Petitioner (Student), ) | Hearing Date: December 8, 2005 |
| ) | |
| v. ) | Held at: 825 North Capitol St. NE |
| ) | Washington, DC |
| District of Columbia Public Schools ) | |
| ("DCPS" or "District") ) | |
| Attending School: Sasha Bruce PCS ) | |
| Respondent. ) | |

Hearing Participants:
Counsel for Student:

John Straus, Esq.
1220 L Street  NW  #700
Washington DC  20002

Counsel for DCPS:

Rashida Chapman, Esq.
Office of General Counsel
825 North Capitol St. NE
Washington, DC  20002

## INTRODUCTION:

A Due Process Hearing was convened on December 8, 2005, at the headquarters of the District of Columbia Public Schools, 825 North Capitol Street, NE, Washington, DC 20002.  The hearing was held pursuant to a hearing request submitted by the counsel for the student filed October 12, 2005.

## JURISDICATION:

The hearing was conducted and this decision was written pursuant to the *Individuals with Disabilities Act* (I.D.E.A.), P.L. 101-476, as amended by P.L. 105-17 and the *Individuals with Disabilities Education Improvement Act of 2004* (I.D.E.I.A.), the Rules of the Board of Education of the District of Columbia and the DC Appropriations Act, Section 145, effective October 21, 1998.

1

(In the Matter of AH   DOB: 5/27/88   HOD: December 19, 2005)

## DUE PROCESS RIGHTS:

The student's counsel waived a formal reading of the due process rights.

## SUMMARY OF THE RELEVANT EVIDENCE:

The Hearing Officer considered the representations made on the record by each counsel and documents contained in the parties' disclosure statements, which were admitted into the record. The parties discussed the matter on the record and reached an agreement.

## FINDINGS OF FACT:

The Hearing Officer finds that the agreement reached on the record by the parties is in the best interest of the student and, therefore, a Hearing Determination is hereby issued incorporating the agreement as stated.

## ORDER:

1. DCPS shall conduct a psychiatric evaluation of the student within thirty (30) calendar days of the issuance of this Order.
2. If DCPS does not conduct the evaluation with that time frame the parent shall obtain the evaluation independently with DCPS funding consistent with the Superintendent's cost guidelines.
3. DCPS shall, within fifteen (15) school days of the its completion or receipt of the above listed evaluation, convene a multi-disciplinary team/individualized educational program (MDT/IEP) meeting to review the student's evaluations, review and revise the student's IEP, discuss and determine placement, and discuss compensatory education the student might be due, if any, from November 1, 2005, and develop a compensatory education plan if warranted.
4. DCPS shall issue a prior notice of placement within five (5) school days of the MDT/IEP meeting if the recommended placement is public and thirty (30) calendar days if the recommended placement is private.
5. Scheduling of the MDT/IEP meeting is to be arranged through parent's counsel.
6. DCPS will be given a day for a day extension of any of the prescribed time frames in this Order for any delay caused by the student, the parent and/or their representative(s).
7. This Order resolves all issues in this case and the Hearing Officer makes no additional findings.

2

(In the Matter of AH   DOB: 5/27/88   HOD: December 19, 2005)

## APPEAL PROCESS:

This is the final administrative decision in this matter. Appeals on legal grounds may be made to a court of competent jurisdiction within 30 days of the rendering of this decision.

Coles B. Ruff, Esq.
**Hearing Officer**
**Date: December 19, 2005**

Issued:   _12-19-05_

3

(In the Matter of AH    DOB: 5/27/88    HOD: December 19, 2005)

## In the MATTER of Adrian Hill V. DCPS

### INDEX OF EXHIBITS

| EXHIBIT # | IDENTIFICATION | ADMITTED |
|-----------|----------------|----------|
| AH 1-26 | Parent's Disclosures | Yes |
| DCPS 1 | DCPS Disclosure | Yes |
| | | |
| | | |
| | | |
| | | |
| | * A detailed list of the documents disclosed is contained in the parties' disclosure notices | |
| | | |
| | | |
| | | |
| | | |
| | | |
| | | |
| | | |
| | | |
| | | |
| | | |
| | | |
| | | |
| | | |
| | | |
| | | |
| | | |
| | | |
| | | |
| | | |

4

(In the Matter of AH   DOB: 5/27/88   HOD: December 19, 2005)

## In the MATTER OF Adrian Hill V. DCPS

## RECORD OF PROCEEDING

| DATE | DESCRIPTION |
|------|-------------|
| 10/12/05 | Request for Due Process |
|  | Notice of Pre-Hearing Conference (as applicable) |
| 11/9/05 | Notice of Due Process Hearing |
|  | SETS Disposition Form |
|  | Transcripts or audio tapes of hearing |
|  |  |
|  |  |
|  |  |
|  |  |
|  |  |
|  |  |
|  |  |
|  |  |
|  |  |
|  |  |
|  |  |
|  |  |
|  |  |
|  |  |
|  |  |
|  |  |
|  |  |
|  |  |
|  |  |
|  |  |
|  |  |
|  |  |
|  |  |
|  |  |
|  |  |
|  |  |

(In the Matter of AH   DOB: 5/27/88   HOD: December 19, 2005)

## INDEX OF NAMES

### In the MATTER OF Adrian Hill V. DCPS

| | |
|---|---|
| Assistant Superintendent, Special Education (or Director) | |
| Special Education Teacher | |
| School Psychologist | |
| Regular Education Teacher | |
| Principal | |
| Speech/Language Therapist | |
| Occupational Therapist | |
| Physical Therapist | |
| Private Psychologist | |
| Child and Child's DCPS ID # or SSN (insert ID # or Case Number on each page of the HOD vice child's name) | |
| Child's Parent(s) (specific relationship) | |
| Child/Parent's Representative | John Straus, Esq. Domiento C.R. Hill, Esq. |
| School System's Representative | Rashida Chapman, Esq. |
| Educational Advocate | Mr. Kevin Carter |
| | |
| | |
| | |
| | |
| | |
| | |
| | |
| | |
| | |
| | |
| | |
| | |
| | |
| | |
| | |
| | |
| | |
| | |
| | |



# District of Columbia Public Schools

### OFFICE OF GENERAL COUNSEL
825 North Capitol Street NE, 9th Floor
Washington, DC 20002-1994
Phone - 202-442-5000, Fax - 202-442-5098

## APPLICATION FOR PAYMENT OF ATTORNEY FEES AND COSTS
## PURSUANT TO THE INDIVIDUALS WITH DISABILITIES EDUCATION ACT

1.  **Attorney Information**
    Law Firm:               JAMES E. BROWN & ASSOCIATES, PLLC
    Attorney:               JAMES E. BROWN
    Federal Tax ID No.:     52-1500760
    D.C. Bar No.:           61622

2.  **Student Information**
    Name:                         Adrian Hill
    DOB:                          5/27/88
    Date of Determination (HOD/SA): 12/19/05
    Parent/Guardian Name:         Jocelynn Bush, Charlie Hill
    Parent/Guardian Address:      1116 Orren St., NE, WDC 20002
    Current School:               Sasha Bruce PCS
    Home School:                  Sasha Bruce PCS

3.  **Invoice Information**
    Invoice Number:          06-007
    Date Request Submitted:  1/12/06
    Date(s) Services Rendered 4/13/05 to 12/8/05
    Amount of Payment Request $ 13,273.27

4.  **Certification (must be signed by principal attorney)**

I certify that all of the following statements are true and correct:

- all services listed on the enclosed invoices were actually performed;
- the entire amount requested on the enclosed invoice for payment of costs and expenses represents the actual amount of costs and expenses incurred;
- the District of Columbia Public Schools is the sole entity from which payment of the fees, costs and expenses itemized on the enclosed invoice is requested;
- no attorney or law firm who either (1) provided services listed on the enclosed invoice, or (2) will benefit from any monies paid as a result of the submission of the enclosed invoice, has a pecuniary interest, either through an attorney, officer or employee of the firm, in any special education diagnostic services, schools, or other special education service providers;
- I understand that the making of a false statement to an agency of the DC Government is punishable by criminal penalties pursuant to D.C. Code §22-2405.

_____          January 12, 2006
Signature                                 Date

# LEGEND

### ATTORNEYS

| | |
|---|---|
| JEB | James E. Brown, Esq. |
| DH | Domiento Hill, Esq. |
| CW | Christopher West, Esq. |
| BM | Brenda McAllister, Esq. |
| RG | Roberta Gambale, Esq. |
| MH | Miguel Hull, Esq. |
| RR | Rachel Rubenstein, Esq. |
| JF | Juan Fernandez, Esq. |
| CB | Christina Busso, Esq. |
| JS | John Straus, Esq. |
| RN | Roxanne Neloms, Esq. |
| TG | Tilman Gerald, Esq. |
| DSM | Delores Scott McKnight, Esq. |
| ML | Marshall Lammers, Esq. |

### PARALEGALS and LAW CLERKS

| | |
|---|---|
| AAG | Aracelly A. Gonzalez |
| DP | David Proctor |
| BDL | Blanca De La Sancha |
| SB | Sara Benkharafa |
| WB | Williams Bautista |
| YA | Yamileth Amaya |
| CMM | Claudia M. Martinez |
| HR | Heidi Romero |
| KD | Kelly Dau |
| MT | Michele Torry, BA, L. Cert. |
| TB | Tamika Beasley |

### ADVOCATES

| | |
|---|---|
| MM | Michelle Moody, MA |
| CS | Cheron Sutton-Brock, MA |
| KC | Kevin Carter, MA |
| SM | Sharon Millis, M. Ed. |
| CM | Carolyn Monford, MA |
| GMH | Garfield Mark Holman, MA |
| RB | C. Robin Boucher, Ph.D. |
| TS | Tamieka A. Skinner, MA |
| CP | Carrie Pecover, MA |
| CG | Comesha Griffin, MS |
| WD | William Daywalt, M. Ed. |
| DD | Donte Davis |
| CF | Carlos Fernandez, MA,JD |

### OUT OF POCKET COSTS

| | |
|---|---|
| FAX | Facsimile @ $1.00 per page |
| COP | Reproduction @ $0.25 per page |
| TRN | Transportation @ actual taxi cost |
| TEL | Long Distance Telephone @ actual cost |
| PAR | Parking @ actual cost |
| MES | Messenger/Express Mail @ actual cost |
| POS | Postage @ actual cost |

James E. Brown & Associates, PLLC
A Professional Limited Liability
Company
1220 L Street, NW Suite 700
Washington, DC  20005

Invoice submitted to:
Hill, Adrian


January 05, 2006
In Reference To:  Hill, Adrian

Invoice #11158


Professional Services

| | | | Hrs/Rate | Amount |
|---|---|---|---|---|
| 4/13/2005 | KD | Reviewed 4-12-05 HOD and added deadline issues to Outlook Calendar | 0.17 110.00/hr | 18.70 |
| | KD | Drafted letter to parent/enclosed copy of 4-12-05 HOD/copy to advc and file | 0.33 110.00/hr | 36.30 |
| 4/26/2005 | KD | Requested evaluations to Interdynamics | 0.75 110.00/hr | 82.50 |
| 4/29/2005 | KD | Drafted letter to parent/enclsoed copy of Eval Rqst/copy to advc and file/added to case notes | 0.42 110.00/hr | 46.20 |
| | KD | Drafted letter to parent/enclosed copy of Atty's 4-28-05 Ltr to DCPS re MDT or HR to be filed/copy to advc and file/added to case notes | 0.42 110.00/hr | 46.20 |
| 5/5/2005 | DD | Reviewed file  for up coming observation | 1.00 185.00/hr | 185.00 |
| 5/18/2005 | KD | Requested evaluations (Clinical Psychological) to Interdynamics, Inc. | 0.33 110.00/hr | 36.30 |
| | KD | Drafted letter to parent/enclosed copy of Indpnt Eval Rqst/copy to advc and file/added to case notes | 0.42 110.00/hr | 46.20 |

Hill, Adrian                                                                                    Page    2

|  |  |  | Hrs/Rate | Amount |
|---|---|---|---|---|
| 6/22/2005 | KD | Reviewed Case File, pulled docs and put in chronological order for 'B' file created and reviewed the 4-12-05 HOD and provided Case Status Review to Atty and File/added to case notes | 0.92 110.00/hr | 101.20 |
| 6/29/2005 | KD | Phone call from Atty Hill regarding contacting Interdynamics re status of evals requested | 0.08 110.00/hr | 8.80 |
|  | KD | Phone call to Interdynamics re status of evals | 0.08 110.00/hr | 8.80 |
| 7/1/2005 | DD | Reviewed file and folder for evaluations | 1.50 185.00/hr | 277.50 |
| 7/14/2005 | WB | Drafted letter to parent re: case status w/ letter received from Interdynamics re independent clinical evaluation appointment missed | 0.42 110.00/hr | 46.20 |
| 8/29/2005 | DH | Receive and review the student's neuropsychological evaluation. | 0.75 350.00/hr | 262.50 |
| 8/30/2005 | WB | Discussion with Ms. Howell of Interdynamics, Inc. re: pending independent Clinical evaluation | 0.25 110.00/hr | 27.50 |
| 9/7/2005 | KD | Phone call from Interdynamics re status of Clinical eval (student was a no show) | 0.08 110.00/hr | 8.80 |
|  | KD | typed email message to Atty Hill re call from Interdynamics about status of Clinical Eval | 0.08 110.00/hr | 8.80 |
| 9/9/2005 | AAG | File Review and sent letter to parent/student | 0.25 110.00/hr | 27.50 |
| 9/12/2005 | WB | Drafted letter to parent w/ independent neuropsychological evaluation (7/8/05) enclosed | 0.42 110.00/hr | 46.20 |
| 9/19/2005 | DH | Receive and review the student's /neuropsychological and clinical psychological evaluation. | 0.50 350.00/hr | 175.00 |
|  | DH | Draft and send letter responding to the Letter of Invitation. | 0.25 350.00/hr | 87.50 |
|  | DH | Draft and send letter responding to the DCPS Office of Special Education requesting additional psychiatric, speech/language and occupational therapy testing. | 0.25 350.00/hr | 87.50 |
| 9/23/2005 | WB | Drafted letter to parent w/ independent Neuropsychological evaluation (7/8/05) | 0.50 110.00/hr | 55.00 |

Hill, Adrian                                                                                  Page    3

|  |  |  | Hrs/Rate | Amount |
|---|---|---|---|---|
| 9/27/2005 | KD | Drafted letter to parent/enclosed copy of Atty's 9-19-05 Ltr to Sasha Bruce accptng MDT date/copy to advc and file/added to case notes | 0.42 110.00/hr | 46.20 |
|  | KD | Drafted letter to parent/enclosed copy of Atty's 9-19-05 Ltr to DCPS w/evals for review/copy to advc and file/added to case notes | 0.42 110.00/hr | 46.20 |
| 9/29/2005 | KD | Phone call from Interdynamics re Clinical already done by DCPS | 0.17 110.00/hr | 18.70 |
| 9/30/2005 | DH | Draft letter to DCPS Office of Mediation and Compliance, informing them of the parent's intent to file a due process complaint because of noncompliance. | 0.17 350.00/hr | 59.50 |
| 10/5/2005 | KC | Phone call to Ms. Bush re: voice mail message about student's involvement in a school fight.  Mother is requesting residential placement but writer advised her it would be virtually impossible to secure RTC in light of student's recent school history.  Pursuit of a level IV school would be more realistic. | 0.42 185.00/hr | 77.70 |
| 10/6/2005 | RN | Review the student's administrative due process hearing complaint drafted by Mr. Hill. | 0.33 365.00/hr | 120.45 |
|  | DH | Review the student's educational file to determine complaince with the order, conduct educational research, draft administrative due process hearing complaint for Ms. Neloms' review. | 3.00 350.00/hr | 1,050.00 |
| 10/12/2005 | KD | Prepared and sent placement package to RCA | 0.33 110.00/hr | 36.30 |
|  | KD | Prepared and sent placement package to Accotink | 0.33 110.00/hr | 36.30 |
|  | KD | Prepared and sent placement package to Florence Bertell | 0.33 110.00/hr | 36.30 |
|  | KD | Drafted letter to parent/enclosed copies of Plcmnt Ref Ltrs to RCA, Accotink, Florence Bertell, Frost and High Roads/copy to advc and file/added to case notes | 0.42 110.00/hr | 46.20 |
|  | KD | Prepared and sent placement package to Frost | 0.50 110.00/hr | 55.00 |
|  | KD | Prepared and sent placement package to High Roads | 0.33 110.00/hr | 36.30 |

Hill, Adrian                                                                                                                Page     4

|  |  |  | Hrs/Rate | Amount |
|---|---|---|---|---|
| 10/13/2005 | KC | Draft letter to Eunice French (Spec. Ed. Coordinator at Sasha Bruce PCS) re: proposal of MDT/IEP meeting. Faxed & filed letter. | 0.83 185.00/hr | 153.55 |
|  | WB | Drafted letter to parent re: case status w/ correspondence sent to Office of Mediation and Compliance on 9/30/05 enclosed | 0.50 110.00/hr | 55.00 |
|  | KC | Prepared and sent cover letters and placement packages to Pathways, High Roads and Bertel. Filed placement package letters. | 2.25 185.00/hr | 416.25 |
| 10/14/2005 | KC | Phone call to Ms. Bush (mother) re: nature of discussion at MDT meeting convened at Sasha Bruce with involvement of advocate. Advised parent that meeting must be reconvened to discuss recent critical incidents and appropriate placement. | 0.42 185.00/hr | 77.70 |
| 10/18/2005 | KC | Draft letter to Ms. Eunice French. Spec. Ed. Coord. at Sasha Bruce PCS. Faxed & filed letter. | 0.92 185.00/hr | 170.20 |
| 10/21/2005 | KC | Phone call to Ms. Bush to discuss changes to student's IEP. Parent revealed that Sasha Bruce informed her that school administrators told her that advocate and attorney would be kept abreast of meeting developments. STudent's disability classification was changed from LD to ED without apparent evaluative justification. Writer told parent that emergency MDT meeting will be proposed. | 0.58 185.00/hr | 107.30 |
|  | KC | Discussion with the child's attorney re: developments at recent emergency MDT meeting at Sasha Bruce. A | 0.25 185.00/hr | 46.25 |
|  | KC | Phone call to Ms. Bush re: discussion of recent emergency MDT meeting at Sasha Bruce Public Charter School. | 0.50 185.00/hr | 92.50 |
| 10/24/2005 | KC | Telephone call from private school (High Road of Bowie, Maryland) questions about IEP & disability classification. (Admissions inquiry) | 0.50 185.00/hr | 92.50 |
|  | KC | Telephone call to private school (Pathways) re: discussion about setting up interview. | 0.33 185.00/hr | 61.05 |
| 10/25/2005 | KD | Phone call from Accotink rqstng current IEP | 0.08 110.00/hr | 8.80 |
|  | KD | Phone call to parent re most current IEP from school | 0.08 110.00/hr | 8.80 |
|  | KD | typed email to Atty and Advocates re call from Accotink rqstng current IEP | 0.08 110.00/hr | 8.80 |

Hill, Adrian                                                                                                    Page    5

| Date | | Description | Hrs/Rate | Amount |
|------|------|-------------|----------|--------|
| 10/25/2005 | KD | Drafted letter to parent/enclosed copy of HR-Complaint/copy to advc and file/added to case notes/posted deadline date to Outlook and Desk Calendars | 0.42 110.00/hr | 46.20 |
| | KD | Drafted letter to parent/enclosed copy of Plcmnt Accptnc from RCA/copy to advc and file/added to case notes | 0.33 110.00/hr | 36.30 |
| 10/26/2005 | KC | Attended MDT/IEP @ Sasha Bruce re: revisions to IEP and additional evaluations as a result of an MDT/IEP meeting conducted last week with advocate's knowledge. Discussion of the appropirateness of placement with Ms. French (SPED Coord.) and Dr Stewart (Clinical Director) | 2.50 185.00/hr | 462.50 |
| | KC | Reviewed client file in preparation for MDT meeting at Sasha Bruce. | 0.75 185.00/hr | 138.75 |
| 10/27/2005 | KD | Drafted letter to parent/enclosed copy of Res Mtng Cnfrmtn/copy to advc and file/added to case notes/posted same to Outlook and Desk Calendars | 0.33 110.00/hr | 36.30 |
| | DH | Draft and send letter to Sasha Bruce Public Charter School regarding the status of the student's case. | 0.67 350.00/hr | 234.50 |
| | KD | Drafted letter to parent/enclosed copy of Atty's 10-27-05 Ltr to Sasha Bruce rqstng MDT/copy to advc and file/added to case notes | 0.42 110.00/hr | 46.20 |
| | DH | Discussion with the mother regarding the status of the student's case. | 0.17 350.00/hr | 59.50 |
| | DH | Receive and review the student's IEP. | 1.50 350.00/hr | 525.00 |
| 11/2/2005 | KC | Phone call from Ms. BUsh re: inquiry about where to meet Mr. Hill for Resolution meeting. Parent advised to meet attorney/advocate on the 6th floor at 8:45 a.m. | 0.33 185.00/hr | 61.05 |
| 11/3/2005 | DH | Attend resolution session meeting. | 1.00 350.00/hr | 350.00 |
| 11/7/2005 | KC | Draft letter to Ms. Bush re: request to reschedule admissions interview/visit with High Road as soon as possible. Mailed & filed. | 0.83 185.00/hr | 153.55 |
| 11/10/2005 | DH | Draft and send letter to the IEP Coordinator at the Sasah Bruce Public Charter School. | 0.25 350.00/hr | 87.50 |

Hill, Adrian                                                                                    Page    6

| Date | | Description | Hrs/Rate | Amount |
|---|---|---|---|---|
| 11/10/2005 | WB | Drafted letter to parent re: case status w/ copy of correspondence sent to Sasha Bruce PCS (11/10/05) responding to MDT Letter of Invitation | 0.42 110.00/hr | 46.20 |
| 11/17/2005 | DH | Draft and send letter to DCPS responding to letter of invitation. | 0.33 350.00/hr | 115.50 |
| 11/25/2005 | MT | File Review and sent letter to parent/student | 0.17 130.00/hr | 22.10 |
| 12/1/2005 | WB | Drafted letter to parent w/ HDN enclosed for hearing on 12/8/05 @ 3:00 pm | 0.42 110.00/hr | 46.20 |
| | DH | Review the student's educational file, and prepare five-day disclosures. | 1.50 350.00/hr | 525.00 |
| | DH | Review the student's educational file, prepare five-day disclosures for the lead attorney's review. | 1.50 350.00/hr | 525.00 |
| | WB | Assisted attorney to prepare disclosure to DCPS | 1.75 110.00/hr | 192.50 |
| | WB | Conference with parent re: case status and upcoming hearing on 12/8/05 @ 3:00 pm | 0.17 110.00/hr | 18.70 |
| 12/6/2005 | DH | Draft and send letter Sasha Bruce PCS regarding the student's evaluations. | 0.33 350.00/hr | 115.50 |
| 12/7/2005 | JS | Prepared for Due Process Hearing | 2.00 365.00/hr | 730.00 |
| | DH | Prepare for the student's administrative due process hearing. | 2.00 350.00/hr | 700.00 |
| 12/8/2005 | KC | Appearance to 825 North Capital for due process hearing | 2.00 185.00/hr | 370.00 |
| | JS | Conduct final review of the student's educational file, conduct last minute educational research, conduct final review of DCPS's five day disclosures. | 2.50 365.00/hr | 912.50 |
| | DH | Prepare for and appear at the student's administrative due process hearing. | 4.00 350.00/hr | 1,400.00 |
| | | For professional services rendered | 53.25 | $12,646.60 |

Hill, Adrian                                                                  Page    7

      Additional Charges :

|  |  | Amount |
|---|---|---|
| 4/12/2005 | Facsimile Received from DCPS; HOD | 5.00 |
|  | Copied documents; HOD | 5.00 |
| 4/13/2005 | Copied documents | 2.50 |
|  | Postage; HOD to parent | 0.37 |
| 4/26/2005 | Postage; independent evaluations request to interdynamics. | 3.13 |
|  | Facsimile(OSE/OGC-Indpnt eval request w/consent) | 9.00 |
|  | Copied independent evaluations with HOD to Interdynamics. | 7.25 |
| 4/29/2005 | Postage; letter to parent re: Independent evaluations request. | 0.60 |
|  | Copied Independent evaluation request for the parent and advocate. | 2.00 |
|  | Copied letter to DCPS re: MDT or HR. | 1.50 |
| 5/18/2005 | Postage; Independent evaluation request to parent | 0.37 |
|  | Postage; Independent evaluation request to Interdynamics. | 3.85 |
|  | Copied: Independent evaluation request and SA for parent, and advocate. Independent OT evaluation request for Interdynamics. | 24.25 |
|  | Facsimile: Independent evaluation request with consent to OGC and OSE. | 6.00 |
| 6/22/2005 | Copied: Intake forms and case notes for file. | 1.25 |
| 7/14/2005 | Postage; letter to parent. | 0.37 |
|  | Copied documents; letter to parent | 0.50 |
| 9/9/2005 | Postage; letter to parent | 0.37 |
| 9/12/2005 | Postage; letter to parent | 0.37 |
|  | Copied documents; letter to parent | 0.50 |
| 9/19/2005 | Facsimile letter to OSE | 2.00 |

Hill, Adrian                                                                    Page    8

                                                                                    Amount

| Date | Description | Amount |
|---|---|---|
| 9/19/2005 | Facsimile letter to OSE | 29.00 |
| 9/23/2005 | Postage; letter to parent | 0.37 |
|  | Copied documents; letter to parent | 0.50 |
| 9/26/2005 | Postage; letter to parent re: letter to Sasha Bruce accepting MDT date and letter to DCPS with evaluations for review. | 1.75 |
| 9/27/2005 | Copied: letter to DCPS with evaluations for parent advocate. | 15.00 |
|  | Copied: Attorney's letter to Sasha Bruce for parent and advocate. | 3.50 |
| 10/12/2005 | Postage; letter to parent re: placement. | 0.60 |
|  | Postage; placement package to Frost, High Rds, Accotink, Florence Bertell, and RCA. | 28.75 |
|  | Copied: Placement package for Frost, High rd, Accotink, RCA, and Florence Bertill. Placement letter for parent. | 143.00 |
|  | Facsimile to Sasha Bruce | 4.00 |
| 10/13/2005 | Postage; Placement packages. | 11.85 |
|  | Copied placement package tp High Road School | 42.00 |
|  | Copied documents; letter | 1.50 |
| 10/18/2005 | Copied documents; letter to file | 0.75 |
|  | Facsimile letter to Sasha Bruce | 6.00 |
| 10/21/2005 | Facsimile: letter to school. | 3.00 |
| 10/25/2005 | Postage; letter to parent re: HR-Complaint and placement. | 0.83 |
|  | Copied: HR-Complaint letter for parent and advocate. | 7.50 |
| 10/26/2005 | Copied: IEP and evaluation for attorney and file. | 18.50 |
|  | Facsimile: letter to school. | 3.00 |
| 10/27/2005 | Copied: res meeting confirmation for parent and advocate. MDT request for parent. | 2.50 |
|  | Postage; letter to parent re: mtg. conf. | 0.60 |

Hill, Adrian                                                                                          Page   9

                                                                                                    Amount

| Date | Description | Amount |
|---|---|---|
| 11/10/2005 | Copied documents; letter to parent | 0.50 |
| | Postage; letter to parent | 0.37 |
| 11/11/2005 | Facsimile: letter. | 2.00 |
| 11/17/2005 | Facsimile: letter | 2.00 |
| 11/25/2005 | Postage; letter to parent | 0.37 |
| 12/1/2005 | Copied: Disclosure for DCPS. | 90.00 |
| | Messenger Service to and from DCPS (5-day Disclosures) | 20.00 |
| | Copied documents; letter to parent | 0.50 |
| | Postage; letter to parent | 0.37 |
| 12/6/2005 | Facsimile: Letter to Mrs. Bruce. | 5.00 |
| 12/8/2005 | Sedan taxi service  from  DCPS for hearing.(2attny. and adv.) | 8.00 |
| | File review preparation of bill and invoice audit | 96.88 |
| | Total costs | $626.67 |
| | Total amount of this bill | $13,273.27 |