# EXHIBIT 12

Str ...ation Agency for the District of Colu...
**State Enforcement and Investigation Division (SEID)**
**Special Education Programs**



### *Due Process Complaint Notice*

- The form is used to give notice of a due process complaint to the **District of Columbia Public Schools, District of Columbia Public Charter Schools (DCPS or LEA) and/or parents** with respect to any matter relating to the identification, evaluation, or educational placement of a child with a disability, or the provision of a free appropriate public education to that child. **A party may not have a due process hearing until the party, or the attorney representing the party, files a notice that meets the requirements of the Individuals wit**

- The due process complaint must describe an alleged violation that occurred not more than two (2) years before the date that the parent or school system knew or should have known about the alleged action that is the basis of the complaint.

- Notice must be provided to the Student Hearing Office for the DC Public Schools, 825 North Capitol Street, NE, 8th Floor, Washington, DC 20002; fax number 202/442-5556.

- Unless the other party agrees, the party requesting the due process hearing shall not be allowed to raise issues at the due process hearing that are not raised in this Due Process Complaint Notice. Therefore, please be thorough in providing the information requested.

- Prior to the opportunity for an impartial due process hearing, the Local Educational Agency (LEA) shall convene a meeting **(called a "Resolution Session")** with the parent(s) unless the parent(s) and the Local Educational Agency agree in writing to waive this meeting. You will be contacted by a representative of the Local Educational Agency to schedule the meeting. **The Student Hearing Office does NOT schedule resolution meetings**.

- Mediation is also available to all parties as an alternative to a resolution meeting or a Due Process Hearing.

## A.   INFORMATION ABOUT THE STUDENT:

Name of the Student: **Danzel Jackson**    Date of Birth: **4/7/94**
Address: **3341 DuBois Place, S.E., Washington, DC 20019**
Home School:  **Sousa Middle School**
Present School of Attendance: **Saint Benedict Catholic School**

Is this a charter school? No        (If yes, you must also provide a copy of this notice to the charter school principal or director)

Parent/Guardian of the Student: **Ms. Donetta Jackson**
Address (if different from the student's above): same

1

**B.**    **Legal Representative/Attorney:**

Name: <u>Roberta L. Gambale, Esq.  ( James Brown and Associates, PLLC)</u>
Address: <u>1220 "L" Street, Suite 700, Washington, DC 20005</u>
Phone: (w) <u>(202)742-2000 (ext. 2021)</u>  (Fax) <u>(202) 742-2098</u>  (e-mail) <u>Rgambale@jeblaw.biz</u>
Will attorney / legal representative attend the resolution session?        <u>X</u> Yes            ☐ No

**C.**    **Complaint Made Against (check all that apply):**

X  DCPS school (name of the school if different from page one)

**D.**    **Resolution Session Meeting Between Parent/Representative and LEA:**

I understand that it is my right to have a resolution meeting to resolve this complaint.  I also understand that I may voluntarily waive this right if I choose.  (Note:  All parties must agree to waive the resolution meeting to avoid having this meeting.)

The parent, by and through counsel, wishes to waive the Resolution Session Meeting for this process.

**E.**    **Mediation Process:**

IDEIA requires that any time a party requests a due process hearing, mediation should be offered at no cost to the parent.  Both parties can request mediation as an alternative to the Resolution Session Meeting or as an alternative to a Due Process Hearing.  Please check all that apply:

**I am requesting an administrative due process hearing <u>only</u>.**

**F.**    **Facts and Reasons for the Complaint:**

In accordance with the Individuals with Disabilities Education Improvement Act (IDEIA), please complete the following questions (attach additional pages if needed):

**I. Nature of the problem.**

  **1.**    **Failure to conduct initial evaluations in a timely manner/ child find**

  District of Columbia Public Schools ("DCPS") has failed to conduct initial evaluations for Danzel Jackson, DOB 4/7/94 despite having received a written request from the parent that was submitted to DCPS on or about May 20, 2005. The evaluation request letter was accompanied by a Consent for Evaluations form signed by the parent authorizing DCPS to conduct evaluations for her child.  The letter also advised DCPS that Danzel was registered in his neighborhood school, Sousa Middle School, as a non attending student but that he attended a private Catholic School in the area.  According to the parent, she was requesting that Danzel be evaluated for related and/or special education services based upon his difficulty retaining information and a history of learning disabilities in the family.  That the request was in fact received by the school is evidenced by the fact that a facsimile response was received from the Special Education Coordinator at Sousa Middle School.  To date, the evaluations have not been conducted and/or scheduled by the public agency.

SEID DPCN Rev'd. 7/01/05

The Individuals With Disabilities Education Improvement Act of 2004, Pub. L. No. 108-446, at Sec. 101, § 612(3)(A), requires DCPS, as the Local Education Agency and State Education Agency to ensure that:

> All children with disabilities residing in the State, including children with disabilities who are homeless children or are wards of the District and children with disabilities attending private schools, regardless of the severity of their disabilities, and who are in need of special education and related services, are identified, located, and currently receiving needed special education and related services.

The public agency's child find obligation is an affirmative one and specifically extends to students enrolled in private schools like Danzel.    Lincoln County Sch. Dist. .A .A., 39 IDELR 185 (D.Or. 2003).   Wise vs. Ohio Dept of Education, 80 F.3d. 177, 181 (6th Cir. 1996); Robertson County School System vs. King, 24 IDELR 1036 (6th Cir. 1996) (affirmative obligation on states and local school districts—not parents-to identify, locate and evaluate all children, including migrants and the homeless, with disabilities residing within the jurisdiction who have disabilities and are in need of special education or related services.) DCPS' unawareness of a student's possible disability and need for special education likewise will not relieve it of its obligation, if it should have suspected the student might have such a disability.  Reid vs. District of Columbia, 310 F. Supp 2d 137 (D.D.C. 2004); 30 DCMR Sec. 3004.1(a) (child with a suspected disability to be referred to IEP team by school staff.)  The proposed regulation at 34 C.F.R. 300.325(a)(1)(2) restate the statutory requirement and make it applicable to all children who are "suspected of being a child with a disability under Section 300.7 and in need of special education, even though they are advancing from grade to grade."  The IDEIA's sweeping child find requirement applies to all children residing in the District of Columbia regardless of:

(a)     The severity of the disability;
(b)     Whether the child is in the custody or under the jurisdiction of any public or private agency or institution;
(c)     Whether the child has never attended or will  never attend public school; and
(d)     Whether the District of Columbia serves infants and toddlers under Part C or preschool children under Part B.

In the case at hand, DCPS clearly failed to meet its child find obligation for  Danzel Jackson, DOB: 4/7/94.  Despite the request of the parent, evaluations have not been conducted and/or scheduled for this student in a timely manner.  As a result, this student has been denied a free and appropriate public education ("FAPE").

## II. Issues presented.

- Whether District of Columbia Public Schools ("DCPS") denied  Danzel Jackson FAPE by failing to conduct initial evaluations in a timely manner based upon the parent's written request and pursuant to its  child find obligation under the IDEIA and/or IDEA?

- Whether District of Columbia Public Schools ("DCPS") child find obligation extends to Danzel Jackson despite the fact that while residing in the District of Columbia he attends a private school?

3

III.  To the extent known to ___ at this time, how can this problem be r__  ___:

**WHEREFORE**, the parent, by and through counsel, requests the following relief:

1.  A finding that DCPS denied this student FAPE by failing to evaluate this student in a timely manner and pursuant to its child find obligation under the IDEIA and/or the IDEA;

2.  DCPS shall conduct and/or fund the following evaluations for the student: 1) psycho-educational; 2) social history; 3) speech and language and/or 4) a formal classroom observation;

3.  DCPS shall conduct and/or fund the following additional evaluation for the student should they be warranted and/or recommended in the above referenced assessments to include but not limited to: 1) occupational therapy ; 2) physical therapy; 3) psychiatric; 4) clinical; 5) neuropsychological; 6) audiological; and/or 7) functional behavioral assessment;

4.  That DCPS shall convene an MDT/IEP meeting within ten (10) calendar days of completion and/or receipt of the last independent evaluation for the student, at the student's present school of attendance unless otherwise agreed by the parent;

5.  That DCPS shall provide copies of all completed evaluation reports within 48 business hours prior to any meeting to be held on behalf of the student;

6.  That in the event that this student is determined to be eligible for services, DCPS shall provide compensatory education for all denials of a FAPE for the time period commencing September 20, 2005 to the date that the student's IEP is drafted and/or implemented;

7.  That DCPS shall fund up to five (5) hours of independent one-on-one tutoring and one hour of each related services recommended per week for the 2005/2006 school year and/or until such time as DCPS begins implementing the student's IEP at his current school of attendance;

8.  That DCPS agrees to pay counsel for the parent's reasonable attorney's fees in an amount not to exceed Four Thousand Dollars and Zero Cents ($4,000.00), as full payment of attorneys' fees and related costs incurred in the matter;

9.  All meetings shall be scheduled through counsel for the parent, Roberta L. Gambale, Esq., in writing, via facsimile, at 202-742-2097 or 202-742-2098;

10. Provide the student with a due process hearing within 20 calendar days of a request on any issue arising out of the noncompliance with the DCPS' obligation hereunder, or any disagreement with the assessment, programming or placement the parent may have;

11. In the event that the DCPS shall fail to comply with the terms herein, then under the Conciliation Agreement, the parent shall have the authority to use self help without further notice to the DCPS, and initiate an IEP with the DCPS' invited participation, and unilateral placement in an interim school or educational program until such time the DCPS can come into compliance and properly assess, program and/or participate;

4

reports and all educational records on the student no later than sixteen (16) business hours prior to the convening of any meeting;

13. 19.. The DCPS shall ensure that this student has available a Free and Appropriate Public Education including special education, transportation (5 DCMR 3000.3), and Other related services as are defined at 34 C.F.R. 300.24, designed to meet this student's unique needs and preparation for employment and independent living;

14. That DCPS within ten (10) calendar days of the filing of this complaint, pursuant to the Individuals with Disabilities Education Improvement Act of 2004, Pub. No. 108-446, Sec. 101, § 615(c)(2)(B), provide the parent's representative, Roberta L. Gambale, Esq., via facsimile, at 202-742-2097 or 202-742-2098, the following: i) an explanation of why DCPS proposed or refused to take the action raised in the complaint; ii) a description of other options that the IEP team considered and the reasons why those options were rejected, iii) a description of each evaluation procedure, assessment, record, or report the agency used as the basis for the proposed or refused action, and iv) a description of the other factors that are relevant to the agency's proposed or refused action;

15. That DCPS, in the event they fail to answer/respond to the issues alleged in the parent's administrative due process hearing complaint, within ten (10) calendar days, the arguments and facts as averred by the guardian will be deemed true and accurate and act as a waiver, on the part of DCPS, for their desire to have a Resolution Session Meeting, and the guardian's administrative due process hearing will be scheduled pursuant to the applicable timelines contained in the IDEIA;

16. That DCPS, within fifteen (15) calendar days of receiving the parent's complaint, pursuant to the Individuals with Disabilities Education Improvement Act of 2004, Pub. L. No. 108-446, Sec. 101, § 615(c)(2)(C), respond to the parent's request alleging any insufficiency of notice.

17. That DCPS' failure to comply with the Individuals with Disabilities Education Improvement Act of 2004, Pub. L. No. 108-446, Sec. 101, § 615(c)(2)(C), and allege any insufficiency of the administrative due process complaint, will constitute waiver on the part of DCPS to make such argument at any later date and time.

18. That DCPS, pursuant to the Individuals with Disabilities Education Improvement Act of 2004, Pub. L. No. 108-446, Sec. 101, § 615(f)(1)(B), within fifteen (15) calendar days of receiving the parent's administrative due process complaint, shall contact the parent's representative, in writing, via facsimile, at 202-742-2097 or 202-742-2098, to schedule and convene a Resolution Session Meeting;

19. That DCPS, pursuant to the Individuals with Disabilities Education Improvement Act of 2004, Pub. L. No. 108-446, Sec. 101, § 615(f)(1)(B), convene the Resolution Session Meeting, with the parent, the parent's representative, and all necessary/relevant members of the student's MDT/IEP Team that have specific knowledge about the child and the facts contained in the complaint. That the relevant members of the MDT/IEP Team that shall be present at the Resolution Session Meeting for the student shall include the following persons: 1) the student's special education teacher, 2) the student's regular education teacher, if applicable, 3) a representative of the local education agency with decision making authority, 4) a person who can interpret the data, 5) any person(s) who conducted any assessments on the student and/or would be qualified to conduct the evaluations requested in the parent's complaint.

5

20. That DCPS' failure to timely schedule and convene the Resolution Session Meeting within the timeframe identified according to the Individuals with Disabilities Education Improvement Act of 2004, Pub. L. No. 108-446, Sec. 101, § 615(f)(1)(B) constitute joint waiver between DCPS and the guardian to have such meeting and the forty-five (45) days timeline to schedule the student's administrative due process hearing and receive a timely decision will begin to run upon written notice, via facsimile, at 202-442-5556, to the DCPS Office of Student Hearings, by the parent's counsel; and

21. A finding that the parent is the prevailing party in this action.

## G.    **Accommodations and Assistance Needed**:

- N/A

Dated this 21st day of September, 2005

Roberta L. Gambale, Esq.,
James E. Brown & Associates, PLLC
1220 L Street, NW Suite 700
Washington, DC 20005
202-742-2021
Counsel for the Parent

**Mail, fax or deliver this complaint notice to:**
**State Enforcement and Investigation Division**
**For Special Education Programs (SEID)**
**Student Hearing Office (SHO)**
**825 North Capitol Street, NE, 8th Floor**
**Washington, DC  20002**
**Fax number: 202/442-5556**

6

James E. Brown
Domiento C.R. Hill ◊
Roberta Gambale
Miguel A. Hull
Christopher L. West
Juan J. Fernandez!
---------------------------------

*A Professional Limited Liability Company*
Attorneys at Law
1220 L Street, NW
Suite 700
Washington, DC 20005
Telephone: (202) 742-2000
Facsimile: (202) 742-2098
e-mail: Admin@Jeblaw.biz

Tilman L. Gerald
Roxanne D. Neloms
John A. Straus
Delores Scott McKnight
Marshall Lammers°

---------------------------------
! Admitted in Bolivia Only

# *FAX COVER SHEET*

DATE:     September 21, 2005

TO:     Sharon Newsome, Hearing Coordinator, Student Hearing Office, DCPS

PHONE:     202-442-4800

FAX NO:     202-442-5556

FROM:     Yamileth Amaya, Paralegal

Danzel Jackson
DOB: 4/7/94

NUMBER OF PAGES INCLUDING COVER SHEET: 7

COMMENTS: Please find attached the Due Process Complaint Notice for the above

mentioned student.

```
************************
***   TX REPORT   ***
************************


TRANSMISSION OK

TX/RX NO                 1965
CONNECTION TEL                      94425556
CONNECTION ID
ST. TIME             09/21 11:57
USAGE T              01'04
PGS. SENT                7
RESULT               OK
```

## JAMES E. BROWN & ASSOCIATES, PLLC

*A Professional Limited Liability Company*

| James E. Brown | Attorneys at Law | Tilman L. Gerald |
| Domiento C.R. Hill ◊ | 1220 L Street, NW | Roxanne D. Neloms |
| Roberta Gambale | Suite 700 | John A. Straus |
| Miguel A. Hull | Washington, DC 20005 | Delores Scott McKnight |
| Christopher L. West | Telephone: (202) 742-2000 | Marshall Lammers° |
| Juan J. Fernandez! | Facsimile: (202) 742-2098 | |
| | e-mail: Admin@Jeblaw.biz | |

! Admitted in Bolivia Only

# *FAX COVER SHEET*

DATE:        September 21, 2005

TO:          Sharon Newsome, Hearing Coordinator, Student Hearing Office, DCPS

PHONE:       202-442-4800

FAX NO:      202-442-5556

FROM:        Yamileth Amaya, Paralegal

             Danzel Jackson
             DOB: 4/7/94

NUMBER OF PAGES INCLUDING COVER SHEET: **7**

COMMENTS:  Please find attached the Due Process Complaint Notice for the above

mentioned student.

# District of Columbia Public Schools

## State Enforcement and Investigation Division

**Terry Michael Banks, Due Process Hearing Officer**
825 North Capitol Street, N.E.; Room 8076
Washington, D.C. 20002
(571) 437-7381
Facsimile: (202) 442-5556

RECEIVED
DEC 0 2 2005
STUDENT HEARING OFFICE

### Confidential

| | | |
|---|---|---|
| DENZEL JACKSON, STUDENT | ) | |
| | ) | |
| Date of Birth: April 7, 1994 | ) | Hearing Date: November 16, 2005 |
| | ) | |
| Petitioner, | ) | Complaint Filed: September 21, 2005 |
| | ) | |
| v. | ) | |
| | ) | Held at: 825 North Capitol Street, N.E. |
| DISTRICT OF COLUMBIA | ) | 8th Floor |
| PUBLIC SCHOOLS | ) | Washington, D.C. 20002 |
| | ) | |
| Respondent. | ) | |
| | ) | |
| Student Attending: | ) | |
| St. Benedict Catholic School | ) | |

2005 DEC -2 PM 4: 11
DC PUBLIC
SCHOOL SYSTEM

## HEARING OFFICER'S DECISION

| | |
|---|---|
| **Parents:** | Ms. Donetta Jackson, Mother<br>3341 DuBois Place, S.E.<br>Washington, D.C. 20019 |
| **Counsel for Petitioner:** | Roberta L. Gambale, Esquire<br>James E. Brown & Associates<br>1220 L Street, N.W.; Suite 700<br>Washington, D.C. 20005<br>(202) 742-2000, x2021; Fax: (202)742-2098 |
| **Counsel for DCPS:** | Michael D. Levy, Esquire<br>Office of the General Counsel, DCPS<br>825 North Capitol Street, N.E.<br>9th Floor<br>Washington, D.C. 20002 |

An index of names is attached hereto for the benefit of the parties. The index will permit the parties to identify specific witnesses and other relevant persons. The index is designed to be detached before release of this Decision as a public record.

# INDEX OF NAMES

| Child | Denzel Jackson |
|---|---|
| Child's Parent(s) (specific relationship) | Donetta Jackson, Mother |
| Child/Parent's Representative | Roberta L. Gambale, Esquire |
| School System's Representatives | Michael D. Levy, Esquire |
| Private /Religious Programs Liaison, DCPS | Gayle Hall |
| Special Education Coordinator | Robert Woodham, Sousa M.S. |
| Educational Advocate | Michelle Moody, James E. Brown & Assoc. |

**Jurisdiction**

      This hearing was conducted in accordance with the rights established under the Individuals With Disabilities Education Improvement Act of 2004 ("IDEA"), 20 U.S.C. Sections 1400 et seq., Title 34 of the Code of Federal Regulations, Part 300; Title V of the District of Columbia ("District" or "D.C.") Municipal Regulations ("DCMR"), re-promulgated on February 19, 2003; and Title 38 of the D.C. Code, Subtitle VII, Chapter 25.

**Introduction**

      Petitioner is a twelve year-old student attending St. Benedict Catholic School ("St. Benedict"). On September 21, 2005, Petitioner filed a *Due Process Complaint* ("*Complaint*") alleging that the District of Columbia Public Schools ("DCPS") had failed to identify Petitioner as a child with a disability. The due process hearing was convened on November 16, 2005. The parties' Five Day Disclosure Notices were admitted into evidence. DCPS moved to dismiss the *Complaint* on the grounds that pursuant to 34 C.F.R. Sections 300.403(a) and 300.450-462, Petitioner was voluntarily enrolled in a private school and not entitled to services from DCPS. DCPS argued further that Petitioner had not registered with DCPS as a non-attending student by the date of the filing of the *Complaint*. The hearing officer deferred ruling on DCPS' motion and left the record open until the close of business on November 23, 2005 for (1) Petitioner to submit documentation of registration, and (2) the parties to submit memoranda of points and authorities on the issue of Petitioner's entitlement to services as a private school student. Neither attorney submitted additional documentation nor a memorandum.

**Witnesses for DCPS**

      Gayle Hall, Private/Religious Programs Liaison, DCPS
      Robert Woodham, Special Education Coordinator, Sousa M.S.

**Witnesses for Petitioner**

      Petitioner's Mother
      Michelle Moody, Educational Advocate, James E. Brown & Associates

**Findings of Fact**

      1. Petitioner is a twelve year-old student attending St. Benedict.[1]

---

[1] *Complaint* at 1.

2. Petitioner's mother went to Sousa to enroll Petitioner as a non-attending student in May 2005. She provided evidence of her welfare eligibility to prove her residence in the District.[2]

3. On May 20, 2005, Petitioner's counsel wrote to the Principal at Sousa Middle School ("Sousa"), Petitioner's home school, requesting that Petitioner be evaluated to determine his eligibility for special education services.[3]

4. On October 24, 2005, DCPS convened a Resolution Session Meeting in which DCPS agreed to conduct testing for Petitioner and his brother.[4] There was no discussion of Petitioner's need to register as a non-attending student.[5]

5. Petitioner was enrolled as a non-attending student at Sousa on November 2, 2005. Sousa has no record that Petitioner was enrolled before this date.[6]

**Conclusions of Law**

1. DCPS' motion to dismiss is based on (1) Petitioner's failure to register at Sousa prior to requesting special education services, (2) Petitioner's failure to register at the DCPS Care Center prior to requesting services, and (3) 34 C.F.R. Section 300.403(a):

> This part does not require an LEA to pay for the cost of education, including special education and related services, of a child with a disability at a private school or facility if that agency made FAPE available to the child and the parents elected to place the child in a private school or facility.

34 C.F.R. Section 300.403(a) does not apply in Petitioner's case as DCPS never made FAPE available to Petitioner. Moreover, the hearing officer concludes that it would be inequitable to dismiss this action on the basis of Petitioner's failure to register.

First, Even if I were to disbelieve Petitioner's mother's testimony that she attempted to register Petitioner at Sousa in May 2005, which I do not, Petitioner's counsel made a written request for the initiation of childfind procedures on May 20, 2005. At this point DCPS had an obligation to respond to Petitioner's counsel in some way. It not only failed to notify Petitioner's counsel of any alleged registration deficiencies, it failed to respond to the request in any way.

Second, the purpose of the registration requirement is to put DCPS on notice of a desire for educational services and to ensure that the student is a resident of the District.

---

[2] Testimony of Petitioner's mother.
[3] Petitioner's Exhibit No. 4.
[4] DCPS Exh. No. 3.
[5] Testimony of Mr. Woodham.
[6] Testimony of Mr. Woodham.

DCPS was put on notice no later than May 20, 2005 that Petitioner desired special education services. Petitioner's status as a resident of the District is not controverted.

Third, upon the filing of the *Complaint*, DCPS was required to file a response to the Complaint within ten days of receipt thereof, providing a detailed explanation of the agency's proposal or refusal to take the action raised in the Complaint, unless the agency has sent a prior written notice to the parent regarding the subject matter contained in the Complaint.[7] DCPS has issued no prior notice to the parent. Therefore, DCPS was obligated to file a response satisfying the requirements of 20 U.S.C Section 1415(c)(2)(B)(i)(I) within ten days of receipt of the *Complaint*. It did not do so. If it intended to raise Petitioner's non-registration or non-residence as a defense, DCPS should have done so in a timely response to the Complaint.

Fourth, DCPS participated in a Resolution Session Meeting with Petitioner's mother on October 24, 2005. Again, DCPS failed to raise Petitioner's registration or residence as an issue.

Fifth, DCPS contends that Petitioner should have registered at the DCPS Care Center. In support of this contention, DCPS cites the *District of Columbia Public Schools, Office of Special Education Statement of Services Agreement for Private-Religious Schools*.[8] However, Petitioner was not a party to this agreement, and DCPS offered no evidence as to the communication of the existence of the agreement to the public. Thus, as far as this hearing officer is concerned, an attempt to register a child in a private school as a non-attending student of DCPS at that child's DCPS home school would satisfy the registration requirement.

For all of these reasons, the hearing officer concludes that Petitioner provided DCPS ample notice of Petitioner's desire for special education services. DCPS waited until the hearing to raise the issue of registration for the first time. The hearing officer concludes that it would be inequitable to dismiss the *Complaint* on the grounds of Petitioner's non-registration under the circumstances described in the preceding paragraphs.

2. DCPS denied Petitioner a free appropriate public education by failing to complete childfind procedures within a reasonable period of time after the May 20, 2005 request.[9]

3. Petitioner is the prevailing party in this proceeding.

---

[7] 20 U.S.C. §1415(c)(2)(B)(i)(I). The statute imposes specific requirements as to the contents of the agency's response.

[8] DCPS Exh. No. 1.

[9] *See* D.C. Code §38-2501(a) that requires childfind evaluations to be completed within 120 days of the referral for evaluation. By the date of the hearing, DCPS had not scheduled an eligibility meeting, six months after the May 20, 2005 request by Petitioner's counsel.

## ORDER

Upon consideration of Petitioner's requests for a due process hearing, the parties' Five Day Disclosure Notices, the testimony presented at the hearing, and the representation of the parties counsel at the hearing, this 2nd day of December 2005 it is hereby

**ORDERED**, that on or before December 23, 2005 DCPS shall complete all necessary childfind evaluations of Petitioner and convene a Multidisciplinary Team ("MDT") meeting. DCPS shall coordinate scheduling the MDT meeting, and any meeting in which Petitioner's placement is discussed or determined, through Petitioner's counsel, Roberta L. Gambale, Esquire,(202) 742-2000. The MDT shall review all current evaluations and determine Petitioner's eligibility for special education services. If the MDT determines that Petitioner is not eligible, it shall issue a Notice of Ineligibility. If the MDT determines that Petitioner is eligible, it shall develop an IEP, discuss placement alternatives, and discuss the need for compensatory education services.

**IT IS FURTHER ORDERED**, that DCPS shall afford Petitioner's parent an opportunity to participate in any meeting in which Petitioner's placement is discussed or determined. The DCPS placement representative shall advise Petitioner's parent of the advantages and disadvantages for Petitioner with respect to each school that is discussed, including any schools proposed by the parent. DCPS shall provide Petitioner's parent an explanation for the placement DCPS proposes, and the reasons for the proposal shall be provided in the Meeting Notes. DCPS shall issue a Prior Notice within seven days of the MDT meeting if Petitioner is placed in a public facility or within 30 days if Petitioner is placed in a private facility.

**IT IS FURTHER ORDERED**, that in the event of DCPS' failure to comply with the terms of this Order, Petitioner's counsel will contact counsel for DCPS and the DCPS Office of Mediation & Compliance to attempt to bring the case into compliance prior to filing a hearing request alleging DCPS' failure to comply. [10]

**IT IS FURTHER ORDERED**, that any delay in meeting any of the deadlines in this Order because of Petitioner's absence or failure to respond promptly to scheduling requests, or that of Petitioner's representatives, will extend the deadlines by the number of days attributable to Petitioner or Petitioner's representatives. DCPS shall document with affidavits and proofs of service for any delays caused by Petitioner or Petitioner's representatives.

**IT IS FURTHER ORDERED**, that this Order is effective immediately.

---

[10] If DCPS fails to contact counsel for Petitioner to coordinate scheduling the MDT meeting by a date that would make compliance with this Order feasible, the hearing officer expects Petitioner's counsel to initiate telephone calls and electronic correspondence to attempt to effect compliance within the timelines set out herein.

**Notice of Right to Appeal Hearing Officer's Decision and Order**

This is the final administrative decision in this matter. Any party aggrieved by the findings and/or decision may bring a civil action in any state court of competent jurisdiction or in a district court of the United States without regard to the amount in controversy, in accordance with 20 U.S.C. Section 1415(i)(2)(A) within thirty days of the entry of the Hearing Officer's Decision.[11]

Terry Michael Banks
Hearing Officer

Date:   December 2, 2005

Issued: _12-06-05_

Copies to:

Roberta L. Gambale, Esquire
James E. Brown & Associates
1220 L Street, N.W.; Suite 700
Washington, D.C. 20005
(202) 742-2000, x2021; Fax: (202)742-2098

Michael D. Levy, Esquire
Office of the General Counsel, DCPS
825 North Capitol Street, N.E.
9th Floor
Washington, D.C. 20002

---

[11] *See Amman v. Town of Stow*, 991 F.2d 929, 931(1st Cir. 1993) (since the IDEA does not set a time limit for lawsuits brought under its terms, the district court must "borrow" the most analogous statute of limitations under state law); *Spiegler v. District of Columbia*, 866 F.2d 461, 463-64 (D.C. Cir. 1989)(borrowing a 30-day limitations period for review of agency orders and applying it to an appeal from a decision under the predecessor to IDEA). In the District of Columbia, the Rules of the Board of Education do not prescribe a time limit for bringing the civil action authorized by the IDEA and the Board's Regulations, 5 D.C.M.R. Section 3032.5. The D.C. Administrative Procedures Act defers to the District of Columbia Court of Appeals to set the limitation period for filing an appeal from a final agency action. D.C. Code §2-510(a). Under the Court's rules, a petition for review of an agency order must be filed within thirty days. D.C. Ct. App. Rule 15(a).

7



# District of Columbia Public Schools

### OFFICE OF GENERAL COUNSEL
825 North Capitol Street NE, 9ᵗʰ Floor
Washington, DC 20002-1994
Phone - 202-442-5000, Fax – 202-442-5098

### APPLICATION FOR PAYMENT OF ATTORNEY FEES AND COSTS
### PURSUANT TO THE INDIVIDUALS WITH DISABILITIES EDUCATION ACT

1.  **Attorney Information**
    Law Firm:                    JAMES E. BROWN & ASSOCIATES, PLLC
    Attorney:                    JAMES E. BROWN
    Federal Tax ID No.:          52-1500760
    D.C. Bar No.:                61622

2.  **Student Information**
    Name:                        Denzel Jackson
    DOB:                         4/7/94
    Date of Determination (HOD/SA):  12/5/05
    Parent/Guardian Name:        Donetta Jackson
    Parent/Guardian Address:     3341 DuBois Pl., SE, WDC 20019
    Current School:              St. Benedict Catholic School
    Home School:                 St. Benedict Catholic School

3.  **Invoice Information**
    Invoice Number:              06-009
    Date Request Submitted:      1/12/06
    Date(s) Services Rendered    5/23/05 to 12/7/05
    Amount of Payment Request    $ 6,776.17

4.  **Certification (must be signed by principal attorney)**

I certify that all of the following statements are true and correct:

- all services listed on the enclosed invoices were actually performed;
- the entire amount requested on the enclosed invoice for payment of costs and expenses represents the actual amount of costs and expenses incurred;
- the District of Columbia Public Schools is the sole entity from which payment of the fees, costs and expenses itemized on the enclosed invoice is requested;
- no attorney or law firm who either  (1) provided services listed on the enclosed invoice, or (2) will benefit from any monies paid as a result of the submission of the enclosed invoice, has a pecuniary interest, either through an attorney, officer or employee of the firm, in any special education diagnostic services, schools, or other special education service providers;
- I understand that the making of a false statement to an agency of the DC Government is punishable by criminal penalties pursuant to D.C. Code §22-2405.

_James E Brown_                                    January 12, 2006
Signature                                          Date

# LEGEND

### ATTORNEYS

| | |
|---|---|
| JEB | James E. Brown, Esq. |
| DH | Domiento Hill, Esq. |
| CW | Christopher West, Esq. |
| BM | Brenda McAllister, Esq. |
| RG | Roberta Gambale, Esq. |
| MH | Miguel Hull, Esq. |
| RR | Rachel Rubenstein, Esq. |
| JF | Juan Fernandez, Esq. |
| CB | Christina Busso, Esq. |
| JS | John Straus, Esq. |
| RN | Roxanne Neloms, Esq. |
| TG | Tilman Gerald, Esq. |
| DSM | Delores Scott McKnight, Esq. |
| ML | Marshall Lammers, Esq. |

### PARALEGALS and LAW CLERKS

| | |
|---|---|
| AAG | Aracelly A. Gonzalez |
| DP | David Proctor |
| BDL | Blanca De La Sancha |
| SB | Sara Benkharafa |
| WB | Williams Bautista |
| YA | Yamileth Amaya |
| CMM | Claudia M. Martinez |
| HR | Heidi Romero |
| KD | Kelly Dau |
| MT | Michele Torry, BA, L. Cert. |
| TB | Tamika Beasley |

### ADVOCATES

| | |
|---|---|
| MM | Michelle Moody, MA |
| CS | Cheron Sutton-Brock, MA |
| KC | Kevin Carter, MA |
| SM | Sharon Millis, M. Ed. |
| CM | Carolyn Monford, MA |
| GMH | Garfield Mark Holman, MA |
| RB | C. Robin Boucher, Ph.D. |
| TS | Tamieka A. Skinner, MA |
| CP | Carrie Pecover, MA |
| CG | Cornesha Griffin, MS |
| WD | William Daywalt, M. Ed. |
| DD | Donte Davis |
| CF | Carlos Fernandez, MA,JD |

### OUT OF POCKET COSTS

| | |
|---|---|
| FAX | Facsimile @ $1.00 per page |
| COP | Reproduction @ $0.25 per page |
| TRN | Transportation @ actual taxi cost |
| TEL | Long Distance Telephone @ actual cost |
| PAR | Parking @ actual cost |
| MES | Messenger/Express Mail @ actual cost |
| POS | Postage @ actual cost |

James E. Brown & Associates, PLLC
A Professional Limited Liability
Company
1220 L Street, NW Suite 700
Washington, DC  20005

Invoice submitted to:
Danzel Jackson
Donnetta Jackson
3341 Dubbis Place, SE
Washington DC 20019

January 06, 2006
In Reference To:    Danzel Jackson
                    DOB: 4/7/94
                    School: St. Benedict The Moor
                    Home School: Sousa JHS

Invoice #11173

Professional Services

|  |  | Hrs/Rate | Amount |
|---|---|---|---|
| 5/23/2005 RG | Drafted letter to DCPS / Attorney- request for evals and records | 0.75 365.00/hr | 273.75 |
| AAG | Drafted letter to parent | 0.64 110.00/hr | 70.40 |
| 5/24/2005 YA | Draft letter to Sousa MS,Office of General Counsel, Mediation and Compliance and  supervisors of records re: request Initial Evaluations | 0.42 110.00/hr | 46.20 |
| 5/30/2005 MM | File review and developed  monthly case status report and documented latest communication with school and parent and next step. | 0.58 185.00/hr | 107.30 |
| 6/6/2005 YA | Research educational needs re, request for records to private school | 0.42 110.00/hr | 46.20 |
| YA | Telephone call to private school (Saint Benedict School) re, request for records | 0.25 110.00/hr | 27.50 |
| YA | Drafted letter requesting records from Saint Benedict School | 0.67 110.00/hr | 73.70 |

Danzel Jackson                                                                                              Page    2

|  |  |  | Hrs/Rate | Amount |
|---|---|---|---|---|
| 7/1/2005 | MM | File review and developed  monthly case status report developed report regarding latest communication with the school and the parent and what needs to be done next | 0.58 185.00/hr | 107.30 |
| 8/24/2005 | MM | File review and developed  monthly case status report | 0.75 185.00/hr | 138.75 |
| 9/19/2005 | RG | Reviewed status begin prep of HR | 0.75 365.00/hr | 273.75 |
| 9/21/2005 | RG | Completed and filed due process hearing request | 1.25 365.00/hr | 456.25 |
|  | YA | Assisted attorney with Hearing Complaint to Student Hearing Office | 0.25 110.00/hr | 27.50 |
|  | YA | Drafted letter to parent re, Hearing Request | 0.58 110.00/hr | 63.80 |
| 9/23/2005 | YA | Tickle resolution meeting | 0.17 110.00/hr | 18.70 |
| 9/27/2005 | AAG | Reviewed advocate's report, file review and discussion with attorney Brown | 0.25 110.00/hr | 27.50 |
|  | JEB | Reviewed advocate's report and discused with paralegal | 0.25 385.00/hr | 96.25 |
| 10/5/2005 | MM | File review and developed  monthly case status report and documented latest information and last communication with parent and school letters and phone calls.  Also documented the latest things to be done on case. | 0.42 185.00/hr | 77.70 |
| 10/11/2005 | RG | Conference with parent | 0.33 365.00/hr | 120.45 |
| 10/14/2005 | AAG | Reviewed advocate's report (10/05), discussed with attorney Brown and  file review | 0.38 110.00/hr | 41.80 |
|  | JEB | Reviewed advocate's report (10/05), discussed with paralegal | 0.38 385.00/hr | 146.30 |
|  | RG | Conference with parent | 0.17 365.00/hr | 62.05 |

**Danzel Jackson**                                                                                   **Page    3**

|  |  |  | Hrs/Rate | Amount |
|---|---|---|---|---|
| 10/14/2005 | MM | Drafted letter to school | 0.33<br>185.00/hr | 61.05 |
| 10/24/2005 | RG | Conference with parent and reviewed dates and deadlines and instructed paralegal | 0.50<br>365.00/hr | 182.50 |
|  | YA | Tickled deadline for five day disclosure | 0.17<br>110.00/hr | 18.70 |
|  | YA | Drafted letter to parent re, Hearing Date Notice | 0.58<br>110.00/hr | 63.80 |
| 10/25/2005 | MM | File review and developed  monthly case status report and documented most recent information and communication with the school and parent and  outlined what needs to be done next. | 0.25<br>185.00/hr | 46.25 |
|  | MM | Drafted letter to private school | 0.50<br>185.00/hr | 92.50 |
| 10/31/2005 | YA | Discussion with advocate re, Hearing Officer's Determination | 0.17<br>110.00/hr | 18.70 |
|  | YA | Draft letter to Sousa Middle School re, Hearing Officer's Determination | 0.17<br>110.00/hr | 18.70 |
|  | RG | Drafted letter to DCPS to follow up on evaluations scheduled by DCPS | 0.42<br>365.00/hr | 153.30 |
|  | MM | Reviewed information for mdt | 0.50<br>185.00/hr | 92.50 |
| 11/1/2005 | MM | Attended MDT/IEP @ school | 2.00<br>185.00/hr | 370.00 |
|  | MM | Discussion with paralegal re, meeting | 0.33<br>185.00/hr | 61.05 |
|  | YA | Assist attorney with letter to parent re, follow up on evaluations | 0.33<br>110.00/hr | 36.30 |
|  | YA | Discussion with advocate re, meeting | 0.33<br>110.00/hr | 36.30 |
| 11/3/2005 | MM | File review and developed  monthly case status report | 0.33<br>185.00/hr | 61.05 |

Danzel Jackson                                                                          Page    4

|  |  | | Hrs/Rate | Amount |
|---|---|---|---|---|
| 11/7/2005 | RG | Prepare disclosure to DCPS | 1.00<br>365.00/hr | 365.00 |
| 11/8/2005 | RG | Discussion with paralegal re: added documents to include in disclosures | 0.25<br>365.00/hr | 91.25 |
|  | YA | Assist attorney to prepare disclosure to DCPS, Student Hearing Office and Office of General Counsel | 1.50<br>110.00/hr | 165.00 |
| 11/15/2005 | RG | Prepared for Due Process Hearing; pre-hearing conference with mom | 1.50<br>365.00/hr | 547.50 |
|  | MM | Prepared for Due Process Hearing | 1.50<br>185.00/hr | 277.50 |
| 11/16/2005 | RG | Appearance to 825 North Capital for due process hearing and post hearing discussion and call w mom | 1.50<br>365.00/hr | 547.50 |
|  | MM | Appearance to 825 North Capital for due process hearing | 1.50<br>185.00/hr | 277.50 |
| 11/17/2005 | MM | File review and developed  monthly case status report | 0.25<br>185.00/hr | 46.25 |
| 11/21/2005 | RG | Prepared and file  memorandum to HO & call to mom re: status | 0.75<br>365.00/hr | 273.75 |
| 11/23/2005 | YA | Assisted attorney to prepare Petitioner's to DCPS and Hearing Officer Bank | 1.00<br>110.00/hr | 110.00 |
| 12/5/2005 | RG | Conference with parent and leter to school to adise them to schedule through our office | 0.33<br>365.00/hr | 120.45 |
| 12/7/2005 | YA | Drafted letter to parent re, detailed Hearing Officer's Determination | 0.58<br>110.00/hr | 63.80 |
|  |  | For professional services rendered | 28.81 | $6,501.35 |

Additional Charges :

| | | | |
|---|---|---|---|
| 5/23/2005 | Postage; letter to parent | | 0.37 |
|  | Copied documents | | 0.50 |
| 5/24/2005 | Facsimile- request records and initial | | 7.00 |

**Danzel Jackson**                                                                                   Page    5

<u>Amount</u>

| | | |
|---|---|---:|
| 5/24/2005 | Facsimile- request records and initial | 7.00 |
| | Facsimile- request records and initial | 7.00 |
| 6/6/2005 | Facsimile- request records | 4.00 |
| 9/21/2005 | Copied: HR for parent. | 0.25 |
| | Facsimile: HR to SHO. | 7.00 |
| | Postage; letter to parent re: HR. | 0.60 |
| | Copied: HR for parent. | 0.25 |
| | Copied: HR for parent and advocate. | 3.50 |
| 9/27/2005 | Copied documents(Parent-Scheduling memo) | 0.75 |
| 10/24/2005 | Postage; letter to parent re: HDN. | 0.37 |
| 10/31/2005 | Facsimile HR to Sousa MS | 7.00 |
| 11/8/2005 | Messenger Service to and from DCPS (5-day Disclosures) | 20.00 |
| | Copied: disclosure for SHO, OGC and attorney. | 36.75 |
| 11/23/2005 | Messenger Service to and from DCPS (Petitioner's Memorandum) | 20.00 |
| | Copied: Petitioner's memo for hearing officer. | 39.00 |
| | Facsimile petitioner memo. to OGC. | 8.00 |
| 12/6/2005 | Copied: HOD letter for parent, adv, atty and file. | 8.00 |
| 12/7/2005 | Postage; letter to parent re: HOD. | 0.60 |
| | File review preparation of bill and invoice audit | 96.88 |
| | Total costs | $274.82 |
| | Total amount of this bill | $6,776.17 |