# EXHIBIT 14

**Corrected copy.  Previous copy did not have parent's correct name.**

*State Education Agency for the District of Columbia*
*State Enforcement and Investigation Division (SEID)*
*Special Education Programs*



# *ADMINISTRATIVE DUE PROCESS COMPLAINT NOTICE*

- The form is used to give notice of a due process complaint to the **District of Columbia Public Schools, District of Columbia Public Charter Schools (DCPS or LEA) and/or parents** with respect to any matter relating to the identification, evaluation, or educational placement of a child with a disability, or the provision of a free appropriate public education to that child.  <u>A party may not have a due process hearing until the party, or the attorney representing the party, files a notice that meets the requirements of the Individuals with Disabilities Education Improvement Act (IDEIA).</u>

- The due process complaint must describe an alleged violation that occurred not more than two (2) years before the date that the parent or school system knew or should have known about the alleged action that is the basis of the complaint.

- Notice must be provided to the Student Hearing Office for the DC Public Schools, 825 North Capitol Street, NE, 8th Floor, Washington, DC 20002; fax number 202/442-5556.

- <u>Unless the other party agrees, the party requesting the due process hearing shall not be allowed to raise issues at the due process hearing that are not raised in this Due Process Complaint Notice.</u>  Therefore, please be thorough in providing the information requested.

- Prior to the opportunity for an impartial due process hearing, the Local Educational Agency (LEA) shall convene a meeting **(called a "Resolution Session")** with the parent(s) unless the parent(s) and the Local Educational Agency agree in writing to waive this meeting.  You will be contacted by a representative of the Local Educational Agency to schedule the meeting.  **The Student Hearing Office does NOT schedule resolution meetings**.

- Mediation is also available to all parties as an alternative to a resolution meeting or a Due Process Hearing.

## A.    INFORMATION ABOUT THE STUDENT:

Name of the Student:  Tamika Jacobs        Date of Birth: October 13, 1992

Address: 2613 Douglas Rd., SE, #302, Washington, D.C. 20020 _____

Present School of Attendance:              Sousa Middle School _____

Neighborhood School where child is registered:    P.R. Harris _____

Parent/Guardian of the Student: __ Chervelle Jacobs _____

## B.    Legal Representative/Attorney (if applicable):

Name:   __ Miguel A. Hull, Esq. _____

Address: _____ 1220 L Street, NW, Suite 700, Washington, DC 20005 _____

Phone: (w) _202-742-2000_ (Fax) _202-742-2097_ (e-mail) _____

Will attorney / legal representative attend the resolution session?    **X** Yes    ☐ No

## C.    Complaint Made Against (check all that apply):

**X** DCPS

☐ Charter school (name of the charter school if different from page one)_____

☐ Non-public school or residential treatment facility (name)

_____

☐ Parent

## D.    Resolution Session Meeting Between Parent and LEA:

I understand that it is my right to have a resolution meeting to resolve this complaint. I also understand that I may voluntarily waive this right if I choose. (Note: All parties must agree to waive the resolution meeting to avoid having this meeting.)

**X** I wish to waive the Resolution Session Meeting

## E.    Mediation Process:

IDEIA requires that any time a party requests a due process hearing, mediation should be offered at no cost to the parent. Both parties can request mediation as an alternative to the Resolution Session Meeting or as an alternative to a Due Process Hearing. Please check all that apply:

**I am requesting an administrative due process hearing only at this time.**

## F.    Facts and Reasons for the Complaint:

### I.    Nature of the Problem.

2

Tamika Jacobs is an twelve-year-old student at Sousa Middle School in the District of Columbia. According to her most recent Individualized Educational Program ("IEP"), dated April 7, 2005, she is classified as mentally retarded and is entitled to twenty-five hours per week of specialized instruction; half an hour per week of psychological counseling; and one hour per week of speech and language therapy. See IEP 4/7/05. Tamika's previous IEP, dated January 28, 2004, entitled her to receive twenty-three and half hours per week of specialized instruction; half an hour per week of psychological counseling; and an hour per week of speech and language therapy. See IEP 1/28/04. An addendum to the January 28, 2004 IEP, dated May 7, 2004, changed the counseling from half an hour per week to a full hour per week. See IEP Addendum 5/7/04. The parent now respectfully brings the following claims against District of Columbia Public Schools ("DCPS"):

1. **Inappropriate MDT/IEP team at meeting on April 7, 2005**. A student's IEP is to be reviewed at least annually by an appropriate team consisting of: the student's regular and special education teachers, a representative of the public agency qualified to supervise the provision of services, and individuals qualified to interpret the instructional implications of evaluation results. Individuals with Disabilities Education Improvement Act (2004) ("IDEIA") Pub. L. No. 108-446 Sec. 101, § 614 (d) (1) (B) and § 614 (d) (4) (A) (i); 34 C.F.R. § 300.343 (c) (1) and § 300.344 (a); D.C. Mun. Regs. tit. 5 §§ 3003 and 3008. In this case the team that conducted the annual review of Tamika's IEP on April 7, 2005, consisted of only two individuals, the parent and Karen Adkins, a special education teacher at the school. There was no one present to discuss the educational implications of Tamika's evaluation results, there was no one present from the public agency qualified to supervise the provision of services, there was no one present to discuss speech and language therapy or psychological counseling. The failure to convene the meeting with the proper team members present resulted in academic harm to Tamika [see below].

2. **Inappropriate IEP:**
   a. **Failure to include goals and objectives in IEP pertaining to student's speech and language and social emotional needs**. According to Tamika's IEP dated April 7, 2005, she is entitled to receive speech and language therapy and psychological counseling. The IEP itself, however, does not contain any goals or objectives pertaining to those areas of need. Individuals with Disabilities Education Improvement Act (2004) ("IDEIA") Pub. L. No. 108-446 Sec. 101, § 614 (d) (1) (A) (II); 34 C.F.R. § 300.347 (a) (2); and D.C. Mun. Regs. tit. 5 § 3009.1 (c).
   b. **Failure to include any statements of present levels of functioning in IEP dated April 7, 2005.** According to the applicable law, an IEP must contain a statement of the student's present levels of academic functioning including a statement as to **how** the student's disability impacts their progress in the general curriculum. Individuals with Disabilities Education Improvement Act (2004) ("IDEIA") Pub. L. No. 108-446 Sec. 101, § 614 (d) (1) (A) (I) (i); 34 C.F.R. § 300.347 (a) (1); and D.C. Mun. Regs. tit. 5 § 3009.1 (a). In this case, the IEP developed on April 7, 2005 contains no such statements.

3

c. **Failure to include statement in IEP regarding to what extent student will not participate with non-disabled students in regular class**. According to the applicable law, an IEP must contain a statement as to what extent the student will not participate in regular class activities with non-disabled peers. Individuals with Disabilities Education Improvement Act (2004) ("IDEIA") Pub. L. No. 108-446 Sec. 101, § 614 (d) (1) (A) (V); 34 C.F.R. § 300.347 (a) (4); and D.C. Mun. Regs. tit. 5 § 3009.1 (e). In this case, there is no such statement contained in Tamika's IEP developed on April 7, 2005. Specifically, section XIII of the IEP where such a statement typically appears is blank in Tamika's case.

3. **Inappropriate reduction in amount of psychological counseling**. The IEP developed on April 7, 2005, only entitles Tamika to a half an hour of psychological counseling per week, while an addendum to her IEP, dated May 7, 2004, entitled her to a full hour of psychological counseling per week. There is no information in the notes from the April 7, 2005 MDT meeting, to support the reduction in services. The parent believes that this reduction in services as a consequence of DCPS's failure to ensure the presence of an appropriate team at the April 7, 2005 MDT meeting [see above].

4. **Failure to provide parent with IEP report cards**. According to the applicable law, a public agency must provide the parent with some form of reports as to how the child has progressed toward the annual goals in the IEP, and these reports must be provided at least as often as parents are informed of the progress of their non-disabled children. See Individuals with Disabilities Education Improvement Act (2004) ("IDEIA") Pub. L. No. 108-446 Sec. 101, § 614 (d) (1) (A) (III); 34 C.F.R. § 300.347 (a) (7); and D.C. Mun. Regs. tit. 5 § 3009.1 (i). In this case, the parent has only received regular report cards through out the 2004-05 school year but has not received any reports as to how the student has progressed towards her annual goals. This failure to provide the parent with the IEP progress reports has resulted in harm to the student in that it has prevented the parent from meaningfully participating in her child's educational planning. See Hoing v. Doe, 484 U.S. 305, 327 (1988) (In Hoing the Supreme Court of the United States concluded that the clear intent of Congress was to make parental involvement the cornerstone of the process under the IDEA. In so finding, the Court stressed the importance of a parent's right to be notified of each step of a child's educational development: "Envisioning the IEP as the centerpiece of the statute's education system for disabled children, and aware that schools had all too often denied such children appropriate educations without in any way consulting the parents; Congress repeatedly emphasized through the Act the importance and indeed the necessity of parental participation in both the development of the IEP and any subsequent assessments of its effectiveness. Accordingly, the Act establishes various procedural safeguards that guarantee parents both an opportunity for meaningful input into all decisions affecting their child's education and the right to seek review of any decision they think inappropriate." Id. at 311-12); Burlington School Comm. v. Massachusetts Dept. of Education, 471 U.S. 359, 373 (1985); Zvl D. By Shirley D. v. District of Columbia Public Schools, 828

4

F. Supp. at 88-89; <u>Nikita Petties, et. al. v. The</u> District of Columbia Public Schools, Civil Action No. 95-0148; and <u>D.C.Mun. Regs tit. 5 § 3024.</u>

5. **Failure to provide related services during the 2004-05 school year.** Tamika was entitled to receive an hour per week of psychological counseling and an hour per week of speech and language therapy. <u>IEP 1/28/05 and IEP Addendum 5/7/05.</u> However, DCPS inappropriately failed to provide her with any of these services during the entire 2004-05 school year.

6. **Failure to conduct functional behavioral assessment**. According to the applicable law, a public agency is required to assess a student in all areas of suspected disability and the assessments are to be sufficiently comprehensive so as to identify all of the student's needs. <u>Individuals with Disabilities Education Improvement Act (2004) ("IDEIA") Pub. L. No. 108-446 Sec. 101, § 614 (b) (3) (B) & (C); 34 C.F.R. § 300.5327 (g) & (h); and D.C. Mun. Regs. tit. 5 § 3009.5 (g) & (h)</u>. In this case, Tamika began to exhibit behavioral problems at school in or about December 2004 consisting of fights with other students. The parent now asserts that these behavioral problems at school were in and of themselves sufficient to have required DCPS to conduct a functional behavioral assessment. <u>See</u> <u>Id</u>.

7. **Inappropriate placement at Sousa Middle School**. The parent asserts that Sousa Middle School is not appropriate for Tamika due to, among other things:

   a. the school's gross failure or inability to provide Tamika with her counseling or speech and language therapy during the 2004-05 school year;

   b. Tamika is mentally retarded, yet the program at Sousa is not geared towards educating students with that disability classification and an investigation by the parent reveals that none of Tamika's current teachers are certified to teacher a mentally retarded student;

   c. the school's gross failure or inability to convene a proper MDT meeting [see above];

   d. the school's gross failure or inability to develop goals and objectives for Tamika's current IEP in the areas of speech and language and psychological counseling;

   e. the inappropriate manner in which Tamika's psychological counseling was reduced at the April 7, 2005 MDT meeting; and

   f. the complete failure of inability to include statements of present levels of functioning for any areas in the current IEP.

## II. Issues presented.

1. Whether the MDT meeting convened by DCPS on April 7, 2005 inappropriately failed to include the necessary team members?

2. Whether the IEP developed on April 7, 2005 is appropriate?

   a. failure to include goals and objectives for speech and language and social emotional needs;

   b. inappropriate level of psychological counseling;

5

    c.    failure to include any statements of present level of functioning; and among other things

    d.    failure to include statement in IEP regarding to what extent student will not participate with non-disabled students in regular class.

3. Whether DCPS inappropriately failed to provide the parent with any IEP progress reports during the entire 2004-05 school year?
4. Whether during the 2004-05 school year, DCPS inappropriately failed to provide Tamika with the speech and language and psychological counseling called for by her IEP?
5. Whether DCPS inappropriately failed to conduct a functional behavioral assessment upon her somewhat abrupt increase in behavioral problems at school beginning in or about December 2004?
6. Whether Tamika's placement at Sousa Middle School is appropriate?

### III.  Relief Sought.

1. a finding that the MDT meeting convened by DCPS on April 7, 2005 inappropriately failed to include necessary team members [i.e. speech and language therapist, psychologist, regular education teacher, school system representative];

2. a finding that the IEP developed on April 7, 2005 is inappropriate;
   - failure to include goals and objectives for speech and language and social emotional needs;
   - inappropriate level of psychological counseling;
   - failure to include any statements of present level of functioning; and among other things
   - failure to include statement in IEP regarding to what extent student will not participate with non-disabled students in regular class.

3. a finding that DCPS inappropriately failed to provide the parent with any IEP progress reports during the entire 2004-05 school year;

4. a finding that during the 2004-05 school year, DCPS inappropriately failed to provide Tamika with the speech and language and psychological counseling called for by her IEP;

5. a finding that DCPS inappropriately failed to conduct a functional behavioral assessment upon her somewhat abrupt increase in behavioral problems at school beginning in or about December 2004;

6. a finding that Tamika's placement at Sousa Middle School is appropriate;

7. that DCPS be ordered or agree to fund either interim or permanent placement and provide transportation for Tamika to attend either St. Colleta's School in Alexandria,

Virginia, Phillips School in Laurel, Maryland, or another school to be disclosed within the appropriate time before any hearing or resolution meeting in this matter;

8.  that DCPS be ordered or agree to fund a private functional behavioral assessment for Tamika;

9.  that DCPS be ordered or agree to fund 32 hours of compensatory speech and language therapy and 32 hours of compensatory psychological counseling for services missed during the 2004-05 school year;

10. that DCPS be ordered or agree to convene an MDT meeting within ten (10) business days to develop an appropriate IEP for Tamika, and if necessary to review any outstanding evaluations, determine any additional compensatory education [other than that specified above], and identify an appropriate placement with placement to be made within ten business days if for a public school or thirty calendar days if for a non-public school;

11. DCPS, if the student requires placement in a residential facility, will have ten (10) business days to locate an appropriate residential treatment center, issue a Prior Notice of Placement, complete the student's Interstate Compact Agreement, and schedule the student's and mother's transportation arrangements;

12. DCPS, if the student requires placement in a residential treatment facility, agrees to fax to the parent's counsel, a copy of the items identified in paragraph number five (10);

13. that DCPS be ordered or agrees to pay parent's reasonable attorney's fees and costs;

14. All meetings shall be scheduled through counsel for the parent, Miguel A. Hull, Esq. in writing, via facsimile, at 202-742-2097 or 202-742-2098;

15. DCPS will be given a day for day extension for any delay caused by the parent, the student, counsel for the parent, or the parent's educational advocate;

16. Provide the student with a due process hearing within 20 calendar days of a request on any issue arising out of the noncompliance with the DCPS' obligation hereunder, or any disagreement with the assessment, programming or placement the parent may have;

17. In the event that the DCPS shall fail to comply with the terms herein, then under the Conciliation Agreement, the parents shall have the authority to use self help without further notice to the DCPS, and initiate an IEP with the DCPS' invited participation, and unilateral placement in an interim school or educational program until such time the DCPS can come into compliance and properly assess, program and/or participate;

18. The DCPS shall ensure that this student has available a Free and Appropriate Public Education including special education, transportation D.C.Mun. Regs. tit. 5 § 3000.3, and Other related services as are defined at 34 C.F.R. § 300.7; Assistance to States for the Education of Children with Disabilities, 70 Fed. Reg. 35782, 35836 (June 21, 2005) (to be codified at 34 C.F.R. pt. 300), designed to meet this student's unique needs and preparation for employment and independent living;

19. Provide counsel for the parent with copies, pursuant to D.C. Mun. Regs. tit. 5 § 3021.8, of all evaluation reports and all educational records on the student no later than sixteen business hours prior to the convening of any meeting;

20. That DCPS within ten (10) calendar days of the filing of this complaint, pursuant to the Individuals with Disabilities Education Improvement Act of 2004, Pub. L. No. 108-446, Sec. 101, § 615(c)(2)(B), provide the parent's representative, Miguel A. Hull, Esq., via facsimile, at 202-742-2097 or 202-742-2098, the following: i) an explanation of why DCPS proposed or refused to take the action raised in the complaint; ii) a description of other options that DCPS considered and the reasons why those options were rejected, iii) a description of each evaluation procedure, assessment, record, or report the agency used as the basis for the proposed or refused action, and iv) a description of the other factors that are relevant to the agency's proposed or refused action;

21. That DCPS, in the event they fail to answer/respond to the issues alleged in the parent's administrative due process hearing complaint, within ten (10) calendar days, the arguments and facts as averred by the parent will be deemed true and accurate and act as a waiver, on the part of DCPS, for their desire to have a Resolution Session Meeting, and the parent's administrative due process hearing will be scheduled pursuant to the applicable timelines contained in the IDEIA;

22. That DCPS, within fifteen (15) calendar days of receiving the parent's complaint, pursuant to the Individuals with Disabilities Education Improvement Act of 2004, Pub. L. No. 108-446, Sec. 101, § 615(c)(2)(C), respond to the parent's request alleging any insufficiency of notice;

23. That DCPS' failure to comply with the Individuals with Disabilities Education Improvement Act of 2004, Pub. L. No. 108-446, Sec. 101, § 615(c)(2)(C), and allege any insufficiency of the parent's administrative due process complaint, will constitute waiver on the part of DCPS to make such argument at any later date and time;

24. That DCPS, pursuant to the Individuals with Disabilities Education Improvement Act of 2004, Pub. L. No. 108-446, Sec. 101, § 615(f)(1)(B), within fifteen (15) calendar days of receiving the parent's administrative due process complaint, shall contact the parent's representative, in writing, via facsimile, at 202-742-2015 or 202-742-2098, to schedule and convene a Resolution Session Meeting;

25. That DCPS, pursuant to the <u>Individuals with Disabilities Education Improvement Act of 2004, Pub. L. No. 108-446, Sec. 101, § 615(f)(1)(B)</u>, convene the Resolution Session Meeting, with the parent, the parent's representative, and all necessary/relevant members of the student's MDT/IEP Team that have specific knowledge about the child and the facts contained in the complaint. That the relevant members of the MDT/IEP Team that shall be present at the Resolution Session Meeting for the student shall include the following persons: 1) the student's special education teacher, 2) the student's regular education teacher, if applicable, 3) a representative of the local education agency with decision making authority, 4) a person who can interpret the data, 5) any person(s) who conducted any assessments on the student, and 6) any service providers for the student;

26. That DCPS' failure to timely schedule and convene the Resolution Session Meeting within the timeframe identified according to the <u>Individuals with Disabilities Education Improvement Act of 2004, Pub. L. No. 108-446, Sec. 101, § 615(f)(1)(B)</u> constitute joint waiver between DCPS and the parent to have such meeting and the forty-five (45) days timeline to schedule the student's administrative due process hearing and receive a timely decision will begin to run upon written notice, via facsimile, at 202-442-5556, to the DCPS Office of Student Hearings, by the parent's counsel; and

27. A finding that the parent is the prevailing party in this action.

## G.   **<u>Accommodations and Assistance Needed</u>:**

Please list any special accommodations you may require for a Resolution Session Meeting/Mediation Conference/Due Process Hearing.

- Interpreter (please specify the type)_____
- Special Communication (please describe the type)_____
- Special Accommodations for Disability (please be specific)_____
- Other_____

## H.   **<u>Signature</u>:**

_____    August 25, 2005
Legal Representative / Advocate (if applicable)          Date

**Mail, fax or deliver this complaint notice to:**
**State Enforcement and Investigation Division**
**For Special Education Programs (SEID)**
**Student Hearing Office (SHO)**
**825 North Capitol Street, NE, 8th Floor**

```
*********************
***   TX REPORT   ***
*********************

TRANSMISSION OK

TX/RX NO            0670
CONNECTION TEL                     94425556
CONNECTION ID
ST. TIME           08/25 14:18
USAGE T            01'27
PGS. SENT           10
RESULT             OK
```

## James E. Brown & Associates, PLLC
### A Professional Limited Liability Company

| | | |
|---|---|---|
| James E. Brown | Attorneys at Law | Tilman L. Gerald |
| Domiento C.R. Hill ◊ | 1220 L Street, NW | Roxanne D. Nelo⸱ s |
| Roberta Gambale | Suite 700 | John A. Straus |
| Miguel A. Hull | Washington, DC 20005 | Dolores Scott Mc⸱ night |
| Christopher L. West | Telephone: (202) 742-2000 | Marshall Lammer⸱ ⸱ |
| Juan J. Fernandez! | Facsimile: (202) 742-2098 | |

e-mail: Admin@Jeblaw.biz

! Admitted in Bolivia On⸱ ⸱

# FAX COVER SHEET

DATE:    August 25, 2005

TO:    Student Hearing Office
        District of Columbia Public Schools

PHONE:    202-442-5000

FAX NO:    202 442-5556

FROM:    Miguel Hull, Esq.

SUBJECT:    **Tamika Jacobs, DOB: 10/13/92 – Corrected copy of Due Process Complai t**

    **[previous copy did not have parent's correct name]**

NUMBER OF PAGES INCLUDING COVER SHEET:    TEN

COMMENTS:    Disregard previous Fax.

# District of Columbia Public Schools

## Office of Management Services

Tonya M. Butler-Truesdale, Due Process Hearing Officer
825 North Capitol Street, N.E.; Room 8076
Washington, D.C. 20002
(202) 518-6867
Facsimile: (202) 442-5556

## Confidential

| | | |
|---|---|---|
| TAMIKA JACOBS, STUDENT | ) | |
| | ) | |
| Date of Birth: October 13, 1992 | ) | Hearing Date: November 10, 2005 |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| THE DISTRICT OF COLUMBIA | ) | Held at: 825 North Capitol Street, N.E. |
| PUBLIC SCHOOLS | ) | 8th Floor |
| | ) | Washington, D.C. 20002 |
| Respondent. | ) | |
| | ) | |

## HEARING OFFICER'S DETERMINATION

**Counsel for Petitioner:**  Miguel A. Hull, Esquire
1220 L Street, NW, Suite 700
Washington, D.C. 20017
(202) 742-2015; Fax: (202) 742-2098

**Counsel for DCPS:**  Michael Levy, Esquire
Office of the General Counsel, DCPS
825 North Capitol Street, N.E.; 9th Floor
Washington, D.C. 20002

## I.    JURISDICTION

The Due Process Hearing was convened and this Order is written pursuant to Public Law 105-17, the *Individuals with Disabilities Education Act of 1997 (I.D.E.A.)*, 20 U.S.C. Section 1400 et seq.; 34 C.F.R. Section et seq.; 5 D.C.M.R. Section 3000.; Section 143 of the D.C. Appropriations Act, effective October 21, 1998; and the Rules of the Board of Education of the District of Columbia.

## II.    DUE PROCESS RIGHTS

Parent's counsel waived a formal reading of the due process rights.

## III.    FIVE-DAY DISCLOSURE

Petitioner: Presented disclosures untabbed TJ1-TJ19.

Respondent: Presented untabbed DCPS-01 thru DCPS-05.

## IV.    STATEMENT OF THE CASE

On August 25, 2005 a Due Process Hearing Request was received alleging that the District of Columbia Public Schools denied the student with a Free and Appropriate Public by failing to:

1. convene an appropriate IEP meeting on April 7, 2005;
2. develop an appropriate IEP;
3. maintain Petitioner's amount of psychological counseling;
4. provide the parent with IEP report cards;
5. provide related services during the 2004-2005 school year;
6. conduct a functional behavioral assessment; and,
7. provide an appropriate placement.

The Student Hearing Office, DCPS, scheduled a Due Process Hearing for October 19, 2005 at 1:00 pm at DCPS Headquarters, 825 North Capitol Street, N.E., 8th Floor, Washington, DC 20002. The hearing was continued to November 10, 2005 at 3:00pm and convened as scheduled. Attorney Advisor Michael Levy appeared in-person for DCPS. Attorney Miguel Hull appeared by phone on behalf of Petitioner. No testimony was taken because the parties settled.

*In the Matter of T.J.*

### V.    **FINDINGS OF FACT**

In consideration of the hearing record, the Hearing Officer finds that the agreement reached on the record by the parties is in the best interest of the student and, therefore, a Hearing Determination is hereby issued incorporating the agreement as stated.   The hearing officer entered the parties **Settlement on the Record** as follows:

### VI.    **ORDER**

1. DCPS argues to convene an MDT/IEP placement meeting within 30 calendar days of the issuance of the Hearing Officers Determination, to review and revise the IEP and discuss and determine placement.
2. If Placement is to a DCPS public school, DCPS shall have five (5) calendar days to issue the prior notice of placement.  If placement is to a non-public or private school, DCPS shall have thirty (30) calendar days and if placement is to a residential facility DCPS shall have sixty (60) calendar days to issue the prior notice of placement;
3. All meetings will be scheduled through parent's counsel;
4. If the issuance of the Hearing Officer's Determination results in performance obligations within the winter break, performance of all obligations must be completed by the end of the second full week of January..
5. All meetings will be scheduled through the court appointed special education advocate; and,
6. DCPS will be granted a day for day extension for any delay caused by counsel for the parent/guardian, the parent/guardian, the student, or the educational advocate.

**This is the FINAL ADMINISTRATIVE DECISION.  An Appeal can be made to a court of competent jurisdiction within thirty (30) days of this Order's issue date.**

_____                    December 20, 2005
Tonya M. Butler Truesdale, Esquire                  Date
Hearing Officer

Issued: _____
Student Hearing Office, DCPS

3



# District of Columbia Public Schools

### OFFICE OF GENERAL COUNSEL
825 North Capitol Street NE, 9th Floor
Washington, DC 20002-1994
Phone – 202-442-5000, Fax – 202-442-5098

## APPLICATION FOR PAYMENT OF ATTORNEY FEES AND COSTS
## PURSUANT TO THE INDIVIDUALS WITH DISABILITIES EDUCATION ACT

**1.    Attorney Information**

| | |
|---|---|
| Law Firm: | JAMES E. BROWN & ASSOCIATES, PLLC |
| Attorney: | JAMES E. BROWN |
| Federal Tax ID No.: | 52-1500760 |
| D.C. Bar No.: | 61622 |

**2.    Student Information**

| | |
|---|---|
| Name: | Tamika Jacobs |
| DOB: | 10/13/92 |
| Date of Determination (HOD/SA): | 12/21/05 |
| Parent/Guardian Name: | Cherville Jacobs |
| Parent/Guardian Address: | 236 Savannah St., SE, WDC 20032 |
| Current School: | Turner ES |
| Home School: | Turner ES |

**3.    Invoice Information**

| | |
|---|---|
| Invoice Number: | 06-011 |
| Date Request Submitted: | 1/12/06 |
| Date(s) Services Rendered | 3/30/04 to 11/10/05 |
| Amount of Payment Request | $15,181.88 |

**4.    Certification (must be signed by principal attorney)**

I certify that all of the following statements are true and correct:

- all services listed on the enclosed invoices were actually performed;
- the entire amount requested on the enclosed invoice for payment of costs and expenses represents the actual amount of costs and expenses incurred;
- the District of Columbia Public Schools is the sole entity from which payment of the fees, costs and expenses itemized on the enclosed invoice is requested;
- no attorney or law firm who either (1) provided services listed on the enclosed invoice, or (2) will benefit from any monies paid as a result of the submission of the enclosed invoice, has a pecuniary interest, either through an attorney, officer or employee of the firm, in any special education diagnostic services, schools, or other special education service providers;
- I understand that the making of a false statement to an agency of the DC Government is punishable by criminal penalties pursuant to D.C. Code §22-2405.

_James E Brown_

**Signature**

January 12, 2006

**Date**

# LEGEND

### ATTORNEYS

| | |
|---|---|
| JEB | James E. Brown, Esq. |
| DH | Domiento Hill, Esq. |
| CW | Christopher West, Esq. |
| BM | Brenda McAlister, Esq. |
| RG | Roberta Gambale, Esq. |
| MH | Miguel Hull, Esq. |
| RR | Rachel Rubenstein, Esq. |
| JF | Juan Fernandez, Esq. |
| CB | Christina Busso, Esq. |
| JS | John Straus, Esq. |
| RN | Roxanne Neloms, Esq. |
| TG | Tilman Gerald, Esq. |
| DSM | Delores Scott McKnight, Esq. |
| ML | Marshall Lammers, Esq. |

### PARALEGALS and LAW CLERKS

| | |
|---|---|
| AAG | Aracelly A. Gonzalez |
| DP | David Proctor |
| BDL | Blanca De La Sancha |
| SB | Sara Benkharafa |
| WB | Williams Bautista |
| YA | Yamileth Amaya |
| CMM | Claudia M. Martinez |
| HR | Heidi Romero |
| KD | Kelly Dau |
| MT | Michele Torry, BA, L. Cert. |
| TB | Tamika Beasley |

### ADVOCATES

| | |
|---|---|
| MM | Michelle Moody, MA |
| CS | Cheron Sutton-Brock, MA |
| KC | Kevin Carter, MA |
| SM | Sharon Millis, M. Ed. |
| CM | Carolyn Monford, MA |
| GMH | Garfield Mark Holman, MA |
| RB | C. Robin Boucher, Ph.D. |
| TS | Tamieka A. Skinner, MA |
| CP | Carrie Pecover, MA |
| CG | Comesha Griffin, MS |
| WD | William Daywalt, M. Ed. |
| DD | Donte Davis |
| CF | Carlos Fernandez, MA,JD |

### OUT OF POCKET COSTS

| | |
|---|---|
| FAX | Facsimile @ $1.00 per page |
| COP | Reproduction @ $0.25 per page |
| TRN | Transportation @ actual taxi cost |
| TEL | Long Distance Telephone @ actual cost |
| PAR | Parking @ actual cost |
| MES | Messenger/Express Mail @ actual cost |
| POS | Postage @ actual cost |

James E. Brown & Associates, PLLC
A Professional Limited Liability
Company
1220 L Street, NW Suite 700
Washington, DC  20005


Invoice submitted to:
Tamika Jacobs




January 05, 2006
In Reference To:    Tamika Jacobs
                    DOB: 10/13/92
                    Schol: Harris Center

Invoice #11157

        Professional Services

|  |  | Hrs/Rate | Amount |
|---|---|---|---|
| 3/30/2004 RB | Discussion with the child's attorney: apprised of meeting date/time | 0.17<br>185.00/hr | 31.45 |
| 3/31/2004 JF | Examined all educational information in file, such as: Evaluations, IEP's, Hearing Officer's Determination and any other information in file for possible IDEA violations. | 0.67<br>365.00/hr | 244.55 |
| 4/5/2004 MH | Reviewed file and began to identify legal points that need to be raised at MDT meeting. | 0.25<br>365.00/hr | 91.25 |
| 4/21/2004 MH | Reviewed file and reassessed/modified case strategy. | 0.25<br>365.00/hr | 91.25 |
| 4/22/2004 RB | Phone calls from and to parent 4/21/04 re meeting time on 4/28/04 at P.R. Harris EC | 0.17<br>185.00/hr | 31.45 |
| 4/26/2004 RB | Phone calls (2) from parent re scheduling conflict for this week's meeting | 0.33<br>185.00/hr | 61.05 |
| 4/27/2004 RB | Reviewed HOD of 3/10/04 | 0.25<br>185.00/hr | 46.25 |
| RB | Phone calls (2) to parent re Vineland evaluation report | 0.33<br>185.00/hr | 61.05 |

Tarnika Jacobs

Page    2

| Date | | Description | Hrs/Rate | Amount |
|------|---|-------------|----------|--------|
| 4/27/2004 | RB | Telephone calls (4) to DCPS school staff @ P.R. Harris EC re Vineland evaluation report | 0.33 185.00/hr | 61.05 |
| | RB | Received faxed Vineland evaluation report from P.R. Harris; due to malfunctioning machine at school the principal's fax machine finally had to be used to get the report in time for 4/28/04 meeting | 0.33 185.00/hr | 61.05 |
| 4/28/2004 | RB | Attended MDT/IEP @ P. R. Harris EC w/parent | 1.67 185.00/hr | 308.95 |
| | MH | Reviewed advocate's report and Vineland Adaptive Behavior Assessment. | 0.42 365.00/hr | 153.30 |
| | RB | Telephone calls (2) to DCPS school staff @ Mamie D. Lee and Barnard ES re MR programs | 0.33 185.00/hr | 61.05 |
| | RB | Reviewed 1/16/03 IEP | 0.50 185.00/hr | 92.50 |
| | RB | Discussion with the child's attorney: meeting outcomes - case notes | 0.17 185.00/hr | 31.45 |
| | RB | Reviewed 2004 Vineland evaluation report | 0.50 185.00/hr | 92.50 |
| | RB | Set agenda for 4/28/04 meeting | 0.75 185.00/hr | 138.75 |
| | RB | Reviewed IEP developed 1/28/04 | 0.50 185.00/hr | 92.50 |
| | RB | Reviewed Psychoeducational report of 2/27/04 for 4/28/04 meeting | 0.42 185.00/hr | 77.70 |
| | RB | Reviewed advocate's MDT notes of 1/28/04 | 0.50 185.00/hr | 92.50 |
| 4/29/2004 | RB | Conference with Dr. Reed/Barnard ES re MR programming in DCPS | 0.42 185.00/hr | 77.70 |
| | RB | Researched private schools for MR with behavior modification capability | 0.25 185.00/hr | 46.25 |
| | RB | Phone call to parent to consider Phillips School/Laurel MD | 0.17 185.00/hr | 31.45 |

Tamika Jacobs                                                                                        Page    3

|            |     |                                                                                                  | Hrs/Rate | Amount |
|------------|-----|--------------------------------------------------------------------------------------------------|----------|--------|
| 4/29/2004  | RB  | asked paralegal to send referral packet to Phillips School/Laurel MD                              | 0.17 185.00/hr | 31.45 |
| 4/30/2004  | RB  | Telephone call from DCPS staff K. Hudson/SES to reschedule meeting                                | 0.17 185.00/hr | 31.45 |
|            | RB  | Telephone call to DCPS school staff @ P.R. Harris EC re new meeting date/time                     | 0.17 185.00/hr | 31.45 |
| 5/5/2004   | RB  | Phone call from parent to confirm meeting time on 5/7/04                                          | 0.17 185.00/hr | 31.45 |
| 5/6/2004   | CMM | Prepared and sent placement packages to Phillips school                                           | 1.00 110.00/hr | 110.00 |
|            | CMM | Discussion with advocate regarding placemt                                                        | 0.25 110.00/hr | 27.50 |
|            | RB  | reviewed documents for referral packet to Phillips School with paralegal CMM                      | 0.17 185.00/hr | 31.45 |
|            | RB  | Reviewed Psychological evaluation report of February 2004                                         | 0.50 185.00/hr | 92.50 |
|            | RB  | Phone calls (2) to parent re latest address and school in boundary                                | 0.67 185.00/hr | 123.95 |
|            | RB  | Researched DCPS schools in boundaries of assorted relatives                                       | 0.33 185.00/hr | 61.05 |
| 5/7/2004   | RB  | Attended MDT/IEP @ P.R. Harris EC w/parent                                                        | 4.50 185.00/hr | 832.50 |
|            | RB  | Discussion with the child's attorney: case notes about meeting outcomes                           | 0.42 185.00/hr | 77.70 |
|            | MH  | Reviewed MDT notes and advocate's memorandum from meeting today.  Began to formulate strategy for case in light of what occurred at meeting. | 0.83 365.00/hr | 302.95 |
| 5/10/2004  | RB  | Telephone call from and to private school Phillips School re contacting the parent                | 0.25 185.00/hr | 46.25 |
| 5/25/2004  | RB  | Telephone call to DCPS school staff @ Sousa MS re MR programming                                  | 0.25 185.00/hr | 46.25 |

Tamika Jacobs                                                                    Page    4

|  |  |  | Hrs/Rate | Amount |
|---|---|---|---|---|
| 5/26/2004 | RB | Telephone call to DCPS school staff @ Sousa MS re MR program details | 0.33 185.00/hr | 61.05 |
|  | RB | Phone call to parent re Sousa MS MR program and P.R. Harris meeting | 0.33 185.00/hr | 61.05 |
|  | RB | Telephone call to DCPS school staff @ P.R. Harris EC re prior notice and 5/28/04 meeting | 0.17 185.00/hr | 31.45 |
| 5/27/2004 | RB | Telephone call from DCPS staff T. Garrett/P.R. Harris EC re Sousa referral | 0.17 185.00/hr | 31.45 |
|  | RB | Phone call from parent re appointment to visit Sousa MS | 0.17 185.00/hr | 31.45 |
|  | RB | Phone call from parent about Sousa MS visit | 0.17 185.00/hr | 31.45 |
|  | RB | Phone call to parent re Sousa MS placement | 0.17 185.00/hr | 31.45 |
| 5/28/2004 | RB | Phone call to parent re Sousa transportation and strategies for withdrawing from P.R. Harris EC and enrolling in Sousa MS | 0.42 185.00/hr | 77.70 |
|  | RB | Telephone call to DCPS school staff @ P.R. Harris to move on Sousa placement and transportation, correcting to father's address | 0.33 185.00/hr | 61.05 |
|  | RB | Phone call from parent asking when transportation will start and steps needed to withdraw from one school and enroll in another | 0.33 185.00/hr | 61.05 |
| 6/2/2004 | RB | Phone call from parent re P.R. Harris inaction re transfer | 0.17 185.00/hr | 31.45 |
| 6/3/2004 | RB | Phone call from parent re discussion with Phillips School about future visit | 0.17 185.00/hr | 31.45 |
| 6/7/2004 | RB | Collected documents and faxed them to Sousa MS - 27 pages - two attempts because of busy signal at school | 0.50 185.00/hr | 92.50 |
|  | RB | Phone call from parent re claims that P.R. Harris EC will fax everything to Sousa MS so that child can begin school there | 0.17 185.00/hr | 31.45 |
|  | RB | Phone calls (3) to parent re Sousa MS need for signed IEP and health record | 0.50 185.00/hr | 92.50 |

Tamika Jacobs                                                                           Page    5

|  |  | Hrs/Rate | Amount |
|---|---|---|---|
| 6/7/2004 RB | Telephone call to DCPS school staff @ P.R. Harris EC to request that signed IEP and health record be sent to Sousa MS | 0.25<br>185.00/hr | 46.25 |
| 6/10/2004 MH | Reviewed file, and developed strategy for future of case. | 0.17<br>365.00/hr | 62.05 |
| 6/21/2004 RB | Discussion with the child's attorney: need to contact parent about contentment with Sousa program | 0.08<br>185.00/hr | 14.80 |
| 6/22/2004 RB | Phone call to parent re evaluation of child's progress at Sousa MS so far; family's new address | 0.33<br>185.00/hr | 61.05 |
| RB | Discussion with the child's attorney: case notes re parent's report of satisfaction with placement; recommendation to close case | 0.17<br>185.00/hr | 31.45 |
| 6/25/2004 RB | Drafted and faxed letter to private school Phillips School/Laurel re family contact and intentions re application | 0.25<br>185.00/hr | 46.25 |
| 7/15/2004 RB | Phone call from parent: opinion about child's placement for SY 04-05 | 0.17<br>185.00/hr | 31.45 |
| 7/16/2004 RB | Telephone call from Phillips School about inactivating application | 0.08<br>185.00/hr | 14.80 |
| 8/4/2004 MH | Reviewed case with educational advocate.  Planned strategy for case. | 0.17<br>365.00/hr | 62.05 |
| RB | Discussion with attorney: closing case | 0.17<br>185.00/hr | 31.45 |
| 8/9/2004 CMM | Drafted case status letter to parent | 0.67<br>110.00/hr | 73.70 |
| 8/24/2004 RB | Discussion with attorney: teleconference with parent about Sousa MS and transportation for SY 04-05 | 0.08<br>185.00/hr | 14.80 |
| MH | Conference with parent and educational advocate regarding status of case. | 0.08<br>365.00/hr | 29.20 |
| 10/14/2004 HR | Draft letter to parent regarding case status (closed) | 0.50<br>110.00/hr | 55.00 |
| 10/15/2004 MH | Reviewed file to determine case status and strategy. | 0.33<br>365.00/hr | 120.45 |

Tamika Jacobs                                                                Page    6

|  |  | Hrs/Rate | Amount |
|---|---|---|---|
| 10/22/2004 RB | Reconciled working and main files. | 0.17<br>185.00/hr | 31.45 |
| 5/25/2005 RB | Phone call from parent re placement for SY 05-06 | 0.08<br>185.00/hr | 14.80 |
| 8/5/2005 RB | Completed part of intake documentation for intake paralegal and provided main file | 0.25<br>185.00/hr | 46.25 |
| RB | Discussion with attorney: re-opening of case | 0.17<br>185.00/hr | 31.45 |
| MH | Discussion with advocate: re-opening of case | 0.17<br>365.00/hr | 62.05 |
| RB | Phone call from parent to re-open case with rationale | 0.33<br>185.00/hr | 61.05 |
| RB | Phone call to parent re intake dates/times | 0.08<br>185.00/hr | 14.80 |
| RB | Memo to attorney re parent's report about re-opening case and rationale | 0.17<br>185.00/hr | 31.45 |
| RB | Phone call from parent to re-open case with rationale | 0.33<br>185.00/hr | 61.05 |
| 8/10/2005 RB | Phone call to parent re intake | 0.17<br>185.00/hr | 31.45 |
| RB | Phone call from parent confirming intake date/time | 0.17<br>185.00/hr | 31.45 |
| 8/11/2005 BDL | Drafted letter to parent. | 0.42<br>110.00/hr | 46.20 |
| BDL | Conference with parent to discuss opening case and child's educational needs. | 0.92<br>110.00/hr | 101.20 |
| MH | Conference with parent, advocate, and paralegal to re-open case | 1.17<br>365.00/hr | 427.05 |
| RB | Reviewed intake documents; memo to attorney outlining issues of concern for HR | 0.58<br>185.00/hr | 107.30 |

Tamika Jacobs                                                                                                    Page    7

|  |  |  | Hrs/Rate | Amount |
|---|---|---|---|---|
| 8/11/2005 | RB | Conference with parent, attorney, and paralegal to re-open case | 1.17 185.00/hr | 216.45 |
|  | RB | E-mail request of DCPS Office of Credentials & Standards: certification status of child's teacher | 0.17 185.00/hr | 31.45 |
| 8/12/2005 | RB | Collated documents; drafted letter to St. Coletta and Phillips; searched for current S/L evaluation in "A" file and discussed with paralegal and attorney; copied documents; mailed packets to St. Coletta and Phillips | 2.17 185.00/hr | 401.45 |
|  | RB | Memo to attorney re packets sent to nonpublic schools and outdated S/L evaluation | 0.17 185.00/hr | 31.45 |
|  | RB | Researched nonpublic schools | 0.67 185.00/hr | 123.95 |
| 8/23/2005 | RB | Telephone call from St. Coletta School re family contact information | 0.17 185.00/hr | 31.45 |
|  | RB | Memo to attorney re St. Coletta contact | 0.17 185.00/hr | 31.45 |
| 8/25/2005 | HR | Draft letter to parent detailing the due process hearing complaint requested | 0.50 110.00/hr | 55.00 |
|  | HR | Drafted letter requesting teachers qualification at Sousa Middle School | 0.58 110.00/hr | 63.80 |
|  | MH | Prepared and file due process hearing complaint to DCPS.  Includes research on issues raised, discussion with parent, and drafting and revising of claims made. | 2.92 365.00/hr | 1,065.80 |
| 9/2/2005 | RB | Phone calls (2) from parent about resolution meeting and location of meeting | 0.25 185.00/hr | 46.25 |
|  | RB | Phone call to parent re dispute resolution: who will attend and general procedure | 0.25 185.00/hr | 46.25 |
|  | RB | Telephone call to Sousa MS SEC re locational of dispute resolution meeting | 0.17 185.00/hr | 31.45 |
|  | RB | Requested certification status of Sousa MS teacher through DCPS Office of Credentials & Standards | 0.17 185.00/hr | 31.45 |
|  | RB | Reviewed hearing request; prepared dispute resolution meeting outline | 0.75 185.00/hr | 138.75 |

Tamika Jacobs

Page    8

| | | | Hrs/Rate | Amount |
|---|---|---|---|---|
| 9/2/2005 | RB | Telephone call to Sousa MS for driving directions for dispute resolution meeting | 0.17 185.00/hr | 31.45 |
| 9/6/2005 | MH | Conference with advocate and file review.  Discussed case status and concerns for new school year. | 0.42 365.00/hr | 153.30 |
| | RB | Revisesd and printed DRM outline for advocate and parent to use 9/7/05 at Sousa MS | 0.42 185.00/hr | 77.70 |
| | RB | Discussion with attorney: DRM 9/7/05 | 0.42 185.00/hr | 77.70 |
| 9/7/2005 | MH | Reviewed notes from Resolution Confernece.  Planned for hearing that will be scheduled. | 0.42 365.00/hr | 153.30 |
| | RB | School visit; classroom observation at Sousa JHS | 0.25 185.00/hr | 46.25 |
| | RB | Attended dispute resolution meeting at Sousa JHS with parent | 2.92 185.00/hr | 540.20 |
| 9/8/2005 | HR | Draft letter to the Student Hearing Office requesting hearing date to be set, sent letter via facsimile and sent letter to the Office of the General Counsel. | 0.50 110.00/hr | 55.00 |
| | RB | Phone call from parent re Sousa JHS SEC's request for IEP meeting | 0.17 185.00/hr | 31.45 |
| | RB | Memo to attorney re parent's report about IEP meeting and St. Coletta visit | 0.08 185.00/hr | 14.80 |
| 9/9/2005 | RB | Telephone call from St. Coletta agreeing to revise acceptance letter | 0.17 185.00/hr | 31.45 |
| | RB | Phone call from parent re IEP meeting date/time | 0.17 185.00/hr | 31.45 |
| | RB | Received and reviewed St. Coletta revised acceptance letter; memo to attorney; asked paralegal to file it | 0.17 185.00/hr | 31.45 |
| | RB | Telephone call to St. Coletta asking for revised letter with correct gender reference; received and reviewed revision | 0.17 185.00/hr | 31.45 |
| 9/21/2005 | HR | Draft letter to the Student Hearing Office requesting hearing date to be set, sent letter via facsimile and sent letter to the Office of the General Counsel | 0.50 110.00/hr | 55.00 |

Tamika Jacobs                                                                    Page    9

|  |  |  | Hrs/Rate | Amount |
|---|---|---|---|---|
| 9/21/2005 | RB | Attended IEP meeting at Sousa JHS with parent | 2.83 185.00/hr | 523.55 |
|  | RB | Memo to attorney re meeting outcomes | 0.17 185.00/hr | 31.45 |
|  | RB | Asked paralegal to copy and file meeting documents | 0.08 185.00/hr | 14.80 |
| 9/22/2005 | RB | Received, reviewed, and memo'd attorney re IEP done at Sousa JHS | 0.50 185.00/hr | 92.50 |
| 9/23/2005 | HR | Draft letter to parent regarding the notice of hearing | 0.42 110.00/hr | 46.20 |
| 10/3/2005 | HR | Draft letter to parent regarding resolution meeting notes. | 0.50 110.00/hr | 55.00 |
| 10/5/2005 | HR | Draft letter to parent regarding information about tutoring services | 0.42 110.00/hr | 46.20 |
| 10/11/2005 | MH | Pre-hearing conference with attorney  and parent regarding issues for pending hearing. | 0.75 365.00/hr | 273.75 |
| 10/12/2005 | HR | Assisted attorney to prepare disclosure to DCPS | 1.33 110.00/hr | 146.30 |
|  | HR | Draft letter to parent regarding case status | 0.50 110.00/hr | 55.00 |
|  | MH | Prepare disclosure to DCPS with assistance from paralegal. Reviewed entire file and identified potential exhibits and witnesses for hearing, prepared exhibit packet and cover letter and supervised delivery to DCPS counsel. | 1.50 365.00/hr | 547.50 |
| 10/14/2005 | HR | Phone call to parent regarding hearing | 0.17 110.00/hr | 18.70 |
| 10/17/2005 | MH | Conference with parent regarding pending hearing and possible placement at St. Colleta's | 0.58 365.00/hr | 211.70 |
|  | RB | Prepared for Due Process Hearing: reviewed complaint, case notes, DRS 9/7/05 notes, 9/21/05 IEP meeting notes; created testimony outline; discussed with attorney; printed copies for advocate and attorney | 1.08 185.00/hr | 199.80 |

Tamika Jacobs

| | | | Hrs/Rate | Amount |
|---|---|---|---|---|
| 10/18/2005 | RB | Discussion with attorney: hearing status | 0.08 185.00/hr | 14.80 |
| | MH | Prepared for Due Process Hearing | 1.58 365.00/hr | 576.70 |
| 10/19/2005 | RB | Phone call from parent re hearing today; voicemail message to attorney | 0.17 185.00/hr | 31.45 |
| | RB | Discussion with attorney: hearing postponement | 0.17 185.00/hr | 31.45 |
| | RB | Prepared for Due Process Hearing: reviewed hearing testimony outlined previously | 0.25 185.00/hr | 46.25 |
| 10/20/2005 | HR | Draft letter and prepared plus sent placement package to the Kennedy Institute for consideration. | 0.58 110.00/hr | 63.80 |
| | HR | Draft letter to parent regarding placement packet sent out for consideration. | 0.50 110.00/hr | 55.00 |
| 10/25/2005 | MH | Reviewed file to determine case status and plan strategy. | 0.25 365.00/hr | 91.25 |
| 10/26/2005 | HR | Draft letter to parent regarding the notice of hearing | 0.42 110.00/hr | 46.20 |
| 11/2/2005 | RB | Phone call to parent re communicating with Phillips School | 0.17 185.00/hr | 31.45 |
| | RB | Telephone calls (2) from Phillips School re communicating with parent | 0.17 185.00/hr | 31.45 |
| 11/3/2005 | RB | Memo to attorney re parent's intent and interest in nonpublic and public schools | 0.08 185.00/hr | 14.80 |
| | HR | Assisted attorney to prepare addendum to diclosure | 0.50 110.00/hr | 55.00 |
| | MH | Prepare additional disclosure to DCPS. | 0.50 365.00/hr | 182.50 |
| | MH | Called St. Colleta's, Rock Creek Academy, and Kennedy Institute and spoke with addmissions coordinator about status of child possible attending their school.  Also discussed with parent. | 0.75 365.00/hr | 273.75 |

Tamika Jacobs                                                                                    Page    11

|  |  |  | Hrs/Rate | Amount |
|---|---|---|---|---|
| 11/3/2005 | RB | Telephone call from St. Coletta School re case status and acceptance | 0.17<br>185.00/hr | 31.45 |
|  | RB | Phone call to parent re interest in St. Coletta vs. Sousa MS; intent to visit other nonpublic schools | 0.17<br>185.00/hr | 31.45 |
| 11/7/2005 | HR | Phone call to parent regarding contact information | 0.17<br>110.00/hr | 18.70 |
| 11/9/2005 | MH | Conference with DCPS Attorney Michael Levy regarding possible settlement. | 0.25<br>365.00/hr | 91.25 |
|  | MH | Prepared for Due Process Hearing. | 0.83<br>365.00/hr | 302.95 |
| 11/10/2005 | RB | Discussion with attorney: settlement agreement, next steps in case | 0.25<br>185.00/hr | 46.25 |
|  | MH | Conference with parent regarding possible settlement for hearing today. | 0.25<br>365.00/hr | 91.25 |
|  | MH | Appearance to 825 North Capital for due process hearing | 0.33<br>365.00/hr | 120.45 |
|  | MH | Conference with educational advocate regarding hearing that took place today. | 0.25<br>365.00/hr | 91.25 |
|  |  | For professional services rendered | 69.21 | $14,848.80 |

Additional Charges :

| | | |
|---|---|---|
| 3/26/2004 | Postage; letter to parent. | 0.74 |
| 5/6/2004 | Postage; placement package | 1.75 |
| 6/7/2004 | Facsimile(to sousa MS-IEP+docs) | 27.00 |
| 6/25/2004 | Facsimile(Letter re application) | 1.00 |
| 8/6/2004 | Postage; letter to parent (status letter) | 0.37 |
| 10/14/2004 | Postage; letter to parent (case stat) | 0.37 |
|  | Copied documents for file (case stat -closed) | 0.25 |

Tamika Jacobs                                                                              Page    12

                                                                                          <u>Amount</u>

| Date | Description | Amount |
|------|-------------|-------:|
| 8/11/2005 | Copied: intake forms. | 49.00 |
| 8/12/2005 | Copied documents(Advo-letter to 2 nonpubie school) | 0.50 |
| | Copied documents(Advo-DCPS-E-Mail re.certification checking) | 0.25 |
| | Copied documents(Advo-Packet for Nonpubic schools) | 17.00 |
| | Postage; Placement package to St. Colletta and Phillips. | 3.50 |
| 8/25/2005 | Postage; letter to parent re: case status. | 0.60 |
| | Facsimile letter requesting teacher qualifications to Sousa MS/OSE | 6.00 |
| | Copied: DPH/complaint letter for parent. | 2.75 |
| 9/2/2005 | Copied documents; hearing request | 2.50 |
| 9/6/2005 | Copied documents(Advo-DRM form for parent+Advo) | 1.00 |
| | Copied documents; dispute resolution outline to parent and advocate | 1.75 |
| 9/8/2005 | Facsimile letter req. hearing date to Kelly Evans, Sheila Hall, OGC | 6.00 |
| 9/9/2005 | Facsimile letter to DCPS re: hearing scheduled | 3.00 |
| 9/12/2005 | Copies – copies for file - resolution metting notes | 1.25 |
| | Made Photocopies | 0.50 |
| | Postage; letter to parent | 0.83 |
| 9/21/2005 | Copied: meeting notes and placement letter for file. | 1.00 |
| | Facsimile letter requesting hearing date to Sheila Hall, Kelly Evans, OGC | 6.00 |
| | Facsimile letter requesting hearing date to Sheila Hall, Kelly Evans, OGC | 6.00 |
| 9/23/2005 | Postage: Letter to parent re: case status. | 0.37 |
| | Copied documents<br>RE: HDN + status letter to parent | 0.50 |
| 9/30/2005 | Copied: meeting notes for parent. | 1.50 |

**Tamika Jacobs**                                                                            Page    13

                                                                                            <u>Amount</u>

| | | |
|---|---|---:|
| 10/3/2005 | Copied documents<br>status letter to parent | 0.50 |
| | Postage; letter to parent re: case status. | 0.60 |
| 10/5/2005 | Copied documents<br>status letter to parent | 0.50 |
| | Postage; letter to parent re: case status. | 0.37 |
| 10/12/2005 | Messenger Service to and from DCPS (5-day Disclosures) | 20.00 |
| | Copied documents(SHO/OGC-Disclosure) | 32.75 |
| | Copied documents(Parent-case status letter) | 0.25 |
| | Postage; letter to parent. | 0.37 |
| 10/20/2005 | Copied documents(Kennedy Instit.Placement Packets) | 12.00 |
| | Copied documents(Parent-Placement letter w/case status) | 0.50 |
| | Postage; letter to parent | 2.21 |
| 10/26/2005 | Postage; letter to parent re: case status. | 0.37 |
| | Copied: NOH letter for parent. | 0.50 |
| 11/3/2005 | Messenger Service to and from DCPS (5-day Disclosures) | 20.00 |
| | Copied: additional disclosure for SHO and OGC. | 2.00 |
| 11/10/2005 | File review preparation of bill and invoice audit | 96.88 |

|  |  |
|---|---:|
| Total costs | $333.08 |
| Total amount of this bill | $15,181.88 |