# EXHIBIT 15


*State Education Agency for the District of Columbia*
*State Enforcement and Investigation Division (SEID)*
*Special Education Programs*



### *Due Process Complaint Notice*

- The form is used to give notice of a due process complaint to the **District of Columbia Public Schools, District of Columbia Public Charter Schools (DCPS or LEA) and/or parents** with respect to any matter relating to the identification, evaluation, or educational placement of a child with a disability, or the provision of a free appropriate public education to that child. **A party may not have a due process hearing until the party, or the attorney representing the party, files a notice that meets the requirements of the Individuals wit**

- The due process complaint must describe an alleged violation that occurred not more than two (2) years before the date that the parent or school system knew or should have known about the alleged action that is the basis of the complaint.

- Notice must be provided to the Student Hearing Office for the DC Public Schools, 825 North Capitol Street, NE, 8th Floor, Washington, DC 20002; fax number 202/442-5556.

- Unless the other party agrees, the party requesting the due process hearing shall not be allowed to raise issues at the due process hearing that are not raised in this Due Process Complaint Notice. Therefore, please be thorough in providing the information requested.

- Prior to the opportunity for an impartial due process hearing, the Local Educational Agency (LEA) shall convene a meeting **(called a "Resolution Session")** with the parent(s) unless the parent(s) and the Local Educational Agency agree in writing to waive this meeting. You will be contacted by a representative of the Local Educational Agency to schedule the meeting. **The Student Hearing Office does NOT schedule resolution meetings**.

- Mediation is also available to all parties as an alternative to a resolution meeting or a Due Process Hearing.

A. **INFORMATION ABOUT THE STUDENT:**

Name of the Student: **Phillip Liverpool**    Date of Birth: **11/28/91**
Address: **4427 East Capitol Street, SE #3, Washington, DC 20019**
Home School:  **MaFarland Middle School**
Present School of Attendance:  **Riverside Hospital ( Most recent NOP places him at TAFT)**

　　　Is this a charter school? No     (If yes, you must also provide a copy of this notice to the charter school principal or director)
Parent/Guardian of the Student:**Mr. Phillip Brown**
Address (if different from the student's above): same

1

SEID DPCN Rev'd. 7/01/05

**B.**   **Legal Representative/Attorney:**

Name: <u>Roberta L. Gambale, Esq. ( James Brown and Associates, PLLC)</u>
Address: <u>1220 "L" Street, Suite 700, Washington, DC 20005</u>
 Phone: (w) <u>(202)742-2000 (ext. 2021)</u> (Fax) <u>(202) 742-2098</u>   (e-mail) <u>Rgambale@jeblaw.biz</u>
Will attorney / legal representative attend the resolution session?        X Yes              ☐ No

**C.**   **Complaint Made Against (check all that apply):**

X  DCPS school (name of the school if different from page one)

**D.**   **Resolution Session Meeting Between Parent/Representative and LEA:**

I understand that it is my right to have a resolution meeting to resolve this complaint. I also understand that I may voluntarily waive this right if I choose. (Note: All parties must agree to waive the resolution meeting to avoid having this meeting.)

The parent, by and through counsel, wishes to waive the Resolution Session Meeting for this process.

**E.**   **Mediation Process:**

IDEIA requires that any time a party requests a due process hearing, mediation should be offered at no cost to the parent. Both parties can request mediation as an alternative to the Resolution Session Meeting or as an alternative to a Due Process Hearing. Please check all that apply:

**I am requesting an administrative due process hearing <u>only</u>.**

**F.**   **Facts and Reasons for the Complaint:**

In accordance with the Individuals with Disabilities Education Improvement Act (IDEIA), please complete the following questions (attach additional pages if needed):

   **I.**   **Nature of the problem.**

   **Background**

   Phillip Liverpool, DOB 11/28/91, is an emotionally disturbed student. His home school is MacFarland Middle School, where he attended during the 2004/2005 school year until such time as he was suspended and disallowed from returning to MacFarland. Thereafter, a hearing was held and Phillip was placed at Taft Diagnostic Center. He attended Taft for only a brief period of time before he was hospitalized at Riverside Hospital. He has remained at Riverside Hospital since the Spring 2004.

   **1.   Failure to Conduct a Psychiatric Evaluation**

   District of Columbia Public Schools ("DCPS") failed to conduct a Psychiatric evaluation for Phillip Liverpool, DOB: 11/28/91. A psychiatric evaluation was ordered previously by a Hearing Officer's Determination issued on or about June 22, 2005. Parent was unable to

2

obtain a psychiatric evaluation independently and requested that DCPS conduct this evaluation subsequent to the issuance of the HOD.

According to Individuals with Disabilities Education Improvement Act of 2004, Pub. L. No. 108-446, Sec. 101, § 614(b)(2)(A) DCPS, as the local and state education agency responsible for ensuring that a student is evaluated so as to "gather relevant functional, developmental and academic information .... To assist in developing the content of the child's indivualized education program". See Individuals with Disabilities Education Improvement Act of 2004, Pub. L. No. 108-446, Sec. 101, § 614(b)(2)(A)(ii). Furthermore there is an obligation to ensure that a child is "assessed in all areas of suspected disability" Individuals with Disabilities Education Improvement Act of 2004, Pub. L. No. 108-446, Sec. 101, § 614(b)(3)(v)(B)In the instant matter, it is clear DCPS failed to do this. Specifically, DCPS ailed to conduct a psychiatric evaluation. At the present time, Phillip is hospitalized at Riverside Hospital and has been hospitalized since Spring 2005. It is the parent's desire that Phillip be released from Riverside Hospital but prior to his return to a less restrictive educational setting, a psychiatric evaluation is needed.

Furthermore, DCPS has an obligation to evaluate based upon parent request and the current circumstances which justify the need for such an evaluation. Pursuant to the Individuals with Disabilities Education Improvement Act of 2004, Pub. L. No. 108-446, Sec. 101, § 614 ( See also 20 U.S.C. Section 1414) the public agency has an obligation to ensure that each child is re-evaluated upon parental request, teacher request, or if the child's educational needs change.

> " A reevaluation conducted under subparagraph (A) shall occur- (i) not more frequently than once a year, unless the parent and the local educational agency agree otherwise; and (ii) at least once every 3 years, unless the parent and the local education agency agree that a reevaluation is unnecessary"

DCPS has failed to provide any response to the parent's request for a psychiatric evaluation. A Notice of Intent to Evaluate has not been issued nor has parent been contacted to obtain needed background information. As a Result, Phillip has been denied a Free and Appropriate Public Education ("FAPE").

In addition, a functional Behavioral Assessment needs to be completed for Phillip. An FBA was supposed to be conducted At Taft, but Phillip was not in attendance there long enough prior to his hospitalization for Taft to complete the assessment.

### 2. Failure to Provide an Appropriate Program and/or Placement

District of Columbia Public Schools ("DCPS") failed to provide Phillip Liverpool, DOB: 11/28/91 with either an appropriate program and/or placement so as to address the signficant social emotional needs that are impacted his ability to obtain an appropriate education. DCPS was notified of Phillip's hospitalization and numerous requests were made for a meeting to occur to address Phillip's needs in light of the circumstances and his escalating behaviors. DCPS failed to respond to the parent's requests and took no action on behalf of this child. At a minimum a meeting should have been convened prior to the commencement of the 2005/2006 school year to discuss and revise the student's program.

The Individuals with Disabilities Education Improvement Act of 2004 was promulgated for the purpose of ensuring :

> "[T]hat all children with disabilities have available to them a free and appropriate public education that emphasizes special education and related

3

SEID DPCN Rev'd. 7/01/05

services designed to meet their unique needs and prepare them for further education, employment, and independent living"

By failing to convene and revise his program in light of his extended need for residential care, DCPS as failed to address and/or provide for this student's unique needs and he has been denied a Free and Appropriate Public Education ("FAPE").

## II. Issues presented.

- Whether District of Columbia Public Schools ("DCPS") denied this student FAPE and/or failed to conduct a psychiatric assessment for Phillip Liverpool?

- Whether District of Columbia Public Schools ("DCPS") denied this student FAPE and/or failed to provide Phillip Liverpool with a revised program and/or placement in light of his unique needs?

Whether a functional behavioral assessment needs to be completed for this student upon release from Riverside?

## III. To the extent known to you at this time, how can this problem be resolved?

**WHEREFORE**, the guardian, by and through counsel, requests the following relief:

1. A finding that DCPS denied Phillip Liverpool FAPE by failing to conduct a psychiatric evaluation pursuant to the Individuals with Disabilities Education Improvement Act of 2004, Pub. L. No. 108-446, Sec. 101, § 614(b);

2. A finding that DCPS denied this student FAPE by failing to convene a meeting to revise this student's program and address placement subsequent to his hospitalization?

3. That DCPS shall conduct and/or fund a functional behavioral assessment and develop an appropriate behavior program for Phillip within 30 days of his release from the hospital;

4. That DCPS shall conduct a comprehensive functional behavioral assessment for the student within 30 calendar days of his release from Riverside Hospital;

5. That in the event that DCPS fails to convene a meeting to revise this student's program and discuss placement prior to his release from Riverside Hospital that DCPS shall fund the private placement of the student and the private placement shall have leave to amend his program as needed to address his unique needs;

6. That DCPS shall provide compensatory education for all denials of a FAPE as may be appropriate, specifically parent requests that one on one tutoring be provided to help Phillip make up for any lessons missed during the course of his hospitalization of not less than 5 hours per week;

7. That DCPS agrees to pay counsel for the parent's reasonable attorney's fees in an amount not to exceed Four Thousand Dollars and Zero Cents ($4,000.00), as full payment of attorneys' fees and related costs incurred in the matter;

8. All meetings shall be scheduled through counsel for the parent, Roberta L. Gambale, Esq., in writing, via facsimile, at 202-742-2097 or 202-742-2098;

4

SEID DPCN Rev'd. 7/01/05

9. Provide the student with a due process hearing within 20 calendar days of a request on any issue arising out of the noncompliance with the DCPS' obligation hereunder, or any disagreement with the assessment, programming or placement the parent may have;

10. In the event that the DCPS shall fail to comply with the terms herein, then under the Conciliation Agreement, the parent shall have the authority to use self help without further notice to the DCPS, and initiate an IEP with the DCPS' invited participation, and unilateral placement in an interim school or educational program until such time the DCPS can come into compliance and properly assess, program and/or participate;

11. Provide counsel for the parent with copies, pursuant to 5 DCMR 3021.8, of all evaluation reports and all educational records on the student no later than sixteen (16) business hours prior to the convening of any meeting;

12. 19.. The DCPS shall ensure that this student has available a Free and Appropriate Public Education including special education, transportation (5 DCMR 3000.3), and Other related services as are defined at 34 C.F.R. 300.24, designed to meet this student's unique needs and preparation for employment and independent living;

13. That DCPS within ten (10) calendar days of the filing of this complaint, pursuant to the Individuals with Disabilities Education Improvement Act of 2004, Pub. L. No. 108-446, Sec. 101, § 615(c)(2)(B), provide the parent's representative, Roberta L. Gambale, Esq., via facsimile, at 202-742-2097 or 202-742-2098, the following: i) an explanation of why DCPS proposed or refused to take the action raised in the complaint; ii) a description of other options that the IEP team considered and the reasons why those options were rejected, iii) a description of each evaluation procedure, assessment, record, or report the agency used as the basis for the proposed or refused action, and iv) a description of the other factors that are relevant to the agency's proposed or refused action;

14. That DCPS, in the event they fail to answer/respond to the issues alleged in the parent's administrative due process hearing complaint, within ten (10) calendar days, the arguments and facts as averred by the guardian will be deemed true and accurate and act as a waiver, on the part of DCPS, for their desire to have a Resolution Session Meeting, and the guardian's administrative due process hearing will be scheduled pursuant to the applicable timelines contained in the IDEIA;

15. That DCPS, within fifteen (15) calendar days of receiving the parent's complaint, pursuant to the Individuals with Disabilities Education Improvement Act of 2004, Pub. L. No. 108-446, Sec. 101, § 615(c)(2)(C), respond to the parent's request alleging any insufficiency of notice.

16. That DCPS' failure to comply with the Individuals with Disabilities Education Improvement Act of 2004, Pub. L. No. 108-446, Sec. 101, § 615(c)(2)(C), and allege any insufficiency of the administrative due process complaint, will constitute waiver on the part of DCPS to make such argument at any later date and time.

17. That DCPS, pursuant to the Individuals with Disabilities Education Improvement Act of 2004, Pub. L. No. 108-446, Sec. 101, § 615(f)(1)(B), within fifteen (15) calendar days of receiving the parent's administrative due process complaint, shall contact the parent's representative, in writing, via facsimile, at 202-742-2097 or 202-742-2098, to schedule and convene a Resolution Session Meeting;

18. That DCPS, pursuant to the Individuals with Disabilities Education Improvement Act of 2004, Pub. L. No. 108-446, Sec. 101, § 615(f)(1)(B), convene the Resolution Session Meeting, with the parent, the parent's representative, and all necessary/relevant members

5

of the student's IS T/IEP Team that have specific knowledge about the child and the facts contained in the complaint. That the relevant members of the MDT/IEP Team that shall be present at the Resolution Session Meeting for the student shall include the following persons: 1) the student's special education teacher, 2) the student's regular education teacher, if applicable, 3) a representative of the local education agency with decision making authority, 4) a person who can interpret the data, 5) any person(s) who conducted any assessments on the student and/or would be qualified to conduct the evaluations requested in the parent's complaint.

19. That DCPS' failure to timely schedule and convene the Resolution Session Meeting within the timeframe identified according to the Individuals with Disabilities Education Improvement Act of 2004, Pub. L. No. 108-446, Sec. 101, § 615(f)(1)(B) constitute joint waiver between DCPS and the guardian to have such meeting and the forty-five (45) days timeline to schedule the student's administrative due process hearing and receive a timely decision will begin to run upon written notice, via facsimile, at 202-442-5556, to the DCPS Office of Student Hearings, by the parent's counsel; and

20. A finding that the parent is the prevailing party in this action.

G. **Accommodations and Assistance Needed:**

- N/A

Dated this 30th day of September, 2005

Roberta L. Gambale, Esq.,
James E. Brown & Associates, PLLC
1220 L Street, NW Suite 700
Washington, DC 20005
202-742-2021
Counsel for the Parent

**Mail, fax or deliver this complaint notice to:**
**State Enforcement and Investigation Division**
**For Special Education Programs (SEID)**
**Student Hearing Office (SHO)**
**825 North Capitol Street, NE, 8th Floor**
**Washington, DC 20002**
**Fax number: 202/442-5556**

6

SEID DPCN Rev'd. 7/01/05

# JAMES E. BROWN & ASSOCIATES, PLLC
*A Professional Limited Liability Company*

| | | |
|---|---|---|
| James E. Brown<br>Domiento C.R. Hill\*◊<br>Roberta Gambale<br>Miguel A. Hull<br>Christopher L. West<br>Tilman L. Gerald<br>-----------------------------<br>\* Admitted in Maryland Only | Attorneys at Law<br>1220 L Street, NW<br>Suite 700<br>Washington, DC 20005<br>Telephone: (202) 742-2000<br>Facsimile: (202) 742-2098<br><br>e-mail: Admin@Jeblaw.biz | Juan J. Fernandez!<br>Roxanne D. Neloms<br>John A. Straus<br>Marshall Lammers°<br>Delores Scott McKnight<br><br>-----------------------------<br>! Admitted in Bolivia Only |

# FAX COVER SHEET

DATE: **September 30, 2005**

TO:   Ms. Newsome, DCPS Student Hearing Coordinator

FAX NO: (202)442-5556

FROM:   Roberta Gambale, Esq.

SUBJECT:   **Due Process Hearing Request – Phillip Liverpool DOB: 11/28/91**

NUMBER OF PAGES INCLUDING COVER SHEET:

**STATEMENT OF CONFIDENTIALITY:**
The information contained in this electronic message and any attachments to this message are intended for the exclusive use of the addressee(s) and may contain confidential or privileged information. If you are not the intended recipient, please notify James E. Brown and Associates, PLLC immediately at (202) 742-2000, and destroy all copies of this message and any attachments.

---

◊ *Of Counsel. Practicing pursuant to Rule 49 (c)(6) of the D.C. Court of Appeals.*
° *Admitted Only in Maryland and New Jersey; Supervision by James E. Brown, a member of the D.C. Bar.*

# District of Columbia Public Schools
## State Enforcement and Investigation Division
Terry Michael Banks, Due Process Hearing Officer
825 North Capitol Street, N.E.; Room 8076
Washington, D.C. 20002
(571) 437-7381
Facsimile: (202) 442-5556

RECEIVED DEC 0 6 2005 STUDENT HEARING OFFICE

**Confidential**

| | | |
|---|---|---|
| PHILIP LIVERPOOL, STUDENT | ) | |
| Date of Birth: November 28, 1991 | ) | Hearing Date: November 28, 2005 |
| Petitioner, | ) | Complaint Filed: September 30, 2005 |
| v. | ) | |
| DISTRICT OF COLUMBIA PUBLIC SCHOOLS | ) | Held at: 825 North Capitol Street, N.E. 8th Floor Washington, D.C. 20002 |
| Respondent. | ) | |
| Student Attending: Riverside Academy Home School: Taft Center | ) | |

## HEARING OFFICER'S DECISION

**Parents:** Mr. Phillip Brown, Father
4427 E. Capitol Street, S.E.; #3
Washington, D.C. 20019

**Counsel for Petitioner:** Roberta L. Gambale, Esquire
James E. Brown & Associates
1220 L Street, N.W.; Suite 700
Washington, D.C. 20005
(202) 742-2000, x2021; Fax: (202)742-2098

**Counsel for DCPS:** Tiffany Puckett, Esquire
Office of the General Counsel, DCPS
825 North Capitol Street, N.E.
9th Floor
Washington, D.C. 20002

An index of names is attached hereto for the benefit of the parties. The index will permit the parties to identify specific witnesses and other relevant persons. The index is designed to be detached before release of this Decision as a public record.

## INDEX OF NAMES

| Child | Phillip Liverpool |
|---|---|
| Child's Parent(s) (specific relationship) | Philip Brown, Father |
| Child/Parent's Representative | Roberta L. Gambale, Esquire |
| School System's Representatives | Tiffany Puckett |

**Jurisdiction**

This hearing was conducted in accordance with the rights established under the Individuals With Disabilities Education Improvement Act of 2004 ("IDEA"), 20 U.S.C. Sections 1400 et seq., Title 34 of the Code of Federal Regulations, Part 300; Title V of the District of Columbia ("District" or "D.C.") Municipal Regulations ("DCMR"), re-promulgated on February 19, 2003; and Title 38 of the D.C. Code, Subtitle VII, Chapter 25.

**Introduction**

Petitioner is a fourteen year-old student attending Riverside Academy ("Riverside"). On September 30, 2005, Petitioner filed a *Due Process Complaint* ("*Complaint*") alleging that the District of Columbia Public Schools ("DCPS") had failed to conduct a psychiatric evaluation and failed to provide an appropriate placement. The due process hearing was convened on November 28, 2005. The parties' Five Day Disclosure Notices were admitted into evidence. Neither party offered testimonial evidence at the hearing.

**Findings of Fact**

1. Petitioner is a fourteen year-old student attending Riverside.[1]

2. On June 24, 2005, a Hearing Officer's Decision ("HOD") was issued that required DCPS, *inter alia*, to conduct a psychiatric evaluation within 45 days. In the event DCPS failed to conduct the evaluation, it was ordered to fund an independent evaluation. The HOD also required DCPS to convene a Multidisciplinary Team ("MDT") meeting within ten days of the completion of the evaluation to "review the evaluations and review and revise the student's [Individualized Education Program ("IEP")] and discuss and determine placement including consideration of residential placement."[2]

3. On September 13, 2005, Petitioner's counsel notified DCPS that she was unable to obtain an independent psychiatric evaluation and that she expected DCPS to conduct the evaluation.[3]

4. DCPS has not conducted the psychiatric evaluation ordered in the June 24, 2005 HOD and has not convened an MDT meeting as ordered.

---

[1] Representation by counsel for DCPS.
[2] Petitioner's Exhibit ("P.Exh.") No. 5 at 2.
[3] P.Exh. No. 3.

**Conclusions of Law**

1. DCPS denied Petitioner a free appropriate public education ("FAPE") by failing to comply with the June 24, 2005 HOD.

2. Petitioner is the prevailing party in this proceeding.

### ORDER

Upon consideration of Petitioner's requests for a due process hearing, the parties' Five Day Disclosure Notices, and the representation of the parties counsel at the hearing, this 6th day of December 2005 it is hereby

**ORDERED,** that on or before December 23, 2005 DCPS shall conduct a psychiatric evaluation of Petitioner and convene a Multidisciplinary Team ("MDT") meeting. DCPS shall coordinate scheduling the MDT meeting, and any meeting in which Petitioner's placement is discussed or determined, through Petitioner's counsel, Roberta L. Gambale, Esquire, (202) 742-2000. The MDT shall update Petitioner's IEP and discuss placement alternatives.

**IT IS FURTHER ORDERED,** that DCPS shall afford Petitioner's parent an opportunity to participate in any meeting in which Petitioner's placement is discussed or determined. The DCPS placement representative shall advise Petitioner's parent of the advantages and disadvantages for Petitioner with respect to each school that is discussed, including any schools proposed by the parent. DCPS shall provide Petitioner's parent an explanation for the placement DCPS proposes, and the reasons for the proposal shall be provided in the Meeting Notes. DCPS shall issue a Prior Notice within seven days of the MDT meeting if Petitioner is placed in a public facility or within 30 days if Petitioner is placed in a private facility.

**IT IS FURTHER ORDERED,** that within 60 days of Petitioner's new placement, DCPS shall conduct a functional behavior assessment ("FBA") and reconvene an MDT meeting to review Petitioner's progress and to discuss the need for an Intervention Behavior Plan. DCPS shall coordinate scheduling the MDT meeting through Petitioner's counsel.

**IT IS FURTHER ORDERED,** that in the event of DCPS' failure to comply with the terms of this Order, Petitioner's counsel will contact counsel for DCPS and the DCPS Office of Mediation & Compliance to attempt to bring the case into compliance prior to filing a hearing request alleging DCPS' failure to comply.[4]

---

[4] If DCPS fails to contact counsel for Petitioner to coordinate scheduling the evaluation or MDT meetings by dates that would make compliance with this Order feasible, the hearing officer expects Petitioner's counsel to initiate telephone calls and electronic correspondence to attempt to effect compliance within the timelines set out herein.

   **IT IS FURTHER ORDERED**, that any delay in meeting any of the deadlines in this Order because of Petitioner's absence or failure to respond promptly to scheduling requests, or that of Petitioner's representatives, will extend the deadlines by the number of days attributable to Petitioner or Petitioner's representatives. DCPS shall document with affidavits and proofs of service for any delays caused by Petitioner or Petitioner's representatives.

   **IT IS FURTHER ORDERED**, that this Order is effective immediately.

**Notice of Right to Appeal Hearing Officer's Decision and Order**

   This is the final administrative decision in this matter. Any party aggrieved by the findings and/or decision may bring a civil action in any state court of competent jurisdiction or in a district court of the United States without regard to the amount in controversy, in accordance with 20 U.S.C. Section 1415(i)(2)(A) within thirty days of the entry of the Hearing Officer's Decision.[5]

_____
Terry Michael Banks
Hearing Officer

Date:   December 6, 2005


Issued:   _12·07·05_

---

[5] See *Amman v. Town of Stow*, 991 F.2d 929, 931(1ˢᵗ Cir. 1993) (since the IDEA does not set a time limit for lawsuits brought under its terms, the district court must "borrow" the most analogous statute of limitations under state law); *Spiegler v. District of Columbia*, 866 F.2d 461, 463-64 (D.C. Cir. 1989)(borrowing a 30-day limitations period for review of agency orders and applying it to an appeal from a decision under the predecessor to IDEA). In the District of Columbia, the Rules of the Board of Education do not prescribe a time limit for bringing the civil action authorized by the IDEA and the Board's Regulations, 5 D.C.M.R. Section 3032.5. The D.C. Administrative Procedures Act defers to the District of Columbia Court of Appeals to set the limitation period for filing an appeal from a final agency action. D.C. Code §2-510(a). Under the Court's rules, a petition for review of an agency order must be filed within thirty days. D.C. Ct. App. Rule 15(a).

Copies to:

Roberta L. Gambale, Esquire
James E. Brown & Associates
1220 L Street, N.W.; Suite 700
Washington, D.C. 20005
(202) 742-2000, x2021; Fax: (202)742-2098

Tiffany Puckett, Esquire
Office of the General Counsel, DCPS
825 North Capitol Street, N.E.
9th Floor
Washington, D.C. 20002



# District of Columbia Public Schools
OFFICE OF GENERAL COUNSEL
825 North Capitol Street NE, 9th Floor
Washington, DC 20002-1994
Phone - 202-442-5000, Fax - 202-442-5098

### APPLICATION FOR PAYMENT OF ATTORNEY FEES AND COSTS
### PURSUANT TO THE INDIVIDUALS WITH DISABILITIES EDUCATION ACT

1. **Attorney Information**
   Law Firm: JAMES E. BROWN & ASSOCIATES, PLLC
   Attorney: JAMES E. BROWN
   Federal Tax ID No.: 52-1500760
   D.C. Bar No.: 61622

2. **Student Information**
   Name: Philip Liverpool
   DOB: 11/28/91
   Date of Determination (HOD/SA): 12/7/05
   Parent/Guardian Name: Phillip Brown
   Parent/Guardian Address: 4427 E. Capitol St., SE, #3, 20019
   Current School: Riverside Academy
   Home School: Taft Center

3. **Invoice Information**
   Invoice Number: 06-012
   Date Request Submitted: 1/12/06
   Date(s) Services Rendered: 7/6/05 to 12/7/05
   Amount of Payment Request: $5,337.13

4. **Certification (must be signed by principal attorney)**

I certify that all of the following statements are true and correct:

- all services listed on the enclosed invoices were actually performed;
- the entire amount requested on the enclosed invoice for payment of costs and expenses represents the actual amount of costs and expenses incurred;
- the District of Columbia Public Schools is the sole entity from which payment of the fees, costs and expenses itemized on the enclosed invoice is requested;
- no attorney or law firm who either (1) provided services listed on the enclosed invoice, or (2) will benefit from any monies paid as a result of the submission of the enclosed invoice, has a pecuniary interest, either through an attorney, officer or employee of the firm, in any special education diagnostic services, schools, or other special education service providers;
- I understand that the making of a false statement to an agency of the DC Government is punishable by criminal penalties pursuant to D.C. Code §22-2405.

_/s/ James E. Brown_                January 12, 2006
Signature                           Date

# LEGEND

### ATTORNEYS

| | |
|---|---|
| JEB | James E. Brown, Esq. |
| DH | Domiento Hill, Esq. |
| CW | Christopher West, Esq. |
| BM | Brenda McAllister, Esq. |
| RG | Roberta Gambale, Esq. |
| MH | Miguel Hull, Esq. |
| RR | Rachel Rubenstein, Esq. |
| JF | Juan Fernandez, Esq. |
| CB | Christina Busso, Esq. |
| JS | John Straus, Esq. |
| RN | Roxanne Neloms, Esq. |
| TG | Tilman Gerald, Esq. |
| DSM | Delores Scott McKnight, Esq. |
| ML | Marshall Lammers, Esq. |

### PARALEGALS and LAW CLERKS

| | |
|---|---|
| AAG | Aracelly A. Gonzalez |
| DP | David Proctor |
| BDL | Blanca De La Sancha |
| SB | Sara Benkharafa |
| WB | Williams Bautista |
| YA | Yamileth Amaya |
| CMM | Claudia M. Martinez |
| HR | Heidi Romero |
| KD | Kelly Dau |
| MT | Michele Torry, BA, L. Cert. |
| TB | Tamika Beasley |

### ADVOCATES

| | |
|---|---|
| MM | Michelle Moody, MA |
| CS | Cheron Sutton-Brock, MA |
| KC | Kevin Carter, MA |
| SM | Sharon Millis, M. Ed. |
| CM | Carolyn Monford, MA |
| GMH | Garfield Mark Holman, MA |
| RB | C. Robin Boucher, Ph.D. |
| TS | Tamieka A. Skinner, MA |
| CP | Carrie Pecover, MA |
| CG | Comesha Griffin, MS |
| WD | William Daywalt, M. Ed. |
| DD | Donte Davis |
| CF | Carlos Fernandez, MA,JD |

### OUT OF POCKET COSTS

| | |
|---|---|
| FAX | Facsimile @ $1.00 per page |
| COP | Reproduction @ $0.25 per page |
| TRN | Transportation @ actual taxi cost |
| TEL | Long Distance Telephone @ actual cost |
| PAR | Parking @ actual cost |
| MES | Messenger/Express Mail @ actual cost |
| POS | Postage @ actual cost |

James E. Brown & Associates, PLLC
A Professional Limited Liability
Company
1220 L Street, NW Suite 700
Washington, DC  20005

Invoice submitted to:
Phil Liverpool

January 05, 2006
In Reference To:  Phil Liverpool

Invoice #11156

Professional Services

| Date | Atty | Description | Hrs/Rate | Amount |
|---|---|---|---|---|
| 7/6/2005 | RG | Telephone call from DCPS staff ( Mr. Workman) re: eval consent and the HOD; draft fax communication and send | 0.33<br>365.00/hr | 120.45 |
| 7/21/2005 | YA | Research educational needs re, dealine | 0.17<br>110.00/hr | 18.70 |
| 7/25/2005 | MM | File review and developed monthly case status report | 0.58<br>185.00/hr | 107.30 |
| 7/26/2005 | RG | Conference with parent re: current status of PL at Riverside and requirements of the last HOD for psychiatric to determine if extended residential needed | 0.42<br>365.00/hr | 153.30 |
| 8/3/2005 | MM | File review and developed monthly case status report re: latest parent and school communication and what needs to happen next. | 0.58<br>185.00/hr | 107.30 |
| | MM | Drafted letter to private school high roads | 0.50<br>185.00/hr | 92.50 |
| | MM | Drafted letter to private school taft | 0.50<br>185.00/hr | 92.50 |
| 8/8/2005 | MM | Conference with parent | 0.33<br>185.00/hr | 61.05 |

Phil Liverpool                                                                                                          Page    2

                                                                                                                  Hrs/Rate    Amount

| Date | Init | Description | Hrs/Rate | Amount |
|---|---|---|---|---|
| 8/19/2005 | WB | Drafted letter to parent re: case status and referral to Interdynamics for independent psychiatric evaluation | 0.50 110.00/hr | 55.00 |
| | WB | Conference with parent and Ms. Regina Brown of Interdynamics for psychiatric evaluation appointment arrangement | 0.25 110.00/hr | 27.50 |
| | RG | Reviewed file ; discussed w advocate; discussed with paralegal; call to Interdynamics | 1.00 365.00/hr | 365.00 |
| | WB | Prepared and sent referral packet to Interdynamics for independent psychiatric evaluation | 1.00 110.00/hr | 110.00 |
| 8/30/2005 | YA | Conference with Interdynamics, Janice Allen re, psychiatric evaluations | 0.25 110.00/hr | 27.50 |
| | YA | Draft letter to attorney re, conference with Interdynamics staff re, psychiatric evaluation | 0.25 110.00/hr | 27.50 |
| 9/6/2005 | YA | Draft letter to Barbara Jordan PCS re, requesting DCPS to conduct Psychiatric Evaluation | 0.58 110.00/hr | 63.80 |
| 9/9/2005 | RG | Conference with parent | 0.33 365.00/hr | 120.45 |
| 9/13/2005 | YA | Draft letter to Taft Center re, Psychiatric Evaluation | 0.75 110.00/hr | 82.50 |
| 9/14/2005 | YA | Drafted letter to parent re, psychiatric request to DCPS | 0.58 110.00/hr | 63.80 |
| 9/30/2005 | RG | Prepared and file due process hearing request to DCPS | 2.00 365.00/hr | 730.00 |
| 10/3/2005 | YA | Drafted letter to parent re,detailed Hearing Request | 0.58 110.00/hr | 63.80 |
| 10/6/2005 | MM | File review and developed monthly case status report | 0.42 185.00/hr | 77.70 |
| 10/7/2005 | AAG | Reviewed advocate's report, file review and discussion with attorney Brown | 0.38 110.00/hr | 41.80 |
| | JEB | Reviewed advocate's report and discussed with paralegal | 0.38 385.00/hr | 146.30 |

Phil Liverpool                                                                                           Page    3

                                                                                                    Hrs/Rate    Amount

| Date | Initials | Description | Hrs/Rate | Amount |
|---|---|---|---|---|
| 10/12/2005 | MM | Reviewed hr dated 9/30/05 | 0.33<br>185.00/hr | 61.05 |
| 11/7/2005 | YA | Tickled disclosure documents | 0.17<br>110.00/hr | 18.70 |
|  | YA | Drafted letter to parent re, Hearing Date Notice | 0.58<br>110.00/hr | 63.80 |
| 11/17/2005 | RG | Prepare disclosure to DCPS and telephone call to parent and grandmother re: upcoming hearing | 1.25<br>365.00/hr | 456.25 |
|  | YA | Assist attorney to prepare disclosure to DCPS, Student Hearing Office and Office General Counsel and tabbing for Hearing Officer and attorney | 1.50<br>110.00/hr | 165.00 |
| 11/23/2005 | BC | File Review and sent letter to parent/student | 0.17<br>130.00/hr | 22.10 |
| 11/25/2005 | MM | Prepared for Due Process Hearing | 1.50<br>185.00/hr | 277.50 |
| 11/28/2005 | RG | Prepared for Due Process Hearing and pre-hearing conference with Dad and grandmom | 1.50<br>365.00/hr | 547.50 |
|  | RG | Appearance to 825 North Capital for due process hearing and post hearing conference w Dad | 1.50<br>365.00/hr | 547.50 |
|  | MM | File review and developed monthly case status report | 0.33<br>185.00/hr | 61.05 |
| 11/30/2005 | YA | Filed back disclosure documents | 0.42<br>110.00/hr | 46.20 |
| 12/7/2005 | YA | Drafted letter to parent re, detailed Hearing Officer's Determination | 0.58<br>110.00/hr | 63.80 |

            For professional services rendered                                                       22.49       $5,086.20

            Additional Charges :

8/23/2005  Postage; letter to parent.                                                                             0.37

9/6/2005   Facsimile req. conduct psychiatric to BJPCS                                                            3.00

| Phil Liverpool | | Page 4 |
|---|---|---|
| | | Amount |
| 9/13/2005 | Facsimile request for psychiatric to Taft Center | 2.00 |
| 9/14/2005 | Copied: letter for parent re: scheduling memo. | 0.75 |
| | Postage; letter to parent | 0.37 |
| | Postage; letter to parent re: schedule memo | 0.37 |
| 9/30/2005 | Facsimile: HR to SHO. | 7.00 |
| 10/3/2005 | Copied documents(Parent/Adv-HR) | 4.00 |
| | Copied: HR letter for parent. | 0.25 |
| | Facsimile(SHO-HR) | 8.00 |
| | Postage; letter to parent re: HR. | 0.60 |
| 11/7/2005 | Copied: letter for parent and advocate re: HND. | 1.00 |
| | Postage; letter to parent re: HND. | 0.37 |
| 11/17/2005 | Messenger Service to and from DCPS (5-day Disclosures) | 20.00 |
| | Copied: Disclosure for SHO, OGC, and attorney. | 75.00 |
| 11/23/2005 | Postage | 0.37 |
| 11/28/2005 | Sedan taxi service to and from DCPS for hearing.(atty.) | 16.00 |
| 12/7/2005 | Copied file and HOD for parent,adv.,attny. | 7.00 |
| | Postage; letter to parent re: HOD. | 0.60 |
| | File review preparation of bill and invoice audit | 96.88 |
| | Facsimile Received from DCPS; HOD | 7.00 |
| | Total costs | $250.93 |
| | Total amount of this bill | $5,337.13 |