# EXHIBIT 16

**State Education Agency for the District of Columbia**
**State Enforcement and Investigation Division (SEID)**
**Special Education Programs**



# *Due Process Complaint Notice*

- The form is used to give notice of a due process complaint to the **District of Columbia Public Schools, District of Columbia Public Charter Schools (DCPS or LEA) and/or parents** with respect to any matter relating to the identification, evaluation, or educational placement of a child with a disability, or the provision of a free appropriate public education to that child. **A party may not have a due-process hearing until the party, or the attorney representing the party, files a notice that meets the requirements of the Individuals with Disabilities Education Improvement Act (IDEIA).**

- The due process complaint must describe an alleged violation that occurred not more than two (2) years before the date that the parent or school system knew or should have known about the alleged action that is the basis of the complaint.

- Notice must be provided to the Student Hearing Office for the DC Public Schools, 825 North Capitol Street, NE, 8th Floor, Washington, DC 20002; fax number 202/442-5556.

- Unless the other party agrees, the party requesting the due process hearing shall not be allowed to raise issues at the due process hearing that are not raised in this Due Process Complaint Notice. Therefore, please be thorough in providing the information requested.

- Prior to the opportunity for an impartial due process hearing, the Local Educational Agency (LEA) shall convene a meeting **(called a "Resolution Session")** with the parent(s) unless the parent(s) and the Local Educational Agency agree in writing to waive this meeting. You will be contacted by a representative of the Local Educational Agency to schedule the meeting. **The Student Hearing Office does NOT schedule resolution meetings**.

- Mediation is also available to all parties as an alternative to a resolution meeting or a Due Process Hearing.

## A.    INFORMATION ABOUT THE STUDENT:

Student Name:  Marcell Lyew-Sang                                  DOB:  October 8, 1992

Address:       1221 Van Buren St., NW, Apt. # 303A, Washington, D.C. 20012

Present School of Attendance:       Brightwood Elementary School

Home School:                        Brightwood Elementary School
                    (Neighborhood school where child is registered)

1

Is this a charter school? ___No_____ (If yes, you must also provide a copy of this notice to the charter school principal or director)

Name: ___Andrea Lyew-Sang and Rafael Johannes_____

Address (if different from the student's above): ___same_____

## B.    Legal Representative/Attorney:

Name: _Miguel A. Hull, Esq._____

Address: ___1220 L St., NW, #700, Washington, D.C. 20005_____

Phone: (w) _(202) 742-2000_____ (Fax) _(202) 742-2098_
(e-mail) _mhull@jeblaw.biz_____

Will attorney / legal representative attend the resolution session?  X Yes        ☐ No

## C.    Complaint Made Against (check all that apply):

X DCPS school (name of the school if different from page one)_____

☐ Charter school (name of the charter school if different from page one)_____

☐ Non-public school or residential treatment facility (name) _____

☐ Parent

## D.    Resolution Session Meeting Between Parent/Representative and LEA:

I understand that it is my right to have a resolution meeting to resolve this complaint. I also understand that I may voluntarily waive this right if I choose. (Note: All parties must agree to waive the resolution meeting to avoid having this meeting.)

The parent, by and through counsel, wishes to waive the Resolution Session Meeting for this process.

## E.    Mediation Process:

IDEIA requires that any time a party requests a due process hearing, mediation should be offered at no cost to the parent. Both parties can request mediation as an alternative to the Resolution Session Meeting or as an alternative to a Due Process Hearing. Please check all that apply:

The parent does not wish to enter into mediation and would only like a due process hearing.

## F.    Facts and Reasons for the Complaint:

2

In accordance with the Individuals with Disabilities Education Improvement Act (IDEIA), please complete the following questions (attach additional pages if needed):

## I.   **Nature of the problem.**

Marcell Lyew-Sang is a thirteen-year-old student currently attending Brightwood Elementary School in the District of Columbia. According to her most recent Individualized Educational Program ("IEP"), she is classified as learning disabled and speech and language impaired and is entitled to twenty-four hours and forty-five minutes per week of specialized instruction; one hour per week of speech therapy; and forty-five minutes per week of psychological services. IEP 9/14/05. Her parents now respectfully assert the following claims against District of Columbia Public Schools ("DCPS"):

1.  **Inappropriate Placement.** On September 14, 2005, when the current IEP was developed, the DCPS-members of the multi-disciplinary team ("MDT") that met, decided that Marcell's placement at Brightwood was not appropriate. The DCPS-members that day suggested Prospect Learning Center to the parents and issued a Prior Notice of Placement to that school. The parents agreed to visit Prospect, which they did visit a few days later. After visiting Prospect, the parents concluded that that school is not appropriate for Marcell. Among other things, the parents believe that Prospect is over capacity, does not have appropriate teaching staff, and has a significant number of emotionally disturbed male students which pose a potential threat to Marcell and maker her feel unsafe. In addition, Marcell suffered a traumatic assault last year from one of her teachers at the non-public school that she was attending at the time. This event has caused her to be less emotionally secure than had been previously determined and more likely to feel unsafe in a placement with emotionally disturbed classmates. In light of this, the parents sent various letters in writing to Brightwood, requesting that the MDT meeting be reconvened to identify another placement. The MDT reconvened on October 21, 2005, at Brightwood, during which the parents further explained their concerns about the inappropriateness of Prospect and requested placement at either the Kingsbury School of Kennedy Institute. The DCPS-members of the team rejected the parents' concerns and suggestions and instead reasserted their position that Marcell be placed at Prospect.

2.  **Refusal to conduct Neurological-psychological Evaluation, Social History and Adaptive Behavioral Assessment.** In the letters that the parents sent to Brightwood requesting that the MDT meeting be reconvened to revisit placement, the parents also requested that DCPS conduct a Neurological-psychological; a Social History; and an Adaptive Behavioral Assessment for Marcell. The letters all stated that the Neurological-psychological was needed as a reevaluation to a previous Neurological-psychological that was done in 2002; the social history was needed to comprehensively summarize all of her numerous medical and emotional conditions that appear piecemeal throughout her other evaluations; and the Adaptive Behavioral Assessment was needed to address her most recent Full Scale I.Q. score of 63 and possible mental retardation. The parents then repeated this request during the MDT on October 21, 2005. The DCPS-members of the

3

team, however, rejected this request and refused to conduct any of the evaluations.

## II. Issues presented.

1. Whether Brightwood Elementary School and Prospect Learning Center are appropriate placements for Marcell Lyew-Sang?
2. Whether DCPS has inappropriately refused to conduct a neurological-psychological; social history; or adaptive behavioral assessment for Marcell?

## III. To the extent known to you at this time, how can this problem be resolved?

1. a finding that Brightwood Elementary School and Prospect Learning Center are not appropriate placements for Marcell Lyew-Sang;

2. a finding that DCPS has inappropriately refused to conduct a neurological-psychological; social history; or adaptive behavioral assessment for Marcell;

3. that DCPS be ordered to fund interim / permanent placement and transportation at one of the following: Kingsburry School, Lab School, Kennedy Institute, or some other appropriate school; — Francis

4. that DCPS be ordered to fund an independent neurological-psychological; social history; and adaptive behavioral assessment;

5. that DCPS be ordered to fund private compensatory education in the form of four hours per week of private one-on-one tutoring until such time as his is functioning on a grade and age appropriate level for the time that she has been at Brightwood and / or Prospect;

6. **NOTE THAT SHOULD THERE BE A RESOLUTION CONFERENCE AS A RESULT OF THIS COMPLAINT, THEN THE PARENT WOULD EXPECT THE TEAM AT THE RESOLUTION CONFERENCE TO BE PREPARED TO: Provide funding for the placements and transportation and the compensatory education requested above.**

   **ALTHOUGH THE PARENTS WILL REASONABLY COOPERATE WITH DCPS BY ATTENDING ANY MEETINGS TO WHICH THEY ARE INVITED, THE PARENT WILL NOT BE SATISFIED IF ALL THAT IS OFFERED AT THE RESOLUTION CONFERENCE IS A PROMISE TO CONVENE AN MDT/SEP MEETING AT A FUTURE DATE. TO THE EXTENT REASONABLY POSSIBLE, THE PARENT WANTS CONCRETE RESULTS FROM THE RESOLUTION CONFERENCE, NOT PROMISES.**

7. that DCPS provide any other relief deemed appropriate and relating to the violations committed here;

4

8. That DCPS agrees to pay parent's counsel reasonable attorney's fees and related costs incurred in the matter;

9. That all meetings shall be scheduled through counsel for the parent, Miguel A. Hull, Esq., in writing, via facsimile, at 202-742-2097 or 202-742-2098;

10. Provide the student with a due process hearing within 20 calendar days of a request on any issue arising out of the noncompliance with the DCPS' obligation hereunder, or any disagreement with the assessment, programming or placement the parent may have;

11. In the event that the DCPS shall fail to comply with the terms herein, then under the Conciliation Agreement, the parent shall have the authority to use self help without further notice to the DCPS, and initiate an IEP with the DCPS' invited participation, and unilateral placement in an interim school or educational program until such time the DCPS can come into compliance and properly assess, program and/or participate;

12. Provide counsel for the parent with copies, pursuant to D.C. Mun. Regs. tit. 5 § 3021.8, of all evaluation reports and all educational records on the student no later than sixteen business hours prior to the convening of any meeting;

13. That DCPS within ten (10) calendar days of the filing of this complaint, pursuant to the IDEIA, Pub. L. No. 108-446, Sec. 101, § 615(c)(2)(B), provide the parent's representative, Miguel A. Hull, Esq., via facsimile, at 202-742-2097 or 202-742-2098, the following: i) an explanation of why DCPS proposed or refused to take the action raised in the complaint; ii) a description of other options that DCPS considered and the reasons why those options were rejected, iii) a description of each evaluation procedure, assessment, record, or report the agency used as the basis for the proposed or refused action, and iv) a description of the other factors that are relevant to the agency's proposed or refused action;

14. That DCPS, in the event they fail to answer/respond to the issues alleged in the parent's administrative due process hearing complaint, within ten (10) calendar days, the arguments and facts as averred by the parent will be deemed true and accurate and act as a waiver, on the part of DCPS, for their desire to have a Resolution Session Meeting, and the parent's administrative due process hearing will be scheduled pursuant to the applicable timelines contained in the IDEIA;

15. That DCPS, within fifteen (15) calendar days of receiving the parent's complaint, pursuant to the IDEIA, Pub. L. No. 108-446, Sec. 101, § 615(c)(2)(C), respond to the parent's request alleging any insufficiency of notice;

16. That DCPS' failure to comply with the IDEIA, Pub. L. No. 108-446, Sec. 101, § 615(c)(2)(C), and allege any insufficiency of the parent's administrative due process complaint, will constitute waiver on the part of DCPS to make such argument at any later date and time;

5

17. That DCPS, pursuant to the <u>IDEIA, Pub. L. No. 108-446, Sec. 101, § 615(f)(1)(B)</u>, within fifteen (15) calendar days of receiving the parent's administrative due process complaint, shall contact the parent's representative, in writing, via facsimile, at 202-742-2015 or 202-742-2098, to schedule and convene a Resolution Session Meeting;

18. That DCPS, pursuant to the <u>IDEIA, Pub. L. No. 108-446, Sec. 101, § 615(f)(1)(B)</u>, convene the Resolution Session Meeting, with the parent, the parent's representative, and all necessary/relevant members of the student's MDT/IEP Team that have specific knowledge about the child and the facts contained in the complaint. That the relevant members of the MDT/IEP Team that shall be present at the Resolution Session Meeting for the student shall include the following persons: 1) the student's special education teacher, 2) the student's regular education teacher, if applicable, 3) a representative of the local education agency with decision making authority, 4) a person who can interpret the data, 5) any person(s) who conducted any assessments on the student, and 6) any service providers for the student;

19. That DCPS' failure to timely schedule and convene the Resolution Session Meeting within the timeframe identified according to the <u>IDEIA, Pub. L. No. 108-446, Sec. 101, § 615(f)(1)(B)</u> constitute joint waiver between DCPS and the parent to have such meeting and the forty-five (45) days timeline to schedule the student's administrative due process hearing and receive a timely decision will begin to run upon written notice, via facsimile, at 202-442-5556, to the DCPS Office of Student Hearings, by the parent's counsel; and

20. A finding that the parent is the prevailing party in this action.

## G.  **Accommodations and Assistance Needed:**

Please list any special accommodations you may require for a Resolution Session Meeting/Mediation Conference/Due Process Hearing.

- Interpreter (please specify the type)_____
- Special Communication (please describe the type)_____
- Special Accommodations for Disability (please be specific)_____
- Other_____

## H.  **Signature:**

_Legal Representative / Advocate (if applicable)_     October 25, 2005
                                                      Date

**Mail, fax or deliver this complaint notice to:**
**State Enforcement and Investigation Division**
**For Special Education Programs (SEID)**
**Student Hearing Office (SHO)**
**825 North Capitol Street, NE, 8th Floor**
**Washington, DC  20002**
**Fax number: 202/442-5556**

6

```
*********************
***   TX REPORT   ***
*********************

TRANSMISSION OK

TX/RX NO              0221
RECIPIENT ADDRESS     94425556
DESTINATION ID
ST. TIME              10/25 16:58
TIME USE              01'02
PAGES SENT            7
RESULT                OK
```

## James E. Brown & Associates, PLLC
### *A Professional Limited Liability Company*

| | | |
|---|---|---|
| James E. Brown | Attorneys at Law | Tilman L. Gerald |
| Domiento C.R. Hill ◊ | 1220 L Street, NW | Roxanne D. Neloms |
| Roberta Gambale | Suite 700 | John A. Straus |
| Miguel A. Hull | Washington, DC 20005 | Dolores Scott McKnight |
| Christopher L. West | Telephone: (202) 742-2000 | Marshall Lammers° |
| Juan J. Fernandez! | Facsimile: (202) 742-2098 | |

e-mail: Admin@Jeblaw.biz

! Admitted in Bolivia Only

# *FAX COVER SHEET*

**DATE:**     October 25, 2005

**TO:**     Student Hearing Office
         District of Columbia Public Schools

**PHONE:**     202 442-5432

**FAX NO:**     202 442-5556

**FROM:**     Miguel Hull, Esq.

**SUBJECT:**     **Marcell Lyew-Sang, DOB10/8/92; Student ID #9048282 – Due Process Hearing Complaint**

**NUMBER OF PAGES INCLUDING COVER SHEET:** ___SEVEN_____

**COMMENTS:**

# District of Columbia Public Schools

## *State Enforcement and Investigation Division*
### *confidential*

2005 DEC 29 PM 12: 31
DC PUBLIC SCHOOL SYSTEM

H. St. Clair, Esq., Due Process Hearing Officer
825 North Capitol Street, NE  8th Floor
Washington, D.C. 20002
Facsimile: (202) 442-5556

| | | |
|---|---|---|
| In the Matter of | ) | **IMPARTIAL** |
| | ) | **DUE PROCESS HEARING** |
| **MARCELL LYEW-SANG**, student | ) | |
| Date of Birth: October 8, 1992 | ) | |
| | ) | **DECISION AND ORDER** |
| Petitioner, | ) | |
| | ) | |
| versus | ) | Request Date: October 26, 2005 |
| | ) | Hearing Date: December 23, 2005 |
| The District of Columbia Public Schools, | ) | |
| Home School: Brightwood Ele. School, | ) | Held at: 825 North Capitol Street, NE |
| Attending: Brightwood Ele. School, | ) | Eighth Floor, Hearing Room 1 |
| | ) | Washington, D.C. 20002 |
| Respondent. | ) | |
| | ) | |

| | |
|---|---|
| **Parent:** | Andrea Lyew-Sang & Rafael Yohannes |
| | 1220 Van Buren Street, NW    Apt No 303A |
| | Washington, D.C. 20012 |
| | |
| **Counsel for the Parent/Student:** | Miguel A. Hull, Esq. |
| | **JAMES E. BROWN & Associates** |
| | 1220  L  Street, NW    Suite 700 |
| | Washington, D.C. 20005 |
| | |
| **District of Columbia Public Schools:** | Katherine G. Rodi, Esq., Attorney-Advisor |
| | **Office of the General Counsel, DCPS** |
| | 825 North Capitol Street, NE  9th Floor |
| | Washington, D.C. 20002 |

An <u>INDEX of NAMES</u> is attached hereto for the benefit of the parties. The index will permit the parties to identify specific witnesses and other relevant witnesses. The index will be detached before release of this <u>DECISION & ORDER</u> as a public record.

i

# INDEX of NAMES for Marcell Lyew-Sang

**Hearing Date:** December 23, 2005

Appearing on behalf of DCPS:

    1. Cynthia Brown, LICSW & Director, CARE Center,  **

Appearing on behalf of the parent/student:

    1. Andrea Lyew-Sang, mother
    2. Rafael Yohannes, father  *
    3. Juan Fernandez, educational advocate  **
    4. John Strauss, Esq., BROWN & ASSOCIATES

\* Gave testimony.
\*\* Gave testimony via telephone.

ii

## INTRODUCTION

On October 19, 2005, Counsel for the Parents filed the herein Complaint on behalf of the parents and student complaining the District of Columbia Public Schools (DCPS) denied a Free Appropriate Public Education (FAPE) to the student. Specifically, Counsel for the Parents complained of inappropriateness of disability coding and educational placement and, for relief, requested specific evaluations and a Finding that Prospect Learning Center was inappropriate.

The Student Hearing Office, DCPS, scheduled a hearing in this matter for 1:00 P.M., Friday, December 23, 2005 at DCPS Headquarters, 825 North Capitol Street, NE 8th Floor, Hearing Room 1, Washington, D.C. 20002. The hearing convened as scheduled.

## JURISDICTION

The hearing convened under Public Law 108-446, The Individuals with Disabilities Education Improvement Act of 2004 and Title V of the District of Columbia Municipal Regulations.

## SUMMARY of the EVIDENCE and FINDINGS of FACT

By facsimile dated December 19, 2005, DCPS disclosed 12 witnesses.

By facsimile dated December 16, 2005, the parents disclosed 6 witnesses and 23 documents.

The documents were placed into the record and are referenced/footnoted herein where relevant.

Counsel for the Parents represented that the student attended a private school for the 2004-05 School Year and returned to DCPS for the 2005-06 School Year because of a sexual assault at the private school near the end of the 2004-05 School Year; that during the September 14, 2005 MDT/IEP/Placement meeting at Brightwood Elementary School, Parents Document Nos 12, 13 & 14, the MDT coded the student MD (Learning Disabled and Speech/Language Impaired), decided that Brightwood ES was inappropriate and issued a Notice of Placement for the student at the Prospect Learning Center (PLC). Counsel for the Parents represented that PLC was inappropriate because the student body was over whelming male and the student as emotionally vulnerable because of the sexual assault; that also inappropriate was the failure on the part of DCPS to administer an adaptive behavioral assessment to the student to rule in/out Mental Retardation. For relief, Counsel for the Parents requested a Finding that PLC was inappropriate for the student; that the student receive a neuropsychological evaluation, a social history, and a vineland or an adaptive behavioral assessment and compensatory education.

The Attorney-Advisor represented that the student's disabilities and needs were appropriately considered and determined at the September 14, 2005 MDT/IEP/Placement; that new medical evidence had not been presented to DCPS to justify a neuropsychological reevaluation.

DCPS was ordered forward.

1 of 5 pages

The Director of the Central Assessment Referral and Evaluations Center (CARE Center) at Shaw Junior High School testified via telephone that she was the case manager for the student and that she conducted the September 14, 2005 MDT/IEP/Placement meeting for the student at the CARE Center. The Director testified that after reviewing the evaluations, the MDT coded the student Multiply Disabled (LD/SLI) with placement at PLC, a full-time DCPS special education day school; that the parent, after visiting PLC, notified her that he considered PLC inappropriate because of the number of emotionally disturbed boys at PLC. The Director testified that she offered to convene an MDT meeting in October 2005 to discuss the parents' concerns. (Counsel for the Parents objected to evidence of the October 21, 2005 MDT/Placement meeting being placed into the record as no documentation of the meeting had been disclosed; the objection was taken under advisement. Here, the objection was OVERRULED and Director's testimony concerning the meeting allowed into the record as being within the personal knowledge of the Director who conducted and participated in the meeting.) The Director testified that an MDT/Placement meeting was convened on October 21, 2005 during which the need for further evaluation of the student and the parents' concerns about PLC were discussed; that the MDT determined the need for further evaluation of the student unnecessary, and against the parents' wishes, renewed the placement for the student at PLC  The Director testified that the parents wanted the student placed at one of certain private schools neither of which the parent(s) had visited. The Director testified that the August 10, 2005 Psycho-educational Evaluation, Parents Document No. 16, which did not recommend further evaluation of the student had sufficiently addressed the student's need for further evaluation. The Director could not speak to the educational qualification of the "school psychologist that completed the psycho-educational evaluation but testified that the student did not present with social-emotional or behavioral problems during school and had undergone a "clinical observation" in class that had not been reduced to writing. On cross-examination, the Director testified that she had neither evaluated, taught nor observed the student and that her information resulted from reading evaluations of the student and conducting the September 14, 2005 and October 21, 2005 MDT meetings. The Director testified that while the student's Full Scale IQ tested at 63 and Achievement Standard Score tested at 66, the psycho-educational evaluator did not suspect Mental Retardation as a disability because subtest in specific areas revealed average intelligence and achievement.

The Educational Advocate testified that he became the educational advocate for the student just prior to the October 21, 2005 MDT/Placement meeting and that he was familiar with the student and the student body and program at PLC; that he considered PLC inappropriate for the student in that she was shy, introverted and not suited to schooling with emotionally disturbed students that to his knowledge Prospect Learning Center had in attendance. On cross-examination, the Advocate testified that he had no formal training in special education.

The Parent testified that his daughter attended Shepherd Elementary School for the 2003-04 School Year and a private school for the 2004-05 School Year; that he withdrew his daughter from the private school and enrolled her at Brightwood ES in September 2005 after he discovered in July 2005 that she had been sexually abused by a female teacher at the private school over an extended period of time beginning sometime in November 2004. The Parent testified that his daughter's personally changed significantly after the assault and that he informed DCPS of the sexual assault upon his daughter in August 2005 and again at the September 14, 2005 MDT/IEP/Placement meeting. The Parent testified that he visited PLC after the September 14, 2005 MDT/IEP/Placement meeting and concluded that the PLC had too many

overactive emotionally disturbed boys for his daughter to attend safely and that, as a matter of course, his daughter would age out of PLC in June 2006; that as a result of the sexual assault his daughter had become very shy with low self-esteem.

In consideration of the testimony, documents and arguments herein, the hearing officer found the following facts:

1. The student was born 26-27 weeks premature and had suffered health setbacks throughout her young life including on automobile accident on September 29, 2001 and possible sexual assaults in a school setting by an authority figure over an extended period time;

2. The August 10, 2005 Psycho-educational Evaluation, Parents Document No 16, tested the student with a Full Scale IQ of 63 and an Achievement Standard Score of 66 but recommended a disability coding of Learning Disabled for the student. The evaluator that completed the August 10, 2005 Psycho-educational Evaluation, Parents Document No 16, did not testify nor was evidenced of the psycho-educational evaluator's qualification other than "school psychologist" in the record.

3. The September 20, 2002 Neuropsychological Evaluation, Parents Document No 19, is more than 3 years old and detailed a medical history of the student that August 10, 2005 Psycho-educational Evaluation could not address.

4. DCPS had notice that MPD was investigating the allegation of the student being sexually assaulted and should have suspected and evaluated the student for Emotional Disturbance.

5. Herein, no Finding as to the appropriateness of PLC is made.

## DISCUSSION and CONCLUSIONS OF LAW

### DCPS did not assess the student in all areas of suspected disability.

The August 10, 2005 Psycho-educational Evaluation was probably an accurate assessment of the student's educational profile but, given the student's complex and extensive medical history, was not enough along with the other current evaluations to complete an appropriate and full evaluation of the student. Here, it should be noted that the psycho-educational evaluator did not testify. Second, the September 20, 2002 Neuropsychological Evaluation that diagnosed the student with serious mental disorders was more than three years old and should have redone; facts that the neuropsychological evaluation was not a DCPS evaluation and that "new" medical evidence had not been presented to DCPS to justify a

3 of 5 pages

neuropsychological reevaluation were immaterial.

It must be stated that the facts in this matter raised questions about the appropriateness of student's Disability Coding. The September 14, 2005 IEP coded the student Learning Disabled in the face of a Full Scale IQ of 63 and an Achievement Standard Score of 66 as revealed by the August 10, 2005 Psycho-educational Evaluation; 3 points is not a severe discrepancy and seemingly suggested that achievement was above ability.

DCPS did not meet their burden in this matter.

Because of questions herein concerning the evaluation of the student, a Finding that Prospect Learning Center was inappropriate for the student could not be made.

In consideration of the foregoing, the hearing officer made the following

## ORDER

1. According to Superintendent's Directive 530.6, DCPS shall fund an independent neuropsychological evaluation of the student. The said evaluation will consider Emotional Disturbance, Other Health Impairment, Learning Disability and/or Mental Retardation Disability Coding(s) for the student. In the consideration of Mental Retardation, the evaluator will address the utility or disutility of the an adaptive behavioral assessment of the student.

2. Within 15 schooldays of receipt of the said neuropsychological evaluation, DCPS will convene an MDT/IEP/Placement meeting during which evaluations will be reviewed, IEP reviewed and revised as appropriate and placement and discussed and determined. If a DCPS placement is recommended, a Notice of Placement will be issued within 5 schooldays of the said meeting; if a non-public placement is recommended, a Notice of Placement will be issued within 30 days of the said meeting.

3 At the said MDT/IEP/Placement meeting, the form, amount and delivery of compensatory education, if any, will be discussed and determined. For disputes under this paragraph, either party may request a hearing.

4 of 5 pages

4. For the said MDT/IEP/Placement meeting, scheduling is to be through and notices are to be sent to Counsel for the Parents except that, for everyday of unavailability of parents/educational advocate/ Counsel for the Parents, the deadline herein will be extended one day. In the event of an independent evaluation sent to DCPS, Counsel for the Parents will verify by telephone the receipt of the evaluation report copy by the DCPS person addressee. For disputes under this paragraph, with the burden of proof on DCPS, documentation of the parties will be relied upon to determine the good faith of each party.

**This is THE FINAL ADMINISTRATIVE DECISION. Appeal can be made to a court of competent jurisdiction within ninety (90) days of the issue date of this decision.**

Date: December 29, 2005

H. St. Clair, Esq., Hearing Officer

Issued: 12/29/05

Student Hearing Office, DCPS

5 of 5 pages

# District of Columbia Public Schools

### OFFICE OF GENERAL COUNSEL
825 North Capitol Street NE, 9th Floor
Washington, DC 20002-1994
Phone - 202-442-5000, Fax - 202-442-5098

## APPLICATION FOR PAYMENT OF ATTORNEY FEES AND COSTS
## PURSUANT TO THE INDIVIDUALS WITH DISABILITIES EDUCATION ACT

1. **Attorney Information**
   Law Firm: JAMES E. BROWN & ASSOCIATES, PLLC
   Attorney: JAMES E. BROWN
   Federal Tax ID No.: 52-1500760
   D.C. Bar No.: 61622

2. **Student Information**
   Name: Marcell Lyew-Sang
   DOB: 10/8/92
   Date of Determination (HOD/SA): 12/29/05
   Parent/Guardian Name: Andrea Lyew-Sang & Rafael Yohannes
   Parent/Guardian Address: 1220 Van Buren St., NW, #303a, 20012
   Current School: Brightwood ES
   Home School: Brightwood ES

3. **Invoice Information**
   Invoice Number: 06-032
   Date Request Submitted: 1/12/06
   Date(s) Services Rendered: 9/27/05 to 12/23/05
   Amount of Payment Request $ 10,525.45

4. **Certification (must be signed by principal attorney)**

I certify that all of the following statements are true and correct:

- all services listed on the enclosed invoices were actually performed;
- the entire amount requested on the enclosed invoice for payment of costs and expenses represents the actual amount of costs and expenses incurred;
- the District of Columbia Public Schools is the sole entity from which payment of the fees, costs and expenses itemized on the enclosed invoice is requested;
- no attorney or law firm who either  (1) provided services listed on the enclosed invoice, or (2) will benefit from any monies paid as a result of the submission of the enclosed invoice, has a pecuniary interest, either through an attorney, officer or employee of the firm, in any special education diagnostic services, schools, or other special education service providers;
- I understand that the making of a false statement to an agency of the DC Government is punishable by criminal penalties pursuant to D.C. Code §22-2405.

_____        January 12, 2006
Signature                               Date

# LEGEND

## ATTORNEYS

| | |
|---|---|
| JEB | James E. Brown, Esq. |
| DH | Domiento Hill, Esq. |
| CW | Christopher West, Esq. |
| BM | Brenda McAllister, Esq. |
| RG | Roberta Gambale, Esq. |
| MH | Miguel Hull, Esq. |
| RR | Rachel Rubenstein, Esq. |
| JF | Juan Fernandez, Esq. |
| CB | Christina Busso, Esq. |
| JS | John Straus, Esq. |
| RN | Roxanne Neloms, Esq. |
| TG | Tilman Gerald, Esq. |
| DSM | Delores Scott McKnight, Esq. |
| ML | Marshall Lammers, Esq. |

## PARALEGALS and LAW CLERKS

| | |
|---|---|
| AAG | Aracelly A. Gonzalez |
| DP | David Proctor |
| BDL | Blanca De La Sancha |
| SB | Sara Benkharafa |
| WB | Williams Bautista |
| YA | Yamileth Amaya |
| CMM | Claudia M. Martinez |
| HR | Heidi Romero |
| KD | Kelly Dau |
| MT | Michele Torry, BA, L. Cert. |
| TB | Tamika Beasley |
| BC | Blair Copeland |

## ADVOCATES

| | |
|---|---|
| MM | Michelle Moody, MA |
| CS | Cheron Sutton-Brock, MA |
| KC | Kevin Carter, MA |
| CM | Carolyn Monford, MA |
| GMH | Garfield Mark Holman, MA |
| RB | C. Robin Boucher, Ph.D. |
| TS | Tamieka A. Skinner, MA |
| CP | Carrie Pecover, MA |
| CG | Cornesha Griffin, MS |
| WD | William Daywalt, M. Ed. |
| DD | Donte Davis |
| CF | Carlos Fernandez, MA,JD |

## OUT OF POCKET COSTS

| | |
|---|---|
| FAX | Facsimile @ $1.00 per page |
| COP | Reproduction @ $0.25 per page |
| TRN | Transportation @ actual taxi cost |
| TEL | Long Distance Telephone @ actual cost |
| PAR | Parking @ actual cost |
| MES | Messenger/Express Mail @ actual cost |
| POS | Postage @ actual cost |

12/27/2005

James E. Brown & Associates, PLLC
A Professional Limited Liability
Company
1220 L Street, NW Suite 700
Washington, DC 20005


Invoice submitted to:
Marcell Lyew-Sang
Andrea Lyewsang and Rafael
Johannes
1221 VanBuren St, NW
# 303A
Washignton DC 20012


January 09, 2006
In Reference To:     Marcell Lyew-Sang
                     DOB: 10/8/92
                     School: Brightwood ES

Invoice #11178

        Professional Services

|  |  |  | Hrs/Rate | Amount |
|---|---|---|---|---|
| 9/27/2005 | MH | Consultation with parent and legal assistant, research and case preparation. | 1.58 365.00/hr | 576.70 |
|  | AAG | Drafted letter to parent and prepared filed jacket | 0.58 110.00/hr | 63.80 |
|  | AAG | Conference with parent to discuss opening case and child's educational needs. | 1.58 110.00/hr | 173.80 |
| 9/28/2005 | MH | Drafted letter to DCPS regarding need for placement meeting. Includes research on issue raised in letter. | 0.42 365.00/hr | 153.30 |
|  | MH | Reviewed IEP dated 9/14/05 and supporting evaluations and MDT notes. Developed plan for case in light of information in these documents. Discussed with parent. | 2.00 365.00/hr | 730.00 |
| 10/3/2005 | AAG | File Review and sent letter to parent/student | 0.17 110.00/hr | 18.70 |
| 10/4/2005 | MH | Conference with school principal regarding need for MDT meeting. | 0.25 365.00/hr | 91.25 |
| 10/11/2005 | MH | Drafted letter to DCPS regarding MDT meeting that is needed to determine placement. | 0.42 365.00/hr | 153.30 |
| 10/13/2005 | HR | Prepared and sent placement package to the Kennedy Institute | 0.58 110.00/hr | 63.80 |

Marcell Lyew-Sang                                                                                    Page    2

|  |  |  | Hrs/Rate | Amount |
|---|---|---|---|---|
| 10/13/2005 | MH | Drafted letter to DCPS / Attorney regarding need to convene MDT/placement meeting. | 0.50 365.00/hr | 182.50 |
|  | HR | Prepared and sent placement package to the Rock Creek Academy | 0.58 110.00/hr | 63.80 |
|  | HR | Prepared and sent placement package to the St. Coletta School | 0.58 110.00/hr | 63.80 |
|  | HR | Prepared and sent placement package to the Kingsbury School | 0.58 110.00/hr | 63.80 |
|  | HR | Prepared and sent placement package to the Lab School | 0.58 110.00/hr | 63.80 |
|  | HR | Draft letter to Christopher N. Anwah Law Office regarding representation and requesting records | 0.50 110.00/hr | 55.00 |
| 10/14/2005 | HR | Draft letter to parent regarding the placement packets sent out for consideration. | 0.50 110.00/hr | 55.00 |
|  | HR | Draft letter to parent regarding MDT meeting | 0.50 110.00/hr | 55.00 |
|  | MH | Conference with principal from Brightwood ES regarding need for MDT. | 0.33 365.00/hr | 120.45 |
| 10/21/2005 | JF | Attended MDT/IEP @ Brightwood ES | 4.83 365.00/hr | 1,762.95 |
| 10/24/2005 | HR | Phone call from Christopher Anwah & Associates regarding educational records | 0.25 110.00/hr | 27.50 |
|  | HR | Discussion with educational advocate regarding phone Christopher Anwah & Associates regarding educational records | 0.25 110.00/hr | 27.50 |
| 10/25/2005 | MH | Prepared and file due process hearing complaint to DCPS.  Includes research on issues raised, discussion with parent, and drafting and revising of claims made. | 2.42 365.00/hr | 883.30 |
|  | HR | Phone call from dad regaridng meeting | 0.25 110.00/hr | 27.50 |
| 10/27/2005 | HR | Draft letter to parent regarding the due process hearing complaint requested. | 0.50 110.00/hr | 55.00 |
|  | YA | Pick up records for new case | 0.50 110.00/hr | 55.00 |
| 11/2/2005 | HR | Phone call from dad regarding meeting | 0.08 110.00/hr | 8.80 |

Marcell Lyew-Sang                                                                                    Page    3

|  |  |  | Hrs/Rate | Amount |
|---|---|---|---|---|
| 11/8/2005 | HR | Discussion with educational advocate regarding contacting parent concerning meeting | 0.25 110.00/hr | 27.50 |
|  | HR | Phone call to parent regarding meeting canceled and placement | 0.25 110.00/hr | 27.50 |
|  | HR | Phone call to Brightwood Elementary School regarding meeting canceled | 0.25 110.00/hr | 27.50 |
| 11/9/2005 | HR | Phone call to the Kennedy Institute regarding status of placement consideration | 0.25 110.00/hr | 27.50 |
|  | HR | Phone call to the Rock Creek Academy regarding status of placement consideration | 0.25 110.00/hr | 27.50 |
|  | HR | Phone call to the the Lab School regarding status of placement consideration | 0.25 110.00/hr | 27.50 |
| 11/10/2005 | HR | Draft memo to attorney and advocate regarding status of placement consider | 0.25 110.00/hr | 27.50 |
| 11/17/2005 | HR | File Review and sent letter to parent/student | 0.17 110.00/hr | 18.70 |
| 11/28/2005 | HR | Draft letter to parent regarding Notice of Hearing | 0.42 110.00/hr | 46.20 |
| 12/16/2005 | HR | Assisted attorney to prepare disclosure to DCPS | 2.17 110.00/hr | 238.70 |
|  | MH | Prepare disclosure to DCPS with assistance of paralegal.  Reviewed entire file and identified potential exhibits and witnesses for the hearing; prepared exhibit packet and cover letter to DCPS, and supervised delivery to DCPS counsel. | 2.50 365.00/hr | 912.50 |
| 12/19/2005 | HR | Prepared and sent placement package to Chelsea School | 0.67 110.00/hr | 73.70 |
|  | HR | Prepared and sent placement package to Kennedy Institute | 0.67 110.00/hr | 73.70 |
|  | HR | Draft letter to parent regarding placement packets sent out. | 0.50 110.00/hr | 55.00 |
|  | HR | Reviewed two packages received with educational records, filed documents in students master file | 0.67 110.00/hr | 73.70 |
| 12/21/2005 | MH | Prepared for Due Process Hearing.  Reviewed disclosure materials, researched issues raised, discussed issues with parent and with DCPS attorney advisor and prepared advocate for possible testimony. | 1.58 365.00/hr | 576.70 |

Marcell Lyew-Sang

Page 4

| | | | Hrs/Rate | Amount |
|---|---|---|---|---|
| 12/22/2005 | JF | Prepared for Due Process Hearing by reviewing documentation form past MDT/IEP meeting I attend, also discussed possible testimony with parent and child's attorney | 1.50 365.00/hr | 547.50 |
| 12/23/2005 | JF | Appearance to 825 North Capital for due process hearing | 1.00 365.00/hr | 365.00 |
| | MH | Appearance to 825 North Capital for due process hearing | 3.67 365.00/hr | 1,339.55 |
| | | For professional services rendered | 38.58 | $10,108.80 |

Additional Charges :

| | | Amount |
|---|---|---|
| 9/27/2005 | Copied documents; letter to parent | 0.50 |
| | Postage; letter to parent | 0.37 |
| | Copied documents(Intake) | 29.25 |
| 9/28/2005 | Copied: memo for advocate. | 0.50 |
| 10/3/2005 | Postage; letter to parent | 0.37 |
| 10/13/2005 | Postage; Placement package to RCA, The Lab School, Kennedy Institute, St. Coletta School and Kingsbury School. | 19.75 |
| | Copied placement packages to<br>-Kingsburry School<br>-St. Colleta<br>-Kennedy Institute<br>-RCA and<br>-Lab School Of Washington | 125.00 |
| | Copied documents; placement letter with case status and meeting letter | 2.00 |
| | Facsimile to C. Anah Law Office | 4.00 |
| 10/14/2005 | Postage; letter to parent | 0.60 |
| | Postage; letter to parent | 0.37 |
| 10/27/2005 | Postage; letter to parent re: case status. | 0.60 |
| | Copied: DPH complaint letter for parent. | 1.75 |
| 11/17/2005 | Postage; letter to parent | 0.37 |
| 11/28/2005 | Postage; letter to parent re: case status. | 0.37 |

Marcell Lyew-Sang                                                          Page    5

                                                                          <u>Amount</u>

| Date | Description | Amount |
|---|---|---|
| 11/28/2005 | Copied NOH and letter for parent. | 0.50 |
| 12/16/2005 | Messenger Service to and from DCPS (5-day Disclosures) | 20.00 |
| | Copied: Disclosure for SHO and OGC. | 66.50 |
| 12/19/2005 | Copied placement packet for Kennedy Institute. | 12.00 |
| | Copied placement letters with case status for parent. | 0.75 |
| | Postage; Placement Packet & Kennedy Inst. | 4.22 |
| | Copied placement packet for Chelsea School. | 12.00 |
| 12/23/2005 | Sedan taxi service to  DCPS for hearing.(attny) | 8.00 |
| | Taxi service from  DCPS for hearing | 10.00 |
| | File review preparation of bill and invoice audit | 96.88 |
| | Total costs | $416.65 |
| | Total amount of this bill | $10,525.45 |