# EXHIBIT 17

*State Education Agency for the District of Columbia*
*State Enforcement and Investigation Division (SEID)*
*Special Education Programs*



### *Due Process Complaint Notice*

- The form is used to give notice of a due process complaint to the **District of Columbia Public Schools, District of Columbia Public Charter Schools (DCPS or LEA) and/or parents** with respect to any matter relating to the identification, evaluation, or educational placement of a child with a disability, or the provision of a free appropriate public education to that child. <u>**A party may not have a due process hearing until the party, or the attorney representing the party, files a notice that meets the requirements of the Individuals wit**</u>

- The due process complaint must describe an alleged violation that occurred not more than two (2) years before the date that the parent or school system knew or should have known about the alleged action that is the basis of the complaint.

- Notice must be provided to the Student Hearing Office for the DC Public Schools, 825 North Capitol Street, NE, 8th Floor, Washington, DC 20002; fax number 202/442-5556.

- <u>Unless the other party agrees, the party requesting the due process hearing shall not be allowed to raise issues at the due process hearing that are not raised in this Due Process Complaint Notice.</u>  Therefore, please be thorough in providing the information requested.

- Prior to the opportunity for an impartial due process hearing, the Local Educational Agency (LEA) shall convene a meeting **(called a "Resolution Session")** with the parent(s) unless the parent(s) and the Local Educational Agency agree in writing to waive this meeting.  You will be contacted by a representative of the Local Educational Agency to schedule the meeting. **The Student Hearing Office does NOT schedule resolution meetings**.

- Mediation is also available to all parties as an alternative to a resolution meeting or a Due Process Hearing.

A.    **INFORMATION ABOUT THE STUDENT:**

Name of the Student: <u>Shaun Miller</u>   Date of Birth: <u>May 22, 1990</u>
Address: <u>600 46th Place, S.E., Washington, DC 20019</u>
Home School:   <u>Eastern Senior High School (05/06) –</u>
Present School of Attendance: <u>N/A- Eastern is the proposed placement for 05/06</u>[1]

Is this a charter school? <u>No</u>          (If yes, you must also provide a copy of this notice to the charter school principal or director)

Parent/Guardian of the Student: <u>Ms. Lisa Miller</u>
Address (if different from the student's above): <u>same</u>

B.    **Legal Representative/Attorney:**

Name: <u>Roberta L. Gambale, Esq. ( James Brown and Associates, PLLC)</u>
Address: <u>1220 "L" Street, Suite 700, Washington, DC 20005</u>
Phone: (w) <u>(202)742-2000 (ext. 2021)</u> (Fax) <u>(202) 742-2098</u>   (e-mail)
<u>Rgambale@jeblaw.biz</u>
Will attorney / legal representative attend the resolution session?          <u>X</u> Yes
         ☐ No

C.    **Complaint Made Against (check all that apply):**

**X**  DCPS school (name of the school if different from page one)

D.    **Resolution Session Meeting Between Parent/Representative and LEA:**

I understand that it is my right to have a resolution meeting to resolve this complaint.  I also understand that I may voluntarily waive this right if I choose.  (Note:  All parties must agree to waive the resolution meeting to avoid having this meeting.)

The parent, by and through counsel, wishes to waive the Resolution Session Meeting for  this process.

E.    **Mediation Process:**

IDEIA requires that any time a party requests a due process hearing, mediation should be offered at no cost to the parent.  Both parties can request mediation as an alternative to the Resolution Session Meeting or as an alternative to a Due Process Hearing.  Please check all that apply:

**I am requesting an administrative due process hearing <u>only</u>.**

---

[1] Shaun was registered at Eastern for 05/06 based upon the direction of his Middle School placement and his records are contained therein. However, it should be noted that his neighborhood school is Woodson Senior High School.

F.    <u>Facts and Reasons for the Complaint</u>:

    In accordance with the Individuals with Disabilities Education Improvement Act (IDEIA), please complete the following questions (attach additional pages if needed):

I.  <u>Nature of the problem</u>.

    A.  <u>District of Columbia Public Schools ("DCPS") failed to conduct re-evaluations for Shaun Miller based upon the parent's written request and/or failed to conduct a triennial evaluation in the area of speech and language</u>

District of Columbia Public Schools ("DCPS") failed to conduct re-evaluations for the student, Shaun Miller, DOB: 5/22/90 as requested by the parent in writing on or about on or about August 2, 2005. The request was made pursuant to the Individuals with Disabilities Education Improvement Act of 2004, Pub. L. No. 108-446, Sec. 101, § 614(b) and the failure to conduct evaluations amounts to a denial of Free and Appropriate Public Education for this child. Shaun was lasted evaluated during the 2002/2003 School Year. ( April 2003). At that time a psycho-educational and clinical evaluation were completed for Shaun. In addition, Shaun has previously been administered an occupational therapy elevation ( March 2003) and a Speech and Language evaluation (December 2002) which has now expired. The only recent testing administered to Shaun has been a vocational assessment. Not only did DCPS fail to evaluate but DCPS also failed to respond to parent's request for re-evaluations. DCPS has not convened a Student Evaluation Plan ("SEP") meeting and/or issued a Notice of Intent to Evaluate this student. Arrangements will need to be made through the parent for the evaluations since transporting Shaun to the school has been problematic.

As the public agency, DCPS is obligated to ensure that evaluations are kept up to date and that re-evaluations are conducted not less than every three years. In the case at hand, DCPS failed to conduct a triennial evaluation for Shaun in the area of speech and language. Speech therapy is a related service received by this student.

Parent strongly felt that evaluations were warranted based upon the fact that Shauna aged out of his prior placement and placement was an issue for Shaun for the 2005/2006 school year. Re-evolutions were also recommended by Shaun's case manager at the Hospital for Sick Children.

According to Individuals with Disabilities Education Improvement Act of 2004, Pub. L. No. 108-446, Sec. 101, § 614(b)(2)(A) DCPS, as the local and state education agency responsible for ensuring that a student is evaluated so as to "gather relevant functional, developmental and academic information .... To assist in developing the content of the child's indivualized education program". <u>See</u> Individuals with Disabilities Education Improvement Act of 2004, Pub. L. No. 108-446, Sec. 101, § 614(b)(2)(A)(ii). Furthermore there is an obligation to ensure that a child is "assessed in all areas of suspected disability" and/or upon the request of the parent. Individuals with Disabilities Education Improvement Act of 2004, Pub. L. No. 108-446, Sec. 101, § 614(b)(3)(v)(B).

## II. Issues presented.

- Whether District of Columbia Public Schools ("DCPS") failed to a  conduct re-evaluations for Shaun Miller as requested by the parent?

- Whether District of Columbia Public Schools ("DCPS") failed to conduct a triennial speech and language evaluation for Shaun?

- Whether District of Columbia Public Schools ("DCPS") failed  to issue a Notice of Intent to Evaluate Shaun Miller pursuant to the parent's request?

- Whether District of Columbia Public Schools ("DCPS") failed to provide Shaun Miller with a Free and Appropriate Public Education?

## III. To the extent known to you at this time, how can this problem be resolved?

WHEREFORE, the parent , by and through counsel, requests the following relief:

1. A finding that DCPS denied Shaun Miller FAPE by failing to  conduct re-evaluations for Shaun Miller's fearful behavior, the cause and/or impact on his education;

2. That DCPS shall conduct and/or fund the following evaluations for Shaun Miller:   1) psycho-educational; 2) speech and language; 3) clinical; 4) occupational therapy;

3. That DCPS shall reconvene a meeting within ten (10) calendar days to review evaluation results; revise Shaun's program as appropriate, discuss and determine compensatory education; discuss and determine placement if warranted;

4. That DCPS agrees to pay counsel for the parent's reasonable attorney's fees in an amount not to exceed Four Thousand Dollars and Zero Cents ($4,000.00), as full payment of attorneys' fees and related costs incurred in the matter;

5. All meetings shall be scheduled through counsel for the parent, Roberta L. Gambale, Esq., in writing, via facsimile, at 202-742-2097 or 202-742-2098;

6. Provide the student with a due process hearing within 20 calendar days of a request on any issue arising out of the noncompliance with the DCPS' obligation hereunder, or any disagreement with the assessment, programming or placement the parent may have;

7. In the event that the DCPS shall fail to comply with the terms herein, then under the Conciliation Agreement, the parent shall have the authority to use self help without further notice to the DCPS, and initiate an IEP with the DCPS' invited participation, and unilateral placement in an interim school or educational

program until such time the DCPS can come into compliance and properly assess, program and/or participate;

8. Provide counsel for the parent with copies, pursuant to 5 DCMR 3021.8, of all evaluation reports and all educational records on the student no later than sixteen (16) business hours prior to the convening of any meeting;

9. 19.. The DCPS shall ensure that this student has available a Free and Appropriate Public Education including special education, transportation (5 DCMR 3000.3), and Other related services as are defined at 34 C.F.R. 300.24, designed to meet this student's unique needs and preparation for employment and independent living;

10. That DCPS within ten (10) calendar days of the filing of this complaint, pursuant to the Individuals with Disabilities Education Improvement Act of 2004, Pub. L. No. 108-446, Sec. 101, § 615(c)(2)(B), provide the parent's representative, Roberta L. Gambale, Esq., via facsimile, at 202-742-2097 or 202-742-2098, the following: i) an explanation of why DCPS proposed or refused to take the action raised in the complaint; ii) a description of other options that the IEP team considered and the reasons why those options were rejected, iii) a description of each evaluation procedure, assessment, record, or report the agency used as the basis for the proposed or refused action, and iv) a description of the other factors that are relevant to the agency's proposed or refused action;

11. That DCPS, in the event they fail to answer/respond to the issues alleged in the parent's administrative due process hearing complaint, within ten (10) calendar days, the arguments and facts as averred by the guardian will be deemed true and accurate and act as a waiver, on the part of DCPS, for their desire to have a Resolution Session Meeting, and the guardian's administrative due process hearing will be scheduled pursuant to the applicable timelines contained in the IDEIA;

12. That DCPS, within fifteen (15) calendar days of receiving the parent's complaint, pursuant to the Individuals with Disabilities Education Improvement Act of 2004, Pub. L. No. 108-446, Sec. 101, § 615(c)(2)(C), respond to the parent's request alleging any insufficiency of notice.

13. That DCPS' failure to comply with the Individuals with Disabilities Education Improvement Act of 2004, Pub. L. No. 108-446, Sec. 101, § 615(c)(2)(C), and allege any insufficiency of the administrative due process complaint, will constitute waiver on the part of DCPS to make such argument at any later date and time.

14. That DCPS, pursuant to the Individuals with Disabilities Education Improvement Act of 2004, Pub. L. No. 108-446, Sec. 101, § 615(f)(1)(B), within fifteen (15) calendar days of receiving the parent's administrative due process complaint, shall contact the parent's representative, in writing, via facsimile, at 202-742-2097 or 202-742-2098, to schedule and convene a Resolution Session Meeting;

15. That DCPS, pursuant to the Individuals with Disabilities Education Improvement Act of 2004, Pub. L. No. 108-446, Sec. 101, § 615(f)(1)(B), convene the

Resolution Session Meeting, with the parent, the parent's representative, and all necessary/relevant members of the student's MDT/IEP Team that have specific knowledge about the child and the facts contained in the complaint. That the relevant members of the MDT/IEP Team that shall be present at the Resolution Session Meeting for the student shall include the following persons: 1) the student's special education teacher, 2) the student's regular education teacher, if applicable, 3) a representative of the local education agency with decision making authority, 4) a person who can interpret the data, 5) any person(s) who conducted any assessments on the student and/or would be qualified to conduct the evaluations requested in the parent's complaint.

16. That DCPS' failure to timely schedule and convene the Resolution Session Meeting within the timeframe identified according to the Individuals with Disabilities Education Improvement Act of 2004, Pub. L. No. 108-446, Sec. 101, § 615(f)(1)(B) constitute joint waiver between DCPS and the guardian to have such meeting and the forty-five (45) days timeline to schedule the student's administrative due process hearing and receive a timely decision will begin to run upon written notice, via facsimile, at 202-442-5556, to the DCPS Office of Student Hearings, by the parent's counsel; and

17. A finding that the parent is the prevailing party in this action.

**G.    Accommodations and Assistance Needed:**

- N/A

Dated this 19th day of October, 2005

Roberta L. Gambale, Esq.,
James E. Brown & Associates, PLLC
1220 L Street, NW Suite 700
Washington, DC 20005
202-742-2021
Counsel for the Parent

**Mail, fax or deliver this complaint notice to:**
**State Enforcement and Investigation Division**
**For Special Education Programs (SEID)**
**Student Hearing Office (SHO)**
**825 North Capitol Street, NE, 8th Floor**
**Washington, DC  20002**
**Fax number: 202/442-5556**

(In the Matter of SM    DOB: 5/17/91    HOD: December 30, 2005)

# DISTRICT OF COLUMBIA PUBLIC SCHOOLS
## *State Enforcement and Investigation Division*
### CONFIDENTIAL
## Coles B. Ruff, Jr., Due Process Hearing Officer

| | | |
|---|---|---|
| In the Matter of Shaun Miller | ) | **IMPARTIAL DUE PROCESS** |
| Date of Birth: May 17, 1991 | ) | |
| | ) | **HEARING OFFICER'S DECISION** |
| | ) | |
| Petitioner (Student), | ) | Hearing Date: December 15, 2005 |
| | ) | |
| v. | ) | Held at: 825 North Capitol St. NE |
| | ) | Washington, DC |
| District of Columbia Public Schools | ) | |
| ("DCPS" or "District") | ) | |
| Attending School: Eastern SHS | ) | |
| Respondent. | ) | |

Hearing Participants:
Counsel for Student:                          Roberta Gambale, Esq.
                                              1220 L Street NW   #700
                                              Washington DC  20002

Counsel for DCPS:                             Michael Levy, Esq.
                                              Office of General Counsel
                                              825 North Capitol St. NE
                                              Washington, DC  20002

## INTRODUCTION:

A Due Process Hearing was convened on December 15, 2005, at the headquarters of the District of Columbia Public Schools, 825 North Capitol Street, NE, Washington, DC 20002. The hearing was held pursuant to a hearing request submitted by the counsel for the student filed October 20, 2005.

## JURISDICATION:

The hearing was conducted and this decision was written pursuant to the *Individuals with Disabilities Act* (I.D.E.A.), P.L. 101-476, as amended by P.L. 105-17 and the *Individuals with Disabilities Education Improvement Act of 2004* (I.D.E.I.A.), the Rules of the Board of Education of the District of Columbia and the DC Appropriations Act, Section 145, effective October 21, 1998.

1

(In the Matter of SM    DOB: 5/17/91    HOD: December 30, 2005)

## DUE PROCESS RIGHTS:

The student's counsel waived a formal reading of the due process rights.

## SUMMARY OF THE RELEVANT EVIDENCE:

The Hearing Officer considered the representations made on the record by each counsel and documents contained in the parties' disclosure statements, which were admitted into the record. The parties discussed the matter on the record and reached an agreement.

## FINDINGS OF FACT:

The Hearing Officer finds that the agreement reached on the record by the parties is in the best interest of the student and, therefore, a Hearing Determination is hereby issued incorporating the agreement as stated.

## ORDER:

1. DCPS conduct the following evaluations of the student within thirty (30) calendar days of the issuance of this Order: psycho-educational, clinical psychological, and speech/language.
2. If DCPS does not conduct the evaluations within the prescribed time DCPS shall fund and the parent shall obtain the evaluations independently consistent with the Superintendent's March 20, 2002, cost directive.
3. DCPS shall, within fifteen (15) school days completion or receipt of the above listed evaluations, convene a multi-disciplinary team/individualized educational program (MDT/IEP) meeting to review the student's evaluations, review and revise the student's IEP, discuss and determine placement, and discuss compensatory education and develop a compensatory education plan if warranted.
4. If the student's placement is changed DCPS shall issue a prior notice of placement within five (5) school days of the MDT/IEP meeting if the recommended placement is public and thirty (30) calendar days if the recommended placement is private.
5. Scheduling of the MDT/IEP meeting is to be arranged through parent's counsel.
6. DCPS will be given a day for a day extension of any of the prescribed time frames in this Order for any delay caused by the student, the parent and/or their representative(s).
7. This Order resolves all issues in this case and the Hearing Officer makes no additional findings.

(In the Matter of SM   DOB: 5/17/91   HOD: December 30, 2005)

**APPEAL PROCESS:**

This is the final administrative decision in this matter. Appeals on legal grounds may be made to a court of competent jurisdiction within 30 days of the rendering of this decision.

**Coles B. Ruff, Esq.**
**Hearing Officer**
**Date: December 30, 2005**

Issued: _12-30-05_

3

(In the Matter of SM    DOB: 5/17/91    HOD: December 30, 2005)

## In the MATTER of Shaun Miller V. DCPS

### INDEX OF EXHIBITS

| EXHIBIT # | IDENTIFICATION | ADMITTED |
|---|---|---|
| SM 1-19 | Parent's Disclosures | Yes |
| DCPS 1-2 | DCPS Disclosure | Yes |
|  |  |  |
|  |  |  |
|  |  |  |
|  |  |  |
|  | * A detailed list of the documents disclosed is contained in the parties' disclosure notices |  |
|  |  |  |
|  |  |  |
|  |  |  |
|  |  |  |
|  |  |  |
|  |  |  |
|  |  |  |
|  |  |  |
|  |  |  |
|  |  |  |
|  |  |  |
|  |  |  |
|  |  |  |
|  |  |  |
|  |  |  |
|  |  |  |
|  |  |  |
|  |  |  |
|  |  |  |
|  |  |  |

(In the Matter of SM   DOB: 5/17/91   HOD: December 30, 2005)

## In the MATTER OF Shaun Miller V. DCPS

## RECORD OF PROCEEDING

| DATE | DESCRIPTION |
|---|---|
| 10/20/05 | Request for Due Process |
| | Notice of Pre-Hearing Conference (as applicable) |
| 11/17/05 | Notice of Due Process Hearing |
| | SETS Disposition Form |
| | Transcripts or audio tapes of hearing |
| | |
| | |
| | |
| | |
| | |
| | |
| | |
| | |
| | |
| | |
| | |
| | |
| | |
| | |
| | |
| | |
| | |
| | |
| | |
| | |
| | |
| | |
| | |
| | |
| | |
| | |
| | |
| | |

5

(In the Matter of SM   DOB: 5/17/91   HOD: December 30, 2005)

# INDEX OF NAMES

## In the MATTER OF Shaun Miller V. DCPS

| | |
|---|---|
| Assistant Superintendent, Special Education (or Director) | |
| Special Education Teacher | |
| School Psychologist | |
| Regular Education Teacher | |
| Principal | |
| Speech/Language Therapist | |
| Occupational Therapist | |
| Physical Therapist | |
| Private Psychologist | |
| Child and Child's DCPS ID # or SSN (insert ID # or Case Number on each page of the HOD vice child's name) | |
| Child's Parent(s) (specific relationship) | |
| Child/Parent's Representative | Roberta Gambale, Esq. |
| School System's Representative | Michael Levy, Esq. |
| Educational Advocate | |
| | |
| | |
| | |
| | |
| | |
| | |
| | |
| | |
| | |
| | |
| | |
| | |
| | |
| | |
| | |
| | |
| | |
| | |
| | |

6

# District of Columbia Public Schools
## *Office of Compliance*
## STUDENT HEARING OFFICE
825 North Capitol Street, N.E.
8TH Floor
Washington, D.C. 20002
FAX: (202) 442-5556



## *FACSIMILE SHEET*

Date: 12-30-05

TO: R. Gambale

FROM: STUDENT HEARING OFFICE

RE: HOD — Shaun Miller

TOTAL NUMBER OF PAGES, INCLUDING COVER:


COMMENTS:



*CONFIDENTIALITY NTOICE:* The information accompanying this facsimile is intended only for the use of the individual or entity named above. If you are not the intended recipient, you are hereby notified that any disclosure, copying, distribution or the taking of any action in reliance on the content of this telecopied information is strictly prohibited.

# District of Columbia Public Schools

### OFFICE OF GENERAL COUNSEL
825 North Capitol Street NE, 9th Floor
Washington, DC 20002-1994
Phone - 202-442-5000, Fax – 202-442-5098

## APPLICATION FOR PAYMENT OF ATTORNEY FEES AND COSTS
## PURSUANT TO THE INDIVIDUALS WITH DISABILITIES EDUCATION ACT

1. **Attorney Information**
   Law Firm: JAMES E. BROWN & ASSOCIATES, PLLC
   Attorney: JAMES E. BROWN
   Federal Tax ID No.: 52-1500760
   D.C. Bar No.: 61622

2. **Student Information**
   Name: Shaun Miller
   DOB: 5/17/91
   Date of Determination (HOD/SA): 12/30/05
   Parent/Guardian Name: Lisa Miller
   Parent/Guardian Address: 600 46 pl., SE, #21, WDC 20019
   Current School: Eastern SHS
   Home School: Eastern SHS

3. **Invoice Information**
   Invoice Number: 06-034
   Date Request Submitted: 1/12/06
   Date(s) Services Rendered: 10/14/05 to 12/15/05
   Amount of Payment Request: $ 6,055.56

4. **Certification (must be signed by principal attorney)**

I certify that all of the following statements are true and correct:

- all services listed on the enclosed invoices were actually performed;
- the entire amount requested on the enclosed invoice for payment of costs and expenses represents the actual amount of costs and expenses incurred;
- the District of Columbia Public Schools is the sole entity from which payment of the fees, costs and expenses itemized on the enclosed invoice is requested;
- no attorney or law firm who either  (1) provided services listed on the enclosed invoice, or (2) will benefit from any monies paid as a result of the submission of the enclosed invoice, has a pecuniary interest, either through an attorney, officer or employee of the firm, in any special education diagnostic services, schools, or other special education service providers;
- I understand that the making of a false statement to an agency of the DC Government is punishable by criminal penalties pursuant to D.C. Code §22-2405.

_____                    January 12, 2006
Signature                                            Date

# LEGEND

## ATTORNEYS

| | |
|---|---|
| JEB | James E. Brown, Esq. |
| DH | Domiento Hill, Esq. |
| CW | Christopher West, Esq. |
| BM | Brenda McAllister, Esq. |
| RG | Roberta Gambale, Esq. |
| MH | Miguel Hull, Esq. |
| RR | Rachel Rubenstein, Esq. |
| JF | Juan Fernandez, Esq. |
| CB | Christina Busso, Esq. |
| JS | John Straus, Esq. |
| RN | Roxanne Neloms, Esq. |
| TG | Tilman Gerald, Esq. |
| DSM | Delores Scott McKnight, Esq. |
| ML | Marshall Lammers, Esq. |

## PARALEGALS and LAW CLERKS

| | |
|---|---|
| AAG | Aracelly A. Gonzalez |
| DP | David Proctor |
| BDL | Blanca De La Sancha |
| SB | Sara Benkharafa |
| WB | Williams Bautista |
| YA | Yamileth Amaya |
| CMM | Claudia M. Martinez |
| HR | Heidi Romero |
| KD | Kelly Dau |
| MT | Michele Torry, BA, L. Cert. |
| TB | Tamika Beasley |
| BC | Blair Copeland |

## ADVOCATES

| | |
|---|---|
| MM | Michelle Moody, MA |
| CS | Cheron Sutton-Brock, MA |
| KC | Kevin Carter, MA |
| CM | Carolyn Monford, MA |
| GMH | Garfield Mark Holman, MA |
| RB | C. Robin Boucher, Ph.D. |
| TS | Tamieka A. Skinner, MA |
| CP | Carrie Pecover, MA |
| CG | Comesha Griffin, MS |
| WD | William Daywalt, M. Ed. |
| DD | Donte Davis |
| CF | Carlos Fernandez, MA, JD |

## OUT OF POCKET COSTS

| | |
|---|---|
| FAX | Facsimile @ $1.00 per page |
| COP | Reproduction @ $0.25 per page |
| TRN | Transportation @ actual taxi cost |
| TEL | Long Distance Telephone @ actual cost |
| PAR | Parking @ actual cost |
| MES | Messenger/Express Mail @ actual cost |
| POS | Postage @ actual cost |

12/27/2005

James E. Brown & Associates, PLLC
A Professional Limited Liability
Company
1220 L Street, NW Suite 700
Washington, DC 20005

Invoice submitted to:
Shaun Miller

January 09, 2006
In Reference To:     Shaun Miller

Invoice #11190

Professional Services

| | | Hrs/Rate | Amount |
|---|---|---|---|
| 10/14/2005 YA | Filed back disclosure documents, sorting and organizing files from hearing held on October 11, 2005 | 1.00<br>110.00/hr | 110.00 |
| 10/19/2005 RG | Prepared and file due process hearing request to DCPS and discussion with mom | 2.00<br>365.00/hr | 730.00 |
| 10/20/2005 YA | Drafted letter to parent re, detailed Hearing Request | 0.58<br>110.00/hr | 63.80 |
| 10/21/2005 YA | Tickled resolution meeting | 0.17<br>110.00/hr | 18.70 |
| YA | Drafted letter to parent re, resolution meeting | 0.58<br>110.00/hr | 63.80 |
| 10/24/2005 RG | Conference with parent | 0.33<br>365.00/hr | 120.45 |
| 10/25/2005 RG | Conference with parent | 0.33<br>365.00/hr | 120.45 |
| 10/26/2005 YA | Research educational needs re, parent request | 0.33<br>110.00/hr | 36.30 |

**Shaun Miller**                                                                                    Page    2

|  |  |  | Hrs/Rate | Amount |
|---|---|---|---|---|
| 10/27/2005 | RG | Discussion with Mr. Brockenverry at Eastern | 0.25<br>365.00/hr | 91.25 |
| 10/28/2005 | MM | File review and developed  monthly case status report and update regarding last parent communication and school communication and documented next thing to be done in case. | 0.33<br>185.00/hr | 61.05 |
|  | RG | Conference with parent ; call to SEC at Eastern; Call to Dr. Wallace ; discuss with MM re: follw up | 0.67<br>365.00/hr | 244.55 |
| 10/31/2005 | YA | Drafted letter to parent re:Hearing | 0.58<br>110.00/hr | 63.80 |
| 11/1/2005 | YA | Phone call from` parent re, confirm meeting | 0.17<br>110.00/hr | 18.70 |
| 11/3/2005 | MM | File review and developed  monthly case status report | 0.25<br>185.00/hr | 46.25 |
|  | RG | Attended DRS session with mom  and assistend parent with registration at the school and discussed case status with parent and evaluations. | 3.33<br>365.00/hr | 1,215.45 |
| 11/7/2005 | YA | Drafted letter to parent re, disability form | 0.58<br>110.00/hr | 63.80 |
|  | YA | sent deadline notice to attorney and advocate | 0.17<br>110.00/hr | 18.70 |
| 11/11/2005 | MM | File review and developed  monthly case status report | 0.42<br>185.00/hr | 77.70 |
| 11/21/2005 | YA | Drafted letter to parent re, Hearing Date | 0.58<br>110.00/hr | 63.80 |
| 11/22/2005 | RG | Conference with parent | 0.33<br>365.00/hr | 120.45 |
| 11/23/2005 | RG | Conference with parent re: status; letter to Sharpe Health and discussion with Ms. Lewis re: home service request sent 11-3-05 | 0.33<br>365.00/hr | 120.45 |
| 11/25/2005 | MM | File review and developed  monthly case status report document the most recent communication  with the school and the parent and docuemtn what needds to be done next. | 0.58<br>185.00/hr | 107.30 |

**Shaun Miller**                                                                                        Page     3

|  |  |  | Hrs/Rate | Amount |
|---|---|---|---|---|
| 12/1/2005 | RG | Conference with parent re: status | 0.33<br>365.00/hr | 120.45 |
| 12/5/2005 | YA | File Review and sent letter to parent/student | 0.17<br>110.00/hr | 18.70 |
| 12/8/2005 | YA | Assist attorney to prepare disclosure to DCPS, Student Hearing Office and Office of General Counsel and tabbing for Hearing Officer | 1.50<br>110.00/hr | 165.00 |
|  | RG | Prepare disclosure to DCPS- reviewed file and identified documents to be disclosed for upcoming hearing, as well as, witnesses and instructed paralegal | 1.00<br>365.00/hr | 365.00 |
| 12/14/2005 | MM | Prepared for Due Process Hearing | 1.50<br>185.00/hr | 277.50 |
|  | RG | Prepared for Due Process Hearing and discussion with mom | 1.50<br>365.00/hr | 547.50 |
| 12/15/2005 | RG | Appearance to 825 North Capital for due process hearing and pre/post hearing conference with mom | 2.00<br>365.00/hr | 730.00 |
|  |  | For professional services rendered | 21.89 | $5,800.90 |
|  |  | Additional Charges : |  |  |
| 10/19/2005 |  | Facsimile: HR to SHO. |  | 8.00 |
| 10/20/2005 |  | Copied status report+ hearing request |  | 0.25 |
|  |  | Postage; letter to parent |  | 0.60 |
|  |  | Copied documents(Parent/ad-HR) |  | 4.00 |
| 10/21/2005 |  | Postage; letter to parent |  | 0.37 |
|  |  | Copied: schedule memo for parent and advocate. |  | 1.75 |
| 10/24/2005 |  | Postage; letter to parent re: HR and meeting. |  | 0.83 |
|  |  | Copied: HR and resolution meeting letter for parent. |  | 3.50 |
| 10/31/2005 |  | Copied: case status letter for parent. |  | 0.25 |
| 11/1/2005 |  | Postage; letter to parent re: HOD. |  | 0.37 |

**Shaun Miller**                                                                    Page    **4**

| | | Amount |
|---|---|---:|
| 11/7/2005 | Copied: letter for parent. | 0.75 |
| | Postage; letter to parent re: disability form. | 0.37 |
| 11/21/2005 | Postage; letter to parent re: HDN | 0.37 |
| | Copied documents; letter to parent | 0.50 |
| 12/5/2005 | Postage; letter to parent | 0.37 |
| 12/8/2005 | Messenger Service to and from DCPS (5-day Disclosures) | 20.00 |
| | Copied: Disclosure for SHO, OGC, and atty. | 115.50 |
| 12/15/2005 | File review preparation of bill and invoice audit | 96.88 |
| | **Total costs** | **$254.66** |
| | **Total amount of this bill** | **$6,055.56** |