# EXHIBIT 18



**EXHIBIT**

**JM-4**

***State Education Agency for the District of Columbia***
***State Enforcement and Investigation Division (SEID)***
***Special Education Programs***



# ADMINISTRATIVE DUE PROCESS COMPLAINT NOTICE

- The form is used to give notice of a due process complaint to the **District of Columbia Public Schools, District of Columbia Public Charter Schools (DCPS or LEA) and/or parents** with respect to any matter relating to the identification, evaluation, or educational placement of a child with a disability, or the provision of a free appropriate public education to that child. <u>**A party may not have a due process hearing until the party, or the attorney representing the party, files a notice that meets the requirements of the Individuals with Disabilities Education Improvement Act (IDEIA).**</u>

- The due process complaint must describe an alleged violation that occurred not more than two (2) years before the date that the parent or school system knew or should have known about the alleged action that is the basis of the complaint.

- Notice must be provided to the Student Hearing Office for the DC Public Schools, 825 North Capitol Street, NE, 8th Floor, Washington, DC 20002; fax number 202/442-5556.

- <u>Unless the other party agrees, the party requesting the due process hearing shall not be allowed to raise issues at the due process hearing that are not raised in this Due Process Complaint Notice.</u> Therefore, please be thorough in providing the information requested.

- Prior to the opportunity for an impartial due process hearing, the Local Educational Agency (LEA) shall convene a meeting **(called a "Resolution Session")** with the parent(s) unless the parent(s) and the Local Educational Agency agree in writing to waive this meeting. You will be contacted by a representative of the Local Educational Agency to schedule the meeting. **The Student Hearing Office does NOT schedule resolution meetings**.

- Mediation is also available to all parties as an alternative to a resolution meeting or a Due Process Hearing.

## A. INFORMATION ABOUT THE STUDENT:

Name of the Student:  Jordan Myrick   Date of Birth: January 8th, 1988

Address:  1015 Hamilton Street, NW, Washington, DC 20011

Present School of Attendance:  Coolidge Senior High School

Parent/Guardian of the Student: ___Winifred Myrick___

**B.    Legal Representative/Attorney (if applicable):**

Name: ___Roxanne Neloms, Esq.___

Address: ___1220 L Street, NW, Suite 700, Washington, DC 20005___

Phone: (w) _202-742-2000_ (Fax) _202-742-2097_ (e-mail) _____

Will attorney / legal representative attend the resolution session?    **X** Yes    ☐ No

**C.    Complaint Made Against (check all that apply):**

**X** DCPS

☐ Charter    school    (name    of    the    charter    school    if    different    from    page
one)_____

☐ Non-public    school    or    residential    treatment    facility    (name)
_____

☐ Parent

**D.    Resolution Session Meeting Between Parent and LEA:**

I understand that it is my right to have a resolution meeting to resolve this complaint. I also understand that I may voluntarily waive this right if I choose. (Note: All parties must agree to waive the resolution meeting to avoid having this meeting.)

**X** I wish to waive the Resolution Session Meeting

**E.    Mediation Process:**

IDEIA requires that any time a party requests a due process hearing, mediation should be offered at no cost to the parent. Both parties can request mediation as an alternative to the Resolution Session Meeting or as an alternative to a Due Process Hearing. Please check all that apply:

**I am requesting an administrative due process hearing _only_ at this time.**

**F.    Facts and Reasons for the Complaint:**

### I.  Nature of the Problem.

1.      DCPS Denied the Student with a Free and Appropriate Public Education by Failing to Comply with the Individuals with Disabilities Education Improvement Act (2004), Pub. L. No. 108-446, Sec. 101, § 614. An MDT/IEP Eligibility Meeting was held for the student on August 15th, 2005. At the BLMDT/IEP Meeting, the MDT Team, after a review of the evaluations determined that the student was eligible to receive special education and its related services as a result of his emotional disturbance and learning disability. See Individualized Educational Program dated August 15th, 2005. Specifically, the MDT Team determined that the student was

in need of thirty (30) hours a week of specialized instruction, one (1) hour a week of language therapy, and one (1) hour a week of counseling services. Id. The District of Columbia Public Schools ("DCPS") at the conclusion of the MDT/IEP Meeting, when the time came to discuss placement, informed the parent and her educational advocate that they did not have a placement option for the student at the time and he was to go to the CHOICE Academy until such time a placement was located. The CHOICE Academy is not a full-time placement and is unable to meet the student's special education needs. To date, with the start of school net week, DCPS has yet to identify, propose, or offer the student any possible placements.

## II. Issues presented.

1. DCPS Denied the Student with a Free and Appropriate Public Education by Failing to Have the Student Placed in an Appropriate Special Education Program.

## III.    Relief Sought.

1. A finding that DCPS denied the student with a Free and Appropriate Public Education by failing to have the student placed in an appropriate special education program;

2. DCPS, within ten (10) school days, agrees to reconvene the student's MDT/IEP Meeting and Issue a Prior Notice of Placement to the Florence Bertil Academy, the Pathways School of Silver Spring, or the Kennedy Kreiger School in Baltimore, Maryland;

3. DCPS agrees to fund the parent's independent psychiatric, functional behavioral assessment, and vocational level III evaluation;

4. DCPS, within ten (10) business days of their receipt of the evaluation(s) agrees to agrees to reconvene the student's BLMDT/IEP Meeting, to review all outstanding evaluations, determine, revise and update the student's IEP as appropriate, and discuss and determine placement;

5. DCPS agrees to provide the student with four (4) hours of compensatory Education services a week, in the form of one-on-one tutoring, for three years;

6. DCPS agrees to pay counsel for the parent reasonable attorney's fees;

7. All meetings shall be scheduled through counsel for the parent, Roxanne Neloms, Esq. or Domiento C.R. Hill, Esq., in writing, via facsimile, at 202-742-2097 or 202-742-2098;

8. DCPS will be given a day for day extension for any delay caused by the parent, the student, counsel for the parent, or the parent's educational advocate;

9. Provide the student with a due process hearing within 20 calendar days of a request on any issue arising out of the noncompliance with the DCPS' obligation hereunder, or any disagreement with the assessment, programming or placement the parent may have;

10. In the event that the DCPS shall fail to comply with the terms herein, then under the Conciliation Agreement, the parents shall have the authority to use self help without further notice to the DCPS, and initiate an IEP with the DCPS' invited participation, and unilateral placement in an interim school or educational program until such time the DCPS can come into compliance and properly assess, program and/or participate;

11. The DCPS shall ensure that this student has available a Free and Appropriate Public Education including special education, transportation (5 DCMR 3000.3), and Other related services as are defined at 34 C.F.R. 300.7; Assistance to States for the Education of Children with Disabilities, 70 Fed. Reg. 35782, 35836 (June 21, 2005) (to be codified at 34 C.F.R. pt. 300), designed to meet this student's unique needs and preparation for employment and independent living;

12. Send all notices to counsel for the parent with copies of such to the parent and in the parent's native language;

13. That DCPS within ten (10) calendar days of the filing of this complaint, pursuant to the Individuals with Disabilities Education Improvement Act of 2004, Pub. L. No. 108-446, Sec. 101, § 615(c)(2)(B), provide the parents' representative, Roxanne Neloms, Esq., via facsimile, at 202-742-2097 or 202-742-2098, the following:  i) an explanation of why DCPS proposed or refused to take the action raised in the complaint; ii) a description of other options that the IEP team considered and the reasons why those options were rejected, iii) a description of each evaluation procedure, assessment, record, or report the agency used as the basis for the proposed or refused action, and iv) a description of the other factors that are relevant to the agency's proposed or refused action;

14. That DCPS, in the event they fail to answer/respond to the issues alleged in the parent's administrative due process hearing complaint, within ten (10) calendar days, the arguments and facts as averred by the parent will be deemed true and accurate and act as a waiver, on the part of DCPS, for their desire to have a Resolution Session Meeting, and the parent's administrative due process hearing will be scheduled pursuant to the applicable timelines contained in the IDEIA;

15. That DCPS, within fifteen (15) calendar days of receiving the parent's complaint, pursuant to the Individuals with Disabilities Education Improvement Act of 2004, Pub. L. No. 108-446, Sec. 101, § 615(c)(2)(C), respond to the parent's request alleging any insufficiency of notice;

16. That DCPS' failure to comply with the Individuals with Disabilities Education Improvement Act of 2004, Pub. L. No. 108-446, Sec. 101, § 615(c)(2)(C), and allege any insufficiency of the parent's administrative due process complaint, will constitute waiver on the part of DCPS to make such argument at any later date and time;

17. That DCPS, pursuant to the Individuals with Disabilities Education Improvement Act of 2004, Pub. L. No. 108-446, Sec. 101, § 615(f)(1)(B), within fifteen (15) calendar days of receiving the parent's administrative due process complaint, shall contact the parent's representative, in writing, via facsimile, at 202-742-2097 or 202-742-2098, to schedule and convene a Resolution Session Meeting;

4

18. That DCPS, pursuant to the Individuals with Disabilities Education Improvement Act of 2004, Pub. L. No. 108-446, Sec. 101, § 615(f)(1)(B), convene the Resolution Session Meeting, with the parent, the parent's representative, and all necessary/relevant members of the student's MDT/IEP Team that have specific knowledge about the child and the facts contained in the complaint. That the relevant members of the MDT/IEP Team that shall be present at the Resolution Session Meeting for the student shall include the following persons:  1) the student's special education teacher, 2) the student's regular education teacher, if applicable, 3) a representative of the local education agency with decision making authority, 4) a person who can interpret the data, 5) any person(s) who conducted any assessments on the student, and 6) any service providers for the student;

19. That DCPS' failure to timely schedule and convene the Resolution Session Meeting within the timeframe identified according to the Individuals with Disabilities Education Improvement Act of 2004, Pub. L. No. 108-446, Sec. 101, § 615(f)(1)(B) constitute joint waiver between DCPS and the parent to have such meeting and the forty-five (45) days timeline to schedule the student's administrative due process hearing and receive a timely decision will begin to run upon written notice, via facsimile, at 202-442-5556, to the DCPS Office of Student Hearings, by the parent's counsel; and

20. A finding that the parent is the prevailing party in this action.

## G.   Accommodations and Assistance Needed:

Please list any special accommodations you may require for a Resolution Session Meeting/Mediation Conference/Due Process Hearing.

- Interpreter                    (please                    specify                    the type)_____
- Special              Communication              (please          describe          the type)_____
- Special          Accommodations          for          Disability          (please          be specific)_____
- Other_____

## H.   Signature:

_Roxanne Neloms (ATT)_          8/26/05

Legal Representative / Advocate (if applicable)          Date

**Mail, fax or deliver this complaint notice to:**
**State Enforcement and Investigation Division**
**For Special Education Programs (SEID)**
**Student Hearing Office (SHO)**
**825 North Capitol Street, NE, 8th Floor**
**Washington, DC  20002**
**Fax number: 202/442-5556**

```
***********************
***   TX REPORT   ***
***********************


TRANSMISSION OK

TX/RX NO            0772
CONNECTION TEL                 92024425556
CONNECTION ID
ST. TIME           08/26 17:41
USAGE T            00'54
PGS. SENT             6
RESULT             OK
```

# James E. Brown & Associates, PLLC
*A Professional Limited Liability Company*

| | | |
|---|---|---|
| James E. Brown | Attorneys at Law | Tilman L. Gerald |
| Domiento C.R. Hill ◦ | 1220 L Street, NW | Roxanne D. Neloᴍ |
| Roberta Gambale | Suite 700 | John A. Straus |
| Miguel A. Hull | Washington, DC 20005 | Dolores Scott McK ɪght |
| Christopher L. West | Telephone: (202) 742-2000 | Marshall Lammers |
| Juan J. Fernandez! | Facsimile: (202) 742-2098 | |

e-mail: Admin@Jeblaw.biz

! Admitted in Bolivia Onl

# *FAX COVER SHEET*

TO:    Sharon Newsome, Scheduling Coordinator, Office of Student Hearings, DCPS

FROM: Domiento C.R. Hill, Esq. for Roxanne Neloms, Esq.

DATE:  August 26th, 2005

FAX NO: 202-442-5556

SUBJECT: J.M., DOB: 1/8/88

NUMBER OF PAGES INCLUDING COVER SHEET: 6

COMMENTS: Administrative due process hearing request. Thank you for your assistance.

**STATEMENT OF CONFIDENTIALITY:**
The information contained in this electronic message and any attachments to this message are intended for the exclusive use σ  he
addressee(s) and may contain confidential or privileged information. If you are not the intended recipient, please notify James E  Brown
and Associates, PLLC immediately at (202) 742-2000, and destroy all copies of this message and any attachments.



*State Education Agency for the District of Columbia*
*State Enforcement and Investigation Division (SEID)*
*Special Education Programs*



# ADMINISTRATIVE DUE PROCESS COMPLAINT NOTICE

- The form is used to give notice of a due process complaint to the **District of Columbia Public Schools, District of Columbia Public Charter Schools (DCPS or LEA) and/or parents** with respect to any matter relating to the identification, evaluation, or educational placement of a child with a disability, or the provision of a free appropriate public education to that child. <u>**A party may not have a due process hearing until the party, or the attorney representing the party, files a notice that meets the requirements of the Individuals with Disabilities Education Improvement Act (IDEIA).**</u>

- The due process complaint must describe an alleged violation that occurred not more than two (2) years before the date that the parent or school system knew or should have known about the alleged action that is the basis of the complaint.

- Notice must be provided to the Student Hearing Office for the DC Public Schools, 825 North Capitol Street, NE, 8th Floor, Washington, DC 20002; fax number 202/442-5556.

- <u>Unless the other party agrees, the party requesting the due process hearing shall not be allowed to raise issues at the due process hearing that are not raised in this Due Process Complaint Notice.</u> Therefore, please be thorough in providing the information requested.

- Prior to the opportunity for an impartial due process hearing, the Local Educational Agency (LEA) shall convene a meeting **(called a "Resolution Session")** with the parent(s) unless the parent(s) and the Local Educational Agency agree in writing to waive this meeting. You will be contacted by a representative of the Local Educational Agency to schedule the meeting. **The Student Hearing Office does NOT schedule resolution meetings**.

- Mediation is also available to all parties as an alternative to a resolution meeting or a Due Process Hearing.

## A.  INFORMATION ABOUT THE STUDENT:

Name of the Student: _Jordan Myrick_  Date of Birth: _January 8th, 1988_

Address: _1015 Hamilton Street, SE, Washington, DC 20011_

Present School of Attendance: _Coolidge Senior High School_

Parent/Guardian of the Student:  Ms. Winifred Myrick

**B.**     **Legal Representative/Attorney (if applicable):**

Name:  _____Roxanne Neloms, Esq._____

Address:  _____1220 L Street, NW, Suite 700, Washington, DC 20005_____

Phone: (w) _202-742-2000_ (Fax) _202-742-2097_ (e-mail) _____

Will attorney / legal representative attend the resolution session?      **X** Yes          ☐ No

**C.**     **Complaint Made Against (check all that apply):**

**X** DCPS

☐Charter     school     (name     of     the     charter     school     if     different     from     page
one)_____

☐Non-public     school     or     residential     treatment     facility     (name)

_____

☐Parent

**D.**     **Resolution Session Meeting Between Parent and LEA:**

I understand that it is my right to have a resolution meeting to resolve this complaint. I also understand that
I may voluntarily waive this right if I choose. (Note: All parties must agree to waive the resolution
meeting to avoid having this meeting.)

**X** I wish to waive the Resolution Session Meeting

**E.**     **Mediation Process:**

IDEIA requires that any time a party requests a due process hearing, mediation should be offered at no cost
to the parent. Both parties can request mediation as an alternative to the Resolution Session Meeting or as
an alternative to a Due Process Hearing. Please check all that apply:

**I am requesting an administrative due process hearing <u>only</u> at this time.**

**F.**     **Facts and Reasons for the Complaint:**

### I.  Nature of the Problem.

1. <u>DCPS Denied the Student with a Free and Appropriate Public Education by Failing to
Comply with the Individuals with Disabilities Education Improvement Act (2004), Pub. L.
No. 108-446, Sec. 101, § 614 (a)(2)(A) and Conduct the Student's Remaining Evaluations.</u>
The student currently attends Coolidge Senior High School in the District of Columbia where
he is in the eleventh grade. The student is eligible to receive special education and its related
services as a result of his being emotionally disturbed and learning disabled.

2

An MDT/IEP Meeting was held for the student on August 15th, 2005. At the BLMDT/IEP Meeting, the MDT Team, determined that the student was in need of a psychiatric evaluation, vocational level II evaluation, and a functional behavior assessment. See MDT/IEP Meeting Notes dated August 15th, 2005.

On August 23rd, 2005, DCPS responding to earlier correspondence from the parent's counsel, as well as a follow-up to the MDT/IEP Meeting, wrote to the parent's counsel informing him that the student's MDT/IEP Meeting would be within forty-five (45) calendar days or September 29th, 2005. See Correspondence dated September 29th, 2005.

On September 20th, 2005, counsel for the parent wrote to DCPS informing them that all of the student's remaining evaluations needed to be forwarded to his attention, via facsimile, by the close of business September 30th, 2005, or the parent would file an administrative due process hearing request. See Correspondence dated September 20th, 2005. DCPS never responded. To date, forty-five (45) days have passed and DCPS has yet to complete the student's remaining evaluations.

2.  DCPS Denied the Student with a Free and Appropriate Public Education by Failing to Provide the Student with All of Her Specialized Instruction and Related Services, and by Failing to Have the Student Placed in An Appropriate Special Education Program. Compensatory education is generally defined as educational services above and beyond the services normally due a student under his state's education law. While compensatory education is not a remedy expressly identified in the IDEA courts have routinely awarded it in appropriate circumstances by exercising their authority under 20 U.S.C. § 1415 (I)(2)(B)(ii) to "grant such relief as the court determines appropriate." See Pihl v. Massachusetts Department of Education, 18 IDELR 668 (1st Cir. 1993); Burr v. Ambach, 1988-89 EHLR 441:314 (2d Cir. 1988); Lester H. by Octavia P. v. Gilhool, 16 EHLR 1354 (3d Cir. 1990); Hall v. Knott County Board of Education, 18 EDELR 192 (6th Cir. 1991); Parents of Student W v. Puyallup School District No. 3, 21IDELR 723 (9th Cir. 1994); Jefferson County Board of Education v. Green, 1987-88 EHLR 559:144 (N.D. Ala. 1987); Harris v. District of Columbia, 19 IDELR 105 (D.D.C. 1992); McManus v. Wilmette Sch. Dist. 39 Bd. Of Educ., 19 IDELR 485 (N.D. Ill. 1992); and Burlington School Committee v. Massachusetts Department of Education, 1984-85 EHLR 556:389 (1985).

Furthermore, courts have found compensatory education appropriate to make up periods when a student has been inappropriately placed or denied services. See, e.g., Manchester Sch. Dist. v. Christopher B., 20 IDELR 389 (D.N.H. 1992). The length of time of the compensatory education award commonly equals the length of the inappropriate placement or denial of services, measured in weeks, months or even years. In Manchester, the court found the student was entitled to two and one-half years of compensatory education for his being inappropriately placed for two and one-half years. Simply put, compensatory education is an appropriate remedy when a student has been denied FAPE in the past. In the instant matter it is clear the student is entitled to compensatory education services.

Specifically, the student was referred for special education testing and eligibility on or about May 29th, 2005. DCPS, according to the applicable rules and regulations was to have had all of the student's special education testing, an eligibility determination, and an appropriate placement located within one hundred and twenty (120) days. Unfortunately, this has yet to occur. Indeed, well over one (1) month has passed and DCPS has yet to complete the special education process for this student.

3

## II. Issues presented.

1. Did DCPS deny the student with a Free and Appropriate Public Education by by failing to comply with the Individuals with Disabilities Education Improvement Act (2004), Pub. L. No. 108-446, Sec. 101, § 614 (a)(2)(A) and timely conduct the student's remaining evaluations.

2. Did DCPS deny the student with a Free and Appropriate Public Education by failing to timely complete the special education process for the student and provide him with his special education instruction and related services in an appropriate placement.

## III.    Relief Sought.

1. A finding that DCPS denied the student with a Free and Appropriate Public Education by failing to comply with the Individuals with Disabilities Education Improvement Act (2004), Pub. L. No. 108-446, Sec. 101, § 614 (a)(2)(A) and timely conduct the student's remaining psychiatric, vocational level III; and functional behavior assessment;

2. A finding that DCPS denied the student with a Free and Appropriate Public Education by failing to timely complete the special education process for the student and provide him with his special education instruction and related services in an appropriate special education placement;

3. DCPS, agrees to fund the student's psychiatric, vocational level III, and functional behavior eevaluations/assessments;

4. DCPS, within five (5) school or business days, whichever timeframe is shorter, agrees to reconvene the student's MDT/IEP Meeting, to review the outstanding reevaluations/assessments, revise and update the student's IEP as necessary;

5. DCPS agrees to provide the student with four (4) hours of compensatory education services a week, in the form of one-on-one tutoring, for one year;

6. DCPS agrees to pay counsel for the parent reasonable attorney's fees;

7. All meetings shall be scheduled through counsel for the parent, Roxanne Neloms, Esq. or Domiento C.R. Hill, Esq., in writing, via facsimile, at 202-742-2097 or 202-742-2098;

8. DCPS will be given a day for day extension for any delay caused by the parent, the student, counsel for the parent, or the parent's educational advocate;

9. Provide the student with a due process hearing within 20 calendar days of a request on any issue arising out of the noncompliance with the DCPS' obligation hereunder, or any disagreement with the assessment, programming or placement the parent may have;

4

10. In the event that the DCPS shall fail to comply with the terms herein, then under the Conciliation Agreement, the parents shall have the authority to use self help without further notice to the DCPS, and initiate an IEP with the DCPS' invited participation, and unilateral placement in an interim school or educational program until such time the DCPS can come into compliance and properly assess, program and/or participate;

11. The DCPS shall ensure that this student has available a Free and Appropriate Public Education including special education, transportation (5 DCMR 3000.3), and Other related services as are defined at 34 C.F.R. 300.7; Assistance to States for the Education of Children with Disabilities, 70 Fed. Reg. 35782, 35836 (June 21, 2005) (to be codified at 34 C.F.R. pt. 300), designed to meet this student's unique needs and preparation for employment and independent living;

12. Send all notices to counsel for the parent with copies of such to the parent and in the parent's native language;

13. That DCPS within ten (10) calendar days of the filing of this complaint, pursuant to the Individuals with Disabilities Education Improvement Act of 2004, Pub. L. No. 108-446, Sec. 101, § 615(c)(2)(B), provide the parents' representative, Roxanne Neloms, Esq., via facsimile, at 202-742-2097 or 202-742-2098, the following: i) an explanation of why DCPS proposed or refused to take the action raised in the complaint; ii) a description of other options that the IEP team considered and the reasons why those options were rejected, iii) a description of each evaluation procedure, assessment, record, or report the agency used as the basis for the proposed or refused action, and iv) a description of the other factors that are relevant to the agency's proposed or refused action;

14. That DCPS, in the event they fail to answer/respond to the issues alleged in the parent's administrative due process hearing complaint, within ten (10) calendar days, the arguments and facts as averred by the parent will be deemed true and accurate and act as a waiver, on the part of DCPS, for their desire to have a Resolution Session Meeting, and the parent's administrative due process hearing will be scheduled pursuant to the applicable timelines contained in the IDEIA;

15. That DCPS, within fifteen (15) calendar days of receiving the parent's complaint, pursuant to the Individuals with Disabilities Education Improvement Act of 2004, Pub. L. No. 108-446, Sec. 101, § 615(c)(2)(C), respond to the parent's request alleging any insufficiency of notice;

16. That DCPS' failure to comply with the Individuals with Disabilities Education Improvement Act of 2004, Pub. L. No. 108-446, Sec. 101, § 615(c)(2)(C), and allege any insufficiency of the parent's administrative due process complaint, will constitute waiver on the part of DCPS to make such argument at any later date and time;

17. That DCPS, pursuant to the Individuals with Disabilities Education Improvement Act of 2004, Pub. L. No. 108-446, Sec. 101, § 615(f)(1)(B), within fifteen (15) calendar days of receiving the parent's administrative due process complaint, shall contact the parent's representative, in writing, via facsimile, at 202-742-2097 or 202-742-2098, to schedule and convene a Resolution Session Meeting;

18. That DCPS, pursuant to the Individuals with Disabilities Education Improvement Act of 2004, Pub. L. No. 108-446, Sec. 101, § 615(f)(1)(B), convene the Resolution Session Meeting, with the parent, the parent's representative, and all necessary/relevant members of the student's MDT/IEP Team that have specific knowledge about the child and the facts contained in the complaint. That the relevant members of the MDT/IEP Team that shall be present at the Resolution Session Meeting for the student shall include the following persons: 1) the student's special education teacher, 2) the student's regular education teacher, if applicable, 3) a representative of the local education agency with decision making authority, 4) the assigned DCPS psychiatrist; 5) any person(s) who conducted any assessments on the student, and 6) any service providers for the student;

19. That DCPS' failure to timely schedule and convene the Resolution Session Meeting within the timeframe identified according to the Individuals with Disabilities Education Improvement Act of 2004, Pub. L. No. 108-446, Sec. 101, § 615(f)(1)(B) constitute joint waiver between DCPS and the parent to have such meeting and the forty-five (45) days timeline to schedule the student's administrative due process hearing and receive a timely decision will begin to run upon written notice, via facsimile, at 202-442-5556, to the DCPS Office of Student Hearings, by the parent's counsel;

20. A finding that the parent is the prevailing party in this action; and

21. DCPS shall reimburse the parent for all reasonable attorneys' fees and related costs.

## G.    **Accommodations and Assistance Needed:**

Please list any special accommodations you may require for a Resolution Session Meeting/Mediation Conference/Due Process Hearing.

- Interpreter                    (please                    specify                    the type)_____
- Special            Communication            (please            describe            the type)_____
- Special            Accommodations            for            Disability            (please            be specific)_____
- Other_____

6

**H.** **Signature:**

_Rosanne Nelms (DEN)_ _____ _9/30/05_
Legal Representative / Advocate (if applicable)          Date

**Mail, fax or deliver this complaint notice to:**
**State Enforcement and Investigation Division**
**For Special Education Programs (SEID)**
**Student Hearing Office (SHO)**
**825 North Capitol Street, NE, 8th Floor**
**Washington, DC  20002**
**Fax number: 202/442-5556**

7

```
*********************
***   TX REPORT   ***
*********************


TRANSMISSION OK

TX/RX NO              2536
CONNECTION TEL                    92024425556
CONNECTION ID
ST. TIME             09/30 18:46
USAGE T              01'08
PGS. SENT                8
RESULT               OK
```

## James E. Brown & Associates, PLLC
*A Professional Limited Liability Company*

| | | |
|---|---|---|
| James E. Brown | Attorneys at Law | Tilman L. Gerald |
| Domiento C.R. Hill ◦ | 1220 L Street, NW | Roxanne D. Neloms |
| Roberta Gambale | Suite 700 | John A. Straus |
| Miguel A. Hull | Washington, DC 20005 | Dolores Scott McKnight |
| Christopher L. West | Telephone: (202) 742-2000 | Marshall Lammers' |
| Juan J. Fernandez! | Facsimile: (202) 742-2098 | |

e-mail: Admin@Jeblaw.biz

! Admitted in Bolivia On

# *FAX COVER SHEET*

TO: Sharon Newsome, Scheduling Coordinator, Office of Student Hearings, DCPS

FROM: Domiento C.R. Hill, Esq. for Roxanne Neloms, Esq.

DATE:  September 30th, 2005

FAX NO: 202-442-5556

SUBJECT: J.M., DOB: 1/8/88

NUMBER OF PAGES, INCLUDING FAX COVER SHEET: 8

COMMENTS: Administrative due process hearing request. Thank you for your assistance.

---

**STATEMENT OF CONFIDENTIALITY:**
The information contained in this electronic message and any attachments to this message are intended for the exclusive use of the addressee(s) and may contain confidential or privileged information. If you are not the intended recipient, please notify James E Brown and Associates, PLLC immediately at (202) 742-2000, and destroy all copies of this message and any attachments.

# DISTRICT OF COLUMBIA PUBLIC SCHOOLS
# STATE ENFORCEMENT & INVESTIGATONS DIVISION

David R. Smith, Due Process Hearing Officer
825 North Capital Street, 8th Floor, N.E.
Washington, DC 20002
(202) 442-5432 (phone); (202) 442-5556(fax)

| | | |
|---|---|---|
| In the Matter of | ) | **IMPARTIAL DUE PROCESS** |
| | ) | |
| Jordan Myrick ("Student") | ) | **HEARING OFFICER'S** |
| Date of Birth: January 8, 1988 | ) | **DETERMINATION** |
| Petitioner, | ) | Hearing Date: November 30, 2005 |
| | ) | |
| v. | ) | Held at:  825 North Capitol Street, NW |
| | ) | 8th Floor |
| | ) | Washington, DC 20002 |
| District of Columbia Public Schools | ) | |
| 825 North Capitol Street, NW | ) | |
| Washington, DC 20002 | ) | Complaint filed: |
| ("DCPS" or "District") | ) | August 26, 2005 and |
| | ) | September 30, 2005 |
| Respondent.        | ) | |

Counsel for Parent:          Christopher West, Esq.
                             1220 L Street, NW
                             Suite 700
                             Washington, D.C. 20005

Counsel for DCPS:            Michael Levy, Esq.
                             District of Columbia Public
                        Schools 4th Floor
                             825 North Capitol Street, NW
                             Washington, DC 20002



RECEIVED
DEC 0 5 2005
STUDENT HEARING OFFICE

1

## INDEX OF NAMES

Jordan Myrick v. DCPS

| | |
|---|---|
| Principal | |
| Executive Director, PCS | |
| Special Education Coordinator | |
| Special Education Teacher | |
| Principal | |
| Speech/Language Therapist | |
| Occupational Therapist | |
| Private Education Advocate | Mr. Kevin Carter |
| DCPS Placement Specialist | |
| CHILD AND CHILD'S DCPS ID # or SSN (insert ID # or Case Number on each page of the HOD vice child's name) | |
| Child's Parent(s) (specific relationship) | Ms. Winifred Myrick |
| Child/Parent's Representative | Christopher West, Esq. Dominento C.R. Hill, Esq. |
| School System's Representative | Michael Levy, Esq. |
| Observer | |
| | |
| | |
| | |
| | |
| | |
| | |
| | |
| | |
| | |
| | |
| | |
| | |
| | |
| | |
| | |
| | |
| | |
| | |
| | |
| | |
| | |
| | |

2

## INDIVIDUALS WITH DISABILITIES EDUCATION ACT (IDEA) 20 USC § 1400
## DISTRICT OF COLUMBIA PUBLIC SCHOOLS
## IMPARTIAL DUE PROCESS HEARING

### INTRODUCTION:

A Due Process Hearing was convened on November 30, 2005 at the District of Columbia Public Schools ("DCPS"), 825 North Capitol Street, N.E. Washington, D.C. 20002. The Hearing was held pursuant two Due Process Complaint Notices filed by counsel for the parent dated August 26 and September 30, 2005. The Due Process Hearing for these Complaints was consolidated into one Hearing by Order from this Hearing Officer dated November 21, 2005.

### JURISDICTION:

The Hearing was held and this decision was written pursuant to the *Individuals with Disabilities Education Improvement Act* (I.D.E.I.A.), 20 U.S.C. 1400, et. seq. and the *Rules of the Board of Education of the District of Columbia.*

### DUE PROCESS RIGHTS:

Counsel for the parent waived a formal reading of the due process rights.

### SUMMARY:

The parties discussed the case on the record and were able to reach an agreement, incorporated herein as an Order below.

### ORDER:

1.    DCPS will place and fund the student at the Rock Creek Academy on an interim basis for the 2005-2006 school year.

2.    Within 30 days of the issuance of this HOD, DCPS will complete or conduct a Vocational Assessment 3, a Psychiatric Evaluation and a Functional Behavior Assessment. In the event that DCPS fails to do so, the parent may obtain independent evaluations at DCPS expense.

3.    Within 15 days of completion or receipt of the last evaluation, DCPS will convene an MDT/IEP/Placement meeting to review the evaluations, review and revise, as appropriate, the student's IEP, discuss and determine an appropriate placement and discuss and determine the student's entitlement to compensatory education services.

2.    All meetings are to be scheduled through student's counsel and any delay in any time line caused by the student, parent or student's counsel shall extend the applicable time line by one day for each day of delay.

3

**APPEAL PROCESS:**

This is the final administrative decision in this matter. Appeals on legal grounds may be made to a court of competent jurisdiction within 90 days of the rendering of this decision.

Date: ___12-6-05___

David R. Smith, Esq.
Impartial Hearing Officer

Issued: ___12.06.05___

4



# District of Columbia Public Schools

### OFFICE OF GENERAL COUNSEL
825 North Capitol Street NE, 9ᵗʰ Floor
Washington, DC 20002-1994
Phone - 202-442-5000, Fax – 202-442-5098

## APPLICATION FOR PAYMENT OF ATTORNEY FEES AND COSTS
## PURSUANT TO THE INDIVIDUALS WITH DISABILITIES EDUCATION ACT

1.  **Attorney Information**
    Law Firm:             JAMES E. BROWN & ASSOCIATES, PLLC
    Attorney:             JAMES E. BROWN
    Federal Tax ID No.:   52-1500760
    D.C. Bar No.:         61622

2.  **Student Information**
    Name:                         Jordan Myrick
    DOB:                          1/8/88
    Date of Determination (HOD/SA): 12/6/05
    Parent/Guardian Name:         Winfred Myrick
    Parent/Guardian Address:      1015 Hamilton St., NE, WDC 20011
    Current School:               Coolidge SHS
    Home School:                  Coolidge SHS

3.  **Invoice Information**
    Invoice Number:       06-013
    Date Request Submitted: 1/12/06
    Date(s) Services Rendered 5/23/05 to 11/30/05
    Amount of Payment Request  $  18,658.82

4.  **Certification (must be signed by principal attorney)**

    I certify that all of the following statements are true and correct:

    - all services listed on the enclosed invoices were actually performed;
    - the entire amount requested on the enclosed invoice for payment of costs and expenses
      represents the actual amount of costs and expenses incurred;
    - the District of Columbia Public Schools is the sole entity from which payment of the fees,
      costs and expenses itemized on the enclosed invoice is requested;
    - no attorney or law firm who either  (1) provided services listed on the enclosed invoice, or (2)
      will benefit from any monies paid as a result of the submission of the enclosed invoice, has a
      pecuniary interest, either through an attorney, officer or employee of the firm, in any special
      education diagnostic services, schools, or other special education service providers;
    - I understand that the making of a false statement to an agency of the DC Government is
      punishable by criminal penalties pursuant to D.C. Code §22-2405.


    _____          January 12, 2006
    **Signature**                            **Date**

# LEGEND

## ATTORNEYS

| | |
|---|---|
| JEB | James E. Brown, Esq. |
| DH | Domiento Hill, Esq. |
| CW | Christopher West, Esq. |
| BM | Brenda McAllister, Esq. |
| RG | Roberta Gambale, Esq. |
| MH | Miguel Hull, Esq. |
| RR | Rachel Rubenstein, Esq. |
| JF | Juan Fernandez, Esq. |
| CB | Christina Busso, Esq. |
| JS | John Straus, Esq. |
| RN | Roxanne Neloms, Esq. |
| TG | Tilman Gerald, Esq. |
| DSM | Delores Scott McKnight, Esq. |
| ML | Marshall Lammers, Esq. |

## PARALEGALS and LAW CLERKS

| | |
|---|---|
| AAG | Aracelly A. Gonzalez |
| DP | David Proctor |
| BDL | Blanca De La Sancha |
| SB | Sara Benkharafa |
| WB | Williams Bautista |
| YA | Yamileth Amaya |
| CMM | Claudia M. Martinez |
| HR | Heidi Romero |
| KD | Kelly Dau |
| MT | Michele Torry, BA, L. Cert. |
| TB | Tamika Beasley |

## ADVOCATES

| | |
|---|---|
| MM | Michelle Moody, MA |
| CS | Cheron Sutton-Brock, MA |
| KC | Kevin Carter, MA |
| SM | Sharon Millis, M. Ed. |
| CM | Carolyn Monford, MA |
| GMH | Garfield Mark Holman, MA |
| RB | C. Robin Boucher, Ph.D. |
| TS | Tamieka A. Skinner, MA |
| CP | Carrie Pecover, MA |
| CG | Comesha Griffin, MS |
| WD | William Daywalt, M. Ed. |
| DD | Donte Davis |
| CF | Carlos Fernandez, MA,JD |

## OUT OF POCKET COSTS

| | |
|---|---|
| FAX | Facsimile @ $1.00 per page |
| COP | Reproduction @ $0.25 per page |
| TRN | Transportation @ actual taxi cost |
| TEL | Long Distance Telephone @ actual cost |
| PAR | Parking @ actual cost |
| MES | Messenger/Express Mail @ actual cost |
| POS | Postage @ actual cost |

James E. Brown & Associates, PLLC
A Professional Limited Liability
Company
1220 L Street, NW Suite 700
Washington, DC  20005


Invoice submitted to:
Jordan Myrick
Winfred Myrick
    Hamilron Street, NE
Washington DC 20012


January 05, 2006
In Reference To:    Jordan Myrick
                    DOB: 8/18/1988
                    School: Coolidge SHS

Invoice #11162

         Professional Services

|  |  |  | Hrs/Rate | Amount |
|---|---|---|---|---|
| 5/23/2005 | AAG | Conference with parent to discuss opening case and child's educational needs. | 1.00 110.00/hr | 110.00 |
| | AAG | Drafted letter to parent | 0.64 110.00/hr | 70.40 |
| | DH | Conduct initial interview with the parent regarding the possibility of accepting the student's case. | 1.00 350.00/hr | 350.00 |
| 5/24/2005 | DH | Review the student's educational records provided by the mother, draft and send letter to the Principal of Coolidge Senior High School informing them of our representation of the parent. | 2.33 350.00/hr | 815.50 |
| 5/26/2005 | KD | Drafted letter requesting records to Coolidge SHS | 0.58 110.00/hr | 63.80 |
| | KD | Requested evaluations to Coolidge SHS | 0.58 110.00/hr | 63.80 |
| | KD | Drafted letter to parent/enclosed copy of Records Rqst/copy to advc and file/added to case notes/posted deadline date to Outlook Calendar | 0.42 110.00/hr | 46.20 |
| | KD | Drafted letter to parent/enclosed copy of Eval Rqst/copy to advc and file/added to case notes/posted deadline date to Outlook Calendar | 0.42 110.00/hr | 46.20 |

Jordan Myrick                                                                                    Page    2

|  |  | Hrs/Rate | Amount |
|---|---|---|---|
| 5/26/2005 KD | Requested evaluations (Updated version to include vocational assessment) | 0.33 110.00/hr | 36.30 |
| KD | Drafted letter to parent/enclosed copy of Updated Eval Rqst/copy to advc and file/added to case notes/posted due date to Outlook Calendar | 0.42 110.00/hr | 46.20 |
| KD | Drafted letter to parent/enclosed copy of 3-24-05 Psycho-Ed and 4-4-05 S/L eval reports/copy to advc and file/added to case notes | 0.42 110.00/hr | 46.20 |
| KD | Drafted letter to parent/enclosed copy of Atty's 5-23-05 Ltr to Coolidge SHS re evals/copy to advc and file/added to case notes | 0.42 110.00/hr | 46.20 |
| 6/2/2005 KD | Phone call from parent re hearing date not received yet | 0.08 110.00/hr | 8.80 |
| 6/3/2005 KD | Drafted letter to parent/enclosed copy of Atty's 5-31-05 Ltr to DCPS rqstng hearing/copy to advc and file/added to case notes | 0.42 110.00/hr | 46.20 |
| 6/9/2005 DH | Discussion with the Ms. Evonne Martin, from the office of Student Hearings, regarding the incident involving the student. | 0.25 350.00/hr | 87.50 |
| 7/12/2005 DH | Discussion with the mother regarding the student's placement. | 0.08 350.00/hr | 28.00 |
| 8/4/2005 DH | Draft and send letter to DCPS responding to Letter of Invitation. | 0.25 350.00/hr | 87.50 |
| 8/10/2005 KC | Reviewed Psychological evaluation report (psycho-ed) | 0.75 185.00/hr | 138.75 |
| DH | Draft and send letter to the DCPS responding to Confirmation Letter. | 0.25 350.00/hr | 87.50 |
| 8/12/2005 KD | Drafted letter to parent/enclosed copy of Atty's 8-4-05 Ltr to Coolidge SHS accptng MDT date/copy to advc a nd file/added to case notes | 0.42 110.00/hr | 46.20 |
| KD | Drafted letter to parent/enclosed copy of MDT Mtng Cnfrmtn/copy to advc and file/added to case notes/posted same to Outlook and Desk Calendars | 0.50 110.00/hr | 55.00 |
| KD | Drafted letter to parent/enclosed copy of Atty's 8-10-05 Ltr Coolidge SHS re evals by 8-29/copy to advc and file/added to case notes | 0.42 110.00/hr | 46.20 |
| KC | Drafted letter to parent re: reminder about MDT/IEP meeting scheduled for Monday, 8/15/05. Described tthe nature of the meeting. | 0.83 185.00/hr | 153.55 |

Jordan Myrick                                                                    Page    3

|  |  |  | Hrs/Rate | Amount |
|---|---|---|---|---|
| 8/12/2005 | KC | Reviewed client's file as prep for MDT/IEP meeting on 8/15/05 | 1.25<br>185.00/hr | 231.25 |
| 8/15/2005 | KC | Reviewed client files and evaluations in preparation for MDT/IEP/Placement meeting at Coolidge SHS | 1.25<br>185.00/hr | 231.25 |
|  | KC | Attended MDT/IEP @ Coolidge SHS | 5.00<br>185.00/hr | 925.00 |
|  | KC | Discussion with the child's attorney re: summary of MDT/IEP meeting on behalf of student.  ( Explained request for additional evaluations; psychiatric and Vocational III.) | 0.25<br>185.00/hr | 46.25 |
| 8/16/2005 | DH | Discussion with the student's educational advocate regarding the status of the student's case. | 0.17<br>350.00/hr | 59.50 |
|  | DH | Recieve and review the IEP and the MDT Meeting Notes from the meeting of earlier today. | 0.67<br>350.00/hr | 234.50 |
| 8/23/2005 | KC | Prepared and sent placement packages Rock Creek Academy. | 0.50<br>185.00/hr | 92.50 |
|  | KC | Prepared and sent placement packages to High Roads of Beltsville, Maryland | 0.50<br>185.00/hr | 92.50 |
|  | KC | Prepared and sent placement packages Florence Bertell Academy. | 0.75<br>185.00/hr | 138.75 |
|  | KC | Prepared and sent placement packages to Pathways School | 0.50<br>185.00/hr | 92.50 |
| 8/24/2005 | KC | Phone call from Ms. Myrick re: which schools are getting referral packets and have we received any response from prospective placements.  I reviewed 3 full-time private schools, described each, and informed parent we haven't received any response yet but should be hearing from the schools soon. | 0.42<br>185.00/hr | 77.70 |
| 8/26/2005 | DH | Discussion with the mother regarding DCPS' failure to have the student placed in an appropriate special education program, draft and file administrative due process hearing complaint. | 2.00<br>350.00/hr | 700.00 |
|  | RN | Review the student's administrative due process hearing complaint drafted by Mr. Hill. | 0.33<br>365.00/hr | 120.45 |
|  | KD | Prepared and sent placement package to Florence Bertell Academy | 0.67<br>110.00/hr | 73.70 |

Jordan Myrick                                                                                   Page     4

|  |  |  | Hrs/Rate | Amount |
|---|---|---|---|---|
| 8/26/2005 KD | Prepared and sent placement package to Sunrise Academy | | 0.33<br>110.00/hr | 36.30 |
| KD | Prepared and sent placement package to High Road Upper School of Washington, D.C. | | 0.33<br>110.00/hr | 36.30 |
| KD | Drafted letter to parent/enclosed copy of Plcmnt Ref Ltrs/copy to advc and file/added to case notes | | 0.42<br>110.00/hr | 46.20 |
| KD | Drafted letter to parent/enclosed copy of ltr from Coolidge SHS to Atty Hill re FBA/copy to advc and file/added to case notes | | 0.42<br>110.00/hr | 46.20 |
| 8/29/2005 KC | Phone call from parent (Mrs. Myrick) re: seeking clarity about full-time separate day programs that are going to receive referral packets. Also inquired about Supplemental Security Income. | | 0.50<br>185.00/hr | 92.50 |
| 8/31/2005 BDL | Drafted letter to parent with copy of HR. | | 0.42<br>110.00/hr | 46.20 |
| 9/1/2005 KC | Phone call from parent re: visit to Sunrise Academy and student interview. Inquiry about status of referral packets forwarded to High Roads. (Parent received call from High Roads in Capitol Heights, Maryland but was under impression student would be considered for High Roads in D.C. | | 0.42<br>185.00/hr | 77.70 |
| 9/2/2005 KC | Draft letter to Ms. Myrick re: preparation of letter to Diane Powell (DCPS) re: request to expunge son's record for expulsion from Coolidge. Clarification about referral packet mix-up to High Roads. Mailed letter. | | 0.75<br>185.00/hr | 138.75 |
| KC | Telephone call to private school (Mr. Axelrod, High Road School) re: referral packet mix-up. Writer advised to focus admissions efforts on D.C. High Road School. | | 0.33<br>185.00/hr | 61.05 |
| KC | Draft letter to Diane Powell (DCPS Dir. of Office of STudent Intervention) re: request to expunge student expulsion from records due to DCPS negligence relative to failure to evaluate, determine disability and recommend placement without involvement of special ed. attorney. Faxed letter and copy of student MDT & IEP notes. | | 1.00<br>185.00/hr | 185.00 |
| KC | Phone call from Ms. Winifred Myrick re: status of request to expunge student expulsion and update on response from High Roads Schools. | | 0.50<br>185.00/hr | 92.50 |
| 9/6/2005 KC | Telephone call from private school (High Road' Howard Axelrod) re: intent to schedule student for interview and parent and student for visit. | | 0.25<br>185.00/hr | 46.25 |

Jordan Myrick                                                                                          Page    5

|  |  | Hrs/Rate | Amount |
|---|---|---|---|
| 9/6/2005 KC | Phone call from Ms. Myrick re; admissions status at Kingsbury Center. Discussion about DCPS's oversight of IEP (student mistakenly identified as certificate bound rather than diploma bound.) Advocate has committed to preparation of a letter to request that IEP be amended to reflect the fact that the student is diploma bound.) | 0.58<br>185.00/hr | 107.30 |
| 9/7/2005 KC | Draft letter to Ms. Mae Hancock (Coolidge Spec. Ed. Coord.) re: request to amend student IEP to reflect student being diploma bound rather than certificate of achievement bound.  Faxed letter | 0.92<br>185.00/hr | 170.20 |
| 9/8/2005 KC | Phone call from Ms. Myrick re: scheduling of psychiatric evaluation for this Saturday. Also inquired about whether it's possible to forego temporary placement at Choice Academy and allowing student to attend a neighborhood school until issuance of a Prior Notice of Placement. | 0.42<br>185.00/hr | 77.70 |
| 9/13/2005 KC | Draft letter to Ms. Powell re: 2nd attempt to expunge expulsion from student record. Faxed. | 0.92<br>185.00/hr | 170.20 |
| KC | Phone call from Ms. Myrick re: inquiry about response from Mae Hancock (Coolidge SHS) and Ms. Diane Powell (Director of DCPS Ofc. of Student Intervention.) Update on student's visit to High Road School of Beltsville, Md. | 0.58<br>185.00/hr | 107.30 |
| KC | Telephone call to private school (High Road of Beltsville, Md. re: student interview and visit. Likely to issue acceptance letter once psychological assessment received. | 0.33<br>185.00/hr | 61.05 |
| 9/14/2005 KC | Phone call from Ms. Myrick re: High Road School request for additional documentation to supplement referral packet.  Inquiry about status of revision of IEP to reflect diploma bound versus certificate bound student. | 0.42<br>185.00/hr | 77.70 |
| KC | Phone call to Diane Powell (DCPS) re: status of request to expunge expulsion from student record. Referred to Office of General Counsel (Kathy Rodi) | 0.33<br>185.00/hr | 61.05 |
| KC | Phone call to Kathy Rodi re: status of writer and parent's request to expunge expulsion from student's records as a result of an eligibility determination. | 0.25<br>185.00/hr | 46.25 |
| 9/15/2005 KC | Phone call to Mae Hancock (Spec. Ed. Coord; Coolidge SHS) re: request to fax copy of amended student IEP reflecting change from certificate bound to diploma bound student. | 0.25<br>185.00/hr | 46.25 |

Jordan Myrick                                                                                    Page    6

|  |  |  | Hrs/Rate | Amount |
|---|---|---|---|---|
| 9/16/2005 | KC | Phone call to Lillian Ingram (Dir. of Spingarn CEnter) re: acceptance of student at school without parent having any prior knowledge. Writer advised Ms. Ingram that the entire MDT (including DCPS) had discussed specific schools based upon student need during the MDT meeting. Parent was advised that referral packets would be forwarded to those schools. Ms. Ingram advised me to talk with parent, call DCPS admin. and phone her again on Monday. | 0.50<br>185.00/hr | 92.50 |
|  | KC | Phone call from Ms. Myrick re: phone call received from Lillian Ingram about acceptance at Spingarn Center. Parent upset that Spingarn Center wasn't among the placement options discussed at MDT meeting. Parent was never advised that referral packet was being forwarded to Spingarn Center. | 0.58<br>185.00/hr | 107.30 |
| 9/19/2005 | KC | Phone call from Ms. Myrick re: phone conversation with Lillian Ingram (Dir of Spingarn Center) about DCPS's issuance of a PNOP without MDT knowledge. Ms Myrick also inquired about status of efforts to remove expulsion from student records. | 0.42<br>185.00/hr | 77.70 |
| 9/20/2005 | DH | Draft and send letter to the DCPS Office of Special Education and Coolidge Senior High School regarding the status of the student's evaluations. | 0.25<br>350.00/hr | 87.50 |
| 9/25/2005 | RN | Review the administrative due process hearing complaint. | 0.33<br>365.00/hr | 120.45 |
|  | DH | Review the student's educational file, discussion with the parents regarding the status of the student's psychiatric evaluation, draft and file administrative due process hearing complaint. | 1.75<br>350.00/hr | 612.50 |
| 9/27/2005 | KD | Drafted letter to parent/enclosed copy of Atty's 9-20-05 Ltr to DCPS rqstng hearing/copy to advc and file/added to case notes | 0.42<br>110.00/hr | 46.20 |
|  | KD | Drafted letter to parent/enclosed copy of HN/copy to advc and file/added to case notes/posted same to Outlook and Desk Calendars | 0.33<br>110.00/hr | 36.30 |
|  | KD | Drafted letter to parent/enclosed copy of Atty's 9-20-05 Ltr to DCPS re FBA or HR to be filed/copy to advc and file/added to case notes | 0.42<br>110.00/hr | 46.20 |
| 9/29/2005 | KC | Telephone call to private school (High Road of PG County) (Howard Axelrod, Admissions Dir.) re: acceptance of student & inquiry into when funding shall be guaranteed. | 0.25<br>185.00/hr | 46.25 |

**Jordan Myrick**                                                                                                    Page    7

|  |  |  | Hrs/Rate | Amount |
|---|---|---|---|---|
| 9/29/2005 | KC | Phone call from Ms. Myrick re: student's acceptance at High Road School. Inquiry about status of removal of expulsion from student record & difficulty retrieving student's grades from Coolidge. Parent will attempt to enroll student at Choice Academy until hearing occurs. | 0.25<br>185.00/hr | 46.25 |
|  | KC | Telephone call to private school (Bertell Academy; Ms. Norwood) re: admissions inquiry for student. | 0.33<br>185.00/hr | 61.05 |
| 9/30/2005 | KD | Prepared and sent placement packages to Pathways | 0.75<br>110.00/hr | 82.50 |
|  | KD | Drafted letter to parent/enclosed copy of Plmnt Ref Ltr to Pathways/copy to advc and file/added to case notes | 0.42<br>110.00/hr | 46.20 |
|  | RN | Review administrative due process complaint drafted by Mr. Hill. | 0.33<br>365.00/hr | 120.45 |
|  | DH | Draft administrative due process complaint, take to Ms. Neloms for her review. | 2.75<br>350.00/hr | 962.50 |
| 10/3/2005 | WB | Conference with parent re: case status and HR/Complaint filed on 9/30/05 | 0.17<br>110.00/hr | 18.70 |
|  | WB | Drafted letter to parent with HR/Complaint filed on 9/30/05 enclosed | 0.50<br>110.00/hr | 55.00 |
| 10/6/2005 | KC | Phone call to Ms. Myrick about inquiry regarding upcoming due process hearing and status of admissions. Jordan has been accepted at High Road School and will be accepted at Bertel Academy | 0.50<br>185.00/hr | 92.50 |
| 10/7/2005 | KC | Phone call to Ms. Myrick; re; update on admissions process. Informed parent that student's amended IEP had been forwarded to Bertel so the | 0.42<br>185.00/hr | 77.70 |
|  | KC | Draft letter to Ms. Norwood (Florence Bertell Academy) re: copy of amended IEP and request to finalize admissions process. Faxed & filed letter. | 0.75<br>185.00/hr | 138.75 |
|  | KC | Draft letter to parent reviewing status of admissions efforts.  Inquiry about parent efforts to enroll student in Choice Academy. Mailed letter. | 0.83<br>185.00/hr | 153.55 |
| 10/11/2005 | KC | Conference with Kathy Rodi (DCPS) re: review records to expuge expulsion. Ms. Rodi reviewed case but referred writer to Mike Levy (DCPS) | 0.25<br>185.00/hr | 46.25 |

**Jordan Myrick**                                                                                     Page    8

|              |    |                                                                                                                                                                                                             | Hrs/Rate          | Amount |
|--------------|----|-------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------|-------------------|--------|
| 10/11/2005 KC |   | Draft letter to Ms. Myrick re: status of efforts to have expulsion expunged from student records. Apprised parent of meeting with Rodi (DCPS) and subsequent referral to M. Levy (DCPS) Mailed letter.     | 0.92 185.00/hr    | 170.20 |
| 10/12/2005 KC |   | Draft letter to Mr. Levy (DCPS Atty. Advisor) re: removal of expulsion from student record.  Faxed & filed letter.                                                                                         | 0.92 185.00/hr    | 170.20 |
| 10/13/2005 KC |   | Telephone call to private school (Mr. Axelrod; Director) re: timeframe for upcoming Due Process Hearing.                                                                                                    | 0.25 185.00/hr    | 46.25  |
|           KC |    | Draft letter to Mr. Axelrod (High Road School) re: confirmation of upcoming due process hearing. Request possible availability via phone to describe program.   Faxed & filed letter.                      | 0.83 185.00/hr    | 153.55 |
| 10/14/2005 RN |   | Reviewed disclosures prepared by Mr. Hill                                                                                                                                                                   | 0.17 365.00/hr    | 62.05  |
|           DH |    | Review the student's educational file, prepare five-day disclosures, give to lead attorney for his review.                                                                                                 | 1.00 350.00/hr    | 350.00 |
|           KD |    | Assist attorney to prepare disclosure to DCPS                                                                                                                                                               | 0.50 110.00/hr    | 55.00  |
| 10/17/2005 KC |   | Telephone call to private school (Mr. Norwood; Bertel Academy) re: confirmation of message receipt regarding student's admission and confirmation of administrative due process hearing to solicit school representative participation to stipulate benefit of the school for student. | 0.25 185.00/hr    | 46.25  |
| 10/18/2005 KC |   | Telephone call to private school (Florence Bertel; Ms. Norwood) request for school representative to be available by telephone to stipulate benefit of school during administrative hearing.  She'll identify who the school representative shall be duirng administrative hearing and call back. | 0.42 185.00/hr    | 77.70  |
|           KC |    | Phone call to Ms. Myrick re: inquiry re: administrative hearing on 10/21/05 and decision that student should attend Florence Bertel. Final attempt to enroll student at Choice was unsuccessful. School Director informed her that too much time had elapsed and that matter would have to be resolved administratively. | 0.58 185.00/hr    | 107.30 |
| 10/20/2005 DH |   | Prepare for the student's administrative due process hearing.                                                                                                                                               | 1.00 350.00/hr    | 350.00 |

Jordan Myrick                                                                    Page    9

|  |  | Hrs/Rate | Amount |
|---|---|---|---|
| 10/20/2005 KC | Phone call to Ms. Myrick re: administrative hearing.  Ms. Myrick informs writer of her desire to focus school placement on High Road rather than Bertel.  Parent also wants to know if student needs to attend hearing. | 0.42<br>185.00/hr | 77.70 |
| 10/21/2005 KC | Reviewed client file in prep for due process hearing. Hearing was subsequently continued. | 0.75<br>185.00/hr | 138.75 |
| DH | Discussion with the mother regarding the continued matter for the student's hearing. | 0.33<br>350.00/hr | 115.50 |
| HR | Assisted attorney in sending Motion for Continuance to the Student Hearing Office | 0.17<br>110.00/hr | 18.70 |
| HR | Assisted attorney in sending Motion for Continuance to the Office of the General Counsel | 0.17<br>110.00/hr | 18.70 |
| CW | Drafted letter to SHO filing motion for continuance of scheduled due process hearing; teleconference with attorney advisor Levy and discussed motion for continuance; teleconference with parent and discussed rescheduled hearing | 0.50<br>365.00/hr | 182.50 |
| 10/27/2005 WB | Drafted letter to parent w/ Interim Order issued on 10/27/05 enclosed | 0.50<br>110.00/hr | 55.00 |
| 10/28/2005 KC | Draft letter to Ms. Myrick re:  update on DCPS failure to respond to writer inquiry about removal of expulsion from student record. REview of upcoming administrative hearing to address (primarily) student's placement and comp ed. Mailed letter. | 0.92<br>185.00/hr | 170.20 |
| 11/2/2005 KC | Telephone call from private school (Ms. Norwood; Florence Bertel) re: inquiry re: status of student's administrative hearing. | 0.33<br>185.00/hr | 61.05 |
| 11/7/2005 WB | Drafted letter to parent w/ HDN enclosed for hearing on 11/30/05 @ 3:00 pm | 0.50<br>110.00/hr | 55.00 |
| 11/8/2005 DH | Discussion with the mother regarding the upcoming administrative due process hearing and possible placements for the student. | 0.25<br>350.00/hr | 87.50 |
| 11/14/2005 KC | Phone call from Ms. Myrick re: inquiry about sending out additional referral packets to Frost School, Foundation of Mont. Co. and Phillips of Laurel, MD | 0.58<br>185.00/hr | 107.30 |
| 11/15/2005 KC | School visit; meeting with Kerren Plowden re: submission of referral packet & discussion of prospective student. Schoo visit is scheduled for this Thursday. | 0.75<br>185.00/hr | 138.75 |

Jordan Myrick                                                                                    Page    10

|  |  |  | Hrs/Rate | Amount |
|---|---|---|---|---|
| 11/16/2005 | KC | Phone call from parent re: summary of visit at Rock Creek Academy | 0.42 185.00/hr | 77.70 |
| 11/17/2005 | DH | Draft and file the parent's first amended administrative due process hearing request correcting typographical errors. | 0.33 350.00/hr | 115.50 |
|  | KC | Reviewed vocational III assessment & filed. | 0.58 185.00/hr | 107.30 |
|  | KC | Telephone call to private school (Bertel Academy; Ms. Norwood) called to inquire about administrative hearing date and whether student was still invested in coming to Bertel. | 0.25 185.00/hr | 46.25 |
| 11/18/2005 | DH | Draft and file a copy of the parties joint motion to consolidate the student's two (2) administrative due process hearings. | 0.33 350.00/hr | 115.50 |
|  | DH | Review the student's educational file, prepare five-day disclosures for the student's administrative due process hearing. | 1.00 350.00/hr | 350.00 |
|  | WB | Assisted attorney to prepare disclosure to DCPS | 1.75 110.00/hr | 192.50 |
|  | WB | Conference with parent re: case status and upcoming hearing on 11/30/05 @ 3:00 pm | 0.17 110.00/hr | 18.70 |
| 11/25/2005 | MT | File Review and sent letter to parent/student | 0.17 130.00/hr | 22.10 |
| 11/29/2005 | CW | Reviewed request for due process hearing, clinical evaluation, psychoeducational evaluation, and teacher reports; conference with parent and reviewed witness questions in preparation for hearing; | 2.17 365.00/hr | 792.05 |
|  | DH | Prepare for the student's administrative due process hearing. | 2.50 350.00/hr | 875.00 |
| 11/30/2005 | KC | Appearance to 825 North Capital for due process hearing | 2.00 185.00/hr | 370.00 |
|  | KC | Prepared for Due Process Hearing | 0.50 185.00/hr | 92.50 |
|  | CW | Appearance to 825 North Capital for due process hearing administered by Hearing Officer Smith | 2.00 365.00/hr | 730.00 |
|  | DH | Prepare and appear at the student's administrative due process hearing. | 2.00 350.00/hr | 700.00 |

Jordan Myrick

|  | | Hours | Amount |
|---|---|---|---|
| | For professional services rendered | 80.42 | $18,066.35 |
| | Additional Charges : | | |
| 5/23/2005 | Copied: Intake for parent and advocate. | | 33.00 |
| | Copied documents | | 0.50 |
| | Postage; letter to parent | | 0.37 |
| 5/24/2005 | Facsimile(Coolage SHS-letter) | | 21.00 |
| 5/25/2005 | Facsimile: RR and RE requests with consent forms to Coolidge SHS, OSE, and OGC. | | 17.00 |
| 5/26/2005 | Postage; RR, RE updated RE, Psycho-Ed evaluations, and attorney's letter to coolidge SHS to parent. | | 1.75 |
| | Copied documents- RR and Cvr Ltr | | 3.00 |
| | Copied documents- (ER) Eval Regst and Cvr Ltr | | 1.50 |
| | Copied documents- updated Eval Regst and Cvr Ltr | | 2.50 |
| | Copied documents- 3-24-05 psycho-ed eval and 4-4-05 S/L and Cvr Ltr | | 10.00 |
| | Copied documents- Atty's 5-23-05 ltr to coolidge and cvr ltr | | 1.50 |
| | Facsimile- updated eval rest and consent | | 8.00 |
| 6/3/2005 | Postage; Attorney's letter to DCPS requesting hearing to parent. | | 0.37 |
| | Copied: Attorney's letter to DCPS requesting hearing for parent and advocate. | | 1.50 |
| 8/4/2005 | Facsimile letters to Coolidge SHS | | 4.00 |
| 8/10/2005 | Facsimile: letter to school. | | 3.00 |
| 8/11/2005 | Postage; letter to parent re: MDT mtg. confirmation. | | 0.83 |
| | Copied: MDT confirmation, LOI, and evaluations for parent and advocate. | | 8.50 |
| 8/12/2005 | Postage; letter to parent. | | 0.37 |
| | Copied documents(Atty/File-letter copies) | | 0.50 |
| 8/15/2005 | Copied: MDT and IEP for attorney and file. | | 12.00 |

Jordan Myrick                                                                    Page    12

                                                                                 Amount

8/15/2005  Copied: referral packets fo possible schools.                          36.50

8/16/2005  Postage; letter                                                         2.90

8/24/2005  Copied documents(Referral packet)                                      33.00

8/26/2005  Postage; Placement packages to Sunrise, Florence Bertill, and High Rd.  6.26

           Postage; FBA and placement letter to parent.                            0.60

           Copied: FBA for parent and advocate.                                    1.50

           Copied: Placement package for Florence Bertill, Sunrise, and High Rd. Placement letter for   59.00
           parent and advocate.

8/29/2005  Postage; letter to parent.                                              2.21

           Copied: Letter for attorney and file.                                   1.50

8/30/2005  Postage; placement package to RCA and High Rd.                          7.90

 9/1/2005  Copied: HR letter for parent.                                           0.50

 9/2/2005  Postage; letter to parent.                                              0.37

           Postage; letter to parent re: HR.                                       0.60

           Copied documents; letters for advocate and file                        1.00

 9/7/2005  Facsimile letter to Coolidge SHS                                        3.00

           Copied documents; letter for attorney and file                         1.00

9/13/2005  Made Photocopies                                                        1.00

9/14/2005  Facsimile: evaluation to High rd.                                      38.00

9/15/2005  Made Photocopies                                                        2.50
           IEP package

9/27/2005  Copied: HR to be filed, letter to DCPS requesting hearing, and HN for parent and advocate.   5.00

           Postage; letter to parent re: HR to be filed, hearing request to DCPS, and HN.   0.37

9/30/2005  Postage; Placement package to Pathways.                                 3.13

**Jordan Myrick**                                                                 Page    13

                                                                                <u>Amount</u>

| | | |
|---|---|---:|
| 9/30/2005 | Facsimile: HR to SHO. | 8.00 |
| | Copied: placement package for Pathways. Placement letter for parent and advocate. | 20.25 |
| | Postage; letter to parent re: placement. | 0.37 |
| 10/3/2005 | Postage; letter to parent re: HR-complaint. | 0.60 |
| | Copied: HR-complaint for parent. | 2.25 |
| 10/7/2005 | Facsimile: letter to school. | 3.00 |
| | Postage; letter to parent. | 0.37 |
| | Copied status letter | 3.25 |
| 10/11/2005 | Copied documents; letter to parent | 0.50 |
| | Postage; letter to parent. | 0.37 |
| 10/12/2005 | Copied documents(Atty/File-letter) | 1.50 |
| 10/13/2005 | Copied documents; letter | 1.00 |
| | Facsimile to  High Road School | 3.00 |
| 10/14/2005 | Messenger Service to and from DCPS (5-day Disclosures) | 20.00 |
| | Copied 5-day disclosure to DCPS | 50.00 |
| 10/20/2005 | Facsimile motion of Compliance | 4.00 |
| 10/27/2005 | Copied documents; letter to parent | 0.50 |
| | Postage; letter to parent | 0.37 |
| 10/28/2005 | Postage; letter to parent. | 0.37 |
| | Copied: letter for attomey and file. | 0.75 |
| 11/7/2005 | Postage; letter to parent (HDN for 11/28/05 @ 11:00 am) | 0.37 |
| | Postage; letter to parent (HDN for 11/30/05 @ 3:00 pm) | 0.37 |
| 11/17/2005 | Facsimile: 1st. amended to OGC. | 7.00 |

Jordan Myrick                                                           Page    14

                                                                        Amount

11/18/2005  Facsimile: motion letter to OGC and SHO.                      12.00

11/25/2005  Postage; letter to parent                                      0.37

11/30/2005  Sedan taxi service to and from  DCPS for hearing.(attny,and adv.)    16.00

            File review preparation of bill and invoice audit             96.88

            Total costs                                                 $592.47

            Total amount of this bill                                $18,658.82