# EXHIBIT 19

*State Education Agency for the District of Columbia*
*State Enforcement and Investigation Division (SEID)*
*Special Education Programs*



# *ADMINISTRATIVE DUE PROCESS COMPLAINT NOTICE*

- The form is used to give notice of a due process complaint to the **District of Columbia Public Schools, District of Columbia Public Charter Schools (DCPS or LEA) and/or parents** with respect to any matter relating to the identification, evaluation, or educational placement of a child with a disability, or the provision of a free appropriate public education to that child. <u>A party may not have a due process hearing until the party, or the attorney representing the party, files a notice that meets the requirements of the Individuals with Disabilities Education Improvement Act (IDEIA).</u>

- The due process complaint must describe an alleged violation that occurred not more than two (2) years before the date that the parent or school system knew or should have known about the alleged action that is the basis of the complaint.

- Notice must be provided to the Student Hearing Office for the DC Public Schools, 825 North Capitol Street, NE, 8th Floor, Washington, DC 20002; fax number 202/442-5556.

- <u>Unless the other party agrees, the party requesting the due process hearing shall not be allowed to raise issues at the due process hearing that are not raised in this Due Process Complaint Notice.</u> Therefore, please be thorough in providing the information requested.

- Prior to the opportunity for an impartial due process hearing, the Local Educational Agency (LEA) shall convene a meeting **(called a "Resolution Session")** with the parent(s) unless the parent(s) and the Local Educational Agency agree in writing to waive this meeting. You will be contacted by a representative of the Local Educational Agency to schedule the meeting. **The Student Hearing Office does NOT schedule resolution meetings.**

- Mediation is also available to all parties as an alternative to a resolution meeting or a Due Process Hearing.

## A.   **INFORMATION ABOUT THE STUDENT:**

Student Name: <u>Caprisha Powell</u>                          DOB:  <u>August 12, 1994</u>

Address:    <u>1433 Cedar Street, SE, Apt# 101, Washington, D.C. 20020</u>

Telephone No.: <u>202 610-0654</u>

Present School of Attendance:     Moten Elementary School

Home School:     Moten Elementary School
                 (Neighborhood school where child is registered)

        Parent/Guardian of the Student: __ Ericka Powell ____

## B.     Legal Representative/Attorney (if applicable):

Name: __ Miguel A. Hull, Esq. ____     Phone: (W) _202 742-2015____     (Fax) _202 742-2098_____

Address: _1220 L St., NW, #700, Washington, D.C. 20005_____

Will attorney / legal representative attend the resolution session?     X Yes          ☐ No

## C.     Complaint Made Against (check all that apply):

**X** DCPS

☐ Charter school (name of the charter school if different from page one)_____

☐ Non-public school or residential treatment facility (name)
_____

☐ Parent

## D.     Resolution Session Meeting Between Parent and LEA:

I understand that it is my right to have a resolution meeting to resolve this complaint. I also understand that I may voluntarily waive this right if I choose. (Note: All parties must agree to waive the resolution meeting to avoid having this meeting.)

**X** I wish to waive the Resolution Session Meeting

## E.     Mediation Process:

IDEIA requires that any time a party requests a due process hearing, mediation should be offered at no cost to the parent. Both parties can request mediation as an alternative to the Resolution Session Meeting or as an alternative to a Due Process Hearing. Please check all that apply:

**I am requesting an administrative due process hearing only at this time.**

## F.     Facts and Reasons for the Complaint:

### I.     Nature of the Problem.

Caprisha Powell is an eleven-year-old disabled student currently attending Moten Elementary School in the District of Columbia. According to her most recent

2

Individualized Educational Program ("IEP"), dated October 21, 2004, she is classified with multiple disabilities from being mentally retarded and having a severe speech and language impairment. She is entitled to twenty-five hours per week of specialized instruction; one hour per week of speech and language therapy; one hour per week of psychological counseling; and thirty minutes per week of occupational therapy. See IEP 10/21/04. On August 8, 2005, the parent's educational advocate visited Moten Elementary School to review Caprisha's educational records and possibly discuss educational issues with the staff at the school. As part of the record review the school special education coordinator provided the advocate with copies of the following documents: psychological-educational evaluation 3/3/03; speech and language evaluation, 10/29/04; occupational therapy evaluation, 7/2/04; IEP 10/21/04; and all encounter tracker forms from 12/99 to 6/8/05. In addition, the special education coordinator and the advocate both signed a certificate evidencing receipt of these documents, which stated in part that the advocate was being provided "all Encounter Tracker Fro [sic] 12/99 to Current 6/8/2005". A subsequent review of these documents confirms suspicions held by the parent which she now raises as the following claims against District of Columbia Public Schools ("DCPS"):

1. **Failure to provide any occupational therapy for the 2004-05 school year**. It appears from the educational records that, for the 2004-05 school year, DCPS did not provide Caprisha with any of the occupational therapy called for by her IEP. Such that Caprisha was inappropriately denied a total of approximately 16 hours of occupational therapy.

2. **Failure to provide any speech and language therapy for the 2004-05 school year**. It appears from the educational records that, for the 2004-05 school year, DCPS did not provide Caprisha with any of the speech and language therapy called for by her IEP. Such that Caprisha was inappropriately denied a total of approximately 32 hours of speech and language therapy.

3. **Failure to provide all hours of psychological counseling during entire 2004-05 school year as called for by IEP**. A review of the educational records provided from DCPS reveals that of the approximately 32 hours of psychological counseling that DCPS should have provided Caprisha for the 2004-05 school year, she in fact was only provided with 12 hours and 45 minutes for the entire school year, leaving a deficit of nineteen hours and fifteen minutes that he was inappropriately denied.

4. **Inappropriate IEP –Failure to include statements of present levels of functioning for reading, written language, speech and language [communication]; and social emotional**. According the applicable law, an IEP must include a statement of the student's present level of functioning including a statement as to how the student's disability impacts his progress in the general curriculum. Individuals with Disabilities Education Improvement Act (2004) ("IDEIA") Pub. L. No. 108-446 Sec. 101, § 614 (d) (1) (A) (i) (I); 34 C.F.R. § 300.347 (a) (1) (i); and D.C. Mun. Regs. tit. 5 § 3009.1 (a). In this case, Caprisha's current IEP contains goals and objectives for speech and language; social emotional and written language, yet the IEP does not contain any statement of present levels pertaining to those areas. As to reading, although there is a

purported statement of present levels of functioning, it does not in anyway indicate how Caprisha's disability impacts her progress in the regular curriculum.

5. **Failure to take appropriate steps to adequately assess Caprisha's cognitive and academic functioning / inappropriate Psychological-Educational evaluation**.  A review of the psychological-educational evaluation that DCPS did for Caprisha in March 2003, indicates that the evaluator was unable to appropriately assess Caprisha because of her severe anxiety about being tested and because of her severe communication problems.  Consequently, the evaluator included language in the report indicating that the results of the testing were not reliable.  The record, however, does not show any further attempts to adequately test Caprisha.  In light of this, the parent now asserts that DCPS should have followed-up with Caprisha to test her, perhaps using other testing instruments or strategies.  Individuals with Disabilities Education Improvement Act (2004) ("IDEIA") Pub. L. No. 108-446 Sec. 101, § 614 (b) (2)  (public agency must assess student in all areas of suspected disabilities using a variety of tools and strategies to gather relevant information so as to identify all of the student's educational needs); 34 C.F.R. § 300.532; and D.C. Mun. Regs. tit. 5 § 3005.9.

6. **Failure to complete adaptive behavior assessment [AKA Vineland] as recommended in the psychological-educational evaluation dated 3/3/03.**  Caprisha's psychological-educational evaluation done by DCPS on March 3, 2003 explicitly recommended that an adaptive behavior assessment [AKA Vineland] be done to rule out mental retardation.  A review of her educational records, however, indicates that this assessment was never done.

## II. Issues presented.

1. Whether, during the 2004-05 school year, the DCPS inappropriately failed to provide Caprisha with the occupational therapy called for by her current IEP?
2. Whether, during the 2004-05 school year, the DCPS inappropriately failed to provide Caprisha with the speech and language therapy called for by her current IEP?
3. Whether, during the 2004-05 school year, the DCPS inappropriately failed to provide Caprisha with the psychological counseling called for by her current IEP?
4. Whether the IEP dated 10/21/04 inappropriately fails to include statements of present levels of functioning pertaining to the areas of: reading [no statement as to how disability impacts progress in general curriculum], communication (speech and language); social emotional; or written language?
5. Whether the psychological-educational evaluation conducted by DCPS for Caprisha in March 2003 was inappropriate and whether DCPS had a duty to follow-up by employing other tools and strategies to properly assess Caprisha?
6. Whether the DCPS inappropriately failed to conduct an adaptive behavioral assessment [AKA Vineland] as recommended in Caprisha's psychological educational evaluation dated 3/3/03.

## III.     Relief Sought.

1) a finding that:

a) during the 2004-05 school year, the DCPS inappropriately failed to provide Caprisha with the occupational therapy called for by her current IEP;

b) during the 2004-05 school year, the DCPS inappropriately failed to provide Caprisha with the speech and language therapy called for by her current IEP;

c) during the 2004-05 school year, the DCPS inappropriately failed to provide Caprisha with the psychological counseling called for by her current IEP;

d) the IEP dated 10/21/04 inappropriately fails to include statements of present levels of functioning pertaining to the areas of: communication (speech and language); social emotional; or written language;

e) the IEP dated 10/21/04 inappropriately fails to include statements of present levels of functioning in the area of reading? [no statement as to how disability impacts progress in general curriculum];

f) DCPS inappropriately failed to take appropriate steps to adequately assess Caprisha's cognitive and academic functioning / inappropriate Psychological-Educational evaluation.

g) DCPS inappropriately failed to complete an adaptive behavioral assessment [AKA Vineland] as recommended by the psychological-educational evaluation.

2) That DCPS be ordered, or agree, to fund the following compensatory education: 19 hours of psychological counseling; 16 hours of occupational therapy; and 32 hours of speech and language therapy.

3) That DCPS be ordered, or agree, to fund a private psychological-educational evaluation and adaptive behavioral assessment [AKA Vineland].

4) That DCPS be ordered, or agree, to fund interim placement and transportation for Caprisha to attend St. Colleta's School in Alexandria, VA.

5) That DCPS be ordered, or agree, to convene an MDT meeting within ten business days of receiving the last of the parent's independent evaluations

6) That the purpose of the MDT meeting shall be to revise Caprisha's IEP including but not limited to developing appropriate statements or present levels of functioning of reading, writing, speech and language [communication], and social emotional.

7) That at the MDT meeting, DCPS identify an appropriate placement with placement to be made within five business days if for a public school or within 30 calendar days if for a non-public school.

8) **NOTE THAT SHOULD THERE BE A RESOLUTION CONFERENCE AS A RESULT OF THIS COMPLAINT, THEN THE PARENT WOULD EXPECT THE TEAM AT THE RESOLUTION CONFERENCE TO BE PREPARED TO AGREE TO FUND THE INDEPENDENT EVALUATIONS REQUESTED AND FUND INTERIM PLACEMENT AT ST. COLLETA'S WITH TRANSPORTATION, AND IF THE EVALUATIONS ARE ALREADY COMPLETED BY THE TIME OF THE RESOLUTION CONFERENCE,**

**THEN TO ACTUALLY CONDUCT THE MDT/ IEP/PLACEMENT MEETING AS REQUESTED. THE PARENT WILL NOT BE SATISFIED IF ALL THAT IS OFFERED AT THE RESOLUTION CONFERENCE IS A PROMISE TO CONDUCT EVALUATIONS OR CONVENE AN MDT MEETING.**

9) that DCPS provide any other relief deemed appropriate and relating to the violations committed here;

10) that DCPS be ordered or agrees to pay parent's reasonable attorney's fees and costs;

11) All meetings shall be scheduled through counsel for the parent, Miguel A. Hull, Esq. in writing, via facsimile, at 202-742-2097 or 202-742-2098;

12) Provide the student with a due process hearing within 20 calendar days of a request on any issue arising out of the noncompliance with the DCPS' obligation hereunder, or any disagreement with the assessment, programming or placement the parent may have;

13) In the event that the DCPS shall fail to comply with the terms herein, then under the Conciliation Agreement, the parents shall have the authority to use self help without further notice to the DCPS, and initiate an IEP with the DCPS' invited participation, and unilateral placement in an interim school or educational program until such time the DCPS can come into compliance and properly assess, program and/or participate;

14) The DCPS shall ensure that this student has available a Free and Appropriate Public Education including special education, transportation D.C.Mun. Regs. tit. 5 § 3000.3, and Other related services as are defined at 34 C.F.R. § 300.7; <u>Assistance to States for the Education of Children with Disabilities</u>, 70 Fed. Reg. 35782, 35836 (June 21, 2005) (to be codified at 34 C.F.R. pt. 300), designed to meet this student's unique needs and preparation for employment and independent living;

15) Provide counsel for the parent with copies, pursuant to <u>D.C. Mun. Regs. tit. 5 § 3021.8</u>, of all evaluation reports and all educational records on the student no later than sixteen business hours prior to the convening of any meeting;

16) That DCPS within ten (10) calendar days of the filing of this complaint, pursuant to the <u>Individuals with Disabilities Education Improvement Act of 2004, Pub. L. No. 108-446, Sec. 101, § 615(c)(2)(B)</u>, provide the parent's representative, Miguel A. Hull, Esq., via facsimile, at 202-742-2097 or 202-742-2098, the following:  i) an explanation of why DCPS proposed or refused to take the action raised in the complaint; ii) a description of other options that DCPS considered and the reasons why those options were rejected, iii) a description of each evaluation procedure, assessment, record, or report the agency used as the basis for the proposed or refused action, and iv) a description of the other factors that are relevant to the agency's proposed or refused action;

17) That DCPS, in the event they fail to answer/respond to the issues alleged in the parent's administrative due process hearing complaint, within ten (10) calendar days, the arguments and facts as averred by the parent will be deemed true and accurate and act as a waiver, on the part of DCPS, for their desire to have a Resolution Session Meeting, and the parent's administrative due process hearing will be scheduled pursuant to the applicable timelines contained in the IDEIA;

18) That DCPS, within fifteen (15) calendar days of receiving the parent's complaint, pursuant to the Individuals with Disabilities Education Improvement Act of 2004, Pub. L. No. 108-446, Sec. 101, § 615(c)(2)(C), respond to the parent's request alleging any insufficiency of notice;

19) That DCPS' failure to comply with the Individuals with Disabilities Education Improvement Act of 2004, Pub. L. No. 108-446, Sec. 101, § 615(c)(2)(C), and allege any insufficiency of the parent's administrative due process complaint, will constitute waiver on the part of DCPS to make such argument at any later date and time;

20) That DCPS, pursuant to the Individuals with Disabilities Education Improvement Act of 2004, Pub. L. No. 108-446, Sec. 101, § 615(f)(1)(B), within fifteen (15) calendar days of receiving the parent's administrative due process complaint, shall contact the parent's representative, in writing, via facsimile, at 202-742-2015 or 202-742-2098, to schedule and convene a **Resolution Session Meeting; [NOTE THAT SHOULD THERE BE A RESOLUTION CONFERENCE AS A RESULT OF THIS COMPLAINT, THEN THE PARENT WOULD EXPECT THE TEAM AT THE RESOLUTION CONFERENCE TO BE PREPARED TO AGREE TO FUND THE INDEPENDENT EVALUATIONS REQUESTED AND FUND INTERIM PLACEMENT AT ST. COLLETA'S WITH TRANSPORTATION, AND IF THE EVALUATIONS ARE ALREADY COMPLETED BY THE TIME OF THE RESOLUTION CONFERENCE, THEN TO ACTUALLY CONDUCT THE MDT/IEP/PLACEMENT MEETING AS REQUESTED. THE PARENT WILL NOT BE SATISFIED IF ALL THAT IS OFFERED AT THE RESOLUTION CONFERENCE IS A PROMISE TO CONDUCT EVALUATIONS OR CONVENE AN MDT MEETING.]**

21) That DCPS, pursuant to the Individuals with Disabilities Education Improvement Act of 2004, Pub. L. No. 108-446, Sec. 101, § 615(f)(1)(B), convene the Resolution Session Meeting, with the parent, the parent's representative, and all necessary/relevant members of the student's MDT/IEP Team that have specific knowledge about the child and the facts contained in the complaint. That the relevant members of the MDT/IEP Team that shall be present at the **Resolution Session Meeting for the student shall include the following persons:** 1) the student's special education teacher, if applicable, 2) the student's regular education teacher, if applicable, 3) a representative of the local education agency with decision making authority, 4) a person who can interpret the data, 5) any person(s) who conducted any assessments on the student, and 6) any service providers for the student;

22) That DCPS' failure to timely schedule and convene the Resolution Session Meeting within the timeframe identified according to the <u>Individuals with Disabilities Education Improvement Act of 2004</u>, Pub. L. No. 108-446, Sec. 101, § 615(f)(1)(B) constitute joint waiver between DCPS and the parent to have such meeting and the forty-five (45) days timeline to schedule the student's administrative due process hearing and receive a timely decision will begin to run upon written notice, via facsimile, at 202-442-5556, to the DCPS Office of Student Hearings, by the parent's counsel; and

23) A finding that the parent is the prevailing party in this action.

## G.    <u>Accommodations and Assistance Needed</u>:

Please list any special accommodations you may require for a Resolution Session Meeting/Mediation Conference/Due Process Hearing.

- Interpreter (please specify the type)_____
- Special Communication (please describe the type)_____
- Special Accommodations for Disability (please be specific)_____
- Other_____

## H.    <u>Signature</u>:

_____ /s/ Miguel Hull _____  September 2, 2005_____
Legal Representative / Advocate (if applicable)             Date

**Mail, fax or deliver this complaint notice to:**
**State Enforcement and Investigation Division**
**For Special Education Programs (SEID)**
**Student Hearing Office (SHO)**
**825 North Capitol Street, NE, 8th Floor**
**Washington, DC  20002**
**Fax number: 202/442-5556**

(In the Matter of CP  DOB: 8/12/94  HOD December 12, 2005)

# DISTRICT OF COLUMBIA PUBLIC SCHOOLS
## *State Enforcement and Investigation Division*
### CONFIDENTIAL
### Coles B. Ruff, Jr., Due Process Hearing Officer

| | | |
|---|---|---|
| In the Matter of Caprisha Powell | ) | **IMPARTIAL DUE PROCESS** |
| Date of Birth:  August 12, 1994 | ) | |
| | ) | **HEARING OFFICER'S DECISION** |
| | ) | |
| Petitioner, | ) | Hearing Date: November 30, 2005 |
| | ) | |
| v. | ) | Held at: 825 North Capitol St. NE |
| | ) | Washington, DC |
| District of Columbia Public Schools | ) | |
| ("DCPS" or "District") | ) | |
| Attending School: Moten ES | ) | |
| _____Respondent._____ | ) | |

Counsel for Student:                         Miguel Hull, Esq.
                                             1220 L Street NW  #700
                                             Washington, DC  20005

Counsel for DCPS:                            Tiffany Puckett, Esq.
                                             Office of General Counsel
                                             825 North Capitol St. NE
                                             Washington, DC  20002

## INTRODUCTION:

A Due Process Hearing was convened on November 30, 2005, at the headquarters of the District of Columbia Public Schools, 825 North Capitol Street, NE, Washington, DC 20002.  The hearing was held pursuant to a hearing request submitted by the counsel for the student filed September 2, 2005.

## JURISDICATION:

The hearing was conducted and this decision was written pursuant to the *Individuals with Disabilities Act* (I.D.E.A.), P.L. 101-476, as amended by P.L. 105-17 and the *Individuals with Disabilities Education Improvement Act of 2004* (I.D.E.I.A.), the Rules of the Board of Education of the District of Columbia and the DC Appropriations Act, Section 145, effective October 21, 1998.

## DUE PROCESS RIGHTS:

The student's counsel waived a formal reading of the due process rights.

1

(In the Matter of CP DOB: 8/12/94 HOD December 12, 2005)

## SUMMARY OF THE RELEVANT EVIDENCE:

The Hearing Officer considered the representations made on the record by each counsel and documents contained in the parties' disclosure statements, which were admitted into the record. The parties discussed the matter on the record and reached an agreement.

## FINDINGS OF FACT:

The Hearing Officer finds that the agreement reached on the record by the parties is in the best interest of the student and, therefore, a Hearing Determination is hereby issued incorporating the agreement as stated.

## ORDER:

1. DCPS shall, within ten (10) school days of November 30, 2005, complete a Vineland.

2. DCPS shall, on or before December 23, 2005, convene a multi-disciplinary team/individualized educational program (MDT/IEP) meeting to:
   - review the student's evaluations,
   - review and revise the student's IEP as necessary,
   - discuss and determine placement,
   - review the psychological counseling services provided the student during SY 2004-05,
   - provide verification of the psychological counseling services rendered,
   - develop a compensatory education plan for any services the student may have missed, and
   - develop a compensatory education plan if warranted.

3. If the student's placement is changed DCPS shall issue a prior notice of placement within five (5) school days of the MDT/IEP meeting if the recommended placement is public and thirty (30) calendar days if the recommended placement is private.

4. Scheduling of the MDT/IEP meeting is to be arranged through parent's counsel.

5. DCPS will be given a day for a day extension of any of the prescribed time frames in this Order for any delay caused by the student, the parent and/or their representative(s).

6. This Order resolves all issues in the September 2, 2005, complaint and the Hearing Officer makes no additional findings.[1]

---

[1] The complaint the student was denied FAPE based on the following alleged violations by DCPS: (1) failing to provide the student all psychological counseling she was due during SY 2004-05. (2) Failing

(In the Matter of CP  DOB: 8/12/94   HOD December 12, 2005)

## APPEAL PROCESS:

This is the final administrative decision in this matter. Appeals on legal grounds may be made to a court of competent jurisdiction within 30 days of the rendering of this decision.

**Coles B. Ruff, Esq.**
**Hearing Officer**
**Date: December 12, 2005**

Issued: __12-12-05__

to provide the student an appropriate IEP.  Specifically the parent alleged the IEP did not include present levels of performance in the areas of reading, written language, speech/language, and social emotional.  (3) Failing to conduct an appropriate psycho-educational evaluation of the student? Specifically, the parent alleged the evaluation did not include a cognitive assessment. (4) Failing to conduct a Vineland or other adaptive assessment of the student as recommended by the psycho-educational evaluation.

3

(In the Matter of CP  DOB: 8/12/94   HOD December 12, 2005)

## In the MATTER OF Caprisha Powell V. DCPS

### INDEX OF EXHIBITS

| EXHIBIT # | IDENTIFICATION | ADMITTED |
|-----------|----------------|----------|
| CP 1-14 | Parent's Disclosures | Yes |
| DCPS 1-10 | DCPS Disclosures | Yes |
| | | |
| | | |
| | | |
| | | |
| | | |
| | * A detailed list of the documents disclosed is contained in the parties' disclosure notices | |
| | | |
| | | |
| | | |
| | | |
| | | |
| | | |
| | | |
| | | |
| | | |
| | | |
| | | |
| | | |
| | | |
| | | |
| | | |
| | | |
| | | |

4

(In the Matter of CP DOB: 8/12/94  HOD December 12, 2005)

## In the MATTER OF Caprisha Powell V. DCPS

## RECORD OF PROCEEDING

| DATE | DESCRIPTION |
|---|---|
| 9/2/05 | Request for Due Process |
|  | Notice of Pre-Hearing Conference (as applicable) |
| 10/4/05 | Notice of Due Process Hearing |
|  | SETS Disposition Form |
|  | Transcripts or audio tapes of hearing |
|  |  |
|  |  |
|  |  |
|  |  |
|  |  |
|  |  |
|  |  |
|  |  |
|  |  |
|  |  |
|  |  |
|  |  |
|  |  |
|  |  |
|  |  |
|  |  |
|  |  |
|  |  |
|  |  |
|  |  |
|  |  |
|  |  |
|  |  |
|  |  |
|  |  |
|  |  |
|  |  |

(In the Matter of CP  DOB: 8/12/94   HOD December 12, 2005)

# INDEX OF NAMES

## In the MATTER OF Caprisha Powell V. DCPS

| | |
|---|---|
| Assistant Superintendent, Special Education (or Director) | |
| Special Education Coordinator | Ms. Katrina White-Sneed |
| School Psychologist | |
| Regular Education Teacher | |
| Special Education Teacher | Ms. Nicole Stroman |
| Speech/Language Therapist | |
| Occupational Therapist | |
| Physical Therapist | |
| Private Psychologist | |
| Child and Child's DCPS ID # or SSN (insert ID # or Case Number on each page of the HOD vice child's name) | |
| Child's Parent(s) (specific relationship) | Ms. Ericka Powell (Mother) |
| Child/Parent's Representative | Miguel Hull, Esq. |
| School System's Representative | Tiffany Puckett, Esq. |
| Parent's Educational Advocate | Mr. Juan Fernandez |
| | |
| | |
| | |
| | |
| | |
| | |
| | |
| | |
| | |
| | |
| | |
| | |
| | |
| | |
| | |
| | |
| | |
| | |
| | |

6

# District of Columbia Public Schools

## OFFICE OF GENERAL COUNSEL
### 825 North Capitol Street NE, 9th Floor
### Washington, DC 20002-1994
Phone - 202-442-5000, Fax – 202-442-5098

## APPLICATION FOR PAYMENT OF ATTORNEY FEES AND COSTS
## PURSUANT TO THE INDIVIDUALS WITH DISABILITIES EDUCATION ACT

**1.  Attorney Information**
Law Firm:               JAMES E. BROWN & ASSOCIATES, PLLC
Attorney:               JAMES E. BROWN
Federal Tax ID No.:     52-1500760
D.C. Bar No.:           61622

**2.  Student Information**
Name:                        Caprisha Powell
DOB:                         8/12/94
Date of Determination (HOD/SA):  12/12/05
Parent/Guardian Name:        Eurika Powell
Parent/Guardian Address:     1433 Cedar St., SE, #101, WDC 20020
Current School:              Moten ES
Home School:                 Moten ES

**3.  Invoice Information**
Invoice Number:              06-014
Date Request Submitted:      1/12/06
Date(s) Services Rendered    8/2/05 to 12/19/05
Amount of Payment Request    $ 6,810.64

**4.  Certification (must be signed by principal attorney)**

I certify that all of the following statements are true and correct:

- all services listed on the enclosed invoices were actually performed;
- the entire amount requested on the enclosed invoice for payment of costs and expenses represents the actual amount of costs and expenses incurred;
- the District of Columbia Public Schools is the sole entity from which payment of the fees, costs and expenses itemized on the enclosed invoice is requested;
- no attorney or law firm who either  (1) provided services listed on the enclosed invoice, or (2) will benefit from any monies paid as a result of the submission of the enclosed invoice, has a pecuniary interest, either through an attorney, officer or employee of the firm, in any special education diagnostic services, schools, or other special education service providers;
- I understand that the making of a false statement to an agency of the DC Government is punishable by criminal penalties pursuant to D.C. Code §22-2405.

_____          January 12, 2006
Signature                                 Date

# LEGEND

### ATTORNEYS

| | |
|---|---|
| JEB | James E. Brown, Esq. |
| DH | Domiento Hill, Esq. |
| CW | Christopher West, Esq. |
| BM | Brenda McAllister, Esq. |
| RG | Roberta Gambale, Esq. |
| MH | Miguel Hull, Esq. |
| RR | Rachel Rubenstein, Esq. |
| JF | Juan Fernandez, Esq. |
| CB | Christina Busso, Esq. |
| JS | John Straus, Esq. |
| RN | Roxanne Neloms, Esq. |
| TG | Tilman Gerald, Esq. |
| DSM | Delores Scott McKnight, Esq. |
| ML | Marshall Lammers, Esq. |

### PARALEGALS and LAW CLERKS

| | |
|---|---|
| AAG | Aracelly A. Gonzalez |
| DP | David Proctor |
| BDL | Blanca De La Sancha |
| SB | Sara Benkharafa |
| WB | Williams Bautista |
| YA | Yamileth Amaya |
| CMM | Claudia M. Martinez |
| HR | Heidi Romero |
| KD | Kelly Dau |
| MT | Michele Torry, BA, L. Cert. |
| TB | Tamika Beasley |

### ADVOCATES

| | |
|---|---|
| MM | Michelle Moody, MA |
| CS | Cheron Sutton-Brock, MA |
| KC | Kevin Carter, MA |
| SM | Sharon Millis, M. Ed. |
| CM | Carolyn Monford, MA |
| GMH | Garfield Mark Holman, MA |
| RB | C. Robin Boucher, Ph.D. |
| TS | Tamieka A. Skinner, MA |
| CP | Carrie Pecover, MA |
| CG | Cornesha Griffin, MS |
| WD | William Daywalt, M. Ed. |
| DD | Donte Davis |
| CF | Carlos Fernandez, MA,JD |

### OUT OF POCKET COSTS

| | |
|---|---|
| FAX | Facsimile @ $1.00 per page |
| COP | Reproduction @ $0.25 per page |
| TRN | Transportation @ actual taxi cost |
| TEL | Long Distance Telephone @ actual cost |
| PAR | Parking @ actual cost |
| MES | Messenger/Express Mail @ actual cost |
| POS | Postage @ actual cost |

James E. Brown & Associates, PLLC
A Professional Limited Liability
Company
1220 L Street, NW Suite 700
Washington, DC  20005


Invoice submitted to:
Caprisha Powell




.

January 10, 2006
In Reference To:        Caprisha Powell

Invoice #11199


Professional Services

|  |  |  | Hrs/Rate | Amount |
|---|---|---|---|---|
| 8/2/2005 | BDL | Conference with parent to discuss opening case and child's educational needs. | 0.92 110.00/hr | 101.20 |
|  | BDL | Drafted letter to parent. | 0.42 110.00/hr | 46.20 |
|  | MH | Conference with parent to discuss opening case and child's educational needs. | 0.92 365.00/hr | 335.80 |
| 8/5/2005 | JF | File research. Reviewed all educational documentation brought in by parent, such as IEP's, evaluations, report cards, progress reports, etc. Contacted parent to introduce myself and discussed strategy from now on. | 0.92 365.00/hr | 335.80 |
|  | CF | Reviewed , discussed with attorney and prepared case for school visit | 0.50 185.00/hr | 92.50 |
|  | MH | Conference with advocate and attorney to review status and discuss strategy. | 0.50 365.00/hr | 182.50 |
| 8/8/2005 | CF | School visit for file review and make copies of the student's records. | 2.83 185.00/hr | 523.55 |
| 8/10/2005 | CF | Reported to the attorney school visit's results, both in writing and verbally. Reviewed IEP, OT eval., Psycho-ed. eval, Speech and Language eval, and Tracker Form | 1.67 185.00/hr | 308.95 |
|  | MH | Reviewed advocate's memo regarding observation and also briefly discussed observation with him. | 0.25 365.00/hr | 91.25 |

Caprisha Powell                                                                 Page    2

|            |    |                                                                                                                                                                                                                              | Hrs/Rate | Amount |
|------------|----|------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------|----------|--------|
| 9/2/2005   | MH | Prepared and file due process hearing request to DCPS. Includes research on issues raised, discussion with guardian, and drafting and revising of claims made.                                                                | 1.83 365.00/hr | 667.95 |
| 9/6/2005   | HR | Draft letter to parent detailing the due process hearing complaint requested                                                                                                                                                 | 0.50 110.00/hr | 55.00 |
|            | MH | Conference with parent and file review regarding pending hearing.                                                                                                                                                            | 0.33 365.00/hr | 120.45 |
| 9/20/2005  | CF | Phone call to parent regards case status                                                                                                                                                                                     | 0.25 185.00/hr | 46.25 |
| 9/22/2005  | HR | Prepared and sent placement package to St. Coletta School                                                                                                                                                                    | 0.58 110.00/hr | 63.80 |
|            | HR | Prepared and sent placement package to Kennedy Institute                                                                                                                                                                     | 0.58 110.00/hr | 63.80 |
| 9/23/2005  | JF | Prepared for MDT/IEP by reviewing all documentation in file, discussed issues wiht advocate, contacted parent to discuss her concerns and strategy to follow at the meeting                                                    | 1.50 365.00/hr | 547.50 |
| 9/26/2005  | HR | Draft letter to parent regarding placement packets sent out for consideration                                                                                                                                                | 0.50 110.00/hr | 55.00 |
| 10/6/2005  | MH | Prepared plan for meeting at school. Includes review of case notes, discussion with parent, and legal research.                                                                                                              | 0.83 365.00/hr | 302.95 |
| 10/20/2005 | JF | Prepared for Due Process Hearing by reviewing all educational documentation, such as; evaluations completed on this student, past IEP's and Mdt meeting notes. Contacted paren to discuss issues to be present at the hearing. | 1.50 365.00/hr | 547.50 |
| 10/24/2005 | HR | Assisted attorney to research, draft letter and begin preparing disclosure to DCPS regarding complating filed on 9/2/05                                                                                                       | 0.58 110.00/hr | 63.80 |
|            | MH | Began preparing disclosure to DCPS regarding complaint filed on 9/2/05.                                                                                                                                                       | 0.58 365.00/hr | 211.70 |
| 11/14/2005 | HR | Draft letter to parent regarding the notice of hearing                                                                                                                                                                       | 0.42 110.00/hr | 46.20 |
|            | HR | Assisted attorney to prepare disclosure to DCPS for complaints filed on 9/2/05. [1 hour and 20 minutes on 9/2/05 complaint]                                                                                                    | 1.33 110.00/hr | 146.30 |
|            | MH | Prepare disclosure to DCPS for complaints filed on 9/2/05. Includes review of entire file to identify potential witnesses and exhibits, preparation of exhibit packet and cover letter, and supervision of delivery to DCPS counsel. [1 hour and 20 minutes on 9/2/05 complaint] | 1.33 365.00/hr | 485.45 |

Caprisha Powell                                                                                    Page    3

|  |  | Hrs/Rate | Amount |
|---|---|---|---|
| 11/17/2005 HR | File Review and sent letter to parent/student | 0.17<br>110.00/hr | 18.70 |
| 11/29/2005 MH | Prepared for bifurcated Due Process Hearing on complaints filed on 9/2/05. Includes discussions with parent, research on issues raised in each complaint, and preparation of possible witness questions and legal arguments for each complaint. [approximately 1 hour and 20 minutes on 9/2/05 complaint] | 1.33<br>365.00/hr | 485.45 |
| 11/30/2005 MH | Appearance to 825 North Capital for due process hearing for bifurcated hearing on complaints filed 9/2/05. [50 minutes on 9/2/05 ] | 0.83<br>365.00/hr | 302.95 |
| MH | Reviewed Psychological evaluation report dated 11/28/05 received today from DCPS. | 0.58<br>365.00/hr | 211.70 |
| 12/15/2005 MH | Reviewed Hearing Officer's Determination dated 12/12/05. Planned case strategy in light of findings in HOD. | 0.25<br>365.00/hr | 91.25 |
| 12/19/2005 HR | Draft letter to parent regarding the hearing Officer's determination dated 12/12/05 | 0.50<br>110.00/hr | 55.00 |
| HR | Draft letter to Moten Elementray School regaridng copy of the hearing officer's dertermination | 0.50<br>110.00/hr | 55.00 |
| | For professional services rendered | 25.73 | $6,661.45 |

Additional Charges :

| | | |
|---|---|---|
| 8/2/2005 | Copied documents; letter to parent | 0.50 |
| | Copied documents; intake documents | 5.50 |
| 8/3/2005 | Postage; letter to parent. | 0.37 |
| 8/5/2005 | Copied: documents for school visit. | 0.50 |
| 8/10/2005 | Facsimile: request for file to school. | 1.00 |
| 9/6/2005 | Copied documents; HR letter to parent | 2.50 |
| 9/8/2005 | Postage; letter to parent re: case status. | 0.60 |
| 9/22/2005 | Copied documents<br>placement package  to:<br>St. Caletta and Kennedy Institue | 17.00 |
| | Copied documents<br>RE: Hearing Request + status letter to parent | 2.00 |
| 9/23/2005 | Postage; Placement packages. | 1.75 |

Caprisha Powell                                                                                     Page    4

|  |  | Amount |
|---|---|---|
| 9/26/2005 | Postage; letter to parent re: case status. | 0.37 |
| 11/14/2005 | Postage; letter to parent | 0.37 |
| | Copied: NOH letter for parent. | 0.75 |
| 11/30/2005 | Sedan taxi service to and from  DCPS for hearing.(attny.) | 16.00 |
| 12/19/2005 | Postage; letter to parent | 0.60 |
| | Copied: HOD & letter for parent. | 2.50 |
| | File review preparation of bill and invoice audit | 96.88 |
| | Total costs | $149.19 |
| | Total amount of this bill | $6,810.64 |