# EXHIBIT 21

*State Education Agency for the District of Columbia*
***State Enforcement and Investigation Division (SEID)***
***Special Education Programs***



### *Due Process Complaint Notice*

- The form is used to give notice of a due process complaint to the **District of Columbia Public Schools, District of Columbia Public Charter Schools (DCPS or LEA) and/or parents** with respect to any matter relating to the identification, evaluation, or educational placement of a child with a disability, or the provision of a free appropriate public education to that child. **A party may not have a due process hearing until the party, or the attorney representing the party, files a notice that meets the requirements of the Individuals wit**

- The due process complaint must describe an alleged violation that occurred not more than two (2) years before the date that the parent or school system knew or should have known about the alleged action that is the basis of the complaint.

- Notice must be provided to the Student Hearing Office for the DC Public Schools, 825 North Capitol Street, NE, 8th Floor, Washington, DC 20002; fax number 202/442-5556.

- Unless the other party agrees, the party requesting the due process hearing shall not be allowed to raise issues at the due process hearing that are not raised in this Due Process Complaint Notice. Therefore, please be thorough in providing the information requested.

- Prior to the opportunity for an impartial due process hearing, the Local Educational Agency (LEA) shall convene a meeting **(called a "Resolution Session")** with the parent(s) unless the parent(s) and the Local Educational Agency agree in writing to waive this meeting. You will be contacted by a representative of the Local Educational Agency to schedule the meeting. **The Student Hearing Office does NOT schedule resolution meetings**.

- Mediation is also available to all parties as an alternative to a resolution meeting or a Due Process Hearing.

**A.    INFORMATION ABOUT THE STUDENT:**

Name of the Student: **Jeremiah Richardson**    Date of Birth: **June 27, 1991**
Address: **435 F Street SE Washington, DC 20019**
Home School:  **Sousa Junior High School**
Present School of Attendance: **Hine Junior High School**

Is this a charter school? No            (If yes, you must also provide a copy of this notice
                                        to the charter school principal or director)
Parent/Guardian of the Student: **Mr. Albert Richardson**

Address (if different from the student's above): same

SEID DPCN Rev'd. 7/01/05

**B.    Legal Representative/Attorney:**

Name: **Roberta L. Gambale, Esq. ( James Brown and Associates, PLLC)**
Address: 1220 "L" Street, Suite 700, Washington, DC 20005
 Phone: (w) (202)742-2000 (ext. 2021) (Fax) (202) 742-2098   (e-mail) Rgambale@jeblaw.biz
Will attorney / legal representative attend the resolution session?        **X** Yes                    ☐ No

**C.    Complaint Made Against (check all that apply):**

**X**  DCPS school (name of the school if different from page one)

**D.    Resolution Session Meeting Between Parent/Representative and LEA:**

I understand that it is my right to have a resolution meeting to resolve this complaint.  I also
understand that I may voluntarily waive this right if I choose.  (Note: All parties must agree to waive
the resolution meeting to avoid having this meeting.)

The parent, by and through counsel, wishes to waive the Resolution Session Meeting for  this process.

**E.    Mediation Process:**

IDEIA requires that any time a party requests a due process hearing, mediation should be offered at
no cost to the parent.  Both parties can request mediation as an alternative to the Resolution Session
Meeting or as an alternative to a Due Process Hearing.  Please check all that apply:

**I am requesting an administrative due process hearing only.**

**F.    Facts and Reasons for the Complaint:**

In accordance with the Individuals with Disabilities Education Improvement Act (IDEIA), please
complete the following questions (attach additional pages if needed):

**I.  Nature of the problem.**

**Background**

Jeremiah Richardson is a 9th grade student at Hines Junior High School.  He has been struggling with
academic subjects like math and reading for years.  During the 2004 Summer, parent had Jeremiah
privately tested and discovered that, the then 8th grader was performing on a 5th grade level.
Furthermore, Jeremiah has consitently performed below basic on standardized tests.

**Issues**

1.  **District of Columbia Public Schools ("DCPS") failed to timely evaluate and/or identify
     as a disabled student in need of Special Education Services pursuant to its' "child find"
     obligation and the IDEIA**

     The Individuals with Disabilities Education Improvement Act of 2004, Pub. L. No. 108-446,
     at Sec. 101, § 612(3)(A), requires DCPS, as the Local Education Agency and State Education
     Agency to ensure that:

                    All children with disabilities residing in the State, including
                    children with disabilities who are homeless children or are wards
                    of the District and children with disabilities attending private

2

schools, re_____ss of the severity of their disabilities, ____ho are in need of special education and related services, are identified, located, and currently receiving needed special education and related services.

The public agency's child find obligation is an affirmative one. Lincoln County Sch. Dist. .A .A., 39 IDELR 185 (D.Or. 2003). Wise vs. Ohio Dept of Education, 80 F.3d. 177, 181 (6th Cir. 1996); Robertson County School System vs. King, 24 IDELR 1036 (6th Cir. 1996) (affirmative obligation on states and local school districts—not parents-to identify, locate and evaluate all children, including migrants and the homeless, with disabilities residing within the jurisdiction who have disabilities and are in need of special education or related services.) DCPS' unawareness of a student's possible disability and need for special education likewise will not relieve it of its obligation, if it should have suspected the student might have such a disability. Reid vs. District of Columbia, 310 F. Supp 2d 137 (D.D.C. 2004); 30 DCMR Sec. 3004.1(a) (child with a suspected disability to be referred to IEP team by school staff.) The proposed regulation at 34 C.F.R. 300.325(a)(1)(2) restate the statutory requirement and make it applicable to all children who are "suspected of being a child with a disability under Section 300.7 and in need of special education, even though they are advancing from grade to grade." The IDEIA's sweeping child find requirement applies to all children residing in the District of Columbia regardless of:

(a)  The severity of the disability;

(b)  Whether the child is in the custody or under the jurisdiction of any public or private agency or institution;

(c)  Whether the child has never attended or will never attend public school; and

(d)  Whether the District of Columbia serves infants and toddlers under Part C or preschool children under Part B

A written request for evaluations was submitted to DCPS on or about April 23, 2005 and a Student Evaluation Plan meeting was held on or about May 23 ,2005 at which time the Multidisciplinary team that convened agreed that a full battery of assessments was warranted. Despite the fact that the DC regulations required that the evaluation process be completed with one hundred twenty calendar days, DCPS failed to conduct the evlauations requested. As a result, this student has been denied a FAPE.

## II. Issues presented.

- Whether District of Columbia Public Schools ("DCPS") denied Jeremiah Richardson a free and appropriate public education by failing to meet their child find obligation under either the IDEA and/or IDEIA?

- Whether District of Columbia Public Schools ("DCPS") failed to timely evaluate jeremiah pursuant to the written request of the parent on or about April 23, 2005 and the consensus of the MDT on May 23, 2005?

- Whether Jeremiah has been denied a Free and Appropriate Education ("FAPE").

## III. To the extent known to you at this time, how can this problem be resolved?

WHEREFORE, the guardian, by and through counsel, requests the following relief:

3

1. A finding that DCr. ....lied Jeremiah FAPE by failing to ident. . ./or evaluate him in a timely manner;

2. That DCPS shall conduct and/or fund the following evaluations for Jeremiah to include but not limited to: a) psycho-educational evaluation; b) speech and language assessment; c) social history ; and e) classroom observation, as well as, any evaluations warranted based upon the findings of these such as either a psychiatric evaluation and/or neuropsychological evaluation and/or audiological evaluation and/or occupational therapy evaluation;

3. That DCPS shall convene an MDT meeting within ten (10) calendars days of completion of the assessments for the purpose of reviewing evaluations; revising the IEP; discussing compensatory education; discussing and determining placement;

4. That at the afore mentioned meeting, DCPS shall secure the participation of all necessary IEP team members to include but not limited to the appropriate personnel required to review assessments and develop an appropriate program for this child;

5. Should Jeremiah be determined to be eligible for services, parent reserves the right address compensatory education for denials of FAPE that have occurred and the student shall be entitled to receive compensatory education from the commencement of the 2005/2006 school year to date that the IEP is developed and implemented;

6. That DCPS agrees to pay counsel for the parent's reasonable attorney's fees in an amount not to exceed Four Thousand Dollars and Zero Cents ($4,000.00), as full payment of attorneys' fees and related costs incurred in the matter;

7. All meetings shall be scheduled through counsel for the parent, Roberta L. Gambale, Esq., in writing, via facsimile, at 202-742-2097 or 202-742-2098;

8. Provide the student with a due process hearing within 20 calendar days of a request on any issue arising out of the noncompliance with the DCPS' obligation hereunder, or any disagreement with the assessment, programming or placement the parent may have;

9. In the event that the DCPS shall fail to comply with the terms herein, then under the Conciliation Agreement, the parent shall have the authority to use self help without further notice to the DCPS, and initiate an IEP with the DCPS' invited participation, and unilateral placement in an interim school or educational program until such time the DCPS can come into compliance and properly assess, program and/or participate;

10. Provide counsel for the parent with copies, pursuant to 5 DCMR 3021.8, of all evaluation reports and all educational records on the student no later than sixteen (16) business hours prior to the convening of any meeting;

11. 19.. The DCPS shall ensure that this student has available a Free and Appropriate Public Education including special education, transportation (5 DCMR 3000.3), and Other related services as are defined at 34 C.F.R. 300.24, designed to meet this student's unique needs and preparation for employment and independent living;

12. That DCPS within ten (10) calendar days of the filing of this complaint, pursuant to the Individuals with Disabilities Education Improvement Act of 2004, Pub. L. No. 108-446, Sec. 101, § 615(c)(2)(B), provide the parent's representative, Roberta L. Gambale, Esq., via facsimile, at 202-742-2097 or 202-742-2098, the following: i) an explanation of why DCPS proposed or refused to take the action raised in the complaint; ii) a description of

4

other options that IEP team considered and the reasons those options were rejected, iii) a description of each evaluation procedure, assessment, record, or report the agency used as the basis for the proposed or refused action, and iv) a description of the other factors that are relevant to the agency's proposed or refused action;

13. That DCPS, in the event they fail to answer/respond to the issues alleged in the parent's administrative due process hearing complaint, within ten (10) calendar days, the arguments and facts as averred by the parent will be deemed true and accurate and act as a waiver, on the part of DCPS, for their desire to have a Resolution Session Meeting, and the guardian's administrative due process hearing will be scheduled pursuant to the applicable timelines contained in the IDEIA;

14. That DCPS, within fifteen (15) calendar days of receiving the parent's complaint, pursuant to the Individuals with Disabilities Education Improvement Act of 2004, Pub. L. No. 108-446, Sec. 101, § 615(c)(2)(C), respond to the parent's request alleging any insufficiency of notice.

15. That DCPS' failure to comply with the Individuals with Disabilities Education Improvement Act of 2004, Pub. L. No. 108-446, Sec. 101, § 615(c)(2)(C), and allege any insufficiency of the administrative due process complaint, will constitute waiver on the part of DCPS to make such argument at any later date and time.

16. That DCPS, pursuant to the Individuals with Disabilities Education Improvement Act of 2004, Pub. L. No. 108-446, Sec. 101, § 615(f)(1)(B), within fifteen (15) calendar days of receiving the parent's administrative due process complaint, shall contact the parent's representative, in writing, via facsimile, at 202-742-2097 or 202-742-2098, to schedule and convene a Resolution Session Meeting;

17. That DCPS, pursuant to the Individuals with Disabilities Education Improvement Act of 2004, Pub. L. No. 108-446, Sec. 101, § 615(f)(1)(B), convene the Resolution Session Meeting, with the parent, the parent's representative, and all necessary/relevant members of the student's MDT/IEP Team that have specific knowledge about the child and the facts contained in the complaint. That the relevant members of the MDT/IEP Team that shall be present at the Resolution Session Meeting for the student shall include the following persons: 1) the student's special education teacher, 2) the student's regular education teacher, if applicable, 3) a representative of the local education agency with decision making authority, 4) a psychiatrist and/or clinical psychologist; 5) an occupational therapist; and/or 6) any person(s) who conducted any assessments on the student.

18. That DCPS' failure to timely schedule and convene the Resolution Session Meeting within the timeframe identified according to the Individuals with Disabilities Education Improvement Act of 2004, Pub. L. No. 108-446, Sec. 101, § 615(f)(1)(B) constitute joint waiver between DCPS and the guardian to have such meeting and the forty-five (45) days timeline to schedule the student's administrative due process hearing and receive a timely decision will begin to run upon written notice, via facsimile, at 202-442-5556, to the DCPS Office of Student Hearings, by the parent's counsel; and

19. A finding that the parent is the prevailing party in this action.

5

**G.    Accommodations and Assistance Needed:**

- N/A

Dated this 4th day of October, 2005

Roberta L. Gambale, Esq.,
James E. Brown & Associates, PLLC
1220 L Street, NW Suite 700
Washington, DC 20005
202-742-2021
Counsel for the Parent


**Mail, fax or deliver this complaint notices to:**
**State Enforcement and Investigation Division**
**For Special Education Programs (SEID)**
**Student Hearing Office (SHO)**
**825 North Capitol Street, NE, 8th Floor**
**Washington, DC  20002**
**Fax number: 202/442-5556**

6

**JAMES E. BROWN & ASSOCIATES, PLLC**
*A Professional Limited Liability Company*

| | | |
|---|---|---|
| James E. Brown | Attorneys at Law | Tilman L. Gerald |
| Domiento C.R. Hill ◊ | 1220 L Street, NW | Roxanne D. Neloms |
| Roberta Gambale | Suite 700 | John A. Straus |
| Miguel A. Hull | Washington, DC 20005 | Delores Scott McKnight |
| Christopher L. West | Telephone: (202) 742-2000 | Marshall Lammers° |
| Juan J. Fernandez! | Facsimile: (202) 742-2098 | |
| ---------------------------------- | e-mail: Admin@Jeblaw.biz | ------------------------------- |

! Admitted in Bolivia Only

# *FAX COVER SHEET*

DATE:        October 4, 2005

TO:          Sharon Newsome, Hearing Coordinator, Student Hearing Office, DCPS

PHONE:       202-442-4800

FAX NO:      202-442-5556

FROM:        Yamileth Amaya, Paralegal

             Jeremiah Richardson
             DOB: 6/27/91

NUMBER OF PAGES INCLUDING COVER SHEET: **7**

COMMENTS:  Please find attached the Due Process Complaint Notice for the above

mentioned student.

◊ *"Practice is limited solely to matters before the District of Columbia Public Schools' Office of Student Hearings under the District of Columbia Court of Appeals Rule 49(c)(5)."*

```
**********************
***   TX REPORT   ***
**********************


TRANSMISSION OK

TX/RX NO              2648
CONNECTION TEL                    94425556
CONNECTION ID
ST. TIME             10/04 10:21
USAGE T              01'03
PGS. SENT               7
RESULT               OK
```

## JAMES E. BROWN & ASSOCIATES, PLLC

*A Professional Limited Liability Company*

James E. Brown
Domiento C.R. Hill ◊
Roberta Gambale
Miguel A. Hull
Christopher L. West
Juan J. Fernandez!
-------------------------------

Attorneys at Law
1220 L Street, NW
Suite 700
Washington, DC 20005
Telephone: (202) 742-2000
Facsimile: (202) 742-2098
e-mail: Admin@Jeblaw.biz

Tilman L. Gerald
Roxanne D. Nelom:
John A. Straus
Delores Scott McKi: ght
Marshall Lammers°

-------------------------------- -----

! Admitted in Botivia Only

# *FAX COVER SHEET*

DATE:       October 4, 2005

TO:         Sharon Newsome, Hearing Coordinator, Student Hearing Office, DCPS

PHONE:      202-442-4800

FAX NO:     202-442-5556

FROM:       Yamileth Amaya, Paralegal

            Jeremiah Richardson
            DOB: 6/27/91

NUMBER OF PAGES INCLUDING COVER SHEET: 7

COMMENTS:  Please find attached the Due Process Complaint Notice for the above

mentioned student.

# DISTRICT OF COLUMBIA PUBLIC SCHOOLS
## *State Enforcement and Investigative Division*
## CONFIDENTIAL

### Charles R. Jones, Esq., Due Process Hearing Officer
825 North Capitol Street, N.E. 8th Floor
Washington, D.C. 20002
Facsimile: (202) 442-5556

| | | |
|---|---|---|
| In the Matter of | ) | IMPARTIAL DUE PROCESS |
| | ) | |
| JEREMIAH RICHARDSON, Student, | ) | HEARING OFFICER'S DECISION |
| Date of Birth: 06-27-91 | ) | |
| | ) | |
| Petitioner, | ) | Hearing Date: December 5, 2005 |
| | ) | |
| vs. | ) | |
| | ) | Held at: 825 North Capitol Street, NE |
| The District of Columbia Public Schools, | ) | Eighth Floor |
| Attending: Hine Junior High School | ) | Washington, D.C. 20002 |
| Respondent. | ) | |
| | ) | |

### SETTLEMENT ORDER

**Parent(s):**  Mr. Albert Richardson
435 F. Street, SE
Washington, D.C. 20019

**Counsel for Parent:**  Roberta L. Gambale, Esq.
James E. Bown & Associates, PLLC
1220 L. Street, N.W.
Suite 700
Washington, D.C. 20005

**Counsel for School:**  Katherine G. Rodi, Attorney- Advisor
Office of the General Counsel, DCPS
825 North Capitol Street, N.E., 9th Floor
Washington, D.C. 20002

# HEARING OFFICER'S DECISION

## DISTRICT OF COLUMBIA PUBLIC SCHOOLS
### *State Enforcement and Investigative Division*

### Special Education Due Process Hearing

## I.  INTRODUCTION

On October 4, 2005, a Request for Due Process Hearing was filed with the Student Hearing Office, by counsel for the parent, Roberta L. Gambale, Esq. The request alleges DCPS failed to timely determine the student's eligibility for special education and related services pursuant to "Child-Find" regulations.

A Due Process Hearing was convened on December 5, 2005, at the District of Columbia Public Schools, ("DCPS"), 825 North Capitol Street, N.E., and 8th Floor, Washington, D.C. 20002. Katherine G. Rodi, Esq., Attorney-Advisor represented DCPS. Roberta L. Gambale, Esq., represented the parent. Five Day Disclosure Letters were entered into the record, without any objection by either party. On behalf of the parent: Disclosure Letter dated November 28, 2005: JR-1 through JR-22. On behalf of DCPS: Disclosure Letter dated November 28, 2005: DCPS-01.  Parent's counsel waived a formal reading of the Due Process Rights. The parties did not enter any testimony, as the case was settled on the record.

## II.  JURISDICTION

The Due Process Hearing was convened, and this decision was written pursuant to *Public Law 108-446, The Individuals with Disabilities Education Improvement Act of 2004 (IDEIA);* 20 United States Code 1400 et. Seq.; Title 5 of the District of Columbia Municipal Regulations and Section 145 of the D.C. Appropriations Act, effective October 21, 1998.

## III.  ISSUES

Whether DCPS denied the student FAPE by failing to timely determine the student's eligibility for special education services pursuant to "Child-Find" regulations?

## IV.    SUMMARY OF RELEVANT EVIDENCE

At the commencement of the Hearing, the parties represented that they had agreed upon terms to settle this matter. Counsel for the parties requested that the Hearing Officer approve of the terms and incorporate those terms into an Order.

## V.    FINDINGS OF FACT

The Hearing Officer makes the following findings of fact:

- The terms of the agreement, as set forth in the record, are in the best interest of this student; therefore, the terms are approved and incorporated into an Order.

**Based upon the foregoing, IT IS HEREBY ORDERED:**

1) **DCPS shall, within twenty-four-(24) hours of the date of the hearing, provide/deliver a copy of the Speech and Language Evaluation report to parent's counsel.**

2) **In the event DCPS fails to timely provide the Speech and Language Evaluation report to parent's counsel, the parent is hereby authorized to independently obtain the Speech and Language Evaluation at DCPS expense pursuant to the Superintendent's Directive on outside consultant fees.**

3) **DCPS shall, within fifteen- (15) schools days of the receipt of the evaluation, convene a BLMDT team meeting to review all current evaluations and determine the student's eligibility for special education services. In the event the student is ineligible for special education services, DCPS shall issue a notice of ineligibility.**

4) **In the event the student is eligible for special education services, DCPS shall develop an appropriate IEP and discuss and determine an appropriate educational placement for the remainder of the 2005-2006 school years.**

3.

5)  In the event the appropriate placement is to a public school, DCPS shall issue a prior notice of placement within five- (5) school days of the MDT/IEP team meeting. If the appropriate placement is to a non-public facility, DCPS shall issue a prior notice of placement within thirty- (30) calendar days of the MDT/IEP team meeting.

6)  DCPS shall discuss and determine compensatory educational relief and if warranted develop an appropriate Compensatory Education Plan to include an appropriate number of hour(s), form and format.

7)  All communications and notices shall be sent through the parent's counsel.

8)  Any delay in the above time frames caused by the student or student's counsel shall result in an extension of one day for each day of delay.

## VI.    APPEAL PROCESS

This is the FINAL ADMINISTRATIVE DECISION.  Appeals may be made to a court of competent jurisdiction within ninety- (90) days from the date this decision was issued.

_____          Date Filed: _12 - 0 6 - 0 5_

Charles R. Jones, Esq., Hearing Officer

Date Issued: _12 - 06 - 05_____

4.

# District of Columbia Public Schools

### OFFICE OF GENERAL COUNSEL
825 North Capitol Street NE, 9th Floor
Washington, DC 20002-1994
Phone – 202-442-5000, Fax – 202-442-5098

## APPLICATION FOR PAYMENT OF ATTORNEY FEES AND COSTS
## PURSUANT TO THE INDIVIDUALS WITH DISABILITIES EDUCATION ACT

1.    **Attorney Information**
      Law Firm:               JAMES E. BROWN & ASSOCIATES, PLLC
      Attorney:               JAMES E. BROWN
      Federal Tax ID No.:     52-1500760
      D.C. Bar No.:           61622

2.    **Student Information**
      Name:                          Jeremiah Richardson
      DOB:                           6/27/91
      Date of Determination (HOD/SA): 12/6/05
      Parent/Guardian Name:          Albert Richardson
      Parent/Guardian Address:       435 F St., SE, WDC 20019
      Current School:                Hine JHS
      Home School:                   Hine JHS

3.    **Invoice Information**
      Invoice Number:           06-015
      Date Request Submitted:   1/12/06
      Date(s) Services Rendered: 4/20/05 to 12/5/05
      Amount of Payment Request $ 9,341.61

4.    **Certification (must be signed by principal attorney)**

I certify that all of the following statements are true and correct:

- all services listed on the enclosed invoices were actually performed;
- the entire amount requested on the enclosed invoice for payment of costs and expenses represents the actual amount of costs and expenses incurred;
- the District of Columbia Public Schools is the sole entity from which payment of the fees, costs and expenses itemized on the enclosed invoice is requested;
- no attorney or law firm who either  (1) provided services listed on the enclosed invoice, or (2) will benefit from any monies paid as a result of the submission of the enclosed invoice, has a pecuniary interest, either through an attorney, officer or employee of the firm, in any special education diagnostic services, schools, or other special education service providers;
- I understand that the making of a false statement to an agency of the DC Government is punishable by criminal penalties pursuant to D.C. Code §22-2405.


_____          January 12, 2006
Signature                                Date

# LEGEND

## ATTORNEYS

| | |
|---|---|
| JEB | James E. Brown, Esq. |
| DH | Domiento Hill, Esq. |
| CW | Christopher West, Esq. |
| BM | Brenda McAllister, Esq. |
| RG | Roberta Gambale, Esq. |
| MH | Miguel Hull, Esq. |
| RR | Rachel Rubenstein, Esq. |
| JF | Juan Fernandez, Esq. |
| CB | Christina Busso, Esq. |
| JS | John Straus, Esq. |
| RN | Roxanne Neloms, Esq. |
| TG | Tilman Gerald, Esq. |
| DSM | Delores Scott McKnight, Esq. |
| ML | Marshall Lammers, Esq. |

## PARALEGALS and LAW CLERKS

| | |
|---|---|
| AAG | Aracelly A. Gonzalez |
| DP | David Proctor |
| BDL | Blanca De La Sancha |
| SB | Sara Benkharafa |
| WB | Williams Bautista |
| YA | Yamileth Amaya |
| CMM | Claudia M. Martinez |
| HR | Heidi Romero |
| KD | Kelly Dau |
| MT | Michele Torry, BA, L. Cert. |
| TB | Tamika Beasley |

## ADVOCATES

| | |
|---|---|
| MM | Michelle Moody, MA |
| CS | Cheron Sutton-Brock, MA |
| KC | Kevin Carter, MA |
| SM | Sharon Millis, M. Ed. |
| CM | Carolyn Monford, MA |
| GMH | Garfield Mark Holman, MA |
| RB | C. Robin Boucher, Ph.D. |
| TS | Tamieka A. Skinner, MA |
| CP | Carrie Pecover, MA |
| CG | Cornesha Griffin, MS |
| WD | William Daywalt, M. Ed. |
| DD | Donte Davis |
| CF | Carlos Fernandez, MA,JD |

## OUT OF POCKET COSTS

| | |
|---|---|
| FAX | Facsimile @ $1.00 per page |
| COP | Reproduction @ $0.25 per page |
| TRN | Transportation @ actual taxi cost |
| TEL | Long Distance Telephone @ actual cost |
| PAR | Parking @ actual cost |
| MES | Messenger/Express Mail @ actual cost |
| POS | Postage @ actual cost |

James E. Brown & Associates, PLLC
A Professional Limited Liability
Company
1220 L Street, NW Suite 700
Washington, DC  20005


Invoice submitted to:
Jeremiah Richardson
Albert Richardson
4353 F Street, SE
Washington DC 20019


January 05, 2006
In Reference To:     Jeremiah Richardson
                     DOB: 6/27/91
                     School: Hine JHS
                     Home School: Sousa JHS

Invoice #11163

        Professional Services

| | | | Hrs/Rate | Amount |
|---|---|---|---|---|
| 4/20/2005 | RG | Consultation with parent and legal assistant, research and case preparation. | 0.92 365.00/hr | 335.80 |
| | AAG | Drafted letter to parent | 0.79 110.00/hr | 86.90 |
| | AAG | Conference with parent to discuss opening case and child's educational needs. | 0.92 110.00/hr | 101.20 |
| 4/22/2005 | YA | Research educational needs re: request for initial evaluations and records | 0.33 110.00/hr | 36.30 |
| | YA | Assist attorney with request for Initial evaluations to Hines JHS and Office of General Counsel, Mediation and Compliance, Special Education Division, Sousa MS and Supervisors of Records | 0.42 110.00/hr | 46.20 |
| | YA | Assist attorney with request for Initial evaluations to Sousa MS and Office of General Counsel, Mediation and Compliance, Special Education Division, Sousa MS and Supervisors of Records | 0.42 110.00/hr | 46.20 |
| | YA | Draft letter to request records to Sousa MS and Office of General Counsel, Mediation and Compliance, Special Education Division, Sousa MS and Supervisors of Records | 0.67 110.00/hr | 73.70 |

Jeremiah Richardson                                                                                      Page    2

|  |  |  | Hrs/Rate | Amount |
|---|---|---|---|---|
| 4/22/2005 | YA | Draft letter to request records to Hine JHS and Office of General Counsel, Mediation and Compliance, Special Education Division, Sousa MS and Supervisors of Records | 0.67 110.00/hr | 73.70 |
|  | RG | Reviewed | 0.25 365.00/hr | 91.25 |
|  | RG | Drafted letter to DCPS / Attorney re: evals | 0.50 365.00/hr | 182.50 |
| 5/11/2005 | RG | Conference with parent ( telphone) re: pta meeting and status and problems in math.  Discussed teacherqualifications | 0.42 365.00/hr | 153.30 |
|  | RG | Drafted letter to DCPS  requesting teacher qualifications and instructions to paralegal re: status letter to parent | 0.67 365.00/hr | 244.55 |
| 5/12/2005 | YA | Telephone call to DCPS, Wilma Bonner, Director school staff | 0.25 110.00/hr | 27.50 |
| 5/13/2005 | MM | File review and developed  monthly case status report and developed report indicating last communications with school and parent. | 0.58 185.00/hr | 107.30 |
|  | MM | Discussion with school | 0.25 185.00/hr | 46.25 |
|  | YA | Draft status letter to parent re: request for teacher's certification | 0.75 110.00/hr | 82.50 |
|  | MM | Drafted letter to school | 0.50 185.00/hr | 92.50 |
| 5/19/2005 | MM | Drafted letter to private school | 0.50 185.00/hr | 92.50 |
| 5/23/2005 | RG | Conference with parent. Telephone call from dad re: meeting; discussion with advocate and follow up with dad | 0.42 365.00/hr | 153.30 |
|  | MM | Attended MDT/IEP @ school | 2.50 185.00/hr | 462.50 |
| 8/24/2005 | MM | File review and developed  monthly case status report | 0.58 185.00/hr | 107.30 |
| 9/23/2005 | MM | File review and developed  monthly case status report and documentd the moste recent communications with school and parent and the next thing that needed to be done. | 0.50 185.00/hr | 92.50 |

Jeremiah Richardson                                                                          Page    3

|  |  |  | Hrs/Rate | Amount |
|---|---|---|---|---|
| 9/30/2005 | AAG | Reviewed advocate's report, file review and discussion with attorney Brown | 0.25<br>110.00/hr | 27.50 |
|  | JEB | Reviewed advocate's report, file review and discussion with paralegal | 0.25<br>385.00/hr | 96.25 |
| 10/3/2005 | RG | Conference with parent | 0.33<br>365.00/hr | 120.45 |
| 10/4/2005 | RG | Prepared and file due process hearing request to DCPS | 2.00<br>365.00/hr | 730.00 |
| 10/6/2005 | YA | Drafted letter to parent re, scheduling memorandum for meeting resolution | 0.58<br>110.00/hr | 63.80 |
|  | YA | Tickle resolution meeting | 0.17<br>110.00/hr | 18.70 |
| 10/7/2005 | MM | File review and developed  monthly case status report | 0.42<br>185.00/hr | 77.70 |
| 10/12/2005 | MM | Reviewed hr dated 10/4/05 | 0.17<br>185.00/hr | 31.45 |
| 10/14/2005 | RG | Conference with parent telephone call to verify address  and review motion and complaint | 0.50<br>365.00/hr | 182.50 |
|  | YA | Discussion with the child's attorney re, updated contact information | 0.17<br>110.00/hr | 18.70 |
|  | RG | Discussion with the paralegal re, updated contact information | 0.17<br>365.00/hr | 62.05 |
| 10/17/2005 | YA | Phone call to parent re, correect address and meeting | 0.33<br>110.00/hr | 36.30 |
|  | RG | Conference with parent and disuss with YA re: status and follow up | 0.33<br>365.00/hr | 120.45 |
| 10/19/2005 | RG | attend DRS with parent; | 1.00<br>365.00/hr | 365.00 |
|  | RG | Conference with parent | 0.58<br>365.00/hr | 211.70 |

Jeremiah Richardson                                                                                    Page    4

|  |  |  | Hrs/Rate | Amount |
|---|---|---|---|---|
| 10/21/2005 RG | Conference with parent re: SH questionaire | | 0.33<br>365.00/hr | 120.45 |
| 10/24/2005 YA | Review memo from attorney re, Hearing | | 0.17<br>110.00/hr | 18.70 |
| YA | Drafted letter to DCPS, Student Hearing Officer re, Request for a hearing date | | 0.58<br>110.00/hr | 63.80 |
| 11/7/2005 RG | Reviewed psycho-ed and instructions to YA re: status letter to be sent to Dad | | 0.58<br>365.00/hr | 211.70 |
| YA | Drafted letter to parent re, Hearing Date and evaluations | | 0.75<br>110.00/hr | 82.50 |
| 11/9/2005 RG | Conference with parent - call from parent re: mdt meeting and speech eval and call to advocate to discuss scheduling and evals not completed | | 0.42<br>365.00/hr | 153.30 |
| 11/11/2005 MM | File review and developed  monthly case status report regarding the most recent developments on the case and contact with the school/parent and what needs to be done next. | | 0.25<br>185.00/hr | 46.25 |
| 11/15/2005 RG | Prepared for Due Process Hearing | | 1.75<br>365.00/hr | 638.75 |
| 11/16/2005 RG | Appearance to 825 North Capital for due process hearing | | 1.75<br>365.00/hr | 638.75 |
| 11/24/2005 MM | File review and developed  monthly case status report | | 0.42<br>185.00/hr | 77.70 |
| 11/28/2005 RG | Prepare disclosure to DCPS | | 1.00<br>365.00/hr | 365.00 |
| YA | Prepare disclosure to DCPS, Student Hearing Office and Office of General Counsel and tabbing for Hearing Officer and attorney | | 1.50<br>110.00/hr | 165.00 |
| 12/1/2005 MM | File review and developed  monthly case status report | | 0.50<br>185.00/hr | 92.50 |
| 12/2/2005 RG | Prepared for Due Process Hearing | | 1.50<br>365.00/hr | 547.50 |
| MM | Prepared for Due Process Hearing | | 1.00<br>185.00/hr | 185.00 |

Jeremiah Richardson

Page    5

| | | | Hrs/Rate | Amount |
|---|---|---|---|---|
| 12/5/2005 | RG | Appearance to 825 North Capital for due process hearing and pre/post hearing discussion with advocate and parent | 1.75 365.00/hr | 638.75 |
| | YA | File Review and sent letter to parent/student | 0.17 110.00/hr | 18.70 |
| | MM | File review and developed  monthly case status report and developed a report regarding the most recent developments in case and the most recent parent and school communication and what needs to be done next.. | 0.50 185.00/hr | 92.50 |
| | | For professional services rendered | 35.98 | $9,055.15 |

Additional Charges :

| | | |
|---|---|---|
| 4/20/2005 | Copied documents | 4.50 |
| | Intake | |
| | Copied documents; letter to parent | 0.50 |
| | Postage; letter to parent | 0.37 |
| 4/22/2005 | Facsimile records and evaluations request | 43.00 |
| 5/11/2005 | Facsimile request for file qualification. | 3.00 |
| 5/13/2005 | Copied: Request letter for parent. | 1.00 |
| 5/16/2005 | Postage; letter to parent with request. | 0.37 |
| 10/4/2005 | Copied: HR for parent and advocate. | 3.00 |
| | Postage: letter to parent re: HR. | 0.60 |
| | Facsimile(SHO-HR) | 7.00 |
| 10/6/2005 | Copied: scheduling memo for parent and advocate. | 1.75 |
| 10/24/2005 | Facsimile: Hearing date request to SHO. | 3.00 |
| 11/8/2005 | Postage; letter to parent re: HDN. | 0.37 |
| | Copied: social and psycho evaluations, HND letter for parent and advocate. | 6.00 |
| 11/28/2005 | Messenger Service to and from DCPS (5-day Disclosures) | 20.00 |

**Jeremiah Richardson**                                                                 Page    6

                                                                                    <u>Amount</u>

11/28/2005 Copied disc. for (SHO,OGC,ATTNY.)                                            78.75

  12/5/2005 Sedan taxi service to and from  DCPS for hearing.(attny.and adv.)           16.00

          Postage; letter to parent                                                      0.37

          File review preparation of bill and invoice audit                             96.88
                                                                                    _____
          **Total costs**                                                            **$286.46**
                                                                                    _____
          **Total amount of this bill**                                             **$9,341.61**