# EXHIBIT 22

*State Education Agency for the District of Columbia*
*State Enforcement and Investigation Division (SEID)*
*Special Education Programs*



# ADMINISTRATIVE DUE PROCESS
# COMPLAINT NOTICE

- The form is used to give notice of a due process complaint to the **District of Columbia Public Schools, District of Columbia Public Charter Schools (DCPS or LEA) and/or parents** with respect to any matter relating to the identification, evaluation, or educational placement of a child with a disability, or the provision of a free appropriate public education to that child. **A party may not have a due process hearing until the party, or the attorney representing the party, files a notice that meets the requirements of the Individuals with Disabilities Education Improvement Act (IDEIA).**

- The due process complaint must describe an alleged violation that occurred not more than two (2) years before the date that the parent or school system knew or should have known about the alleged action that is the basis of the complaint.

- Notice must be provided to the Student Hearing Office for the DC Public Schools, 825 North Capitol Street, NE, 8th Floor, Washington, DC 20002; fax number 202/442-5556.

- Unless the other party agrees, the party requesting the due process hearing shall not be allowed to raise issues at the due process hearing that are not raised in this Due Process Complaint Notice. Therefore, please be thorough in providing the information requested.

- Prior to the opportunity for an impartial due process hearing, the Local Educational Agency (LEA) shall convene a meeting **(called a "Resolution Session")** with the parent(s) unless the parent(s) and the Local Educational Agency agree in writing to waive this meeting. You will be contacted by a representative of the Local Educational Agency to schedule the meeting. **The Student Hearing Office does NOT schedule resolution meetings**.

- Mediation is also available to all parties as an alternative to a resolution meeting or a Due Process Hearing.

A.   **INFORMATION ABOUT THE STUDENT:**

Name of the Student:  Michael Robinson Date of Birth: 9/4/97

Address: <u>1617 30th St., S.E. Washington, D.C. 20020</u>

Present School of Attendance:  __Randle Highlands ES__

Parent/Guardian of the Student: __Stephanie Robinson____

**B.**    **Legal Representative/Attorney (if applicable):**

Name: ____Roberta Gambale, Esq.____

Address: ___1220 L Street, NW, Suite 700, Washington, DC 20005_____

Phone: (w) _202-742-2000_ (Fax) _202-742-2097_      (e-mail)
_____

Will an attorney / legal representative attend the resolution session?      **X** Yes  ☐ No

**C.**    **Complaint Made Against (check all that apply):**

**X** DCPS
☐Charter school (name of the charter school if different from page one)_____
☐Non-public school or residential treatment facility (name)
_____
☐Parent

**D.**    **Resolution Session Meeting Between Parent and LEA:**

I understand that it is my right to have a resolution meeting to resolve this complaint.  I also understand that I may voluntarily waive this right if I choose.  (Note:  All parties must agree to waive the resolution meeting to avoid having this meeting.)

**X** I wish to waive the Resolution Session Meeting; **HOWEVER**, any resolution meeting should be scheduled through the parent's attorney.

**E.**    **Mediation Process:**

IDEIA requires that any time a party requests a due process hearing, mediation should be offered at no cost to the parent.  Both parties can request mediation as an alternative to the Resolution Session Meeting or as an alternative to a Due Process Hearing.  Please check all that apply:

**I am requesting an administrative due process hearing <u>only</u> at this time.**

**F.**    **Facts and Reasons for the Complaint:**

2

## I.  Nature of the Problem.

1. **Failure to reimburse the parent for evaluation expenses in violation of a Hearing Officer's Determination (HOD) issued on August 16, 2004.**

    DCPS as the responsible public agency has a duty to ensure that a Free Appropriate Public Education (FAPE) is made available to all children with disabilities residing in the District of Columbia. 34 C.F.R. 300.300 and Assistance to States for the Education of Children with Disabilities, 70 Fed. Reg. 35782, 35842 (June 21, 2005) (to be codified at 34 C.F.R. pt. 300.101).  DCPS is obligated to comply with a Hearing Officer's Determination or Settlement Agreement into which it enters. DCPS has denied Michael FAPE by failing to comply with the HOD issued on August 16, 2004.

    During a hearing conducted on August, 5 2004 to resolve DCPS' past failures to evaluate Michael for special education needs in a timely manner, the hearing officer ordered that DCPS was to "reimburse parent for an independent Speech and Language Evaluation and an Audiological Evaluation pursuant to the Superintendent Directive on outside consultant fees." Ms. Robinson submitted the invoices that she received to DCPS shortly after and called repeatedly to determine the status of reimbursement.

    A settlement agreement was reached with DCPS on June 17, 2005, by which DCPS agreed to reimburse the parent within 30 business days of receiving new copies of the invoices and evaluations. These documents were provided to DCPS Mediation and Compliance Staff Member, Ms. S. Harley on September 2, 2005 by parent's counsel. An additional letter was mailed with hard copies of these evaluations on September 21, 2005. A letter was also sent to the Office of Mediation and Compliance on October 18, 2005 noting the settlement violation. Ms. Harley did contact parent's counsel after this letter to inform that the matter was being handled by the finance department. Parent's counsel left a message at the contact number provided by Ms. Harley.  No response was received.

    It has now been more than one year and the mother has not received reimbursement for any of these expenses. This is in direct violation of the August 16, 2004 HOD and the June 17, 2005 Settlement Agreement.

    Ms. Robinson has been financially harmed by the failure and should be reimbursed the original invoice amounts and interest in the amount of 6% for the substantial delay in the payment.  As the total invoices were for $1329, she should be compensated an additional $79.74 for the past year.

2. **Failure to Provide for the Comprehensive Evaluation in All Areas of Suspected Disability by Failing to Fund the Necessary Evaluations–Denial of a Free and Appropriate Public Education – Failure to Comply with the Individuals with Disabilities Education Improvement Act of 2004 and D.C. Municipal Regulations.**

    According to Individuals with Disabilities Education Improvement Act of 2004, Pub. L. No. 108-446, Sec. 101, § 614(b)(2)(B), DCPS, as the responsible public agency, has a duty to "assess the child in all areas of suspected disability." Likewise, D.C. MUN.

REGS. tit. 5, § 3005.9 (2003) requires that the child be "assessed in all areas related to the suspected disability." DCPS is also under the obligation to complete evaluations within the timeline consistent with IDEIA, DC Municipal Regulations and the DC Code. Evaluations "must be completed within 120 days from the date that the student was referred for an evaluation or assessment." DC ST Sec. 38-2501. DCPS has a duty to make a "good faith effort to assist a child in achieving their goals and objectives . . ." D.C. MUN. REGS. tit. 5, § 3002.3 (2003). DCPS' duty extends to "ensure that reevaluation of each child with a disability is conducted . . . if the local educational agency determine the educational or related service needs . . . of the child warrants a reevaluation" or "if the child's parents or teacher requests a reevaluation." Individuals with Disabilities Education Improvement Act of 2004, Pub. L. No. 108-446, Sec. 101, § 614(a)(2)(A). DCPS failed in its duty to comprehensively evaluate Michael's special education needs and then failed to reimburse the parent for the necessary evaluations that she obtained and, as a result, has denied him FAPE by failing to financially provide for the completion and review all necessary evaluations in a timely manner.

Michael's mother, Ms. Stephanie Robinson, repeatedly met with school staff at Michael's school, Randle Highlands Elementary School, throughout the 2001-2002, 2002-2003 and 2003-2004 school years. During these meetings she repeatedly voiced her concerns about Michael's poor performance. School staff echoed her concerns. During Michael's Pre-Kindergarten year in 2001-2002, Michael's teacher, Ms. Gray, identified her concerns with Michael's performance and she stated that she was initiating paperwork for special education. This was at Ms. Gray's recommendation and Ms. Robinson concurred with the recommendation for testing. During Michael's 2002-2003 school year in Ms. Myers' Kindergarten class, Ms. Myers again recommended testing for Michael, and specifically noted her concerns with his Speech and Language skills. During the 2003-2004 school year Ms. Robinson also spoke with the school Principal and Assistant Principal to discuss Michael's problems. According to reports by Ms. Myers, she sent paperwork home to Ms. Robinson regarding Michael's referral and then the parent and teacher went to the office together to inquire about the referral. That was during the 2002-2003 school year. When Michael began 1st grade in Ms. Lucas' class, still no testing had been completed. Again Ms. Robinson voiced concerns to the classroom teacher and to the Principal and Assistant Principal.

Finally, after having her concerns ignored for nearly 3 full years, Ms. Robinson went to Children's hospital and secured a private Speech and Language Evaluation and an Audiological Evaluation for her son in March 2004. DCPS ultimately convened an MDT/IEP meeting on June 9, 2004. This meeting was long overdue. During the meeting, it became apparent that DCPS completed psycho-educational and speech and language testing without the knowledge or consent of the parent. Additionally, the notes reflect "she (Ms. Robinson) has been asking for assistance for her child since Pre-K and has not receive any assistance. Mom reports that she paid out-of-pocket for testing and wants to be reimbursed." Ultimately, the team on June 9, 2004 agreed that Michael is eligible for special education services as a Speech and Language Impaired student. The team further agreed that DCPS failed to act in a timely way to secure evaluations and

hold an eligibility meeting. However, DCPS only offered compensatory education for 2 months of missed services.

During a hearing conducted on August 5, 2004 to resolve this and other issues, the hearing officer ordered that DCPS was to reimburse the parent for the independent Speech and Language Evaluation and the Audiological Evaluation pursuant to the Superintendent Directive on outside consultant fees. Ms. Robinson submitted the invoices that she received to DCPS shortly after and called repeatedly to determine the status of reimbursement.

A settlement agreement was reached with DCPS on June 17, 2005, by which DCPS agreed to reimburse the parent within 30 business days of receiving new copies of the invoices and evaluations. These documents were provided to DCPS Mediation and Compliance Staff Member, Ms. S. Harley on September 2, 2005 by parent's counsel. An additional letter was mailed with hard copies of these evaluations on September 21, 2005. A letter was also sent to the Office of Mediation and Compliance on October 18, 2005 noting the settlement violation. Ms. Harley did contact parent's counsel after this letter to inform that the matter was being handled by the finance department. Parent's counsel left a message at the contact number provided by Ms. Harley. No response was received.

Ms. Robinson has been financially harmed by the failure and should be reimbursed the original invoice amounts and interest in the amount of 6% for the substantial delay in the payment. As the total invoices were for $1329, she should be compensated an additional $79.74 for the past year.

## II. Issues presented.

1. Whether DCPS denied the Student a Free and Appropriate Public Education by failing to reimburse the parent for evaluation expenses as ordered by an August 16, 2004 HOD and required by the June 17, 2005 Settlement Agreement in accordance with the Individuals with Disabilities Education Improvement Act (2004) and D.C. Regulations.

2. Whether DCPS denied the Student a Free and Appropriate Public Education by failing to provide for comprehensive evaluations in all areas of suspected disability in accordance with the Individuals with Disabilities Education Improvement Act (2004) and D.C. Regulations.

## III.     Relief Sought.

1. A finding that DCPS denied the student with a Free and Appropriate Public Education by failing to reimburse the parent for evaluation expenses as ordered by an August 16, 2004 HOD and required by the June 17, 2005 Settlement Agreement;

2.  A finding that DCPS denied the student with a Free and Appropriate Public Education by failing to provide for comprehensive evaluations in all areas of suspected disability;

3.  DCPS shall provide $1329, plus $79.74 in interest, within 10 business days to be sent to the parent through parent's counsel.

4.  DCPS agrees to pay counsel for the parent reasonable attorney's fees and costs;

5.  All meetings shall be scheduled through counsel for the parent, through Marshall Lammers, in writing, via facsimile, at 202-742-2097 or 202-742-2098;

6.  DCPS shall provide the student with a due process hearing within 20 calendar days of a request on any issue arising out of the noncompliance with the DCPS' obligation hereunder, or any disagreement with the assessment, programming or placement the parent may have;

7.  In the event that the DCPS shall fail to comply with the terms herein, then under the Conciliation Agreement, the parents shall have the authority to use self help without further notice to the DCPS, and initiate an IEP with the DCPS' invited participation, and unilateral placement in an interim school or educational program until such time the DCPS can come into compliance and properly assess, program and/or participate;

8.  The DCPS shall ensure that this student has available a Free and Appropriate Public Education including special education, transportation (5 DCMR 3000.3), and Other related services as are defined at 34 C.F.R. 300.7; Assistance to States for the Education of Children with Disabilities, 70 Fed. Reg. 35782, 35836 (June 21, 2005) (to be codified at 34 C.F.R. pt. 300), designed to meet this student's unique needs and preparation for employment and independent living;

9.  Send all notices to counsel for the parent with copies of such to the parent and in the parent's native language;

10. That DCPS within ten (10) calendar days of the filing of this complaint, pursuant to the Individuals with Disabilities Education Improvement Act of 2004, Pub. L. No. 108-446, Sec. 101, § 615(c)(2)(B), provide the parents' counsel, via facsimile, at 202-742-2097 or 202-742-2098, the following:
    i)  an explanation of why DCPS proposed or refused to take the action raised in the complaint;

6

ii)     a description of other options that the IEP team considered and the reasons why those options were rejected;

iii)    a description of each evaluation procedure, assessment, record, or report the agency used as the basis for the proposed or refused action; and

iv)    a description of the other factors that are relevant to the agency's proposed or refused action;

12.  That DCPS, in the event they fail to answer/respond to the issues alleged in the parent's administrative due process hearing complaint, within ten (10) calendar days, the arguments and facts as averred by the parent will be deemed true and accurate and act as a waiver, on the part of DCPS, for their desire to have a Resolution Session Meeting, and the parent's administrative due process hearing will be scheduled pursuant to the applicable timelines contained in the IDEIA;

13. That DCPS, within fifteen (15) calendar days of receiving the parent's complaint, pursuant to the Individuals with Disabilities Education Improvement Act of 2004, Pub. L. No. 108-446, Sec. 101, § 615(c)(2)(C), respond to the parent's request alleging any insufficiency of notice;

14. That DCPS' failure to comply with the Individuals with Disabilities Education Improvement Act of 2004, Pub. L. No. 108-446, Sec. 101, § 615(c)(2)(C), and allege any insufficiency of the parent's administrative due process complaint, will constitute waiver on the part of DCPS to make such argument at any later date and time;

15. That DCPS, pursuant to the Individuals with Disabilities Education Improvement Act of 2004, Pub. L. No. 108-446, Sec. 101, § 615(f)(1)(B), within fifteen (15) calendar days of receiving the parent's administrative due process complaint, shall contact the parent's representative, in writing, via facsimile, at 202-742-2097 or 202-742-2098, to schedule and convene a Resolution Session Meeting;

16. That DCPS, pursuant to the Individuals with Disabilities Education Improvement Act of 2004, Pub. L. No. 108-446, Sec. 101, § 615(f)(1)(B), convene the Resolution Session Meeting, with the parent, the parent's representative, and all necessary/relevant members of the student's MDT/IEP Team that have specific knowledge about the child and the facts contained in the complaint. That the relevant members of the MDT/IEP Team that shall be present at the Resolution Session Meeting for the student shall include the following persons:  1) all of the student's special education and general education teachers from the period referred to in this Complaint, 2) the school psychologist, 3) the principal and special education coordinator at Randle Highland ES, and 5) a representative of the local education agency with decision making authority;.

17. That DCPS' failure to timely schedule and convene the Resolution Session Meeting within the timeframe identified according to the Individuals with Disabilities Education Improvement Act of 2004, Pub. L. No. 108-446, Sec. 101, § 615(f)(1)(B) constitute joint waiver between DCPS and the parent to have such meeting and the forty-five (45) days timeline to schedule the student's administrative due process hearing and receive a timely decision will begin to run upon written notice, via facsimile, at 202-442-5556, to the DCPS Office of Student Hearings, by the parent's counsel; and

18. A finding that the parent is the prevailing party in this action.

**G.    Accommodations and Assistance Needed:**

Please list any special accommodations you may require for a Resolution Session Meeting/Mediation Conference/Due Process Hearing.

- Interpreter (please specify the type)_____
- Special Communication (please describe the type)_____
- Special Accommodations for Disability (please be specific)_____
- Other_____
_____

**H.    Signature:**

Legal Representative / Advocate (if applicable)          Date

10-25-05

**Mail, fax or deliver this complaint notice to:**
**State Enforcement and Investigation Division**
**For Special Education Programs (SEID)**
**Student Hearing Office (SHO)**
**825 North Capitol Street, NE, 8th Floor**
**Washington, DC 20002**

8

**Fax number: 202/442-5556**

```
**********************
***   TX REPORT   ***
**********************


TRANSMISSION OK

TX/RX NO            3370
CONNECTION TEL                   94425556
CONNECTION ID
ST. TIME            10/25 16:51
USAGE T             01'17
PGS. SENT            10
RESULT              OK
```

# James E. Brown & Associates, PLLC
*A Professional Limited Liability Company*

| | | |
|---|---|---|
| James E. Brown | Attorneys at Law | Juan J. Fernandez |
| Domiento C.R. Hill o | 1220 L Street, NW | Tilman L. Gerald |
| Roberta Gambale | Suite 700 | John A. Straus |
| Miguel A. Hull | Washington, DC 20005 | Dolores Scott Mcl night |
| Christopher L. West | Telephone: (202) 742-2000 | Marshall Lammer ' |
| | Facsimile: (202) 742-2098 | |

e-mail: Admin@Jeblaw.biz

! Admitted in Bolivia Or  ʃ

# *FAX COVER SHEET*

TO:  Office of Student Hearings

   Attn: Sharon Newsome

FROM: Marshall Lammers for Roberta Gambale

DATE:  October 25, 2005

FAX NO: 202-442-5556

SUBJECT: Due Process Complaint

NUMBER OF PAGES, INCLUDING FAX COVER SHEET:

COMMENTS: Due Process Complaint for M.R. DOB: 9/4/97

**STATEMENT OF CONFIDENTIALITY:**
The information contained in this electronic message and any attachments to this message are intended for the exclusive use o  the

# District of Columbia Public Schools

## State Enforcement and Investigation Division

**Terry Michael Banks, Due Process Hearing Officer**
825 North Capitol Street, N.E.; Room 8076
Washington, D.C. 20002
(571) 437-7381
Facsimile: (202) 442-5556

### Confidential

| | | |
|---|---|---|
| MICHAEL ROBINSON, STUDENT | ) | |
| | ) | |
| Date of Birth: September 4, 1997 | ) | |
| | ) | |
| Petitioner, | ) | Hearing Date: December 20, 2005 |
| | ) | |
| v. | ) | Complaint Filed: October 26, 2005 |
| | ) | |
| THE DISTRICT OF COLUMBIA | ) | |
| PUBLIC SCHOOLS | ) | |
| | ) | Held at: 825 North Capitol Street, N.E. |
| Respondent. | ) | 8th Floor |
| | ) | Washington, D.C. 20002 |
| Student Attending: | ) | |
| Randle Highlands Elementary School | ) | |

## HEARING OFFICER'S DECISION

| | |
|---|---|
| **Parents:** | Ms. Stephanie Robinson, Mother |
| | 1617 – 30th Street, S.E. |
| | Washington, D.C. 20020 |
| | |
| **Counsel for Petitioner:** | Marshall Lammers, Esquire |
| | James E. Brown & Associates |
| | 1220 L Street, N.W. |
| | Suite 700 |
| | Washington, D.C. 20005 |
| | (202) 742-2000; Fax: (202) 742-2098 |
| | |
| **Counsel for DCPS:** | Aaron E. Price, Esquire |
| | Office of the General Counsel, DCPS |
| | 825 North Capitol Street, N.E.; 9th Floor |
| | Washington, D.C. 20002 |

An index of names is attached hereto for the benefit of the parties. The index will permit the parties to identify specific witnesses and other relevant persons. The index is designed to be detached before release of this Decision as a public record.

## INDEX OF NAMES

| Child's Name | Michael Robinson |
|---|---|
| Child's Parent(s) (specific relationship) | Stephnie Robinson, Mother |
| Child/Parent's Representative | Marshall Lammers, Esquire |
| School System's Representative | Aaron E. Price, Esquire |
| Administrative Assistant, DCPS Office of Mediation & Compliance | Shauntelle Harley |

**Jurisdiction**

This hearing was conducted in accordance with the rights established under the Individuals With Disabilities Education Improvement Act of 2004 ("IDEA"), 20 U.S.C. Sections 1400 et seq., Title 34 of the Code of Federal Regulations, Part 300; Title V of the District of Columbia ("District" or "D.C.") Municipal Regulations ("DCMR"), re-promulgated on February 19, 2003; and Title 38 of the D.C. Code, Subtitle VII, Chapter 25.

**Introduction**

Petitioner is an eight year-old student attending Randle Highlands Elementary School ("RHES"). On October 3, 2005, Petitioner filed a *Due Process Complaint Notice* ("*Complaint*") alleging that the District of Columbia Public Schools ("DCPS") had failed to comply with a Hearing Officer's Decision ("HOD") requiring DCPS to reimburse Petitioner for independent evaluations. The due process hearing was convened on December 20, 2005. The parties' Five-Day Disclosure Notices were admitted into evidence. At the hearing, DCPS' counsel moved to dismiss the *Complaint*, arguing that DCPS' failure to reimburse Petitioner for the independent evaluation did not deprive Petitioner of educational benefit and, thus, was not a denial of a free appropriate public education ("FAPE"). Petitioner's counsel countered with "the first word in FAPE is 'free,'" a compelling argument that led the hearing officer to deny DCPS' motion.

**Witnesses for DCPS**

Administrative Assistant, DCPS Office of Mediation & Compliance
Petitioner's Mother

**Witnesses for Petitioner**

None

**Findings of Fact**

1. Petitioner is an eight year-old student attending RHES.[1]

2. On August 16, 2004, an HOD was issued that required, *inter alia*, that DCPS "reimburse parent for an independent Speech and Language and an Audiological Evaluation pursuant to the Superintendent's Directive on outside consultant fees."[2]

---

[1] *Complaint* at 1.
[2] Petitioner's Exhibit ("P.Exh.") No. 6 at 3.

3

3. On June 17, 2005, the parties entered into a settlement agreement in which DCPS agreed "to reimburse the parent for the independent speech/language evaluation and audiology evaluation... not later than 30 business days from the date DCPS... receives the invoices/bills and complete copies of the evaluations." The settlement agreement was "in full satisfaction and settlement of all the claims contained in the pending hearing request, and including all claims that the parent now asserts or could have asserted as of the date of this agreement."[3]

**Conclusions of Law**

1. DCPS offered hearsay testimony from Ms. Harley that DCPS had sent a check to Petitioner's counsel to reimburse Petitioner's parent for the independent evaluations. The hearing office gives this testimony no weight, because (1) Ms. Harley had no direct knowledge that a check was sent, (2) the alleged check was not marked as on behalf of Petitioners' parent, (3) the best evidence of the payment would have been a copy of the check, and (4) no evidence of the amount of the check was provided. The hearing officer also notes that if DCPS had, in fact, tendered payment to Petitioner's counsel, this matter should have been resolved at a Resolution Session meeting. There have now been two due process proceedings dedicated solely to DCPS' failure to reimburse Petitioner's parent for two evaluations. The hearing officer concludes that DCPS denied Petitioner FAPE by failing to comply with the June 17, 2005 settlement agreement.[4]

2. Petitioner is the prevailing party in this proceeding.

**ORDER**

Upon consideration of Petitioner's request for a due process hearing, the parties' Five Day Disclosure Notices, the testimony presented at the hearing, the representations of the parties' counsel at the hearing, this 2nd day of January 2006, it is hereby

**ORDERED**, that on or before January 20, 2006, DCPS shall reimburse Petitioner's parent for the evaluations described in the June 17, 2005 settlement agreement. Alternatively, if DCPS asserts that payment has been sent to Petitioner's counsel, by facsimile and first-class mail, DCPS may send written notification to Petitioner's counsel of the date, invoice or check number, and amount of the check sent as reimbursement for the evaluations.

**IT IS FURTHER ORDERED**, that this Order is effective immediately.

---

[3] P.Exh. No. 5.
[4] The June 17th settlement agreement waived all claims arising from the proceeding that led to the August 16, 2004 HOD.

**Notice of Right to Appeal Hearing Officer's Decision and Order**

This is the final administrative decision in this matter. Any party aggrieved by the findings and/or decision may bring a civil action in any state court of competent jurisdiction or in a district court of the United States without regard to the amount in controversy, in accordance with 20 U.S.C. Section 1415(i)(2)(A) within thirty days of the entry of the Hearing Officer's Decision.[5]

*Terry Banks*

Terry Michael Banks
Hearing Officer

Date:   January 2, 2006

Issued:   1/3/06

Copies to:

Marshall Lammers, Esquire
James E. Brown & Associates
1220 L Street, N.W.
Suite 700
Washington, D.C. 20005
(202) 742-2000; Fax: (202) 742-2098

Aaron E. Price, Esquire
Office of the General Counsel, DCPS
825 North Capitol Street, N.E.
9th Floor
Washington, D.C. 20002

---

[5] *See Amman v. Town of Stow*, 991 F.2d 929, 931(1st Cir. 1993) (since the IDEA does not set a time limit for lawsuits brought under its terms, the district court must "borrow" the most analogous statute of limitations under state law); *Spiegler v. District of Columbia*, 866 F.2d 461, 463-64 (D.C. Cir. 1989)(borrowing a 30-day limitations period for review of agency orders and applying it to an appeal from a decision under the predecessor to IDEA). In the District of Columbia, the Rules of the Board of Education do not prescribe a time limit for bringing the civil action authorized by the IDEA and the Board's Regulations, 5 D.C.M.R. Section 3032.5. The D.C. Administrative Procedures Act defers to the District of Columbia Court of Appeals to set the limitation period for filing an appeal from a final agency action. D.C. Code §2-510(a). Under the Court's rules, a petition for review of an agency order must be filed within thirty days. D.C. Ct. App. Rule 15(a).

5

# District of Columbia Public Schools

## OFFICE OF GENERAL COUNSEL
825 North Capitol Street NE, 9th Floor
Washington, DC 20002-1994
Phone - 202-442-5000, Fax - 202-442-5098

## APPLICATION FOR PAYMENT OF ATTORNEY FEES AND COSTS
## PURSUANT TO THE INDIVIDUALS WITH DISABILITIES EDUCATION ACT

1.  **Attorney Information**
    Law Firm: <u>JAMES E. BROWN & ASSOCIATES, PLLC</u>
    Attorney: <u>JAMES E. BROWN</u>
    Federal Tax ID No.: <u>52-1500760</u>
    D.C. Bar No.: <u>61622</u>

2.  **Student Information**
    Name: <u>Michael Robinson</u>
    DOB: <u>9/4/97</u>
    Date of Determination (HOD/SA): <u>1/3/06</u>
    Parent/Guardian Name: <u>Stephanie Robinson</u>
    Parent/Guardian Address: <u>1617 30th St., SE, WDC 20020</u>
    Current School: <u>Randle Highlands ES</u>
    Home School: <u>Randle Highlands ES</u>

3.  **Invoice Information**
    Invoice Number: <u>06-039</u>
    Date Request Submitted: <u>1/12/06</u>
    Date(s) Services Rendered <u>6/21/05 to 12/20/05</u>
    Amount of Payment Request <u>$6,996.95</u>

4.  **Certification (must be signed by principal attorney)**

I certify that all of the following statements are true and correct:

- all services listed on the enclosed invoices were actually performed;
- the entire amount requested on the enclosed invoice for payment of costs and expenses represents the actual amount of costs and expenses incurred;
- the District of Columbia Public Schools is the sole entity from which payment of the fees, costs and expenses itemized on the enclosed invoice is requested;
- no attorney or law firm who either (1) provided services listed on the enclosed invoice, or (2) will benefit from any monies paid as a result of the submission of the enclosed invoice, has a pecuniary interest, either through an attorney, officer or employee of the firm, in any special education diagnostic services, schools, or other special education service providers;
- I understand that the making of a false statement to an agency of the DC Government is punishable by criminal penalties pursuant to D.C. Code §22-2405.

_____                    January 12, 2006
Signature                                     Date

# LEGEND

## ATTORNEYS

| | |
|---|---|
| JEB | James E. Brown, Esq. |
| DH | Domiento Hill, Esq. |
| CW | Christopher West, Esq. |
| BM | Brenda McAllister, Esq. |
| RG | Roberta Gambale, Esq. |
| MH | Miguel Hull, Esq. |
| RR | Rachel Rubenstein, Esq. |
| JF | Juan Fernandez, Esq. |
| CB | Christina Busso, Esq. |
| JS | John Straus, Esq. |
| RN | Roxanne Neloms, Esq. |
| TG | Tilman Gerald, Esq. |
| DSM | Delores Scott McKnight, Esq. |
| ML | Marshall Lammers, Esq. |

## PARALEGALS and LAW CLERKS

| | |
|---|---|
| AAG | Aracelly A. Gonzalez |
| DP | David Proctor |
| BDL | Blanca De La Sancha |
| SB | Sara Benkharafa |
| WB | Williams Bautista |
| YA | Yamileth Amaya |
| CMM | Claudia M. Martinez |
| HR | Heidi Romero |
| KD | Kelly Dau |
| MT | Michele Torry, BA, L. Cert. |
| TB | Tamika Beasley |
| BC | Blair Copeland |

## ADVOCATES

| | |
|---|---|
| MM | Michelle Moody, MA |
| CS | Cheron Sutton-Brock, MA |
| KC | Kevin Carter, MA |
| CM | Carolyn Monford, MA |
| GMH | Garfield Mark Holman, MA |
| RB | C. Robin Boucher, Ph.D. |
| TS | Tamieka A. Skinner, MA |
| CP | Carrie Pecover, MA |
| CG | Comesha Griffin, MS |
| WD | William Daywalt, M. Ed. |
| DD | Donte Davis |
| CF | Carlos Fernandez, MA,JD |

## OUT OF POCKET COSTS

| | |
|---|---|
| FAX | Facsimile @ $1.00 per page |
| COP | Reproduction @ $0.25 per page |
| TRN | Transportation @ actual taxi cost |
| TEL | Long Distance Telephone @ actual cost |
| PAR | Parking @ actual cost |
| MES | Messenger/Express Mail @ actual cost |
| POS | Postage @ actual cost |

12/27/2005

James E. Brown & Associates, PLLC
A Professional Limited Liability
Company
1220 L Street, NW Suite 700
Washington, DC 20005

Invoice submitted to:
Michael Robinson

January 10, 2006
In Reference To:      Michael Robinson

Invoice #11202

Professional Services

| | | | Hrs/Rate | Amount |
|---|---|---|---|---|
| 6/21/2005 | CS | Research educational needs via review of SA | 0.33 185.00/hr | 61.05 |
| 6/24/2005 | YA | Assist attorney with correspondence to Mediation and Compliance, Lab School, Jefferson JHS, Office of General Counsel | 0.58 110.00/hr | 63.80 |
| | YA | Draft status letter to parent re, letter to DCPS re, tutoring services | 0.58 110.00/hr | 63.80 |
| 8/4/2005 | CF | Resolution Meeting | 3.17 185.00/hr | 586.45 |
| | ML | Phone call to parent, re: current bills and evaluations for reimbursement. | 0.33 365.00/hr | 120.45 |
| 8/11/2005 | CMM | Drafted letter to parent/enclosed letter sent to Children National Center in request of copy of evaluations | 0.50 110.00/hr | 55.00 |
| 8/25/2005 | CMM | Assist attorney in sending correspondence to parent/ enclosed tutorial service information | 0.33 110.00/hr | 36.30 |
| 8/30/2005 | AAG | File Review and sent letter to parent/student | 0.25 110.00/hr | 27.50 |
| 8/31/2005 | ML | Phone call from parent, re: audio report, invoices, and comp ed hours remaining. | 0.42 365.00/hr | 153.30 |
| 9/1/2005 | ML | Phone call to parent, re: remaining comp ed hours. | 0.25 365.00/hr | 91.25 |

Michael Robinson                                                                                    Page    2

|  |  | | Hrs/Rate | Amount |
|---|---|---|---|---|
| 9/1/2005 | ML | Reviewed all past HODs and SAs. | 0.33<br>365.00/hr | 120.45 |
| 9/19/2005 | CMM | Prepared and drafted letter to parent/enclosed letter sent to Ms. Harley at Office of Mediation and Compliance and records received from National Children Center | 0.67<br>110.00/hr | 73.70 |
| 9/21/2005 | ML | Phone call to Mr. Samuels in DCPS accounts recievable. | 0.33<br>365.00/hr | 120.45 |
|  | ML | Draft letter to Mr. Samuels in DCPS accounts recievable. | 0.33<br>365.00/hr | 120.45 |
| 9/22/2005 | ML | Draft letter to DCPS finance re: reimbursement. | 0.42<br>365.00/hr | 153.30 |
|  | ML | Phone call from S. Harley in DCPS finance, re: reimbursement. | 0.33<br>365.00/hr | 120.45 |
| 9/29/2005 | ML | Phone call to S. harley at DCPS re: bill invoice. | 0.33<br>365.00/hr | 120.45 |
| 10/18/2005 | ML | Draft letter to Mediation and Compliance, re: violation of settlement. | 0.42<br>365.00/hr | 153.30 |
| 10/20/2005 | ML | Phone call to parent, re: reimbursement check. | 0.33<br>365.00/hr | 120.45 |
| 10/21/2005 | ML | Phone call to Accounts Receivable, re: reimbursement. | 0.25<br>365.00/hr | 91.25 |
|  | ML | Phone call from Mediation and Compliance, re: finance is handling reimbursement. | 0.33<br>365.00/hr | 120.45 |
| 10/26/2005 | ML | Prepared and file due process hearing request to DCPS | 2.00<br>365.00/hr | 730.00 |
| 11/8/2005 | CS | Reviewed MDT/IEP | 1.00<br>185.00/hr | 185.00 |
| 11/9/2005 | CMM | Drafted letter to parent/enclosed DCPS response to due process complaint | 0.58<br>110.00/hr | 63.80 |
| 11/15/2005 | CMM | Drafted letter to parent/enclosed MDT/IEP meeting notes | 0.58<br>110.00/hr | 63.80 |
| 11/16/2005 | ML | Draft letter to Student Hearing Office and General Counsel re: substitution of counsel. | 0.17<br>365.00/hr | 62.05 |
| 11/22/2005 | CMM | File Review and sent letter to parent/student | 0.17<br>110.00/hr | 18.70 |

Michael Robinson                                                                 Page    3

|  |  | | Hrs/Rate | Amount |
|---|---|---|---|---|
| 12/6/2005 | CMM | Phone call to parent to notify and confirm hearing attendance | 0.25<br>110.00/hr | 27.50 |
|  | CMM | Drafted letter to parent with hearing information | 0.50<br>110.00/hr | 55.00 |
| 12/7/2005 | ML | Phone call from parent, re: hearing date and issues to be resolved. | 0.33<br>365.00/hr | 120.45 |
|  | ML | Attempt to pick up check at DCPS finance office, discussion with clerk. | 0.50<br>365.00/hr | 182.50 |
| 12/12/2005 | ML | Prepare disclosure to DCPS | 0.75<br>365.00/hr | 273.75 |
| 12/13/2005 | CMM | Assisted attorney to prepare disclosure to DCPS | 1.50<br>110.00/hr | 165.00 |
| 12/15/2005 | ML | Draft letter to DCPS attorney, re: discovery. | 0.42<br>365.00/hr | 153.30 |
| 12/16/2005 | CMM | File Review and sent letter to parent/student | 0.25<br>110.00/hr | 27.50 |
| 12/19/2005 | CS | Prepared for Due Process Hearing | 0.67<br>185.00/hr | 123.95 |
|  | ML | Prepared for Due Process Hearing | 1.50<br>365.00/hr | 547.50 |
| 12/20/2005 | ML | Pre-hearing conference with advocate | 0.33<br>365.00/hr | 120.45 |
|  | CS | Pre-hearing conference with attorney | 0.33<br>185.00/hr | 61.05 |
|  | ML | Appearance to 825 North Capital for due process hearing | 3.25<br>365.00/hr | 1,186.25 |
|  |  | For professional services rendered | 25.89 | $6,741.15 |
|  |  | Additional Charges : |  |  |
| 6/24/2005 |  | Copied: Tutoring services for parent. |  | 0.50 |
|  |  | Facsimile: Tutoring services to Lab School, Jefferson JHS, OGC. |  | 8.00 |
|  |  | Postage; Tutoring services letter to parent. |  | 0.37 |
| 7/20/2005 |  | Postage; case status letter to parent. |  | 0.60 |

Michael Robinson                                                                      Page    4

                                                                                      Amount

| Date | Description | Amount |
|---|---|---|
| 7/20/2005 | Copied: HR letter for parent. | 2.00 |
| 8/11/2005 | Copied documents; letter to parent | 0.50 |
|  | Postage; letter to parent re: medical records request. | 0.60 |
| 8/17/2005 | Facsimile: Hearing date request to SHO and OGC. | 4.00 |
| 8/25/2005 | Copied documents; letter to parent | 0.50 |
|  | Postage; letter to parent re: tutoring service information. | 0.60 |
| 8/30/2005 | Postage; letter to parent | 0.37 |
| 9/19/2005 | Sedan taxi service to and from DCPS for hearing | 14.00 |
|  | Copied documents; letter to parent | 0.50 |
|  | Copied documents; letter to parent | 0.50 |
|  | Postage; letter to parent. | 0.37 |
| 9/20/2005 | Postage; Letter to parent re: psychoed and vocational evaluations. | 1.06 |
| 10/24/2005 | Postage; letter to parent re: case status. | 0.37 |
|  | Copied: letter to DCPS with case status for parent. | 0.50 |
| 10/25/2005 | Copied: clinical evaluation letter for parent. | 0.75 |
|  | Copied: HR for advocate, parent and attorney. | 8.25 |
| 10/31/2005 | Postage; letter to parent. | 0.37 |
| 11/9/2005 | Postage; letter to parent re: case status. | 0.37 |
| 11/15/2005 | Postage; letter to parent re: IEP/MDT mtg. notes. | 0.60 |
|  | Copied documents; letter to parent | 0.50 |
| 11/22/2005 | Postage; letter to parent | 0.37 |
|  | Made Photocopies | 0.50 |
| 12/6/2005 | Postage; letter to parent re: HND. | 0.37 |
|  | Copied: case status letter with HND for parent. | 0.50 |
| 12/13/2005 | Messenger Service to and from DCPS (5-day Disclosures) | 20.00 |

Michael Robinson

Page    5

<u>Amount</u>

| | | |
|---|---|---|
| 12/13/2005 | Copied disc. for OGC/SHO/ATTNY. | 75.00 |
| 12/20/2005 | Sedan taxi service to and from DCPS for hearing.(attny.) | 16.00 |
| | File review preparation of bill and invoice audit | 96.88 |
| | Total costs | $255.80 |
| | Total amount of this bill | $6,996.95 |