# EXHIBIT 24



*State Education Agency for the District of Columbia*
*State Enforcement and Investigation Division (SEID)*
*Special Education Programs*



# ADMINISTRATIVE DUE PROCESS COMPLAINT NOTICE

- The form is used to give notice of a due process complaint to the **District of Columbia Public Schools, District of Columbia Public Charter Schools (DCPS or LEA) and/or parents** with respect to any matter relating to the identification, evaluation, or educational placement of a child with a disability, or the provision of a free appropriate public education to that child. <u>**A party may not have a due process hearing until the party, or the attorney representing the party, files a notice that meets the requirements of the Individuals with Disabilities Education Improvement Act (IDEIA).**</u>

- The due process complaint must describe an alleged violation that occurred not more than two (2) years before the date that the parent or school system knew or should have known about the alleged action that is the basis of the complaint.

- Notice must be provided to the Student Hearing Office for the DC Public Schools, 825 North Capitol Street, NE, 8th Floor, Washington, DC 20002; fax number 202/442-5556.

- <u>Unless the other party agrees, the party requesting the due process hearing shall not be allowed to raise issues at the due process hearing that are not raised in this Due Process Complaint Notice.</u> Therefore, please be thorough in providing the information requested.

- Prior to the opportunity for an impartial due process hearing, the Local Educational Agency (LEA) shall convene a meeting **(called a "Resolution Session")** with the parent(s) unless the parent(s) and the Local Educational Agency agree in writing to waive this meeting. You will be contacted by a representative of the Local Educational Agency to schedule the meeting. **The Student Hearing Office does NOT schedule resolution meetings**.

- Mediation is also available to all parties as an alternative to a resolution meeting or a Due Process Hearing.

A.  **INFORMATION ABOUT THE STUDENT:**

Name of the Student: <u>Darnell Savoy</u>  Date of Birth: <u>May 28th, 1999</u>

Address: <u>5242 Clay Street, NE, Washington, DC 20019</u>

Present School of Attendance: <u>Accotink Academy</u>

Parent/Guardian of the Student: ___Ms. Evelyn Savoy_

**B.** **Legal Representative/Attorney (if applicable):**

Name: ____Roxanne Neloms, Esq.____

Address: ____1220 L Street, NW, Suite 700, Washington, DC 20005____

Phone: (w) _202-742-2000_ (Fax) _202-742-2097_ (e-mail) _____

Will attorney / legal representative attend the resolution session?    **X** Yes    ☐ No

**C.** **Complaint Made Against (check all that apply):**

**X** DCPS school (name of the school if different from page one)
☐ Charter school (name of the charter school if different from page one)_____
☐ Non-public school or residential treatment facility (name) _____
☐ Parent

**D.** **Resolution Session Meeting Between Parent and LEA:**

**X** I wish to waive the Resolution Session Meeting.

**E.** **Mediation Process:**

I am requesting an administrative due process hearing **only** at this time.

**F.** **Facts and Reasons for the Complaint:**

    **I.  Nature of the Problem.**

1. <u>DCPS Denied the Student with a Free and Appropriate Public Education by Failing to Comply with the August 29th, 2005 Order of the Independent Hearing Officer and Reconvene the Student's MDT/IEP Meeting.</u> An administrative due process hearing was held for the student on August 15th, 2005. As a result of that hearing, the impartial due process hearing officer issued a decision on or about August 29th, 2005 in which DCPS was ordered to do, among other things, "within thirty (30) school days of the issuance of this Order, convene a multi-disciplinary team/individualized educational program (MDT/IEP ) placement meeting to discuss and determine placement." See Order dated August 29th, 2005.

On September 8th, 2005 the Accotink Academy, the student's current school, sent a Letter of Invitation to the DCPS Office of Special Education requesting that an MDT/IEP Meeting be reconvened for the student, pursuant to the Order of August

2

29th, 2005. See Letter of Invitation September 8th, 2005. Accotink requested that the student's MDT/IEP Meeting be reconvened on September 28th, 2005 at 11:30 A.M. Id. DCPS never responded.

On September 9th, 2005, counsel for the parent, as a follow-up to the Letter of Invitation of September 8th, 2005, wrote to the DCPS Office of Special Education informing them that an MDT Meeting was scheduled for the student to occur September 28th, 2005 at 11:30 A.M. See Correspondence dated September 28th, 2005. Moreover, counsel informed DCPS that their participation in this meeting was critical as the student was experiencing serious transition problems and that the matter required their immediate assistance. Id. DCPS, for a second time, failed to respond.

On September 15th, 2005, Accotink faxed to DCPS' Office Special Education a third letter confirming the MDT/IEP Meeting for September 28th, 2005. See Letter of Invitation faxed September 15th, 2005. DCPS never responded.

On September 20th, 2005, a fourth letter was sent to the DCPS Office of Special Education, attention Ruth Blake, informing them of the meeting of meeting for the student. See Correspondence dated September 20th, 2005. The letter also requested the participation of a DCPS representative for the meeting. Id. DCPS never responded.

On September 20th, 2005, counsel for the parent, as a follow-up to Accotink's letter of earlier that day, sent a fifth letter to the DCPS monitor for Accotink informing them that nobody from DCPS has responded to any communications from the student's current school or counsel and that if DCPS failed to appear at the student's MDT/IEP Meeting, the parent would take whatever steps necessary to ensure that the student's needs were met. See Correspondence dated September 20th, 2005. DCPS, for a fifth time, failed to respond.

On September 28th, 2005, the student's MDT/IEP Meeting convened as planned for the student. See MDT Meeting Notes dated September 28th, 2005. During the course of the MDT/IEP Meeting, Ruth Blake of DCPS contacted Accotink and informed them that the monitor for the Accotink would not be available and would be unable to participate. Id. To date, DCPS has made no further attempts to reconvene the student's MDT/IEP Meeting.

2. DCPS Denied the Student with a Free and Appropriate Public Education by Failing to Provide the Student with His Recommended Dedicated Aide. The student currently attends the Accotink Academy (hereinafter "Accotink") in Springfield, Virginia. The student has been attending Accotink since the middle of the 2004-2005 school year. While at Accotink, the student has encountered a tremendous amount of difficulty. Specifically, the student has displayed behaviors that include running out of the school, engaging in self-injurious behaviors, harming other students, and attacking staff. As a result, the staff at Accotink recommended that the student be evaluated to determine if he would benefit from the assistance of a dedicated aide.

3

On September 8th, 2005 the Accotink Academy, the student's current school, sent a Letter of Invitation to the DCPS Office of Special Education requesting that an MDT/IEP Meeting be reconvened for the student, pursuant to the Order of August 29th, 2005, to discuss among other things, the student's dedicated aide evaluation assessment. See Letter of Invitation September 8th, 2005. Accotink requested that the student's MDT/IEP Meeting be reconvened on September 28th, 2005 at 11:30 A.M. Id. DCPS never responded.

On September 9th, 2005, counsel for the parent, as a follow-up to the Letter of Invitation of September 8th, 2005, wrote to the DCPS Office of Special Education informing them that an MDT Meeting was scheduled for the student to occur September 28th, 2005 at 11:30 A.M. See Correspondence dated September 28th, 2005. Moreover, counsel informed DCPS that their participation in this meeting was critical as the student was experiencing serious transition problems and that the matter required their immediate assistance. Id. DCPS, for a second time, failed to respond.

On September 15th, 2005, Accotink faxed to DCPS' Office Special Education a third letter confirming the MDT/IEP Meeting for September 28th, 2005. See Letter of Invitation faxed September 15th, 2005. DCPS never responded.

On September 20th, 2005, a fourth letter was sent to the DCPS Office of Special Education, attention Ruth Blake, informing them of the meeting of meeting for the student. See Correspondence dated September 20th, 2005. The letter also requested the participation of a DCPS representative for the meeting. Id. DCPS never responded.

On September 20th, 2005, counsel for the parent, as a follow-up to Accotink's letter of earlier that day, sent a fifth letter to the DCPS monitor for Accotink informing them that nobody from DCPS has responded to any communications from the student's current school or counsel and that if DCPS failed to appear at the student's MDT/IEP Meeting, the parent would take whatever steps necessary to ensure that the student's needs were met. See Correspondence dated September 20th, 2005. DCPS, for a fifth time, failed to respond.

On September 24th, 2005, Accotink completed the student's Dedicated Aide Justification Evaluation assessment and completed the student's Dedicated Aide Plan. See Dedicated Aide Justification and Dedicated Aide Plan. The Dedicated Aide Justification Evaluation and Dedicated Aide Plan were to be discussed for the student at the MDT/IEP Meeting of September 28th, 2005.

On September 28th, 2005, the student's MDT/IEP Meeting convened as planned for the student. See MDT Meeting Notes dated September 28th, 2005. Unfortunately, DCPS failed to appear. To date the student, despite the recommendations of the MDT Team and the evaluation, has failed to provide the student with his aide.

3. <u>DCPS Denied the Student with a Free and Appropriate Public Education by Failing to Conduct the Student's Recommended Psychiatric Evaluation to Determine, Among Other Things, the Student's Possible Need for Residential Placement.</u> DCPS, according to the IDEIA is to certain that all necessary evaluations are completed for a student who may require special education and its related services. Here, it is clear, DCPS failed to do this.

   Specifically, an MDT/IEP Meeting was held for the student on September 28th, 2005. At the MDT/IEP Meeting, the MDT Team determined that the student may be in need of a residential placement, and requested that a psychiatric evaluation be conducted on the student. To date, DCPS has yet to conduct the required psychiatric evaluation.

6. <u>DCPS Denied the Student with a Free and Appropriate Public Education by Failing to Provide the Student With His Necessary Special Education Instruction and Related Services.</u> Compensatory education is generally defined as educational services above and beyond the services normally due a student under his state's education law. While compensatory education is not a remedy expressly identified in the IDEA courts have routinely awarded it in appropriate circumstances by exercising their authority under 20 U.S.C. § 1415 (I)(2)(B)(ii) to "grant such relief as the court determines appropriate." See Pihl v. Massachusetts Department of Education, 18 IDELR 668 (1st Cir. 1993); Burr v. Ambach, 1988-89 EHLR 441:314 (2d Cir. 1988); Lester H. by Octavia P. v. Gilhool, 16 EHLR 1354 (3d Cir. 1990); Hall v. Knott County Board of Education, 18 EDELR 192 (6th Cir. 1991); Parents of Student W v. Puyallup School District No. 3, 21IDELR 723 (9th Cir. 1994); Jefferson County Board of Education v. Green, 1987-88 EHLR 559:144 (N.D. Ala. 1987); Harris v. District of Columbia, 19 IDELR 105 (D.D.C. 1992); McManus v. Wilmette Sch. Dist. 39 Bd. Of Educ., 19 IDELR 485 (N.D. Ill. 1992); and Burlington School Committee v. Massachusetts Department of Education, 1984-85 EHLR 556:389 (1985).

   Furthermore, courts have found compensatory education appropriate to make up periods when a student has been inappropriately placed or denied services. See, e.g., Manchester Sch. Dist. v. Christopher B., 20 IDELR 389 (D.N.H. 1992). The length of time of the compensatory education award commonly equals the length of the inappropriate placement or denial of services, measured in weeks, months or even years. In <u>Manchester</u>, the court found the student was entitled to two and one-half years of compensatory education for his being inappropriately placed for two and one-half years. Simply put, compensatory education is an appropriate remedy when a student has been denied FAPE in the past.

   In the instant matter, because DCPS has failed to provide the student with the services of a dedicated aide, which he needs in order to access the curriculum at Accotink, he is entitled to receive compensatory education.

5

## II. Issues presented.

1. Whether or Not DCPS Denied the Student a Free and Appropriate Public Education by Failing to Comply With the August 29th, 2005 Order of the Independent Hearing Officer;

2. Whether or Not DCPS Denied the Student a Free and Appropriate Public Education by Failing to Provide the Student with his Recommended Dedicated Aide;

3. Whether or Not DCPS Denied the Student a Free and Appropriate Public Education by Failing to Conduct the Student's Psychiatric Evaluation; and

4. Whether or Not The Student is Entitled to Compensatory Education as a Result of DCPS' Failure to Provide the Student with his Dedicated Aide.

## Relief Sought.

**WHEREFORE**, the parent, by and through counsel, pursuant to the Conciliation Agreement entered into on May 12th, 1981 between the U.S. Department of Education and the District of Columbia Public Schools, hereby requests the following relief:

1. A finding that DCPS Denied the Student a Free and Appropriate Public Education by Failing to Comply With the August 29th, 2005 Order of the Independent Hearing Officer;

2. A Finding that DCPS Denied the Student a Free and Appropriate Public Education by Failing to Provide the Student with his Recommended Dedicated Aide;

3. A Finding that DCPS Denied the Student a Free and Appropriate Public Education by Failing to Conduct the Student's Psychiatric Evaluation;

4. A Finding that the Student is Entitled to Compensatory Education as a Result of DCPS' Failure to Provide the Student with his Dedicated Aide.

5. DCPS, agrees to fund the student's dedicated aide;

6. DCPS agrees to fund the parent's independent psychiatric evaluation;

9. DCPS, within five (5) business days upon receipt of the psychiatric evaluation, agrees to reconvene the student's MDT/IEP Meeting, at the student's current school, to review the student's evaluations, revise and update the student's IEP as necessary, and discuss and determine what amount of compensatory education, if any, the student is owed;

6

10. DCPS agrees to fund all compensatory education for the student that is recommended at the MDT/IEP Meeting;

11. DCPS, if residential placement is recommended for the student, shall have thirty (30) calendar days to issue a Prior Notice of Placement, complete the student's Interstate Compact Agreement, complete the student's transportation arrangements, and complete the student's lodging arrangements, and fax a copy of the aforementioned to the parent's counsel, at 202-742-2097;

12. All meetings shall be scheduled through counsel for the parent, Roxanne Neloms, Esq. or Domiento C.R. Hill, Esq., in writing, via facsimile, at or 202-742-2098;

13. DCPS will be given a day for day extension for any delay caused by the parent, the student, counsel for the parent, or the parent's educational advocate;

14. Provide the student with a due process hearing within 20 calendar days of a request on any issue arising out of the noncompliance with the DCPS' obligation hereunder, or any disagreement with the assessment, programming or placement the parent may have;

15. In the event that the DCPS shall fail to comply with the terms herein, then under the Conciliation Agreement, the parents shall have the authority to use self help without further notice to the DCPS, and initiate an IEP with the DCPS' invited participation, and unilateral placement in an interim school or educational program until such time the DCPS can come into compliance and properly assess, program and/or participate;

16. The DCPS shall ensure that this student has available a Free and Appropriate Public Education including special education, transportation (5 DCMR 3000.3), and Other related services as are defined at 34 C.F.R. 300.7; <u>Assistance to States for the Education of Children with Disabilities,</u> 70 Fed. Reg. 35782, 35836 (June 21, 2005) (to be codified at 34 C.F.R. pt. 300), designed to meet this student's unique needs and preparation for employment and independent living;

17. Send all notices to counsel for the parent with copies of such to the parent and in the parent's native language;

18. That DCPS within ten (10) calendar days of the filing of this complaint, pursuant to the Individuals with Disabilities Education Improvement Act of 2004, Pub. L. No. 108-446, Sec. 101, § 615(c)(2)(B), provide the parents' representative, Roxanne Neloms, Esq., via facsimile, at 202-742-2097 or

202-742-2098, the following: i) an explanation of why DCPS proposed or refused to take the action raised in the complaint; ii) a description of other options that the IEP team considered and the reasons why those options were rejected, iii) a description of each evaluation procedure, assessment, record, or report the agency used as the basis for the proposed or refused action, and iv) a description of the other factors that are relevant to the agency's proposed or refused action;

19. That DCPS, in the event they fail to answer/respond to the issues alleged in the parent's administrative due process hearing complaint, within ten (10) calendar days, the arguments and facts as averred by the parent will be deemed true and accurate and act as a waiver, on the part of DCPS, for their desire to have a Resolution Session Meeting, and the parent's administrative due process hearing will be scheduled pursuant to the applicable timelines contained in the IDEIA;

20. That DCPS, within fifteen (15) calendar days of receiving the parent's complaint, pursuant to the Individuals with Disabilities Education Improvement Act of 2004, Pub. L. No. 108-446, Sec. 101, § 615(c)(2)(C), respond to the parent's request alleging any insufficiency of notice;

21. That DCPS' failure to comply with the Individuals with Disabilities Education Improvement Act of 2004, Pub. L. No. 108-446, Sec. 101, § 615(c)(2)(C), and allege any insufficiency of the parent's administrative due process complaint, will constitute waiver on the part of DCPS to make such argument at any later date and time;

22. That DCPS, pursuant to the Individuals with Disabilities Education Improvement Act of 2004, Pub. L. No. 108-446, Sec. 101, § 615(f)(1)(B), within fifteen (15) calendar days of receiving the parent's administrative due process complaint, shall contact the parent's representative, in writing, via facsimile, at 202-742-2097 or 202-742-2098, to schedule and convene a Resolution Session Meeting;

23. That DCPS, pursuant to the Individuals with Disabilities Education Improvement Act of 2004, Pub. L. No. 108-446, Sec. 101, § 615(f)(1)(B), convene the Resolution Session Meeting, with the parent, the parent's representative, and all necessary/relevant members of the student's MDT/IEP Team that have specific knowledge about the child and the facts contained in the complaint. That the relevant members of the MDT/IEP Team that shall be present at the Resolution Session Meeting for the student shall include the following persons: 1) the student's special education teacher; 2) a representative of the local education agency with decision making authority, 3) a person who can interpret the data, 4) any person(s) who conducted any assessments on the student, and 5) any service providers for the student at Accotink;

8

24. That DCPS' failure to timely schedule and convene the Resolution Session Meeting within the timeframe identified according to the Individuals with Disabilities Education Improvement Act of 2004, Pub. L. No. 108-446, Sec. 101, § 615(f)(1)(B) constitute joint waiver between DCPS and the parent to have such meeting and the forty-five (45) days timeline to schedule the student's administrative due process hearing and receive a timely decision will begin to run upon written notice, via facsimile, at 202-442-5556, to the DCPS Office of Student Hearings, by the parent's counsel; and

24. A finding that the parent is the prevailing party in this action.

G. **Accommodations and Assistance Needed:**

Please list any special accommodations you may require for a Resolution Session Meeting/Mediation Conference/Due Process Hearing.

- Interpreter (please specify the type)_____
- Special Communication (please describe the type)_____
- Special Accommodations for Disability (please be specific)_____
- Other_____

H. **Signature:**

_____    10/11/05
Legal Representative / Advocate (if applicable)    Date

**Mail, fax or deliver this complaint notice to:**
**State Enforcement and Investigation Division**
**For Special Education Programs (SEID)**
**Student Hearing Office (SHO)**
**825 North Capitol Street, NE, 8th Floor**
**Washington, DC 20002**
**Fax number: 202/442-5556**

9

```
*********************
***   TX REPORT   ***
*********************

TRANSMISSION OK

TX/RX NO              2990
CONNECTION TEL                      94425556
CONNECTION ID
ST. TIME              10/12 10:08
USAGE T               01'22
PGS. SENT             10
RESULT                OK
```

## JAMES E. BROWN & ASSOCIATES, PLLC
*A Professional Limited Liability Company*

| | | |
|---|---|---|
| James E. Brown<br>Domiento C.R. Hill*◊<br>Roberta Gambale<br>Miguel Hull<br>Christopher L. West<br>Tilman L. Gerald | Attorneys at Law<br>1220 L Street, NW<br>Suite 700<br>Washington, DC 20005<br>Telephone: (202) 742-2000<br>Facsimile: (202) 742-2098 | Juan J. Fernandez!<br>Roxanne D. Neloms<br>John A. Straus<br>Marshall Lammers°<br>Delores Scott McKn ght |
| * Admitted in Maryland Only | e-mail: Admin@Jeblaw.biz | ! Admitted in Bolivia Only |

# FAX COVER SHEET

DATE:           October 12, 2005

TO:             Student Hearing Office

ATTN:           Sharon Newsome

PHONE NO.:      202-442-5432

FAX NO.:        202-442-5556

FROM:           Claudia Martinez, Legal Assistant

SUBJECT:        **Darnell Savoy DOB: 5/28/99**

NUMBER OF PAGES INCLUDING COVER SHEET: **10**

COMMENTS:

# District of Columbia Public Schools

*State Enforcement & Investigation Division*

## *confidential*

H. St. Clair, Esq., Due Process Hearing Officer
825 North Capitol Street, NE  8th Floor
Washington, D.C. 20002
Facsimile: (202) 442-5556

2005 DEC 15 PM 12: 02
DC PUBLIC SCHOOL SYSTEM

| | |
|---|---|
| In the Matter of ) | |
| ) | **HEARING OFFICER'S** |
| DARNELL SAVOY, student ) | **MEMORANDUM OF** |
| Date of Birth: September 28, 1999 ) | |
| Petitioner, ) | **SETTLEMENT AGREEMENT** |
| ) | |
| versus ) | Request Date: October 12, 2005 |
| ) | Hearing Date: December 7, 2005 |
| The District of Columbia Public Schools, ) | |
| Home School: not listed; ) | Held at:   825 North Capitol Street, NE |
| Attending: Accotink Academy, ) |                   Eighth Floor, Hearing Room 3 |
| Respondent. ) |                   Washington, D.C. 20002 |
| ) | |

| | |
|---|---|
| **Parent:** | Evelyn Savoy |
| | 5242 Clay Street, NE |
| | Washington, D.C. 20019 |
| | |
| **Counsel for the Parent/Student:** | Miguel A. Hull, Esq. |
| | **JAMES E. BROWN & Associates** |
| | 1220  L  Street, NW   Suite 700 |
| | Washington, D.C. 20005 |
| | |
| **District of Columbia Public Schools:** | Lyana G. Palmer, Esq., Attorney-Advisor |
| | **Office of the General Counsel, DCPS** |
| | 825 North Capitol Street, NE  9th Floor |
| | Washington, D.C. 20002 |

An INDEX of NAMES is attached hereto for the benefit of the parties. The index will permit the parties to identify specific witnesses and other relevant witnesses. The index will be detached before release of this SETTLEMENT AGREEMENT as a public record.

i

## INDEX of NAMES for Darnell Savoy

**Hearing Date:** December 7, 2005

Appearing on behalf of DCPS: None.

Appearing on behalf of the parent/student:

1. Donte Davis, educational advocate
2. Domiento C.R. Hill, Esq.

No testimony was received.

ii

## JURISDICTION

The hearing convened under Public Law 108-446, The Individuals with Disabilities Education Improvement Act of 2004 and Title V of the District of Columbia Municipal Regulations.

## STATEMENT of the CASE

On October 12, 2005, Counsel for the Parent filed the herein Complaint on behalf of the parent and student complaining the District of Columbia Public Schools (DCPS) denied a Free Appropriate Public Education (FAPE) to the student. Specifically, Counsel for the Parent complained of failure on the part of DCPS to assess the student in all areas of suspected disability.

The Student Hearing Office, DCPS, scheduled a hearing in this matter for 1:00 P.M., Wednesday, December 7, 2005 at DCPS Headquarters, 825 East Capitol Street, NE, 8th Floor, Hearing Room 3, Washington, D.C. 20002.

The hearing officer called the hearing to order as scheduled when the parties announced they had settled.

By facsimile dated November 30, 2005, the parent disclosed 14 witnesses and 24 documents.

The documents were placed into the record but are not listed here as the parties settled.

### The SETTLEMENT AGREEMENT

1. At Accotink Academy and to be provided by the academy, DCPS will fund a dedicated aide for the student.

2. According to Superintendent's Directive 530.6, DCPS will fund an independent psychiatric evaluation of the student.

3. Within 15 school days of receipt of the said psychiatric evaluation, DCPS will convene an MDT/IEP/Placement meeting during which the evaluations will be reviewed, the IEP reviewed and revised as appropriate and placement discussed and determined. If a DCPS placement is recommended, a Notice of Placement will be issued within 5 schooldays of the said meeting; if a non-public placement is recommended, a Notice of Placement will be issued

1 of 2 pages

within 30 days of the said meeting.

4. For the said MDT/IEP/Placement meeting, scheduling is to be through and notices are to be sent to Counsel for the Parent except that, for everyday of unavailability of parent/educational advocate/ Counsel for the Parent, the deadline herein will be extended one day. In the event of an independent evaluation sent to DCPS, Counsel for the Parent will verify by telephone the receipt of the evaluation report copy by the DCPS person addressee. Counsel for the Parent will sent copies of the evaluation to the Attorney-Advisor and the DCPS Placement Specialist for Accotink Academy. For disputes under this paragraph, with the burden of proof on DCPS, documentation of the parties will be relied upon to determine the good faith of each party.

_____   Date: December 15, 2005
H. St. Clair, Esq., Hearing Officer

Issued: 12/15/05
Student Hearing Office, DCPS

2 of 2 pages

# District of Columbia Public Schools

OFFICE OF GENERAL COUNSEL
825 North Capitol Street NE, 9th Floor
Washington, DC 20002-1994
Phone - 202-442-5000, Fax - 202-442-5098

## APPLICATION FOR PAYMENT OF ATTORNEY FEES AND COSTS PURSUANT TO THE INDIVIDUALS WITH DISABILITIES EDUCATION ACT

1. **Attorney Information**
   Law Firm: JAMES E. BROWN & ASSOCIATES, PLLC
   Attorney: JAMES E. BROWN
   Federal Tax ID No.: 52-1500760
   D.C. Bar No.: 61622

2. **Student Information**
   Name: Darnell Savoy
   DOB: 9/28/99
   Date of Determination (HOD/SA): 12/15/05
   Parent/Guardian Name: Evelyn Savoy
   Parent/Guardian Address: 5242 Clay St., NE, WDC 20019
   Current School: Accotink Academy
   Home School: Turner ES

3. **Invoice Information**
   Invoice Number: 06-016
   Date Request Submitted: 1/12/06
   Date(s) Services Rendered: 9/8/05 to 12/7/05
   Amount of Payment Request: $6,248.99

4. **Certification (must be signed by principal attorney)**

I certify that all of the following statements are true and correct:

- all services listed on the enclosed invoices were actually performed;
- the entire amount requested on the enclosed invoice for payment of costs and expenses represents the actual amount of costs and expenses incurred;
- the District of Columbia Public Schools is the sole entity from which payment of the fees, costs and expenses itemized on the enclosed invoice is requested;
- no attorney or law firm who either (1) provided services listed on the enclosed invoice, or (2) will benefit from any monies paid as a result of the submission of the enclosed invoice, has a pecuniary interest, either through an attorney, officer or employee of the firm, in any special education diagnostic services, schools, or other special education service providers;
- I understand that the making of a false statement to an agency of the DC Government is punishable by criminal penalties pursuant to D.C. Code §22-2405.

_James E. Brown_                           January 12, 2006
Signature                                  Date

# LEGEND

### ATTORNEYS

| | |
|---|---|
| JEB | James E. Brown, Esq. |
| DH | Domiento Hill, Esq. |
| CW | Christopher West, Esq. |
| BM | Brenda McAllister, Esq. |
| RG | Roberta Gambale, Esq. |
| MH | Miguel Hull, Esq. |
| RR | Rachel Rubenstein, Esq. |
| JF | Juan Fernandez, Esq. |
| CB | Christina Busso, Esq. |
| JS | John Straus, Esq. |
| RN | Roxanne Neloms, Esq. |
| TG | Tilman Gerald, Esq. |
| DSM | Delores Scott McKnight, Esq. |
| ML | Marshall Lammers, Esq. |

### PARALEGALS and LAW CLERKS

| | |
|---|---|
| AAG | Aracelly A. Gonzalez |
| DP | David Proctor |
| BDL | Blanca De La Sancha |
| SB | Sara Benkharafa |
| WB | Williams Bautista |
| YA | Yamileth Amaya |
| CMM | Claudia M. Martinez |
| HR | Heidi Romero |
| KD | Kelly Dau |
| MT | Michele Torry, BA, L. Cert. |
| TB | Tamika Beasley |

### ADVOCATES

| | |
|---|---|
| MM | Michelle Moody, MA |
| CS | Cheron Sutton-Brock, MA |
| KC | Kevin Carter, MA |
| SM | Sharon Millis, M. Ed. |
| CM | Carolyn Monford, MA |
| GMH | Garfield Mark Holman, MA |
| RB | C. Robin Boucher, Ph.D. |
| TS | Tamieka A. Skinner, MA |
| CP | Carrie Pecover, MA |
| CG | Comesha Griffin, MS |
| WD | William Daywalt, M. Ed. |
| DD | Donte Davis |
| CF | Carlos Fernandez, MA, JD |

### OUT OF POCKET COSTS

| | |
|---|---|
| FAX | Facsimile @ $1.00 per page |
| COP | Reproduction @ $0.25 per page |
| TRN | Transportation @ actual taxi cost |
| TEL | Long Distance Telephone @ actual cost |
| PAR | Parking @ actual cost |
| MES | Messenger/Express Mail @ actual cost |
| POS | Postage @ actual cost |

James E. Brown & Associates, PLLC
A Professional Limited Liability
Company
1220 L Street, NW Suite 700
Washington, DC  20005

Invoice submitted to:
Darnell Savoy

January 05, 2006
In Reference To:   Darnell Savoy

Invoice #11161

Professional Services

|  |  |  | Hrs/Rate | Amount |
|---|---|---|---|---|
| 9/8/2005 | CMM | Review HOD and drafted letter to parent detailing HOD dated 8/29/05 | 0.58<br>110.00/hr | 63.80 |
| 9/20/2005 | CMM | Drafted letter to parent to confirm MDT meeting | 0.58<br>110.00/hr | 63.80 |
|  | RN | Draft letter to school and DCPS regarding the meeting for Darnell at 11:00 am on September 2005. Discussed the need for one on one supervision and the need for a psychiatric; student may need residential. | 0.42<br>365.00/hr | 153.30 |
| 9/28/2005 | RN | Participation in IEP meeting; student needs additional assistance; DCPS failed to participate | 3.00<br>365.00/hr | 1,095.00 |
| 10/11/2005 | DH | Review the student's educational file, conduct educational research, prepare administrative due process hearing complaint for Ms. Neloms' review and execution. | 3.00<br>350.00/hr | 1,050.00 |
|  | RN | Reviewed hearing request prepared by Mr. Hill | 0.33<br>365.00/hr | 120.45 |
| 10/12/2005 | CMM | Assisted attorney in sending request for hearing SHO. Phone call to parent regarding hearing request. | 0.50<br>110.00/hr | 55.00 |

Darnell Savoy                                                                                                     Page    2

|  |  |  | Hrs/Rate | Amount |
|---|---|---|---|---|
| 10/13/2005 | CMM | Drafted letter to parent detailing hearing request filed 10/12/05 | 0.58<br>110.00/hr | 63.80 |
| 10/19/2005 | HR | Assisted attorney in sending case status to parent and placed copy of letter in students master file | 0.17<br>110.00/hr | 18.70 |
|  | RN | Discussion of cases with new attorney. | 0.25<br>365.00/hr | 91.25 |
| 11/30/2005 | WB | Conference with parent re: case status and upcoming hearing on 12/7/05 @ 1:00 pm | 0.17<br>110.00/hr | 18.70 |
|  | WB | Drafted letter to parent w/ HDN enclosed for hearing on 12/7/05 @ 1:00 pm | 0.42<br>110.00/hr | 46.20 |
|  | DH | Review the student's educational file, prepare five-day disclosures. | 1.00<br>350.00/hr | 350.00 |
|  | WB | Assisted attorney to prepare disclosure to DCPS | 1.50<br>110.00/hr | 165.00 |
| 12/6/2005 | MH | Prepared for Due Process Hearing. Reviewed disclosure materials and prepared potential witness questions and legal arguments for hearing. | 1.42<br>365.00/hr | 518.30 |
| 12/7/2005 | DD | Reviewed the students file for upcoming hearing | 1.00<br>185.00/hr | 185.00 |
|  | DD | Appearance to 825 North Capital for due process hearing | 1.58<br>185.00/hr | 292.30 |
|  | MH | Appearance to 825 North Capital for due process hearing | 1.58<br>365.00/hr | 576.70 |
|  | DH | Prepare and appear at the student's administrative due process hearing. | 3.00<br>365.00/hr | 1,095.00 |
|  | For professional services rendered |  | 21.08 | $6,022.30 |

Additional Charges :

| 9/1/2005 | Copied: HOD for parent and file. | 2.00 |
|---|---|---|
| 9/8/2005 | Postage; letter to parent (HOD) | 0.60 |

Darnell Savoy                                                                                                    Page    3

|            |                                                                   | Amount   |
|------------|-------------------------------------------------------------------|----------|
| 9/20/2005  | Postage; Letter to parent re: MDT mtg. confirmation.              | 0.37     |
|            | Facsimile letter to DCPS/Accotink                                 | 3.00     |
|            | Copied documents; letter to parent                                | 0.50     |
| 10/11/2005 | Facsimile letter to SHO hearing request                           | 10.00    |
| 10/13/2005 | Copied documents; letter with HR                                  | 1.50     |
|            | Postage; letter to parent re: HR.                                 | 0.60     |
| 10/19/2005 | Copied status letter to parent                                    | 0.50     |
|            | Postage; letter to parent                                         | 0.37     |
| 11/30/2005 | Messenger Service to and from DCPS (5-day Disclosures)            | 20.00    |
|            | Copied disc. for DCPS.                                            | 81.50    |
|            | Copied documents; letter to parent                                | 0.50     |
|            | Postage; letter to parent                                         | 0.37     |
| 12/7/2005  | Sedan taxi service to DCPS for hearing.(2attny.and adv.)          | 8.00     |
|            | File review preparation of bill and invoice audit                 | 96.88    |
|            | **Total costs**                                                   | $226.69  |
|            |                                                                   |          |
|            | **Total amount of this bill**                                     | $6,248.99|