# EXHIBIT 25



*State Education Agency for the District of Columbia*
*State Enforcement and Investigation Division (SEID)*
*Special Education Programs*



# Due Process Complaint Notice

- The form is used to give notice of a due process complaint to the **District of Columbia Public Schools, District of Columbia Public Charter Schools (DCPS or LEA) and/or parents** with respect to any matter relating to the identification, evaluation, or educational placement of a child with a disability, or the provision of a free appropriate public education to that child. **A party may not have a due process hearing until the party, or the attorney representing the party, files a notice that meets the requirements of the Individuals with Disabilities Education Improvement Act (IDEIA).**

- The due process complaint must describe an alleged violation that occurred not more than two (2) years before the date that the parent or school system knew or should have known about the alleged action that is the basis of the complaint.

- Notice must be provided to the Student Hearing Office for the DC Public Schools, 825 North Capitol Street, NE, 8th Floor, Washington, DC 20002; fax number 202/442-5556.

- Prior to the opportunity for an impartial due process hearing, the Local Educational Agency (LEA) shall convene a meeting **(called a "Resolution Session")** with the parent(s) unless the parent(s) and the Local Educational Agency agree in writing to waive this meeting. You will be contacted by a representative of the Local Educational Agency to schedule the meeting. **The Student Hearing Office does NOT schedule resolution meetings**.

- Mediation is also available to all parties as an alternative to a resolution meeting or a Due Process Hearing.

A.  **INFORMATION ABOUT THE STUDENT:**

Name of the Student: _Robert Simon_        Date of Birth: _May 15, 1996_

Address:    _3924 Alabama Avenue, SE, Washington, DC 20029_

Home School:   _Ludlow Taylor Elementary School_

Present School of Attendance:   _Rose School_

    Is this a charter school? _No_        (If yes, you must also provide a copy of this notice to the charter school principal or director)

Parent/Guardian of the Student: _Ms. Rosa Simon_

Address (if different from the student's above): _____

1

B.  **Legal Representative/Attorney:**

   Name:  Christopher West, Esq.

   Address:  1220 L Street, NW, Suite 700, Washington DC, 20005

   Phone: (w) 202-742-2003    (Fax) 202-742-2098   (e-mail) _____

   Will attorney / legal representative attend the resolution session?   **X** Yes         ☐ No

C.  **Complaint Made Against (check all that apply):**

   ☒ DCPS school (name of the school if different from page one)_____
   ☐ Charter school (name of the charter school if different from page one)_____
   ☐ Non-public school or residential treatment facility (name) _____
   ☐ Parent

D.  **Resolution Session Meeting Between Parent/Representative and LEA:**

   I understand that it is my right to have a resolution meeting to resolve this complaint. I also understand that I may voluntarily waive this right if I choose. (Note: All parties must agree to waive the resolution meeting to avoid having this meeting.)

   The parent, by and through counsel, wishes to waive the Resolution Session Meeting.

E.  **Mediation Process:**

   IDEIA requires that any time a party requests a due process hearing, mediation should be offered at no cost to the parent. Both parties can request mediation as an alternative to the Resolution Session Meeting or as an alternative to a Due Process Hearing. Please check all that apply:

   **I am requesting an administrative due process hearing only.**

F.  **Facts and Reasons for the Complaint:**

   In accordance with the Individuals with Disabilities Education Improvement Act (IDEIA), please complete the following questions (attach additional pages if needed):

**Nature of the problem.**

   A.  **Denial of a Free and Appropriate Public Education – Failure to Comply with the Individuals with Disabilities Education Improvement Act of 2004, Pub. L. No. 108-446, Sec. 101, § 614(d)(2)(A)**

   According to the Individuals with Disabilities Education Improvement Act of 2004, Pub. L. No. 108-446, Sec. 101, § 614(d)(2)(A), DCPS, as the local and state education agency, at the beginning of each school year, shall have in effect an individualized education program (IEP) as defined in paragraph (1)(A).

2

SEID DPCN Rev'd. 7/01/05

Robert Simon attended the Rose School for the 2004-2005 school year. The Rose School is a full time special education program servicing students with emotional disturbances. According to the most recent IEP, dated May 6, 2004, Robert is classified "ED" and recommended to received related services in specialized instruction, psychosocial counseling, occupational therapy, and recreational therapy. In addition, the IEP indicates the duration of services terminated in ten months.

To date, DCPS has yet to convene the IEP meeting and implement a new IEP. Consequently, DCPS' failure to comply the Individuals with Disabilities Education Improvement Act of 2004, Pub. L. No. 108-446, Sec. 101, § 614(d)(2)(A) and implement a valid IEP for the 2005-2006 school year amounts to a denial of a Free and Appropriate Public Education.

B. **Denial of a Free and Appropriate Public Education – Failure to Comply with the Individuals with Disabilities Education Improvement Act of 2004, Pub. L. No. 108-446, Sec. 101, § 614(d)(1).**

According to the Individuals with Disabilities Education Improvement Act of 2004, Pub. L. No. 108-446, Sec. 101, § 614(d)(1)(A), DCPS, as the local and state education agency, is to make certain that the each IEP for each student eligible for special education and its related services within its jurisdiction contain a statement of the child's present level of academic achievement and functional performance, 2) a statement of the student's measurable annual goals, 3) a description of how the child's progress toward meeting the annual goals described in paragraph (2) of this subsection will be measured, and 4) any statement of the special education needs and related services and supplementary aides for a student. See Individuals with Disabilities Education Improvement Act of 2004, Pub. L. No. 108-446, Sec. 101, § 614(d)(1)(A).

Robert's IEP, dated May 6, 2004, recommends he receive related services in specialized instruction, psychosocial counseling, occupational therapy, and recreational therapy. School records indicate the following assessments were conducted: clinical assessment, dated May 2, 2005 and occupational therapy evaluation, dated June 13, 2005. To date, DCPS has yet to provide a new IEP reflecting Robert's current levels of academic achievement and functional performance.

DCPS' failure to comply the Individuals with Disabilities Education Improvement Act of 2004, Pub. L. No. 108-446, Sec. 101, § 614(d)(1)(A) and provide an IEP containing the student's current levels of academic and functional achievements amounts to a denial of a Free and Appropriate Public Education.

C. **Denial of a Free and Appropriate Public Education – Failure to Comply with the Individuals with Disabilities Education Improvement Act of 2004, Pub. L. No. 108-446, Sec. 101, § 614(d)(1)(B).**

According to Individuals with Disabilities Education Improvement Act of 2004, Pub. L. No. 108-446, Sec. 101, § 614(d)(1)(B), DCPS, as the local and state education agency responsible for the special education needs of students residing within its

3

jurisdiction, is to ensure that the IEP Team for each child with a disability include the following: 1) the parents of the child; 2) Not less than one (1) regular education teacher of the child; 3) Not less than one (1) special education teacher of the child; 4) a representative of the public agency; 5) an individual who can interpret the data; 6) at the discretion of either the parent or the agency, other individuals who can interpret the data; and 7) if appropriate, the child.

On or about June 20, 2005, an IEP meeting was scheduled at the Rose School. The team members consisted of the guardian, the student, the Rose School principal and the student's teacher. DCPS convened an IEP meeting without the appropriate team members.

DCPS' failure to comply with the IDEIA and have the appropriate team members at an IEP meeting amounts to a denial of FAPE.

## II Issues presented

1. Whether DCPS denied Robert with FAPE and violated the IDEIA by implementing an IEP that is outdated?

2. Whether DCPS denied Robert with FAPE and violated the IDEIA by failing to review the clinical report and occupational therapy assessment?

3. Whether DCPS denied Robert with FAPE by implementing an IEP that does not contain the appropriate levels of performance?

4. Whether DCPS violated the IDEIA by holding an IEP meeting without the appropriate team members?

## III. To the extent known to you at this time, how can this problem be resolved?

**DCPS shall:**
1. Issue a finding that DCPS denied Robert with FAPE by implementing an outdated IEP;

2. Issue a finding that DCPS denied Robert with FAPE for failing to review current assessments;

3. Issue a finding that DCPS denied Robert with FAPE for failing to provide an appropriate IEP;

4. Issue a finding that DCPS violated the IDEIA for failing to have appropriate team members at the IEP meeting;

5. That DCPS convene an MDT/IEP/Placement meeting within five (5) business days of the filing of the guardian's complaint;

6. That DCPS provide Robert with four (4) months of compensatory education services for DCPS' violating the IDEIA and denial of FAPE;

4

SEID DPCN Rev'd. 7/01/05

7. That DCPS agrees ~~to~~ pay counsel for the Guardian reason~~able~~ attorney's fees and related costs incurred in the matter;

8. All meetings shall be scheduled through counsel for the guardian, Christopher L. West, Esq.., in writing, via facsimile, at 202-742-2097 or 202-742-2098;

9. Provide the student with a due process hearing within 20 calendar days of a request on any issue arising out of the noncompliance with the DCPS' obligation hereunder, or any disagreement with the assessment, programming or placement the Parents may have;

10. In the event that the DCPS shall fail to comply with the terms herein, then under the Conciliation Agreement, the Parents shall have the authority to use self help without further notice to the DCPS, and initiate an IEP with the DCPS' invited participation, and unilateral placement in an interim school or educational program until such time the DCPS can come into compliance and properly assess, program and/or participate;

11. Provide counsel for the Parents with copies, pursuant to 5 DCMR 3021.8, of all evaluation reports and all educational records on the student no later than sixteen (16) business hours prior to the convening of any meeting. The DCPS shall ensure that this student has available a Free and Appropriate Public Education including special education, transportation (5 DCMR 3000.3), and other related services as designed to meet this student's unique needs and preparation for employment and independent living;

12. That DCPS within ten (10) calendar days of the filing of this complaint, pursuant to the Individuals with Disabilities Education Improvement Act of 2004, Pub. L. No. 108-446, Sec. 101, § 615(c)(2)(B), provide the Complainant's representative, Christopher L. West, Esq., via facsimile, at 202-742-2097 or 202-742-2098, the following: i) an explanation of why DCPS proposed or refused to take the action raised in the complaint; ii) a description of other options that the IEP team considered and the reasons why those options were rejected, iii) a description of each evaluation procedure, assessment, record, or report the agency used as the basis for the proposed or refused action, and iv) a description of the other factors that are relevant to the agency's proposed or refused action;

13. That DCPS, in the event they fail to answer/respond to the issues alleged in the Complainant's administrative due process hearing complaint, within ten (10) calendar days, the arguments and facts as averred by the Parents will be deemed true and accurate and act as a waiver, on the part of DCPS, for their desire to have a Resolution Session Meeting, and the Complainant's administrative due process hearing will be scheduled pursuant to the applicable timelines contained in the IDEIA;

14. That DCPS, within fifteen (15) calendar days of receiving the Complainant's complaint, pursuant to the Individuals with Disabilities Education Improvement Act of 2004, Pub. L. No. 108-446, Sec. 101, § 615(c)(2)(C), respond to the Complainant's request alleging any insufficiency of notice.

SEID DPCN Rev'd. 7/01/05

15. That DCPS' failure to comply with the Individuals with Disabilities Education Improvement Act of 2004, Pub. L. No. 108-446, Sec. 101, § 615(c)(2)(C), and allege any insufficiency of the Complainant's administrative due process complaint, will constitute waiver on the part of DCPS to make such argument at any later date and time;

16. That DCPS, pursuant to the Individuals with Disabilities Education Improvement Act of 2004, Pub. L. No. 108-446, Sec. 101, § 615(f)(1)(B), within fifteen (15) calendar days of receiving the Complainant's administrative due process complaint, shall contact the Complainant's representative, in writing, via facsimile, at 202-742-2097 or 202-742-2098, to schedule and convene a Resolution Session Meeting;

17. That DCPS, pursuant to the Individuals with Disabilities Education Improvement Act of 2004, Pub. L. No. 108-446, Sec. 101, § 615(f)(1)(B), convene the Resolution Session Meeting, with the Complainant, the Complainant's representative, and all necessary/relevant members of the student's MDT/IEP Team that have specific knowledge about the child and the facts contained in the complaint. That the relevant members of the MDT/IEP Team that shall be present at the Resolution Session Meeting for the student shall include the following persons: 1) the student's special education teacher, 2) the student's regular education teacher, if applicable, 3) a representative of the local education agency with decision making authority, 4) a person who can interpret the data, 5) any person(s) who conducted any assessments on the student, and 6) any service providers for the student;

18. That DCPS' failure to timely schedule and convene the Resolution Session Meeting within the timeframe identified according to the Individuals with Disabilities Education Improvement Act of 2004, Pub. L. No. 108-446, Sec. 101, § 615(f)(1)(B) constitute joint waiver between DCPS and the Parents to have such meeting and the forty-five (45) days timeline to schedule the student's administrative due process hearing and receive a timely decision will begin to run upon written notice, via facsimile, at 202-442-5556, to the DCPS Office of Student Hearings, by the Complainant's counsel; and

19. Issue a finding that the Guardian is the prevailing party in this action.

## G. **Accommodations and Assistance Needed:**

Please list any special accommodations you may require for a Resolution Session Meeting/Mediation Conference/Due Process Hearing.

- Interpreter (please specify the type)_____
- Special Communication (please describe the type)_____
- Special Accommodations for Disability (please be specific)_____
- Other_____

## H. Signature:

_____    September 1, 2005
Legal Representative/ Advocate (if applicable)        Date

6

SEID DPCN Rev'd. 7/01/05

# District of Columbia Public Schools

**Office of Management Services**
Tonya M. Butler-Truesdale, Esquire, Due Process Hearing Officer
825 North Capitol Street, N.E.; Room 8076
Washington, D.C. 20002
(202) 518-6867
Facsimile: (202) 442-5556
**Confidential**

| | |
|---|---|
| **ROBERT SIMON, STUDENT** ) | |
| ) | |
| Date of Birth: May 15, 1996 ) | |
| ) | |
| Petitioner, ) | Hearing Date: October 28, 2005 |
| ) | |
| v. ) | |
| ) | |
| **THE DISTRICT OF COLUMBIA** ) | |
| **PUBLIC SCHOOLS** ) | |
| ) | |
| and ) | |
| ) | |
| ) | Held at: 825 North Capitol Street, N.E. |
| Respondents. ) | 8th Floor |
| ) | Washington, D.C. 20002 |

## HEARING OFFICER'S DECISION

| | |
|---|---|
| **Parents:** | Ms. Rosa Simon |
| | 3924 Alabama Avenue, SE, #201 |
| | Washington, D.C. 20029 |
| | |
| **Counsel for Petitioner:** | Christopher L. West, Esquire |
| | James E. Brown & Associates |
| | 1220 L Street, N.W.; Suite 700 |
| | Washington, D.C. 20005 |
| | (202) 742-2000; Fax: (202)742-2098 |
| | |
| **Counsel for DCPS:** | Lenora Vera, Esquire |
| | Office of the General Counsel, DCPS |
| | 825 North Capitol Street, N.E. |
| | 9th Floor |
| | Washington, D.C. 20002 |

*In the Matter of R. S.*

### I. JURISDICTION

The Due Process Hearing was convened and this Order is written pursuant to Public Law 105-17, the *Individuals with Disabilities Education Improvement Act of 2004 (I.D.E.I.A.)*, 20 U.S.C. Section 1400 et seq.; 34 C.F.R. Section et seq.; 5 D.C.M.R. Section 3000.; Section 143 of the D.C. Appropriations Act, effective October 21, 1998; and the Rules of the Board of Education of the District of Columbia.

### II. DUE PROCESS RIGHTS

Parent's counsel waived a formal reading of the due process rights.

### III. FIVE-DAY DISCLOSURE

Petitioner: No witnesses were present or called to testify because the parties settled and no disclosures were presented.

Respondent: No witnesses were present or called to testify because the parties settled and no disclosures were presented.

### IV. STATEMENT OF THE CASE

The Student Hearing Office, DCPS, scheduled a Due Process Hearing for October 28, 2005 at 1:00pm. The hearing was convened as scheduled. Petitioner alleges that DCPS failed to include a statement of the present levels of functioning on Petitioner's most recent IEP and convene an IEP meeting with the appropriate team members. Attorney Advisor Lenora Vera appeared in person for DCPS. Attorney Christopher West appeared in person on behalf of Petitioner.

### V. FINDINGS OF FACT

In consideration of the hearing record, the Hearing Officer finds that the agreement reached on the record by the parties is in the best interest of the student and, therefore, a Hearing Determination is hereby issued incorporating the agreement as stated. The hearing officer entered the parties Settlement on the Record as follows:

2

*In the Matter of R. S.*

### VI. ORDER

Upon consideration of Petitioner's request for a due process hearing, the parties' Five Day Disclosure Notices, the testimony presented at the hearing, and representations of the parties' counsel at the hearing, this 1st day of December 2005, it is hereby

**ORDERED**, that DCPS shall convene an MDT/IEP placement meeting at the Rose School to review all current evaluations, including the most recent clinical and occupational therapy evaluations. The team shall include a DCPS representative or LEA. The meeting shall take place at 1:00pm on November 7, 2005. If for any reason the team is unable to convene on November 7, 2005, the team shall convene on November 9, 2005 at 1:00pm. Petitioner's counsel shall submit a status report to this hearing officer regarding to confirm the convening of an appropriate meeting consistent with this order no later than December 15, 2005.

**IT IS ALSO ORDERED**, that all meetings will be scheduled through parent's counsel and, DCPS will be granted a day for day extension for any delay caused by counsel for the parent/guardian, the parent/guardian, the student, or the educational advocate.

**IT IS FURTHER ORDERED**, that this Order is effective immediately.

This is the **FINAL ADMINISTRATIVE DECISION**. An Appeal can be made to a court of competent jurisdiction within thirty (30) days of this Order's issue date.

_____                     December 1, 2005*
Tonya M. Butler-Truesdale, Esquire                    Date
Hearing Officer

*Delay of Order due to failure to comply with hearing officer's initial request for status report immediately following the 11/07/05 or 11/09/05 MDT meeting which was ordered and scheduled at the hearing. Petitioner's counsel was to forward status report immediately following 11/0705 or 11/09/05 MDT meeting to update hearing officer and for issuance of final order. As of the date of this Order, no status report has been received.

Issued: _____
Student Hearing Office, DCPS

3



# District of Columbia Public Schools
### OFFICE OF GENERAL COUNSEL
825 North Capitol Street NE, 9th Floor
Washington, DC 20002-1994
Phone - 202-442-5000, Fax - 202-442-5098

## APPLICATION FOR PAYMENT OF ATTORNEY FEES AND COSTS
## PURSUANT TO THE INDIVIDUALS WITH DISABILITIES EDUCATION ACT

1. **Attorney Information**
   Law Firm: JAMES E. BROWN & ASSOCIATES, PLLC
   Attorney: JAMES E. BROWN
   Federal Tax ID No.: 52-1500760
   D.C. Bar No.: 61622

2. **Student Information**
   Name: Robert Simon
   DOB: 5/15/96
   Date of Determination (HOD/SA): 12/15/05
   Parent/Guardian Name: Rosa Simon
   Parent/Guardian Address: 3924 Alabama Ave., SE, #201, 20029
   Current School: House of Ruth Day Care
   Home School: Lulow Taylor ES

3. **Invoice Information**
   Invoice Number: 06-017
   Date Request Submitted: 1/12/06
   Date(s) Services Rendered: 7/7/05 to 10/28/05
   Amount of Payment Request: $ 7,580.24

4. **Certification (must be signed by principal attorney)**

I certify that all of the following statements are true and correct:

- all services listed on the enclosed invoices were actually performed;
- the entire amount requested on the enclosed invoice for payment of costs and expenses represents the actual amount of costs and expenses incurred;
- the District of Columbia Public Schools is the sole entity from which payment of the fees, costs and expenses itemized on the enclosed invoice is requested;
- no attorney or law firm who either (1) provided services listed on the enclosed invoice, or (2) will benefit from any monies paid as a result of the submission of the enclosed invoice, has a pecuniary interest, either through an attorney, officer or employee of the firm, in any special education diagnostic services, schools, or other special education service providers;
- I understand that the making of a false statement to an agency of the DC Government is punishable by criminal penalties pursuant to D.C. Code §22-2405.

_____          January 12, 2006
Signature                                    Date

# LEGEND

### ATTORNEYS

| | |
|---|---|
| JEB | James E. Brown, Esq. |
| DH | Domiento Hill, Esq. |
| CW | Christopher West, Esq. |
| BM | Brenda McAllister, Esq. |
| RG | Roberta Gambale, Esq. |
| MH | Miguel Hull, Esq. |
| RR | Rachel Rubenstein, Esq. |
| JF | Juan Fernandez, Esq. |
| CB | Christina Busso, Esq. |
| JS | John Straus, Esq. |
| RN | Roxanne Neloms, Esq. |
| TG | Tilman Gerald, Esq. |
| DSM | Delores Scott McKnight, Esq. |
| ML | Marshall Lammers, Esq. |

### PARALEGALS and LAW CLERKS

| | |
|---|---|
| AAG | Aracelly A. Gonzalez |
| DP | David Proctor |
| BDL | Blanca De La Sancha |
| SB | Sara Benkharafa |
| WB | Williams Bautista |
| YA | Yamileth Amaya |
| CMM | Claudia M. Martinez |
| HR | Heidi Romero |
| KD | Kelly Dau |
| MT | Michele Torry, BA, L. Cert. |
| TB | Tamika Beasley |

### ADVOCATES

| | |
|---|---|
| MM | Michelle Moody, MA |
| CS | Cheron Sutton-Brock, MA |
| KC | Kevin Carter, MA |
| SM | Sharon Millis, M. Ed. |
| CM | Carolyn Monford, MA |
| GMH | Garfield Mark Holman, MA |
| RB | C. Robin Boucher, Ph.D. |
| TS | Tamieka A. Skinner, MA |
| CP | Carrie Pecover, MA |
| CG | Comesha Griffin, MS |
| WD | William Daywalt, M. Ed. |
| DD | Donte Davis |
| CF | Carlos Fernandez, MA, JD |

### OUT OF POCKET COSTS

| | |
|---|---|
| FAX | Facsimile @ $1.00 per page |
| COP | Reproduction @ $0.25 per page |
| TRN | Transportation @ actual taxi cost |
| TEL | Long Distance Telephone @ actual cost |
| PAR | Parking @ actual cost |
| MES | Messenger/Express Mail @ actual cost |
| POS | Postage @ actual cost |

James E. Brown & Associates, PLLC
A Professional Limited Liability Company
1220 L Street, NW Suite 700
Washington, DC 20005

Invoice submitted to:
Robert Simon
Rosa Simon, Grandmother
3924 Alabama Ave, SE
Washington DC 20029

January 05, 2006

In Reference To: Robert Simon
DOB: 5/15/96
School: Rose ES

Invoice #11164

Professional Services

|  |  |  | Hrs/Rate | Amount |
|---|---|---|---|---|
| 7/7/2005 | BDL | Conference with parent to discuss opening case and child's educational needs. | 1.50<br>110.00/hr | 165.00 |
|  | AAG | Drafted letter to parent | 0.71<br>110.00/hr | 78.10 |
|  | CW | Consultation with parent and legal assistant, research and case preparation. | 1.50<br>365.00/hr | 547.50 |
| 7/8/2005 | CM | Reviewed 6/26/05 IEP | 0.42<br>185.00/hr | 77.70 |
|  | CM | Reviewed 5/6/04 IEP | 0.42<br>185.00/hr | 77.70 |
| 7/19/2005 | BDL | Drafted letter requesting records form Tyler ES. | 0.58<br>110.00/hr | 63.80 |
|  | BDL | Drafted letter to parent re: records request from Tyler ES. | 0.42<br>110.00/hr | 46.20 |
|  | BDL | Received call from parent. | 0.08<br>110.00/hr | 8.80 |

Robert Simon                                                                                           Page   2

| Date | Staff | Description | Hrs/Rate | Amount |
|---|---|---|---|---|
| 8/9/2005 | CW | Conference with guardian and discussed placement at the Rose School; reviewed documents submitted by Rose School: psychoeducational evaluation, clinical evaluation, social history report, and teacher reports | 0.75 365.00/hr | 273.75 |
| 8/11/2005 | CW | Drafted letter to Rose School and requested copies of student's records and convening of IEP meeting; conference with paralegal re: letter to Rose School | 0.67 365.00/hr | 244.55 |
| | WB | Drafted letter to parent re: case status and request for MDT Letter of Invitation sent to The Rose School and Ruth Blake | 0.50 110.00/hr | 55.00 |
| | WB | Assisted attorney drafting letter to The Rose School and Ruth Blake -- requesting MDT Letter of Invitation | 0.33 110.00/hr | 36.30 |
| 8/22/2005 | CW | Reviewed IEP, IEP meeting notes, and psychiatric summaries submitted by Rose School; conference with guardian and discussed convening IEP meeting | 1.00 365.00/hr | 365.00 |
| 8/29/2005 | CW | Conference with guardian and discussed status of school placing student with new teacher | 0.33 365.00/hr | 120.45 |
| 9/1/2005 | CW | Prepared and filed request for due process hearing to address DCPS' failure to provide an appropriate IEP; DCPS' failure to provide an appropriate educational placement; reviewed IDEIA 2004 Sec. 614; requested compensatory education; teleconference with guardian and discussed filing of request for hearing; conference with paralegal re: filing request for hearing | 2.67 365.00/hr | 974.55 |
| | BDL | Assisted attorney with sending HR to SHO. | 0.25 110.00/hr | 27.50 |
| 9/6/2005 | BDL | Drafted letter with copy of the HR. | 0.42 110.00/hr | 46.20 |
| 9/8/2005 | CM | Reviewed file correspondence | 0.50 185.00/hr | 92.50 |
| | CM | Reviewed Due Process Complaint notice dated 9/1/05 | 0.50 185.00/hr | 92.50 |
| | CM | Reviewed 4/27/05 Individual Service Plan | 0.50 185.00/hr | 92.50 |
| | CM | Reviewed 5/2/05 clinical evaluation report by Rose School | 0.50 185.00/hr | 92.50 |

Robert Simon                                                                                            Page    3

|            |     |                                                                                                                                                         | Hrs/Rate         | Amount |
|------------|-----|---------------------------------------------------------------------------------------------------------------------------------------------------------|------------------|--------|
| 9/8/2005   | BDL | Received call from Ms. Simon regarding and IEP meeting.                                                                                                 | 0.08<br>110.00/hr | 8.80   |
|            | BDL | Discussed case with attorney West.                                                                                                                      | 0.08<br>110.00/hr | 8.80   |
|            | CM  | Discussion with Dr. Altimini re request for evaluations and scheduling IEP meeting                                                                      | 0.50<br>185.00/hr | 92.50  |
|            | CM  | Reviewed speech and language evaluation report by Bradham                                                                                               | 0.50<br>185.00/hr | 92.50  |
|            | CM  | Reviewed Psychosocial Diagnostic Assessment                                                                                                             | 1.00<br>185.00/hr | 185.00 |
|            | CM  | Reviewed OT report by Rose School                                                                                                                       | 0.50<br>185.00/hr | 92.50  |
|            | CM  | Discussion with Mr. Jones at Rose School re request for evaluations and scheduling IEP meeting.  Advocate referred to Dr. Al Timini                     | 0.42<br>185.00/hr | 77.70  |
|            | CM  | Conference with parent re case status and scheduling IEP meeting                                                                                        | 0.50<br>185.00/hr | 92.50  |
| 9/12/2005  | CM  | Discussion with DCPS staff, Dr. Al Timini regarding forwarding evaluations for student and scheduling IEP meeting.  (2 times)                           | 0.58<br>185.00/hr | 107.30 |
| 9/15/2005  | CM  | Conference with parent re scheduling IEP meeting and student progress at Rose School                                                                    | 0.67<br>185.00/hr | 123.95 |
| 9/19/2005  | CW  | Conference with educational advocate and reviewed psychoeducational screeners in preparation for IEP meeting;                                           | 0.50<br>365.00/hr | 182.50 |
| 10/4/2005  | WB  | Drafted letter to parent w/ HDN enclosed for hearing on 10/28/05 @ 1:00 pm                                                                              | 0.50<br>110.00/hr | 55.00  |
| 10/6/2005  | CM  | Prepared for Due Process Hearing; reviewed due process complaint notice, file correspondence, 6/20/05 IEP draft, 5/6/04 IEP diagnostic and clinical assessment by Rose School . | 0.67<br>185.00/hr | 123.95 |
| 10/11/2005 | CW  | Conference with guardian and discussed status of convening MDT meeting; reviewed current teacher reports                                                | 0.33<br>365.00/hr | 120.45 |
| 10/21/2005 | CW  | Prepared disclosure documents to OGC and SHO in preparation for hearing; conference with paralegal re: filing disclosure document                       | 1.50<br>365.00/hr | 547.50 |

Robert Simon                                                                                           Page    4

|  |  |  | Hrs/Rate | Amount |
|---|---|---|---|---|
| 10/21/2005 | WB | Conference with parent re: case status and upcoming hearing on 10/28/05 | 0.17<br>110.00/hr | 18.70 |
| 10/26/2005 | CW | Reviewed request for hearing, clinical evaluations, and educational assessment in preparation for hearing; conference with grandmother and reviewed witness questions in preparation for hearing; drafted opening and closing statements in preparation for hearing | 2.75<br>365.00/hr | 1,003.75 |
| 10/28/2005 | CW | Appearance to 825 North Capital for due process hearing administered by Hearing Office Butler Truesdale | 2.33<br>365.00/hr | 850.45 |
|  |  | For professional services rendered | 28.13 | $7,361.95 |

Additional Charges :

| 7/7/2005 | Postage; letter to parent | 0.37 |
|---|---|---|
|  | Copied: Intake for attorney and advocate. | 29.00 |
|  | Copied documents | 0.50 |
| 7/19/2005 | Facsimile to OGC Mary Lee-Phillips: Records request | 8.00 |
| 7/20/2005 | Copied: case status letter for parent. | 0.50 |
|  | Postage; letter to parent. | 0.60 |
| 7/22/2005 | Postage; letter to parent. | 0.37 |
| 8/11/2005 | Facsimile request for MDT/IEP meeting to Rose School/ Ruth Blake | 4.00 |
| 8/12/2005 | Postage; IEP meeting request. | 0.60 |
|  | Copied: case status letter for parent. | 0.50 |
| 9/6/2005 | Copied: case status letter for parent. | 0.50 |
|  | Postage; letter to parent. | 0.60 |
| 10/4/2005 | Postage; letter to parent (HDN) | 0.37 |
|  | Copied: case status letter for parent. | 0.50 |
| 10/21/2005 | Messenger Service to and from DCPS (5-day Disclosures) | 20.00 |

Robert Simon                                                                                           Page    5

                                                                                                      Amount

10/21/2005  Copied: Disclosure for DCPS.                                                               41.00

10/28/2005  Sedan taxi service to and from DCPS for hearing                                            14.00

            File review preparation of bill and invoice audit                                          96.88

            Total costs                                                                              $218.29

            Total amount of this bill                                                              $7,580.24