# EXHIBIT 26

*State Education Agency for the District of Columbia*
*State Enforcement and Investigation Division (SEID)*
*Special Education Programs*



# *ADMINISTRATIVE DUE PROCESS*
# *COMPLAINT NOTICE*

- The form is used to give notice of a due process complaint to the **District of Columbia Public Schools, District of Columbia Public Charter Schools (DCPS or LEA) and/or parents** with respect to any matter relating to the identification, evaluation, or educational placement of a child with a disability, or the provision of a free appropriate public education to that child. **A party may not have a due process hearing until the party, or the attorney representing the party, files a notice that meets the requirements of the Individuals with Disabilities Education Improvement Act (IDEIA).**

- The due process complaint must describe an alleged violation that occurred not more than two (2) years before the date that the parent or school system knew or should have known about the alleged action that is the basis of the complaint.

- Notice must be provided to the Student Hearing Office for the DC Public Schools, 825 North Capitol Street, NE, 8th Floor, Washington, DC 20002; fax number 202/442-5556.

- Unless the other party agrees, the party requesting the due process hearing shall not be allowed to raise issues at the due process hearing that are not raised in this Due Process Complaint Notice. Therefore, please be thorough in providing the information requested.

- Prior to the opportunity for an impartial due process hearing, the Local Educational Agency (LEA) shall convene a meeting **(called a "Resolution Session")** with the parent(s) unless the parent(s) and the Local Educational Agency agree in writing to waive this meeting. You will be contacted by a representative of the Local Educational Agency to schedule the meeting. **The Student Hearing Office does NOT schedule resolution meetings.**

- Mediation is also available to all parties as an alternative to a resolution meeting or a Due Process Hearing.

## A.    INFORMATION ABOUT THE STUDENT:

Student Name:     Fidel Ventura                                    DOB: April 21, 1999

Address:     2523 13 St., NW, Apt. # 203, Washington, D.C. 20009

Present School of Attendance: Meyer Elementary School

Home School:    Meyer Elementary School _____
                (Neighborhood school where child is registered)

## B.    INDIVIDUAL REQUESTING MEDIATION / DUE PROCESS HEARING

Name:    Lilian A. Ventura _____

Address:    424 11th St., SE, Washington, D.C. 20011 _____

Phone:  (H) 202 232-2949 _____    (W)_____    (F) _____

Relationship to Student: __X__ Parent ____ Self ____ Legal Guardian ____ Parent
Surrogate ____ Public Agency

## C.    Legal Representative/Attorney (if applicable):

Name: __Miguel A. Hull, Esq.____    Phone: (W) _202 742-2015__    (Fax) _202 742-2098__

Address: 1220 L St., NW, #700, Washington, D.C. 20005 _____

Will attorney / legal representative attend the resolution session?    X Yes    ☐ No

## D.    Complaint Made Against (check all that apply):

**X** DCPS

☐ Charter school (name of the charter school if different from page
one)_____

☐ Non-public school or residential treatment facility (name)
_____

☐ Parent

## E.    Resolution Session Meeting Between Parent and LEA:

I understand that it is my right to have a resolution meeting to resolve this complaint. I also understand that
I may voluntarily waive this right if I choose. (Note: All parties must agree to waive the resolution
meeting to avoid having this meeting.)

**X** I wish to waive the Resolution Session Meeting

## F.    Mediation Process:

IDEIA requires that any time a party requests a due process hearing, mediation should be offered at no cost to the parent. Both parties can request mediation as an alternative to the Resolution Session Meeting or as an alternative to a Due Process Hearing. Please check all that apply:

**I am requesting an administrative due process hearing <u>only</u> at this time.**

## G.    **Facts and Reasons for the Complaint:**

### I.    Nature of the Problem.

<u>**Failure / Refusal to Conduct Initial Evaluations in a Timely Manner and Failure to Provide Written Notice Regarding Evaluation Request**</u>. Fidel Ventura is a six-year-old student attending first grade at Meyer Elementary School in the District of Columbia. He is not currently in special education, but did struggle academically during the 2004-05 school year to the point that one of his teachers recommended that he repeat kindergarten. On or about June 7, 2005, Fidel's mother, Lilian Ventura, made a formal written request to District of Columbia Public Schools ("DCPS") for initial evaluations to determine if Fidel qualified for special education. To date, however, over 120 days has past since this request was made, and DCPS has failed to conduct the evaluations or even provide the parent with written notice regarding its refusal to conduct the evaluations. <u>Individuals with Disabilities Education Improvement Act of 2004, Pub. L. No. 108-446, Sec. 101, § 614</u>; <u>D.C. Code § 38-2501</u> (initial evaluations to be completed within 120 days of referral); and <u>D.C. Mun. Regs. tit. 5 § 3004.1</u> (parents can make referral for evaluations); <u>Individuals with Disabilities Education Improvement Act of 2004</u>, Pub. L. No. 108-446, Sec. 101, § 614(b)(1) and § 615 (b)(3), (b)(4), and (c). <u>See also</u> <u>Hoing v. Doe</u>, 484 U.S. 305, 327 (1988) (In <u>Hoing</u> the Supreme Court of the United States concluded that the clear intent of Congress was to make parental involvement the cornerstone of the process under the IDEA. In so finding, the Court stressed the importance of a parent's right to be notified of each step of a child's educational development: "Envisioning the IEP as the centerpiece of the statute's education system for disabled children, and aware that schools had all too often denied such children appropriate educations without in any way consulting the parents; Congress repeatedly emphasized through the Act the importance and indeed the necessity of parental participation in both the development of the IEP and any subsequent assessments of its effectiveness. Accordingly, the Act establishes various procedural safeguards that guarantee parents both an opportunity for meaningful input into all decisions affecting their child's education and the right to seek review of any decision they think inappropriate." <u>Id</u>. at 311-12); <u>Burlington School Comm. v. Massachusetts Dept. of Education</u>, 471 U.S. 359, 373 (1985); <u>Zvl D. By Shirley D. v. District of Columbia Public Schools</u>, 828 F. Supp. at 88-89; <u>Nikita Petties, et. al. v. The District of Columbia Public Schools, Civil Action No. 95-0148</u>; and <u>D.C. Mun. Regs. tit. 5 § 3024</u>.

### II. Issues presented.

1. Whether DCPS has inappropriately failed to conduct initial evaluations for Fidel Ventura in a timely manner?
2. Whether DCPS has inappropriately failed to provide written notice regarding its intent to conduct the evaluations requested for Fidel Ventura?

### III.    Relief Sought.

1) a finding that DCPS has inappropriately failed to:
   a) conduct initial evaluations for Fidel Ventura in a timely manner
   b) convene the MDT meeting pursuant to the June 3, 2005 HOD or pursuant to the IDEIA;

2) That DCPS be ordered, or agree, to:
   a) fund comprehensive independent evaluations to properly determine his cognitive, academic achievement, behavioural and communication needs and functioning. i.e. psychological-educational, clinical-psychological, social history, and speech and language;
   b) convene an MDT meeting within ten business days to determine eligibility; and
   c) if found eligible to:
      i) develop an IEP,
      ii) identify an appropriate placement with placement to be made within five business days if for a public school, or within thirty calendar days if for a non-public school; and
      iii) determine compensatory education from Ocotber 3, 2005, the date when eligibility should have been determined, until such time as the student functions on grade level, graduates with a regular high school diploma, or ages out of special education.

3) **NOTE THAT SHOULD THERE BE A RESOLUTION CONFERENCE AS A RESULT OF THIS COMPLAINT, THEN THE PARENT WOULD EXPECT THE TEAM AT THE RESOLUTION CONFERENCE TO BE PREPARED TO:**
   a) **fund comprehensive independent evaluations to properly determine his cognitive, academic achievement, behavioural and communication needs and functioning. i.e. psychological-educational, clinical-psychological, social history, and speech and language;**
   b) **convene an MDT meeting within ten business days to determine eligibility; and**
   c) **if found eligible to:**
      i) **develop an IEP,**
      ii) **identify an appropriate placement with placement to be made within five business days if for a public school, or within thirty calendar days if for a non-public school; and**
      iii) **determine compensatory education from Ocotber 3, 2005, the date when eligibility should have been determined, until such time as the student functions on grade level, graduates with a regular high school diploma, or ages out of special education.**

**ALTHOUGH THE PARENT WILL COOPERATE AS MUCH AS REASONABLE, THE PARENT WILL NOT BE SATISFIED IF ALL THAT IS OFFERED AT THE RESOLUTION CONFERENCE IS A PROMISE TO CONVENE AN MDT MEETING.**

4) that DCPS provide any other relief deemed appropriate and relating to the violations committed here;

5) that DCPS be ordered or agrees to pay parent's reasonable attorney's fees and costs;

6) All meetings shall be scheduled through counsel for the parent, Miguel A. Hull, Esq. in writing, via facsimile, at 202-742-2097 or 202-742-2098;

7) Provide the student with a due process hearing within 20 calendar days of a request on any issue arising out of the noncompliance with the DCPS' obligation hereunder, or any disagreement with the assessment, programming or placement the parent may have;

8) In the event that the DCPS shall fail to comply with the terms herein, then under the Conciliation Agreement dated May 12, 1987, the parents shall have the authority to use self help without further notice to the DCPS, and initiate an IEP with the DCPS' invited participation, and unilateral placement in an interim school or educational program until such time the DCPS can come into compliance and properly assess, program and/or participate;

9) The DCPS shall ensure that this student has available a Free and Appropriate Public Education including special education, transportation D.C.Mun. Regs. tit. 5 § 3000.3, and other related services as are defined at 34 C.F.R. § 300.7; Assistance to States for the Education of Children with Disabilities, 70 Fed. Reg. 35782, 35836 (June 21, 2005) (to be codified at 34 C.F.R. pt. 300), designed to meet this student's unique needs and preparation for employment and independent living;

10) Provide counsel for the parent with copies, pursuant to D.C. Mun. Regs. tit. 5 § 3021.8, of all evaluation reports and all educational records on the student no later than sixteen business hours prior to the convening of any meeting;

11) That DCPS within ten (10) calendar days of the filing of this complaint, pursuant to the Individuals with Disabilities Education Improvement Act of 2004, Pub. L. No. 108-446, Sec. 101, § 615(c)(2)(B), provide the parent's representative, Miguel A. Hull, Esq., via facsimile, at 202-742-2097 or 202-742-2098, the following:  i) an explanation of why DCPS proposed or refused to take the action raised in the complaint; ii) a description of other options that DCPS considered and the reasons why those options were rejected, iii) a description of each evaluation procedure, assessment, record, or report the agency used as the basis for the proposed or refused

action, and iv) a description of the other factors that are relevant to the agency's proposed or refused action;

12) That DCPS, in the event they fail to answer/respond to the issues alleged in the parent's administrative due process hearing complaint, within ten (10) calendar days, the arguments and facts as averred by the parent will be deemed true and accurate and act as a waiver, on the part of DCPS, for their desire to have a Resolution Session Meeting, and the parent's administrative due process hearing will be scheduled pursuant to the applicable timelines contained in the IDEIA;

13) That DCPS, within fifteen (15) calendar days of receiving the parent's complaint, pursuant to the <u>Individuals with Disabilities Education Improvement Act of 2004, Pub. L. No. 108-446, Sec. 101, § 615(c)(2)(C)</u>, respond to the parent's request alleging any insufficiency of notice;

14) That DCPS' failure to comply with the <u>Individuals with Disabilities Education Improvement Act of 2004, Pub. L. No. 108-446, Sec. 101, § 615(c)(2)(C)</u>, and allege any insufficiency of the parent's administrative due process complaint, will constitute waiver on the part of DCPS to make such argument at any later date and time;

15) That DCPS, pursuant to the <u>Individuals with Disabilities Education Improvement Act of 2004, Pub. L. No. 108-446, Sec. 101, § 615(f)(1)(B)</u>, within fifteen (15) calendar days of receiving the parent's administrative due process complaint, shall contact the parent's representative, in writing, via facsimile, at 202-742-2015 or 202-742-2098, to schedule and convene a **Resolution Session Meeting**.

16) That DCPS, pursuant to the <u>Individuals with Disabilities Education Improvement Act of 2004, Pub. L. No. 108-446, Sec. 101, § 615(f)(1)(B)</u>, convene the Resolution Session Meeting, with the parent, the parent's representative, and all necessary/relevant members of the student's MDT/IEP Team that have specific knowledge about the child and the facts contained in the complaint. That the relevant members of the MDT/IEP Team that shall be present at the **Resolution Session Meeting for the student shall include the following persons:** 1) the student's special education teacher, if applicable, 2) the student's regular education teacher, if applicable, 3) a representative of the local education agency with decision making authority, 4) a person who can interpret the data, 5) any person(s) who conducted any assessments on the student, 6) **dedicated aide that last assisted Caprisha,** and 7) any service providers for the student;

17) That DCPS' failure to timely schedule and convene the Resolution Session Meeting within the timeframe identified according to the <u>Individuals with Disabilities Education Improvement Act of 2004, Pub. L. No. 108-446, Sec. 101, § 615(f)(1)(B)</u> constitute joint waiver between DCPS and the parent to have such meeting and the forty-five (45) days timeline to schedule the student's administrative due process hearing and receive a timely decision will begin to run upon written notice, via

facsimile, at 202-442-5556, to the DCPS Office of Student Hearings, by the parent's counsel; and

18) A finding that the parent is the prevailing party in this action.

## G.  **Accommodations and Assistance Needed:**

Please list any special accommodations you may require for a Resolution Session Meeting/Mediation Conference/Due Process Hearing.

- Interpreter (please specify the type)_____
- Special Communication (please describe the type)_____
- Special Accommodations for Disability (please be specific)_____
- Other_____

## H.  **Signature:**

_____    October 3, 2005_____

Legal Representative / Advocate (if applicable)        Date

**Mail, fax or deliver this complaint notice to:**
**State Enforcement and Investigation Division**
**For Special Education Programs (SEID)**
**Student Hearing Office (SHO)**
**825 North Capitol Street, NE, 8th Floor**
**Washington, DC  20002**
**Fax number: 202/442-5556**

```
*********************
***   TX REPORT   ***
*********************


TRANSMISSION OK

TX/RX NO              2591
CONNECTION TEL                    94425556
CONNECTION ID
ST. TIME             10/03 15:00
USAGE T              01'05
PGS. SENT            8
RESULT               OK
```

## James E. Brown & Associates, PLLC
*A Professional Limited Liability Company*

| | | |
|---|---|---|
| James E. Brown | Attorneys at Law | Tilman L. Gerald |
| Domiento C.R. Hill ◊ | 1220 L Street, NW | Roxanne D. Nelon ; |
| Roberta Gambale | Suite 700 | John A. Straus |
| Miguel A. Hull | Washington, DC 20005 | Dolores Scott McF night |
| Christopher L. West | Telephone: (202) 742-2000 | Marshall Lammers |
| Juan J. Fernandez! | Facsimile: (202) 742-2098 | |

e-mail: Admin@Jeblaw.biz

! Admitted in Bolivia On

# *FAX COVER SHEET*

DATE:        October 3, 2005

TO:          Student Hearing Office
             District of Columbia Public Schools

PHONE:       202-442-5432

FAX NO:      202 442-5556

FROM:        Miguel Hull, Esq.

SUBJECT:     **Fidel Ventura DOB: 4/21/99 – Due Process Hearing Complaint**


NUMBER OF PAGES INCLUDING COVER SHEET:     EIGHT


COMMENTS:

(In the Matter of FV  DOB: 4/21/99  HOD: December 14, 2005)

# DISTRICT OF COLUMBIA PUBLIC SCHOOLS
## *State Enforcement and Investigation Division*
### CONFIDENTIAL
## Coles B. Ruff, Jr., Due Process Hearing Officer

| | | |
|---|---|---|
| In the Matter of Fidel Ventura | ) | **IMPARTIAL DUE PROCESS** |
| Date of Birth:  April 21, 1999 | ) | |
| | ) | **HEARING OFFICER'S DECISION** |
| | ) | |
| Petitioner, | ) | Hearing Date: November 28, 2005 |
| | ) | |
| v. | ) | Held at: 825 North Capitol St. NE |
| | ) | Washington, DC |
| | ) | |
| District of Columbia Public Schools | ) | |
| ("DCPS" or "District") | ) | |
| Attending School: Meyer ES | ) | |
| Respondent. | ) | |
| | ) | |

Counsel for Student:                      Miguel Hull, Esq.
                                          1220 L Street NW  #700
                                          Washington, DC  20005

Counsel for DCPS:                         Tiffany Puckett, Esq.
                                          Office of General Counsel
                                          825 North Capitol St. NE
                                          Washington, DC  20002

## JURISDICATION:

A Due Process Hearing was convened on November 28, 2005, at the headquarters of the District of Columbia Public Schools, 825 North Capitol Street, NE, Washington, DC 20002, in response to a hearing request submitted by counsel for the student and parent filed October 3, 2005. The hearing was conducted and this decision was written pursuant to the *Individuals with Disabilities Act* (I.D.E.A.), P.L. 101-476, as amended by P.L. 105-17 and the *Individuals with Disabilities Education Improvement Act of 2004* (I.D.E.I.A.), the Rules of the Board of Education of the District of Columbia and the DC Appropriations Act, Section 145, effective October 21, 1998.

## DUE PROCESS RIGHTS:

The parent's counsel waived a formal reading of the due process rights.

1

(In the Matter of FV  DOB: 4/21/99  HOD: December 14, 2005)

## SUMMARY OF THE RELEVANT EVIDENCE:

The Hearing Officer considered the representations made on the record by each counsel, the testimony of the witness(es) and the documents submitted in the parties' disclosures (FV 1-13 and DCPS 1-6) which were admitted into the record.[1]

## FINDINGS OF FACT:

The student is currently age six and in the first grade at Myers Elementary School (Myers). The student has been determined to be eligible for special education and related services with a disability classification of speech/language impairment (SLI). His individualized educational program (IEP) prescribes the following weekly services: 5 hours of specialized instruction and 1 hour of speech/language services. (FV 13)

On June 3, 2005, the parent, through counsel, submitted a written request for the student to be evaluated for special education services. DCPS received the request on June 7, 2005. Mr. Bernard Carter, Myer's special education coordinator promptly forwarded the request within DCPS for the evaluations to be completed. (Mr. Carter's testimony, FV 5)

On October 3, 2005, the parent's counsel filed this due process hearing request alleging DCPS had not timely evaluated the student and determined his eligibility. (FV 1)

DCPS thereafter completed the necessary evaluations of the student and on November 10, 2005, convened the multi-disciplinary team (MDT) meeting and found the student eligible and developed his initial IEP. (FV 9, 10, 11, 13)

Had the evaluations been conducted and an eligibility determination made within 120 days of the parent's request the IEP would have been developed by October 7, 2005. Four school weeks passed from October 7, 2005, to the development of the IEP on November 10, 2005. (FV 5, 13)

## ISSUE(S):

1. Did DCPS inappropriately fail to provide written notice regarding its intent to conduct the requested evaluations of the student?

2. What, if any, compensatory education is due the student for DCPS not conducting initial evaluations and determine the student's eligibility for special education services within 120 days of the parent's request and consent.[2]

---

[1] The evidence that is the source of the finding of fact is noted within a parenthesis following the finding.

[2] Although the student's initial IEP had not been implemented at the time of the due process hearing because the parent had not yet signed the IEP the parent's counsel agreed that the parent was only seeking compensatory education for the period when the 120 days expired and the IEP was developed on November 10, 2005.

2

(In the Matter of FV  DOB: 4/21/99  HOD: December 14, 2005)

## CONTENTIONS OF THE PARTIES:

DCPS counsel asserted the following:

1. DCPS has conducted the evaluations and found the student eligible and developed an IEP prior to the due process hearing.
2. The IEP was developed only 30 days outside the 120 timeline.
3. There has been no denial of FAPE.
4. Compensatory education is not an entitlement but designed to put the student in the position he would have been had services been provided.
5. No compensatory education was requested at the MDT/IEP meeting.

The parent's counsel asserted the following:

1. This is not an instance of a harmless procedural violation.
2. The student was found eligible and would have been had the process been completed timely.
3. The student is below level, has missed a month of services and was harmed.
4. The parent was unable to fully participate in the special education process because DCPS did not provide written notice to the parent's in response to her request for evaluations.
5. The parent agrees to the compensatory education be determined at a MDT meeting.

## CONCLUSIONS OF LAW:

Pursuant to 5 DCMR 3030.3 DCPS bears the burden of proof, based solely upon the evidence and testimony presented at the hearing, that the action or proposed placement is adequate to meet the educational needs of the student.

**1. Did DCPS inappropriately fail to provide written notice regarding its intent to conduct the requested evaluations of the student?**

Conclusion:  It appears DCPS did not respond to the parent's request or alert the parent whether it would conduct the evaluations prior to parent's counsel filing the due process hearing complaint.  While it is reasonable to expect some response as whether and when DCPS will conduct evaluations once requested, the law requires DCPS conduct the evaluations and sets forth the time frame in which the evaluation/eligibility process is to be completed.  DCPS did not conduct the evaluations within 120 days of the parent's request.  DCPS has acknowledged this violation.  The Hearing Officer concludes there is no affirmative requirement that a written response to the parent's request be made and no violation for DCPS failing to do so.

(In the Matter of FV   DOB: 4/21/99   HOD: December 14, 2005)

2. What, if any, compensatory education is the student due for DCPS not conducting initial evaluations and determining the student's eligibility for special education services within 120 days of the parent's request and consent.[3]

Conclusion: The student is entitled to compensatory education. Although DCPS has asserted there was no denial of FAPE to the student the Hearing Officer finds otherwise. Had DCPS acted within the legally prescribed timeframe the student would have been found eligible a month earlier that he was. Consequently, the student missed 20 hours of specialized instruction and four hours of speech language services. The Hearing Officer concludes the student was harmed by not receiving these services and is entitled to compensatory education for the time missed.

There was insufficient evidence for the Hearing Officer to determine the quantity and form of compensatory education that would be appropriate for this student and the parties expressed a willingness to have the issue addressed at a MDT meeting the Order below directs that be done.

**ORDER:**

1. DCPS shall, within fifteen (15) school days of the issuance of this Order, convene a multi-disciplinary team/individualized educational program (MDT/IEP) meeting discuss compensatory education and develop a compensatory education plan for the services the student would have been provided between October 7, 2005, through November 10, 2005, when his IEP was developed.

2. Scheduling of the MDT/IEP meeting is to be arranged through parent's counsel.

3. DCPS will be given a day for a day extension of any of the prescribed time frames in this Order for any delay caused by the student, the parent and/or their representative(s).

4. If the parties are unable to reach agreement as to compensatory education either party may petition this Hearing Officer for reconsideration of the matter for adjudication of that issue.

---

[3] Although the student's initial IEP had not been implemented at the time of the due process hearing because the parent had not yet signed the IEP the parent's counsel agreed that the parent was seeking compensatory education for the period when the 120 days expired and the IEP was developed on November 10, 2005.

4

(In the Matter of FV   DOB: 4/21/99   HOD: December 14, 2005)

## APPEAL PROCESS:

This is the final administrative decision in this matter. Appeals on legal grounds may be made to a court of competent jurisdiction within 30 days of the rendering of this decision.

Coles B. Ruff, Esq.
**Hearing Officer**
**Date: December 14, 2005**

Issued: 12/14/2005

(In the Matter of FV  DOB: 4/21/99  HOD: December 14, 2005)

## In the MATTER OF Fidel Ventura V. DCPS

### INDEX OF EXHIBITS

| EXHIBIT # | IDENTIFICATION | ADMITTED |
|---|---|---|
| FV 1-13 | Parent's Disclosures | Yes |
| DCPS 1-6 | DCPS Disclosures | Yes |
|  |  |  |
|  |  |  |
|  |  |  |
|  |  |  |
|  | * A detailed list of the documents disclosed is contained in the parties' disclosure notices |  |
|  |  |  |
|  |  |  |
|  |  |  |
|  |  |  |
|  |  |  |
|  |  |  |
|  |  |  |
|  |  |  |
|  |  |  |
|  |  |  |
|  |  |  |
|  |  |  |
|  |  |  |
|  |  |  |
|  |  |  |

6

(In the Matter of FV  DOB: 4/21/99  HOD: December 14, 2005)

## In the MATTER OF Fidel Ventura V. DCPS

### RECORD OF PROCEEDING

| DATE | DESCRIPTION |
|------|-------------|
| 10/3/05 | Request for Due Process |
|  | Notice of Pre-Hearing Conference (as applicable) |
| 11/4/05 | Notice of Due Process Hearing |
|  | SETS Disposition Form |
|  | Transcripts or audio tapes of hearing |
|  |  |
|  |  |
|  |  |
|  |  |
|  |  |
|  |  |
|  |  |
|  |  |
|  |  |
|  |  |
|  |  |
|  |  |
|  |  |
|  |  |
|  |  |
|  |  |
|  |  |
|  |  |
|  |  |
|  |  |
|  |  |
|  |  |
|  |  |
|  |  |
|  |  |
|  |  |
|  |  |
|  |  |
|  |  |
|  |  |

7

(In the Matter of FV  DOB: 4/21/99  HOD: December 14, 2005)

# INDEX OF NAMES

## In the MATTER OF Fidel Ventura V. DCPS

| | |
|---|---|
| Assistant Superintendent, Special Education (or Director) | |
| Special Education Coordinator | Mr. Bernard Carter |
| School Psychologist | |
| Regular Education Teacher | |
| | |
| Speech/Language Therapist | |
| Occupational Therapist | |
| Physical Therapist | |
| Private Psychologist | |
| Child and Child's DCPS ID # or SSN (insert ID # or Case Number on each page of the HOD vice child's name) | |
| Child's Parent(s) (specific relationship) | Ms. Lilian Ventura (Mother) |
| | |
| Child/Parent's Representative | Miguel Hull, Esq. |
| School System's Representative | Tiffany Puckett, Esq. |
| Parent's Educational Advocate | Mr. Juan J. Fernandez |
| Interpreter | Ms. Graciela Martinez |
| | |
| | |
| | |
| | |
| | |
| | |
| | |
| | |
| | |
| | |
| | |
| | |
| | |
| | |
| | |
| | |

# District of Columbia Public Schools

### OFFICE OF GENERAL COUNSEL
825 North Capitol Street NE, 9th Floor
Washington, DC 20002-1994
Phone – 202-442-5000, Fax – 202-442-5098

## APPLICATION FOR PAYMENT OF ATTORNEY FEES AND COSTS
## PURSUANT TO THE INDIVIDUALS WITH DISABILITIES EDUCATION ACT

1.  **Attorney Information**
    Law Firm:                  JAMES E. BROWN & ASSOCIATES, PLLC
    Attorney:                  JAMES E. BROWN
    Federal Tax ID No.:        52-1500760
    D.C. Bar No.:              61622

2.  **Student Information**
    Name:                      Fidel Ventura
    DOB:                       4/21/99
    Date of Determination (HOD/SA): 12/14/05
    Parent/Guardian Name:      Lilian A. Ventura
    Parent/Guardian Address:   2523 13th St., NW, #203, WDC 20009
    Current School:            Meyer ES
    Home School:               Meyer ES

3.  **Invoice Information**
    Invoice Number:            06-018
    Date Request Submitted:    1/12/06
    Date(s) Services Rendered: 5/26/05 to 11/28/05
    Amount of Payment Request: $ 15,476.64

4.  **Certification (must be signed by principal attorney)**

I certify that all of the following statements are true and correct:

• all services listed on the enclosed invoices were actually performed;
• the entire amount requested on the enclosed invoice for payment of costs and expenses
  represents the actual amount of costs and expenses incurred;
• the District of Columbia Public Schools is the sole entity from which payment of the fees,
  costs and expenses itemized on the enclosed invoice is requested;
• no attorney or law firm who either (1) provided services listed on the enclosed invoice, or (2)
  will benefit from any monies paid as a result of the submission of the enclosed invoice, has a
  pecuniary interest, either through an attorney, officer or employee of the firm, in any special
  education diagnostic services, schools, or other special education service providers;
• I understand that the making of a false statement to an agency of the DC Government is
  punishable by criminal penalties pursuant to D.C. Code §22-2405.

_____                    January 12, 2006
**Signature**                                _____
                                             **Date**

# LEGEND

## ATTORNEYS

| | |
|---|---|
| JEB | James E. Brown, Esq. |
| DH | Domiento Hill, Esq. |
| CW | Christopher West, Esq. |
| BM | Brenda McAllister, Esq. |
| RG | Roberta Gambale, Esq. |
| MH | Miguel Hull, Esq. |
| RR | Rachel Rubenstein, Esq. |
| JF | Juan Fernandez, Esq. |
| CB | Christina Busso, Esq. |
| JS | John Straus, Esq. |
| RN | Roxanne Neloms, Esq. |
| TG | Tilman Gerald, Esq. |
| DSM | Delores Scott McKnight, Esq. |
| ML | Marshall Lammers, Esq. |

## PARALEGALS and LAW CLERKS

| | |
|---|---|
| AAG | Aracelly A. Gonzalez |
| DP | David Proctor |
| BDL | Blanca De La Sancha |
| SB | Sara Benkharafa |
| WB | Williams Bautista |
| YA | Yamileth Amaya |
| CMM | Claudia M. Martinez |
| HR | Heidi Romero |
| KD | Kelly Dau |
| MT | Michele Torry, BA, L. Cert. |
| TB | Tamika Beasley |

## ADVOCATES

| | |
|---|---|
| MM | Michelle Moody, MA |
| CS | Cheron Sutton-Brock, MA |
| KC | Kevin Carter, MA |
| SM | Sharon Millis, M. Ed. |
| CM | Carolyn Monford, MA |
| GMH | Garfield Mark Holman, MA |
| RB | C. Robin Boucher, Ph.D. |
| TS | Tamieka A. Skinner, MA |
| CP | Carrie Pecover, MA |
| CG | Comesha Griffin, MS |
| WD | William Daywalt, M. Ed. |
| DD | Donte Davis |
| CF | Carlos Fernandez, MA, JD |

## OUT OF POCKET COSTS

| | |
|---|---|
| FAX | Facsimile @ $1.00 per page |
| COP | Reproduction @ $0.25 per page |
| TRN | Transportation @ actual taxi cost |
| TEL | Long Distance Telephone @ actual cost |
| PAR | Parking @ actual cost |
| MES | Messenger/Express Mail @ actual cost |
| POS | Postage @ actual cost |

James E. Brown & Associates, PLLC
A Professional Limited Liability
Company
1220 L Street, NW Suite 700
Washington, DC 20005


Invoice submitted to:
Fidel Ventura
Lilian Ventura
2523 13th Street, NW
Apt # 203
Washington DC 20009


January 05, 2006
In Reference To:     Fidel Ventura
                     DOB: 4/21/99
                     School: Meyers ES
                     Home School: Meyers ES

Invoice #11165

        Professional Services

|  |  |  | Hrs/Rate | Amount |
|---|---|---|---|---|
| 5/26/2005 | AAG | Conference with parent to discuss opening case and child's educational needs. | 1.50 110.00/hr | 165.00 |
|  | MH | Consultation with parent and legal assistant, research and case preparation. | 1.50 365.00/hr | 547.50 |
| 5/31/2005 | AAG | Drafted letter to parent | 0.42 110.00/hr | 46.20 |
| 6/2/2005 | CF | Discussed case with the attorney. | 0.33 185.00/hr | 61.05 |
|  | CF | Prepared a classroom observation | 0.33 185.00/hr | 61.05 |
|  | JF | Received all intake information, reviewed data and contacted parent and discussed issues with her. | 0.92 365.00/hr | 335.80 |
| 6/3/2005 | HR | Drafted letter requesting records at Meyer Elementary School sent letter via facsimile to the school and the the office of special education, and to the office of the general counsel. | 0.67 110.00/hr | 73.70 |

**Fidel Ventura**                                                                                      Page    2

|  |  | | <u>Hrs/Rate</u> | <u>Amount</u> |
|---|---|---|---|---|
| 6/3/2005 | HR | Requested initial evaluations at Meyer Elementary School sent letter via facsimile to the school and the the office of special education, and to the office of the general counsel. | 0.83<br>110.00/hr | 91.30 |
| 6/7/2005 | HR | Draft letter to parent informing them of the records and initial evaluations requested | 0.50<br>110.00/hr | 55.00 |
|  | HR | Phone call to Meyer Elementary School confirming receipt of facsimile. | 0.08<br>110.00/hr | 8.80 |
| 6/9/2005 | HR | Draft letter to parent informing them of the classroom observation | 0.50<br>110.00/hr | 55.00 |
| 6/13/2005 | CF | Phone call from school regards classroom observation | 0.25<br>185.00/hr | 46.25 |
|  | CF | Phone call to school to reschedule classroom observation | 0.25<br>185.00/hr | 46.25 |
| 6/14/2005 | CF | Reviewed case and prepared for school visit | 0.50<br>185.00/hr | 92.50 |
| 6/17/2005 | CF | Reviewed case | 0.50<br>185.00/hr | 92.50 |
| 6/22/2005 | CF | School visit; classroom observation and check official records | 2.00<br>185.00/hr | 370.00 |
|  | CF | Reviewed case and prepared for classroom observation. | 0.50<br>185.00/hr | 92.50 |
| 6/23/2005 | CF | Reported school visit to the attorney | 0.50<br>185.00/hr | 92.50 |
| 6/24/2005 | CF | Reviewed case | 0.50<br>185.00/hr | 92.50 |
| 8/12/2005 | JF | Monthly case research was conducted on this student, Contacted parent to discuss case and upcoming shcool year | 1.17<br>365.00/hr | 427.05 |
| 8/29/2005 | CF | Schedule classroom observation. | 0.25<br>185.00/hr | 46.25 |
| 9/8/2005 | CF | Schedule classroom observation | 0.42<br>185.00/hr | 77.70 |

Fidel Ventura                                                                                     Page    3

| | | | Hrs/Rate | Amount |
|---|---|---|---|---|
| 9/8/2005 | HR | Draft letter to parent regarding classroom observation | 0.42 110.00/hr | 46.20 |
| | HR | Phone call to parent informing them of Classroom observation | 0.17 110.00/hr | 18.70 |
| | MH | Reviewed file to determine case status and plan strategy for obtaining FAPE. | 0.25 365.00/hr | 91.25 |
| 9/9/2005 | CF | School visit; classroom observation | 1.00 185.00/hr | 185.00 |
| 9/12/2005 | CF | Reported school visit to the attorney | 0.33 185.00/hr | 61.05 |
| 9/14/2005 | CF | School visit; classroom observation | 3.00 185.00/hr | 555.00 |
| | CF | Reported school visit to the attorney. | 0.33 185.00/hr | 61.05 |
| | MH | Reviewed advocate's memorandum regarding observation that was done recently. | 0.33 365.00/hr | 120.45 |
| 9/19/2005 | HR | Draft letter to Meyer Elementary School regarding evaluations and meeting pending, sent letter via facsimile | 0.50 110.00/hr | 55.00 |
| 9/20/2005 | CF | Reviewed case notes on file | 0.33 185.00/hr | 61.05 |
| 9/23/2005 | JF | Prepared for resolution meeting by reviewing all documentation in file, discussed issues wiht advocate, contacted parent to discuss her concerns and strategy to follow at the meeting | 1.50 365.00/hr | 547.50 |
| 10/3/2005 | MH | Prepared and file due process hearing request to DCPS regarding failure to evaluate in a timely manner.  Includes research on issues raised, discussion with parent, and drafting and revising of claims made. | 1.17 365.00/hr | 427.05 |
| 10/4/2005 | HR | Draft letter to parent detailing the due process hearing complaint requested | 0.50 110.00/hr | 55.00 |
| 10/5/2005 | HR | Draft letter to parent regarding information about tutoring services | 0.42 110.00/hr | 46.20 |

Fidel Ventura                                                                                    Page    4

|            |    |                                                                                              | Hrs/Rate         | Amount   |
|------------|----|----------------------------------------------------------------------------------------------|------------------|----------|
| 10/5/2005  | HR | Draft letter to Meyer Elementary School regarding the letter of invitation                    | 0.50 110.00/hr   | 55.00    |
| 10/11/2005 | HR | Draft letter to parent regarding MDT meeting                                                  | 0.50 110.00/hr   | 55.00    |
| 10/12/2005 | JF | Discussion with child's attorney, developed strategy to follow in case                        | 0.25 365.00/hr   | 91.25    |
|            | MH | Discussion with Fernandez, developed strategy to follow in case                               | 0.25 365.00/hr   | 91.25    |
|            | JF | Attended Resolution Meeting @ Meyer ES with parent                                            | 4.83 365.00/hr   | 1,762.95 |
| 10/20/2005 | MH | Reviewed file to determine case status and plan strategy for upcomming hearing.               | 0.25 365.00/hr   | 91.25    |
| 10/27/2005 | MH | Discussion with DCPS bilingual team coordinator, Maura Garibay, regarding need for MDT meeting to determine eligibility. | 0.25 365.00/hr   | 91.25    |
|            | MH | Conference with parent regarding social history and MDT meeting.                              | 0.25 365.00/hr   | 91.25    |
| 11/4/2005  | MH | Reviewed file to determine case status and strategy.                                          | 0.33 365.00/hr   | 120.45   |
| 11/7/2005  | HR | Draft letter to the Student Hearing Office requesting an interpreter for the upcoming hearing | 0.50 110.00/hr   | 55.00    |
|            | HR | Draft letter to parent regarding the notice of hearing                                        | 0.42 110.00/hr   | 46.20    |
| 11/10/2005 | JF | Attended MDT/IEP @ Meyer with parent                                                          | 4.83 365.00/hr   | 1,762.95 |
| 11/17/2005 | MH | Pre-hearing conference with attorney and parent.                                              | 0.83 365.00/hr   | 302.95   |
| 11/18/2005 | HR | Assisted attorney to prepare disclosure to DCPS                                               | 1.17 110.00/hr   | 128.70   |
|            | MH | Prepare disclosure to DCPS                                                                    | 1.17 365.00/hr   | 427.05   |

Fidel Ventura                                                                    Page    5

|  |  | Hrs/Rate | Amount |
|---|---|---|---|
| 11/22/2005 HR | File Review and sent letter to parent/student | 0.17<br>110.00/hr | 18.70 |
| 11/23/2005 MH | Prepared for Due Process Hearing.  Includes review of parent's and DCPS's disclosure materials, research on issues raised and preparation of witness questions and legal arguments for hearing. | 1.50<br>365.00/hr | 547.50 |
| JF | Prepared for Due Process Hearing by review diclosure submitted to DCPS and for possible Testimony | 1.50<br>365.00/hr | 547.50 |
| 11/25/2005 MH | Prepared for Due Process Hearing.  Reviewed case with parent. | 0.83<br>365.00/hr | 302.95 |
| 11/28/2005 JF | Appearance to 825 North Capital for due process hearing | 3.08<br>365.00/hr | 1,124.20 |
| JF | Prepared for Due Process Hearing by reviewing Psycho-educational, Speech & Language and Social History evaluations as well as, MDT/IEP meeting notes, discussed issues with parent and discussed possible testimony with child's attorney. | 1.50<br>365.00/hr | 547.50 |
| MH | Appearance to 825 North Capital for due process hearing. | 4.42<br>365.00/hr | 1,613.30 |
| | For professional services rendered | 54.00 | $15,181.05 |

Additional Charges :

| | | |
|---|---|---|
| 5/26/2005 | Copied: Intake | 5.50 |
| 5/31/2005 | Postage; letter to parent | 0.37 |
| | Copied documents; letter to parent | 0.50 |
| 6/6/2005 | Copied: Records and evaluations request for parent. | 1.25 |
| 6/7/2005 | Postage; Case status letter to parent | 0.37 |
| | Facsimile: Records and evaluations to Meyer ES, OGC and OSE. | 24.00 |
| 6/9/2005 | Postage; Classroom observation letter to parent. | 0.37 |
| | Copied: Classroom observation for file. | 0.25 |
| 6/22/2005 | Copied: referral documents | 0.50 |

**Fidel Ventura**                                                                                          **Page    6**

                                                                                                            <u>Amount</u>

| | | |
|---|---|---:|
| 9/8/2005 | Postage; letter to parent | 0.37 |
| | Copied documents(Parent-letter re.Classroom Observation) | 0.25 |
| 9/19/2005 | Facsimile letter re: evals and meeting to Meyer | 2.00 |
| 9/30/2005 | Facsimile: Clinical observation for advocate. | 2.00 |
| 10/4/2005 | Copied: DPH-complaint letter for parent. | 2.00 |
| | Postage: letter to parent re: case status. | 0.37 |
| 10/5/2005 | Facsimile to Meyer ES | 2.00 |
| | Copied documents | 0.75 |
| | Postage; letter to parent re: case status. | 0.37 |
| 10/11/2005 | Copied status letter + MDT meeting notice | 0.50 |
| | Postage; letter to parent. | 0.37 |
| 11/7/2005 | Postage; letter to parent re: case status. | 0.37 |
| | Copied: NOH letter for parent. | 0.50 |
| | Facsimile: request for interpreter to SHO and OGC. | 4.00 |
| 11/18/2005 | Copied: Disclosure for SHO and OGC. | 33.50 |
| 11/22/2005 | Postage; letter to parent re: christmas card. | 0.37 |
| 11/28/2005 | Sedan taxi service to   DCPS for hearing.(adv.) | 8.00 |
| | Sedan taxi service from  DCPS for hearing | 11.00 |
| | File review preparation of bill and invoice audit | 96.88 |
| | File review preparation of bill and invoice audit | 96.88 |
| | Total costs | $295.59 |
| | Total amount of this bill | $15,476.64 |