# EXHIBIT 27

*State Enforcement and Investigation Division (SEID)*
*Special Education Programs*



### *Due Process Complaint Notice*

- The form is used to give notice of a due process complaint to the **District of Columbia Public Schools, District of Columbia Public Charter Schools (DCPS or LEA) and/or parents** with respect to any matter relating to the identification, evaluation, or educational placement of a child with a disability, or the provision of a free appropriate public education to that child. <u>A party may not have a due process hearing until the party, or the attorney representing the party, files a notice that meets the requirements of the Individuals wit</u>

- The due process complaint must describe an alleged violation that occurred not more than two (2) years before the date that the parent or school system knew or should have known about the alleged action that is the basis of the complaint.

- Notice must be provided to the Student Hearing Office for the DC Public Schools, 825 North Capitol Street, NE, 8th Floor, Washington, DC 20002; fax number 202/442-5556.

- <u>Unless the other party agrees, the party requesting the due process hearing shall not be allowed to raise issues at the due process hearing that are not raised in this Due Process Complaint Notice.</u>   Therefore, please be thorough in providing the information requested.

- Prior to the opportunity for an impartial due process hearing, the Local Educational Agency (LEA) shall convene a meeting **(called a "Resolution Session")** with the parent(s) unless the parent(s) and the Local Educational Agency agree in writing to waive this meeting.   You will be contacted by a representative of the Local Educational Agency to schedule the meeting.   **The Student Hearing Office does NOT schedule resolution meetings**.

- Mediation is also available to all parties as an alternative to a resolution meeting or a Due Process Hearing.

## A.   INFORMATION ABOUT THE STUDENT:

Name of the Student: **Cornelius Wall**   Date of Birth: **February 26, 1990**
Address: **2114 Ridge Crest Court S.E.  Washington, DC 20020**
Home School:  **Thurgood Marshall PCS[1]**
Present School of Attendance: **Same**

Is this a charter school?  <u>No</u>   (If yes, you must also provide a copy of this notice to the charter school principal or director)

Parent/Guardian of the Student: **Ms. Carolyn Wall**
Address (if different from the student's above): same

---

[1] Ballou Senior High School is the student's neighborhood school

1

**B.**    **Legal Representative/Attorney:**

Name: <u>Roberta L. Gambale, Esq. ( James Brown and Associates, PLLC)</u>
Address: <u>1220 "L" Street, Suite 700, Washington, DC 20005</u>
Phone: (w) <u>(202)742-2000 (ext. 2021)</u> (Fax) <u>(202) 742-2098</u>    (e-mail) <u>Rgambale@jeblaw.biz</u>
Will attorney / legal representative attend the resolution session?        <u>X</u> Yes        ☐ No

**C.**    **Complaint Made Against (check all that apply):**

X  DCPS school (name of the school if different from page one)

**D.**    **Resolution Session Meeting Between Parent/Representative and LEA:**

I understand that it is my right to have a resolution meeting to resolve this complaint.  I also understand that I may voluntarily waive this right if I choose.  (Note: All parties must agree to waive the resolution meeting to avoid having this meeting.)

The parent, by and through counsel, wishes to waive the Resolution Session Meeting for  this process.

**E.**    **Mediation Process:**

IDEIA requires that any time a party requests a due process hearing, mediation should be offered at no cost to the parent.  Both parties can request mediation as an alternative to the Resolution Session Meeting or as an alternative to a Due Process Hearing.  Please check all that apply:

**I am requesting an administrative due process hearing <u>only</u>.**

**F.**    **Facts and Reasons for the Complaint:**

In accordance with the Individuals with Disabilities Education Improvement Act (IDEIA), please complete the following questions (attach additional pages if needed):

**I.  Nature of the problem.**

**Background**

Cornelius Wall, DOB: 2/26/90, is a ninth  grade learning disabled student at  Thurgood Marshall Public Charter School.    This is his first year  at Thru good Marshall PCS. During the 2004/2005 school year he attended KIPP Key Academy Public Charter School.  District of Columbia Public Schools ("DCPS") is the LEA for the Charter School.

**Issues**

1.  **District of Columbia Public Schools ("DCPS") failed to  re-evaluate Cornelius Wall in a timely manner upon parental request**

On or about August 25, 2005, the parent, through counsel, submitted a written request for her child, Cornelius Wall to be comprehensively re-evaluated for special Education Services pursuant to 34 C.F.R. §§ 300.530-300.535; Assistance to States for the Education of Children with Disabilities, 70 Fed. Reg. 35782, 35862-35864 (June 21, 2005) (to be codified at 34 C.F.R. pt. 300); and D.C. Mun. Regs. tit. 5, § 3021.1 (2003).  Both

2

Thurgood Marshall Public Charter School ("TMPCS") and/or District of Columbia Public Schools ("DCPS") who is the LEA and/or SEA for TMPCS.

Parent's request was based in part on the fact that Cornelius was transitioning from Middle School to High School. Copies of the parent's request were submitted not only to KIPP Key Academy PCS, but also to Thurgood Marshall, Ballou Senior High School, where Cornelius is registered as a non-attending student, and DCPS Offices of Special Education, Mediation and Compliance and General Counsel. However, upon follow up with the school in October 2005, it was discovered that Cornelius had not been referred for comprehensive testing and it could be as late as December 2005 before testing that the student was referred for would be able to be completed.

The Charter School acknowledged that Cornelius should receive an updated speech evaluation, a clinical evaluation and a social history but the student was not referred for a psycho-educational evaluation because the current psycho-educational had been conducted in the past three years. The parent was never advised that DCPS/PCS had no intentions of conducting the psycho-educational evaluation until October 2005, when parent followed up with the special education coordinator at the school. A Student Evaluation Plan meeting was never scheduled to address the evaluations to be completed. A Notice of intent to evaluate was never provided to the parent and/or counsel for the parent. The Public Agency has an obligation to conduct evaluations at the request of a parent pursuant to the IDEA 2004.

2. **District of Columbia Public Schools and/or Charter School failed to provide Cornelius with a Copy of the Student's Records and/or the Individualized Educational Program ("IEP") drafted for the student**

Parent, through counsel, requested that she be enabled to review a complete copy of Cornelius Wall's educational file pursuant to 34 C.F.R. § 300.562(a); Assistance to States for the Education of Children with Disabilities, 70 Fed. Reg. 35782, 35879 (June 21, 2005) (to be codified at 34 C.F.R. pt. 300); and D.C. MUN. REGS. tit. 5, § 3021.1 (2003). Copies of the Request for Access to Records were provided to Cornelius's current and prior placements, as well as, the student's neighborhood school, DCPS Officer of Special Education, General Counsel and Mediation and Compliance. At the present time, parent does not have copies of Cornelius's IEP and/or prior evaluations. To date, parent has not been provided access to records pursuant to her request. In addition, parent has not been provided a copy of her child's most recent IEP that was developed without her knowledge sometime after the commencement of the 2005/2006 school year.

3. **District of Columbia Public Schools and/or Charter School failed to allow parent full participation in the IEP development for her child**

On or about October 20, 2005 , parent was made aware of an allegation that Thurgood Marshall Public Charter School developed a new Individualized Educational Program ("IEP") for Cornelius Wall during the 2005/2006 school year. It was alleged by the Special Education Coordinator that the parent participated in this meeting by telephone. Though parent remembers talking with the school on numerous occasions, she was never advised that an IEP was being drafted and/or provided a copy of the IEP document. The parent is a mandatory participant on every IEP team. According to No. 108-446, Sec. 101, § 614(d)(1)(A)(ii)(II)(B) the IEP team is defined to be

3

*a group ... individuals composed of (i) the parent ... a child with a disability; (ii) not less than 1 regular education teacher of such child; (iii) not less than 1 special education teacher, or where appropriate, not less than 1 special education provider of such child; (iv) a representative of the local educational agency ; (v) an individual who can interpret the instructional implications of evaluation results; (vi) at the discretion of the parent or agency, other individuals who have knowledge or special expertise regarding the child, including related service personnel as appropriate; and (vii) whenever appropriate, the child with a disability"*

## II. Issues presented.

- Whether Charter School/District of Columbia Public Schools ("DCPS") failed to conduct comprehensive re-evaluations for Cornelius upon parental request?

- Whether or not Charter School/District of Columbia Public Schools ("DCPS") failed to provide the parent with access to educational records for her child?

- Whether or not Charter School/District of Columbia Public Schools ("DCPS") failed to properly include the parent as a member of the IEP team for Cornelius?

- Whether or not Charter School/District of Columbia Public Schools ("DCPS") failed to provide the parent with a copy of the most recent IEP developed for this student?

- Whether Rudolph Garris has been denied a Free and Appropriate Education ("FAPE").

## III. To the extent known to you at this time, how can this problem be resolved?

**WHEREFORE**, the parent, by and through counsel, requests the following relief:

1. A finding that DCPS denied Cornelius FAPE by failing to re-evaluate him in a timely manner;

2. That DCPS shall fund the following evaluations for Cornelius to include but not limited to: a) psycho-educational evaluation; b) clinical psychological; c) speech and language assessment; d) social history ; and e) classroom observation, as well as, any evaluations warranted based upon the findings of these such as either a psychiatric evaluation and/or neuropsychological evaluation and/or audiological evaluation and/or occupational therapy evaluation;

3. That DCPS/Charter School shall convene an MDT meeting within ten (10) calendars days of completion of the assessments for the purpose of reviewing evaluations; revising the IEP; discussing compensatory education; discussing and determining placement;

4. That at the afore mentioned meeting, DCPS shall secure the participation of all necessary IEP team members to include but not limited to the appropriate personnel required to review assessments and develop an appropriate program for this child;

4

5. Parent reserves it's right address compensatory education for flats of FAPE that have occurred ;

6. Parent shall be provided a copy of the student's educational records including all past evaluations, IEPS and report cards/progress reports;

7. That DCPS agrees to pay counsel for the parent's reasonable attorney's fees in an amount not to exceed Four Thousand Dollars and Zero Cents ($4,000.00), as full payment of attorneys' fees and related costs incurred in the matter;

8. All meetings shall be scheduled through counsel for the parent, Roberta L. Gambale, Esq., in writing, via facsimile, at 202-742-2097 or 202-742-2098;

9. Provide the student with a due process hearing within 20 calendar days of a request on any issue arising out of the noncompliance with the DCPS' obligation hereunder, or any disagreement with the assessment, programming or placement the parent may have;

10. In the event that the DCPS shall fail to comply with the terms herein, then under the Conciliation Agreement, the parent shall have the authority to use self help without further notice to the DCPS, and initiate an IEP with the DCPS' invited participation, and unilateral placement in an interim school or educational program until such time the DCPS can come into compliance and properly assess, program and/or participate;

11. Provide counsel for the parent with copies, pursuant to 5 DCMR 3021.8, of all evaluation reports and all educational records on the student no later than sixteen (16) business hours prior to the convening of any meeting;

12. 19.. The DCPS shall ensure that this student has available a Free and Appropriate Public Education including special education, transportation (5 DCMR 3000.3), and Other related services as are defined at 34 C.F.R. 300.24, designed to meet this student's unique needs and preparation for employment and independent living;

13. That DCPS within ten (10) calendar days of the filing of this complaint, pursuant to the Individuals with Disabilities Education Improvement Act of 2004, Pub. L. No. 108-446, Sec. 101, § 615(c)(2)(B), provide the parent's representative, Roberta L. Gambale, Esq., via facsimile, at 202-742-2097 or 202-742-2098, the following: i) an explanation of why DCPS proposed or refused to take the action raised in the complaint; ii) a description of other options that the IEP team considered and the reasons why those options were rejected, iii) a description of each evaluation procedure, assessment, record, or report the agency used as the basis for the proposed or refused action, and iv) a description of the other factors that are relevant to the agency's proposed or refused action;

14. That DCPS, in the event they fail to answer/respond to the issues alleged in the parent's administrative due process hearing complaint, within ten (10) calendar days, the arguments and facts as averred by the parent will be deemed true and accurate and act as a waiver, on the part of DCPS, for their desire to have a Resolution Session Meeting, and the guardian's administrative due process hearing will be scheduled pursuant to the applicable timelines contained in the IDEIA;

15. That DCPS, within fifteen (15) calendar days of receiving the parent's complaint, pursuant to the Individuals with Disabilities Education Improvement Act of 2004, Pub. L. No. 108-446, Sec. 101, § 615(c)(2)(C), respond to the parent's request alleging any insufficiency of notice.

16. That DCPS' failure to comply with the Individuals with Disabilities Education Improvement Act of 2004, Pub. L. No. 108-446, Sec. 101, § 615(c)(2)(C), and allege any

5

insufficiency of f.   administrative due process complaint, wi  constitute waiver on the part of DCPS to make such argument at any later date and time.

17. That DCPS, pursuant to the Individuals with Disabilities Education Improvement Act of 2004, Pub. L. No. 108-446, Sec. 101, § 615(f)(1)(B), within fifteen (15) calendar days of receiving the parent's administrative due process complaint, shall contact the parent's representative, in writing, via facsimile, at 202-742-2097 or 202-742-2098, to schedule and convene a Resolution Session Meeting;

18. That DCPS, pursuant to the Individuals with Disabilities Education Improvement Act of 2004, Pub. L. No. 108-446, Sec. 101, § 615(f)(1)(B), convene the Resolution Session Meeting, with the parent, the parent's representative, and all necessary/relevant members of the student's MDT/IEP Team that have specific knowledge about the child and the facts contained in the complaint. That the relevant members of the MDT/IEP Team that shall be present at the Resolution Session Meeting for the student shall include the following persons: 1) the student's special education teacher, 2) the student's regular education teacher, if applicable, 3) a representative of the local education agency with decision making authority, 4) a psychiatrist and/or clinical psychologist; 5) an occupational therapist; and/or 6) any person(s) who conducted any assessments on the student.

19. That DCPS' failure to timely schedule and convene the Resolution Session Meeting within the timeframe identified according to the Individuals with Disabilities Education Improvement Act of 2004, Pub. L. No. 108-446, Sec. 101, § 615(f)(1)(B) constitute joint waiver between DCPS and the guardian to have such meeting and the forty-five (45) days timeline to schedule the student's administrative due process hearing and receive a timely decision will begin to run upon written notice, via facsimile, at 202-442-5556, to the DCPS Office of Student Hearings, by the parent's counsel; and

20. A finding that the parent is the prevailing party in this action.

G.    **Accommodations and Assistance Needed**:

- N/A

Dated this 20th day of October, 2005

Roberta L. Gambale, Esq.,
James E. Brown & Associates, PLLC
1220 L Street, NW Suite 700
Washington, DC 20005
202-742-2021
Counsel for the Parent

**Mail, fax or deliver this complaint notices to:**
**State Enforcement and Investigation Division**

6

# District of Columbia Public Schools

## State Enforcement and Investigation Division

Terry Michael Banks, Due Process Hearing Officer
825 North Capitol Street, N.E.; Room 8076
Washington, D.C. 20002
(571) 437-7381
Facsimile: (202) 442-5556

### Confidential

| | | |
|---|---|---|
| CORNELIUS WALL, STUDENT | ) | |
| | ) | |
| Date of Birth: February 26, 1990 | ) | Hearing Date: December 19, 2005 |
| | ) | |
| Petitioner, | ) | Complaint Filed: October 21, 2005 |
| | ) | |
| v. | ) | |
| | ) | Held at: 825 North Capitol Street, N.E. |
| DISTRICT OF COLUMBIA | ) | 8th Floor |
| PUBLIC SCHOOLS | ) | Washington, D.C. 20002 |
| | ) | |
| Respondent. | ) | |
| | ) | |
| Student Attending: | ) | |
| Thurgood Marshall Academy P.C.S. | ) | |

### HEARING OFFICER'S DECISION

| | |
|---|---|
| Parents: | Ms. Caroline Wall, Mother |
| | 2114 Ridge Crest Court, S.E. |
| | Washington, D.C. 20020 |
| | |
| Counsel for Petitioner: | Roberta L. Gambale, Esquire |
| | James E. Brown & Associates |
| | 1220 L Street, N.W.; Suite 700 |
| | Washington, D.C. 20005 |
| | (202) 742-2000, x2021; Fax: (202)742-2098 |
| | |
| Counsel for DCPS: | Rashida J. Chapman, Esquire |
| | Office of the General Counsel, DCPS |
| | 825 North Capitol Street, N.E. |
| | 9th Floor |
| | Washington, D.C. 20002 |

An index of names is attached hereto for the benefit of the parties. The index will permit the parties to identify specific witnesses and other relevant persons. The index is designed to be detached before release of this Decision as a public record.

## INDEX OF NAMES

| Child | Cornelius Wall |
|---|---|
| Child's Parent(s) (specific relationship) | Caroline Wall, Father |
| Child/Parent's Representative | Roberta L. Gambale, Esquire |
| School System's Representatives | Rashida J. Chapman, Esquire |
| Special Education Coordinator | Amato Marshall, TMA |
| Educational Advocate | Michelle Moody, James E. Brown & Associates |

2

**Jurisdiction**

This hearing was conducted in accordance with the rights established under the Individuals With Disabilities Education Improvement Act of 2004 ("IDEA"), 20 U.S.C. Sections 1400 et seq., Title 34 of the Code of Federal Regulations, Part 300; Title V of the District of Columbia ("District" or "D.C.") Municipal Regulations ("DCMR"), re-promulgated on February 19, 2003; and Title 38 of the D.C. Code, Subtitle VII, Chapter 25.

**Introduction**

Petitioner is a fifteen year-old student attending Thurgood Marshall Academy Public Charter School ("TMA"). On October 21, 2005, Petitioner filed a *Due Process Complaint* ("*Complaint*") alleging that the District of Columbia Public Schools ("DCPS") had failed to (1) conduct reevaluations of Petitioner, (2) provide access to Petitioner's educational records, and (3) allow Petitioner's parents to participate in the development of Petitioner's Individualized Education Program ("IEP"). The due process hearing was convened on November 19, 2005. The hearing officer overruled Petitioner's objection to DCPS' proposed Exhibit No. 1, the notes from the Resolution Session meeting. The recently amended IDEA requires the local educational agency to convene a Resolution Meeting to encourage the parties to resolve the issues in dispute promptly and informally. Thus, unlike civil litigation, where details of settlement negotiations are not admissible into evidence, IDEA compels the parties to meet to attempt to resolve the issues in the Complaint informally. Since the hearing officer is the only person in a position to monitor the parties' compliance with this provision, this hearing officer has consistently ruled that the Resolution Meeting notes are part of the record that the hearing officer should review. The hearing officer sustained Petitioner's objections to three other proposed exhibits that were not submitted to Petitioner's counsel five days before the hearing.[1] Petitioner's counsel withdrew the allegation relating to Petitioner's records.

**Witnesses for DCPS**

Amato Marshall, Special Education Coordinator, TMA

**Witnesses for Petitioner**

Petitioner's Mother

---

[1] 34 CFR Section 300.509(a)(3).

**Findings of Fact**

1. Petitioner is a fifteen year-old student attending TMA.[2] Petitioner came to TMA for the first time in the summer of 2005.[3]

2. On August 25, 2005, Petitioner's counsel requested a "comprehensive" evaluation of Petitioner including psychoeducational, speech and language, social history, and clinical psychological evaluations, and a formal classroom observation.[4]

3. On October 13, 2005, DCPS convened a Multidisciplinary Team ("MDT") meeting. Petitioner's mother participated in the meeting by telephone. The meeting was convened after Petitioner had been enrolled for thirty days to review his progress and to develop an initial TMA Individualized Education Program ("IEP"). The MDT determined that Petitioner

[s]hould continue receiving the related services previously outlined in his IEP until new evaluations are conducted to determine if changes should be made. The special education teacher, Ms. Johnson and [Petitioner's] math teacher, Mr. McCullough describe [Petitioner] as a solid, consistent student that completes most assignments with a high degree of success…

Previous MDT notes describe [Petitioner] as having behavioral issues. The team described that none of the behaviors described by the MDT notes dated 2/3/2005 have been observed since [Petitioner] has been attending Thurgood Marshall Academy (TMA). The team has decided that at this time a behavior plan is not warranted.

The team has determined that [Petitioner] should continue receiving special education service while participating within the regular education classroom setting in combination with access to resource: academic support, counseling and speech and language services provided through special education pullout.[5]

4. Petitioner's last psychoeducational evaluation was conducted on May 12, 2000.[6]

**Conclusions of Law**

1. DCPS met its burden of proving that it convened an appropriate IEP team on October 13, 2005.[7] The MDT notes confirm Mr. Marshall's testimony as to the purpose

---

[2] *Complaint* at 1.
[3] Testimony of Mr. Marshall.
[4] Petitioner's Exhibit ("P.Exh.") No. 6.
[5] P.Exh. No. 8.
[6] P.Exh. No. 16.

for the meeting, and that the meeting was delayed at the request of Petitioner's mother, to ensure her participation. Petitioner's mother's testimony that she was unaware of the purpose for the meeting was not as credible as that of Mr. Marshall, who testified that Petitioner's mother was actively involved in the meeting and was satisfied with the decisions made at the meeting.

2. DCPS denied Petitioner a free appropriate public education ("FAPE") by failing to conduct triennial evaluations.[8] The last psychoeducational evaluation was conducted over five years ago, and there is no record of a speech and language evaluation despite Petitioner receiving speech and language services.[9]

3. The hearing officer finds no fault with Mr. Marshall's handling of Petitioner's case. TMA properly monitored Petitioner's progress, and in light of the minimal services Petitioner appears to need, it was appropriate to continue to provide services consistent with Petitioner's previous IEP until the completion of the prescribed evaluations. The finding of a denial of FAPE is based upon DCPS' failure to conduct triennials that were due long before Petitioner enrolled at TMA.

4. Petitioner is the prevailing party in this proceeding.

### ORDER

Upon consideration of Petitioner's requests for a due process hearing, the parties' Five Day Disclosure Notices, the testimony presented at the hearing, and the representation of the parties counsel at the hearing, this 2nd day of January, 2006 it is hereby

**ORDERED,** that on or before January 27, 2006 DCPS shall conduct psychoeducational and speech and language evaluations of Petitioner and convene a MDT meeting. DCPS shall coordinate scheduling the MDT meeting through Petitioner's counsel, Roberta L. Gambale, Esquire,(202) 742-2000. The MDT shall review all current evaluations and update Petitioner's IEP.

**IT IS FURTHER ORDERED,** that in the event of DCPS' failure to comply with the terms of this Order, Petitioner's counsel will contact counsel for DCPS and the DCPS

---

[7] See 34 CFR §300.344(a).
[8] 34 CFR § 300.536(b).
[9] The hearing officer has no disagreement with the October 13, 2005 MDT's conclusion that Petitioner's behavior at TMA does not warrant a behavior intervention plan. Petitioner's counsel argued at the hearing that Petitioner was entitled to a psychiatric evaluation because such was recommended in a January 30, 2004 clinical psychological evaluation. The *Complaint* did not allege the need for a psychiatric evaluation, so the hearing officer will not rule on its necessity. However, if Petitioner's behavior continues to remain positive, just as a behavior intervention plan was deemed unnecessary, the reconvened MDT could well conclude that Petitioner's performance at TMA does not warrant a psychiatric evaluation.

Office of Mediation & Compliance to attempt to bring the case into compliance prior to filing a hearing request alleging DCPS' failure to comply. [10]

**IT IS FURTHER ORDERED,** that any delay in meeting any of the deadlines in this Order because of Petitioner's absence or failure to respond promptly to scheduling requests, or that of Petitioner's representatives, will extend the deadlines by the number of days attributable to Petitioner or Petitioner's representatives. DCPS shall document with affidavits and proofs of service for any delays caused by Petitioner or Petitioner's representatives.

**IT IS FURTHER ORDERED,** that this Order is effective immediately.

### Notice of Right to Appeal Hearing Officer's Decision and Order

This is the final administrative decision in this matter. Any party aggrieved by the findings and/or decision may bring a civil action in any state court of competent jurisdiction or in a district court of the United States without regard to the amount in controversy, in accordance with 20 U.S.C. Section 1415(i)(2)(A) within thirty days of the entry of the Hearing Officer's Decision. [11]

Terry Michael Banks
Hearing Officer

Date:  January 2, 2006

Issued:  1|3|06

---

[10] If DCPS fails to contact counsel for Petitioner to coordinate scheduling the evaluation or MDT meeting by dates that would make compliance with this Order feasible, the hearing officer expects Petitioner's counsel to initiate telephone calls and electronic correspondence to attempt to effect compliance within the timelines set out herein.

[11] *See Amman v. Town of Stow,* 991 F.2d 929, 931(1ˢᵗ Cir. 1993) (since the IDEA does not set a time limit for lawsuits brought under its terms, the district court must "borrow" the most analogous statute of limitations under state law); *Spiegler v. District of Columbia,* 866 F.2d 461, 463-64 (D.C. Cir. 1989)(borrowing a 30-day limitations period for review of agency orders and applying it to an appeal from a decision under the predecessor to IDEA). In the District of Columbia, the Rules of the Board of Education do not prescribe a time limit for bringing the civil action authorized by the IDEA and the Board's Regulations, 5 D.C.M.R. Section 3032.5. The D.C. Administrative Procedures Act defers to the District of Columbia Court of Appeals to set the limitation period for filing an appeal from a final agency action. D.C. Code §2-510(a). Under the Court's rules, a petition for review of an agency order must be filed within thirty days. D.C. Ct. App. Rule 15(a).

Copies to:

Roberta L. Gambale, Esquire
James E. Brown & Associates
1220 L Street, N.W.; Suite 700
Washington, D.C. 20005
(202) 742-2000, x2021; Fax: (202)742-2098

Rashida J. Chapman, Esquire
Office of the General Counsel, DCPS
825 North Capitol Street, N.E.
9th Floor
Washington, D.C. 20002

# District of Columbia Public Schools
## *Office of Compliance*
# STUDENT HEARING OFFICE
825 North Capitol Street, N.E.
8TH Floor
Washington, D.C. 20002
FAX: (202) 442-5556



## *FACSIMILE SHEET*

Date: 1|3|06

TO: R. Gambale

FROM: STUDENT HEARING OFFICE

RE: Wall, Cornelius / HOD

TOTAL NUMBER OF PAGES, INCLUDING COVER:


COMMENTS:


*CONFIDENTIALITY NTOICE*: The information accompanying this facsimile is intended only for the use of the individual or entity named above. If you are not the intended recipient, you are hereby notified that any disclosure, copying, distribution or the taking of any action in reliance on the content of this telecopied information is strictly prohibited.

# District of Columbia Public Schools

### OFFICE OF GENERAL COUNSEL
825 North Capitol Street NE, 9th Floor
Washington, DC 20002-1994
Phone – 202-442-5000, Fax – 202-442-5098

## APPLICATION FOR PAYMENT OF ATTORNEY FEES AND COSTS
## PURSUANT TO THE INDIVIDUALS WITH DISABILITIES EDUCATION ACT

1.  **Attorney Information**
    Law Firm: JAMES E. BROWN & ASSOCIATES, PLLC
    Attorney: JAMES E. BROWN
    Federal Tax ID No.: 52-1500760
    D.C. Bar No.: 61622

2.  **Student Information**
    Name: Cornelius Wall
    DOB: 2/26/90
    Date of Determination (HOD/SA): 1/3/06
    Parent/Guardian Name: Caroline Wall
    Parent/Guardian Address: 2114 Ridge Crest Ct., SE, WDC 20020
    Current School: Thurgood Marshall Academy PCS
    Home School: Thurgood Marshall Academy PCS

3.  **Invoice Information**
    Invoice Number: 06-036
    Date Request Submitted: 1/12/06
    Date(s) Services Rendered: 8/16/05 to 12/19/05
    Amount of Payment Request: $ 10,712.11

4.  **Certification (must be signed by principal attorney)**

    I certify that all of the following statements are true and correct:

    - all services listed on the enclosed invoices were actually performed;
    - the entire amount requested on the enclosed invoice for payment of costs and expenses represents the actual amount of costs and expenses incurred;
    - the District of Columbia Public Schools is the sole entity from which payment of the fees, costs and expenses itemized on the enclosed invoice is requested;
    - no attorney or law firm who either (1) provided services listed on the enclosed invoice, or (2) will benefit from any monies paid as a result of the submission of the enclosed invoice, has a pecuniary interest, either through an attorney, officer or employee of the firm, in any special education diagnostic services, schools, or other special education service providers;
    - I understand that the making of a false statement to an agency of the DC Government is punishable by criminal penalties pursuant to D.C. Code §22-2405.

    _James E. Brown_                           January 12, 2006
    Signature                                   Date

# LEGEND

### ATTORNEYS

| | |
|---|---|
| JEB | James E. Brown, Esq. |
| DH | Domiento Hill, Esq. |
| CW | Christopher West, Esq. |
| BM | Brenda McAllister, Esq. |
| RG | Roberta Gambale, Esq. |
| MH | Miguel Hull, Esq. |
| RR | Rachel Rubenstein, Esq. |
| JF | Juan Fernandez, Esq. |
| CB | Christina Busso, Esq. |
| JS | John Straus, Esq. |
| RN | Roxanne Neloms, Esq. |
| TG | Tilman Gerald, Esq. |
| DSM | Delores Scott McKnight, Esq. |
| ML | Marshall Lammers, Esq. |

### PARALEGALS and LAW CLERKS

| | |
|---|---|
| AAG | Aracelly A. Gonzalez |
| DP | David Proctor |
| BDL | Blanca De La Sancha |
| SB | Sara Benkharafa |
| WB | Williams Bautista |
| YA | Yamileth Amaya |
| CMM | Claudia M. Martinez |
| HR | Heidi Romero |
| KD | Kelly Dau |
| MT | Michele Torry, BA, L. Cert. |
| TB | Tamika Beasley |
| BC | Blair Copeland |

### ADVOCATES

| | |
|---|---|
| MM | Michelle Moody, MA |
| CS | Cheron Sutton-Brock, MA |
| KC | Kevin Carter, MA |
| CM | Carolyn Monford, MA |
| GMH | Garfield Mark Holman, MA |
| RB | C. Robin Boucher, Ph.D. |
| TS | Tamieka A. Skinner, MA |
| CP | Carrie Pecover, MA |
| CG | Comesha Griffin, MS |
| WD | William Daywalt, M. Ed. |
| DD | Donte Davis |
| CF | Carlos Fernandez, MA,JD |

### OUT OF POCKET COSTS

| | |
|---|---|
| FAX | Facsimile @ $1.00 per page |
| COP | Reproduction @ $0.25 per page |
| TRN | Transportation @ actual taxi cost |
| TEL | Long Distance Telephone @ actual cost |
| PAR | Parking @ actual cost |
| MES | Messenger/Express Mail @ actual cost |
| POS | Postage @ actual cost |

12/27/2005

James E. Brown & Associates, PLLC
A Professional Limited Liability
Company
1220 L Street, NW Suite 700
Washington, DC 20005

Invoice submitted to:
Cornelius Wall


January 09, 2006
In Reference To:      Cornelius Wall

Invoice #11185


Professional Services

|  |  |  | Hrs/Rate | Amount |
|---|---|---|---|---|
| 8/16/2005 | BDL | Drafted letter to parent. | 0.42<br>110.00/hr | 46.20 |
|  | RG | Consultation with parent and legal assistant, research and case preparation. | 1.50<br>365.00/hr | 547.50 |
|  | BDL | Conference with parent to discuss opening case and child's educational needs. | 1.50<br>110.00/hr | 165.00 |
| 8/17/2005 | MM | Reviewed entire fille | 0.25<br>185.00/hr | 46.25 |
| 8/18/2005 | MM | Discussion with mom and developed case status report for attorney | 0.33<br>185.00/hr | 61.05 |
| 8/25/2005 | YA | Phone call to parent re, non attending school | 0.25<br>110.00/hr | 27.50 |
|  | YA | Research educational needs re, request for records and evaluations | 0.25<br>110.00/hr | 27.50 |
| 9/2/2005 | MM | File review and developed monthly case status report | 0.25<br>185.00/hr | 46.25 |
| 9/6/2005 | YA | Research educational needs re, request for records and evaluations to Thurgood Marshall Academy, DCPS and Ballou SHS | 0.33<br>110.00/hr | 36.30 |
|  | YA | Requested evaluations from Thurgood Marshal Academy PCS, DCPS and Ballou JHS | 0.75<br>110.00/hr | 82.50 |

Cornelius Wall                                                                                    Page    2

|  |  |  | Hrs/Rate | Amount |
|---|---|---|---|---|
| 9/6/2005 | YA | Drafted letter requesting records to Thurgood Marshall Academy PCS, DCPS and Ballou JHS | 0.67 110.00/hr | 73.70 |
|  | YA | Draft letter to attorney re, registration status | 0.33 110.00/hr | 36.30 |
|  | YA | Phone call to parent re, follow up on status of registration | 0.25 110.00/hr | 27.50 |
| 9/7/2005 | YA | Phone call to parent re, record request | 0.17 110.00/hr | 18.70 |
| 9/8/2005 | YA | Drafted letter to parent re, request of records and evaluations | 0.58 110.00/hr | 63.80 |
| 9/9/2005 | RG | Conference with parent and discussion with school | 0.50 365.00/hr | 182.50 |
| 9/26/2005 | MM | File review and developed  monthly case status report and documented latest information and last communication with parent and shcool letters and phone calls.  Also documented the latest things to be done on case. | 0.58 185.00/hr | 107.30 |
| 9/28/2005 | AAG | Reviewed advocate's report, file review and discussion with attorney Brown | 0.25 110.00/hr | 27.50 |
|  | JEB | Reviewed advocate's report and discused with paralegal | 0.25 385.00/hr | 96.25 |
| 10/10/2005 | MM | File review and developed  monthly case status report | 0.50 185.00/hr | 92.50 |
| 10/20/2005 | RG | Reviewed status | 0.25 365.00/hr | 91.25 |
|  | RG | Conference with parent | 0.33 365.00/hr | 120.45 |
|  | RG | Telephone call to DCPS school staff- PCS - SEC re: status | 0.33 365.00/hr | 120.45 |
|  | RG | Prepared and file due process hearing request to DCPS and follow up discussion with mom | 2.00 365.00/hr | 730.00 |
| 10/21/2005 | YA | Assisted attorney with sending hearing request to Student Hearing Office | 0.33 110.00/hr | 36.30 |
|  | YA | Drafted letter to parent re, detailed Hearing Request | 0.58 110.00/hr | 63.80 |

Cornelius Wall                                                                          Page     3

|  |  |  | Hrs/Rate | Amount |
|---|---|---|---|---|
| 10/24/2005 YA | Tickled deadline for resolution meeting | | 0.17 110.00/hr | 18.70 |
| YA | Drafted letter to parent re, Hearing Date Notice | | 0.58 110.00/hr | 63.80 |
| 10/26/2005 RG | Conference with parent | | 0.33 365.00/hr | 120.45 |
| 10/31/2005 RG | Telephone call from DCPS staff re: meeting and discussion with YA re: follopw up w mom | | 0.25 365.00/hr | 91.25 |
| MM | Discussion with school re: resolution | | 0.25 185.00/hr | 46.25 |
| 11/1/2005 RG | Conference with parent, PCS & MM re: meeting to be held, records and eval status | | 0.42 365.00/hr | 153.30 |
| 11/3/2005 RG | Conference with parent and school re: DRS | | 0.50 365.00/hr | 182.50 |
| MM | File review and developed  monthly case status report and update regarding last parent communication and school communication and documented next thing to be done in case. | | 0.58 185.00/hr | 107.30 |
| 11/7/2005 YA | sent deadline notice to attorney and advocate | | 0.17 110.00/hr | 18.70 |
| 11/8/2005 RG | Conference with parent re: meeting | | 0.33 365.00/hr | 120.45 |
| 11/9/2005 RG | Appearance to 825 North Capital for dispute resolution session | | 365.00/hr | NO CHARGE |
| RG | Reviewed records received and post meeting discussion with mom | | 0.75 365.00/hr | 273.75 |
| 11/10/2005 YA | Filed back Educational Records received from DCPS | | 0.75 110.00/hr | 82.50 |
| 11/11/2005 MM | File review and developed  monthly case status report regarding the most recent developments on the case and the parent contact, school contact and what needs to be done next. | | 0.58 185.00/hr | 107.30 |
| 11/14/2005 MM | Attended MDT/IEP @ school | | 4.50 185.00/hr | 832.50 |
| MM | Reviewed information for mdt | | 1.00 185.00/hr | 185.00 |

Cornelius Wall                                                                                    Page    4

|  |  | | Hrs/Rate | Amount |
|---|---|---|---|---|
| 11/17/2005 | YA | Assist attorney with status letter to parent | 0.17<br>110.00/hr | 18.70 |
| | RG | Reviewed service logs received from school | 1.00<br>365.00/hr | 365.00 |
| | RG | Drafted letter to PCS to follow up on records; drafted status letter to mom; reviewed MDT notes | 1.42<br>365.00/hr | 518.30 |
| 11/21/2005 | YA | Drafted letter to parent re, Hearing Date with educational records received | 0.75<br>110.00/hr | 82.50 |
| 11/29/2005 | MM | File review and developed monthly case status report | 0.33<br>185.00/hr | 61.05 |
| 12/6/2005 | YA | File Review and sent letter to parent/student | 0.17<br>110.00/hr | 18.70 |
| 12/8/2005 | MM | Prepared for Due Process Hearing | 1.50<br>185.00/hr | 277.50 |
| 12/12/2005 | MM | Conference with parent | 0.33<br>185.00/hr | 61.05 |
| | MM | School visit; classroom observation | 2.00<br>185.00/hr | 370.00 |
| | YA | Discussion with advocate re, status | 0.25<br>110.00/hr | 27.50 |
| | YA | Assist attorney to prepare disclosure to DCPS, Student Hearing Office and Office of General Counsel | 2.00<br>110.00/hr | 220.00 |
| | RG | Prepare disclosure to DCPS | 2.00<br>365.00/hr | 730.00 |
| 12/16/2005 | RG | Conference with parent | 0.33<br>365.00/hr | 120.45 |
| | MM | File review and developed monthly case status report | 0.33<br>185.00/hr | 61.05 |
| 12/19/2005 | RG | Prepared for Due Process Hearing and pre-hearing conference with mom and advocate | 2.00<br>365.00/hr | 730.00 |
| | RG | Appearance to 825 North Capital for due process hearing and post hearing conference with parent | 2.00<br>365.00/hr | 730.00 |
| | RG | Reviewed psychological and clinical evaluation | 0.50<br>365.00/hr | 182.50 |

Cornelius Wall                                                                          Page     5

|  |  | Hrs/Rate | Amount |
|---|---|---|---|
| 12/19/2005 MM    Prepared for Due Process Hearing |  | 1.50 185.00/hr | 277.50 |
|  | For professional services rendered | 43.47 | $10,229.90 |
|  | Additional Charges : |  |  |
| 8/16/2005 | Copied documents; intake documents |  | 6.25 |
|  | Postage; letter to parent. |  | 0.37 |
| 9/6/2005 | Facsimile; records and evals request to Thurgood Marshall, Ballou SHS, and DCPS |  | 35.00 |
| 9/8/2005 | Copied documents(Parent-letter re.records request) |  | 0.25 |
| 9/9/2005 | Postage; letter to parent re: records and evals request. |  | 0.37 |
| 10/21/2005 | Postage; letter to parent |  | 0.60 |
|  | Copied: HR letter for parent and advocate. |  | 4.50 |
|  | Copied: HR letter for parent. |  | 0.25 |
|  | Facsimile: HR to SHO. |  | 8.00 |
| 10/24/2005 | Postage; letter to parent re: resolution meeting. |  | 0.37 |
|  | Copied: resolution meeting letter for parent and advocate. |  | 1.00 |
| 11/9/2005 | Sedan taxi service for resolution meeting at DCPS |  | 8.00 |
| 11/17/2005 | Postage; letter to parent. |  | 0.37 |
|  | Copied documents; letter to parent |  | 0.50 |
| 11/22/2005 | Postage; letter to parent re HDN and Educational Records |  | 3.13 |
|  | Copied documents; letter to parent |  | 0.50 |
| 12/6/2005 | Postage; letter to parent |  | 0.37 |
| 12/12/2005 | Messenger Service to and from DCPS (5-day Disclosures) |  | 20.00 |
|  | Copied 5 day disc. for OGC/SHO/ATTNY. |  | 165.00 |
| 12/16/2005 | Copied: Disclosure for atty and adv. |  | 114.50 |
| 12/19/2005 | Sedan taxi service to and from  DCPS for hearing.(attny;adv.) |  | 16.00 |
|  | File review preparation of bill and invoice audit |  | 96.88 |

Cornelius Wall

| | Amount |
|---|---|
| Total costs | $482.21 |
| Total amount of this bill | $10,712.11 |