# EXHIBIT 28

**STATE EDUCATION AGENCY FOR THE DISTRICT OF COLUMBIA**
**STATE ENFORCEMENT AND INVESTIGATION DIVISION (SEID)**
**SPECIAL EDUCATION PROGRAMS**

|  |  |
|---|---|
| Wayne Warren, a minor | ) |
| 5208 3rd Street, NW | ) |
| Apartment #9 | ) |
| Washington, DC 20011 | ) |
|  | ) |
| Attending School:    Jos-Arz Academy | ) |
|                              Public Charter School | ) |
| Home School:        Coolidge Senior High School | ) |
|  | ) |
| v. | ) |
|  | ) |
| District of Columbia Public Schools (hereinafter "DCPS") | ) |
| 825 North Capitol, Street, NE Sixth Floor | ) |
| Washington, DC 20002 | ) |

## A.  BACKGROUND INFORMATION.

1.  The student's name is Wayne Warren (hereinafter "WW").

2.  WW's date of birth is December 26, 1990.

3.  WW's address is 5208 3rd Street, NW, Apartment #9, Washington, DC 20011.

4.  WW currently is enrolled in Jos-Arz Academy Public Charter School in the District of Columbia.

5.  WW's home school is Coolidge Senior High School.

6.  WW's parent is Cynthia Warren (hereinafter "Complainant" or "Parent").

7.  The parent's address is 5208 3rd Street, NW, Apartment #9, Washington, DC 20011.

## B.  FACTS AND REASONS FOR THE COMPLAINT

**Count I. Denial of a Free and Appropriate Public Education – Failure to**
**Comply with the Individuals with Disabilities Education Improvement Act of**
**2004, Pub. L.  No. 108-446, Sec. 101, § 614(e).**

8.  The Complainant re-alleges paragraphs 1 through 7.

9. According to Individuals with Disabilities Education Improvement Act of 2004, Pub. L. No. 108-446, Sec. 101, § 614(e), DCPS, as the local and state education agency, is to make certain that the educational placement, for each child with a disability within its jurisdiction, is able to implement the student's Individualized Educational Program. Moreover, DCPS is to make certain that the parent's or complainants are a part of the decision making process when it comes to the student's educational placement. See also Hoing v. Doe, 484 U.S. 305, 327 (1988) (In Hoing the Supreme Court of the United States concluded that the clear intent of Congress was to make parental involvement the cornerstone of the placement process under the IDEA. In so finding, the Court stressed the importance of a parent's right to be not only notified of each step of a child's educational development, but also involved in the placement decision making process: "Envisioning the IEP as the centerpiece of the statute's education system for disabled children, and aware that schools had all too often denied such children appropriate educations without in any way consulting the parents; Congress repeatedly emphasized through the Act the importance and indeed the necessity of parental participation in both the development of the IEP and any subsequent assessments of its effectiveness. Accordingly, the Act establishes various procedural safeguards that guarantee parents both an opportunity for meaningful input into all decisions affecting their child's education and the right to seek review of any decision they think inappropriate." Id. at 311-12 (emphasis added); Burlington School Comm. v. Massachusetts Dept. of Education, 471 U.S. 359, 373 (1985); Zvl D. By Shirley D. v. District of Columbia Public Schools, 828 F. Supp. at 88-89; Nikita Petties, et. al. v. The District of Columbia Public Schools, Civil Action No. 95-0148; and Assistance to States for the Education of Children with Disabilities, 70 Fed. Reg. 35782, 35843 (June 21, 2005) (to be codified at 34 C.F.R. pt. 300), 34 C.F.R. Sec. 300.552(a) of the Individuals with Disabilities Education Act (According to 34 C.F.R. Sec. 300.552 of the Individuals with Disabilities Education Act "in determining the educational placement of a child with a disability, including a preschool child with a disability, each public agency shall ensure that the placement decision is made by a group of persons, including the parents, and other persons knowledgeable about the child, the meaning of the evaluation data, and the placement options). Pursuant to 34 C.F.R. § 300.551, DCPS "shall ensure that a continuum of alternative placements is available to meet the needs of children with disabilities for special education and related services." In this case, it is painstakingly clear that the DCPS failed to adhere to the applicable rules and regulations of the IDEA, as well as the controlling case law in not only this jurisdiction, but also nationwide.

10. WW is identified as a student with a disability under the IDEA. He attended the Center for Life Enrichment until November 17, 2003 when he was expelled for the sale of controlled substances on campus. See Administrative Review, dated December 3, 2003.

2

11. WW enrolled in DCALA on January 6, 2004. While enrolled DCALA, he often left the campus by himself on numerous occasions without permission. WW was expelled from DCALA due to truancy. *See* Absence Investigation Request.

12. The parent obtained a psychiatric evaluation, dated June 14, 2004, that states "he needs to be placed in a restricted and therapeutic program." See psychiatric assessment, dated June 14, 2004.

13. On July 21, 2004, the IEP team met to review the evaluation reports. After reviewing the evaluation reports, the team determined that WW requires a residential placement. *See* IEP and meeting notes, dated July 21, 2004.

14. On August 5, 2004, WW was accepted in the Jos-Arz residential treatment center. *See* correspondence from Jos-Arz residential treatment center, dated August 5, 2004. DCPS failed to place WW in a residential placement. The parent, through counsel, filed a due process hearing request on October 1, 2004. A Hearing Officer's Determination, dated November 29, 2004, ordered DCPS to "place and fund Wayne Warren, on a interim basis, at the Jos-Arz residential treatment facility. See HOD, dated November 29, 2005.

15. While attending the Jos-Arz residential treatment facility, WW exhibited marked improvement in his academic and behavioral performance. *See* Treatment Pan Updates, dated March 2 2005, April 5, 2005 and May 5, 2005.

16. Jos-Arz residential treatment center program was closed at the end of the 2004-2005 school year. In anticipation of the closing, on April 21, 2005, Jos-Arz requested that DCPS convene an IEP team meeting to discuss and determine a program where WW's IEP may be implemented. *See* correspondence from Ms. Monagan to Wendy Smeltzer and Dwight Thomas, dated April 21, 2005. The parent, through counsel, also requested an IEP meeting on April 27, 2005. *See* correspondence to Dwight Thomas, dated April 27, 2005.

17. DCPS failed to convene an IEP meeting. The parent, through counsel, filed a due process hearing request on June 8, 2005. On July 11, 2005, DCPS executed a settlement agreement (hereinafter "SA") with the parent. The SA states, in part, "Within 15 business days of execution of this settlement agreement, DCPS agrees to convene an MDT/IEP meeting…" *See* SA, dated July 11, 2005. There is nothing in the record that indicates DCPS convened an IEP team meeting to discuss and determine a program where WW's IEP may be implemented.

18. On May 27, 2005, WW was discharged from the Jos-Arz residential treatment facility. *See* correspondence, from Wendy Smelzer, Clinical Director to the parent, dated May 27, 2005. WW was enrolled in the Jos-Arz Academy Public Charter School. Since his enrollment, he has been excessively truant and suspended for drug use.

19. On July 11, 2005, the parent, through counsel, applied to the Pines Residential Treatment Center. *See* correspondence to Alternative Behavior Services, dated July 11, 2005. On July 27, 2005, WW was accepted at the Pines Residential Treatment Center. *See* correspondence from Alternative Behavior Services, dated July 27, 2005.

20. DCPS' failure to comply with the Individuals with Disabilities Education Improvement Act of 2004, Pub. L. No. 108-446, Sec. 101, § 614(e) is, in and of itself, a denial of FAPE.

## C. RELIEF REQUESTED

**WHEREFORE**, the parent, by and through counsel, requests the following relief:

21. A finding that DCPS denied WW FAPE by failing to provide WW an appropriate placement as required by the Individuals with Disabilities Education Improvement Act of 2004, Pub. L. No. 108-446, Sec. 101, § 614(e);

22. That DCPS shall issue a Prior Notice of Placement to the Pines Residential Treatment Center, thereby funding the student;

23. That DCPS shall provide WW transportation to his new educational placement, and provide Extended School Year Services;

24. This case falls squarely within the 'capable of repetition, yet evading review' exception to the mootness doctrine." *Zearley v. Ackerman*, 116 F.Supp.2d 109, 112 (2000). The parent must prevail as a matter of law;

25. *Harris v. District of Columbia* states that students with disabilities are entitled to compensatory services where they have been "deprived of special education in violation of the IDEA." DCPS shall provide 1:1 tutoring for each day of services WW has missed due to DCPS' failure to provide WW with a placement where his IEP may be implemented until WW's academic performance is commensurate with his grade level;

26. If DCPS fails to commence the tutoring within thirty (30) calendar days of the development of WW's compensatory education plan, that the parent shall have the right to get independent tutoring at DCPS' expense;

27. That DCPS agrees to pay counsel for the parent reasonable attorney's fees and related costs incurred in the matter;

28. That all meetings shall be scheduled through counsel for the parent in writing, via facsimile, at 202-742-2098;

29. In the event that the DCPS shall fail to comply with the terms herein, then under the Conciliation Agreement, the parent shall have the authority to use self help without further notice to the DCPS, and initiate an IEP with the DCPS' invited participation, and unilateral placement in an interim school or educational program until such time the DCPS can come into compliance and properly assess, program and/or participate;

30. That DCPS shall provide counsel for the parent with copies, pursuant to D.C. MUN. REGS. tit. 5, § 3021.8 (2003), of all evaluation reports and all educational records on the student no later than sixteen (16) business hours prior to the convening of any meeting;

29. That DCPS shall ensure that this student has available a Free and Appropriate Public Education including special education, transportation (D.C. MUN. REGS. tit. 5, § 3000.3 (2003)), and other related services as are defined at Pub. L. No. 108-446, Sec. 101, § 602(a)(26)(a), designed to meet this student's unique needs and preparation for employment and independent living;

31. That DCPS send all notices to counsel for the parent with copies of such to the parent and in the parent's native language;

32. That DCPS within ten (10) calendar days of the filing of this complaint, pursuant to the Individuals with Disabilities Education Improvement Act of 2004, Pub. L. No. 108-446, Sec. 101, § 615(c)(2)(B), provide the complainant's representative, through John Straus, via facsimile, at 202-742-2098, the following:  i) an explanation of why DCPS proposed or refused to take the action raised in the complaint; ii) a description of other options that the IEP team considered and the reasons why those options were rejected, iii) a description of each evaluation procedure, assessment, record, or report the agency used as the basis for the proposed or refused action, and iv) a description of the other factors that are relevant to the agency's proposed or refused action;

33. That DCPS, in the event they fail to answer/respond to the issues alleged in the parent's administrative due process hearing complaint, within ten (10) calendar days, the arguments and facts as averred by the complainant will be deemed true and accurate and act as a waiver, on the part of DCPS, for their desire to have a Resolution Session Meeting, and the complainant's administrative due process hearing will be scheduled pursuant to the applicable timelines contained in the IDEIA;

34. That DCPS, within fifteen (15) calendar days of receiving the complainant's complaint, pursuant to the Individuals with Disabilities Education Improvement Act of 2004, Pub. L. No. 108-446, Sec. 101, § 615(c)(2)(C), respond to the complainant's request alleging any insufficiency of notice.

35. That DCPS' failure to comply with the Individuals with Disabilities Education Improvement Act of 2004, Pub. L. No. 108-446, Sec. 101, § 615(c)(2)(C), and allege any insufficiency of the complainant's administrative due process complaint, will constitute waiver on the part of DCPS to make such argument at any later date and time.

36. That DCPS, pursuant to the Individuals with Disabilities Education Improvement Act of 2004, Pub. L. No. 108-446, Sec. 101, § 615(f)(1)(B), within fifteen (15) calendar days of receiving the complainant's administrative due process complaint, shall contact the complainant's representative, in writing, via facsimile, at 202-742-2098, to schedule and convene a Resolution Session Meeting;

37. That DCPS, pursuant to the Individuals with Disabilities Education Improvement Act of 2004, Pub. L. No. 108-446, Sec. 101, § 615(f)(1)(B), convene the Resolution Session Meeting, with the complainant, the complainant's representative, and all necessary/relevant members of the student's MDT/IEP Team that have specific knowledge about the child and the facts contained in the complaint. That the relevant members of the MDT/IEP Team that shall be present at the Resolution Session Meeting for the student shall include the following persons:  1) the student's special education teacher, 2) the student's regular education teacher, if applicable, 3) a representative of the local education agency with decision making authority, 4) a person who can interpret the data, 5) any person(s) who conducted any assessments on the student, and 6) any service providers for the student;

38. That DCPS' failure to timely schedule and convene the Resolution Session Meeting within the timeframe identified according to the Individuals with Disabilities Education Improvement Act of 2004, Pub. L. No. 108-446, Sec. 101, § 615(f)(1)(B) constitute joint waiver between DCPS and the complainant to have such meeting;

39. D.C. MUN. REGS. tit. 5 § 3030.1 provides that the public agency shall ensure that not later than 45 days after the receipt of a request for a hearing, a final decision is reached in the hearing and a copy of the decision is mailed to each of the parties. Should the hearing for this student take place 45 days after the date of this hearing request, DCPS shall be found to have violated the 45-day time line.  DCPS shall provide the complainant with a due process hearing within 15 calendar days of a request on any issue arising out of the noncompliance with DCPS' obligations hereunder, or any disagreement that the parent may have with the assessments, programming or placement.  Such issue will be raised at the hearing with or without an amended hearing request;

40. Pursuant to D.C. MUN. REGS. tit. 5 § 3000 et. seq., DCPS shall ensure that WW's rights and the complainant's rights are protected, and consistent with the Hearing Officer's preamble to all due process hearing that, "the hearing officer will rule on

the evidence as presented at the hearing and will ACT in the BEST INTEREST of the child," and make a ruling consistent with the obligation of DCPS and the hearing officer's responsibility; and

41. A finding that the complainant is the prevailing party in this action.

John Straus, Esq.
James E. Brown & Associates, PLLC
1220 L Street, NW Suite 700
Washington, DC 20005
202-742-2000
Counsel for the Complainant

## CERTIFCATE OF SERVICE

I, John Straus, Esq., hereby certify that a copy of the parent's administrative due process complaint was served to the District of Columbia Public Schools' Office of Student Hearings, via facsimile, at 202-442-5556.

John Straus, Esq., *Counsel*
James E. Brown & Associates, PLLC
1220 L Street, NW Suite 700
Washington, DC 20005
202-742-2008
Counsel for the Complainant

# District of Columbia Public Schools

### *State Enforcement & Investigation Division*

### ***confidential***

H. St. Clair, Esq., Due Process Hearing Officer
825 North Capitol Street, NE   8th Floor
Washington, D.C. 20002
Facsimile: (202) 442-5556

| | |
|---|---|
| **In the Matter of**                                  ) | **HEARING OFFICER'S** |
|                                                        ) | **MEMORANDUM of** |
| **WAYNE WARREN** student                              ) | |
| Date of Birth: July 5, 1988                           ) | **SETTLEMENT  AGREEMENT** |
|                              Petitioner,              ) | |
|                                                        ) | Request Date:   August 1, 2005 |
|                              versus                   ) | Hearing Dates:  November 17, 2005 |
|                                                        ) |                 December 20, 2005 |
| **The District of Columbia Public Schools,**          ) | |
|               and                                     ) | Held at:  825 North Capitol Street, NE |
| **JOS ARZ  Public Charter School**                    ) |           Eighth Floor, Hearing Room 1 |
|                                                        ) |           Washington, D.C. 20002 |
|                              Respondents.             ) | |

**Parent:**                          Cynthia Warren
                                     5208 3rd Street, NW    Apt No 9
                                     Washington, D.C. 20011

**Counsel for the Parent/Student:**  John A. Straus, Esq.
                                     **JAMES E. BROWN & Associates**
                                     1220  L  Street, NW    Suite 700
                                     Washington, D.C. 20005

i

**Counsel for JOS ARZ Public Charter School:**

Chalfrantz Perry, Esq.
505 Capitol Court, NE    Suite 100
Washington, D.C. 20002

**District of Columbia Public Schools:**    Michael D. Levy, Esq., Attorney-Advisor
**Office of the General Counsel, DCPS**
825 North Capitol Street, NE  9th Floor
Washington, D.C. 20002

An INDEX of NAMES is attached hereto for the benefit of the parties. The index will permit the parties to identify specific witnesses and other relevant witnesses. The index will be detached before release of this SETTLEMENT AGREEMENT as a public record.

ii

# INDEX of NAMES for Wayne Warren

**Hearing Date:** December 20, 2005

Appearing on behalf of DCPS: None.

Appearing on behalf of JOS ARZ Public Charter School: None.

Appearing on behalf of the parent/student:

1. Cynthia Warren, mother

No testimony was received.

## JURISDICTION

The hearing convened under Public Law 108-466, The Individuals with Disabilities Education Improvement Act of 2004 and Title V of the District of Columbia Municipal Regulations.

## STATEMENT of the CASE

On August 1, 2005, Counsel for the Parent filed the herein Complaint on behalf of the parent and the student complaining the District of Columbia Public Schools (DCPS) and the JOS ARZ Public Charter School (JAPCS), its own LEA, denied a Free Appropriate Public Education (FAPE) to the student.  Specially, Counsel for the Parent complained of inappropriateness of educational placement.

The Student Hearing Office, DCPS, scheduled a hearing in this matter for 11:00 A.M., Thursday, November 17, 2005 at DCPS Headquarters, 825 North Capitol Street, NE,  8th Floor, Hearing Room 1, Washington, D.C. 20002. The hearing convened as scheduled.

Upon the unopposed motion of the parent for a continuance, the hearing was continued to 11:00 A.M., Tuesday, December 20, 2005.

The hearing reconvened at 11:00 A.M., Tuesday, December 20, 2005, Hearing Room 1, when the parties announced they had settled.

By facsimile dated December 13, 2005, DCPS disclosed 15 witnesses and 12 documents.

By facsimile dated December 13, 2005, the parent disclosed 7 witnesses and 31 documents.

As the parties settled the documents were placed into the record but are not listed here.

## The SETTLEMENT AGREEMENT

1. Within 15 business days hereof, DCPS agreed to complete the process of placing the student at the Hines Residential Center.

2. The parent agreed to cooperate with the meeting/ scheduling requirements of the placement process.

Date: _December 23, 2005_

_____
H. St. Clair, Esq., Hearing Officer

Issued: _12-23-05_
_____
Student Hearing Office, DCPS

*-end of document-*



# District of Columbia Public Schools

**OFFICE OF GENERAL COUNSEL**
825 North Capitol Street NE, 9th Floor
Washington, DC 20002-1994
Phone – 202-442-5000, Fax – 202-442-5098

## APPLICATION FOR PAYMENT OF ATTORNEY FEES AND COSTS
## PURSUANT TO THE INDIVIDUALS WITH DISABILITIES EDUCATION ACT

**1.    Attorney Information**
Law Firm:               JAMES E. BROWN & ASSOCIATES, PLLC
Attorney:               JAMES E. BROWN
Federal Tax ID No.:     52-1500760
D.C. Bar No.:           61622

**2.    Student Information**
Name:                       Wayne Warren
DOB:                        7/5/88
Date of Determination (HOD/SA):   12/23/05
Parent/Guardian Name:       Cynthia Warren
Parent/Guardian Address:    5208 3rd St., NW, #9, WDC 20011
Current School:             JOS ARZ PCS
Home School:                JOS ARZ PCS

**3.    Invoice Information**
Invoice Number:             06-019
Date Request Submitted:     1/12/06
Date(s) Services Rendered:  7/14/05 to 12/20/05
Amount of Payment Request   $ 10,331.42

**4.    Certification (must be signed by principal attorney)**

I certify that all of the following statements are true and correct:

- all services listed on the enclosed invoices were actually performed;
- the entire amount requested on the enclosed invoice for payment of costs and expenses represents the actual amount of costs and expenses incurred;
- the District of Columbia Public Schools is the sole entity from which payment of the fees, costs and expenses itemized on the enclosed invoice is requested;
- no attorney or law firm who either (1) provided services listed on the enclosed invoice, or (2) will benefit from any monies paid as a result of the submission of the enclosed invoice, has a pecuniary interest, either through an attorney, officer or employee of the firm, in any special education diagnostic services, schools, or other special education service providers;
- I understand that the making of a false statement to an agency of the DC Government is punishable by criminal penalties pursuant to D.C. Code §22-2405.

_James E Brown_                         January 12, 2006
Signature                               Date

# LEGEND

### ATTORNEYS

| | |
|---|---|
| JEB | James E. Brown, Esq. |
| DH | Domiento Hill, Esq. |
| CW | Christopher West, Esq. |
| BM | Brenda McAllister, Esq. |
| RG | Roberta Gambale, Esq. |
| MH | Miguel Hull, Esq. |
| RR | Rachel Rubenstein, Esq. |
| JF | Juan Fernandez, Esq. |
| CB | Christina Busso, Esq. |
| JS | John Straus, Esq. |
| RN | Roxanne Neloms, Esq. |
| TG | Tilman Gerald, Esq. |
| DSM | Delores Scott McKnight, Esq. |
| ML | Marshall Lammers, Esq. |

### PARALEGALS and LAW CLERKS

| | |
|---|---|
| AAG | Aracelly A. Gonzalez |
| DP | David Proctor |
| BDL | Blanca De La Sancha |
| SB | Sara Benkharafa |
| WB | Williams Bautista |
| YA | Yamileth Amaya |
| CMM | Claudia M. Martinez |
| HR | Heidi Romero |
| KD | Kelly Dau |
| MT | Michele Torry, BA, L. Cert. |
| TB | Tamika Beasley |
| BC | Blair Copeland |

### ADVOCATES

| | |
|---|---|
| MM | Michelle Moody, MA |
| CS | Cheron Sutton-Brock, MA |
| KC | Kevin Carter, MA |
| CM | Carolyn Monford, MA |
| GMH | Garfield Mark Holman, MA |
| RB | C. Robin Boucher, Ph.D. |
| TS | Tamieka A. Skinner, MA |
| CP | Carrie Pecover, MA |
| CG | Comesha Griffin, MS |
| WD | William Daywalt, M. Ed. |
| DD | Donte Davis |
| CF | Carlos Fernandez, MA,JD |

### OUT OF POCKET COSTS

| | |
|---|---|
| FAX | Facsimile @ $1.00 per page |
| COP | Reproduction @ $0.25 per page |
| TRN | Transportation @ actual taxi cost |
| TEL | Long Distance Telephone @ actual cost |
| PAR | Parking @ actual cost |
| MES | Messenger/Express Mail @ actual cost |
| POS | Postage @ actual cost |

12/27/2005

James E. Brown & Associates, PLLC
A Professional Limited Liability
Company
1220 L Street, NW Suite 700
Washington, DC 20005

Invoice submitted to:
Wayne Warren

January 06, 2006
In Reference To:　　Wayne Warren

Invoice #11176

Professional Services

| | | | Hrs/Rate | Amount |
|---|---|---|---|---|
| 7/19/2005 | DP | Drafted letter to parent regarding settlement with DCPS and withdrawal of administrative due process heairng request. | 0.52 110.00/hr | 57.20 |
| 7/25/2005 | JS | Phone call to Pines Residental Treatment Center regarding possible placement. | 0.17 365.00/hr | 62.05 |
| | JS | Reviewed letter to Mediation and Compliance, Office of General Counsel and parent | 0.08 365.00/hr | 29.20 |
| 7/28/2005 | JS | Phone call to parent regarding status of the case | 0.33 365.00/hr | 120.45 |
| 7/29/2005 | JS | Phone call from parent regarding the MAPT | 0.33 365.00/hr | 120.45 |
| 8/1/2005 | JS | Phone call to parent regarding disciplinary problems at school | 0.33 365.00/hr | 120.45 |
| | JS | Prepared and file due process hearing request to DCPS | 2.00 365.00/hr | 730.00 |
| 8/8/2005 | JS | Phone call to parent regarding resolution meeting | 0.33 365.00/hr | 120.45 |
| 8/11/2005 | DP | Drafted letter to parent regarding pending DCPS settlement violation. | 0.50 110.00/hr | 55.00 |
| 8/15/2005 | JS | Draft letter to Brianna Harrison, Office of General Counsel and parent | 0.33 365.00/hr | 120.45 |

Wayne Warren                                                                                    Page    2

|  |  |  | Hrs/Rate | Amount |
|---|---|---|---|---|
| 8/24/2005 JS | Phone call to parent regarding placement | | 0.17 365.00/hr | 62.05 |
| 8/31/2005 WD | Conference with Jos Arz staff regarding placement and status of child. | | 1.00 185.00/hr | 185.00 |
| JS | School visit to Jos-Arz | | 1.00 365.00/hr | 365.00 |
| 9/8/2005 JS | Phone call to parent regarding attendance | | 0.33 365.00/hr | 120.45 |
| 9/9/2005 DP | Drafted letter to parent; HN | | 0.42 110.00/hr | 46.20 |
| 9/13/2005 JS | Phone call to parent regarding hearing date | | 0.17 365.00/hr | 62.05 |
| 9/14/2005 WD | School visit; classroom observation at Jos Arz.  Student not at school. Spoke to school staff. | | 0.33 185.00/hr | 61.05 |
| 9/21/2005 DP | Assisted attorney to prepare disclosure to DCPS. | | 2.00 110.00/hr | 220.00 |
| JS | Draft motion for Default Decision | | 1.00 365.00/hr | 365.00 |
| JS | Prepare disclosure to DCPS | | 1.00 365.00/hr | 365.00 |
| JS | Draft letter to Answer to Motion to Remove Hearing from schedule | | 1.00 365.00/hr | 365.00 |
| 9/22/2005 JS | Draft Answer to Motion to Remove Hearing from the Schedule | | 1.00 365.00/hr | 365.00 |
| 9/23/2005 JS | Draft motion for Reconsideration | | 1.00 365.00/hr | 365.00 |
| 9/27/2005 JS | Draft letter to letter to Scales-Johnson, Levy and parent | | 0.33 365.00/hr | 120.45 |
| 9/29/2005 WD | Reviewed hearing request. | | 0.17 185.00/hr | 31.45 |
| 9/30/2005 WD | Discussion with the child's attorney regarding resolution meeting and status. | | 0.17 185.00/hr | 31.45 |
| WD | Reviewed file. | | 0.50 185.00/hr | 92.50 |

Wayne Warren                                                                         Page    3

|  |  | | Hrs/Rate | Amount |
|---|---|---|---|---|
| 9/30/2005 JS | Record reviewed and discussion with Daywalt | | 0.17<br>365.00/hr | 62.05 |
| 10/3/2005 JS | Draft motion for default decision | | 0.67<br>365.00/hr | 244.55 |
| JS | Draft letter to Student Hearing Office | | 0.33<br>365.00/hr | 120.45 |
| JS | Draft motion to schedule hearing | | 0.33<br>365.00/hr | 120.45 |
| JS | Conference with parent | | 0.50<br>365.00/hr | 182.50 |
| 10/4/2005 WD | Reviewed file in preparation for resolution meeting. | | 0.33<br>185.00/hr | 61.05 |
| 10/6/2005 WD | Draft letter to/faxed to DCPS, requesting a meeting to discuss placement. | | 0.42<br>185.00/hr | 77.70 |
| 10/12/2005 WD | Draft letter to DCPS, Ms. Counsel, Ms. Harrison requesting MDT meeting.  Faxed. | | 0.75<br>185.00/hr | 138.75 |
| 10/13/2005 DP | Drafted letter to parent regarding IEP meeting request letter sent out by this office. | | 0.50<br>110.00/hr | 55.00 |
| 10/20/2005 JS | Reviewed letter and motion to Student Hearing Office, Office of General Counsel and parent | | 0.08<br>365.00/hr | 29.20 |
| DP | Drafted letter to DCPS / Attorney requesting a due process hearing be scheduled. | | 0.50<br>110.00/hr | 55.00 |
| DP | Drafted letter to DCPS / Attorney regarding 2nd notice of no resolution. | | 0.50<br>110.00/hr | 55.00 |
| 10/21/2005 JS | Reviewed letter to parent | | 0.08<br>365.00/hr | 29.20 |
| DP | Drafted letter to parent regarding hearing notice sent from DCPS. | | 0.43<br>110.00/hr | 47.30 |
| 11/2/2005 JS | Reviewed letter to parent | | 0.08<br>365.00/hr | 29.20 |
| JS | Phone call to parent regarding letter | | 0.33<br>365.00/hr | 120.45 |
| JS | Draft letter to letter to Briana Harrison, Office of General Counsel and parent | | 0.33<br>365.00/hr | 120.45 |

Wayne Warren                                                                              Page    4

|  |  |  | Hrs/Rate | Amount |
|---|---|---|---|---|
| 11/2/2005 | DP | Drafted letter to parent providing case status. | 0.42<br>110.00/hr | 46.20 |
| 11/4/2005 | WD | Draft letter to DCPS, Ms. Harrison regarding MDT meeting.  Soke to attorney and parent regarding status.  Faxed. | 0.75<br>185.00/hr | 138.75 |
| 11/9/2005 | DP | Assisted attorney to prepare disclosure to DCPS. | 2.00<br>110.00/hr | 220.00 |
|  | JS | Phone call from parent regarding IEP meeting with Brianna Harrison | 0.33<br>365.00/hr | 120.45 |
|  | JS | Reviewed the student's educational file, prepared and send 5-day disclosure to the DCPS attorney advisor assigned to the case and the DCPS office of student hearings. | 1.00<br>365.00/hr | 365.00 |
| 11/17/2005 | WD | Prepared for Due Process Hearing | 0.50<br>185.00/hr | 92.50 |
|  | WD | Appearance to 825 North Capital for due process hearing. | 2.00<br>185.00/hr | 370.00 |
|  | JS | Prepared for Due Process Hearing | 1.00<br>365.00/hr | 365.00 |
| 11/21/2005 | DP | Drafted letter to parent regarding hearing date sent from DCPS. | 0.42<br>110.00/hr | 46.20 |
|  | JS | Reviewed letter to parent | 0.08<br>365.00/hr | 29.20 |
| 12/7/2005 | JS | Phone call to parent regarding status | 0.33<br>365.00/hr | 120.45 |
| 12/13/2005 | DP | Assisted attorney to prepare disclosure to DCPS. | 1.67<br>110.00/hr | 183.70 |
|  | JS | Reviewed the student's educational file, prepared and send 5-day disclosure to the DCPS attorney advisor assigned to the case and the DCPS office of student hearings. | 1.50<br>365.00/hr | 547.50 |
| 12/20/2005 | JS | Conduct final review of the student's educational file, conduct last minute educational research, conduct final review of DCPS's five day disclosures, review questions for direct, possible redirect, and possible cross, review opening and closing statements, and conduct final witness preparation with the parent and educational advocate for the student's upcoming administrative due process hearing and appear at the student's administrative due process hearing. | 2.00<br>365.00/hr | 730.00 |

For professional services rendered                                                36.84        $9,681.60

Wayne Warren                                                                                   Page     5

     Additional Charges :

                                                              Amount

| Date | Description | Amount |
|---|---|---|
| 7/19/2005 | Copied documents; letter to parent | 0.50 |
| 7/21/2005 | Postage; W/D and settlement letter to parent. | 0.60 |
| 7/25/2005 | Facsimile to OGC, Mediation and Compliance:  Settlement violation letter | 8.00 |
| 8/11/2005 | Copied documents; letter to parent | 0.50 |
| | Copied documents; letter to parent | 0.50 |
| | Postage; letter to parent re: referral for placement. | 0.37 |
| | Postage; letter to parent re: settlement violation. | 0.37 |
| 9/9/2005 | Postage; letter to parent re: Hearing notice. | 0.37 |
| | Copied documents; letter to parent | 0.50 |
| 9/21/2005 | Messenger Service to and from DCPS (5-day Disclosures) | 20.00 |
| | Copied documents 5 day disclosure OGC and SHO | 75.00 |
| 10/6/2005 | Facsimile: MDT request to DCPS. | 2.00 |
| 10/12/2005 | Facsimile(OSE-MDT reg.) | 2.00 |
| 10/13/2005 | Postage; letter to parent re: case status. | 0.37 |
| | Copied documents; letter to parent | 0.50 |
| 10/21/2005 | Postage; letter to parent re: hearing notice. | 0.37 |
| | Copied documents; letter to parent | 0.50 |
| 11/2/2005 | Copied documents; letter to parent | 0.50 |
| | Facsimile letter to DCPS | 2.00 |
| | Postage; letter to parent re: case status. | 0.37 |
| 11/4/2005 | Facsimile: MDT request to DCPS. | 2.00 |
| 11/9/2005 | Facsimile: Disclosure to Charles P. | 92.00 |
| | Messenger Service to and from DCPS (5-day Disclosures) | 20.00 |
| | Copied: Disclosure for SHO and OGC. | 68.25 |

Wayne Warren                                                                          Page    6

|  |  | Amount |
|---|---|---|
| 11/17/2005 | Sedan taxi service to and from  DCPS for hearing.(atty. and adv.) | 16.00 |
| 11/28/2005 | Postage; letter to parent re: hearing notice. | 0.37 |
| 12/13/2005 | Messenger Service to and from DCPS (5-day Disclosures) | 20.00 |
|  | Facsimile disc. to Charles Perry esq. | 102.00 |
|  | Copied disc. for OGC/SHO. | 101.00 |
| 12/20/2005 | Sedan taxi service to and from  DCPS for hearing.(attny) | 16.00 |
|  | File review preparation of bill and invoice audit | 96.88 |
|  | Total costs | $649.82 |
|  | Total amount of this bill | $10,331.42 |