# EXHIBIT 30

*State Education Agency for the District of Columbia*
*State Enforcement and Investigation Division (SEID)*
*Special Education Programs*



# Due Process Complaint Notice

- The form is used to give notice of a due process complaint to the **District of Columbia Public Schools, District of Columbia Public Charter Schools (DCPS or LEA) and/or parents** with respect to any matter relating to the identification, evaluation, or educational placement of a child with a disability, or the provision of a free appropriate public education to that child. <u>**A party may not have a due process hearing until the party, or the attorney representing the party, files a notice that meets the requirements of the Individuals with Disabilities Education Improvement Act (IDEIA).**</u>

- The due process complaint must describe an alleged violation that occurred not more than two (2) years before the date that the parent or school system knew or should have known about the alleged action that is the basis of the complaint.

- Notice must be provided to the Student Hearing Office for the DC Public Schools, 825 North Capitol Street, NE, 8th Floor, Washington, DC 20002; fax number 202/442-5556.

- <u>Unless the other party agrees, the party requesting the due process hearing shall not be allowed to raise issues at the due process hearing that are not raised in this Due Process Complaint Notice.</u> Therefore, please be thorough in providing the information requested.

- Prior to the opportunity for an impartial due process hearing, the Local Educational Agency (LEA) shall convene a meeting (**called a "Resolution Session"**) with the parent(s) unless the parent(s) and the Local Educational Agency agree in writing to waive this meeting. You will be contacted by a representative of the Local Educational Agency to schedule the meeting. **The Student Hearing Office does NOT schedule resolution meetings**.

- Mediation is also available to all parties as an alternative to a resolution meeting or a Due Process Hearing.

A. **INFORMATION ABOUT THE STUDENT:**

Name of the Student: Treyvon White          Date of Birth: January 23, 1998

Address: 1801 28th Place, S.E., Apartment #2, Washington, DC 20020

Home School:   Randall Highlands Elementary School

Present School of Attendance: Randall Highlands Elementary School
    Is this a charter school? No

Parent/Guardian of the Student: Lakia White

Address (if different from the student's above): 1801 28th Place, S.E., Apartment #2, Washington, DC 20020

1

SEID DPCN Rev'd. 7/01/05

**B.**  **Legal Representative/Attorney:**

Name: John Straus, Esq.

Address: 1220 L Street, N.W., Suite 700

Washington, DC 20002

Phone: (w) (202) 742-2000 (Fax) (202) 742-2098

Will attorney / legal representative attend the resolution session?   **X** Yes   ☐ No

**C.**  **Complaint Made Against (check all that apply):**

☐ DCPS school (name of the school if different from page one)_____
☐ Charter school (name of the charter school if different from page one)_____
☐ Non-public school or residential treatment facility (name) _____
☐ Parent

**D.**  **Resolution Session Meeting Between Parent/Representative and LEA:**

I understand that it is my right to have a resolution meeting to resolve this complaint. I also understand that I may voluntarily waive this right if I choose. (Note: All parties must agree to waive the resolution meeting to avoid having this meeting.)

The parent, by and through counsel, wishes to waive the Resolution Session Meeting for this process.

**E.**  **Mediation Process:**

IDEIA requires that any time a party requests a due process hearing, mediation should be offered at no cost to the parent. Both parties can request mediation as an alternative to the Resolution Session Meeting or as an alternative to a Due Process Hearing. Please check all that apply:

**I am requesting an administrative due process hearing only.**

**F.**  **Facts and Reasons for the Complaint:**

In accordance with the Individuals with Disabilities Education Improvement Act (IDEIA), please complete the following questions (attach additional pages if needed):

**I. Nature of the problem.**

1. Pursuant to the Individuals with Disabilities Education Improvement Act of 2004, Pub. L. No. 108-446, Sec. 101, § 614(d)(1)(A), an Individualized Education Program (IEP) shall include,

    > a statement of measurable annual goals, including academic and functional goals, designed to meet the child's needs that result from the child's disability to enable the child to be involved in an make progress in the general education curriculum; and meet each

2

of the child's other educational needs that result from the child's disability…"

An IEP shall also include "a statement of the special education and related services and supplementary aids and services, based on peer reviewed research to the extent practicable, to be provided to the child, or on behalf of the child…"

2. On February 11, 2005, counsel for the parent sent a copy of an independent occupational therapy (OT) evaluation report to DCPS. The OT evaluation report states Treyvon "demonstrated severe perceptual, visual motor and fine motor coordination deficits. These deficits can directly impact his learning throughout his school years." The report recommends that Treyvon receive "Occupational Therapy programs consisting of direct occupational therapy services 2x week for 60 minutes, to improve visual motor, visual perception skills and fine motor." *See* OT evaluation, dated January 4, 2005.

3. On April 19, 2005, the IEP team determined that notwithstanding the results of the OT evaluation, Treyvon will receive 30 minutes of OT services per week to be provided by an "O.T. provider." The team failed to develop any OT therapy goals for Treyvon. Additionally, the team acknowledged that DCPS failed to conduct a Connor's Rating Scale to rule out Attention Deficit Hyper-activity Disorder. *See* IEP and meeting notes, dated April 19, 2005.

4. Pursuant to the Individuals with Disabilities Education Improvement Act of 2004, Pub. L. No. 108-446, Sec. 101, § 614(c)(1)(a)(i) "…as part of any reevaluation…, the IEP Team and other qualified professionals, as appropriate, shall review existing evaluation data on the child, including evaluations and information provided by the parents of the child…"

5. On September 12, 2005, the parent, through counsel, provided a copy of an independent Clinical Psychological Evaluation that includes a Conner's Rating Scale to DCPS and requested an IEP team meeting to review the evaluation report. *See* Clinical Psychological Evaluation, dated August 23, 2005. As of this date, DCPS failed to convene a MDT/IEP meeting to review the Conner's Rating scale, discuss Occupational Therapy goals, review and revise the IEP as necessary, and develop a compensatory education plan.

## II. Issues presented.

- Whether DCPS failed to convene an IEP team meeting to review the independent clinical psychological evaluation.

- Whether DCPS failed to develop an Individualized Educational Program that is reasonably calculated to provide a free and appropriate public education.

## III. To the extent known to you at this time, how can this problem be resolved?

1. The hearing officer shall find that DCPS denied Treyvon a free and appropriate public education by failing convene an IEP team meeting to review the independent clinical psychological evaluation.

3

2. The hearing officer shall find that DCPS denied Trevyon a free and appropriate public education by failing to develop an Individualized Educational Program that is reasonably calculated to provide a free and appropriate public education.

3. DCPS shall convene an IEP team meeting to review the independent clinical psychological evaluation, discuss Occupational Therapy goals, review and revise the IEP as necessary, and develop a compensatory education plan.

4. *Harris v. District of Columbia* states that students with disabilities are entitled to compensatory services where they have been "deprived of special education in violation of the IDEA." DCPS shall provide 1:1 tutoring for each day of services Trevyon missed due to DCPS' failure to develop an Individualized Educational Program that is reasonably calculated to provide a free and appropriate public education until Trevyon's grades are commensurate with his chronological age.

5. If DCPS fails to commence the tutoring within fifteen (15) calendar days of the development of Trevyon's compensatory education plan, that the complainant shall have the right to get independent tutoring at DCPS' expense.

6. DCPS agrees to pay counsel for the parent reasonable attorney's fees and related costs incurred in the matter.

7. All meetings shall be scheduled through counsel for the complainant in writing, via facsimile, at 202-742-2098.

8. DCPS shall provide the student with a due process hearing within 20 calendar days of a request on any issue arising out of the noncompliance with the DCPS' obligation hereunder, or any disagreement with the assessment, programming or placement the parent may have.

9. In the event that the DCPS shall fail to comply with the terms herein, then under the Conciliation Agreement, the parent shall have the authority to use self help without further notice to the DCPS, and initiate an IEP with the DCPS' invited participation, and unilateral placement in an interim school or educational program until such time the DCPS can come into compliance and properly assess, program and/or participate.

10. DCPS shall provide counsel for the parent with copies, pursuant to D.C. MUN. REGS. tit. 3021.8 (2003), of all evaluation reports and all educational records on the student no later than sixteen (16) business hours prior to the convening of any meeting.

11. DCPS shall send all notices to counsel for the parent with copies of such to the parent and in the parent's native language.

12. DCPS within ten (10) calendar days of the filing of this complaint, pursuant to the Individuals with Disabilities Education Improvement Act of 2004, Pub. L. No. 108-446, Sec. 101, § 615(c)(2)(B), shall provide the complainant's representative, through John Straus, via facsimile, at 202-742-2098, the following: i) an explanation of why DCPS proposed or refused to take the action raised in the complaint; ii) a description of other options that the IEP team considered and the reasons why those options were rejected, iii) a description of each evaluation procedure, assessment, record, or report

SEID DPCN Rev'd. 7/01/05

the agency used as a basis for the proposed or refused act, and iv) a description of the other factors that are relevant to the agency's proposed or refused action.

13. In the event DCPS fails to answer/respond to the issues alleged in the complainant's administrative due process hearing complaint, within ten (10) calendar days, the arguments and facts as averred by the complainant will be deemed true and accurate and act as a waiver, on the part of DCPS, for their desire to have a Resolution Session Meeting, and the complainant's administrative due process hearing will be scheduled pursuant to the applicable timelines contained in the IDEIA;

14. DCPS, within fifteen (15) calendar days of receiving the complainant's complaint, pursuant to the Individuals with Disabilities Education Improvement Act of 2004, Pub. L. No. 108-446, Sec. 101, § 615(c)(2)(C), shall respond to the complainant's request alleging any insufficiency of notice.

15. DCPS' failure to comply with the Individuals with Disabilities Education Improvement Act of 2004, Pub. L. No. 108-446, Sec. 101, § 615(c)(2)(C), and allege any insufficiency of the complainant's administrative due process complaint, will constitute waiver on the part of DCPS to make such argument at any later date and time.

16. DCPS, pursuant to the Individuals with Disabilities Education Improvement Act of 2004, Pub. L. No. 108-446, Sec. 101, § 615(f)(1)(B), within fifteen (15) calendar days of receiving the complainant's administrative due process complaint, shall contact the complainant's representative, in writing, via facsimile, at 202-742-2098, to schedule and convene a Resolution Session Meeting.

17. DCPS, pursuant to the Individuals with Disabilities Education Improvement Act of 2004, Pub. L. No. 108-446, Sec. 101, § 615(f)(1)(B), shall convene the Resolution Session Meeting, with the complainant, the complainant's representative, and all necessary/relevant members of the student's MDT/IEP Team that have specific knowledge about the child and the facts contained in the complaint. The relevant members of the MDT/IEP Team that shall be present at the Resolution Session Meeting for the student shall include the following persons: 1) the student's special education teacher, 2) the student's regular education teacher, if applicable, 3) a representative of the local education agency with decision making authority, 4) a person who can interpret the data, 5) any person(s) who conducted any assessments on the student, and 6) any service providers for the student.

18. DCPS' failure to timely schedule and convene the Resolution Session Meeting within the timeframe identified according to the Individuals with Disabilities Education Improvement Act of 2004, Pub. L. No. 108-446, Sec. 101, § 615(f)(1)(B) shall constitute joint waiver between DCPS and the complainant to have such meeting and the forty-five (45) days timeline to schedule the student's administrative due process hearing and receive a timely decision will begin to run upon written notice, via facsimile, at 202-442-5556, to the DCPS Office of Student Hearings, by the complainant's counsel.

19. D.C. MUN. REGS. tit. 5 § 3030.1 provides that the public agency shall ensure that not later than 45 days after the receipt of a request for a hearing, a final decision is

5

reached in the hearing and a copy of the decision is mailed to each of the parties. Should the hearing for this student take place 45 days after the date of this hearing request, DCPS shall be found to have violated the 45-day time line. DCPS shall provide the complainant with a due process hearing within 20 calendar days of a request on any issue arising out of the noncompliance with DCPS' obligations hereunder, or any disagreement that the parent may have with the assessments, programming or placement. Such issue will be raised at the hearing with or without an amended hearing request.

20. Pursuant to D.C. MUN. REGS. tit. 5 § 3000 et. seq., DCPS shall ensure that Larry's rights and the complainant's rights are protected, and consistent with the Hearing Officer's preamble to all due process hearing that, "the hearing officer will rule on the evidence as presented at the hearing and will ACT in the BEST INTEREST of the child," and make a ruling consistent with the obligation of DCPS and the hearing officer's responsibility.

21. The hearing officer shall find that the parent is the prevailing party in this action.

G. **Accommodations and Assistance Needed:**

Please list any special accommodations you may require for a Resolution Session Meeting/Mediation Conference/Due Process Hearing.

- Interpreter (please specify the type)_____
- Special Communication (please describe the type)_____
- Special Accommodations for Disability (please be specific)_____
- Other_____

H. **Signature:**

_[signature]_  October 18, 2005
Legal Representative / Advocate (if applicable)    Date

**Mail, fax or deliver this complaint notice to:**
**State Enforcement and Investigation Division**
**For Special Education Programs (SEID)**
**Student Hearing Office (SHO)**
**825 North Capitol Street, NE, 8th Floor**
**Washington, DC 20002**
**Fax number: 202/442-5556**

6

SEID DPCN Rev'd. 7/01/05

```
*********************
***   TX REPORT   ***
*********************

TRANSMISSION OK

TX/RX NO              0016
RECIPIENT ADDRESS     92024425556
DESTINATION ID
ST. TIME              10/18 16:30
TIME USE              01'10
PAGES SENT            8
RESULT                OK
```

## JAMES E. BROWN & ASSOCIATES, PLLC
*A Professional Limited Liability Company*

| | | |
|---|---|---|
| James E. Brown | Attorneys at Law | Tilman L. Gerald |
| Domiento C.R. Hill ◊ | 1220 L Street, NW | Roxanne D. Neloms |
| Roberta Gambale | Suite 700 | John A. Straus |
| Miguel A. Hull | Washington, DC 20005 | Delores Scott McKnight |
| Christopher L. West | Telephone: (202) 742-2000 | Marshall Lammers° |
| Juan J. Fernandez! | Facsimile: (202) 742-2098 | |
| | e-mail: Admin@Jeblaw.biz | |

! Admitted in Bolivia Only

# FAX COVER SHEET

TO: Student Hearing Office

FROM: David Proctor, Legal Assistant to John Straus, Esq.

DATE: October 18, 2005

FAX NO: 202-442-5556

SUBJECT: Hearing request for Treyvon White

**NUMBER OF PAGES INCLUDING COVER SHEET: 7**

COMMENTS:

_____
_____
_____
_____

```
         *********************
         ***   TX REPORT   ***
         *********************

TRANSMISSION OK

TX/RX NO              0014
RECIPIENT ADDRESS     92026455838
DESTINATION ID
ST. TIME              10/18 16:27
TIME USE              01'20
PAGES SENT            8
RESULT                OK
```

## JAMES E. BROWN & ASSOCIATES, PLLC

*A Professional Limited Liability Company*

| | | |
|---|---|---|
| James E. Brown | Attorneys at Law | Tilman L. Gerald |
| Domiento C.R. Hill ◊ | 1220 L Street, NW | Roxanne D. Neloms |
| Roberta Gambale | Suite 700 | John A. Straus |
| Miguel A. Hull | Washington, DC 20005 | Delores Scott McKnight |
| Christopher L. West | Telephone: (202) 742-2000 | Marshall Lammers° |
| Juan J. Fernandez! | Facsimile: (202) 742-2098 | |
| | e-mail: Admin@Jeblaw.biz | |

! Admitted in Bolivia Only

# FAX COVER SHEET

TO: Principal, Randal Highlands

FROM: David Proctor, Legal Assistant to John Straus, Esq.

DATE: October 18, 2005

FAX NO: 202-645-5838

SUBJECT: Hearing request for Treyvon White

NUMBER OF PAGES INCLUDING COVER SHEET: 7

COMMENTS:

```
                    *********************
                    ***   TX REPORT    ***
                    *********************

        TRANSMISSION OK

        TX/RX NO                    0015
        RECIPIENT ADDRESS           92024425098
        DESTINATION ID
        ST. TIME                    10/18 16:28
        TIME USE                    01'16
        PAGES SENT                  8
        RESULT                      OK
```

## JAMES E. BROWN & ASSOCIATES, PLLC
*A Professional Limited Liability Company*

| | | |
|---|---|---|
| James E. Brown | Attorneys at Law | Tilman L. Gerald |
| Domiento C.R. Hill ◊ | 1220 L Street, NW | Roxanne D. Neloms |
| Roberta Gambale | Suite 700 | John A. Straus |
| Miguel A. Hull | Washington, DC 20005 | Delores Scott McKnight |
| Christopher L. West | Telephone: (202) 742-2000 | Marshall Lammers° |
| Juan J. Fernandez! | Facsimile: (202) 742-2098 | |
| | e-mail: Admin@Jeblaw.biz | ! Admitted in Bolivia Only |

# FAX COVER SHEET

**TO:** Office of General Counsel

**FROM:** David Proctor, Legal Assistant to John Straus, Esq.

**DATE:** October 18, 2005

**FAX NO:** 202-442-5098/7

**SUBJECT:** Hearing request for Treyvon White

**NUMBER OF PAGES INCLUDING COVER SHEET:** 7

**COMMENTS:**

_____
_____
_____
_____

# DISTRICT OF COLUMBIA PUBLIC SCHOOLS
## *State Enforcement and Investigative Division*
## CONFIDENTIAL

**Charles R. Jones, Esq., Due Process Hearing Officer**
825 North Capitol Street, N.E. 8th Floor
Washington, D.C. 20002
Facsimile: (202) 442-5556

| | | |
|---|---|---|
| **In the Matter of** | ) | **IMPARTIAL DUE PROCESS** |
| | ) | |
| TREYVON WHITE, Student, | ) | **HEARING OFFICER'S DECISION** |
| Date of Birth: 01-23-98 | ) | |
| | ) | |
| Petitioner, | ) | Hearing Date: December 15, 2005 |
| | ) | |
| vs. | ) | |
| | ) | Held at: 825 North Capitol Street, NE |
| The District of Columbia Public Schools, | ) | Eighth Floor |
| Attending: Randle Highlands ES | ) | Washington, D.C. 20002 |
| Respondent. | ) | |

## SETTLEMENT ORDER

**Parent(s):**            Ms. Lakia White
                         1801 28th Place, SE
                         Washington, D.C. 20020

**Counsel for Parent:**   John A. Straus, Esq.
                         James E. Brown & Associates PLLC
                         1220 L. Street, NW
                         Suite 700
                         Washington, D.C. 20005

**Counsel for School:**   Aaron Price, Sr. Attorney- Advisor
                         Office of the General Counsel, DCPS
                         825 North Capitol Street, N.E., 9th Floor
                         Washington, D.C. 20002

# HEARING OFFICER'S DECISION

## DISTRICT OF COLUMBIA PUBLIC SCHOOLS
*State Enforcement and Investigative Division*

### Special Education Due Process Hearing

## I. INTRODUCTION

On October 19, 2005, a Request for Due Process Hearing was filed with the Student Hearing Office, by counsel for the parent, John A. Straus, Esq. The request alleges DCPS failed to review an independent Clinical Psychological Evaluation and failed to provide an appropriate IEP.

A Due Process Hearing was convened on December 15, 2005, at the District of Columbia Public Schools, ("DCPS"), 825 North Capitol Street, N.E., and 8th Floor, Washington, D.C. 20002. Aaron Price, Sr., Esq., Attorney-Advisor represented DCPS. John A. Straus, Esq., represented the parent. Five Day Disclosure Letters were entered into the record, without any objection by either party. On behalf of the parent: Disclosure Letter dated December 8, 2005: TW-1 through TW-11. On behalf of DCPS: Disclosure Letter dated December 8, 2005. Parent's counsel waived a formal reading of the Due Process Rights. The parties did not enter any testimony, as the case was settled on the record.

## II. JURISDICTION

The Due Process Hearing was convened, and this decision was written pursuant to *Public Law 108-446, The Individuals with Disabilities Education Improvement Act of 2004 (IDEIA)*; 20 United States Code 1400 ET. Seq.; Title 5 of the District of Columbia Municipal Regulations and Section 145 of the D.C. Appropriations Act, effective October 21, 1998.

## III. ISSUES

Whether DCPS denied the student FAPE by failing to review an independent Clinical Psychological Evaluation and by failing to provide an appropriate IEP?

2.

IV.    SUMMARY OF RELEVANT EVIDENCE

At the commencement of the Hearing, the parties represented that they had agreed upon terms to settle this matter. Counsel for the parties requested that the Hearing Officer approve of the terms and incorporate those terms into an Order.

V.    FINDINGS OF FACT

The Hearing Officer makes the following findings of fact:

- The terms of the agreement, as set forth in the record, are in the best interest of this student; therefore, the terms are approved and incorporated into an Order.

**Based upon the foregoing, IT IS HEREBY ORDERED:**

1) **Parent's counsel shall provide DCPS, specifically Ms. Valerie Green at Randle Highland ES, with an Occupational Therapy Evaluation and Clinical Evaluation on or before December 21, 2005.**

2) **DCPS shall, within fifteen- (15) schools days of the receipt of the evaluation(s), convene a MDT/IEP team meeting to review all current evaluations, and review and revise the student's IEP.**

3) **All communications and notices shall be sent through the parent's counsel.**

4) **Any delay in the above time frames caused by the student or student's counsel shall result in an extension of one day for each day of delay.**

3.

VI.     APPEAL PROCESS

This is the **FINAL ADMINISTRATIVE DECISION**. Appeals may be made to a court of competent jurisdiction within ninety- (90) days from the date this decision was issued.

_____     Date Filed: 12-16-05
Charles R. Jones, Esq./Hearing Officer


Date Issued: 12-16-05

4.



# District of Columbia Public Schools
### OFFICE OF GENERAL COUNSEL
825 North Capitol Street NE, 9th Floor
Washington, DC 20002-1994
Phone - 202-442-5000, Fax - 202-442-5098

## APPLICATION FOR PAYMENT OF ATTORNEY FEES AND COSTS
## PURSUANT TO THE INDIVIDUALS WITH DISABILITIES EDUCATION ACT

1. **Attorney Information**
   Law Firm: JAMES E. BROWN & ASSOCIATES, PLLC
   Attorney: JAMES E. BROWN
   Federal Tax ID No.: 52-1500760
   D.C. Bar No.: 61622

2. **Student Information**
   Name: Treyvon White
   DOB: 1/23/98
   Date of Determination (HOD/SA): 12/16/05
   Parent/Guardian Name: Lakia White
   Parent/Guardian Address: 1801 28th Pl., SE, WDC 20020
   Current School: Randle Highland ES
   Home School: Randle Highland ES

3. **Invoice Information**
   Invoice Number: 06-022
   Date Request Submitted: 1/12/06
   Date(s) Services Rendered: 10/18/05 to 12/19/05
   Amount of Payment Request: $ 4,431.12

4. **Certification (must be signed by principal attorney)**

I certify that all of the following statements are true and correct:

- all services listed on the enclosed invoices were actually performed;
- the entire amount requested on the enclosed invoice for payment of costs and expenses represents the actual amount of costs and expenses incurred;
- the District of Columbia Public Schools is the sole entity from which payment of the fees, costs and expenses itemized on the enclosed invoice is requested;
- no attorney or law firm who either (1) provided services listed on the enclosed invoice, or (2) will benefit from any monies paid as a result of the submission of the enclosed invoice, has a pecuniary interest, either through an attorney, officer or employee of the firm, in any special education diagnostic services, schools, or other special education service providers;
- I understand that the making of a false statement to an agency of the DC Government is punishable by criminal penalties pursuant to D.C. Code §22-2405.

_/s/ James E. Brown_                    January 12, 2006
Signature                               Date

# LEGEND

### ATTORNEYS

| | |
|---|---|
| JEB | James E. Brown, Esq. |
| DH | Domiento Hill, Esq. |
| CW | Christopher West, Esq. |
| BM | Brenda McAllister, Esq. |
| RG | Roberta Gambale, Esq. |
| MH | Miguel Hull, Esq. |
| RR | Rachel Rubenstein, Esq. |
| JF | Juan Fernandez, Esq. |
| CB | Christina Busso, Esq. |
| JS | John Straus, Esq. |
| RN | Roxanne Neloms, Esq. |
| TG | Tilman Gerald, Esq. |
| DSM | Delores Scott McKnight, Esq. |
| ML | Marshall Lammers, Esq. |

### PARALEGALS and LAW CLERKS

| | |
|---|---|
| AAG | Aracelly A. Gonzalez |
| DP | David Proctor |
| BDL | Blanca De La Sancha |
| SB | Sara Benkharafa |
| WB | Williams Bautista |
| YA | Yamileth Amaya |
| CMM | Claudia M. Martinez |
| HR | Heidi Romero |
| KD | Kelly Dau |
| MT | Michele Torry, BA, L. Cert. |
| TB | Tamika Beasley |

### ADVOCATES

| | |
|---|---|
| MM | Michelle Moody, MA |
| CS | Cheron Sutton-Brock, MA |
| KC | Kevin Carter, MA |
| SM | Sharon Millis, M. Ed. |
| CM | Carolyn Monford, MA |
| GMH | Garfield Mark Holman, MA |
| RB | C. Robin Boucher, Ph.D. |
| TS | Tamieka A. Skinner, MA |
| CP | Carrie Pecover, MA |
| CG | Comesha Griffin, MS |
| WD | William Daywalt, M. Ed. |
| DD | Donte Davis |
| CF | Carlos Fernandez, MA, JD |

### OUT OF POCKET COSTS

| | |
|---|---|
| FAX | Facsimile @ $1.00 per page |
| COP | Reproduction @ $0.25 per page |
| TRN | Transportation @ actual taxi cost |
| TEL | Long Distance Telephone @ actual cost |
| PAR | Parking @ actual cost |
| MES | Messenger/Express Mail @ actual cost |
| POS | Postage @ actual cost |

James E. Brown & Associates, PLLC
A Professional Limited Liability
Company
1220 L Street, NW Suite 700
Washington, DC  20005


Invoice submitted to:
Trevyon White



January 09, 2006
In Reference To:   Trevyon White

Invoice #11186


Professional Services

|  |  |  | Hrs/Rate | Amount |
|---|---|---|---|---|
| 10/18/2005 DP | | Drafted letter to DCPS / Attorney notifying them of the ability to waive the dispute resolution meeting. | 0.50<br>110.00/hr | 55.00 |
| | JS | Prepared and file due process hearing request to DCPS | 2.00<br>365.00/hr | 730.00 |
| 10/19/2005 DP | | Drafted letter to parent regarding due process hearing request. | 0.52<br>110.00/hr | 57.20 |
| | JS | Reviewed letter to parent | 0.08<br>365.00/hr | 29.20 |
| 10/20/2005 JS | | Phone call to parent regarding dispute resolution | 0.33<br>365.00/hr | 120.45 |
| 10/25/2005 WD | | Reviewed hearing request. | 0.25<br>185.00/hr | 46.25 |
| 10/26/2005 WD | | Reviewed file and prepared for MDT meeting. | 0.50<br>185.00/hr | 92.50 |
| 10/27/2005 WD | | Conference with parent at resolution meeting. | 1.83<br>185.00/hr | 338.55 |
| 11/21/2005 DP | | Drafted letter to parent regarding hearing notice sent by DCPS. | 0.50<br>110.00/hr | 55.00 |
| | JS | Reviewed letter to parent | 0.08<br>365.00/hr | 29.20 |

Trevyon White                                                                                           Page    2

|            |    |                                                                                                                                                                                                                                                                                      | Hrs/Rate          | Amount     |
|------------|----|-----|-----|-----|
| 11/28/2005 | JS | Reviewed letter to parent                                                                                                                                                                                                                                                                            | 0.08<br>365.00/hr | 29.20      |
| 11/29/2005 | JS | Draft motion                                                                                                                                                                                                                                                                                         | 1.00<br>365.00/hr | 365.00     |
| 12/8/2005  | DP | Assisted attorney to prepare disclosure to DCPS.                                                                                                                                                                                                                                                     | 1.50<br>110.00/hr | 165.00     |
|            | JS | Reviewed the student's educational file, prepared and send 5-day disclosure to the DCPS attorney advisor assigned to the case and the DCPS office of student hearings.                                                                                                                              | 2.00<br>365.00/hr | 730.00     |
| 12/9/2005  | WD | Reviewed file.                                                                                                                                                                                                                                                                                       | 0.50<br>185.00/hr | 92.50      |
| 12/14/2005 | JS | Phone call from parent regarding hearing                                                                                                                                                                                                                                                             | 0.33<br>365.00/hr | 120.45     |
|            | JS | Prepared for Due Process Hearing                                                                                                                                                                                                                                                                     | 1.50<br>365.00/hr | 547.50     |
| 12/15/2005 | JS | Conduct final review of the student's educational file, conduct last minute educational research, conduct final review of DCPS's five day disclosures, review questions for direct, possible redirect, and possible cross, review opening and closing statements, and conduct final witness preparation with the parent and educational advocate for the student's upcoming administrative due process hearing and appear at the student's administrative due process hearing. | 1.50<br>365.00/hr | 547.50     |
| 12/19/2005 | DP | Drafted letter to parent notifying of the HOD sent to this office from DCPS.                                                                                                                                                                                                                         | 0.50<br>110.00/hr | 55.00      |
|            | JS | Reviewed letter to parent, school and Office of General Counsel                                                                                                                                                                                                                                      | 0.08<br>365.00/hr | 29.20      |
|            | JS | Reviewed letter to School, Office of General Counsel and parent                                                                                                                                                                                                                                      | 0.08<br>365.00/hr | 29.20      |
|            |    | For professional services rendered                                                                                                                                                                                                                                                                   | 15.66             | $4,263.90  |

Additional Charges :

| 10/18/2005 | Facsimile HR to SHO            | 7.00 |
|------------|--------------------------------|------|
|            | Copied documents; HR           | 3.50 |
| 10/20/2005 | Postage; letter to parent      | 0.60 |
|            | Copied documents; letter to parent | 0.50 |

Trevyon White                                                                                          Page    3

                                                                                                       <u>Amount</u>

11/21/2005  Copied documents; letter to parent                                                              0.50

11/28/2005  Postage; letter to parent re: hearing notice.                                                   0.37

 12/8/2005  Messenger Service to and from DCPS (5-day Disclosures)                                         20.00

            Copied documents; disclosures                                                                  27.00

12/16/2005  Facsimile Received from DCPS; HOD                                                               5.00

            Copied documents; HOD                                                                           5.00

12/19/2005  File review preparation of bill and invoice audit                                              96.88

            Copied documents; letter to parent                                                              0.50

            Postage; letter to parent                                                                       0.37

            Total costs                                                                                  $167.22

            Total amount of this bill                                                                  $4,431.12