# EXHIBIT 31

State  Education Agency for the District of Colum.
### State Enforcement and Investigation Division (SEID)
### Special Education Programs



### *Due Process Complaint Notice*

- The form is used to give notice of a due process complaint to the **District of Columbia Public Schools, District of Columbia Public Charter Schools (DCPS or LEA) and/or parents** with respect to any matter relating to the identification, evaluation, or educational placement of a child with a disability, or the provision of a free appropriate public education to that child. **<u>A party may not have a due process hearing until the party, or the attorney representing the party, files a notice that meets the requirements of the Individuals wit</u>**

- The due process complaint must describe an alleged violation that occurred not more than two (2) years before the date that the parent or school system knew or should have known about the alleged action that is the basis of the complaint.

- Notice must be provided to the Student Hearing Office for the DC Public Schools, 825 North Capitol Street, NE, 8th Floor, Washington, DC 20002; fax number 202/442-5556.

- <u>Unless the other party agrees, the party requesting the due process hearing shall not be allowed to raise issues at the due process hearing that are not raised in this Due Process Complaint Notice.</u>   Therefore, please be thorough in providing the information requested.

- Prior to the opportunity for an impartial due process hearing, the Local Educational Agency (LEA) shall convene a meeting **(called a "Resolution Session")** with the parent(s) unless the parent(s) and the Local Educational Agency agree in writing to waive this meeting.  You will be contacted by a representative of the Local Educational Agency to schedule the meeting.  **The Student Hearing Office does NOT schedule resolution meetings.**

- Mediation is also available to all parties as an alternative to a resolution meeting or a Due Process Hearing.

## A.    <u>INFORMATION ABOUT THE STUDENT:</u>

Name of the Student: **Travis Wilkins**    Date of Birth: **February 7, 1992**
Address: **2410 20th Street NE, Washington, DC 20018**
Home School:  **Deal Junior High School**
Present School of Attendance:  **Deal Junior High School**

      Is this a charter school?  No      (If yes, you must also provide a copy of this notice to the charter school principal or director)

Parent/Guardian of the Student:**Ms. Lisa Wilkins**
Address (if different from the student's above): same

1

**B.**    **Legal Representative/Attorney:**

Name: **Roberta L. Gambale, Esq.  ( James Brown and Associates, PLLC)**
Address: 1220 "L" Street, Suite 700, Washington, DC 20005
Phone: (w) (202)742-2000 (ext. 2021)  (Fax)  (202) 742-2098    (e-mail) Rgambale@jeblaw.biz
Will attorney / legal representative attend the resolution session?        X Yes        ☐ No

**C.**    **Complaint Made Against (check all that apply):**

X  DCPS school (name of the school if different from page one)

**D.**    **Resolution Session Meeting Between Parent/Representative and LEA:**

I understand that it is my right to have a resolution meeting to resolve this complaint.  I also understand that I may voluntarily waive this right if I choose.  (Note:  All parties must agree to waive the resolution meeting to avoid having this meeting.)

The parent, by and through counsel, wishes to waive the Resolution Session Meeting for  this process.

**E.**    **Mediation Process:**

IDEIA requires that any time a party requests a due process hearing, mediation should be offered at no cost to the parent.  Both parties can request mediation as an alternative to the Resolution Session Meeting or as an alternative to a Due Process Hearing.  Please check all that apply:

**I am requesting an administrative due process hearing only.**

**F.**    **Facts and Reasons for the Complaint:**

In accordance with the Individuals with Disabilities Education Improvement Act (IDEIA), please complete the following questions (attach additional pages if needed):

> **I.**    **Nature of the problem.**

>> **Background**

Travis Wilkins is a 13 year old multiply disabled student (ED/LD) at Deal JHS.  He has been on celexa, concerta, lithium and is bipolar.  His current IEP was drafted on or about October 20, 2005 and provides that Travis receives specialized instruction as well as related services of counseling and speech and language.

>> **A.  DCPS failed to convene a complete IEP Team on or about October 20, 2005**

District of Columbia Public Schools ("DCPS") failed to convene a complete IEP team for Travis Wilkins, DOB: 2/7/92 when it convened on or about October 20, 2005 pursuant to the terms of a settlement agreement executed.  According to Individuals with Disabilities

2

Education Impr...ment Act of 2004, Pub. L. No. 08-446, Sec. 101, § 614(d)(1)(A)(ii)(II)(B) the IEP team is defined to be

> "a group of individuals composed of—(i) the parent of a child with a disability; (ii) not less than 1 regular education teacher of such child; (iii) not less than 1 special education teacher, or where appropriate, not less than 1 special education provider of such child; (iv) a representative of the local educational agency ; (v) an individual who can interpret the instructional implications of evaluation results; (vi) at the discretion of the parent or agency, other individuals who have knowledge or special expertise regarding the child, including related service personnel as appropriate; and (vii) whenever appropriate, the child with a disability"

The parent and her educational advocate were both in attendance at the October 20, 2005 meeting, however, the student's speech and language service provider was not present to address the student's goals and/or progress and/or address parent's concerns that Travis's file contains only 1 service log for 5/24/05.

### B. District of Columbia Public Schools failed to implement the student's IEP and/or provide an appropriate placement for Travis

District of Columbia Public Schools ("DCPS") failed to implement the Individualized Educational Program ("IEP") for Travis Wilkins, DOB: 2/7/92 and/or provide an appropriate placement for Travis . Upon review of T Travis's education file at the school it was determined that approximately twelve months of service logs in the area of counseling were missing and service logs for speech and language therapy between 9/04 through 5/24/05 were missing. To the best knowledge of the parent the only days that counseling were 9/04; 10/04 1 day of service in the month of 11/04.  No service logs for 12/04; 1/05; 2/05; 9/05 and/or 10/5 could be provided by the school. The only speech therapy that can be documented is on 5/24/05. Furthermore, it was determined at the meeting that Ms. Lucas, the special education teacher of the student, did not have a special education credential and was in school for an administrative credential. This was a concern in this student's situation given the severity of his disability.  The Pace program is supposed to full time, therapeutic and self contained setting.

The Individuals with Disabilities Education Improvement Act of 2004 was promulgated for the purpose of ensuring :

> "[T]hat all children with disabilities have available to them a free and appropriate public education that emphasizes special education and related services designed to meet their unique needs and prepare them for further education, employment, and independent living"

By failing to provide implement Travis' IEP and/or provide him with related services , DCPS has failed to provide him with FAPE

C.
### B. Inappropriate Individualized Educational Program ("IEP") for the 05/06

3

District of Columbia Public Schools ("DCPS") failed to provide Travis Wilkins with an appropriate Individualized Educational Program ("IEP") for the 2005/2006 school year. The most recent program for Travis was developed on or about October 24, 2005. The program is incomplete due to the fact that it 1) fails to contain sufficient present levels of performance information; 2) it fails to include measurable goals and objectives; 3) it fails to include an updated behavior plan.

DCPS had an obligation to develop and implement an IEP for this student that according to Individuals with Disabilities Education Improvement Act of 2004, Pub. L. No. 108-446, Sec. 101, § 614(d)(1)(A), DCPS, the local and state education agency, is to make certain that the each IEP for each must contain a statement of the child's present level of academic achievement and functional performance, 2) a statement of the student's measurable annual goals, 3) a description of how the child's progress toward meeting the annual goals described in paragraph (2) of this subsection will be measured, and 4) any statement of the special education needs and related services and supplementary aides for a student. See Individuals with Disabilities Education Improvement Act of 2004, Pub. L. No. 108-446, Sec. 101, § 614(d)(1)(A). In the instant matter, DCPS has failed to comply with the requirements of the IDEIA. The program drafted for Isaiah on or about June 7, 2004 continues to be inappropriate in that:

DCPS acknowledged that this information was not included in the student's program but before they can correct the defects will need to reassess Travis's needs and/or conduct re-evaluations that are overdue.

## District of Columbia Public Schools ("DCPS") failed to conduct triennial evaluations for the student

District of Columbia Public Schools ("DCPS") failed to conduct triennial re-evaluations for Travis Wilkins. The last evaluations conducted for Travis were in 2001. As a result of their failure to conduct triennial evaluations, his Individualized Educational Program ("IEP") could not be fully update. The public agency has an obligation to ensure that students are re-evaluated at least every three years. They failed to do this for Travis. As a result, he has been denied a FAPE

## G.    Denial of FAPE and/ Compensatory Relief

As a result of the denials of a Free and Appropriate Public Education ("FAPE") Travis Wilkins, DOB: 2/7/92 has been harmed. He has not received services and has not had an appropriate program or placement. Compensatory education would be warranted to remediate the harm to this child. (See School Committee of the Town of Burlington, Massachusetts v. Department of Education of Massachusetts, 471 U.S. 359 (1985); Diatta v. District of Columbia 319 F. Supp.2d 57, 65 D.D.C. 2004 Kerkam I, 862 F.2d 84 (D.C. Cir. 1991).

Parent is requesting that DCPS fund the private placement of Travis and/or that he be provided with indpendent tutoring after school and that DCPS fund indpendent counseling and speech services .

### II. Issues presented.

- Whether District of Columbia Public Schools ("DCPS") failed to convene a complete IEP team on or about October 20, 2005?

4

- Whether District of Columbia Public Schools ("DCPS") failed to develop an appropriate IEP for Travis for the 2004/2005 school year?

- Whether District of Columbia Public Schools ("DCPS") failed to provide Travis with an appropriate placement for the 04/05 and/or 05/06 school years?

- Whether District of Columbia Public Schools ("DCPS") failed to conduct triennial re-evaluations for Travis?

- Whether District of Columbia Public Schools ("DCPS") failed to provide Travis with the full extent of counseling and speech services s provided for in his IEP during 2004 and/or 2005?

- Whether District of Columbia Public Schools ("DCPS") failed to provide Travis Wilkins with a Free and Appropriate Public Education?

### III. To the extent known to you at this time, how can this problem be resolved?

**WHEREFORE**, the guardian, by and through counsel, requests the following relief:

1. A finding that DCPS denied Daquan a Free and Approrpaite Public Education ("FAPE") as a result if their failure to evaluate, convene appropriate meetings, develop appropriate programs and/or provide services to this student;

2. That DCPS shall fund the parent's independent evaluations to include a) psycho-educational; b) clinical c) social history; d) speech and language; e) functional behavioral assessment, as well as, neuropsychological evaluation, occupational therapy assessment and/or other medical assessment if recommended in the above referenced evaluations;

3. That DCPS shall conduct psychiatric evaluation, and provide a copy of the completed evaluation report to counsel for the parent within thirty calendar days;

4. That DCPS will provide compensatory education as warranted based upon the results of the revaluations completed for Daquan and/or fund up to 5 hours of 1-1 tutoring and 1 hour of counseling per week for Daquan ;

5. That DCPS shall fund the private placement of the student;

6. That DCPS agrees to pay counsel for the parent's reasonable attorney's fees in an amount not to exceed Four Thousand Dollars and Zero Cents ($4,000.00), as full payment of attorneys' fees and related costs incurred in the matter;

7. All meetings shall be scheduled through counsel for the parent, Roberta L. Gambale, Esq., in writing, via facsimile, at 202-742-2097 or 202-742-2098;

8. Provide the student with a due process hearing within 20 calendar days of a request on any issue arising out of the noncompliance with the DCPS' obligation hereunder, or any disagreement with the assessment, programming or placement the parent may have;

9. In the event that the DCPS shall fail to comply with the terms herein, then under the Conciliation Agreement, the parent shall have the authority to use self help without further notice to the DCPS, and initiate an IEP with the DCPS' invited participation, and

unilateral placem. . . in an interim school or educational pro....am until such time the DCPS can come into compliance and properly assess, program and/or participate;

10. Provide counsel for the parent with copies, pursuant to 5 DCMR 3021.8, of all evaluation reports and all educational records on the student no later than sixteen (16) business hours prior to the convening of any meeting;

11. 19.. The DCPS shall ensure that this student has available a Free and Appropriate Public Education including special education, transportation (5 DCMR 3000.3), and Other related services as are defined at 34 C.F.R. 300.24, designed to meet this student's unique needs and preparation for employment and independent living;

12. That DCPS within ten (10) calendar days of the filing of this complaint, pursuant to the Individuals with Disabilities Education Improvement Act of 2004, Pub. L. No. 108-446, Sec. 101, § 615(c)(2)(B), provide the parent's representative, Roberta L. Gambale, Esq., via facsimile, at 202-742-2097 or 202-742-2098, the following: i) an explanation of why DCPS proposed or refused to take the action raised in the complaint; ii) a description of other options that the IEP team considered and the reasons why those options were rejected, iii) a description of each evaluation procedure, assessment, record, or report the agency used as the basis for the proposed or refused action, and iv) a description of the other factors that are relevant to the agency's proposed or refused action;

13. That DCPS, in the event they fail to answer/respond to the issues alleged in the parent's administrative due process hearing complaint, within ten (10) calendar days, the arguments and facts as averred by the guardian will be deemed true and accurate and act as a waiver, on the part of DCPS, for their desire to have a Resolution Session Meeting, and the guardian's administrative due process hearing will be scheduled pursuant to the applicable timelines contained in the IDEIA;

14. That DCPS, within fifteen (15) calendar days of receiving the parent's complaint, pursuant to the Individuals with Disabilities Education Improvement Act of 2004, Pub. L. No. 108-446, Sec. 101, § 615(c)(2)(C), respond to the parent's request alleging any insufficiency of notice.

15. That DCPS' failure to comply with the Individuals with Disabilities Education Improvement Act of 2004, Pub. L. No. 108-446, Sec. 101, § 615(c)(2)(C), and allege any insufficiency of the administrative due process complaint, will constitute waiver on the part of DCPS to make such argument at any later date and time.

16. That DCPS, pursuant to the Individuals with Disabilities Education Improvement Act of 2004, Pub. L. No. 108-446, Sec. 101, § 615(f)(1)(B), within fifteen (15) calendar days of receiving the parent's administrative due process complaint, shall contact the parent's representative, in writing, via facsimile, at 202-742-2097 or 202-742-2098, to schedule and convene a Resolution Session Meeting;

17. That DCPS, pursuant to the Individuals with Disabilities Education Improvement Act of 2004, Pub. L. No. 108-446, Sec. 101, § 615(f)(1)(B), convene the Resolution Session Meeting, with the parent, the parent's representative, and all necessary/relevant members of the student's MDT/IEP Team that have specific knowledge about the child and the facts contained in the complaint. That the relevant members of the MDT/IEP Team that shall be present at the Resolution Session Meeting for the student shall include the following persons: 1) the student's special education teacher, 2) the student's regular education teacher, if applicable, 3) a representative of the local education agency with decision making authority, 4) a person who can interpret the data, 5) any person(s) who

6

conducted any a_ _ssments on the student and/or would be _ualified to conduct the evaluations requested in the parent's complaint.

18. That DCPS' failure to timely schedule and convene the Resolution Session Meeting within the timeframe identified according to the Individuals with Disabilities Education Improvement Act of 2004, Pub. L. No. 108-446, Sec. 101, § 615(f)(1)(B) constitute joint waiver between DCPS and the guardian to have such meeting and the forty-five (45) days timeline to schedule the student's administrative due process hearing and receive a timely decision will begin to run upon written notice, via facsimile, at 202-442-5556, to the DCPS Office of Student Hearings, by the parent's counsel; and

19. A finding that the parent is the prevailing party in this action.

G. **Accommodations and Assistance Needed:**

- N/A

Dated this 27th day of October, 2005

Roberta L. Gambale, Esq.,
James E. Brown & Associates, PLLC
1220 L Street, NW Suite 700
Washington, DC 20005
202-742-2021
Counsel for the Parent/Legal Guardian

**Mail, fax or deliver this complaint notice to:**
**State Enforcement and Investigation Division**
**For Special Education Programs (SEID)**
**Student Hearing Office (SHO)**
**825 North Capitol Street, NE, 8th Floor**
**Washington, DC 20002**
**Fax number: 202/442-5556**

7

```
***********************
***   TX REPORT   ***
***********************


TRANSMISSION OK

TX/RX NO            0295
RECIPIENT ADDRESS   94425556
DESTINATION ID
ST. TIME            10/27 17:44
TIME USE            01'07
PAGES SENT          8
RESULT              OK
```

# JAMES E. BROWN & ASSOCIATES, PLLC
*A Professional Limited Liability Company*

| | | |
|---|---|---|
| James E. Brown | Attorneys at Law | Juan J. Fernandez! |
| Domiento C.R. Hill*◊ | 1220 L Street, NW | Roxanne D. Neloms |
| Roberta Gambale | Suite 700 | John A. Straus |
| Miguel A. Hull | Washington, DC 20005 | Marshall Lammers° |
| Christopher L. West | Telephone: (202) 742-2000 | Delores Scott McKnight |
| Tilman L. Gerald | Facsimile: (202) 742-2098 | |

| | | |
|---|---|---|
| * Admitted in Maryland Only | e-mail: Admin@Jeblaw.biz | ! Admitted in Bolivia Only |

# *FAX COVER SHEET*

DATE: **October 27, 2005**

TO:   **DCPS- Student Hearing Coordinator**

FAX NO: (202)442-5556

FROM:   Roberta Gambale, Esq.

SUBJECT:  **Due Process Hearing Request for Travis Wilkins**

NUMBER OF PAGES INCLUDING COVER SHEET:

## STATEMENT OF CONFIDENTIALITY:

The information contained in this electronic message and any attachments to this message are intended for
the exclusive use of the addressee(s) and may contain confidential or privileged information. If you are not
the intended recipient, please notify James E. Brown and Associates, PLLC immediately at (202) 742-2000,

# DISTRICT OF COLUMBIA PUBLIC SCHOOLS
## *State Enforcement and Investigation Division*
### CONFIDENTIAL
#### Coles B. Ruff, Jr., Due Process Hearing Officer

| | | |
|---|---|---|
| In the Matter of Travis Wilkins | ) | **IMPARTIAL DUE PROCESS** |
| Date of Birth: February 7, 1992 | ) | |
| | ) | **HEARING OFFICER'S DECISION** |
| | ) | |
| Petitioner (Student), | ) | Hearing Date: December 21, 2005 |
| | ) | |
| v. | ) | Held at: 825 North Capitol St. NE |
| | ) | Washington, DC |
| District of Columbia Public Schools | ) | |
| ("DCPS" or "District") | ) | |
| Attending School: Deal Junior High | ) | |
| Respondent. | ) | |

Hearing Participants:
Counsel for Student:

           Roberta Gambale, Esq.
           1220 L Street NW #700
           Washington DC 20002

Counsel for DCPS:

           Karen Jones Herbert, Esq.
           Office of General Counsel
           825 North Capitol St. NE
           Washington, DC 20002

## INTRODUCTION:

A Due Process Hearing was convened on December 21, 2005, at the headquarters of the District of Columbia Public Schools, 825 North Capitol Street, NE, Washington, DC 20002. The hearing was held pursuant to a hearing request submitted by the counsel for the student filed October 28, 2005.

## JURISDICATION:

The hearing was conducted and this decision was written pursuant to the *Individuals with Disabilities Act* (I.D.E.A.), P.L. 101-476, as amended by P.L. 105-17 and the *Individuals with Disabilities Education Improvement Act of 2004* (I.D.E.I.A.), the Rules of the Board of Education of the District of Columbia and the DC Appropriations Act, Section 145, effective October 21, 1998.

**DUE PROCESS RIGHTS:**

> The student's counsel waived a formal reading of the due process rights.

**SUMMARY OF THE RELEVANT EVIDENCE:**

> The Hearing Officer considered the representations made on the record by each counsel and documents contained in the parties' disclosure statements, which were admitted into the record. The parties discussed the matter on the record and reached an agreement.

**FINDINGS OF FACT:**

> The Hearing Officer finds that the agreement reached on the record by the parties is in the best interest of the student and, therefore, a Hearing Determination is hereby issued incorporating the agreement as stated.

**ORDER:**

1. DCPS shall, on or before February 15, 2006, conduct the student's triennial evaluations: speech/language, psycho-education and clinical psychological, and clinical psychological, and provide parent's counsel copies of the evaluations.
2. If DCPS does not conduct the evaluations within that time the DCPS shall fund and the parent shall obtain the evaluations independently consistent with the Superintendent's cost guidelines.
3. DCPS shall, on February 22, 2006, convene a multi-disciplinary team/individualized educational program (MDT/IEP) meeting to review the student's evaluations, review and revise the student's IEP, discuss and determine placement, and discuss compensatory education and develop a compensatory education plan for any missed speech/language services.
4. If the student's placement is changed DCPS shall issue a prior notice of placement within five (5) school days of the MDT/IEP meeting if the recommended placement is public and thirty (30) calendar days if the recommended placement is private.
5. If there is any change in the MDT/IEP meeting date re-scheduling of the meeting is to be arranged through parent's counsel.
6. DCPS will be given a day for a day extension of any of the prescribed time frames in this Order for any delay caused by the student, the parent and/or their representative(s).
7. This Order resolves all issues in this case and the Hearing Officer makes no additional findings.

(In the Matter of TW   DOB: 2/7/92   HOD: December 30, 2005)

**APPEAL PROCESS:**

       This is the final administrative decision in this matter. Appeals on legal grounds may be made to a court of competent jurisdiction within 30 days of the rendering of this decision.

_____
**Coles B. Ruff, Esq.**
**Hearing Officer**
**Date: December 30, 2005**

Issued:  _12 -30 -05_

3

(In the Matter of TW   DOB: 2/7/92   HOD: December 30, 2005)

**In the MATTER of Travis Wilkins V. DCPS**

**INDEX OF EXHIBITS**

| EXHIBIT # | IDENTIFICATION | ADMITTED |
|---|---|---|
| TW 1-20 | Parent's Disclosures | Yes |
| DCPS 1 | DCPS Disclosure | Yes |
|  |  |  |
|  |  |  |
|  |  |  |
|  |  |  |
|  | * A detailed list of the documents disclosed is contained in the parties' disclosure notices |  |
|  |  |  |
|  |  |  |
|  |  |  |
|  |  |  |
|  |  |  |
|  |  |  |
|  |  |  |
|  |  |  |
|  |  |  |
|  |  |  |
|  |  |  |
|  |  |  |
|  |  |  |
|  |  |  |
|  |  |  |
|  |  |  |
|  |  |  |
|  |  |  |
|  |  |  |
|  |  |  |

4

**In the MATTER OF Travis Wilkins V. DCPS**

**RECORD OF PROCEEDING**

| DATE | DESCRIPTION |
|---|---|
| 10/28/05 | Request for Due Process |
| | Notice of Pre-Hearing Conference (as applicable) |
| 11/23/05 | Notice of Due Process Hearing |
| | SETS Disposition Form |
| | Transcripts or audio tapes of hearing |
| | |
| | |
| | |
| | |
| | |
| | |
| | |
| | |
| | |
| | |
| | |
| | |
| | |
| | |
| | |
| | |
| | |
| | |
| | |
| | |
| | |
| | |
| | |
| | |
| | |
| | |
| | |
| | |

# INDEX OF NAMES

## In the MATTER OF Travis Wilkins V. DCPS

| | |
|---|---|
| Assistant Superintendent, Special Education (or Director) | |
| Special Education Teacher | |
| School Psychologist | |
| Regular Education Teacher | |
| Principal | |
| Speech/Language Therapist | |
| Occupational Therapist | |
| Physical Therapist | |
| Private Psychologist | |
| Child and Child's DCPS ID # or SSN (insert ID # or Case Number on each page of the HOD vice child's name) | |
| Child's Parent(s) (specific relationship) | |
| Child/Parent's Representative | Roberta Gambale, Esq. |
| School System's Representative | Karen Jones Herbert, Esq. |
| Educational Advocate | Ms. Michele Moody |
| | |
| | |
| | |
| | |
| | |
| | |
| | |
| | |
| | |
| | |
| | |
| | |
| | |
| | |
| | |
| | |
| | |

# District of Columbia Public Schools

## *Office of Compliance*

### STUDENT HEARING OFFICE

825 North Capitol Street, N.E.
8TH Floor
Washington, D.C. 20002
FAX: (202) 442-5556



## *FACSIMILE SHEET*

Date: 12 - 30 - 05

TO: R. Gambale

FROM: STUDENT HEARING OFFICE

RE: HOD - Travis Wilkins

TOTAL NUMBER OF PAGES, INCLUDING COVER:

COMMENTS:

*CONFIDENTIALITY NTOICE*: The information accompanying this facsimile is intended only for the use of the individual or entity named above. If you are not the intended recipient, you are hereby notified that any disclosure, copying, distribution or the taking of any action in reliance on the content of this teleeopied information is strictly prohibited.

# District of Columbia Public Schools

### OFFICE OF GENERAL COUNSEL
825 North Capitol Street NE, 9th Floor
Washington, DC 20002-1994
Phone – 202-442-5000, Fax – 202-442-5098

## APPLICATION FOR PAYMENT OF ATTORNEY FEES AND COSTS
## PURSUANT TO THE INDIVIDUALS WITH DISABILITIES EDUCATION ACT

1.  **Attorney Information**
    Law Firm:                          JAMES E. BROWN & ASSOCIATES, PLLC
    Attorney:                          JAMES E. BROWN
    Federal Tax ID No.:                52-1500760
    D.C. Bar No.:                      61622

2.  **Student Information**
    Name:                              Travis Wilkins
    DOB:                               2/7/92
    Date of Determination (HOD/SA):    12/30/05
    Parent/Guardian Name:              Lisa Wilkins
    Parent/Guardian Address:           2410 20th St., NE, WDC 20018
    Current School:                    Deal JHS
    Home School:                       Deal JHS

3.  **Invoice Information**
    Invoice Number:                    06-035
    Date Request Submitted:            1/12/06
    Date(s) Services Rendered:         12/17/04 to 12/21/05
    Amount of Payment Request          $ 8,093.80

4.  **Certification (must be signed by principal attorney)**

I certify that all of the following statements are true and correct:

*   all services listed on the enclosed invoices were actually performed;
*   the entire amount requested on the enclosed invoice for payment of costs and expenses represents the actual amount of costs and expenses incurred;
*   the District of Columbia Public Schools is the sole entity from which payment of the fees, costs and expenses itemized on the enclosed invoice is requested;
*   no attorney or law firm who either  (1) provided services listed on the enclosed invoice, or (2) will benefit from any monies paid as a result of the submission of the enclosed invoice, has a pecuniary interest, either through an attorney, officer or employee of the firm, in any special education diagnostic services, schools, or other special education service providers;
*   I understand that the making of a false statement to an agency of the DC Government is punishable by criminal penalties pursuant to D.C. Code §22-2405.


_____          January 12, 2006
Signature                                                    Date

# LEGEND

### ATTORNEYS

| | |
|---|---|
| JEB | James E. Brown, Esq. |
| DH | Domiento Hill, Esq. |
| CW | Christopher West, Esq. |
| BM | Brenda McAllister, Esq. |
| RG | Roberta Gambale, Esq. |
| MH | Miguel Hull, Esq. |
| RR | Rachel Rubenstein, Esq. |
| JF | Juan Fernandez, Esq. |
| CB | Christina Busso, Esq. |
| JS | John Straus, Esq. |
| RN | Roxanne Neloms, Esq. |
| TG | Tilman Gerald, Esq. |
| DSM | Delores Scott McKnight, Esq. |
| ML | Marshall Lammers, Esq. |

### PARALEGALS and LAW CLERKS

| | |
|---|---|
| AAG | Aracelly A. Gonzalez |
| DP | David Proctor |
| BDL | Blanca De La Sancha |
| SB | Sara Benkharafa |
| WB | Williams Bautista |
| YA | Yamileth Amaya |
| CMM | Claudia M. Martinez |
| HR | Heidi Romero |
| KD | Kelly Dau |
| MT | Michele Torry, BA, L. Cert. |
| TB | Tamika Beasley |
| BC | Blair Copeland |

### ADVOCATES

| | |
|---|---|
| MM | Michelle Moody, MA |
| CS | Cheron Sutton-Brock, MA |
| KC | Kevin Carter, MA |
| CM | Carolyn Monford, MA |
| GMH | Garfield Mark Holman, MA |
| RB | C. Robin Boucher, Ph.D. |
| TS | Tamieka A. Skinner, MA |
| CP | Carrie Pecover, MA |
| CG | Comesha Griffin, MS |
| WD | William Daywalt, M. Ed. |
| DD | Donte Davis |
| CF | Carlos Fernandez, MA,JD |

### OUT OF POCKET COSTS

| | |
|---|---|
| FAX | Facsimile @ $1.00 per page |
| COP | Reproduction @ $0.25 per page |
| TRN | Transportation @ actual taxi cost |
| TEL | Long Distance Telephone @ actual cost |
| PAR | Parking @ actual cost |
| MES | Messenger/Express Mail @ actual cost |
| POS | Postage @ actual cost |

12/27/2005

James E. Brown & Associates, PLLC
A Professional Limited Liability
Company
1220 L Street, NW Suite 700
Washington, DC  20005


Invoice submitted to:
Wilkins, Travis




January 09, 2006
In Reference To:  Wilkins, Travis

Invoice #11181


Professional Services

|  |  |  | Hrs/Rate | Amount |
|---|---|---|---|---|
| 12/17/2004 | RG | Conference with parent - follow up telephone call re: hrg | 0.33<br>365.00/hr | 120.45 |
| 12/20/2004 | MM | File review and developed  monthly case status report regarding dd for meeting and attempts to contact mom | 0.58<br>185.00/hr | 107.30 |
| 12/22/2004 | MM | Reviewed hod dated 12/22/04 and documented timelines | 0.50<br>185.00/hr | 92.50 |
|  | MM | Reviewed fba dated 12/14/04 | 0.58<br>185.00/hr | 107.30 |
| 12/24/2004 | MM | File review and developed  monthly case status report | 0.58<br>185.00/hr | 107.30 |
| 12/31/2004 | MM | Reviewed bip dated 12/14/04 | 0.50<br>185.00/hr | 92.50 |
| 1/6/2005 | RG | Reviewed BIP and telephone call from Ms. Brooks at school | 0.33<br>365.00/hr | 120.45 |
|  | YA | Reviewed notice of intervention behavior plan | 0.33<br>110.00/hr | 36.30 |
| 1/7/2005 | YA | File review and developed  monthly case status report to parent re: meeting | 0.58<br>110.00/hr | 63.80 |
| 1/21/2005 | MM | Discussion with mrs brooks at deal re: a meeting. | 0.25<br>185.00/hr | 46.25 |

Wilkins, Travis                                                                                    Page    2

|  |  |  | Hrs/Rate | Amount |
|---|---|---|---|---|
| 1/21/2005 | MM | Conference with parent called moms cell phone it continues to be out of service and this is not like her usually she would have called me by now. I have called home and work and cell. | 0.33<br>185.00/hr | 61.05 |
|  | MM | Drafted letter to school | 0.50<br>185.00/hr | 92.50 |
| 1/25/2005 | YA | Discussion with advocate re: to draft letter to notify parent of meeting | 0.33<br>110.00/hr | 36.30 |
|  | YA | Draft status letter to parent re: proposed meeting date | 0.75<br>110.00/hr | 82.50 |
|  | MM | Discussion with yami re meeting and parent | 0.33<br>185.00/hr | 61.05 |
| 2/3/2005 | AAG | File Review and sent letter to parent/student | 0.17<br>110.00/hr | 18.70 |
| 2/8/2005 | MM | Reviewed MDT/IEP information for mdt | 1.00<br>185.00/hr | 185.00 |
|  | MM | Conference with parent called mom three different times | 0.50<br>185.00/hr | 92.50 |
| 2/16/2005 | MM | Discussion with RG re: placement | 0.25<br>185.00/hr | 46.25 |
|  | RG | Discussion with MM re: placement | 0.25<br>365.00/hr | 91.25 |
| 3/3/2005 | RG | Discussion with MM re: status | 0.25<br>365.00/hr | 91.25 |
|  | MM | Discussion with RG re: placement | 0.25<br>185.00/hr | 46.25 |
| 6/6/2005 | MM | Drafted letter to private school | 0.50<br>185.00/hr | 92.50 |
|  | RG | Conference with parent re: mtg | 0.33<br>365.00/hr | 120.45 |
| 6/17/2005 | MM | Discussion with school | 0.25<br>185.00/hr | 46.25 |
| 6/21/2005 | MM | Discussion with mom | 0.33<br>185.00/hr | 61.05 |
|  | MM | Discussion with sped coord regarding meeting dates, I documented information and dates proposed | 0.25<br>185.00/hr | 46.25 |

Wilkins, Travis                                                                                    Page    3

|  |  |  | Hrs/Rate | Amount |
|---|---|---|---|---|
| 6/28/2005 | MM | File review and developed  monthly case status report and record information regarding communication with parents and school. | 0.58 185.00/hr | 107.30 |
| 7/1/2005 | MM | Conference with parent | 0.33 185.00/hr | 61.05 |
| 7/25/2005 | MM | Conference with parent | 0.33 185.00/hr | 61.05 |
| 9/9/2005 | MM | Drafted letter to school | 0.33 185.00/hr | 61.05 |
| 9/29/2005 | MM | File review and developed  monthly case status report | 0.33 185.00/hr | 61.05 |
| 10/4/2005 | MM | Drafted letter to school | 0.50 185.00/hr | 92.50 |
| 10/6/2005 | YA | Log in new information in file | 0.17 110.00/hr | 18.70 |
|  | MM | Conference with parent | 0.33 185.00/hr | 61.05 |
|  | MM | File review and developed  monthly case status report | 0.58 185.00/hr | 107.30 |
| 10/7/2005 | MM | Discussion with school | 0.25 185.00/hr | 46.25 |
| 10/11/2005 | MM | Conference with parent | 0.25 185.00/hr | 46.25 |
| 10/14/2005 | JEB | Reviewed advocate's report (10/05), discussed with paralegal and  file review | 0.38 385.00/hr | 146.30 |
|  | AAG | Reviewed advocate's report (10/05), discussed with attorney Brown and file review | 0.38 110.00/hr | 41.80 |
| 10/19/2005 | MM | Reviewed get inform together re: mdt | 0.67 185.00/hr | 123.95 |
| 10/20/2005 | MM | Attended MDT/IEP @ school | 4.00 185.00/hr | 740.00 |
| 10/27/2005 | RG | Prepared and file due process hearing request to DCPS | 2.00 365.00/hr | 730.00 |
| 10/28/2005 | MM | File review and developed  monthly case status report and update regarding last parent communication and school communication and documented next thing to be done in case. | 0.17 185.00/hr | 31.45 |

Wilkins, Travis

| | | Hrs/Rate | Amount |
|---|---|---|---|
| 10/31/2005 YA | Drafted letter to parent re, detailed Hearing Request | 0.58 110.00/hr | 63.80 |
| 11/1/2005 YA | Tickled meeting resolution deadline | 0.17 110.00/hr | 18.70 |
| 11/2/2005 YA | Drafted letter to parent re, resolution meeting deadline | 0.58 110.00/hr | 63.80 |
| 11/8/2005 MM | File review and developed monthly case status report and documented latest information on case and what has been done up to date and what needs to be done next and my parent contact and school contact. | 0.42 185.00/hr | 77.70 |
| 11/10/2005 YA | sent deadline resolution meeting notice to advocate and attorney | 0.17 110.00/hr | 18.70 |
| 11/11/2005 MM | File review and developed monthly case status report | 0.33 185.00/hr | 61.05 |
| 11/22/2005 MM | Drafted letter to school | 0.58 185.00/hr | 107.30 |
| 11/30/2005 YA | Drafted letter to parent re, Hearing Date Notice | 0.58 110.00/hr | 63.80 |
| 12/6/2005 YA | File Review and sent letter to parent/student | 0.17 110.00/hr | 18.70 |
| 12/12/2005 MM | Conference with parent | 0.33 185.00/hr | 61.05 |
| MM | Discussion with school 2 times | 0.33 185.00/hr | 61.05 |
| 12/13/2005 RG | Prepare disclosure to DCPS | 2.00 365.00/hr | 730.00 |
| MM | Drafted letter to private school | 0.50 185.00/hr | 92.50 |
| 12/14/2005 MM | Drafted letter to school | 0.50 185.00/hr | 92.50 |
| HR | Assisted attorney to prepare disclosure to DCPS | 1.00 110.00/hr | 110.00 |
| 12/19/2005 RG | Discussion with Moody re: current case status and follow up | 0.25 365.00/hr | 91.25 |
| MM | Discussion with Gambale re: current case status and follow up | 0.25 185.00/hr | 46.25 |

Wilkins, Travis                                                                                    Page    5

|  |  |  | Hrs/Rate | Amount |
|---|---|---|---|---|
| 12/20/2005 | MM | File review and developed  monthly case status report develop reprt regarding the most recent parent and school communication. | 0.33 185.00/hr | 61.05 |
|  | RG | Prepared for Due Process Hearing | 1.50 365.00/hr | 547.50 |
|  | YA | Phone call to parent at work and home left messages on both numbers re, hearing | 0.25 110.00/hr | 27.50 |
| 12/21/2005 | RG | Appearance to 825 North Capital for due process hearing and discuss w parent | 2.00 365.00/hr | 730.00 |
|  |  | For professional services rendered | 35.53 | $7,846.50 |

Additional Charges :

| | | |
|---|---|---|
| 12/27/2004 | Copied letter and  HOD. | 0.50 |
| 12/28/2004 | Postage; letter to parent (HOD) | 0.60 |
| 1/6/2005 | Copied documents(Parent-Advo-Interention Plan) | 1.00 |
| 1/7/2005 | Postage; letter to parent | 0.37 |
|  | Copied documents(Parent-status letter) | 0.25 |
| 1/25/2005 | Copied documents; letter to parent | 0.50 |
| 1/26/2005 | Postage; letter to parent (meeting) | 0.37 |
| 2/3/2005 | Postage; letter to parent | 0.37 |
| 10/31/2005 | Copied: resolution meeting deadline and HR letter for parent, advocate and file. | 6.75 |
|  | Postage; letter to parent re: HR. | 0.60 |
| 11/2/2005 | Copied: HR letter for parent . | 0.50 |
|  | Postage; letter to parent re: resolution deadline. | 0.37 |
| 11/30/2005 | Copied: HDN letter for parent, adv, file and adm. | 1.00 |
| 12/1/2005 | Postage; letter to parent re: HDN. | 0.37 |
| 12/6/2005 | Postage; letter to parent | 0.37 |
| 12/14/2005 | Messenger Service to and from DCPS (5-day Disclosures) | 20.00 |
|  | Copied disc. for SHO,OGC,ATTNY. | 100.50 |

Wilkins, Travis

Page    6

_Amount_

| | | |
|---|---|---|
| 12/21/2005 | Sedan taxi service to and from  DCPS for hearing.(attny. adv.) | 16.00 |
| | File review preparation of bill and invoice audit | 96.88 |
| | Total costs | $247.30 |
| | Total amount of this bill | $8,093.80 |