# EXHIBIT 32

*State Education Agency for the District of Columbia*
*State Enforcement and Investigation Division (SEID)*
*Special Education Programs*



# *ADMINISTRATIVE DUE PROCESS COMPLAINT NOTICE*

- The form is used to give notice of a due process complaint to the **District of Columbia Public Schools, District of Columbia Public Charter Schools (DCPS or LEA) and/or parents** with respect to any matter relating to the identification, evaluation, or educational placement of a child with a disability, or the provision of a free appropriate public education to that child. <u>**A party may not have a due process hearing until the party, or the attorney representing the party, files a notice that meets the requirements of the Individuals with Disabilities Education Improvement Act (IDEIA).**</u>

- The due process complaint must describe an alleged violation that occurred not more than two (2) years before the date that the parent or school system knew or should have known about the alleged action that is the basis of the complaint.

- Notice must be provided to the Student Hearing Office for the DC Public Schools, 825 North Capitol Street, NE, 8th Floor, Washington, DC 20002; fax number 202/442-5556.

- <u>Unless the other party agrees, the party requesting the due process hearing shall not be allowed to raise issues at the due process hearing that are not raised in this Due Process Complaint Notice.</u>  Therefore, please be thorough in providing the information requested.

- Prior to the opportunity for an impartial due process hearing, the Local Educational Agency (LEA) shall convene a meeting **(called a "Resolution Session")** with the parent(s) unless the parent(s) and the Local Educational Agency agree in writing to waive this meeting.  You will be contacted by a representative of the Local Educational Agency to schedule the meeting. **The Student Hearing Office does NOT schedule resolution meetings.**

- Mediation is also available to all parties as an alternative to a resolution meeting or a Due Process Hearing.

## A.    INFORMATION ABOUT THE STUDENT:

Name of the Student:  _Alonzo Williams_   Date of Birth: October 13th, 1991

Address: _54 V Street, NW, Washington, DC 20001_

Present School of Attendance: The High Roads School Middle School

Parent/Guardian of the Student:    Mr. Randolph Narcisco

## B.    Legal Representative/Attorney (if applicable):

Name:    Roxanne Neloms, Esq.

Address:    1220 L Street, NW, Suite 700, Washington, DC 20005

Phone: (w) 202-742-2000  (Fax) 202-742-2097   (e-mail) _____

Will attorney / legal representative attend the resolution session?    **X** Yes        ☐ No

## C.    Complaint Made Against (check all that apply):

**X** DCPS school (name of the school if different from page one)

☐ Charter    school    (name    of    the    charter    school    if    different    from    page one)_____

☐ Non-public    school    or    residential    treatment    facility    (name) _____

☐ Parent

## D.    Resolution Session Meeting Between Parent and LEA:

**X** I wish to waive the Resolution Session Meeting.

## E.    Mediation Process:

**I am requesting an administrative due process hearing only at this time.**

## F.    Facts and Reasons for the Complaint:

### I.   Nature of the Problem.

1.   <u>DCPS Denied the Student with a Free and Appropriate Public Education by Failing to Comply with the Individuals with Disabilities Education Improvement Act (2004) Pub. L. No. 108-446 Sec. 101, § 614 (a)(2)(A) and Comply with the Parent's Request for Reevaluation.</u>  According to the Individuals with Disabilities Education Improvement Act (2004) Pub. L. No. 108-446 Sec., 101, § 614 (a)(2)(A), the District of Columbia Public Schools ("DCPS") is to make certain that all requests for reevaluations made by a parent is complied with.  In the instant matter it is clear, DCPS has failed to comply with the requirements of the statute.

Specifically, the parent, by and through counsel, as a result of the student's increase in behavioral problems, which included the student being hospitalized on two (2) occasions, made a written request to the DCPS to have the student reevaluated to determine the student's current level of academic and social emotional functioning,

and the appropriateness for the student's possible placement in a residential treatment facility. See Correspondence dated August 23rd, 2005.

Specifically, the parent requested that the student be reevaluated with a psycho-educational, clinical psychological, functional behavior assessment, and psychiatric reevaluations. Id. DCPS never responded.

Counsel for the parent, on or about October 3rd, 2005, sent a second letter to DCPS requesting the status of the student's requested reevaluations. See Correspondence dated October 3rd, 2005. Counsel for the parent further informed DCPS that in the event the evaluations were not provided to the parent's counsel by the close of business Friday, October 7th, 2005, the parent intended to file an administrative due process hearing request. Id. To date, to the best of the parent's knowledge and belief, DCPS has yet to complete the requested neuropsychological reevaluation.

### II. Issues presented.

1.  Whether or Not DCPS Denied the Student with a Free and Appropriate Public Education by Failing to Comply with the Individuals with Disabilities Education Improvement Act (2004) Pub. L. No. 108-446 Sec. 101, § 614 (a)(2)(A) and conduct the student's requested reevaluations.

### III.    Relief Sought.

**WHEREFORE**, the parent, by and through counsel, hereby requests the following relief:

1.  A finding that DCPS Denied the Student with a Free and Appropriate Public Education by Failing to Comply with the Individuals with Disabilities Education Improvement Act (2004) Pub. L. No. 108-446 Sec. 101, § 614 (a)(2)(A) and Conduct the student's requested reevaluations;

2.  DCPS, agrees to fund the student's independent clinical psychological, psycho-educational, functional behavior assessment, and psychiatric reevaluations;

3.  DCPS, within five (5) business days upon receipt of the last of the student's evaluations, agrees to reconvene the student's MDT/IEP Meeting to review all evaluations, revise the student's IEP as necessary, and discuss and determine if placement in a residential facility;

4.  If a change in placement to a residential treatment center is necessary, DCPS shall have thirty (30) calendar days to complete the student's Interstate Compact Agreement, Level of Care, issue a Prior Notice of Placement, and complete the student's and guardian's transportation and lodging arrangements,

5.  DCPS agrees to provide the student with compensatory education, in the form of

3

one-on-one tutoring, for four (4) hours a week, for one year.

6.  Provide the student with a due process hearing within 20 calendar days of a request on any issue arising out of the noncompliance with the DCPS' obligation hereunder, or any disagreement with the assessment, programming or placement the parent may have;

7.  In the event that the DCPS shall fail to comply with the terms herein, then under the Conciliation Agreement, the parents shall have the authority to use self help without further notice to the DCPS, and initiate an IEP with the DCPS' invited participation, and unilateral placement in an interim school or educational program until such time the DCPS can come into compliance and properly assess, program and/or participate;

8.  The DCPS shall ensure that this student has available a Free and Appropriate Public Education including special education, transportation (5 DCMR 3000.3), and Other related services as are defined at 34 C.F.R. 300.7; Assistance to States for the Education of Children with Disabilities, 70 Fed. Reg. 35782, 35836 (June 21, 2005) (to be codified at 34 C.F.R. pt. 300), designed to meet this student's unique needs and preparation for employment and independent living;

9.  Send all notices to counsel for the parent with copies of such to the parent and in the parent's native language;

10. That DCPS within ten (10) calendar days of the filing of this complaint, pursuant to the Individuals with Disabilities Education Improvement Act of 2004, Pub. L. No. 108-446, Sec. 101, § 615(c)(2)(B), provide the parents' representative, Roxanne Neloms, Esq., via facsimile, at 202-742-2097 or 202-742-2098, the following:  i) an explanation of why DCPS proposed or refused to take the action raised in the complaint; ii) a description of other options that the IEP team considered and the reasons why those options were rejected, iii) a description of each evaluation procedure, assessment, record, or report the agency used as the basis for the proposed or refused action, and iv) a description of the other factors that are relevant to the agency's proposed or refused action;

11. That DCPS, in the event they fail to answer/respond to the issues alleged in the parent's administrative due process hearing complaint, within ten (10) calendar days, the arguments and facts as averred by the parent in this administrative due process complaint will be deemed true and accurate and act as a waiver, on the part of DCPS, for their desire to have a Resolution Session Meeting, and the parent's administrative due process hearing will be scheduled pursuant to the applicable timelines contained in the IDEIA, furthermore, DCPS' failure to provide a response or prior written notice as required will result in the parent's being awarded a default judgment;

4

12. That DCPS, within fifteen (15) calendar days of receiving the parent's Complaint, pursuant to the Individuals with Disabilities Education Improvement Act of 2004, Pub. L. No. 108-446, Sec. 101, § 615(c)(2)(C), respond to the parent's request alleging any insufficiency of notice;

13. That DCPS' failure to comply with the Individuals with Disabilities Education Improvement Act of 2004, Pub. L. No. 108-446, Sec. 101, § 615(c)(2)(C), and allege any insufficiency of the parent's administrative due process complaint, will constitute waiver on the part of DCPS to make such argument at any later date and time;

14. That DCPS, pursuant to the Individuals with Disabilities Education Improvement Act of 2004, Pub. L. No. 108-446, Sec. 101, § 615(f)(1)(B), within fifteen (15) calendar days of receiving the parent's administrative due process complaint, shall contact the parent's representative, in writing, via facsimile, at 202-742-2097 or 202-742-2098, to schedule and convene a Resolution Session Meeting;

15. That DCPS, pursuant to the Individuals with Disabilities Education Improvement Act of 2004, Pub. L. No. 108-446, Sec. 101, § 615(f)(1)(B), convene the Resolution Session Meeting, with the parent, the parent's representative, and all necessary/relevant members of the student's MDT/IEP Team that have specific knowledge about the child and the facts contained in the complaint;

16. That DCPS' failure to timely schedule and convene the Resolution Session Meeting within the timeframe identified according to the Individuals with Disabilities Education Improvement Act of 2004, Pub. L. No. 108-446, Sec.101, § 615(f)(1)(B) constitute joint waiver between DCPS and the parent to have such meeting and the forty-five (45) days timeline to schedule the student's administrative due process hearing and receive a timely decision will begin to run upon written notice, via facsimile, at 202-442-5556, to the DCPS Office of Student Hearings, by the parent's counsel; and

17. A finding that the parent is the prevailing party in this action.

## G.    <u>Accommodations and Assistance Needed</u>:

Please list any special accommodations you may require for a Resolution Session Meeting/Mediation Conference/Due Process Hearing.

**G.**    **Signature:**

Roxanne Nelson (Ney)                    10/7/05
Legal Representative / Advocate (if applicable)        Date

**Mail, fax or deliver this complaint notice to:**
**State Enforcement and Investigation Division**
**For Special Education Programs (SEID)**
**Student Hearing Office (SHO)**
**825 North Capitol Street, NE, 8th Floor**
**Washington, DC 20002**
**Fax number: 202/442-5556**

```
*********************
***   TX REPORT   ***
*********************


TRANSMISSION OK

TX/RX NO              2883
CONNECTION TEL                    92024425556
CONNECTION ID
ST. TIME              10/07 15:12
USAGE T               00'54
PGS. SENT                7
RESULT                OK
```

# James E. Brown & Associates, PLLC
## *A Professional Limited Liability Company*

| | | |
|---|---|---|
| James E. Brown | Attorneys at Law | Tilman L. Gerald |
| Domiento C.R. Hill ◊ | 1220 L Street, NW | Roxanne D. Nelor s |
| Roberta Gambale | Suite 700 | John A. Straus |
| Miguel A. Hull | Washington, DC 20005 | Dolores Scott McI: night |
| Christopher L. West | Telephone: (202) 742-2000 | Marshall Lammer: |
| Juan J. Fernandez! | Facsimile: (202) 742-2098 | |

e-mail: Admin@Jeblaw.biz

! Admitted in Bolivia On '

# *FAX COVER SHEET*

TO: Sharon Newsome, Scheduling Coordinator, Office of Student Hearings, DCPS

FROM: Domiento C.R. Hill, Esq. for Roxanne Neloms, Esq.

DATE:  October 7th, 2005

FAX NO: 202-442-5556

SUBJECT: A.W., DOB: 10/13/91

NUMBER OF PAGES, INCLUDING FAX COVER SHEET: 7

COMMENTS: Administrative due process complaint. Thank you for your assistance.

**STATEMENT OF CONFIDENTIALITY:**
The information contained in this electronic message and any attachments to this message are intended for the exclusive use of  the
addressee(s) and may contain confidential or privileged information. If you are not the intended recipient, please notify James  . Brown
and Associates, PLLC immediately at (202) 742-2000, and destroy all copies of this message and any attachments.

# DISTRICT OF COLUMBIA PUBLIC SCHOOLS
## *State Enforcement and Investigative Division*
## <u>CONFIDENTIAL</u>

### Charles R. Jones, Esq., Due Process Hearing Officer
825 North Capitol Street, N.E. 8th Floor
Washington, D.C. 20002
Facsimile: (202) 442-5556

| | |
|---|---|
| **In the Matter of** ) | **IMPARTIAL DUE PROCESS** |
| ) | |
| **ALONZO WILLIAMS,  Student,** ) | **HEARING OFFICER'S DECISION** |
| **Date of Birth: 10-13-91** ) | |
| ) | |
| **Petitioner,** ) | **Hearing Date: December 6, 2005** |
| ) | |
| **vs.** ) | |
| ) | Held at: 825 North Capitol Street, NE |
| **The District of Columbia Public Schools,** ) | Eighth Floor |
| **Attending: High Roads Middle School** ) | Washington, D.C. 20002 |
| **Respondent.** ) | |

*[vertical stamp: 2005 DEC 19 AM 9:31  DC PUBLIC SCHOOL SYSTEM]*

## <u>DECISION AND ORDER</u>

| | |
|---|---|
| **Parent(s):** | Randolph Narcisco |
| | 54 V. Street, N.W. |
| | Washington, D.C. 20001 |
| | |
| **Counsel for Parent:** | John A. Straus, Esq. |
| | Domiento C. R. Hill, Esq., Of Counsel |
| | James E. Brown & Associates, PLLC |
| | 1220 L Street, N.W. |
| | Suite 700 |
| | Washington, D.C. 20005 |
| | |
| **Counsel for School:** | Rashida J. Chapmen, Attorney-Advisor |
| | Office of the General Counsel, DCPS |
| | 825 North Capitol Street, N.E., 9th Floor |
| | Washington, D.C. 20002 |

# HEARING OFFICER'S DECISION

## DISTRICT OF COLUMBIA PUBLIC SCHOOLS
### State Enforcement and Investigative Division

### Special Education Due Process Hearing

### I. INTRODUCTION

On October 7, 2005, an initial Request for Due Process Hearing was filed with the Student Hearing Office, by counsel for the parent, John Straus, Esq. The request alleges DCPS failed to comply with the parent's request for reevaluation of AW.

A Due Process Hearing was reconvened on December 6, 2005, at the District of Columbia Public Schools, ("DCPS"), 825 North Capitol Street, N.E., 8th Floor, Washington, D.C. 20002. Rashida D. Chapmen, Esq., Attorney-Advisor represented DCPS. John A. Straus, Esq., and Domiento C. R. Hill, Esq. represented the parent. Five-Day Disclosure Letters were entered into the record without objection of either party. On behalf of the parent: Disclosure Letter dated November 29, 2005: AW-1 through AW-19. On behalf of DCPS: Disclosure Letter dated Novmeber 29, 2005. Counsel for the parent waived a formal reading of the Due Process Rights. The parties did not introduce any testimony in this matter, as DCPS did not have any witnesses.

### II. JURISDICTION

The Due Process Hearing was convened, and this decision was written pursuant to *Public Law 108- 446, The Individuals with Disabilities Education Improvement Act of 2004*, 20 United States Code 1400 et. Seq.; Title 5 of the District of Columbia Municipal Regulations and Section 145 of the D.C. Appropriations Act, effective October 21, 1998.

### III. ISSUES

Whether DCPS denied the student FAPE by failing to comply with parent's request for reevaluation of A.W.?

2.

## IV. SUMMARY OF RELEVANT EVIDENCE

This case involves allegations that the District of Columbia Public Schools (hereinafter "DCPS") failed to timely conduct re-evaluations of the student. According to parent's counsel, it is alleged the parent requested re-evaluation of his son on several occasions without any response by DCPS. A.W had been hospitalized two- (2) different times, and had increased behavioral problems. The parent repeated request for re-evaluation. It is alleged DCPS did not act. DCPS did not provide any testimony to dispute this issue.

## V. FINDINGS OF FACT

The Hearing Officer makes the following findings of fact:

1.      A.W. is a fourteen- (14) year old District of Columbia resident and a student presently attending the High Roads Middle School.

2.      A. W. is eligible for special education and related services. According to his most recent IEP dated November 11, 2004, the student's disability classification is mentally retarded (MR), other health impaired (OHI) and learning disabled (LD)[1].

3.      The parent, by and through counsel, requested re-evaluations because the student had increased behavioral problems and the student had been hospitalized. DCPS did not conduct any re-evaluations. This fact was not disputed by DCPS.

4.      The parent requested the following evaluations: Clinical Evaluation, Psycho-Educational Evaluation, Psychiatric Evaluation, and a Functional Behavioral Assessment.

3.

---

[1] Exhibit: AW-8.

## VI.    DECISION AND CONCLUSION OF LAW

In this case, DCPS has failed to sustain its burden of proof.  A preponderance of the evidence supports the contention of the parent that DCPS failed to conduct re-evaluations, which were warranted as a result of the student's increased behavioral misconduct.  Under this set of circumstances, DCPS failed to provide a free appropriate public education (FAPE).

**Based upon the foregoing, IT IS HEREBY ORDERED:**

1) **The parent is authorized to obtain independent evaluations at DCPS expense pursuant to the Superintendent's Directive on cost of outside consultant fees to include the following evaluations:  A Psycho-Educational Evaluation, Clinical Evaluation, Psychiatric Evaluation.   DCPS shall, within thirty- (30) days of the issuance of the HOD, conduct a Functional Behavioral Assessment.**

2) **DCPS shall, within fifteen- (15) school days of the receipt of the last evaluation(s), convene a MDT/IEP meeting to review all current evaluations, review and revise the student's IEP if warranted and discuss and determine an appropriate educational placement for the 2005-2006 school years.**

3) **In the event the appropriate placement is to a public school, DCPS shall issue a prior notice of placement within five- (5) school days of the MDT/IEP team meeting. If the appropriate placement is to a non-public facility, DCPS shall issue a prior notice of placement within thirty- (30) calendar days of the MDT/IEP team meeting.**

4) **The MDT/IEP team shall discuss and determine compensatory education and if warranted develop an appropriate Compensatory Education Plan to include the hours, form and format.**

5) **All communications and notices shall be sent through the parent's counsel. DCPS shall provide copies of all evaluations at least forty-eight- (48) hours prior to convening a MDT/IEP meeting.  The parent shall provide copies of evaluation reports at least forty-eight (48) hours prior to the scheduling of the MDT/IEP meeting.**

4.

6)  Any delay in the above time frames caused by the parent or parent's counsel
shall result in an extension of one day for each day of delay.


VII.    APPEAL PROCESS

        This is the **FINAL ADMINISTRATIVE DECISION.** Appeals may be made
to a court of competent jurisdiction within ninety -(90) days from the date this
decision was issued.


Date Filed: 12-19-05

Charles R. Jones, Esq., Hearing Officer


Date Issued:   12-19-05


5.



# District of Columbia Public Schools

### OFFICE OF GENERAL COUNSEL
825 North Capitol Street NE, 9ᵗʰ Floor
Washington, DC 20002-1994
Phone – 202-442-5000, Fax – 202-442-5098

## APPLICATION FOR PAYMENT OF ATTORNEY FEES AND COSTS
## PURSUANT TO THE INDIVIDUALS WITH DISABILITIES EDUCATION ACT

1. **Attorney Information**
   Law Firm:               JAMES E. BROWN & ASSOCIATES, PLLC
   Attorney:               JAMES E. BROWN
   Federal Tax ID No.:     52-1500760
   D.C. Bar No.:           61622

2. **Student Information**
   Name:                        Alonzo Williams
   DOB:                         10/13/91
   Date of Determination (HOD/SA):  12/19/05
   Parent/Guardian Name:        Randolph Narisco
   Parent/Guardian Address:     54 V St., NW, WDC 20001
   Current School:              Highland Rds, MS
   Home School:                 Highland Rds, MS

3. **Invoice Information**
   Invoice Number:          06-023
   Date Request Submitted:  1/12/06
   Date(s) Services Rendered:  11/18/04 to 12/6/05
   Amount of Payment Request   $ 5,921.34

4. **Certification (must be signed by principal attorney)**

I certify that all of the following statements are true and correct:

- all services listed on the enclosed invoices were actually performed;
- the entire amount requested on the enclosed invoice for payment of costs and expenses represents the actual amount of costs and expenses incurred;
- the District of Columbia Public Schools is the sole entity from which payment of the fees, costs and expenses itemized on the enclosed invoice is requested;
- no attorney or law firm who either  (1) provided services listed on the enclosed invoice, or (2) will benefit from any monies paid as a result of the submission of the enclosed invoice, has a pecuniary interest, either through an attorney, officer or employee of the firm, in any special education diagnostic services, schools, or other special education service providers;
- I understand that the making of a false statement to an agency of the DC Government is punishable by criminal penalties pursuant to D.C. Code §22-2405.

_____              January 12, 2006
**Signature**                                 **Date**

# LEGEND

### ATTORNEYS

| | |
|---|---|
| JEB | James E. Brown, Esq. |
| DH | Domiento Hill, Esq. |
| CW | Christopher West, Esq. |
| BM | Brenda McAlister, Esq. |
| RG | Roberta Gambale, Esq. |
| MH | Miguel Hull, Esq. |
| RR | Rachel Rubenstein, Esq. |
| JF | Juan Fernandez, Esq. |
| CB | Christina Busso, Esq. |
| JS | John Straus, Esq. |
| RN | Roxanne Neloms, Esq. |
| TG | Tilman Gerald, Esq. |
| DSM | Delores Scott McKnight, Esq. |
| ML | Marshall Lammers, Esq. |

### PARALEGALS and LAW CLERKS

| | |
|---|---|
| AAG | Aracelly A. Gonzalez |
| DP | David Proctor |
| BDL | Blanca De La Sancha |
| SB | Sara Benkharafa |
| WB | Williams Bautista |
| YA | Yamileth Amaya |
| CMM | Claudia M. Martinez |
| HR | Heidi Romero |
| KD | Kelly Dau |
| MT | Michele Torry, BA, L. Cert. |
| TB | Tamika Beasley |

### ADVOCATES

| | |
|---|---|
| MM | Michelle Moody, MA |
| CS | Cheron Sutton-Brock, MA |
| KC | Kevin Carter, MA |
| SM | Sharon Millis, M. Ed. |
| CM | Carolyn Monford, MA |
| GMH | Garfield Mark Holman, MA |
| RB | C. Robin Boucher, Ph.D. |
| TS | Tamieka A. Skinner, MA |
| CP | Carrie Pecover, MA |
| CG | Comesha Griffin, MS |
| WD | William Daywalt, M. Ed. |
| DD | Donte Davis |
| CF | Carlos Fernandez, MA, JD |

### OUT OF POCKET COSTS

| | |
|---|---|
| FAX | Facsimile @ $1.00 per page |
| COP | Reproduction @ $0.25 per page |
| TRN | Transportation @ actual taxi cost |
| TEL | Long Distance Telephone @ actual cost |
| PAR | Parking @ actual cost |
| MES | Messenger/Express Mail @ actual cost |
| POS | Postage @ actual cost |

James E. Brown & Associates, PLLC
A Professional Limited Liability
Company
1220 L Street, NW Suite 700
Washington, DC  20005


Invoice submitted to:
Alonzo Williams
Randolph Narciso
1843 Bay Street, SE
Washington DC 20003


January 09, 2006
In Reference To:     Alonzo Williams

Invoice #11182


Professional Services

| | | Hrs/Rate | Amount |
|---|---|---|---|
| 11/18/2004 WB | Drafted letter to parent w/ Settlement Agreement reached on 11/16/04 enclosed | 0.42 110.00/hr | 46.20 |
| 12/9/2004 KD | File Review and sent letter to parent/student | 0.17 110.00/hr | 18.70 |
| 12/10/2004 DH | Draft and send letter to DCPS, requesting compliance on their part with the expressed written terms of the settlement agreement. | 0.25 350.00/hr | 87.50 |
| 12/13/2004 BDL | Sent case status to the parent with copy of the letter sent The Office of Mediation and Compliance. | 0.50 110.00/hr | 55.00 |
| 12/15/2004 DH | Review the student's educational file to determine compliance from DCPS, conduct educational research regarding the DCPS' duty to comply with the most recent settlement agreement/order and the remedies available to the parent, discussion with the parent and educational advocate to determine compliance by DCPS, draft and file administrative due process hearing request. | 2.67 350.00/hr | 934.50 |
| 12/16/2004 BDL | Sent case status to the parent with a copy of the Hearing Request. | 0.50 110.00/hr | 55.00 |
| 1/13/2005 KD | Drafted letter to parent/enclosed copy of DCPS Prior To Action Notice / copy to advc & file | 0.33 110.00/hr | 36.30 |
| 1/18/2005 DH | Draft and send letter to the DCPS Office of Student Hearings requesting a joint continuance in the matter due to witness unavailability. | 0.17 350.00/hr | 59.50 |

Alonzo Williams                                                                 Page    2

|  |  | Hrs/Rate | Amount |
|---|---|---|---|
| 2/7/2005 KD | Drafted letter to parent re case on inactive status/copies to advc, file, and A.G. | 0.33<br>110.00/hr | 36.30 |
| 4/26/2005 WB | Drafted letter to parent re: case status -- placing case in inactive/closed status | 0.42<br>110.00/hr | 46.20 |
| 7/12/2005 DD | Reviewed Speech and language report. | 1.00<br>185.00/hr | 185.00 |
| 8/2/2005 CMM | Phone call to parent to follow up on registration at Care Center (left msg) | 0.17<br>110.00/hr | 18.70 |
| 8/23/2005 DH | Discussion with the father regarding the status of the student's case and the need for reevaluations. | 0.17<br>350.00/hr | 59.50 |
| DH | Draft and send letter to DCPS requesting that the student be reevaluated. | 0.25<br>350.00/hr | 87.50 |
| 8/29/2005 KD | Drafted letter to parent/enclosed copy of Atty's 8-23-05 Ltr to DCPS rqstng re-evals/copy to advc and file/added to case notes | 0.42<br>110.00/hr | 46.20 |
| 9/8/2005 DH | Discussion with the father regarding the status of the student's case. | 0.08<br>350.00/hr | 28.00 |
| 10/3/2005 WB | Drafted letter to parent re: case status and request for reevaluations from DCPS | 0.42<br>110.00/hr | 46.20 |
| 10/4/2005 RN | Review the administrative due process complaint drafted by Mr. Hill. | 0.33<br>365.00/hr | 120.45 |
| DH | Draft administrative due process hearing request, take to Ms. Neloms' for her review. | 1.75<br>350.00/hr | 612.50 |
| DH | Draft letter to DCPS requesting copies of the student's evaluations. | 0.17<br>350.00/hr | 59.50 |
| 10/13/2005 KD | Drafted letter to parent/enclosed copy of HR-Complaint/copy to advc and file/added to case notes/posted same to Outlook and Desk Calendars | 0.33<br>110.00/hr | 36.30 |
| 10/27/2005 KD | Drafted letter to parent/enclosed copy of Res Mtng Cnfrmtn/copy to advc and file/added to case notes/posted same to Outlook and Desk Calendars | 0.33<br>110.00/hr | 36.30 |
| 11/7/2005 DH | Prepare and participate in the student's resolution session meeting. | 1.00<br>350.00/hr | 350.00 |
| 11/10/2005 WB | Drafted letter to parent w/ HDN enclosed for hearing on 12/6/05 @ 11:00 am | 0.42<br>110.00/hr | 46.20 |

Alonzo Williams                                                                                        Page    3

|  |  |  | Hrs/Rate | Amount |
|---|---|---|---|---|
| 11/18/2005 MT | File Review and sent letter to parent/student | | 0.17<br>130.00/hr | 22.10 |
| 11/23/2005 WB | Drafted letter to parent re: case status w/ enclosed copy of correspondence sent to Breona Harrison on 11/23/05 | | 0.42<br>110.00/hr | 46.20 |
| 11/29/2005 WB | Assisted attorney to prepare disclosure to DCPS | | 1.50<br>110.00/hr | 165.00 |
| WB | Conference with parent re: case status and upcoming hearing on 12/6/05 at 11:00 am | | 0.17<br>110.00/hr | 18.70 |
| DH | Review the student's educational file, prepare five-day disclosures. | | 1.00<br>350.00/hr | 350.00 |
| 12/6/2005 JS | Conduct final review of the student's educational file, conduct last minute educational research, conduct final review of DCPS's five day disclosures and appear at 825 North Capital for due process hearing | | 2.50<br>365.00/hr | 912.50 |
| DH | Prepared for Due Process Hearing and appear @ due process hearing | | 3.00<br>350.00/hr | 1,050.00 |
| | For professional services rendered | | 21.36 | $5,672.05 |
| | Additional Charges : | | | |
| 11/18/2004 | Copied documents; letter to parent | | | 0.50 |
| | Postage; letter to parent | | | 0.37 |
| 12/9/2004 | Postage; letter to parent | | | 0.37 |
| 12/13/2004 | Copied documents; letter to parent | | | 0.50 |
| | Postage; letter to parent | | | 0.37 |
| 12/15/2004 | Facsimile to SHO  (HR) | | | 5.00 |
| 12/16/2004 | Postage; letter to parent | | | 0.37 |
| | Copied documents; letter to parent | | | 0.50 |
| 12/19/2004 | Copied documents; letter to parent | | | 0.50 |
| | Postage; letter to parent | | | 0.37 |
| 1/13/2005 | Copied documents; prior to action notice | | | 2.00 |
| | Postage; Prior to Action Notice re: placement to the parent | | | 0.37 |

Alonzo Williams                                                                  Page    4

                                                                                Amount

| Date | Description | Amount |
|---|---|---|
| 2/7/2005 | Postage; letter to parent | 0.37 |
|  | Copied documents; letter to parent | 0.50 |
| 8/29/2005 | Postage; letter to parent re: re-evaluations request. | 0.37 |
|  | Copied: re-evaluations request letter for parent and advocate. | 1.50 |
| 9/15/2005 | Facsimile(OGC-Defult notice) | 5.00 |
| 10/3/2005 | Facsimile(OSE-letter) | 2.00 |
|  | Copied documents; letter to parent | 0.50 |
|  | Postage: letter to parent re: re-evals request. | 0.37 |
| 10/7/2005 | Facsimile: HR to SHO. | 7.00 |
| 10/13/2005 | Copied: HR-complaint letter for parent and advocate. | 4.00 |
|  | Postage; letter to parent re: HR-Complaint. | 0.60 |
| 10/27/2005 | Copied: resolution mtg. confirmation letter for parent and advocate. | 1.50 |
|  | Postage; letter to parent re: resolution mtg. conf. | 0.37 |
| 11/7/2005 | Parking at DCPS for resolution meeting | 13.00 |
| 11/10/2005 | Postage; letter to parent (HDN) | 0.37 |
|  | Copied documents; letter to parent | 0.50 |
| 11/18/2005 | Postage; letter to parent | 0.37 |
| 11/23/2005 | Facsimile: letter to OSE. | 2.00 |
|  | Postage; letter to parent. | 0.37 |
|  | Copied documents; letter to parent | 0.50 |
| 11/29/2005 | Copied disc.for DCPS. | 64.00 |
|  | Messenger Service to and from DCPS (5-day Disclosures) | 20.00 |
| 12/6/2005 | Sedan taxi service to and from DCPS for hearing.(2attny.) | 16.00 |
|  | File review preparation of bill and invoice audit | 96.88 |
|  | Total costs | $249.29 |
|  | Total amount of this bill | $5,921.34 |