# EXHIBIT 33

**State Education Agency for the District of Columbia**
**State Enforcement and Investigation Division (SEID)**
**Special Education Programs**



# Due Process Complaint Notice

- The form is used to give notice of a due process complaint to the **District of Columbia Public Schools, District of Columbia Public Charter Schools (DCPS or LEA) and/or parents** with respect to any matter relating to the identification, evaluation, or educational placement of a child with a disability, or the provision of a free appropriate public education to that child. **A party may not have a due process hearing until the party, or the attorney representing the party, files a notice that meets the requirements of the Individuals with Disabilities Education Improvement Act (IDEIA).**

- The due process complaint must describe an alleged violation that occurred not more than two (2) years before the date that the parent or school system knew or should have known about the alleged action that is the basis of the complaint.

- Notice must be provided to the Student Hearing Office for the DC Public Schools, 825 North Capitol Street, NE, 8th Floor, Washington, DC 20002; fax number 202/442-5556.

- Unless the other party agrees, the party requesting the due process hearing shall not be allowed to raise issues at the due process hearing that are not raised in this Due Process Complaint Notice. Therefore, please be thorough in providing the information requested.

- Prior to the opportunity for an impartial due process hearing, the Local Educational Agency (LEA) shall convene a meeting **(called a "Resolution Session")** with the parent(s) unless the parent(s) and the Local Educational Agency agree in writing to waive this meeting. You will be contacted by a representative of the Local Educational Agency to schedule the meeting. **The Student Hearing Office does NOT schedule resolution meetings.**

- Mediation is also available to all parties as an alternative to a resolution meeting or a Due Process Hearing.

## A.   INFORMATION ABOUT THE STUDENT:

Name of the Student: <u>Curtis Williams</u>     Date of Birth: 02/09/91

Address: 14 35th Street NE; Washington, DC 20019

Present School of Attendance: Rock Creek Academy

Is this a charter school? No          (If yes, you must also provide a copy of this notice to the charter school principal or director)

Parent/Guardian of the Student: Claudann Williams

Address (if different from the student's above): _____

1

SEID DPCN Rev'd. 7/01/05


EXHIBIT
CW-1
ALL-STATE LEGAL®

**B.**    **Legal Representative / Attorney:**

Name: Roxanne D. Neloms, Esq. of James E. Brown & Associates

Address: 1220 L. Street., NW; Washington, DC 20005

Phone: (w) 202-742-2022  (Fax) 202-742-2098 (e-mail) _____

Will attorney / legal representative attend the resolution session?    **X** Yes    ☐ No

## C.    <u>Complaint Made Against (check all that apply):</u>

XDCPS school (name of the school if different from page one)_____

☐ Charter school (name of the charter school if different from page one)_____

☐ Non-public school or residential treatment facility (name) _____

☐ Parent

## D.    <u>Resolution Session Meeting Between Parent/Representative and LEA:</u>

I understand that it is my right to have a resolution meeting to resolve this complaint. I also understand that I may voluntarily waive this right if I choose. (Note: All parties must agree to waive the resolution meeting to avoid having this meeting.)

The parent, by and through counsel, wishes to waive the Resolution Session Meeting for this process.

## E.    <u>Mediation Process:</u>

IDEIA requires that any time a party requests a due process hearing; mediation should be offered at no cost to the parent. Both parties can request mediation as an alternative to the Resolution Session Meeting or as an alternative to a Due Process Hearing. Please check all that apply:

**I am requesting an administrative due process hearing <u>only</u>.**

### BASIS OF THE COMPLAINT

#### I.    <u>Denial of a Free and Appropriate Education- Failure to comply with the August 2005 Hearing Officer's Determination</u>

1. In lieu of a hearing scheduled on August 4th, 2005, the parent and DCPS agreed to settle on the record.

2. Per the Hearing Officer's Determination, DCPS was ordered to draft a compensatory education plan and transition plan within forty-five days of the issuance of the HOD.

3. All meeting and conferences were to be scheduled through counsel for the parent.

4. [Compensatory education is] a remedy designed to provide eligible students with the services they should have received pursuant to a free appropriate public education

2

923, 111 S.Ct. 317 (1991)). Thus compensatory education is an in-kind remedy.

5. A child is entitled to compensatory educational services if the child is exceptional and in need of special education and related services (i.e., eligible for FAPE) and if through some action or inaction of the district, the child was denied FAPE. *Id.*

6. Compensatory education is an appropriate remedy where a school district knows, or should know, that a child's educational program is not appropriate or that he or she is receiving only trivial educational benefit, and the district fails to remedy the problem. *M.C. v. Central Regional School District*, 81 F.3d 389 (3rd Cir. 1996). Such an award compensates the child for the period of time of deprivation of special education services. *Id.*

7. Here DCPS failed to develop a compensatory education plan and a transition plan because it failed to comply with the August 2005 HOD.

8. As early as September 2004 DCPS entered into a settlement agreement whereby DCPS agreed to discuss and develop a compensatory education plan.

9. Due to DCPS' failure to comply with the September 2004 Settlement Agreement, a May 2005 HOD ordered DCPS to develop a compensatory education plan and develop a transition plan.

10. As of this date DCPS has failed to contact counsel for the parent to schedule a MDT/IEP meeting.

11. The hearing officer should find that DCPS failure to comply with several settlement agreements amounts to a denial of access to a free and appropriate education.

## II.    Denial of a Free and Appropriate Education- Failure to draft an appropriate IEP

12. Key components of the IEP are inadequate as the present levels inadequate and goals are the exact same from one IEP to the next.

13. "The IEP is, in brief, a comprehensive statement of the educational needs of a handicapped child and the specially designed instruction and related services to be employed to meet those needs." *See Burlington School Committee v. Massachusetts Department of Education*, 1984-1985 EHLR (1985). The IDEA requires the states to provide a "free appropriate public education" (FAPE) to all students who qualify for special education services. 20 U.S.C. § 1412.

14. In the *Board of Education of Hendrick Hudson Central School District v. Rowley*, 458 U.S. 176 (1982), the U.S. Supreme Court held that this requirement is met by providing personalized instruction and support services to permit the child to benefit educationally from the instruction, providing the procedures set forth in the Act are followed. The Rowley standard is only met when a child's program provides him or her with more than a trivial or de minimis educational benefit. *Polk v. Central Susquehanna Intermediate Unit* 16, 853 F.2d 171 (3rd Cir. 1988).

3

15. The burden is on the School documents to establish that an educational program

complies with the IDEA. *Oberti v. Board of Education*, 995 F.2d 1204 (3rd Cir.
1993). *See Mars Area Sch. Dist*. 40 IDELR 276 (Pennsylvania State Educational
Agency, November 25, 2003).

16. Pursuant to section 300.320 of the current regulations of IDEIA, the IEP for each
child with a disability must include "a statement of the child's present levels of
academic achievement and functional performance, including how the child's
disability affects the child's involvement and progress in the general curriculum (i.e.,
the same curriculum as for nondisabled children).

17. In addition, the IEP must include a statement of measurable annual goals, including
benchmarks or short-term objectives, related to meeting the child's needs that result
from the child's disability to enable the child to be involved in and progress in the
general curriculum (i.e., the same curriculum as for nondisabled children) and
meeting each of the child's other educational needs that result from the child's
disability."

18. The IEP developed for Curtis in January 2005 is essentially the same IEP from June
2004; it failed to adequately set forth the present levels of performance and further
failed to address Curtis' lack of progress towards his goals.

## REQUESTED RELIEF

**WHEREFORE**, the parent, by and through counsel, hereby requests the following
relief:

19. A finding that DCPS failed to comply with the August 2005 Hearing Officer's
Determination;

20. A finding that the January 2005 IEP is inappropriate;

21. DCPS shall fund compensatory education services with Seeds for Tomorrow in
specialized instruction and speech and language services;

22. DCPS shall award pursuant to *Reid v. District of Columbia*, enough compensatory
education hours that would warrant the student sufficient time to achieve grade level.

23. That DCPS reconvene a MDT/IEP meeting within ten (10) calendar days of receipt
the issuance of the Hearing Officer's Determination to develop a transition plan and
update and revise the IEP to reflect the student's growth and progress;

24. DCPS agrees to pay counsel for the parents reasonable attorney's fees;

25. All meetings shall be scheduled through counsel for the parent, Roxanne Neloms,
Esq., in writing, via facsimile, at 202-742-2097 or 202-742-2098;

26. DCPS will be given a day for day extension for any delay caused by the parent, the
student., counsel for the parent, or the parents' educational advocate;

27. Provide the student with a due process hearing within 20 calendar days of a request
on any issue arising out of the noncompliance with the DCPS' obligation hereunder,
or any disagreement with the assessment, programming or placement the parent may
have;

4

28. The DCPS shall ensure that this student has available a Free and Appropriate Public Education including special education, transportation (5 DCMR 3000.3), and other related services as are defined at 34 C.F.R. 300.7; <u>Assistance to States for the Education of Children with Disabilities</u>, 70 Fed. Reg. 35782, 35836 (June 21, 2005) (to be codified at 34 C.F.R. pt. 300), designed to meet this student's unique needs and preparation for employment and independent living;

29. Send all notices to counsel for the parent with copies of such to the parent and in the parents' native language;

30. That DCPS within ten (10) calendar days of the filing of this complaint, pursuant to the Individuals with Disabilities Education Improvement Act of 2004, Pub. L. No. 108-446, Sec. 101, § 615(c)(2)(B), provide the parent's representative Roxanne Neloms, Esq., via facsimile, at 202-742-2097 or 202-742-2098, the following: i) an explanation of why DCPS proposed or refused to take the action raised in the complaint; ii) a description of other options that the IEP team considered and the reasons why those options were rejected, iii) a description of each evaluation procedure, assessment, record, or report the agency used as the basis for the proposed or refused action, and iv) a description of the other factors that are relevant to the agency's proposed or refused action;

31. That DCPS, in the event they fail to answer/respond to the issues alleged in the parent's administrative due process hearing complaint, within ten (10) calendar days, the arguments and facts as averred by the parent will be deemed true and accurate and act as a waiver, on the part of DCPS, for their desire to have a Resolution Session Meeting, and the parent's administrative due process hearing will be scheduled pursuant to the applicable timelines contained in the IDEIA;

32. That DCPS, within fifteen (15) calendar days of receiving the parents' complaint, pursuant to the Individuals with Disabilities Education Improvement Act of 2004,Pub. L. No. 108-446, Sec. 101, § 615(c)(2)(C), respond to the parent's request alleging any insufficiency of notice;

33. That DCPS' failure to comply with the Individuals with Disabilities Education Improvement Act of 2004, Pub. L. No. 108-446, Sec. 101, § 615(c)(2)(C), and allege any insufficiency of the parent's administrative due process complaint, will constitute waiver on the part of DCPS to make such argument at any later date and time;

34. That DCPS, pursuant to the Individuals with Disabilities Education Improvement Act of 2004, Pub. L. No. 108-446, Sec. 101, § 615(f)(1)(B), within fifteen (15) calendar days of receiving the parent's administrative due process complaint, shall contact the parents' representative, in writing, via facsimile, at 202-742-2097 or 202-742-2098, to schedule and convene a Resolution Session Meeting;

35. That DCPS, pursuant to the Individuals with Disabilities Education Improvement Act of 2004, Pub. L. No. 108-446, Sec. 101, § 615(f)(1)(B), convene the Resolution Session Meeting, with the parent, the parent's representative, and all necessary/relevant members of the student's MDT/IEP Team that have specific

5

relevant members of the MDT/IEP Team that shall be present at the Resolution Session Meeting for the student shall include the following persons: 1) the student's special education teacher, 2) the student's regular education teacher, if applicable, 3) a representative of the local education agency with decision making authority, 4) a person who can interpret the data, 5) any person(s) who conducted any assessments on the student, and 6) any service providers for the student;

36. That DCPS' failure to timely schedule and convene the Resolution Session Meeting within the timeframe identified according to the Individuals with Disabilities Education Improvement Act of 2004, Pub. L. No. 108-446, Sec. 101, § 615(f)(1)(B) constitute joint waiver between DCPS and the parent to have such meeting and the forty-five (45) days timeline to schedule the student's administrative due process hearing and receive a timely decision will begin to run upon written notice, via facsimile, at 202-442-5556, to the DCPS Office of Student Hearings, by the parent's counsel; and

37. A finding that the parent is the prevailing party in this action.

## G.   Accommodations and Assistance Needed:

Please list any special accommodations you may require for a Resolution Session Meeting/Mediation Conference/Due Process Hearing.

- Interpreter (please specify the type)_____
- Special Communication (please describe the type)_____
- Special Accommodations for Disability (please be specific)_____
- Other_____

## H.   Signature:

_____      10/03/05
Legal Representative / Advocate (if applicable)      Date

**Mail, fax or deliver this complaint notice to:**
**State Enforcement and Investigation Division**
**For Special Education Programs (SEID)**
**Student Hearing Office (SHO)**
**825 North Capitol Street, NE, 8th Floor**
**Washington, DC  20002**
**Fax number: 202/442-5556**

6

# DISTRICT OF COLUMBIA PUBLIC SCHOOLS
# STATE ENFORCEMENT & INVESTIGATONS DIVISION

David R. Smith, Due Process Hearing Officer
825 North Capital Street, 8th Floor, N.E.
Washington, DC 20002
(202) 442-5432 (phone); (202) 442-5556(fax)

| | | |
|---|---|---|
| In the Matter of | ) | **IMPARTIAL DUE PROCESS** |
| | ) | |
| Curtis Williams ("Student") | ) | **HEARING OFFICER'S DECISION**[1] |
| Date of Birth: February 9, 1991 | ) | |
| Petitioner, | ) | Hearing Dates: November 29, 2005 |
| v. | ) | Held at: 825 North Capitol Street, NW |
| | ) | 8th Floor |
| | ) | Washington, DC 20002 |
| District of Columbia Public Schools | ) | |
| 825 North Capitol Street, NW | ) | Attending School: |
| Washington, DC 20002 | ) | Rock Creek Academy |
| ("DCPS" or "District") | ) | |
| | ) | Hearing Request: |
| Respondent. | ) | October 3, 2005 |

Counsel for Petitioner:                Christopher West, Esq.
1200 L Street, NW
Suite 700
Washington, D.C. 20005

Counsel for DCPS:                Quinne Harris-Lindsey, Esq.
District of Columbia Public Schools,
9th Floor
825 North Capitol Street, NW
Washington, DC 20002

---

[1] An index of names is attached hereto for the benefit of the parties. The index will permit the parties to identify specific witnesses and other relevant persons. The index is designed to be detached before release of this Hearing Officer's Determination as a public record.

1

### INDEX OF NAMES

Curtis Williams v. DCPS

| | |
|---|---|
| | |
| | |
| Child/Parent's Representative | Christopher West, Esq. |
| | Domiento C.R. Hill, Esq. |
| School System's Representative | Quinne Harris-Lindsey, Esq. |

2

**INDIVIDUALS WITH DISABILITIES EDUCATION ACT (IDEA) 20 USC § 1400**
**DISTRICT OF COLUMBIA PUBLIC SCHOOLS**
**IMPARTIAL DUE PROCESS HEARING**

**INTRODUCTION:**

A Due Process Hearing was convened on November 29, 2005. The Hearing was held at the District of Columbia Public Schools ("DCPS"), 825 North Capitol Street, N.E. Washington, D.C. 20002. The Hearing was held pursuant to a Complaint submitted by counsel for the parent received by DCPS on October 3, 2005.

**JURISDICTION:**

The Hearing was held and this decision was written pursuant to the *Individuals with Disabilities Education Improvement Act* (I.D.E.I.A.), 20 U.S.C. 1400, et. seq. and the *Rules of the Board of Education of the District of Columbia.*

**DUE PROCESS RIGHTS:**

Counsel for the student waived a formal reading of the due process rights.

**SUMMARY:**

The parties discussed the case on the record and were able to reach an agreement as reflected herein below as an Order.

**ORDER:**

1.    Within 45 calendar days of the issuance of this HOD, DCPS will convene an MDT/IEP meeting to review and revise, as necessary the student's IEP, develop a transition plan and determine the amount of compensatory education the student is entitled to receive.

2.    The scheduling of the MDT/IEP Meeting shall be through parent's counsel. Any delay in any timeline or scheduling of a meeting by the parent, student or parent's counsel shall extend any timeline by one day for each day of delay.

3

**APPEAL PROCESS:**

This is the final administrative decision in this matter.  Appeals on legal grounds may be made to a court of competent jurisdiction within 90 days of the rendering of this decision.

David R. Smith, Esq.
Impartial Hearing Officer

Date: 11-30-05

Issued: 11-30-05

4



# District of Columbia Public Schools

### OFFICE OF GENERAL COUNSEL
825 North Capitol Street NE, 9th Floor
Washington, DC 20002-1994
Phone – 202-442-5000, Fax – 202-442-5098

## APPLICATION FOR PAYMENT OF ATTORNEY FEES AND COSTS
## PURSUANT TO THE INDIVIDUALS WITH DISABILITIES EDUCATION ACT

**1.  Attorney Information**
Law Firm:            JAMES E. BROWN & ASSOCIATES, PLLC
Attorney:            JAMES E. BROWN
Federal Tax ID No.:  52-1500760
D.C. Bar No.:        61622

**2.  Student Information**
Name:                        Curtis Williams
DOB:                         2/9/91
Date of Determination (HOD/SA):  11/30/05
Parent/Guardian Name:        ClaudAnn Williams
Parent/Guardian Address:     14 35th St., NE, WDC 20019
Current School:              RCA
Home School:                 RCA

**3.  Invoice Information**
Invoice Number:          06-037
Date Request Submitted:  1/12/06
Date(s) Services Rendered:  10/3/05 to 1/4/06
Amount of Payment Request:  $ 5,066.43

**4.  Certification (must be signed by principal attorney)**

I certify that all of the following statements are true and correct:

- all services listed on the enclosed invoices were actually performed;
- the entire amount requested on the enclosed invoice for payment of costs and expenses represents the actual amount of costs and expenses incurred;
- the District of Columbia Public Schools is the sole entity from which payment of the fees, costs and expenses itemized on the enclosed invoice is requested;
- no attorney or law firm who either (1) provided services listed on the enclosed invoice, or (2) will benefit from any monies paid as a result of the submission of the enclosed invoice, has a pecuniary interest, either through an attorney, officer or employee of the firm, in any special education diagnostic services, schools, or other special education service providers;
- I understand that the making of a false statement to an agency of the DC Government is punishable by criminal penalties pursuant to D.C. Code §22-2405.

_____          January 12, 2006
Signature                                Date

# LEGEND

### ATTORNEYS

| | |
|---|---|
| JEB | James E. Brown, Esq. |
| DH | Domiento Hill, Esq. |
| CW | Christopher West, Esq. |
| BM | Brenda McAllister, Esq. |
| RG | Roberta Gambale, Esq. |
| MH | Miguel Hull, Esq. |
| RR | Rachel Rubenstein, Esq. |
| JF | Juan Fernandez, Esq. |
| CB | Christina Busso, Esq. |
| JS | John Straus, Esq. |
| RN | Roxanne Neloms, Esq. |
| TG | Tilman Gerald, Esq. |
| DSM | Delores Scott McKnight, Esq. |
| ML | Marshall Lammers, Esq. |

### PARALEGALS and LAW CLERKS

| | |
|---|---|
| AAG | Aracelly A. Gonzalez |
| DP | David Proctor |
| BDL | Blanca De La Sancha |
| SB | Sara Benkharafa |
| WB | Williams Bautista |
| YA | Yamileth Amaya |
| CMM | Claudia M. Martinez |
| HR | Heidi Romero |
| KD | Kelly Dau |
| MT | Michele Torry, BA, L. Cert. |
| TB | Tamika Beasley |
| BC | Blair Copeland |

### ADVOCATES

| | |
|---|---|
| MM | Michelle Moody, MA |
| CS | Cheron Sutton-Brock, MA |
| KC | Kevin Carter, MA |
| CM | Carolyn Monford, MA |
| GMH | Garfield Mark Holman, MA |
| RB | C. Robin Boucher, Ph.D. |
| TS | Tamieka A. Skinner, MA |
| CP | Carrie Pecover, MA |
| CG | Comesha Griffin, MS |
| WD | William Daywalt, M. Ed. |
| DD | Donte Davis |
| CF | Carlos Fernandez, MA,JD |

### OUT OF POCKET COSTS

| | |
|---|---|
| FAX | Facsimile @ $1.00 per page |
| COP | Reproduction @ $0.25 per page |
| TRN | Transportation @ actual taxi cost |
| TEL | Long Distance Telephone @ actual cost |
| PAR | Parking @ actual cost |
| MES | Messenger/Express Mail @ actual cost |
| POS | Postage @ actual cost |

12/27/2005

James E. Brown & Associates, PLLC
A Professional Limited Liability
Company
1220 L Street, NW Suite 700
Washington, DC  20005


Invoice submitted to:
Curtis Williams




January 09, 2006
In Reference To:    Curtis Williams

Invoice #11180


Professional Services

|  |  |  | Hrs/Rate | Amount |
|---|---|---|---|---|
| 10/3/2005 | CMM | Assisted attorney in preparation of request for hearing. Sent hearing request to SHO | 0.42 110.00/hr | 46.20 |
|  | RN | Prepared and file due process hearing request to DCPS | 2.00 365.00/hr | 730.00 |
| 10/5/2005 | CMM | Drafted letter to parent detailing hearing request filed 10/3/05 | 0.58 110.00/hr | 63.80 |
| 10/14/2005 | CMM | Assist attorney in sending correspondence re: new attorney assign to case. | 0.17 110.00/hr | 18.70 |
| 10/17/2005 | CM | Record reviewed and discussion with attorney re case status | 0.17 185.00/hr | 31.45 |
| 10/31/2005 | CM | Reviewed file correspondence | 0.67 185.00/hr | 123.95 |
|  | CM | Reviewed psychiatric evaluation report by Johnson | 0.50 185.00/hr | 92.50 |
|  | CM | Reviewed 1/5/05 IEP | 0.50 185.00/hr | 92.50 |
|  | CM | Reviewed Educational Assessment by Plowden | 0.50 185.00/hr | 92.50 |
|  | CM | Reviewed speech and language evaluation report by Khabo | 0.50 185.00/hr | 92.50 |

Curtis Williams                                                                                                      Page     2

|  |  |  | Hrs/Rate | Amount |
|---|---|---|---|---|
| 10/31/2005 | CM | Reviewed speech and language evaluation report by Edgehill | 0.50<br>185.00/hr | 92.50 |
| 11/1/2005 | CM | Reviewed Psychological evaluation report by Bargaineer | 0.50<br>185.00/hr | 92.50 |
|  | CM | Reviewed 6/3/04 IEP | 0.50<br>185.00/hr | 92.50 |
|  | CM | Reviewed school records | 0.50<br>185.00/hr | 92.50 |
|  | CM | Reviewed Psychological evaluation report by Bargaineer | 0.50<br>185.00/hr | 92.50 |
|  | CM | Reviewed Psychological evaluation report by Green | 0.50<br>185.00/hr | 92.50 |
|  | CM | Reviewed Psychological evaluation report by Byrd | 0.50<br>185.00/hr | 92.50 |
| 11/21/2005 | CMM | Drafted case status letter to parent with hearing information | 0.50<br>110.00/hr | 55.00 |
|  | CMM | Assisted attorney to prepare disclosure to DCPS | 1.50<br>110.00/hr | 165.00 |
|  | CMM | Phone call to parent to inform and confirm hearing attendance | 0.25<br>110.00/hr | 27.50 |
|  | CW | Prepare disclosure documents for OGC and and SHO in preparation for hearing; conference with paralegal re: filing disclose documents: teleconference with parent and discussed hearing issues | 1.75<br>365.00/hr | 638.75 |
| 11/28/2005 | CW | Reviewed request for due process hearing, IEP, IEP meeting notes, and clinical evaluation in preparation for hearing; drafted witness questions in preparation for due proccess hearing | 2.00<br>365.00/hr | 730.00 |
| 11/29/2005 | CW | Appearance to 825 North Capital for due process hearing to address DCPS' violation of the IDEIA and denial of FAPE | 2.17<br>365.00/hr | 792.05 |
| 12/11/2005 | DH | Draft and send letter to DCPS responding to Letter of Invitation. | 0.33<br>350.00/hr | 115.50 |
| 12/12/2005 | BDL | Drafted letter to parent with copy of the letter of invitation. | 0.50<br>110.00/hr | 55.00 |
| 12/14/2005 | WB | Drafted letter to parent re: case status w/ Confirmation of Meeting Notice for 1/5/06 @ 10:00 am to be held at RCA | 0.42<br>110.00/hr | 46.20 |

Curtis Williams                                                                                    Page    3

|  |  |  | Hrs/Rate | Amount |
|---|---|---|---|---|
| 12/21/2005 | CMM | File Review and sent letter to parent/student | 0.25<br>110.00/hr | 27.50 |
|  | DH | Draft and send letter to DCPS' Office of Mediation and Compliance regarding the status of the student's evaluations, per the terms of the settlement agreement. | 0.33<br>350.00/hr | 115.50 |
| 1/4/2006 | BDL | Drafted letter to parent with copy of the HOD. | 0.50<br>110.00/hr | 55.00 |
|  |  | For professional services rendered | 20.01 | $4,854.60 |
|  |  | Additional Charges : |  |  |
| 10/3/2005 |  | Facsimile(SHO-HR) |  | 7.00 |
|  |  | Copied documents; HR |  | 3.50 |
| 10/5/2005 |  | Postage; letter to parent re: HR. |  | 0.37 |
|  |  | Copied documents; letter to parent |  | 0.50 |
| 10/14/2005 |  | Copied documents; letter to parent |  | 0.50 |
|  |  | Postage; letter to parent re: case transfer |  | 0.37 |
| 11/21/2005 |  | Copied: Disclosure for OGC, SHO and atty. |  | 48.75 |
| 11/22/2005 |  | Postage; letter to parent with HND |  | 0.37 |
|  |  | Messenger Service to and from DCPS (5-day Disclosures) |  | 20.00 |
|  |  | Copied documents; letter to parent |  | 0.50 |
| 11/29/2005 |  | Sedan taxi service to and from  DCPS for hearing.(attny.) |  | 16.00 |
| 11/30/2005 |  | Facsimile Received from DCPS; HOD |  | 5.00 |
|  |  | Copied documents; HOD |  | 5.00 |
| 12/11/2005 |  | Facsimile letter to RCA. |  | 4.00 |
| 12/12/2005 |  | Postage; letter to parent re: case status. |  | 0.60 |
|  |  | Copied documents; letter to parent |  | 0.50 |
| 12/21/2005 |  | Postage; letter to parent |  | 0.37 |
| 1/4/2006 |  | File review preparation of bill and invoice audit |  | 96.88 |

Curtis Williams                                                              Page    4

                                                                           Amount

| 1/4/2006 | Copied: letter for parent re: HOD. | 1.25 |
| | Postage; letter to parent re: HOD. | 0.37 |
| | Total costs | $211.83 |
| | Total amount of this bill | $5,066.43 |