# EXHIBIT 34

*State Education Agency for the District of Columbia*
*State Enforcement and Investigation Division (SEID)*
*Special Education Programs*



# *ADMINISTRATIVE DUE PROCESS*
# *COMPLAINT NOTICE*

- The form is used to give notice of a due process complaint to the **District of Columbia Public Schools, District of Columbia Public Charter Schools (DCPS or LEA) and/or parents** with respect to any matter relating to the identification, evaluation, or educational placement of a child with a disability, or the provision of a free appropriate public education to that child. <u>A party may not have a due process hearing until the party, or the attorney representing the party, files a notice that meets the requirements of the Individuals with Disabilities Education Improvement Act (IDEIA).</u>

- The due process complaint must describe an alleged violation that occurred not more than two (2) years before the date that the parent or school system knew or should have known about the alleged action that is the basis of the complaint.

- Notice must be provided to the Student Hearing Office for the DC Public Schools, 825 North Capitol Street, NE, 8th Floor, Washington, DC 20002; fax number 202/442-5556.

- <u>Unless the other party agrees, the party requesting the due process hearing shall not be allowed to raise issues at the due process hearing that are not raised in this Due Process Complaint Notice.</u> Therefore, please be thorough in providing the information requested.

- Prior to the opportunity for an impartial due process hearing, the Local Educational Agency (LEA) shall convene a meeting **(called a "Resolution Session")** with the parent(s) unless the parent(s) and the Local Educational Agency agree in writing to waive this meeting. You will be contacted by a representative of the Local Educational Agency to schedule the meeting. **The Student Hearing Office does NOT schedule resolution meetings**.

- Mediation is also available to all parties as an alternative to a resolution meeting or a Due Process Hearing.

**A.   INFORMATION ABOUT THE STUDENT:**

Name of the Student: _Tayvon Williams_ Date of Birth: _February 28, 1991_

Address: _2713 Robinson Place, S.E., Apartment #103, Washington, DC 20020_

Present School of Attendance: _Johnson Junior High School_

Parent/Guardian of the Student: __Yolonda Ferguson__

**B.** **Legal Representative/Attorney (if applicable):**

Name: ____John Straus, Esq.____

Address: ____1220 L Street, NW, Suite 700, Washington, DC 20005____

Phone: (w) _202-742-2000_ (Fax) _202-742-2097_ (e-mail) _____

Will attorney / legal representative attend the resolution session?    **X** Yes    ☐ No


**C.** **Complaint Made Against (check all that apply):**

**X** DCPS
☐ Charter school (name of the charter school if different from page one)_____
☐ Non-public school or residential treatment facility (name) _____
☐ Parent


**D.** **Resolution Session Meeting Between Parent and LEA:**

I understand that it is my right to have a resolution meeting to resolve this complaint. I also understand that I may voluntarily waive this right if I choose. (Note: All parties must agree to waive the resolution meeting to avoid having this meeting.)

**X** I wish to waive the Resolution Session Meeting


**E.** **Mediation Process:**

IDEIA requires that any time a party requests a due process hearing, mediation should be offered at no cost to the parent. Both parties can request mediation as an alternative to the Resolution Session Meeting or as an alternative to a Due Process Hearing. Please check all that apply:

**I am requesting an administrative due process hearing only at this time.**


**F.** **Facts and Reasons for the Complaint:**

### I. Nature of the Problem.

DCPS Denied the Student with a Free and Appropriate Public Education by Failing to Comply with the Individuals with Disabilities Education Improvement Act (2004) Pub.

2

L. No. 108-446 Sec. 101, § 614(d)(4)(A)(i)(II). Pursuant to the Individuals with Disabilities Education Improvement Act (2004) Pub. L. No. 108-446 Sec. 101, § 614(d)(4)(A)(i)(II), DCPS "shall ensure that...the IEP team revises the IEP as appropriate..." Pursuant to the Individuals with Disabilities Education Improvement Act (2004) Pub. L. No. 108-446 Sec. 101, § 614(d)(1)(B)(i), "the term 'individualized education program team' or 'IEP Team' means a group of individuals composed of the parents of a child with a disability..."

On June 22, 2005, the IEP team convened. Ms. Ferguson, Tayvon's parent requested that the team reconvene on June 24, 2005. There is nothing in the record that indicates DCPS convened the IEP team meeting on June 24, 2005. A Hearing Oofficer's Determination, dated September 9, 2005 states, in part, "DCPS shall, within fifteen (15) school days of the issuance of this Order, convene a multidisciplinary team / individualized educational program (MDT/IEP) meeting to discuss placement and determine compensatory education and develop a plan if warranted." There is nothing in the record that indicates DCPS convene an MDT/IEP meeting.

## II. Issue presented.

Whether DCPS failed to failed to convene an IEP team meeting upon the parent's request.

## III.    Relief Sought.

1. A finding that DCPS denied the student a Free and Appropriate Public Education (FAPE) by failing to ensure that the IEP team revises the IEP as appropriate.

2. DCPS shall convene an IEP Meeting, to review and revise the IEP and discuss and determine placement where the IEP may be implemented.

3. DCPS, if the student requires placement in a residential facility, will have ten (10) business days to locate an appropriate residential treatment center, issue a Prior Notice of Placement, complete the student's Interstate Compact Agreement, and schedule the student's and mother's transportation arrangements.

4. DCPS, if the student requires placement in a residential treatment facility, agrees to fax to the parent's counsel, a copy of the items identified in the above paragraph.

5. *Harris v. District of Columbia* states that students with disabilities are entitled to compensatory services where they have been "deprived of special education in violation of the IDEA." DCPS shall provide 1:1 tutoring for each day of services Tayvon missed due to DCPS' failure to provide an IEP that is reasonably calculated to provide a free and appropriate public education.

3

6. If DCPS fails to commence the tutoring within thirty (30) calendar days of the development of Tayvon's compensatory education plan, that the complainant shall have the right to get independent tutoring at DCPS' expense.

7. DCPS agrees to pay counsel for the complainant reasonable attorney's fees and related costs incurred in the matter.

8. All meetings shall be scheduled through counsel for the complainant in writing, via facsimile, at 202-742-2098.

9. In the event that the DCPS shall fail to comply with the terms herein, then under the Conciliation Agreement, the parent shall have the authority to use self help without further notice to the DCPS, and initiate an IEP with the DCPS and invited participation, and unilateral placement in an interim school or educational program until such time the DCPS can come into compliance and properly assess, program and/or participate.

10. DCPS shall provide counsel for the parent with copies, pursuant to D.C. MUN. REGS. tit. 5, § 3021.8 (2003), of all evaluation reports and all educational records on the student no later than sixteen (16) business hours prior to the convening of any meeting.

11. DCPS send all notices to counsel for the parent with copies of such to the parent and in the parent's native language.

12. DCPS within ten (10) calendar days of the filing of this complaint, pursuant to the Individuals with Disabilities Education Improvement Act of 2004, Pub. L. No. 108-446, Sec. 101, § 615(c)(2)(B), shall provide the complainant's representative, through John Straus, via facsimile, at 202-742-2098, the following: i) an explanation of why DCPS and proposed or refused to take the action raised in the complaint; ii) a description of other options that the IEP team considered and the reasons why those options were rejected, iii) a description of each evaluation procedure, assessment, record, or report the agency used as the basis for the proposed or refused action, and iv) a description of the other factors that are relevant to the agency's proposed or refused action.

13. In the event DCPS fails to answer/respond to the issues alleged in the parent's administrative due process hearing complaint, within ten (10) calendar days, the arguments and facts as averred by the complainant will be deemed true and accurate and act as a waiver, on the part of DCPS, for their desire to have a Resolution Session Meeting, and the complainant's administrative due process hearing will be scheduled pursuant to the applicable timelines contained in the IDEIA.

14. DCPS, within fifteen (15) calendar days of receiving the complainant's complaint, pursuant to the Individuals with Disabilities Education Improvement Act of 2004,

4

        Pub. L. No. 108-446, Sec. 101, § 615(c)(2)(C), shall respond to the complainant's request alleging any insufficiency of notice.

15.    DCPS' failure to comply with the Individuals with Disabilities Education Improvement Act of 2004, Pub. L. No. 108-446, Sec. 101, § 615(c)(2)(C), and allege any insufficiency of the complainant's administrative due process complaint, will constitute waiver on the part of DCPS and to make such argument at any later date and time.

16.    DCPS, pursuant to the Individuals with Disabilities Education Improvement Act of 2004, Pub. L. No. 108-446, Sec. 101, § 615(f)(1)(B), within fifteen (15) calendar days of receiving the complainant's administrative due process complaint, shall contact the complainant's representative, in writing, via facsimile, at 202-742-2098, to schedule and convene a Resolution Session Meeting.

17.    DCPS, pursuant to the Individuals with Disabilities Education Improvement Act of 2004, Pub. L. No. 108-446, Sec. 101, § 615(f)(1)(B), shall convene the Resolution Session Meeting, with the complainant, the complainant's representative, and all necessary/relevant members of the student's MDT/IEP Team that have specific knowledge about the child and the facts contained in the complaint. That the relevant members of the MDT/IEP Team that shall be present at the Resolution Session Meeting for the student shall include the following persons: 1) the student's special education teacher, 2) the student's regular education teacher, if applicable, 3) a representative of the local education agency with decision making authority, 4) any person(s) who conducted any assessments on the student, and 5) any service providers for the student.

18.    DCPS' failure to timely schedule and convene the Resolution Session Meeting within the timeframe identified according to the Individuals with Disabilities Education Improvement Act of 2004, Pub. L. No. 108-446, Sec. 101, § 615(f)(1)(B) constitute joint waiver between DCPS and the parent;

19.    D.C. Mun. Regs. tit. 5 § 3030.1 provides that the public agency shall ensure that not later than 45 days after the receipt of a request for a hearing, a final decision is reached in the hearing and a copy of the decision is mailed to each of the parties. Should the hearing for this student take place 45 days after the date of this hearing request, DCPS shall be found to have violated the 45-day time line. DCPS shall provide the parent with a due process hearing within 15 calendar days of a request on any issue arising out of the noncompliance with DCPS' obligations hereunder, or any disagreement that the parent may have with the assessments, programming or placement. Such issue will be raised at the hearing with or without an amended hearing request.

20.    Pursuant to D.C. Mun. Regs. tit. 5 § 3000 et. seq., DCPS shall ensure that BP's rights and his complainant's rights are protected, and consistent with the Hearing

5

Officer's preamble to all due process hearing that, "the hearing officer will rule on the evidence as presented at the hearing and will ACT in the BEST INTEREST of the child," and make a ruling consistent with the obligation of DCPS and the hearing officer's responsibility.

21. The hearing officer shall find that the complainant is the prevailing party in this action.

### G. **Accommodations and Assistance Needed:**

Please list any special accommodations you may require for a Resolution Session Meeting/Mediation Conference/Due Process Hearing.

- Interpreter (please specify the type)_____
- Special Communication (please describe the type)_____
- Special Accommodations for Disability (please be specific)_____
- Other_____

### H. **Signature:**

*[signature]*        September 30, 2005
Legal Representative / Advocate (if applicable)        Date

Mail, fax or deliver this complaint notice to:
**State Enforcement and Investigation Division**
**For Special Education Programs (SEID)**
**Student Hearing Office (SHO)**
**825 North Capitol Street, NE, 8th Floor**
**Washington, DC 20002**
**Fax number: 202/442-5556**

# District of Columbia Public Schools
### State Enforcement and Investigation Division
Terry Michael Banks, Due Process Hearing Officer
825 North Capitol Street, N.E.; Room 8076
Washington, D.C. 20002
(571) 437-7381
Facsimile: (202) 442-5556

RECEIVED
DEC 0 6 2005
STUDENT HEARING OFFICE

## Confidential

| | |
|---|---|
| TAYVON WILLIAMS, STUDENT ) | |
| ) | Hearing Date: November 29, 2005 |
| Date of Birth: February 28, 1991 ) | |
| ) | Complaint Filed: October 3, 2005 |
| Petitioner, ) | |
| ) | |
| v. ) | |
| ) | |
| THE DISTRICT OF COLUMBIA ) | |
| PUBLIC SCHOOLS ) | |
| ) | Held at: 825 North Capitol Street, N.E. |
| Respondent. ) | 8th Floor |
| ) | Washington, D.C. 20002 |
| Student Attending: ) | |
| Johnson Junior High School ) | |

## HEARING OFFICER'S DECISION

**Parents:**                  Ms. Yolanda Ferguson, Mother
2713 Robinson Place, S.E.; #103
Washington, D.C. 20020

**Counsel for Petitioner:**    John A. Straus, Esquire
James E. Brown & Associates
1220 L Street, N.W.
Suite 700
Washington, D.C. 20005
(202) 742-2000; Fax: (202) 742-2098

**Counsel for DCPS:**       Karen J. Herbert, Esquire
Office of the General Counsel, DCPS
825 North Capitol Street, N.E.; 9th Floor
Washington, D.C. 20002

An index of names is attached hereto for the benefit of the parties. The index will permit the parties to identify specific witnesses and other relevant persons. The index is designed to be detached before release of this Decision as a public record.

## INDEX OF NAMES

| Child's Name | Tayvon Williams |
|---|---|
| Child's Parent(s) (specific relationship) | Yolanda Ferguson, Esquire |
| Child/Parent's Representative | John A. Straus, Esquire |
| School System's Representative | Karen J. Herbert, Esquire |

**Jurisdiction**

This hearing was conducted in accordance with the rights established under the Individuals With Disabilities Education Improvement Act of 2004 ("IDEA"), 20 U.S.C. Sections 1400 et seq., Title 34 of the Code of Federal Regulations, Part 300; Title V of the District of Columbia ("District" or "D.C.") Municipal Regulations ("DCMR"), re-promulgated on February 19, 2003; and Title 38 of the D.C. Code, Subtitle VII, Chapter 25.

**Introduction**

Petitioner is a fourteen year-old student attending Johnson Junior High School ("Johnson"). On October 3, 2005, Petitioner filed a Due Process Complaint ("*Complaint*") alleging that the District of Columbia Public Schools ("DCPS") had failed to convene an a Individualized Education Program ("IEP") meeting. The due process hearing was convened on November 29, 2005. The parties' Five Day Disclosure Notices were admitted into evidence. Neither party offered testimonial evidence. The parties agreed to relief for Petitioner as is described in the Findings of Fact below.

**Findings of Fact**

1. Petitioner is a fourteen year-old student attending Johnson.[1]

2. During the hearing, the parties agreed to the following relief for Petitioner:

    A. On or before December 23, 2005, DCPS shall complete a functional behavior assessment ("FBA") and convene a Multidisciplinary Team ("MDT") meeting to review all current evaluations, update Petitioner's IEP, discuss placement alternatives as necessary, and to discuss Petitioner's need for compensatory education services. DCPS shall forward a copy of the FBA to Petitioner's counsel no later than 48 hours prior to the MDT meeting.
    B. DCPS shall coordinate scheduling all meetings through Petitioner's counsel.
    C. Any delay in meeting any of the deadlines attributable to Petitioner will extend DCPS' deadlines on a day-for-day basis.

**Conclusions of Law**

The parties' agreement is in Petitioner's best interests and its terms will be substantially included in the order below.

---

[1] *Complaint* at 1.

3

## ORDER

Upon consideration of Petitioner's request for a due process hearing, the parties' Five Day Disclosure Notices, and the representations of the parties' counsel at the hearing, this 6th day of December 2005, it is hereby

**ORDERED**, that on or before December 23, 2005, DCPS shall complete an FBA and convene an MDT meeting to review all current evaluations, update Petitioner's IEP, discuss placement alternatives as necessary, and to discuss Petitioner's need for compensatory education services. DCPS shall forward a copy of the FBA to Petitioner's counsel no later than 48 hours prior to the MDT meeting. DCPS will coordinate scheduling the MDT meeting, and any meeting in which Petitioner's placement is discussed or determined, with Petitioner's counsel, John A. Straus, Esquire, (202) 742-2000.

**IT IS FURTHER ORDERED**, that in the event the MDT determines that a change in placement is warranted, DCPS shall afford Petitioner's parent an opportunity to participate in any meeting in which Petitioner's placement is discussed or determined. The DCPS placement representative shall advise Petitioner's parent of the advantages and disadvantages for Petitioner with respect to each school that is discussed, including any schools proposed by the parent. DCPS shall provide Petitioner's parent an explanation for the placement DCPS proposes, and the reasons for the proposal shall be provided in the Meeting Notes. DCPS shall issue a Prior Notice within seven days of the MDT meeting if Petitioner is placed in a public facility or within 30 days if Petitioner is placed in a private facility.

**IT IS FURTHER ORDERED**, that in the event of DCPS' failure to comply with the terms of this Order, Petitioner's counsel will contact the Special Education Coordinator at Johnson and the DCPS Office of Mediation & Compliance to attempt to bring the case into compliance prior to filing a hearing request alleging DCPS' failure to comply.[2]

**IT IS FURTHER ORDERED**, that any delay in meeting any of the deadlines in this Order because of Petitioner's absence or failure to respond promptly to scheduling requests, or that of Petitioner's representatives, will extend the deadlines by the number of days attributable to Petitioner or Petitioner's representatives. DCPS shall document with affidavits and proofs of service for any delays caused by Petitioner or Petitioner's representatives.

**IT IS FURTHER ORDERED**, that this Order is effective immediately.

---

[2] If DCPS fails to contact counsel for Petitioner to coordinate scheduling the MDT meeting by a date that would make compliance with this Order feasible, the hearing officer expects Petitioner's counsel to initiate telephone calls and electronic correspondence to attempt to effect compliance within the timelines set out herein.

Notice of Right to Appeal Hearing Officer's Decision and Order

This is the final administrative decision in this matter. Any party aggrieved by the findings and/or decision may bring a civil action in any state court of competent jurisdiction or in a district court of the United States without regard to the amount in controversy, in accordance with 20 U.S.C. Section 1415(i)(2)(A) within thirty days of the entry of the Hearing Officer's Decision.[3]

　　　　　　　　　　　　　　　　　　　　_____
　　　　　　　　　　　　　　　　　　　　Terry Michael Banks
　　　　　　　　　　　　　　　　　　　　Hearing Officer

Date: December 6, 2005

Issued: 12-07-05

Copies to:

John A. Straus, Esquire
James E. Brown & Associates
1220 L Street, N.W.
Suite 700
Washington, D.C. 20005
(202) 742-2000; Fax: (202) 742-2098

Karen J. Herbert, Esquire
Office of the General Counsel, DCPS
825 North Capitol Street, N.E.; 9th Floor
Washington, D.C. 20002

---

[3] See *Amman v. Town of Stow*, 991 F.2d 929, 931(1st Cir. 1993) (since the IDEA does not set a time limit for lawsuits brought under its terms, the district court must "borrow" the most analogous statute of limitations under state law); *Spiegler v. District of Columbia*, 866 F.2d 461, 463-64 (D.C. Cir. 1989)(borrowing a 30-day limitations period for review of agency orders and applying it to an appeal from a decision under the predecessor to IDEA). In the District of Columbia, the Rules of the Board of Education do not prescribe a time limit for bringing the civil action authorized by the IDEA and the Board's Regulations, 5 D.C.M.R. Section 3032.5. The D.C. Administrative Procedures Act defers to the District of Columbia Court of Appeals to set the limitation period for filing an appeal from a final agency action. D.C. Code §2-510(a). Under the Court's rules, a petition for review of an agency order must be filed within thirty days. D.C. Ct. App. Rule 15(a).

5



# District of Columbia Public Schools
OFFICE OF GENERAL COUNSEL
825 North Capitol Street NE, 9th Floor
Washington, DC 20002-1994
Phone – 202-442-5000, Fax – 202-442-5098

## APPLICATION FOR PAYMENT OF ATTORNEY FEES AND COSTS
## PURSUANT TO THE INDIVIDUALS WITH DISABILITIES EDUCATION ACT

1. **Attorney Information**
   Law Firm: JAMES E. BROWN & ASSOCIATES, PLLC
   Attorney: JAMES E. BROWN
   Federal Tax ID No.: 52-1500760
   D.C. Bar No.: 61622

2. **Student Information**
   Name: Tayvon Williams
   DOB: 2/28/91
   Date of Determination (HOD/SA): 12/7/05
   Parent/Guardian Name: Yolanda Ferguson
   Parent/Guardian Address: 2713 Robinson Pl., SE, #103, 20020
   Current School: Johnson JHS
   Home School: Johnson JHS

3. **Invoice Information**
   Invoice Number: 06-024
   Date Request Submitted: 1/12/06
   Date(s) Services Rendered: 9/21/05 to 12/19/05
   Amount of Payment Request: $ 4,278.02

4. **Certification (must be signed by principal attorney)**

I certify that all of the following statements are true and correct:

- all services listed on the enclosed invoices were actually performed;
- the entire amount requested on the enclosed invoice for payment of costs and expenses represents the actual amount of costs and expenses incurred;
- the District of Columbia Public Schools is the sole entity from which payment of the fees, costs and expenses itemized on the enclosed invoice is requested;
- no attorney or law firm who either (1) provided services listed on the enclosed invoice, or (2) will benefit from any monies paid as a result of the submission of the enclosed invoice, has a pecuniary interest, either through an attorney, officer or employee of the firm, in any special education diagnostic services, schools, or other special education service providers;
- I understand that the making of a false statement to an agency of the DC Government is punishable by criminal penalties pursuant to D.C. Code §22-2405.

_/s/ James E. Brown_      January 12, 2006
Signature               Date

# LEGEND

### ATTORNEYS

| | |
|---|---|
| JEB | James E. Brown, Esq. |
| DH | Domiento Hill, Esq. |
| CW | Christopher West, Esq. |
| BM | Brenda McAllister, Esq. |
| RG | Roberta Gambale, Esq. |
| MH | Miguel Hull, Esq. |
| RR | Rachel Rubenstein, Esq. |
| JF | Juan Fernandez, Esq. |
| CB | Christina Busso, Esq. |
| JS | John Straus, Esq. |
| RN | Roxanne Neloms, Esq. |
| TG | Tilman Gerald, Esq. |
| DSM | Delores Scott McKnight, Esq. |
| ML | Marshall Lammers, Esq. |

### PARALEGALS and LAW CLERKS

| | |
|---|---|
| AAG | Aracelly A. Gonzalez |
| DP | David Proctor |
| BDL | Blanca De La Sancha |
| SB | Sara Benkharafa |
| WB | Williams Bautista |
| YA | Yamileth Amaya |
| CMM | Claudia M. Martinez |
| HR | Heidi Romero |
| KD | Kelly Dau |
| MT | Michele Torry, BA, L. Cert. |
| TB | Tamika Beasley |

### ADVOCATES

| | |
|---|---|
| MM | Michelle Moody, MA |
| CS | Cheron Sutton-Brock, MA |
| KC | Kevin Carter, MA |
| SM | Sharon Millis, M. Ed. |
| CM | Carolyn Monford, MA |
| GMH | Garfield Mark Holman, MA |
| RB | C. Robin Boucher, Ph.D. |
| TS | Tamieka A. Skinner, MA |
| CP | Carrie Pecover, MA |
| CG | Comesha Griffin, MS |
| WD | William Daywalt, M. Ed. |
| DD | Donte Davis |
| CF | Carlos Fernandez, MA,JD |

### OUT OF POCKET COSTS

| | |
|---|---|
| FAX | Facsimile @ $1.00 per page |
| COP | Reproduction @ $0.25 per page |
| TRN | Transportation @ actual taxi cost |
| TEL | Long Distance Telephone @ actual cost |
| PAR | Parking @ actual cost |
| MES | Messenger/Express Mail @ actual cost |
| POS | Postage @ actual cost |

James E. Brown & Associates, PLLC
A Professional Limited Liability
Company
1220 L Street, NW Suite 700
Washington, DC 20005


Invoice submitted to:
Tayvon D. Williams
Yolanda Ferguson
2713 Robinson Place SE
Apt # 103
Washington DC 20020


January 04, 2006
In Reference To:    Tayvon D. Williams
                    DOB: 4/28/91
                    School: Johnson JHS

Invoice #11155

  Professional Services

|  |  |  | Hrs/Rate | Amount |
|---|---|---|---|---|
| 9/21/2005 | JS | Draft letter to Ms. Jennings, Special Education Coordinator, Johnson Junior High School regarding IEP meeting. | 0.33<br>365.00/hr | 120.45 |
| 9/30/2005 | JS | Phone call to parent regarding hearing request | 0.17<br>365.00/hr | 62.05 |
|  | JS | Prepared and file due process hearing request to DCPS | 2.00<br>365.00/hr | 730.00 |
|  | WD | Reviewed file and sent letter to DCPS requesting observation. | 2.00<br>185.00/hr | 370.00 |
| 10/3/2005 | DP | Drafted letter to parent regarding pending observation of student. | 0.50<br>110.00/hr | 55.00 |
|  | JS | Reviewed letter to parent | 0.08<br>365.00/hr | 29.20 |
| 10/6/2005 | WD | Reviewed file prior to observation. | 1.00<br>185.00/hr | 185.00 |
| 10/11/2005 | JS | Reviewed letter to parent | 0.08<br>365.00/hr | 29.20 |
|  | HR | Drafted letter to parent regarding hearing request filed by this office with DCPS. | 0.52<br>110.00/hr | 57.20 |
| 11/15/2005 | DP | Drafted letter to parent regarding hearing notice. | 0.42<br>110.00/hr | 46.20 |

Tayvon D. Williams                                                                              Page    2

|  |  |  | Hrs/Rate | Amount |
|---|---|---|---|---|
| 11/15/2005 | JS | Reviewed letter to parent | 0.08<br>365.00/hr | 29.20 |
| 11/18/2005 | DP | Assisted attorney to prepare disclosure to DCPS. | 1.50<br>110.00/hr | 165.00 |
|  | JS | Reviewed the student's educational file, prepared and send 5-day disclosure to the DCPS attorney advisor assigned to the case and the DCPS office of student hearings. | 1.50<br>365.00/hr | 547.50 |
| 11/28/2005 | JS | Prepared for Due Process Hearing | 2.00<br>365.00/hr | 730.00 |
| 11/29/2005 | JS | Conduct final review of the student's educational file, conduct last minute educational research, conduct final review of DCPS's five day disclosures, review questions for direct, possible redirect, and possible cross, review opening and closing statements, and conduct final witness preparation with the parent and educational advocate for the student's upcoming administrative due process hearing and appear at the student's administrative due process hearing. | 2.50<br>365.00/hr | 912.50 |
| 12/19/2005 | DP | Drafted letter to parent regarding hearing officer's determination sent to this office from DCPS. | 0.50<br>110.00/hr | 55.00 |
|  | JS | Reviewed letter to parent | 0.08<br>365.00/hr | 29.20 |
|  |  | For professional services rendered | 15.26 | $4,152.70 |

Additional Charges :

| 9/30/2005 | Facsimile: HR to SHO. | 7.00 |
|---|---|---|
|  | Facsimile: Letter to OGC. | 4.00 |
|  | Facsimile: letter to school. | 2.00 |
| 10/3/2005 | Postage; letter to parent re: observation notice. | 0.37 |
|  | Copied documents; letter to parent | 0.50 |
| 10/11/2005 | Postage; letter to parent re: hearing request. | 0.60 |
|  | Copied documents; letter to parent | 0.50 |
| 11/15/2005 | Postage; letter to parent re: hearing notice. | 0.37 |
|  | Copied documents; letter to parent | 0.50 |
| 12/7/2005 | Facsimile Received from DCPS; HOD | 6.00 |

Tayvon D. Williams                                                                                                    Page    3

|            |                                                    | Amount   |
|------------|----------------------------------------------------|----------|
| 12/7/2005  | Copied documents: HOD                              | 6.00     |
| 12/19/2005 | File review preparation of bill and invoice audit  | 96.88    |
|            | Postage; HOD to parent                             | 0.60     |
|            | **Total costs**                                    | $125.32  |
|            | **Total amount of this bill**                      | $4,278.02|