# EXHIBIT 35

*State Education Agency for the District of Columbia*
*State Enforcement and Investigation Division (SEID)*
*Special Education Programs*



# ADMINISTRATIVE DUE PROCESS COMPLAINT NOTICE

- The form is used to give notice of a due process complaint to the **District of Columbia Public Schools, District of Columbia Public Charter Schools (DCPS or LEA) and/or parents** with respect to any matter relating to the identification, evaluation, or educational placement of a child with a disability, or the provision of a free appropriate public education to that child. **A party may not have a due process hearing until the party, or the attorney representing the party, files a notice that meets the requirements of the Individuals with Disabilities Education Improvement Act (IDEIA).**

- The due process complaint must describe an alleged violation that occurred not more than two (2) years before the date that the parent or school system knew or should have known about the alleged action that is the basis of the complaint.

- Notice must be provided to the Student Hearing Office for the DC Public Schools, 825 North Capitol Street, NE, 8th Floor, Washington, DC 20002; fax number 202/442-5556.

- Unless the other party agrees, the party requesting the due process hearing shall not be allowed to raise issues at the due process hearing that are not raised in this Due Process Complaint Notice. Therefore, please be thorough in providing the information requested.

- Prior to the opportunity for an impartial due process hearing, the Local Educational Agency (LEA) shall convene a meeting (called a **"Resolution Session"**) with the parent(s) unless the parent(s) and the Local Educational Agency agree in writing to waive this meeting. You will be contacted by a representative of the Local Educational Agency to schedule the meeting. **The Student Hearing Office does NOT schedule resolution meetings.**

- Mediation is also available to all parties as an alternative to a resolution meeting or a Due Process Hearing.

## A.  INFORMATION ABOUT THE STUDENT:

Name of the Student:  _LaPierre Wilson_  Date of Birth: July 1st, 1991

Address: 3439 Stanton Road, SE, Washington, DC 20020

Present School of Attendance: Johnson Junior High School

Parent/Guardian of the Student: ____Ms. Delores Wilson__

**B.** **Legal Representative/Attorney (if applicable):**

Name: ____Roxanne Neloms, Esq.____

Address: ____1220 L Street, NW, Suite 700, Washington, DC 20005_____

Phone: (w) _202-742-2000_ (Fax) _202-742-2097_ (e-mail) _____

Will attorney / legal representative attend the resolution session?    **X** Yes    ☐ No

**C.** **Complaint Made Against (check all that apply):**

**X** DCPS school (name of the school if different from page one)
☐Charter   school   (name   of   the   charter   school   if   different   from   page
one)_____
☐Non-public        school        or        residential        treatment        facility        (name)
_____
☐Parent

**D.** **Resolution Session Meeting Between Parent and LEA:**

**X** I wish to waive the Resolution Session Meeting.

**E.** **Mediation Process:**

**I am requesting an administrative due process hearing only at this time.**

**F.** **Facts and Reasons for the Complaint:**

### I.  Nature of the Problem.

1.  <u>DCPS Denied the Student with a Free and Appropriate Public Education by Failing to Comply with the Order of the Independent Hearing Officer Dated April 1st, 2005, and Reconvene the Student's MDT/IEP Meeting to do, Among Other Things, Review the Student's Evaluations, Review and Revise the Student's IEP as Appropriate, Discuss and Determine Placement, and Discuss and Determine Compensatory Education.</u> An administrative due process hearing was held for the student on March 23rd, 2005. As a result of that hearing, the impartial due process hearing officer presiding over that matter, issued a decision, on or about April 1st, 2005, in which DCPS was ordered to do, among other things, in the event they failed to conduct the student's functional behavioral assessment, psycho-educational, and clinical psychological: 1) fund the evaluations independently; and 2) within fifteen (15) school days of its receipt of the last of the evaluations, reconvene the student's MDT/IEP Meeting, to review the evaluations, revise and update the student's IEP as necessary, discuss placement, and

2

discuss and determine the student's right to compensatory education. *See* Order dated April 1st, 2005.

The parent, as a result of DCPS' failure to conduct the evaluations, pursuant to the order, secured independent assessments.   The student's independent psycho-educational evaluation was conducted on May 12th, 2005, the student's independent functional behavior assessment was conducted on or about June 23rd, 2005, and the student's clinical psychological evaluation was conducted on or about September 7th, 2005.

Copies of the student's psycho-educational and functional behavior assessment were forwarded to the DCPS Office of Mediation and Compliance on or about June 28th, and August 23rd.  *See* Correspondence dated June 28th, 2005, and August 23rd, 2005.

The student's clinical psychological evaluation was forwarded to DCPS On September 19th, 2005. See Correspondence dated September 19th, 2005. Counsel for the parent, in the letter of September 19th, 2005, also requested from DCPS that the appropriate persons from DCPS contact him to reconvene the student's MDT/IEP Meeting, within the timeframe provided by the impartial due process hearing officer, in his order. Id. Counsel for the parent received no response to this letter.

A second letter was sent by the parent's counsel on or about September 29th, 2005. See Correspondence dated September 29th, 2005.  In that letter, counsel for the parent notified DCPS that the parent intended to file an administrative due process hearing request if DCPS failed to comply with the order and reconvene the student's MDT/IEP Meeting by October 10th, 2005. Id.  DCPS, for a second time, failed to respond.  To date, DCPS has yet to make any attempts to comply with the order of April 1st, 2005.

2.  DCPS Denied the Student with a Free and Appropriate Public Education by Develop an Appropriate Individualized Educational Program for the Student.  According to the IDEIA § 614, DCPS, as the local and state education agency, is responsible for ensuring that all students who are eligible to receive special education and its related services have an appropriate IEP in place.  In the instant matter it is clear DCPS has failed to comply with the requirements of the statute.

Here, the student, according to a several evaluations, is eligible to receive special education and its related services as a student with a emotional disturbance, and possibly a learning disability.  DCPS, despite being in possession of some of the evaluations for several months, has yet to develop an appropriate Individualized Educational Program for the student as ordered in the April 1st, 2005 hearing officer's determination.  DCPS' failure to develop an appropriate IEP amounts to a denial of a Free and Appropriate Public Education.

3.  DCPS Denied the Student with a Free and Appropriate Public Education by Failing to Develop a Behavior Intervention Plan, as Part of the Student's IEP as Required under

IDEIA § 614 (d)(3)(B)(i). According to the IDEIA § 614 (d)(3)(B)(i), DCPS as the state and local education agency, is to make certain that appropriate IEPs are developed for all student eligible to receive special education and its related services. This necessarily includes the develop of a behavior intervention plan when the child's behavior impedes the child's learning or the learning of other students. In the instant matter, it is clear DCPS has failed to do this.

Specifically, a clinical psychological evaluation was conducted on the student on or about September 7th, 2005.   In the clinical psychological evaluation it was recommended that the student, as part of his individualized educational program, and due to the fact the student's negative behavior impedes not only his learning, but ht learning of other student's, as part of his IEP, ave a behavior intervention plan.  See clinical psychological evaluation dated September 7th, 2005.  To date, DCPS has yet to develop a behavior intervention program for the student.

4.  DCPS Denied the Student with a Free and Appropriate Public Education by Failing to Have the Student Placed in an Appropriate Special Education Program. DCPS, according to the IDEIA § 614 is required to have a student, who requires special education and its related services, in an appropriate special education program that can meet his needs. The student's current placement at Johnson Junior High School is an inappropriate placement for the student.

Here, the student, for several years now, has been attending Johnson Junior High School. The student's tenure at Johnson Junior High School has been marked with much turmoil. Specifically, the student, since last school year has been repeatedly suspended for well over twenty (20) school days, for behavior that was considered inappropriate. Most recently, a clinical psychological evaluation was conducted on the student in which it was recommended that the student, in order to gain academic benefit, be placed in a small highly structured, therapeutic educational environment where the student will be able to access the curriculum. Johnson Junior High School does not have that type of environment.  Johnson Junior High School does not offer a small highly structured environment, therapeutic environment that the student requires.

5.  DCPS Denied the Student with a Free and Appropriate Public Education by Failing to Provide the Student With His Necessary Special Education Instruction and Related Services. Compensatory education is generally defined as educational services above and beyond the services normally due a student under his state's education law. While compensatory education is not a remedy expressly identified in the IDEA courts have routinely awarded it in appropriate circumstances by exercising their authority under 20 U.S.C. § 1415 (I)(2)(B)(ii) to "grant such relief as the court determines appropriate." See Pihl v. Massachusetts Department of Education, 18 IDELR 668 (1st Cir.  1993); Burr v. Ambach, 1988-89 EHLR 441:314 (2d Cir. 1988); Lester H.  by Octavia P. v. Gilhool, 16 EHLR 1354 (3d Cir.  1990); Hall v. Knott County Board of Education, 18 EDELR 192 (6th Cir. 1991); Parents of Student W v. Puyallup School District No.  3, 21IDELR 723 (9th Cir. 1994); Jefferson County

4

Board of Education v. Green, 1987-88 EHLR 559:144 (N.D. Ala. 1987); Harris v. District of Columbia, 19 IDELR 105 (D.D.C. 1992); McManus v. Wilmette Sch. Dist. 39 Bd. Of Educ., 19 IDELR 485 (N.D. Ill. 1992); and Burlington School Committee v. Massachusetts Department of Education, 1984-85 EHLR 556:389 (1985).

Furthermore, courts have found compensatory education appropriate to make up periods when a student has been inappropriately placed or denied services. See, e.g., Manchester Sch. Dist. v. Christopher B., 20 IDELR 389 (D.N.H. 1992). The length of time of the compensatory education award commonly equals the length of the inappropriate placement or denial of services, measured in weeks, months or even years. In Manchester, the court found the student was entitled to two and one-half years of compensatory education for his being inappropriately placed for two and one-half years. Simply put, compensatory education is an appropriate remedy when a student has been denied FAPE in the past.

Here, the student, since the start of the 2003-2004 school year, has failed to receive most, if any of his special education instruction and related services. Indeed, one of the student's suspensions by DCPS was for 180 days. As a result, the student missed much of his special education instruction and related services. To date, because DCPS has failed to timely evaluate, reconvene, revise and update the student's IEP as necessary, the student has missed a tremendous amount of special education instruction and related services. DCPS' failure to provide the student with his necessary special education instruction and related services amounts to a denial of a FAPE.

## II. Issues presented.

1.  Whether or Not DCPS Denied the Student a Free and Appropriate Public Education by Failing to Comply With the April 1st, 2005;

2.  Whether or Not DCPS Denied the Student a Free and Appropriate Public Education by Failing to Develop an Appropriate IEP for the Student;

3.  Whether or Not DCPS Denied the Student a Free and Appropriate Public Education by Failing to Comply With the April 1st, 2005;

4.  Whether or Not DCPS Denied the Student a Free and Appropriate Public Education by Failing to Have the Student Placed in an Appropriate Special Education Program; and

5.  Whether or Not DCPS Denied the Student a Free and Appropriate Public Education by Failing to Timely Provide the Student with His Necessary Special Education Instruction and Related Services.

**Relief Sought.**

**WHEREFORE**, the parent, by and through counsel, pursuant to the Conciliation Agreement entered into on May 12th, 1981 between the U.S. Department of Education and the District of Columbia Public Schools, hereby requests the following relief:

1. A finding that DCPS Denied the Student a Free and Appropriate Public Education by Failing to Comply With the April 1st, 2005;

2. A finding that DCPS Denied the Student a Free and Appropriate Public Education by Failing to Develop an Appropriate IEP for the Student;

3. A finding that DCPS Denied the Student a Free and Appropriate Public Education by Failing to Comply With the April 1st, 2005;

4. A finding that DCPS Denied the Student a Free and Appropriate Public Education by Failing to Have the Student Placed in an Appropriate Special Education Program;

5. A finding that DCPS Denied the Student a Free and Appropriate Public Education by Failing to Timely Provide the Student with His Necessary Special Education Instruction and Related Services;

6. DCPS agrees to fund the student, with transportation, for the remainder of the 2005-2006 School Year, at the Phillips School of Laurel, the Accotink Academy, or the Frost School;

7. DCPS, within ten (10) calendar days agrees to reconvene the student's SEP/MDT/IEP Meeting, at the student's interim placement, to determine what evaluations, if any, are needed for the student, revise and complete an interim IEP for the student, and discuss and determine what amount of compensatory education if any, the student is owed;

8. DCPS, if the student is recommended to receive additional evaluations at the SEP/MDT/IEP Meeting, agrees to fund all recommended evaluations for the student;

9. DCPS, within five (5) business days upon receipt of the last of the evaluations, agrees to reconvene the student's MDT/IEP Meeting, at the student's current school, to review the student's evaluations, revise and update the student's IEP as necessary, and discuss and determine what amount of compensatory education, if any, the student is owed;

10. DCPS agrees to fund all compensatory education for the student that is recommended at the MDT/IEP Meeting;

6

11. All meetings shall be scheduled through counsel for the parent, Roxanne Neloms, Esq. or Domiento C.R. Hill, Esq., in writing, via facsimile, at 202-742-2097 or 202-742-2098;

12. DCPS will be given a day for day extension for any delay caused by the parent, the student, counsel for the parent, or the parent's educational advocate;

13. Provide the student with a due process hearing within 20 calendar days of a request on any issue arising out of the noncompliance with the DCPS' obligation hereunder, or any disagreement with the assessment, programming or placement the parent may have;

14. In the event that the DCPS shall fail to comply with the terms herein, then under the Conciliation Agreement, the parents shall have the authority to use self help without further notice to the DCPS, and initiate an IEP with the DCPS' invited participation, and unilateral placement in an interim school or educational program until such time the DCPS can come into compliance and properly assess, program and/or participate;

15. The DCPS shall ensure that this student has available a Free and Appropriate Public Education including special education, transportation (5 DCMR 3000.3), and Other related services as are defined at 34 C.F.R. 300.7; Assistance to States for the Education of Children with Disabilities, 70 Fed. Reg. 35782, 35836 (June 21, 2005) (to be codified at 34 C.F.R. pt. 300), designed to meet this student's unique needs and preparation for employment and independent living;

16. Send all notices to counsel for the parent with copies of such to the parent and in the parent's native language;

17. That DCPS within ten (10) calendar days of the filing of this complaint, pursuant to the Individuals with Disabilities Education Improvement Act of 2004, Pub. L. No. 108-446, Sec. 101, § 615(c)(2)(B), provide the parents' representative, Roxanne Neloms, Esq., via facsimile, at 202-742-2097 or 202-742-2098, the following: i) an explanation of why DCPS proposed or refused to take the action raised in the complaint; ii) a description of other options that the IEP team considered and the reasons why those options were rejected, iii) a description of each evaluation procedure, assessment, record, or report the agency used as the basis for the proposed or refused action, and iv) a description of the other factors that are relevant to the agency's proposed or refused action;

18. That DCPS, in the event they fail to answer/respond to the issues alleged in the parent's administrative due process hearing complaint, within ten (10)

7

calendar days, the arguments and facts as averred by the parent will be deemed true and accurate and act as a waiver, on the part of DCPS, for their desire to have a Resolution Session Meeting, and the parent's administrative due process hearing will be scheduled pursuant to the applicable timelines contained in the IDEIA;

19. That DCPS, within fifteen (15) calendar days of receiving the parent's complaint, pursuant to the Individuals with Disabilities Education Improvement Act of 2004, Pub. L. No. 108-446, Sec. 101, § 615(c)(2)(C), respond to the parent's request   alleging any insufficiency of notice;

20. That DCPS' failure to comply with the Individuals with Disabilities Education Improvement Act of 2004, Pub. L. No. 108-446, Sec. 101, § 615(c)(2)(C), and allege any insufficiency of the parent's administrative due process complaint, will constitute waiver on the part of DCPS to make such argument at any later date and time;

21. That DCPS, pursuant to the Individuals with Disabilities Education Improvement Act of 2004, Pub. L. No. 108-446, Sec. 101, § 615(f)(1)(B), within fifteen (15) calendar days of receiving the parent's administrative due process complaint, shall contact the parent's representative, in writing, via facsimile, at 202-742-2097 or 202-742-2098, to schedule and convene a Resolution Session Meeting;

22. That DCPS, pursuant to the Individuals with Disabilities Education Improvement Act of 2004, Pub. L. No. 108-446, Sec. 101, § 615(f)(1)(B), convene the Resolution Session Meeting, with the parent, the parent's representative, and all necessary/relevant members of the student's MDT/IEP Team that have specific knowledge about the child and the facts contained in the complaint. That the relevant members of the MDT/IEP Team that shall be present at the Resolution Session Meeting for the student shall include the following persons:   1) the student's special education teacher; 2) a representative of the local education agency with decision making authority, 3) a person who can interpret the data, 4) any person(s) who conducted any assessments on the student, and 5) any service providers for the student at Johnson Junior High School;

23. That DCPS' failure to timely schedule and convene the Resolution Session Meeting within the timeframe identified according to the Individuals with Disabilities Education Improvement Act of 2004, Pub. L. No. 108-446, Sec. 101, § 615(f)(1)(B) constitute joint waiver between DCPS and the parent to have such meeting and the forty-five (45) days timeline to schedule the student's administrative due process hearing and receive a timely decision will begin to run upon written notice, via facsimile, at 202-442-5556, to the DCPS Office of Student Hearings, by the parent's counsel; and

24. A finding that the parent is the prevailing party in this action.

## G.    Accommodations and Assistance Needed:

Please list any special accommodations you may require for a Resolution Session Meeting/Mediation
Conference/Due Process Hearing.

- Interpreter             (please             specify             the type)_____
- Special        Communication        (please        describe        the type)_____
- Special        Accommodations        for        Disability        (please        be specific)_____
- Other_____

## H.    Signature:

_Roxanne Nelong DM_     _10/11/05_
Legal Representative / Advocate (if applicable)     Date

**Mail, fax or deliver this complaint notice to:**
**State Enforcement and Investigation Division**
**For Special Education Programs (SEID)**
**Student Hearing Office (SHO)**
**825 North Capitol Street, NE, 8th Floor**
**Washington, DC 20002**
**Fax number: 202/442-5556**

9

```
**********************
***   TX REPORT   ***
**********************

TRANSMISSION OK

TX/RX NO              2968
CONNECTION TEL                    92024425556
CONNECTION ID
ST. TIME              10/11 16:56
USAGE T               01'29
PGS. SENT               10
RESULT                OK
```

## James E. Brown & Associates, PLLC
### *A Professional Limited Liability Company*

| | | |
|---|---|---|
| James E. Brown | Attorneys at Law | Tilman L. Gerald |
| Domiento C.R. Hill ◊ | 1220 L Street, NW | Roxanne D. Neloms |
| Roberta Gambale | Suite 700 | John A. Straus |
| Miguel A. Hull | Washington, DC 20005 | Dolores Scott McKnight |
| Christopher L. West | Telephone: (202) 742-2000 | Marshall Lammers |
| Juan J. Fernandez! | Facsimile: (202) 742-2098 | |

e-mail: Admin@Jeblaw.biz

! Admitted in Bolivia Or

# *FAX COVER SHEET*

TO: Sharon Newsome, Scheduling Coordinator, Office of Student Hearings, DCPS

FROM: Domiento C.R. Hill, Esq. for Roxanne Neloms, Esq.

DATE:   October 11th, 2005

FAX NO: 202-442-5556

SUBJECT: L.W., DOB: 7/1/91

NUMBER OF PAGES, INCLUDING FAX COVER SHEET: 10

COMMENTS: Administrative due process hearing request. Response to Letter of Invitation.

**STATEMENT OF CONFIDENTIALITY:**
The information contained in this electronic message and any attachments to this message are intended for the exclusive use c the addressee(s) and may contain confidential or privileged information. If you are not the intended recipient, please notify James t Brown and Associates, PLLC immediately at (202) 742-2000, and destroy all copies of this message and any attachments.

# DISTRICT OF COLUMBIA PUBLIC SCHOOLS
## *State Enforcement and Investigative Division*
## <u>CONFIDENTIAL</u>

### Charles R. Jones, Esq., Due Process Hearing Officer
825 North Capitol Street, N.E. 8th Floor
Washington, D.C. 20002
Facsimile: (202) 442-5556

| | | |
|---|---|---|
| **In the Matter of** | ) | IMPARTIAL DUE PROCESS |
| | ) | |
| **LaPIERRE WILSON, Student,** | ) | HEARING OFFICER'S DECISION |
| **Date of Birth: 07-01-91** | ) | |
| | ) | |
| . **Petitioner,** | ) | Hearing Date: December 7, 2005 |
| | ) | |
| **vs.** | ) | |
| | ) | Held at: 825 North Capitol Street, NE |
| **The District of Columbia Public Schools,** | ) | Eighth Floor |
| **Attending: Johnson Junior High School** | ) | Washington, D.C. 20002 |
| **Respondent.** | ) | |

### <u>SETTLEMENT ORDER</u>

| | |
|---|---|
| **Parent(s):** | Ms. Delores Wilson<br>3439 Stanton Road, SE<br>Washington, D.C. 20020 |
| **Counsel for Parent:** | Marshall Lammers, Esq.<br>James E. Bown & Associates, PLLC<br>1220 L. Street, N.W.<br>Suite 700<br>Washington, D.C. 20005 |
| **Counsel for School:** | Karen Jones-Herbert, Attorney- Advisor<br>Office of the General Counsel, DCPS<br>825 North Capitol Street, N.E., 9th Floor<br>Washington, D.C. 20002 |

DC PUBLIC SCHOOL SYSTEM
2005 DEC 13 PM 1: 14

# HEARING OFFICER'S DECISION

## DISTRICT OF COLUMBIA PUBLIC SCHOOLS
### *State Enforcement and Investigative Division*

### Special Education Due Process Hearing

## I. INTRODUCTION

On October 12, 2005, a Request for Due Process Hearing was filed with the Student Hearing Office, by counsel for the parent, Roberta L. Gambale, Esq. The request alleges DCPS failed to comply with a Hearing Officer's Determination ("HOD") issued on April 1, 2005.

A Due Process Hearing was convened on December 7, 2005, at the District of Columbia Public Schools, ("DCPS"), 825 North Capitol Street, N.E., and 8th Floor, Washington, D.C. 20002. Karen Jones-Herbert, Esq., Attorney-Advisor represented DCPS. Marshall Lammers, Esq., represented the parent. Five Day Disclosure Letters were entered into the record, without any objection by either party. On behalf of the parent: Disclosure Letter dated November 30, 2005: LW-1 through LW-20. On behalf of DCPS: Disclosure Letter dated November 30, 2005. Parent's counsel waived a formal reading of the Due Process Rights. The parties did not enter any testimony in this matter, as the case was settled on the record.

## II. JURISDICTION

The Due Process Hearing was convened, and this decision was written pursuant to *Public Law 108-446, The Individuals with Disabilities Education Improvement Act of 2004 (IDEIA);* 20 United States Code 1400 et. Seq.; Title 5 of the District of Columbia Municipal Regulations and Section 145 of the D.C. Appropriations Act, effective October 21, 1998.

## III. ISSUES

Whether DCPS denied the student FAPE by failing to comply with a Hearing Officer's Order ("HOD") issued on April 1, 2005?

## IV.    SUMMARY OF RELEVANT EVIDENCE

At the commencement of the Hearing, the parties represented that they had agreed upon terms to settle this matter.  Counsel for the parties requested that the Hearing Officer approve of the terms and incorporate those terms into an Order.

## V.    FINDINGS OF FACT

The Hearing Officer makes the following findings of fact:

- The terms of the agreement, as set forth in the record, are in the best interest of this student; therefore, the terms are approved and incorporated into an Order.

**Based upon the foregoing, IT IS HEREBY ORDERED:**

1) **DCPS shall, on December 21, 2005 at 11: 30 AM, convene a MDT/IEP placement meeting at Johnson Junior High School, to review all current evaluations, review and revise the student's IEP if warranted and discuss and determine an appropriate educational placement for the remainder of the 2005-2006 school years.**

2) **In the event the appropriate placement is to a public school, DCPS shall issue a prior notice of placement within five- (5) school days of the MDT/IEP team meeting. If the appropriate placement is to a non-public facility, DCPS shall issue a prior notice of placement within thirty- (30) calendar days of the MDT/IEP team meeting.**

3) **DCPS shall discuss and determine compensatory educational relief and if warranted develop an appropriate Compensatory Education Plan to include an appropriate number of hour(s), form and format.**

3.

4) **All communications and notices shall be sent through the parent's counsel.**

5) **Any delay in the above time frames caused by the student or student's counsel shall result in an extension of one day for each day of delay.**

## VI.     APPEAL PROCESS

This is the **FINAL ADMINISTRATIVE DECISION.** Appeals may be made to a court of competent jurisdiction within ninety- (90) days from the date this decision was issued.

Date Filed: _12-13-05_

_____
Charles R. Jones, Esq., Hearing Officer

Date Issued: _12/13/05_

4.



# District of Columbia Public Schools

## OFFICE OF GENERAL COUNSEL
825 North Capitol Street NE, 9th Floor
Washington, DC 20002-1994
Phone - 202-442-5000, Fax - 202-442-5098

### APPLICATION FOR PAYMENT OF ATTORNEY FEES AND COSTS
### PURSUANT TO THE INDIVIDUALS WITH DISABILITIES EDUCATION ACT

1.  **Attorney Information**
    Law Firm:               JAMES E. BROWN & ASSOCIATES, PLLC
    Attorney:               JAMES E. BROWN
    Federal Tax ID No.:     52-1500760
    D.C. Bar No.:           61622

2.  **Student Information**
    Name:                       LaPierre Wilson
    DOB:                        7/1/91
    Date of Determination (HOD/SA):  12/13/05
    Parent/Guardian Name:       Delores Wilson
    Parent/Guardian Address:    3439 Stanton Rd., SE, WDC 20020
    Current School:             Johnson JHS
    Home School:                Johnson JHS

3.  **Invoice Information**
    Invoice Number:             06-025
    Date Request Submitted:     1/12/06
    Date(s) Services Rendered   4/25/05 to 12/7/05
    Amount of Payment Request   $ 6,472.42

4.  **Certification (must be signed by principal attorney)**

I certify that all of the following statements are true and correct:

- all services listed on the enclosed invoices were actually performed;
- the entire amount requested on the enclosed invoice for payment of costs and expenses represents the actual amount of costs and expenses incurred;
- the District of Columbia Public Schools is the sole entity from which payment of the fees, costs and expenses itemized on the enclosed invoice is requested;
- no attorney or law firm who either (1) provided services listed on the enclosed invoice, or (2) will benefit from any monies paid as a result of the submission of the enclosed invoice, has a pecuniary interest, either through an attorney, officer or employee of the firm, in any special education diagnostic services, schools, or other special education service providers;
- I understand that the making of a false statement to an agency of the DC Government is punishable by criminal penalties pursuant to D.C. Code §22-2405.

_James E. Brown_                              January 6, 2006
**Signature**                                 **Date**

# LEGEND

### ATTORNEYS

| | |
|---|---|
| JEB | James E. Brown, Esq. |
| DH | Domiento Hill, Esq. |
| CW | Christopher West, Esq. |
| BM | Brenda McAllister, Esq. |
| RG | Roberta Gambale, Esq. |
| MH | Miguel Hull, Esq. |
| RR | Rachel Rubenstein, Esq. |
| JF | Juan Fernandez, Esq. |
| CB | Christina Busso, Esq. |
| JS | John Straus, Esq. |
| RN | Roxanne Neloms, Esq. |
| TG | Tilman Gerald, Esq. |
| DSM | Delores Scott McKnight, Esq. |
| ML | Marshall Lammers, Esq. |

### PARALEGALS and LAW CLERKS

| | |
|---|---|
| AAG | Aracelly A. Gonzalez |
| DP | David Proctor |
| BDL | Blanca De La Sancha |
| SB | Sara Benkharafa |
| WB | Williams Bautista |
| YA | Yamileth Amaya |
| CMM | Claudia M. Martinez |
| HR | Heidi Romero |
| KD | Kelly Dau |
| MT | Michele Torry, BA, L. Cert. |
| TB | Tamika Beasley |

### ADVOCATES

| | |
|---|---|
| MM | Michelle Moody, MA |
| CS | Cheron Sutton-Brock, MA |
| KC | Kevin Carter, MA |
| SM | Sharon Millis, M. Ed. |
| CM | Carolyn Monford, MA |
| GMH | Garfield Mark Holman, MA |
| RB | C. Robin Boucher, Ph.D. |
| TS | Tamieka A. Skinner, MA |
| CP | Carrie Pecover, MA |
| CG | Comesha Griffin, MS |
| WD | William Daywalt, M. Ed. |
| DD | Donte Davis |
| CF | Carlos Fernandez, MA, JD |

### OUT OF POCKET COSTS

| | |
|---|---|
| FAX | Facsimile @ $1.00 per page |
| COP | Reproduction @ $0.25 per page |
| TRN | Transportation @ actual taxi cost |
| TEL | Long Distance Telephone @ actual cost |
| PAR | Parking @ actual cost |
| MES | Messenger/Express Mail @ actual cost |
| POS | Postage @ actual cost |

James E. Brown & Associates, PLLC
A Professional Limited Liability
Company
1220 L Street, NW Suite 700
Washington, DC  20005


Invoice submitted to:
LaPierre Wilson
Delores Wilson
3439 Staton Rd., SE
Washington DC 20020


January 09, 2006
In Reference To:     LaPierre Wilson
                     DOB: 7/1/91
                     School: Johnson JHS
                     Home School:  School: Johnson JHS

Invoice #11179

          Professional Services

|  |  |  | Hrs/Rate | Amount |
|---|---|---|---|---|
| 4/25/2005 | DH | Discussion with the mother regarding the student's most recent suspension. | 0.17 350.00/hr | 59.50 |
|  | DH | Draft and send letter to Ms. Jennings, special education coordinator at Johnson Junior High School, requesting an update on the student's evaluations and copy of the student's recent suspenison papers. | 0.33 350.00/hr | 115.50 |
|  | DH | Draft and send letter to the DCPS Office of Mediation and Compliance requesting copies of the student's evaluations as agreed upon in the last settlement agreement. | 0.33 350.00/hr | 115.50 |
| 4/28/2005 | KD | Drafted letter to parent/enclosed copy of 4-1-05 HOD and Atty's 4-25-05 Ltrs to DCPS and to Johnson JHS re evals needed/copy to advc and file/added to case notes | 0.42 110.00/hr | 46.20 |
| 5/2/2005 | KD | Requested evaluations to Interdynamics (Psycho-Ed, Clinical, & FBA) | 0.67 110.00/hr | 73.70 |
|  | KD | Drafted letter to parent/enclosed copy of Indpndt Eval Rqst/copy to advc and file/added to case notes | 0.42 110.00/hr | 46.20 |
| 5/11/2005 | KD | Phone call to Interdynamics re status of eval rqst | 0.08 110.00/hr | 8.80 |
| 6/24/2005 | KD | Drafted letter to parent/enclosed copy of Ltr from Interdynamics re eval schedule/copy to advc and file/added to case notes | 0.42 110.00/hr | 46.20 |

LaPierre Wilson                                                                                       Page    2

|  |  | Hrs/Rate | Amount |
|---|---|---|---|
| 6/27/2005 KD | Drafted letter to parent/enclosed copy of Ltr from Interdynamics re FBA done on 6-20-05/copy to advc and file/added to case notes | 0.42 110.00/hr | 46.20 |
| 6/29/2005 DH | Receive and review the student's functional behavioral assessment. | 0.25 350.00/hr | 87.50 |
| 7/6/2005 KD | Drafted letter to parent/enclosed copy of 6-23-05 FBA and Atty's 6-28-05 Ltr to DCPS/copy to advc and file/added to case notes | 0.42 110.00/hr | 46.20 |
| 8/23/2005 DH | Receive and review the student's psycho-educational evaluation. | 0.50 350.00/hr | 175.00 |
| DH | Draft and send letter to DCPS providing a copy of the psycho-educational evaluation and the student's need for a neuropsychlogical assessment. | 0.25 350.00/hr | 87.50 |
| 8/29/2005 KD | Drafted letter to parent/enclosed copy of Atty's 8-23-05 Ltr to DCPS w/copy of 5-12-05 Psycho-Ed eval/copy to advc and file/added to case notes | 0.42 110.00/hr | 46.20 |
| 8/31/2005 DD | Reviewed the students file and recent psycho-education | 1.00 185.00/hr | 185.00 |
| 9/2/2005 WB | Discussion with Ms. Zegowitz of Interdynamics, Inc. re: pending Clinical Psychological Evaluation and Functional Behavioral Assessment | 0.25 110.00/hr | 27.50 |
| 9/19/2005 DH | Review the student's clinical psychological evaluation, send to the DCPS Office of Mediation and Compliance, along with the other evaluations, a letter requesting reconvening. | 0.50 350.00/hr | 175.00 |
| 9/21/2005 KD | Drafted letter to parent/enclosed copy of Atty's 9-19-05 Ltr to DCPS re Evals for review/copy to advc and file/added to case notes | 0.42 110.00/hr | 46.20 |
| 9/29/2005 DH | Draft and send letter to DCPS informing them of DCPS' noncompliance. | 0.42 350.00/hr | 147.00 |
| 10/6/2005 DH | Draft the student's administrative due process hearing complaint, take to Ms. Neloms for her review. | 2.00 350.00/hr | 700.00 |
| RN | Review the student's administrative due process hearing complaint, drafted by Mr. Hill. | 0.33 365.00/hr | 120.45 |
| 10/12/2005 KD | Drafted letter to parent/enclosed copy of Atty's 9-29-05 Ltr to DCPS re MDT or HR/copy to advc and file/added to case notes | 0.42 110.00/hr | 46.20 |
| KD | Drafted letter to parent/enclosed copy of HR-Complaint/copy to advc and file/added to case notes/posted deadline date to Outlook and Desk Calendars | 0.42 110.00/hr | 46.20 |
| 10/19/2005 DH | Conduct educational research, prepare and draft opposition to DCPS' Motion to Dismiss. | 1.50 350.00/hr | 525.00 |

LaPierre Wilson                                                                                         Page     3

|  |  |  | Hrs/Rate | Amount |
|---|---|---|---|---|
| 11/28/2005 | MT | File Review and sent letter to parent/student | 0.17 130.00/hr | 22.10 |
| 11/30/2005 | DH | Review the student's educational file, prepare five-day disclosures. | 1.50 350.00/hr | 525.00 |
|  | WB | Conference with parent re: case status and upcoming hearing on 12/7/05 @ 3:00 pm | 0.17 110.00/hr | 18.70 |
|  | WB | Drafted letter to parent w/ HDN enclosed for hearing on on 12/7/05 @ 3:00 pm | 0.42 110.00/hr | 46.20 |
|  | WB | Assisted attorney to prepare disclosure to DCPS | 1.50 110.00/hr | 165.00 |
| 12/2/2005 | DD | Reviewed the students file for upcoming  hearing | 1.50 185.00/hr | 277.50 |
| 12/6/2005 | ML | Prepared for Due Process Hearing | 1.50 365.00/hr | 547.50 |
|  | DH | Prepared for Due Process Hearing | 1.50 350.00/hr | 525.00 |
| 12/7/2005 | ML | Appearance to 825 North Capital for due process hearing for negotiation, conference with school and settlement on the record. | 1.50 365.00/hr | 547.50 |
|  | DH | Appearance to 825 North Capital for due process hearing for negotiation, conference with school and settlement on the record. | 1.50 350.00/hr | 525.00 |

For professional services rendered                                         23.62      $6,218.25

Additional Charges :

| 4/25/2005 | Facsimile letter/HOD Johnson JHS. | 8.00 |
|---|---|---|
|  | Facsimile letter/HOD to OMC. | 8.00 |
| 4/28/2005 | Postage; letter to parent | 0.60 |
|  | Postage; letter to parent | 0.83 |
|  | Copied HOD letter for the parent and advocate. | 6.00 |
| 5/2/2005 | Copied documents | 2.00 |
|  | Postage; Independent evaluations to Interdynamics. | 0.37 |
| 6/24/2005 | Postage; Evaluations letter to parent. | 0.37 |

LaPierre Wilson                                                                 Page    4

                                                                                Amount

| | | |
|---|---|---|
| 6/24/2005 | Copied: Evaluations letter from Interdynamics for parent and advocate. | 1.00 |
| 6/27/2005 | Postage; Letter from Interdynamics re: FBA done on 6/20 to parent. | 0.37 |
| | Copied: Letter from Interdynamics re: FBA done, for parent and advocate. | 1.00 |
| 6/28/2005 | Facsimile: Letter to OMC. | 10.00 |
| 7/6/2005 | Postage; FBA with attorney's letter to DCPS to parent. | 0.60 |
| | Copied documents- 6-23-05 FBA w/ Atty's 6-28-05 Ltr to DCPS Cvr Ltr | 2.75 |
| 8/24/2005 | Facsimile: letter to OMC. | 10.00 |
| 8/29/2005 | Postage; letter to parent re: psychoed eval. | 0.60 |
| | Copied: psycho ed evaluation for parent and advocate. | 5.50 |
| 9/21/2005 | Copied: evaluations for parent and advocate. | 5.50 |
| | Postage; letter to parent re: evaluations. | 0.60 |
| 9/29/2005 | Facsimile letter to OMC | 2.00 |
| 10/12/2005 | Postage; letter to parent re: MDT or HR and HR-Complaint. | 0.83 |
| | Copied: MDT or HR letter for parent. HR-Complaint. | 3.50 |
| 11/28/2005 | Postage; letter to parent | 0.37 |
| 11/30/2005 | Messenger Service to and from DCPS (5-day Disclosures) | 20.00 |
| | Copied disc. for DCPS. | 58.50 |
| 12/7/2005 | Sedan taxi service  from  DCPS for hearing.(2attny.and adv.) | 8.00 |
| | File review preparation of bill and invoice audit | 96.88 |
| | Total costs | $254.17 |
| | Total amount of this bill | $6,472.42 |