UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| MARGARET BROWN<br>Parent and next friend of M.B., a minor<br><br>Plaintiff<br><br>v.<br><br>DISTRICT OF COLUMBIA, *et al.*,<br><br>Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)    No.: 06-CV-00823(RMC) |

**PLAINTIFFS' MEMORANDUM POINTS AND AUTHORITIES SUBMITTED IN SUPPORT OF THEIR OPPOSITION TO THE DEFENDANT'S MOTION TO DISMISS**

**COMES NOW**, the Plaintiffs, by and through their attorneys Tilman L. Gerald and Roxanne D. Neloms, of James E. Brown & Associates, PLLC, in their Memorandum of Points and Authorities Submitted in Support of Their Opposition of Defendant's Motion to Dismiss, represent unto this Honorable Court as follows:

**INTRODUCTION**

In accordance with the Individuals with Disabilities Improvement Act of 2004, 20 U.S.C §§1400-1461 (hereinafter IDEIA) and 42 U.S.C §§ 1983, et. seq. Plaintiffs are seeking reimbursement of reasonable attorneys' fees in the matters of G.R. and R.G. where each Plaintiff secured some or all the relief sought to establish "prevailing party" status pursuant to 20 U.S.C. 1415. In May 2006, the Plaintiffs submitted invoices to the Defendant for a total of thirty-five (35) cases seeking reimbursement for reasonable attorneys fees in accordance with IDEA. Since the commencement of this suit the Defendant has settled thirty-three of the thirty five claims. 42 U.S.C. Section 1983 was

implicated in this matter because the Defendant previously refused to reimburse the Plaintiffs for reasonable attorneys fees.

### A. STANDARD OF REVIEW

A Court will not grant a motion to dismiss for failure to state a claim in accordance with Federal Rules of Civil Procedure 12(b) "unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." See *Johnson v. District of Columbia*, 190 F. Supp.2d 34, (D.C. 2002), (quoting *Conley v. Gibson*, 355 U.S. 41, 45-56 (1987)). In this instant, the Court must deny the Defendant's motion to dismiss as the Plaintiffs have stated a claim upon which relief may be granted.

### B. PLAINTIFFS ARE PREVAILING PARTIES AND ARE ENTITLED TO REIMBURSEMENT FOR REASONABLE ATTORNEY FEES.

Plaintiffs were prevailing parties at the administrative level and are entitled to reimbursement for reasonable attorney fees and accordingly this Honorable Court has the authority to award the Plaintiffs in this matter attorneys' fees under the 20 U.S.C.§1415(i)(3)[1] of the IDEA. Under the IDEA, parents who prevail at the administrative level in securing special education rights for their children are entitled to seek reimbursement for attorneys' fees. This statutory right to seek fees is a well settled principle in special education law. In *Moore v. District of Columbia*, 907 F.2d 165 (1990), the Court of Appeals for the District of Columbia, in interpreting the former controlling statues, the Education of the Handicapped Act ("EHA") and the Handicapped Children's Protection Act ("HCPA") allowed an independent cause of action for attorneys' fees, held that the courts may

---

[1] 20 U.S.C. §1415(i)(3)(B) of the Individuals with Disabilities Act provides "[i]n an action or proceeding brought under this section [1415], the court, in its discretion, may award reasonable attorneys' fees as part of the costs to the parents of a child with a disability who is a prevailing party."

award attorney fees to a parent who prevailed in administrative matters. See *Moore v. District of Columbia*, 907 F.2d 165 (1990).

Thus, "the court, in its discretion, may award reasonable attorneys' fees as part of the costs to a prevailing party who is the parent of a child with a disability." *See Kingsberry v. District of Columbia et al.*, 338 F.Supp.2d 2 (August 9, 2005) *quoting* 20 U.S.C. § 1415 (i)(3)(B). [S]ection 1415(i)(3)(B) also authorizes a parent who prevails in an IDEA administrative hearing to recover attorney's fees by filing suit for the fees in federal court." *Kaseman v. District of Columbia*, 329 F.Supp.2d 20, 23 (D.D.C. 2004) (citations omitted). In order to qualify as a prevailing party[2], it is not necessary for parents to obtain all the relief that they initially sought. However, there must be an alteration in the legal relationship of the parties' that has been given some judicial *imprimatur …"* in order for a court to award attorneys' fees. *Armstrong v. Vance*, 328 F.Supp.2d 50, 57 (D.D.C.2004) (quoting *Buckhannon Bd. And Care Home, Inc. V. West Virginia Dept's of Health and Human Res.*, 532 U.S. 598, 605, 121 S.Ct. 1835, 149 L.Ed.2d 855 (2001).

### 1. R.G. is a prevailing party and is entitled to attorneys fees in accordance with the IDEA.

In the administrative due process complaint filed on behalf of R.G., the Plaintiff asserted, among other things, that: 1) the Defendant failed to convene a complete IEP team; 2) failed to include the relevant team members with specialized knowledge; 3) failed to appropriately revise the IEP; 4) failed to address compensatory education pursuant to an October 2005 Hearing Officer's

---

[2] In *Select Milk*, Judge Edwards agreed with the principles of the *Buckhannon* three prong test, which states that "1) in order to be a prevailing party, a claimant must show that there has been a court-ordered change in the legal relationship between the plaintiff and the defendant; 2) a prevailing party in whose favor a judgement is rendered, regardless of the amount of damages awarded; 3) a claimant is not a prevailing party merely by virtue of having acquired a judicial pronouncement unaccompanied by judicial relief." See *Select Milk Producers, Inc. v. Johanns*, 400 F. 3d 939 (D.C.Cir 2005)(quoting *Buckhannon Board & Care Home, Inc. v. West Virginia Department of Health & Human Resources*, 532 U.S. 598 (2001)).

Determination; and 5) whether R.G.'s placement was appropriate.

In the January 2006 Interim Order, the Hearing Officer noted that the Defendant ". . . failed to meet its burden on any of the allegations in the Complaint. It offered no testimonial evidence, and the hearing officer was unable to determine from DCPS' exhibits that it met its burden as to any issue in the dispute. . . ." The Hearing Officer further determined that the Plaintiff was the prevailing party in that proceeding. ***See Complaint Exhibit 9.*** The Defendant is incorrect in assuming that "final rulings[3]" are necessary to effectuate "prevailing party" status.

In the instant matter, the Plaintiff sought several findings that the Defendant denied R.G. access to a free and appropriate education. The Plaintiff further requested that the Defendant revise the IEP; undertake a comprehensive functional behavior assessment and a comprehensive compensatory education plan, as well as, provide an interim placement at Prospect Learning Center. The Hearing Officer ordered the Defendant to convene a MDT meeting within ten days of the issuance of his interim order, he authorized the Plaintiff to obtain an independent functional behavioral assessment and ordered that the Plaintiff be afforded to opportunity to participate in placement meetings. The Plaintiff obtained success on significant issues after a hearing on the merits; "prevailing party" is thereby conferred upon Plaintiff. It is of no consequence that the Hearing Officer ordered the relief sought in the form of an Interim Order. See *J.O., on behalf of C.O., and J.O. v. Orange Tp. Bd. Of Educ.*, 287 F.3d 267 (3d Cir. 2002)(holding that where a party obtains favorable interim relief they may be entitled to prevailing party status as long as the interim relief granted derived from a determination on the merits); see also *K.R. ex rel. M.R. v. Board of Educ. of*

---

[3] See Defendant's Motion to Dismiss at 6. "Because the "Interim Order" was not a final ruling on the administrative complaint, and since the hearing officer's words that he "retains jurisdiction" and will "reconvene a hearing" do not constitute final action-much less a favorable ruling on the merits of the administrative complaint.

*Brentwood Union Free School Dist.*, 66 F. Supp. 2d 444, 139 Ed. Law Rep. 435(E.D.N.Y 1999)(holding that where only interim relief is obtained in a proceeding to enforce rights under the Individuals with Disabilities Education Act (IDEA), a plaintiff will be considered a prevailing party and thus entitled to award of attorney fees if the relief is the result of an assessment of the merits of the claim); see also *Haley v. Pataki*, 106 F.3d 478, 483 (2d Cir. 1997)(stating that no automatic denial of attorneys' fees merely because only interim relief is obtained).

**2. G.R. is a prevailing party and is entitled
to attorneys fees in accordance with the IDEA.**

The Defendant assert that an Order to Show Cause (hereinafter referred to as "Order") issued by a Hearing Officer does not serve as a determination on the merits and therefore G.R. is not a prevailing party. This assertion could not be further from the truth because the Hearing Officer ordered the Defendant to reimburse the Plaintiff for the cost of several independent evaluations obtained in connection with G.R.'s education.

The "Order" specifically stated ". . .

> 1. Upon presentment of proper documentation, DCPS shall reimburse the parent for the cost of the independent February 8, 2002 Neuropsychological Evaluation' the independent February 4, 2002 Speech/Language Evaluation, the independent January 28, 2002 Occupational Therapy Evaluation, the independent February 5, 2002 Psycho-social Report and the independent February 13, 2002 Physical Therapy Evaluation. . . ."

The "Order" further required the Defendant show cause why it should not reimburse the Plaintiff for the cost associated with the independent evaluations. The "Order" by its own terms would become final in thirty (30) days. Even though the "Order" stated that there is no prevailing party, a material alteration occurred in the legal relationship between the parties as the Defendant did not show cause within in time specified and subsequently remitted reimbursement for the independent evaluations.

In her August 8, 2002, administrative due process hearing request, the Plaintiff, among other things, requested that the Defendant reimburse her for the cost of securing five (5) independent evaluations. She also requested that a notice of placement (hereinafter "NOP") be issued to Rock Creek Academy, and if the Defendant failed to issue the "NOP", that home transitional services be provided by Educational Transition Services. The September 30, 2002 HOD ordered the Defendant to convene a MDT meeting to review all evaluations, develop an IEP, discuss an appropriate placement and issue a "NOP". The HOD further ordered the Defendant to continue funding G.R.'s interim placement with transportation. That HOD, however, failed to order the Defendant to reimburse the parent for securing independent evaluations. (See September 30, 2002 Hearing Officer's Determination).

Because the September 30, 2002 HOD failed to adequately address the issue regarding reimbursement for independent evaluations, the Plaintiff appealed this matter to the District Court. In his October 28, 2005 Memorandum Opinion, Judge Kennedy remanded the case back to a hearing officer to make a determination on the issue regarding the reimbursement of independent evaluations as he failed to address the issue. In the October 28 2005 memorandum, Judge Kennedy wrote that such a failure "was through no fault of Rogers". See *Sonia Serpas v. Dist. of Columbia*, No. 02-02227(HHK),(October 28, 2005).

The Defendant apparently does not dispute the outcome of the hearings held on May 8, 2002 and September 27, 2002, as contained in the Hearing Officer's Determinations dated June 5, 2002 and September 30, 2002 respectfully. As a result of the previous HODs and the December 12, 2005 "Order", the Plaintiff obtained all the relief she initially sought at the administrative level for G.R. Thus, she is a prevailing party under the IDEA and as a result of the foregoing, "prevailing party"

status is conferred upon the Plaintiffs because a material alteration in the legal relationship between the Plaintiffs and the Defendant occurred.  See *Select Milk Producers, Inc. v. Johanns*, 400 F. 3d 939 (D.C.Cir 2005); see also *Buckhannon Board & Care Home, Inc.  v. West Virginia Department of Health & Human Resources*, 532 U.S. 598 (2001).

### C. CONCLUSION

Based upon the foregoing, the Plaintiffs have amply demonstrated that they succeeded on the merits of their respective cases at the administrative level and thereby are rightfully entitled to "prevailing party" status under applicable statutory and case law.  Therefore, the Plaintiffs have properly and effectively stated a claim for which this Honorable Court can grant them the relief sought and deny the Defendant's Motion to Dismiss with prejudice.  Plaintiffs further request that this Honorable Court award Plaintiffs reasonable attorneys fees incurred in opposing the instant motion.

Respectfully submitted,

/s/
Tilman L. Gerald [928796]
Roxanne D. Neloms [478157]
James E. Brown & Associates, PLLC
1220 L Street, NW, Suite 700
Washington, D.C.  20005
(202) 742-2000 (202) 742-2098 (fax)
***Attorneys for Plaintiffs***