UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |
|---|---|
| **MARGARET BROWN, for** : | |
| **M.B., a minor, et al.,** : | |
| : | |
| **Plaintiffs,** : | |
| : | |
| v. : | Civ. No. 06-0823 (RMC) |
| : | |
| **DISTRICT OF COLUMBIA, et al.,** : | |
| : | |
| **Defendants.** : | |

**DEFENDANTS' REPLY TO PLAINTIFFS' OPPOSITION
TO DEFENDANTS' MOTION TO DISMISS**

The Defendants, by counsel, reply herewith to the "Plaintiffs' Opposition to Defendant's Motion to Dismiss," filed July 24, 2006 ("Opposition").

**I. The Defendants' Arguments Concerning Complaint Claims Under Section 504 of the Rehabilitation Act and 42 U.S.C. §1983 Are Uncontroverted.**

In the July 13, 2006, "Defendants' Motion to Dismiss" ("Motion"), it was argued that the Plaintiffs had failed adequately to plead a claim under either the Rehabilitation Act or Section 1983 of the Civil Rights Act, and that dismissal of all claims under either statute should be dismissed. Motion, pp.6-10.

The Opposition does not address the Defendants' arguments; it takes issue with none of the Defendants' arguments or precedents. In those respects, therefore, the Defendants' Motion is unopposed, and should be granted.

## II. The Plaintiffs Have Failed to Rebut Defendants' Argument That G.R. is not a Prevailing Party Under IDEA.[1]

In their Motion (p. 5), the Defendants pointed out that the administrative Hearing Officer did not issue a final ruling on the merits of the G.R.'s administrative complaint in the decision relied on in the complaint – that G.R. did not obtain a favorable decision on the claim that DCPS had denied the student a FAPE. Instead, the Hearing Officer uttered an "Order to Show Cause," directing that the parties take certain actions, continuing the hearing on the merits of the administrative complaint indefinitely and, among other things, declaring that "[t]here is no prevailing party in this matter." Id; Pl. Ex. 23.

The Opposition (pp. 5-6) contends that the Order to Show Cause suggested the need for DCPS to fund certain evaluations that had been requested in a 2002 administrative complaint – a complaint that resulted in a September 30, 2002, administrative decision subsequently reviewed by this Court and remanded for further administrative proceedings. However, the Court remand itself represented no action conveying a prevailing party status on G.R., and the administrative "show cause" order did not represent a final ruling or directive to DCPS concerning the evaluations costs.

To be sure, as the Opposition indicates, DCPS ultimately did pay for evaluations ("the Plaintiff obtained all the relief she initially sought at the administrative level for G.R," Opposition, p. 6). While that action may have been prompted by the hearing ordered on remand and the "show cause" order, it was nonetheless a voluntary act, rather than a product of a coercive court or administrative decision. Accordingly, G.R. was not

---

[1] In its Motion, the Defendants also argued that R.G. was not a prevailing party under IDEA. On further review of the record, the Defendants believe that while the Hearing Officer only granted limited relief based on the merits of that plaintiff's presentation, that circumstance runs to the extent of fee recovery permissible, not to the basic entitlement to *any* fees. Accordingly, the Defendants withdraw their arguments concerning R.G.'s prevailing party status.

a prevailing party under IDEA.  See, e.g., Alegria v. District of Columbia, 2002 U.S.Dist. LEXIS 16898 (D.D.C. 2002), aff'd, 391 F.3d 262 (D.C.Cir. 2004) (to be a prevailing party under IDEA, claimants must demonstrate that they received a favorable decision on the merits of their administrative or judicial action).

The Plaintiffs reliance on Select Milk Producers, Inc. v. Johanns, 400 F.3d 939 (D.C.Cir. 2005) (Opposition, p. 7) is misplaced.  That case determined that the decision in Buckhannon Board & Care Home, Inc. v. West Virginia Department of Health & Human Resources, 532 U.S. 598 (2001)

> . . . embraces the possibility that, under certain circumstances, a preliminary injunction, like a consent decree, may result in a court-ordered change in the legal relationship between the parties that is sufficient to make the plaintiff a "prevailing party" under a fee-shifting statute like [the Equal Access to Justice Act, 28 U.S.C. §2412].

Select Milk Producers, 400 F.3d at 945.  Here, the administrative "show cause" order was in no way comparable to a preliminary injunction.  It did not require DCPS to grant the student relief, temporary or permanent, and specifically declared that there was no prevailing party.  It was at best a call for DCPS to explain *why a coercive ruling should not be entered*.  And it is not disputed that such a ruling did not ultimately issue.

Instead, the administrative "show cause" order here is more akin to an "interim" order – one that does not grant relief based on a final determination of the merits of a claim.  And such orders have recently been held not to convey prevailing party status under IDEA. Cummings v. District of Columbia, Civ. No. 04-1426 (D.D.C., July 13, 2006).

## **CONCLUSION**

For the reasons set forth herein and in the Defendants' motion, it is respectfully requested that the complaint herein be dismissed in its entirety as to G.R., and as to R.G., that his claims under the Rehabilitation Act and the Civil Rights Act be dismissed.

Respectfully submitted,

ROBERT J. SPAGNOLETTI
Attorney General for the
District of Columbia

GEOR.G.E C. VALENTINE
Deputy Attorney General
Civil Litigation Division

**/s/ Edward P. Taptich**
EDWARD P. TAPTICH [#012914]
Chief, Equity Section II

**/s/ Amy Caspari**
Amy Caspari [#488968]
Assistant Attorney General
441 Fourth Street, N.W.
Sixth Floor North
Washington, D.C. 20001
(202) 724-7794
email: amy.caspari@dc.gov

August 2, 2006