UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **MARGARET BROWN,** *parent and next friend of* **M.B.,** *a minor, et al.*, | ) ) ) ) |
| **Plaintiffs,** | ) ) |
| v. | ) ) Civil Action No. 06-823 (RMC) |
| **DISTRICT OF COLUMBIA,** *et al.*, | ) ) ) |
| **Defendants.** | ) ) ) |

**MEMORANDUM OPINION AND ORDER**

Ordered by a hearing officer to show cause why it should not be required to pay for certain evaluations of G.R., a special-needs student, District of Columbia Public Schools ("DCPS") relented and paid up. Does that make Sonia Serpas, who sued as G.R.'s parent and next friend, a "prevailing party" entitled to recover attorneys' fees under the Individuals with Disabilities Education Act, 20 U.S.C. § 1400 *et seq.* ("IDEA")? Under the specific circumstances of this case, the Court concludes that Ms. Serpas is a prevailing party and will therefore deny Defendants' motion to dismiss.

**I. BACKGROUND**

Under the IDEA, "states and territories, including the District of Columbia, that receive federal educational assistance must establish policies and procedures to ensure . . . that free appropriate public education, or FAPE, is available to disabled children." *Reid v. Dist. of Columbia*, 401 F.3d 516, 518 (D.C. Cir. 2005) (citing 20 U.S.C. § 1412(a)(1)(A)) (internal quotation marks omitted). The statute permits a parent who thinks the District is falling short of its obligations to have his or her complaints considered in "an impartial due process hearing," 20 U.S.C. § 1415(f),

and, if still aggrieved, in federal district court, *id.* § 1415(i)(2)(A). It further gives the district courts discretion to award "reasonable attorneys' fees" to a parent who is a "prevailing party" in such proceedings. *Id.* § 1415(i)(3)(B); *Jester v. Gov't of the Dist. of Columbia*, 474 F.3d 820, 821 (D.C. Cir. 2007). Plaintiffs here seek reimbursement of attorneys' fees in the matters of G.R. and R.G., who are the remainder of an initial group of thirty-five similarly situated Plaintiffs.[1] Defendants initially moved to dismiss the claims of both G.R. and R.G., but have since withdrawn their motion as to the latter student. Defs.' Reply[2] at 2. Thus, the sole question now before the Court is whether Ms. Serpas is a "prevailing party" as to the claims of G.R.

**A. The Initial Complaint**

G.R. was diagnosed with multiple sclerosis at age eleven. *Serpas v. Dist. of Columbia*, No. 02-02227, 2005 U.S. Dist. LEXIS 44536, at *4 (D.D.C. Oct. 28, 2005).[3] His deteriorating condition led his mother, Sonia Serpas, to seek assistance from DCPS in June 2001. *Id.* Evaluations of G.R. performed by DCPS between August 2001 and January 2002 were unsatisfactory to Ms. Serpas. *Id.* In February 2002, she filed a complaint and request for hearing, alleging generally that DCPS had failed to respond to her repeated requests to evaluate G.R., develop an individualized education program ("IEP"), and provide an appropriate placement. *Id.*; Compl. Ex. 23. As relief, she proposed that DCPS convene a multidisciplinary team/IEP meeting, provide

---

[1] Since the commencement of this suit, the parties have settled 33 of the 35 claims. *See* Plaintiffs' Praecipe, filed July 3, 2006 [Dkt. #4].

[2] Defendants' Reply to Plaintiffs' Opposition to Defendants' Motion to Dismiss [Dkt. #8].

[3] Because the parties have neglected to provide the Court with much factual background, much of the information in this section is taken from an earlier decision concerning G.R. that was issued by Judge Henry Kennedy.

an appropriate placement, and, in the meantime, fund G.R.'s placement at the Rock Creek Academy for academic year 2001-02. *Serpas*, 2005 U.S. Dist. LEXIS 44536, at *5; Compl. Ex. 23.

Ms. Serpas's February 2002 complaint specifically addressed the evaluations now at issue. It alleged that the evaluations performed by DCPS were "not comprehensive enough" and that the resulting recommendations were "not specific and highly inappropriate" for G.R. *Serpas*, 2005 U.S. Dist. LEXIS 44536, at *4-5. At that time, Ms. Serpas had already obtained an independent occupational therapy evaluation and was in the process of obtaining an independent physical therapy evaluation. *Id.* at *5. As part of her relief, she asked that DCPS be ordered "to fund independent evaluations that the parent is obtaining." *Id.* Ms. Serpas ultimately obtained five such evaluations:

> a neuropsychological evaluation dated February 8, 2002; an occupational therapy evaluation dated January 28, 2002; a speech/language evaluation dated February 4, 2002; a psycho-social report dated February 5, 2002; and a physical therapy evaluation dated February 13, 2002.

*Id*. Ms. Serpas moved each of these evaluations into evidence during the May 28, 2002, administrative hearing convened to address her complaint. *Id.* at *6.

In a hearing officer determination ("HOD") issued on June 5, 2002, the hearing officer found that DCPS had denied FAPE to G.R. by, *inter alia*, failing to fully evaluate him within 120 days of his mother's request for help. *Id.* "The June 5 HOD ordered DCPS to place and fund [G.R.] at the Rock Creek Academy, on an interim basis, and to provide transportation to the school." *Id.*

### B. The Amended Complaint

Because the June 5 HOD did not address her requests that an IEP meeting be convened or that she be reimbursed the costs of the independent evaluations, Ms. Serpas filed an

amended complaint and request for hearing in August 2002. *Id.*; Compl. Ex. 23. That complaint specifically requested, *inter alia*, that DCPS be required to fund the independent evaluations. Compl. Ex. 23. An October 10, 2002, HOD found that DCPS was not required to pay for the evaluations because the June 5 HOD "'did not order DCPS to fund the evaluations . . . [and] [t]he record does not show that the parent appealed any determination rendered by the Hearing Officer nor requested reconsideration of any issue concerning the independent evaluations.'" *Serpas*, 2005 U.S. Dist. LEXIS 44536, at *7 (quoting the Oct. 10 HOD) (omissions and alterations in original). The hearing officer specifically found that the reimbursement issue "was or should have been litigated at the May 28, 2002, hearing." *Id.* (quoting the Oct. 10 HOD).

**C. The Appeal**

Ms. Serpas appealed the October 10 HOD to this Court. DCPS moved to dismiss, arguing that the hearing officer had correctly determined that, because Ms. Serpas failed to appeal the June 5 HOD, the doctrine of claim preclusion barred further litigation of the reimbursement issue. *Id.* at *7. Judge Kennedy disagreed, finding that the reimbursement issue had been clearly presented to the first hearing officer; that the hearing officer's failure to address the issue in the June 5 HOD was "through no fault" of Ms. Serpas; and that Ms. Serpas need not have appealed or sought reconsideration of the June 5 HOD to preserve her rights because that decision was an "interim solution" that the Oct 10 HOD did not treat as "final" on all issues. *Id.* at *15, 17 & n.6.

Both parties then urged Judge Kennedy to rule on "the underlying issue — whether [Ms.] Serpas is indeed entitled to reimbursement for the independent educational evaluations." *Id.* at *18. DCPS argued that Ms. Serpas had "not demonstrated that the evaluations performed by DCPS were inadequate and that the privately financed evaluations were necessary" and, therefore,

4

was not entitled to public funding. *Id.* Because a hearing officer had never passed on the merits of the issue, in October 2005 Judge Kennedy remanded for a hearing officer to address the question in the first instance. *Id.* at *19.

**D. The Remand**

The record reveals little about what proceedings, if any, took place on remand. On December 12, 2005, the hearing examiner issued the following order:

> ***WHEREAS,***
>
> 1. On February 11, 2002, a prior Counsel for the Parent filed the herein Complaint and Request for Hearing requesting among other relief that DCPS be ordered to reimburse the parent for the cost of the independent February 8, 2002 Neuropsychological Evaluation, the independent February 4, 2002 Speech/Language Evaluation, the independent January 28, 2002 Occupational Therapy Evaluation, the independent February 5, 2002 Psycho-social Report and the independent February 13, 2002 Physical Therapy Evaluation;
>
> 2. The undersigned in the [June 5 HOD] found under **FINDINGS OF FACT** No. 1 that DCPS had DENIED a FAPE to the student by failing to make FAPE available to the student within the legally mandated 120-day timeline but did not make a FINDING as to the requested relief set[ ]out in Paragraph 1, above; and
>
> 3. The United States District Court for the District of Columbia . . . remanded this matter back to the undersigned for further proceedings on the parent's request for reimbursement against DCPS.
>
> ***DCPS is ordered TO SHOW CAUSE why the below ORDER should not to [sic] become FINAL thirty (30) days hereof:***
>
> **ORDER**
>
> 1. Upon presentment of proper documentation, DCPS shall reimburse the parent for the cost of the independent February 8, 2002 Neuropsychological Evaluation, the independent February 4, 2002

> Speech/Language Evaluation, the independent January 28, 2002 Occupational Therapy Evaluation, the independent February 5, 2002 Psycho-social Report and the independent February 13, 2002 Physical Therapy Evaluation.
>
> 2. Thirty (30) days hereof, this ORDER becomes FINAL.
>
> 3. Consistent with the above 2 paragraphs, the hearing scheduled in this matter for 9:00 A.M., December 15, 2005, is continued indefinitely pending order by the undersigned.
>
> 4. There is no prevailing party in this matter.
>
> **Thirty (30) days hereof, this ADMINISTRATIVE DECISION becomes FINAL. Appeal can be made to a court of competent jurisdiction within one hundred twenty (120) days of the issue date of this decision.**

Compl. Ex. 23 (emphases in original). The parties agree that DCPS eventually reimbursed Ms. Serpas for the costs of the independent evaluations. The record is silent as to when, exactly, that occurred. *See* Pls.' Mem.[4] at 5 (asserting that Defendants "did not show cause within [the] time specified and subsequently remitted reimbursement for the independent evaluations"); Defs.' Reply at 2 ("To be sure, . . . DCPS ultimately did pay for [the] evaluations.").

Plaintiffs, acting through counsel, submitted invoices to DCPS requesting payment of attorneys' fees and costs on or about January 12, 2006. Compl. ¶ 8. After 90 days passed without a response, Plaintiffs filed this action on May 4, 2006.

---

[4] Plaintiffs' Memorandum of Points and Authorities Submitted in Support of Their Opposition to Defendants' Motion to Dismiss [Dkt. #7].

## II. LEGAL STANDARDS

Defendants move to dismiss Plaintiffs' claims under Federal Rule of Civil Procedure 12(b)(6). A Rule 12(b)(6) motion challenges the adequacy of a complaint on its face, testing whether the plaintiffs have properly stated a claim. "[A] complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff[s] can prove no set of facts in support of [their] claim which would entitle [them] to relief." *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957). The plaintiffs need not plead the elements of a *prima facie* case in the complaint. *See Sparrow v. United Air Lines, Inc.*, 216 F.3d 1111, 1113 (D.C. Cir. 2000). In deciding a Rule 12(b)(6) motion, the Court "may only consider the facts alleged in the complaint, documents attached as exhibits or incorporated by reference in the complaint, and matters about which the Court may take judicial notice." *Gustave-Schmidt v. Chao*, 226 F. Supp. 2d 191, 196 (D.D.C. 2002) (citation omitted).

## III. DISCUSSION

The IDEA does not define the phrase "prevailing party." However, in discussing analogous federal fee-shifting statutes, the Supreme Court has said that a plaintiff is a prevailing party when there is a "material alteration of the legal relationship of the [parties]" that bears a "judicial imprimatur." *Buckhannon Bd. & Care Home Inc. v. W. Va. Dep't of Health & Human Res.*, 532 U.S. 598, 604-05 (2001) (emphasis deleted). The D.C. Circuit has adopted this test in the IDEA context. *Alegria v. Dist. of Columbia*, 391 F.3d 262, 263 (D.C. Cir. 2004); *see also Armstrong v. Vance*, 328 F. Supp. 2d 50, 57 (D.D.C. 2004) (collecting cases from other circuits).

The *Buckhannon* standard is satisfied where a plaintiff obtains a judgment on the merits or a court-ordered consent decree, but not where a lawsuit merely brings about a "voluntary change in the defendant's conduct," *Buckhannon*, 532 U.S. at 600, as does a private settlement,

*Alegria*, 391 F.3d at 269.  In some cases, a preliminary order, such as a preliminary injunction, may suffice.  *Select Milk Producers v. Johanns*, 400 F.3d 939, 950 (D.C. Cir. 2005).  The D.C. Circuit has explained that *Buckhannon* embraces "three core principles for construing the term 'prevailing party' in federal fee-shifting statutes."  *Id.* at 946.

> First, in order to be a prevailing party, a claimant must show that there has been a court-ordered change in the legal relationship between the plaintiff and the defendant.
>
> Second, a prevailing party is a party in whose favor a judgment is rendered, regardless of the amount of damages awarded.
>
> Third, a claimant is not a prevailing party merely by virtue of having acquired a judicial pronouncement unaccompanied by judicial relief.

*Id.* at 947 (citing *Thomas v. Nat'l Science Found.*, 330 F.3d 486, 489 (D.C. Cir. 2003)).

Here, Defendants argue that no final decision was issued as to G.R.  Defs.' Mem.[5] at 5.  They characterize the hearing officer's December 12 Order as merely "directing DCPS to show why [the hearing officer] should not issue a proposed final ruling."  *Id.*  They further suggest that while DCPS's eventual payment of the independent evaluation costs "may have been prompted" by the show cause order, it was entirely voluntary, not the product of a coercive administrative decision.  Defs.' Reply at 2.  The Court cannot agree.

Defendants' arguments ignore that their election not to respond within 30 days to the December 12 Order to Show Cause meant that the proposed order contained therein became final without further action by the hearing officer.  The text of the show cause order makes this clear.  It begins: "**DCPS is ordered TO SHOW CAUSE why the below ORDER should not to [sic] become**

---

[5] Memorandum of Points and Authorities in Support of Defendants' Motion to Dismiss [Dkt. #6].

*FINAL thirty (30) days hereof*." Compl. Ex. 23.  It ends with the caution "**Thirty (30) days hereof, this ADMINISTRATIVE DECISION becomes FINAL**" and a notice of the right to appeal.  *Id.* The parties agree that Defendants did not respond, and there is no indication that the show cause order was ever discharged.  The hearing officer's intent is clear: By the show cause order's own terms, the proposed order contained therein took effect — and was considered final — after the 30-day period elapsed, and without further action by the hearing officer.[6]  That order materially altered the parties' legal relationship.  It was final and could be appealed.  And it granted Ms. Serpas the precise relief she had requested — reimbursement of the costs of the independent evaluations.  *Buckhannon*'s core principles are thus satisfied.  *See Buckhannon*, 532 U.S. at 604-05; *Select Milk*, 400 F.3d at 950.

    Defendants' arguments also ignore what came before Judge Kennedy's remand order. As the December 12 Order recognizes, the hearing officer found in the June 5 HOD that "DCPS had DENIED a FAPE to [G.R.] by failing to make FAPE available to the student within the legally mandated 120-day timeline."  Compl. Ex. 23.  For reasons known only to the hearing officer, the June 5 HOD neither mentioned nor addressed Ms. Serpas's request for reimbursement for independent evaluations.  Judge Kennedy's remand order was designed to complete that process, and the hearing officer's December 12 Order performed that function by directing DCPS to reimburse

---

[6] Defendants at times seem to recognize as much.  They argue that the show cause order specifically stated that a pending hearing was "continued indefinitely" and that there was "no prevailing party in this matter."  Defs.' Mem. at 5.  These quotes, however, come not from the show cause order but from the proposed order contained therein; unless the proposed order took effect — which Defendants continue to resist — they have no meaning.  In any event, that the pending hearing was "continued indefinitely" does not mean, as Defendants argue, that the order was not final; it more likely means that the hearing was adjourned and not rescheduled because, in view of the show cause order, it might prove unnecessary.  Moreover, the hearing officer's determination that there was no prevailing party is a legal one to which this Court owes no deference.

Ms. Serpas. Viewed in context, the December 12 Order was merely the completion of the June 5 HOD, which found that G.R. was denied FAPE, but which ordered an incomplete remedy. Given the nature of the denial — the failure to timely evaluate G.R., *see Serpas*, 2005 U.S. Dist. LEXIS 44536, at *6 — the lack of an order requiring reimbursement for the independent evaluations can only be deemed an oversight.

## IV. CONCLUSION

On the facts now before it, the Court finds that Ms. Serpas was a prevailing party for purposes of 20 U.S.C. § 1415(i)(3)(B). Accordingly, it is hereby

**ORDERED** that Defendants' Motion to Dismiss [Dkt. #6] is **GRANTED** in part[7] and **DENIED** in part; and it is

**FURTHER ORDERED** that, no later than **April 3, 2007**, Defendants shall file an answer as to the only claims remaining in this case: G.R.'s and R.G.'s claims for attorneys' fees under 20 U.S.C. § 1415(i)(3)(B).

**SO ORDERED**.

Date: March 14, 2007                                   /s/
                                          ROSEMARY M. COLLYER
                                          United States District Judge

---

[7] Neither G.R. nor R.G. opposed Defendants' arguments that the Complaint failed adequately to plead a claim under either 42 U.S.C. § 1983 or Section 504 of the Rehabilitation Act of 1973, 29 U.S.C. § 701 *et seq.* Defs.' Mem. at 6-10. To the extent that Plaintiffs' complaint might be construed to plead claims under those statutes, *see* Compl. ¶ 2 (jurisdictional statement), Defendants' motion to dismiss those claims is granted as conceded as to both G.R. and R.G. *See* LCvR 7(b); *Hopkins v. Women's Div., Bd. of Global Ministries*, 238 F. Supp. 2d 174, 178 (D.D.C. 2002) ("It is well understood in this Circuit that when a plaintiff files an opposition to a motion to dismiss addressing only certain arguments raised by the defendant, a court may treat those arguments that the plaintiff failed to address as conceded.").